

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 3 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B   03 - 0 8 0 |
| | § | **JURY TRIAL REQUESTED** |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., and Shell Gas Trading Company (collectively "Removing Defendants"), expressly reserving all rights otherwise to respond to this lawsuit, including any objection to improper venue, remove the action filed under Cause No. 2000-08-3596-A in Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. § 1441.

1.     This case was originally brought as a class action by three cities—City of San Benito, City of Primera, and City of Port Isabel against a local natural gas distribution company and several pipelines not including the current defendants. The City of San Benito ("Plaintiff") initially sought and obtained appointment as class representative; however once the main claims asserted in the case were settled in principle, the City of San Benito sought to opt out of the class and have its new claims against another group of defendants severed into a separate action in the same state district court. On May 19, 2000 the City of San Benito's claims were severed into

30456858.2

another case, Cause No. 2000-08-3596-A, *The City of San Benito v. PG&E Gas Transmission, Texas Corporation, et al.* (the "State Action").

2.      On or about December 31, 2001, plaintiff filed its Fifth Amended Petition which added nearly fifty new defendants including several of the Removing Defendants, including Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Coral Energy Services L.L.C., and Coral Energy Resources L.P. None of these Removing Defendants were given any notice that they had been named in the lawsuit.

3.      On or about January 29, 2002, following the settlement and dismissal of claims against the second group of defendants, Plaintiff City of San Benito sought another order of severance which was entered severing the claims against the second group of defendants into a new case in the same state district court.

4.      On or about March 14, 2003, plaintiff filed its Seventh Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial (the "Seventh Amended Petition") in the 107th Judicial District Court of Cameron County, Texas, styled *City of San Benito v. Tejas Gas Pipeline Company, et al.* On the same day, plaintiff's counsel sent a letter to the Removing Defendants attaching the Seventh Amended Petition, and for the first time the Removing Defendants received notice that they had been named in the lawsuit.

5.      On or about April 11, 2003, Pennzoil Gas Marketing Company, without being served, filed its original answer. None of the defendants in the present lawsuit have been served and only Pennzoil Gas Marketing Company has answered.

## I.    Federal Question Jurisdiction

6.    This case is removable because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(b), and one or more provisions of the U.S. Const., including Art I, § 9, and the Fifth and Fourteenth Amendments.

7.    Plaintiff on the face of its petition demands an order to force defendants to remove "any and all pipelines and/or facilities . . . from within City rights of way and within City limits." Seventh Amended Petition at ¶ 4.26. Plaintiff also requests a declaration that "Plaintiff is entitled to compensation for Defendants' unauthorized and ultra vires acts and trespasses that were not authorized; and judgment declaring that Plaintiff is entitled to compensation under the applicable city ordinances and/or statutes for Defendants' acts, omissions and trespasses." *Id.* at ¶ 4.16.

8.    Plaintiff's requests for injunctive and declaratory relief are based on the defendants' business transactions and activities involving natural gas within the City of San Benito's city limits. Specifically, plaintiff alleges that defendants' gas operations and activities in the City of San Benito were "without the consent, permission, franchise, or any other authorization from the City and/or in contravention of existing state constitutional and statutory provisions, the City Charter and/or local ordinances and other official acts of the governing bodies of the Plaintiff City." *Id.* at ¶ 3.4. The injunctive and declaratory relief sought by plaintiff would prevent all defendants from doing business in the City of San Benito and would cause all defendants to suffer substantial damages, both from business interruptions as well as being forced to pay rent on defendants' own property.

9.    The City of San Benito's efforts at forcing the removal of all of the defendants' pipelines and facilities from within the City's rights of way and the City's efforts to compel payment of fees by defendants to use defendants' own property is subject to challenge under the

U.S. Constitution and raises federal questions pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States"); *Braniff Int'l, Inc. v. Florida Pub. Serv. Comm'n*, 576 F.2d 1100, 1106 (5th Cir. 1978) (federal question jurisdiction exists where party seeks injunctive and declaratory relief challenging the constitutionality of statute as violating the commerce clause and the equal protection clause of the Fourteenth Amendment); *New York State Waterways Ass'n v. Diamond*, 469 F.2d 419, 421 (2d Cir. 1972) (federal question was raised where statute was an impermissible burden on interstate commerce and violated the Fourteenth Amendment).

10.     Plaintiff, in particular, demands both injunctive and declaratory relief. It is well established under Texas law that in seeking equitable relief, a plaintiff has the burden of negating a defendant's affirmative defenses. For example, in *Grynberg Prod. Co. v. British Gas, p.l.c.*, 817 F. Supp. 1338 (E.D. Tex. 1993), the court held that for injunctive relief "Texas has chosen to make negativing certain facts part of the plaintiff's *prima facie* case for injunction, and therefore, such allegations form part of the 'well-pleaded complaint' for federal question purposes." *Id.* at 1361 (emphasis in original). Thus, plaintiff in this case must prove as part of its *prima facie* case that both the declaratory and injunctive order sought is in compliance with the federal constitution. A well-pleaded complaint for the equitable relief sought by plaintiff, therefore, necessarily arises under federal law.

11.     In determining whether plaintiff is entitled to the requested relief, constitutional questions must be resolved since governmental action is being used to deprive defendants of substantial sums of monies in property interests and the right to choose where they do business.

For example, plaintiff will be precluded from obtaining the relief it seeks unless it demonstrates that the proposed relief would not violate the equal protection and due process clauses.

12.    Plaintiff will have to establish that preventing the defendants from using the City of San Benito's rights of way and having their facilities in the city limits, while allowing other businesses to use these same rights of way and to operate within the city limits, does not violate the Equal Protection Clause of the U.S. Constitution.  The Fourteenth Amendment to the United States Constitution commands that no person shall be denied equal protection of the law by any State.  U.S. CONST. amend. XIV, § 1 ("No State shall . . .; nor deny to any person within its jurisdiction the equal protection of the laws.").  This protection governs all governmental actions that classify individuals for different benefits or burdens under the law.  The injunctive relief sought by plaintiff will impose different burdens on defendants, such as not operating within the city limits, as compared to other businesses who freely operate within those same city limits.  Therefore, plaintiff must show that the government action is rationally related to a legitimate governmental purpose.  *See Santos v. City of Houston*, 852 F. Supp. 601, 607 (S.D. Tex. 1994).

13.    Deprivation by the state of a protected interest in life, liberty, or property is a denial of substantive due process under the Fourteenth Amendment.  *See Shelton v. City of College Station*, 780 F.2d 475, 479 (5th Cir.), *cert. denied*, 477 U.S. 905 (1986).  The opportunity to pursue one's livelihood is a constitutionally protected liberty interest, which may not be arbitrarily deprived.  *See Cowan v. Corley*, 814 F.2d 223, 227-28 (5th Cir. 1987); *Santos*, 852 F. Supp. at 607.  Plaintiff will need to show that forcing defendants to remove any and all pipelines and/or facilities from within the City of San Benito's rights of way and city limits, effectively depriving the defendants from conducting business in the City of San Benito and pursuing their livelihood, is not a violation of due process.

14.    Plaintiff will also need to establish that the requested relief would not constitute a taking of private property prohibited by the U.S. Constitution. The Taking Clause of the Fifth Amendment to the U.S. Constitution provides "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V; *see also Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 121-23 (1978) (applying the Fifth Amendment to the States through the Fourteenth Amendment). "The Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar [the] Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960). Additionally, government regulatory action may amount to a taking. *See, e.g., Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922). Plaintiff will have to establish that forcing defendants to pay rent to use their own property does not amount to plaintiff asserting title over defendants' pipeline assets and activities that are alleged to have been conducted within the city without due process of law and without compensation.

15.    The Commerce Clause will also be implicated since removal of pipelines in the City of San Benito's city limits will disrupt the flow of gas through pipelines and effect certain interstate pipeline's costs and purchasing patterns. Plaintiff will be required to establish that its injunctive relief comports with the commerce clause, which provides that Congress has the power "To regulate commerce . . . among the several states." U.S. CONST. art. I, § 8, cl. 3. The commerce clause thus acts as a limitation on the power of the states and reflects the framers' concern "that the tendencies of the State toward economic Balkanization had to be avoided." *Hughes v. Oklahoma*, 441 U.S. 322, 325-26 (1979). Under the commerce clause, "[a] state is . . . precluded from taking any action which may fairly be deemed to have the effect of impeding the

free flow of travel between the states." *Id.* The flow of gas through interstate pipelines constitutes interstate commerce. *See Maryland v. Louisiana*, 451 U.S. 725, 755 (1981). Further, gas crossing a state line at any stage of its movement to the ultimate consumer has been held to be interstate commerce during the entire journey. *See Michigan-Wisconsin Pipe Line Co. v. Calvert*, 347 U.S. 157, 164-68 (1954); *Western Oil & Gas Ass'n v. Corey*, 726 F.2d 1340, 1342 (9th Cir. 1984), *aff'd*, 471 U.S. 81 (1985). Statutes or ordinances will not be upheld if "the burdens they impose on interstate commerce are clearly excessive in relation to putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). Whether the burden is "clearly excessive" depends on "the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities." *Id.* Plaintiff will need to show justification for the burden on interstate commerce caused by the removal of pipelines within the city limits of the City of San Benito.

16.     If necessary, defendants submit that plaintiff has obscured the pleading of these federal issues through artful pleading, and under the well-pleaded complaint rule, this Court "looks to the substance of the complaint, not the labels used in it." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981).

17.     In light of federal questions, this case is properly removable without regard to the citizenship or residence of the parties pursuant to 28 U.S.C. §§ 1332 and 1441(b).

---

3/On its face, the commerce clause merely grants Congress the power to regulate interstate commerce and does not speak of restricting the power of the states. However, for over a century, the Supreme Court has held that the commerce clause also prohibits the states from taking certain actions which affect interstate commerce, even when Congress has not acted. *E.g., Quill Corp. v. North Dakota*, 504 U.S. 298, 309 (1992); *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 87 (1987).

## II.    Additional Procedural Matters

18.    The Removing Defendants, although not required to do so by the Federal Rules of Civil Procedure, have filed this Notice of Removal within thirty (30) days of the only answer filed in this current lawsuit.

19.    The 107th Judicial District Court of Cameron County, Texas is located in the Southern District of Texas, Brownsville Division.

20.    Copies of the state-court docket sheet, all executed process, all orders signed by the state judge, all pleadings asserting causes of action and answers to such pleadings in the State Action are being filed with this Notice.

21.    The only defendant who has answered this lawsuit, effectively waiving service, joins in and consents in this removal.  No defendant has been served with citation in the State Action.

22.    Upon filing this Notice of Removal, the Removing Defendants will provide written notification to plaintiff and will file a Notification of Removal attaching a copy of this Notice of Removal with the Clerk of the Court for Cameron County, Texas.  A copy of the Notification accompanies this Notice of Removal.

### CONCLUSION

For the foregoing reasons, defendants Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., and Shell Gas Trading Company remove this action from the 107th Judicial District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

Osborne J. Dykes, III

State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., and Shell Gas Trading Company

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on April 30, 2003.

Jeffrey D. Palmer

30456858.2

9

## CAUSE NO. 2000-08-3596

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **CAMERON, COUNTY, TEXAS** |
| | § | **JURY TRIAL REQUESTED** |
| **TEJAS GAS PIPELINE COMPANY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | **107TH JUDICIAL DISTRICT** |

### NOTIFICATION OF REMOVAL

TO:    Plaintiff City of San Benito, by and through its attorney of record, Adam Poncio, Law Offices of Cerda & Poncio, A Professional Corporation, 924 McCullough, San Antonio, Texas 78215

PLEASE TAKE NOTICE that defendants Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., and Shell Gas Trading Company on the 30th day of April, 2003, filed a Notice of Removal to remove the civil action styled *City of San Benito v. Tejas Gas Pipeline Company, et al.*, Cause No. 2000-08-3596-A, from the 107th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

PLEASE TAKE FURTHER NOTICE that on filing the Notice of Removal with the United States District Court, the defendants have also filed a copy of the Notice of Removal attached to this Notification with the Clerk of the Court of Cameron County, Texas to effect removal under 28 U.S.C. §§ 1441 and 1446.

30456891.1

Respectfully submitted,

**FULBRIGHT & JAWORSKI L.L.P.**


_Osborne J. Dykes III_ by permission PDP

Osborne J. Dykes, III
State Bar No. 06325500
William D. Wood
State Bar No. 21916500
Jeffrey D. Palmer
State Bar No. 24027585
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Facsimile:  713-651-5246


**ROERIG, OLIVEIRA & FISHER, L.L.P.**
David G. Oliveira
State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas  78520
Telephone:  956-542-5666
Facsimile:  956-542-0016


## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of

Civil Procedure on April 30, 2003.


Jeffrey D. Palmer

30456891.1

## CAUSE NO.  2000-08-3596

| CITY OF SAN BENITO, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **CAMERON, COUNTY, TEXAS** |
| | § | **JURY TRIAL REQUESTED** |
| **TEJAS GAS PIPELINE COMPANY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | **107TH JUDICIAL DISTRICT** |

### INDEX

| NO. | DATE | DOCUMENT |
|-----|------|----------|
| 1. | | Docket Sheet |
| 2. | 5/19/00 | Order of Severance |
| 3. | 10/03/00 | Certificate of Written Discovery on Plaintiff's Responses to Defendant PG&E Gas Transmission's Request for Disclosure |
| 4. | 10/03/00 | Plaintiff's First Request for Production to Defendant PG&E |
| 5. | 11/21/00 | Defendant's Notice Duces Tecum of Intention to Take Oral and Videotape Deposition of Nonparty Witness, Daniel J. Lawton |
| 6. | 11/22/00 | Motion to Quash Defendant's Notice Duces Tecum of Intention to Take Oral and Videotape Deposition of Nonparty Witness, Daniel J. Lawton |
| 7. | 01/11/01 | Attorney Vacation Letter |
| 8. | 02/19/01 | Reporter's Certification Deposition of Daniel J. Lawton 12/12/00 |
| 9. | 02/27/01 | Unopposed Motion to Enter Order Regarding Mediation |
| 10. | 04/26/01 | Order Granting Preferential Trial Date |
| 11. | 05/04/01 | Notice of Intention to Take Oral and Videotape Deposition of Nonparty Witness Mark Montgomery |
| 12. | 05/08/01 | Plaintiff's Fourth Amended Petition, Petition for Declaratory Judgment, and Request for Jury Trial |

| NO. | DATE | DOCUMENT |
|---|---|---|
| **13.** | 05/11/01 | Amended Notice of Intention to Take Oral and Videotape Deposition of Nonparty Witness Mark Montgomery |
| **14.** | 05/17/01 | Certificate of City Secretary |
| **15.** | 06/18/01 | Reporter's Certification Oral/Videotaped Deposition of Mark Montgomery Taken on 5/14/01 |
| **16.** | 10/16/01 | Certificate of Written Discovery on Plaintiff's Subpoena and Request for Production to Defendant Central Power & Light Company |
| **17.** | 11/02/01 | Rule 11 Agreement re: extension of time to respond to discovery requests |
| **18.** | 01/08/02 | Plaintiff's Fifth Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial |
| **19.** | 01/15/02 | Order to Submit Judgment |
| **20.** | 01/24/02 | Motion for Entry of Order of Dismissal with Prejudice |
| **21.** | 01/29/02 | Order of Severance |
| **22.** | 03/14/03 | Plaintiff's Seventh Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial |
| **23.** | 04/11/03 | Pennzoil Gas Marketing Company's Original Answer |

iDocket.com™    Search    Case History    Parties    Attorneys    Links    Services

Home | Site Map | Log In |

[All] | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at

# iDocket.com

[View Case Track™]————————————————[Start Case Track™]

Civil Docket; Case 2000-08-003596-A; Civil
CITY OF SAN BENITO vs PG & E GAS TRANSMISSION, TEXAS CORP.,E
Filed 05/19/2000 - Disposition: Dismissed by plaintiff
107th District Court, District Clerk, Cameron County, Texas

[Help]

| Date | Description/Comments | Reference | Typ | Amount | Order Copies |
|------|---------------------|-----------|-----|--------|--------------|
| 05/19/2000 | ORDER OF SEVERANCE | | TXT | .00 | |
| | LITIGANT(S) SEVERED FROM CAUSE# 1996-1 | | " | .00 | |
| | 2-007404-A | | " | | |
| | " THIS CAUSE SEVERED FROM CAUSE NO 199 | | " | .00 | |
| | 6-12-7404-A, AS PER | | " | | |
| | CERTIFIED COPY OF ORDER OF SEVERANC | | " | .00 | |
| | E (FOR CASE HISTORY | | " | | |
| | OF CASE BEFORE SEVERANCE, SEE COPY | | " | .00 | |
| | OF DOCKET SHEET ATTACHED) | | " | | |
| 10/03/2000 | CERTIFICATE OF WRITTEN DISCOVERY /ESAL | | " | .00 | |
| | AS | | " | | |
| | PLTFS FIRST REQUEST FOR PRODUCTION /ES | | " | .00 | |
| 11/21/2000 | DEFT'S NOTICE DUCES TECUM OF INTENTION | | " | .00 | |
| | TO TAKE ORAL AND , | | " | | |
| | VIDEOTAPE DEPOSITION OF NONPARTY WI | | " | .00 | |
| | TNESS, DANIEL J. LAWTON | | " | | |
| | /ESALAS | | " | .00 | |
| 11/22/2000 | MTN TO QUASH DEFT'S NOTICE DUCES TECUM | | " | .00 | |

| | | | |
|---|---|---|---|
| | OF INTENTION TO TAKE | " | |
| | ORAL AND VIDEOTAPE DEPSOITION OF NO | " | .00 |
| | N PARTY WITNESS, DANIEL | " | |
| | J. LAWTON /ESALAS | " | .00 |
| | PLTFS' MTN FOR PROTECTIVE ORDER AND OB | " | .00 |
| | JECTIONS TO DEFTS NOTICE | " | |
| | OF DEPOSITION OF DANIEL J. LAWTON / | " | .00 |
| | ESALAS (NO ORDER) | " | |
| 02/27/2001 | UNOPPOSED MTN TO ENTER ORDER REGARDING | " | .00 |
| | MEDIATION(IGARCIA) | " | |
| 02/28/2001 | ORDER OF REFERRAL TO MEDIATION SIGNED | " | .00 |
| | FOR ENTRY. BEJRE/ESALAS | " | |
| 04/23/2001 | PLTF'S UNOPPOSED MOTION FOR PREFERENTI | " | .00 |
| | AL TRIAL SETTING/GMEDRANO | " | |
| 04/26/2001 | PREFERENTIAL TRIAL DATE IS 12-01-01 AT | " | .00 |
| | 8:30 A.M. BEJR/GM | " | |
| 05/04/2001 | NOTICE OF INTENTION TO TAKE ORAL AND V | " | .00 |
| | IDEOTAPE DEPOSITION OF | " | |
| | NONPARTY WITNESS MARK MONTGOMERY /E | " | .00 |
| | SALAS | " | |
| 05/08/2001 | PLTF'S FOURTH AMENDED PETITION, PETITI | " | .00 |
| | ON FOR DECLARATOR | " | |
| | JUDGMENT,AND REQUEST FOR JURY TRIAL | " | .00 |
| | /ESALAS | " | |
| 05/11/2001 | AMENDED NOTICE OF INTENTION TO TAKE OR | " | .00 |
| | AL AND VIDEOTAPED | " | |
| | DEPOSITION OF NONPARTY WITNESS MARK | " | .00 |
| | MONTGOMERY /ESALAS | " | |
| 10/16/2001 | CERTIFICATE OF WRITTEN DISCOVERY /ESAL | " | .00 |

| Date | Description | | Amount |
|---|---|---|---|
| | AS | " | |
| 11/06/2001 | RULE 11 AGREEMENT /ESALAS/LB | " | .00 |
| 12/05/2001 | Marjory Colvin appeared in person and | " | .00 |
| | chambers and advised that | " | |
| | they settled this case, will be about | " | .00 |
| | 30 days before they will | " | |
| | submit final documentation...BEJR/eeo | " | .00 |
| 12/31/2001 | PLTFS FIFTH AMENDED PETITION, PETITION | " | .00 |
| | FOR DECLARTORY JUDGMENT | " | |
| | REQUEST FOR INJUNCTIVE RELIEF AND R | " | .00 |
| | EQUEST FOR JURY TRIAL/ES | " | |
| 01/15/2002 | ORDER TO SUBMIT JUDGMENT BY 1/25/02 si | " | .00 |
| | gned...BEJR/eeo | " | |
| 01/24/2002 | MOTION FOR ENTRY OF ORDER OF DISMISSAL | " | .00 |
| | WITH PREJUDICE/GMEDRANO | " | |
| 01/29/2002 | SEVERED LITIGANT(S) INTO CAUSE# 2002-0 | " | .00 |
| | 1-000390-A | " | |
| | "CLAIMS AGAINST THE EL PASO (FORMERLY | " | .00 |
| | PG&/VALERO) DEFTS ORDERED | " | |
| | SEVERED FROM THIS CAUSE AND GIVEN | " | .00 |
| | A NEW NO(2002-01-390-A) | " | |
| | AND THE STYLE OF CAUSE NO 2000-08- | " | .00 |
| | 3596-A SHOULD BE CHANGED | " | |
| | TO REFLECT THE REMOVAL OF THE EL P | " | .00 |
| | ASO DEFTS AND SHALL BE | " | |
| | STYLED: "THE CITY OF SAN BENITO VS | " | .00 |
| | TEJAS GAS PIPELINE | " | |
| | COMPANY, ET AL". AS PER ORDER. BEU | " | .00 |
| | RESTI JR/ES | " | |
| 03/19/2003 | PLAINTIFF'S SEVENTH AMENDED PETITION, | " | .00 |
| | PETITION FOR DECLARATORY | " | |
| | JUDGMENT, REQUEST FOR INJUNCTIVE RE | " | .00 |
| | LIEF AND REQUEST FOR JURY | " | |
| | TRIAL/C.OSTOS | " | .00 |
| 04/11/2003 | ORIGINAL ANSWER: PENNZOIL GAS MARKETIN | " | .00 |

| | | | |
|---|---|---|---|
| | G COMPANY | " | |
| 05/19/2000 | CLERK'S FILING FEE | A+ | 45.00 |
| | STATE COMPTROLLER'S FEE | " | 40,00 |
| | STENOGRAPHER'S FEE | " | 15.00 |
| | SECURITY FEE | " | 5.00 |
| | RECORDS MANAGEMENT FEE | " | 5.00 |
| | COPY FEE | " | 10.00 |
| | INDIGENT LEGAL SERV. FEE | " | 10.00 |
| | COUNTY LAW LIBRARY | " | 35.00 |

Search | Case History | Parties | Attorneys | Links | Services                        [ Site Map ] [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc  All rights reserved
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: Lvasquez
Viewed as of. April 22, 2003, time: 10:16:26

CERTIFIED COPY

Michael

CAUSE NO. 00-DB-352-A
~~96-12-7406-A~~

~~CITY OF SAN BENITO,~~
CITY OF PRIMERA,
CITY OF PORT ISABEL, and
CITY OF McALLEN, INDIVIDUALLY AND
AS CLASS REPRESENTATIVES

Plaintiffs,

v.

~~PG&E GAS TRANSMISSION, TEXAS CORP.~~
ET AL.

Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

CAMERON COUNTY, TEXAS

107TH JUDICIAL DISTRICT

ORIGINAL

## ORDER OF SEVERANCE

This lawsuit was originally brought by the Cities of San Benito, Port Isabel, and Primera as individual litigants pursuant to Plaintiffs' Original Petition filed on December 31, 1996. Thereafter, at the request of said Plaintiffs, this Court certified a statewide class of cities pursuant to its order of November 5, 1997, and subsequent orders amending and modifying said order. A total of four cities have now been designated by Court order as Class Representatives: the Cities of McAllen, Primera, Port Isabel, and San Benito. A class settlement proposal has been presented to and approved by the Court by its orders of October 21, 1999, and January 27, 2000. All Class Member Cities have been given notice of the proposed settlement and an opportunity to opt out. The Court has been informed that three of the four Class Representatives, the Cities of McAllen, Port Isabel, and Primera, as individual class members have agreed to the class settlement, but the City of San Benito has decided to opt out of the settlement. Consequently, the City of San Benito has now made a request to the Court that San Benito be removed as a Class Representative, that its claims be severed and separately docketed, and that it be allowed to return to the status of an individual litigant and continue to pursue its individual claims against the defendants named herein in such severed case, with all prior pleadings,

motions, and discovery responses applicable to the City of San Benito to remain in force and effect.

IT IS, THEREFORE, ORDERED that the City of San Benito shall be and hereby is immediately removed as a Class Representative and all of its claims shall be and hereby are SEVERED from this cause.

IT IS FURTHER ORDERED that the District Clerk shall separately docket San Benito's claims, in a separately numbered case to be styled: *The City of San Benito v. PG&E Gas Transmission, Texas Corporation, et al., In the 107th Judicial District Court of Cameron County, Texas.*

IT IS FURTHER ORDERED that all of the prior pleadings, motions and discovery responses applicable to the City of San Benito as an individual litigant shall remain in force and effect unless and until otherwise ordered by this Court. The District Clerk is hereby ordered to copy all of the pleadings, motions and other filings listed on Exhibit "A," which is attached hereto and incorporated herein by reference, and to include same in the Court's file of the severed San Benito case.

IT IS FURTHER ORDERED that the style of the class action case, Cause No. 96-12-7404-A, shall be changed to reflect the removal of San Benito as a Class Representative, and said Class Action shall hereafter be styled as "*The Cities of Primera, Port Isabel, and McAllen, Individually and as Class Representatives vs. PG&E Gas Transmission, Texas Corporation et al.*

Signed this 19th day of May, 2000.

00-08-3596

Judge Benjamin Euresti, Jr.



ATTORNEYS, PLEASE NOTE: CITY OF SAN
BENITO SEVERED FROM THIS CAUSE AND GIVEN
A NEW NO. 2000-08-3596-A. PLEASE USE
CORRECT NO ON ALL FUTURE PLEADINGS AND
ORDERS IN ORDER TO ASSURE PROMPT AND
ACCURATE FILING AND DOCKETING.          -3-

APPROVED AS TO FORM AND SUBSTANCE:

Ramon Garcia
State Bar No. 07641500
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539
Telephone: (956) 383-7441
Telecopier: (956) 381-0825
Adam Poncio
State Bar No. 16109800
Cerda & Poncio, P.C.
107 N. 10th St,
Edinburg, Texas 78539
Telephone: (956) 371-0770
Facsimile:  (956) 371-0775

**Attorneys for the Cities of San Benito,
Primera and Port Isabel, Individually
and as Class Representatives**

Juan J. Hinojosa
State Bar No. 09701400
Hinojosa & Powell, P.C.
612 Nolana, Suite 410
McAllen, Texas 78504
Telephone: (956) 686-2413
Facsimile:  (956) 686-8462

**Attorney for the City of McAllen,
Individually and as Class Representative**

8/30/2000 COPIES TO:
HON RAMON GARCIA
HON JUAN J HINOJOSA
HON DANIEL W BISHOP III
HON LUTHER H SOULES III
HON GILBERTO HINOJOSA
HON BENJAMIN L HALI III

-3-

## EXHIBIT "A"

1.  12/31/96    Plaintiffs' Original Petition

2.  12/31/96    Jury Fee (paid by Hon. Ramon Garcia)

3.  01/31/97    Motion to Transfer Venue & Subject Thereto, Original Answer of Defendants Valero Energy Corporation, Valero Natural Gas Co., Valero Transmission Co., Valero Gas Marketing Co. f/k/a Reata Industrial Gas Co., Valero Transmission, L.P. & Reata Industrial Gas, L.P.

4.  09/10/97    Valero Defendants' Notice of Changes of Certain Names, Subject to Motions to Transfer Venue

5.  09/12/97    Reata Industrial Gas, L.P.'s Notice of Change of Name, Subject to Motions to Transfer Venue

6.  10/15/97    Notice of Intention to Take Oral & Videotape Deposition of Gilbert R. Taylor

7.  11/04/97    Plaintiffs' Second Amended Original Petition, Petition for Declaratory Judgment, Request for Class Action, and Request for Jury Trial

8.  11/04/97    PG&E Marketing Defendants' Waiver of Service of Process and Citation and Original Answer

9.  11/04/97    PG&E Defendants' Waiver of Service of Process and Citation and Original Answer

10. 11/04/97    Teco Defendants' Waiver of Service of Process and Citation and Original Answer

11. 11/05/97    Order of Nonsuit of Defendants Named in Plaintiffs' Notice of Nonsuit

12. 05/26/99    Plaintiffs' City of San Benito, City of Primera, and City of Port Isabel's Admission and Denials to Defendants' Requests for Admission to Plaintiff Cities

13. 06/08/99    Plaintiffs City of San Benito, City of Primera, and City of Port Isabel's Amended Responses To Defendants' Request for Admission to Plaintiff Cities

14. 06/17/99    Notice of Filing of Documents and Discovery Responses in Support of Defendants' Motions for Partial Summary Judgment

15. 06/22/99    Notice of Filing and Designation of Summary Judgment Evidence

6

| 16. | 06/22/99 | Affidavit of Donald C. King |
| 17. | 11/22/99 | PG&E Defendants' First Motion for Partial Summary Judgment, Alternative Rule 248 Motion, and Memorandum Brief in Support Thereof |
| 18. | 11/22/99 | Defendants' Second Motion for Partial Summary Judgment, Alternative Rule 248 Motion, and Memorandum Brief in Support Thereof |
| 19. | 11/22/99 | Defendants' Fourth Motion for Partial Summary Judgment, alternative Rule 248 Motion, and Memorandum Brief in Support Thereof. |
| 20. | 11/30/99 | Defendants' Amended Third Motion for Partial Summary Judgment, Alternative Rule 248 Motion, and Memorandum Brief in Support Thereof. |
| 21. | 01/11/00 | Plaintiffs' Third Amended Petition, Petition for Declaratory Judgment, Request for Class Action, and Request for Jury Trial |
| 22. | 01/19/00 | PG&E Texas Energy Company's Waiver of Service of Process and Citation and Original Answer. |
| 23. | 05/19/00 | Order of Severance |

U:\data\9213\3\00142531.WPD

CAUSE NO. C-2000-08-3596-A

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

OCT 0 3 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

## CERTIFICATE OF WRITTEN DISCOVERY

### TO THE HONORABLE COURT JUDGE:

On September 27, 2000, Plaintiff City of San Benito served their Responses to Defendant PG&E Gas Transmission's, A Texas Corporation, Request for Disclosure pursuant to Rule 194.2, Tex.R.Civ.P. on the following party:

Mr. Luther H. Soules III
Mr. Paul Andrews
SOULES & WALLACE, P.C.
Frost Bank Tower
100 West Houston Street, Suite 1500
San Antonio, Texas 78205

*ORIGINAL*

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
**222 West University Drive**
**Edinburg, Texas 78539**
**(956) 383-7441**
**(956) 381-0825 facsimile**

By: _____
**RAMON GARCIA**
**State Bar No. 07641800**
**ADAM PONCIO**
**State Bar No. 16109800**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff City of San Benito's Responses to Defendant PG&E Gas Transmission's, A Texas Corporation was sent via Certified Mail Return Receipt Requested on this 27th day of September, 2000.

Mr. Luther H. Soules III
Mr. Paul Andrews
SOULES & WALLACE, P.C.
Frost Bank Tower
100 West Houston Street, Suite 1500
San Antonio, Texas 78205


ADAM PONCIO

CAUSE NO.  C-2000-08-3596-A

AURORA DE LA GARZA DIST. CLERK

CCT 0 3 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE COURT JUDGE:

On September 27, 2000, Plaintiff City of San Benito served their Responses to Defendant PG&E Gas Transmission's, A Texas Corporation, Request for Disclosure pursuant to Rule 194.2, Tex.R.Civ.P. on the following party:

Mr. Luther H. Soules III
Mr. Paul Andrews
SOULES & WALLACE, P.C.
Frost Bank Tower
100 West Houston Street, Suite 1
San Antonio, Texas 78205

Respectfully submitted,

LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539
(956) 383-7441
(956) 381-0825 facsimile

By: _____
RAMON GARCIA
State Bar No. 07641800
ADAM PONCIO
State Bar No. 16109800

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff City of San Benito's Responses to Defendant PG&E Gas Transmission's, A Texas Corporation was sent via Certified Mail Return Receipt Requested on this 27th day of September, 2000.

Mr. Luther H. Soules III
Mr. Paul Andrews
SOULES & WALLACE, P.C.
Frost Bank Tower
100 West Houston Street, Suite 1500
San Antonio, Texas 78205

ADAM PONCIO

LAW OFFICE
OF

*Ramon Garcia*

A PROFESSIONAL CORPORATION
222 WEST UNIVERSITY
EDINBURG, TEXAS 78539

RAMON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383-7441

FAX
(956) 381-0825

September 27, 2000

**VIA: FIRST CLASS MAIL**
Ms. Aurora De La Garza
Cameron County District Clerk
974 East Harrison Street
Brownsville TX 78520

Re:     Cause No.  C-2000-08-3596-A; *City of San Benito vs. PG&E Gas Transmission, A Texas Corporation, et al.*; In the 107th Judicial District Court, Cameron County, Texas.

Dear Ms.  De la Garza:

Enclosed for filing in the above-styled and numbered cause of action is an original and one (1) copy of the following document:

1.     **Plaintiff's Certificate of Written Discovery.**

Please file stamp one copy of same and return it to the undersigned in the self-addressed stamped envelope provided.  By copy of this letter, the court is informed that all attorneys of record have been provided with copy of same.

Thank you for your usual and courteous attention.

Sincerely,

**LAW OFFICES OF RAMON GARCIA, P.C.**
A Professional Corporation

**Humberto Garza**
**Legal Assistant for Adam Poncio**

**HG/rg**

Encl.

cc:   *via first class mail*
      Luther H. Soules
      Paul Andrews

CAUSE NO.  C-2000-08-3596-A

FILED
AURORA DE LA GARZA, CLERK
OCT 0 3 2000

| | | |
|---|---|---|
| **CITY OF SAN BENITO** | § | IN THE DISTRICT COURT OF |
| | § | |
| **vs.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **PG&E GAS TRANSMISSION, A** | § | |
| **TEXAS CORPORATION, et al.** | § | **107ᵀᴴ JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**TO:**   **PG&E Gas Transmission, a Texas Corporation, and all Defendants, by and through their attorneys of record, Luther Soules, III and Paul Andrews, SOULES & WALLACE, P.C., 100 West Houston Street, Suite 1500, San Antonio, Texas.**

Plaintiffs, pursuant to Rule 167 of the Texas Rules of Civil Procedure, request that Defendants herein, including, but not limited to PG&E Gas Transmission, A Texas Corporation, et al.(PG&E), provide copies of the originals of the documents requested below, within thirty (30) days after service of this Request upon Defendant, to the offices of the undersigned counsel.

## INSTRUCTIONS

1.   Please answer each request separately.  If documents are numbered for production, in each response please provide both the information that identifies the documents and the document numbers.

2.   For each document or other requested information that you assert is privileged or not discoverable, please identify the document or other requested information with sufficient specificity, without waiving your asserted privilege, so that an assessment can be made as to whether it is needed in discovery efforts.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name address, and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and custodian of the document.

3.   For a document that no longer exists or that cannot be located, identity the document, state how and when it passed out of existence, or when it could no longer be located,

1

and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    With respect to each requested document that has been destroyed or is otherwise no longer within your possession, custody or control: (a) identify the document; (b) describe in detail the circumstance under which it was destroyed, lost or otherwise came to be beyond your possession, custody or control; (c) when it was passed out of existence, or when it could no longer be located, and the reason, if known, for the disappearance; and (d) identify each person having knowledge about the disposition or loss of the document and identify any other document evidencing the lost document's existence or any facts about the lost document. With respect to each document that was destroyed, please provide the procedures and authority under which it was destroyed and the identity of the person authorizing such destruction.

5.    In order to minimize duplication of time and effort in the discovery process, it is specifically requested that each and every document in response to the request be proofread by a responsible employee of Defendants herein to ensure that all text, figures, etc., or copies are clearly legible and that all abbreviations and any symbols are intelligible to any person who may have occasion to read the responding documents.

6.    You shall respond to each request from all sources and all information in Defendants' possession or otherwise available from Defendants, including information from Defendants' officers, employees, agents, representatives, attorneys, investigators, or consultants, predecessors, and other related entities, including companies purchased by Defendants, identified herein as simply "PG & E", and information which is known by each of them.

## DEFINITIONS

1.    "And" means "and/or."

2.    "Any" means any and all.

3.    "Communication(s)" means any oral or written communication of which the Defendants have knowledge, information, or belief.

4.    "Document" or "documents" shall be used in their broadest sense and shall mean and include all definitions in the Texas Rules of Civil Procedure, including written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, thereto. Without limiting the foregoing, the terms "document" or "documents" shall include all agreements, contracts, communications, communication letters, telegrams, telexes, messages, memoranda, notes, records, reports, books, summaries or other records of telephone

2

and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.    With respect to each requested document that has been destroyed or is otherwise no longer within your possession, custody or control: (a) identify the document; (b) describe in detail the circumstance under which it was destroyed, lost or otherwise came to be beyond your possession, custody or control; (c) when it was passed out of existence, or when it could no longer be located, and the reason, if known, for the disappearance; and (d) identify each person having knowledge about the disposition or loss of the document and identify any other document evidencing the lost document's existence or any facts about the lost document. With respect to each document that was destroyed, please provide the procedures and authority under which it was destroyed and the identity of the person authorizing such destruction.

5.    In order to minimize duplication of time and effort in the discovery process, it is specifically requested that each and every document in response to the request be proofread by a responsible employee of Defendants herein to ensure that all text, figures, etc., or copies are clearly legible and that all abbreviations and any symbols are intelligible to any person who may have occasion to read the responding documents.

6.    You shall respond to each request from all sources and all information in Defendants' possession or otherwise available from Defendants, including information from Defendants' officers, employees, agents, representatives, attorneys, investigators, or consultants, predecessors, and other related entities, including companies purchased by Defendants, identified herein as simply "PG & E", and information which is known by each of them.

## DEFINITIONS

1.    "And" means "and/or."

2.    "Any" means any and all.

3.    "Communication(s)" means any oral or written communication of which the Defendants have knowledge, information, or belief.

4.    "Document" or "documents" shall be used in their broadest sense and shall mean and include all definitions in the Texas Rules of Civil Procedure, including written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, thereto. Without limiting the foregoing, the terms "document" or "documents" shall include all agreements, contracts, communications, communication, letters, telegrams, telexes, messages, memoranda, notes, records, reports, books, summaries or other records of telephone

2

conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drawings, including, but not limited to, shop drawings, subcontractor's drawings, erection drawings, and certified drawings, blueprints, specifications, field notes, architect's or engineer's notes, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, addenda, bulletins, amendments, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, original notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditures, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase and/or work orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers vouchers, analysis studies, surveys, transcript of hearings, transcripts of testimony, expense reports, microfilm, microfiche, video recordings, film, tape, photographs, punch cards, computer programs and any accompanying documentation and manuals, copy data compilations from which information can be obtained (including matter used in data processing, and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically-stored matter, however made by whomever produced, prepared, reproduced, disseminated or made. The term "document" or "documents" shall include all types of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. "Document" or "documents" mean and include all matters within the foregoing description that are in the possession, control or custody of you or in the possession, control or custody of any former director, officer, employee, consultants, attorney, accountant or financial advisor or other agents for you, whether or not prepared by you. Without limiting the term "control", a document is deemed to be within your control if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof.

5.    "File(s)" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6.    "PG&E" refers to the Defendants herein, including, but not limited to, predecessors such as RGVG, other related entities, including companies purchased by Defendants, identified herein as simply "PG & E", and information which is known by each of them.

Respectfully Submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
222 W. University Drive
Edinburg TX 78539
(956) 383-7441
(956) 381-0825 fax

By: _____
   **RAMON GARCIA**
   State Bar No. 07641800
   **ADAM PONCIO**
   State Bar No. 16109800

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that on the 29th day of September, 2000, a true and correct copy of the foregoing Plaintiffs' First Request for Production were served by first class mail and facsimile delivery addressed to the following persons:

**VIA FACSIMILE (210) 224-7073 AND FIRST CLASS MAIL**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX 78205

**VIA: FIRST CLASS MAIL**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

**VIA: FIRST CLASS MAIL**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX 78520

Adam Poncio

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**
Copies of every transmittal letter or document that accompanied any franchise payments and/or payments for city rights of way to Plaintiff for each year from 1971 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**
Copies of all audit reports prepared by inside auditors, outside auditors or certified public accountants that have in any way commented upon, discussed or criticized the manner in which PG&E has handled city franchise fee payments and/or payments for use of city rights of way at any time since 1971.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**
Copies of all audit reports prepared by inside auditors, outside auditors or certified public accountants that have in any way commented upon, discussed or criticized the manner in which PG&E has handled the city's non-payment of franchise fees from sales of any type generated from the Las Palmas Power Plant at any time since 1971.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**
Copies of all opinions from the State Comptroller's and/or Railroad Commission's office (i.e., any division of the office or agency) that in any way have construed, interpreted or commented upon PG&E's gross receipts tax obligations to the state.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**
Copies of all internal memoranda prepared by PG&E or any of its agents, employees or representatives interpreting, construing or rendering any advice since 1971 on PG&E's franchise obligations to Plaintiff.

**RESPONSE:**

**REQUEST NO. 6**
Copies of all internal memoranda prepared by PG&E or any of its agents, employees or

representatives interpreting, construing or rendering any advice since 1971 on PG&E's franchise obligations to Plaintiff city from sales of any type generated from or to the Las Palmas Power Plant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7**
Copies of all documents showing the total sales since 1971, made by PG&E from generated sales of any items, services, commodities or goods other than natural gas power sales or natural gas transmission sale to and/or from the Las Palmas Power Plant in Plaintiff city,.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8**
Copies of all documents showing the total sales since 1971, made by PG&E from generated sales of natural gas power or natural gas transmission sales to and/or from the Las Palmas Power Plant in Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9**
Copies of every management and accounting report or document of any type since 1971, that has addressed, commented on, criticized, discussed or interpreted PG&E's franchise payment obligations by PG&E to Plaintiff city generated from and/or to sales of natural gas power or natural gas transmission sales to the Las Palmas Power Plant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10**
Copies of every management and accounting report or documents of any type since 1971, that has addressed, commented on, criticized, discussed or interpreted PG&E's payment obligations to Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11**
Copies of every document, writing, memo, letter or report that has ever questioned, criticized, discussed or critiqued the manner in which PG&E's calculated franchise payments to Plaintiff city since 1971 to the present.

**RESPONSE:**

7

**REQUEST FOR PRODUCTION NO. 12**
Copies of any document showing the annual total sales of natural gas sales within Plaintiff city made by PG&E for each year since 1971.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13**
Copies of every Railroad Commission order, ruling or opinion that PG&E maintains mandates or requires it <u>not</u> to include franchise fee payment from generated sales of natural gas power or natural gas transmission sales from the Las Palmas Power Plant from being included in the amounts used to calculate franchise payments to Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**
Copies of every document, letter, E-mail or communique of any type provided to PG&E district managers that in any way discusses, treats or sets forth PG&E procedures, policies or directives regarding franchise payments to Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15**
Copies of every document, letter, E-mail or communique of any type provided to any PG&E employee, agent or representative that in any way discusses, treats or deals with PG&E's franchise payment calculations to Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16**
Copies of every document that in any way discusses alternative methods for PG&E to calculate franchise payments to Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17**
Copies of PG&E's document retention policy for each year from 1971 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Copies of all document storage and document archival agreements covering any PG&E documents that in any way discuss, treat, constitute or deal with any of the following areas:

> A.      PG&E draft versions of the franchise agreements with Plaintiff city.
> B.      PG&E's franchise payment transmittal letters to Plaintiff city.
> C.      PG&E franchise payments to Plaintiff city.
> D.      PG&E factoring agreements with any factoring companies.
> E.      Documents construing or interpreting PG&E's franchise obligations with Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19**
Copies of any register, index and roster or archived, microfilmed or stored PG&E documents dealing with any of the matters set forth in number 18 above.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20**
Copies of the contents of all legal department files and documents relating to franchise obligations by PG&E to Plaintiff city.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21**
Copies of all correspondence, letter or documents provided by PG&E to Plaintiff city that discuss in any way franchise payments or obligations.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22**
Copies of documents showing the annual totals of PG&E revenues generated inside Plaintiff city from all sources from 1971, to the present, including any individual year or other time period within such time period.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23**
Copies of all versions and drafts of every memo, document, E-mail or communique of any type or

9

nature setting forth or discussing the revenues to be included or excluded from franchise payments to Plaintiff city during each year from 1971 to the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 24**
Copies of the contents of all files containing draft versions of the franchise agreement that was ultimately entered into with Plaintiff.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25**
Copies of any list of PG&E documents destroyed during the last twenty-four (24) months.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26**
Copies of every accounting document, memo, E-mail or record that has discussed interpreted, criticized or construed any of the following subjects:

    a.     PG&E's franchise payment obligations to Plaintiff city;
    b.     PG&E's manner of calculating franchise payments to Plaintiff city;
    c.     The proper way of calculating franchise fees to Plaintiffs city;
    d.     The inclusion or exclusion of gross receipts taxes in amounts used to pay franchise fees to Plaintiff city;
    e.     PG&E's underpayment of franchise payments to Plaintiff city;
    f.     PG&E's accounting or legal liability for franchise obligations to Plaintiff.


**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27**
Copies of all letters sent by PG&E to Plaintiff city during the last forty eight (48) months dealing with the issue of (1) franchise payments; (2) charges of franchise underpayment and/or (3) any issues regarding the Las Palmas Power Plant.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28**
Copies of every letter or document that PG&E and/or its agents sent to Plaintiff city addressing in

any way the method for calculating franchise payments payable to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Any and/all franchise agreements and/or agreements regarding use of city rights of way with Plaintiff city applicable for any year from 1971 to the present, including any agreements entered into by subsidiaries, predecessors, successor, and/or entities in which Defendant acquired an interest and/or purchased

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Copies of checks and/or any documents showing payments to Plaintiff city with regard to any and/all franchise agreements and/or agreements regarding use of city rights of way with Plaintiff city applicable for any year from 1971 to the present, including any agreements entered into by subsidiaries, predecessors, successor, and/or entities in which Defendant acquired an interest and/or purchased.

**RESPONSE:**

11

LAW OFFICE
OF

*Ramon Garcia*

A PROFESSIONAL CORPORATION
222 WEST UNIVERSITY
EDINBURG, TEXAS 78539

AMON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383-7441

FAX
(956) 381-0825

September 29, 2000

**VIA: FIRST CLASS MAIL**
Ms. Aurora De La Garza
Cameron County District Clerk
974 East Harrison Street
Brownsville TX 78520

> **Re:** **Cause No. C-2000-08-3596-A;** *City of San Benito vs. PG&E Gas Transmission, A Texas Corporation, et al.*; In the 107th Judicial District Court, Cameron County, Texas.

Dear Ms. De la Garza:

Enclosed for filing in the above-styled and numbered cause of action is an original and one (1) copy of the following document:

1.    **Plaintiff's First Request for Production.**

Please file stamp one copy of same and return it to the undersigned in the self-addressed stamped envelope provided. By copy of this letter, the court is informed that all attorneys of record have been provided with copy of same.

Thank you for your usual and courteous attention.

Sincerely,

LAW OFFICES OF RAMON GARCIA, P.C.
A Professional Corporation

Humberto Garza
Legal Assistant for Adam Poncio

HG/rg

Encl.

cc:    *via first class mail*
      Luther H. Soules
      Paul Andrews

FILED  9:00  O'CLOCK  a  M
AURORA DE LA GARZA DIST. CLERK
NOV 2 1 2000
DISTRICT COURT OF CAMERON COUNTY TEXAS
JR

CAUSE NO. 2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, | § | |
| TEXAS CORPORATION, ET AL. | § | |
| | § | |
| Defendants | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE DUCES TECUM OF INTENTION TO TAKE ORAL AND VIDEOTAPE DEPOSITION OF NONPARTY WITNESS, DANIEL J. LAWTON

TO:    Daniel J. Lawton
       c/o Diversified Utility Consultants, Inc.
       12113 Roxie Dr., Suite 110
       Austin, Texas 78729; or wherever he may be found.

Please take notice that pursuant to the Texas Rules of Civil Procedure, counsel for Defendants

PG&E Gas Transmission, Texas Corporation, et al.,[1] will take the deposition of Nonparty Witness

Daniel J. Lawton ("the Witness"), at Soules & Wallace, P.C., 925-B, Capital of Texas Highway,

Suite 245, Austin, Texas, beginning at 10:00 a.m., on the 29th day of November, 2000.  In

---

[1]    The Defendants in this case are: (I) PG&E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ii) PG&E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (iii) PG&E Texas Pipeline Company f/k/a Valero Transmission Company; (iv) PG&E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (v) VT Company f/k/a Lo Vaca Gathering Company; (vi) PG&E Texas Field Services Company f/k/a Valero Field Services Company; (vii) PG&E Texas Gas Storage Company f/k/a Valero Gas Storage Company; (viii) PG&E Hydrocarbons Company f/k/a Valero Hydrocarbons Company; (ix) PG&E Hydrocarbons, L.P. f/k/a Valero Hydrocarbons, L.P.; (x) PG&E Texas Hub Services Company f/k/a Valero Storage and Transfer Company; (xi) PG&E Texas Management Company f/k/a Valero Management Company; (xii) PG&E Texas Gas Partners, L.P. f/k/a Valero Natural Gas Partners, L.P.; (xiii) PG&E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (xiv) PG&E-Tex, L.P. f/k/a Valerotex, L.P.; (xv) PG&E Texas Energy Company; (xvi) PG&E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (xvii) PG&E Energy Trading Holdings Corporation f/k/a Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (xviii) PG&E NGL Marketing, L.P. f/k/a Valero Marketing, L.P.; (xix) PG&E Texas LDC, L.P. f/k/a VLDC, L.P.; (xx) PG&E Rivercity Energy, L.P. f/k/a Rivercity Gas, L.P.; (xxi) PG&E Texas VGM, L.P. f/k/a Valero Gas Marketing, L.P.; (xxii) PG&E Texas Industrial Energy, L.P. f/k/a Valero Industrial Gas, L.P.; (xxiii) PG&E West Texas Pipeline Company f/k/a Valero-Teco West Texas Pipeline Company; (xxiv) PG&E Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission, Texas Corporation and Teco Pipeline Company; (xxv) Teco Gas Gathering Company; (xxvi) Teco Industrial Gas Company; (xxvii) Teco Gas Marketing Company; (xxviii) Teco Gas Processing Company; (xxix) Teco Gas Services Company, and (xxx) PG&E Energy Trading - Gas Corporation.

addition to being stenographically recorded, said deposition may also be videotaped, and will continue from day to day until completed or adjourned.

## DEFINITIONS AND INSTRUCTIONS

A.      The following documents in Exhibit "A" are to be supplied by furnishing all information in your possession, custody or control, not only information known of your personal knowledge, but also including all information to which you have a right to compel from a third party, such as your agent, authority, employee or representative.

B.      As used herein, the terms "you," "your" or "the Witness" shall mean the Witness upon whom this Notice Duces Tecum has been served, and, where applicable, his attorneys, agents, and any other natural person or business or legal entities acting or purporting to act for or on behalf of the Witness.

C.      "Communication" means any oral, written, printed, documentary or electronic transfer of information.

D.      "Defendants" shall mean the parties to this cause, other than the City of San Benito, as identified in footnote 1.

E.      The term "documents" shall mean the original and each non-identical copy, whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise, and drafts and both sides thereof, of any written, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including, but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, notes, invoices (including all bills and statements of account), credit memos, notations, work papers, transcripts, minutes, minute books, stock books, stock, certificates, stock

records, corporate resolutions, reports and recordings of telephone or other conversations or of interviews or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, canceled checks, deposit slips, invoices, receipts for payment, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, photographs, maps, charts accounts, financial statements and reports thereto, and all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated.

F.     If any document requested to be identified was, but it is no longer, in your possession or control or is no longer in existence state whether it is:

1.     Missing or lost;
2.     Destroyed;
3.     Transferred voluntarily or involuntarily to others, and; if so, to whom; or
4.     Otherwise disposed of.

In each instance, explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

G.     The term "concerning" shall mean comprising, describing, relating, referring, substantiating or pertaining in any way, to any part of a specified subject matter and/or to the contents or subject matter of any documents including the specified subject matter.

H.     Duces Tecum is desired, and the Witness is requested to produce, at the time and place of the taking of this deposition, for examination and copying, the documents described in Exhibit "A" attached hereto and incorporated herein by reference.

3

Respectfully submitted,

_____
Luther H. Soules III
State Bar No. 18858000
Paul D. Andrews
State Bar No. 01248600
JERRY J. FULTON
State Bar No. 07541000
100 W. Houston St., Suite 1500
San Antonio, TX 78205-1457
Telephone: (210) 224-9144
Facsimile: (210) 224-7073

OF COUNSEL

SOULES & WALLACE


EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX 78522
Telephone: (956) 542-7441
Facsimile:  (956) 541-2170

J.A. MAGALLANES
State Bar No. 12809500
GILBERTO HINOJOSA
State Bar No. 09701100
MAGALLANES, HINOJOSA & TREVINO, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX 78520
Telephone: (956) 544-6571
Facsimile:  (956) 544-4290

**ATTORNEYS FOR DEFENDANTS**

4

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Defendant's Notice Duces Tecum of Intention to Take Oral Deposition of Nonparty Witness Daniel J. Lawton was deposited in an official depository of the United States Postal Service, certified mail, return receipt requested, properly addressed to the following:

Mr. Ramon Garcia                          Certified Mail - Return Receipt
Law Office of Ramon Garcia, P.C.          No. 7000 0520 0022 8583 3937
225 West University Drive
Edinburg, Texas 78539

Mr. Adam Poncio                           Certified Mail - Return Receipt
Cerda, Garriga & Poncio, P.C.             No. 7000 0520 0022 8583 3944
107 N. 10th Street
Edinburg, Texas 78539

Mr. J. A. Magallanes                      Certified Mail - Return Receipt
Mr. Gilberto Hinojosa                     No. 7000 0520 0022 8583 3951
Magallanes, Hinojosa & Trevino
1713 Boca Chica Blvd.
Brownsville, Texas 78520

Mr. Eduardo R. Rodriguez                  Certified Mail - Return Receipt
Ms. Marjory C. Batsell                    No. 7000 0520 0022 8583 3968
Rodriguez, Colvin & Chaney, L.L.P.
P. O. Box 2155
Brownsville, Texas 78522

on this 14th day of November, 2000.

Paul D. Andrews

5

## EXHIBIT "A"

## <u>DOCUMENTS TO BE PRODUCED</u>

1.    All documents you have received, prepared, or generated concerning natural gas sales or natural gas transmission activities occurring in San Benito, Texas that involved in any way any of the Defendants.

2.    All documents you have received or generated pertaining to natural gas sold and consumed for power generation at the CP&L La Palma Plant located in San Benito, Texas.

3.    All communications you have sent to or received directly from the City of San Benito.

4.    All documents you have received from counsel for the City of San Benito pertaining to any natural gas sales, transportation, or other natural gas revenue generating activities within the city limits of the City of San Benito.

5.    All documents you have prepared, generated, reviewed, or received pertaining to any analysis of natural gas pipeline presence within the City of San Benito, natural gas sales within the City of San Benito, and/or natural gas transportation activities within the City of San Benito.

6.    All documents you have received from counsel for the City of San Benito since the May 19, 2000, Order of Severance which severed the claims of the City of San Benito from the former San Benito class action.

7.    All documents you have reviewed, generated, or utilized in support of your testimony given at the hearing on January 27, 2000, in Cause No. 96-12-7404-A; *City of San Benito, City of Primera, City of Port Isabel, and City of McAllen, Individually and as Class Representatives v. PG&E Gas Transmission, Texas Corp., et al.*, in the 107th Judicial District Court, Cameron County, Texas.

U:\data\9213\3\00153545.WPD

6

LAW OFFICES

# SOULES & WALLACE

ATTORNEYS-AT-LAW

A PROFESSIONAL CORPORATION

FROST BANK TOWER

100 W. HOUSTON STREET, SUITE 1500

SAN ANTONIO, TEXAS 78205-1457

(210) 224-9144

TELEFAX: (210) 224-7073

PAUL D. ANDREWS †
KEITH M. BAKER
PATRICIA ANN BATH *
RICHARD M. BUTLER †
WAYNE I. FAGAN
JERRY J. FULTON
PHIL STEVEN KOSUB ^
B. MILLS LATHAM *
ELIZABETH J. LINDELL
JAMES E. MONTGOMERY
SARA MURRAY
SUSAN S. PATTERSON
ROBINSON C. RAMSEY ‡^
MARC J. SCHNALL *
BRAD L. SKLENCAR ⁄

LUTHER H. SOULES III †‡
BRUCE E. SPINDLER
WILLIAM T. SULLIVAN
CHRISTOPHER J. TARRILLION
THOMAS H. VEITCH *
JAMES P. WALLACE ‡

OF COUNSEL:
LUIS R. GARCIA
(1919-1996)
ROBERT L. ESCHENBURG II

WRITER'S DIRECT DIAL NUMBER.

(210) 299-5474

November 14, 2000

Ms. Aurora de La Garza
District Clerk, Cameron County
974 E. Harrison
Brownsville, Texas 78520

**Via certified mail**
**Return receipt no. Z 556 172 855**

Re:     Cause No. 2000-08-3596-A; <u>City of San Benito v. PG&E Gas Transmission, Texas Corp.,</u>
<u>et al.;</u> In the 107th  Judicial District Court; Cameron County, Texas

Dear Ms. De La Garza:

Enclosed for filing is an original and one copy of Defendant's Notice Duces Tecum of Intention
to Take Oral Deposition of Nonparty Witness Daniel J. Lawton

Please file the original with the Court and return a file-stamped copy to me in the self-addressed
stamped envelope provided.

By copy of this letter, all counsel of record have been sent a copy of the enclosed document.

Thank you for your assistance in this matter.  If you have any questions concerning this filing request,
please advise.

Sincerely,

Paul D. Andrews

PDA/rb
Enclosure

AUSTIN, TEXAS OFFICE:
925-B CAPITAL OF TEXAS HIGHWAY, SUITE 245
AUSTIN, TEXAS 78746
(512) 328-5511     TELEFAX (512) 327-4105

CORRESPONDENT OFFICE: LONDON, ENGLAND

† NATIONAL BOARD OF TRIAL ADVOCACY
  TEXAS BOARD OF LEGAL SPECIALIZATION
· BOARD CERTIFIED ADMINISTRATIVE LAW
‡ BOARD CERTIFIED CIVIL APPELLATE LAW
⁄ BOARD CERTIFIED CIVIL TRIAL LAW
◆ BOARD CERTIFIED COMMERCIAL AND
  RESIDENTIAL REAL ESTATE LAW

* BOARD CERTIFIED ESTATE PLANNING AND
    PROBATE LAW
^ BOARD CERTIFIED FAMILY LAW
● BOARD CERTIFIED PERSONAL INJURY
    TRIAL LAW
⁄ LICENSED IN WASHINGTON, D.C.

Aurora De La Garza
Cameron County District Clerk
November 14, 2000
Page 2

---

cc w/encl.:    Ramon Garcia            Via certified mail #7000 0520 0022 8583 3937
               Adam Poncio            Via certified mail #7000 0520 0022 8583 3944
               J.A. Magallanes        Via certified mail #7000 0520 0022 8583 3951
               Eduardo R. Rodriguez   Via certified mail #7000 0520 0022 8583 3968

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK
NOV 2 2 2000
DISTRICT Clerk OF CAMERON COUNTY TEXAS
DEPUTY

**CAUSE NO. C-2000-08-3596-A**

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG & E GAS TRANSMISSION, A TEXAS | § | 107TH JUDICIAL COURT |
| CORPORATION, ET AL. | § | |

## MOTION TO QUASH DEFENDANT'S NOTICE DUCES TECUM OF INTENTION TO TAKE ORAL AND VIDEOTAPE DEPOSITION OF NON PARTY WITNESS, DANIEL J. LAWTON

To The Honorable Judge of said Court:

Now comes Daniel J. Lawton a nonparty to the above-styled and numbered cause and files this *Motion to Quash Defendant's Notice Duces Tecum of Intention To Take Oral And Videotape Deposition Of Nonparty Witness, Daniel J. Lawton* and for cause would respectfully show the Court the following:

### I.
### Introduction

Daniel J. Lawton is an individual who is not a party, consultant, or witness, for any party in the above-styled and numbered cause. San Benito, Texas is the Plaintiff and PG&E Gas Transmission, Texas Corporation, *et al* is the defendant in this case. Plaintiff has brought an action against defendant regarding defendant's use of and/rental payments for plaintiffs right-of way within the City of San Benito, Texas.

### II.
### Facts

On or about November 20, 2000 defendant, PG&E served nonparty Daniel J. Lawton with *Defendant's Notice Duces Tecum, of Intention To Take Oral and Videotape Deposition of Nonparty Witness, Daniel J. Lawton.* The deposition is noticed to take place in Austin, Texas beginning at 10:00 a.m., on the 29th day of November, 2000. In addition, nonparty witness Daniel J. Lawton is to produce numerous documents at the November 29, 2000 deposition.

### III.
### Argument and Authorities

1.   The court should quash the deposition notice because the deposition notice is inadequate. Texas Rule of Civil Procedure 199.2 (a) requires the notice be served on the deponent and other parties, "...a reasonable time before the deposition is taken." Specifically defendant, PG&E served the deposition notice on Daniel J. Lawton on November 20, 2000, only eight days before the deposition is to take place. This notice is unreasonable because Mr. Lawton who is not a party or expert for any party could not of planned or

1

anticipated the deposition, and such short notice in the holiday season will create an unreasonable and unnecessary burden on Daniel J. Lawton and his business.

2.     The court should quash the deposition notice because the deposition notice is inadequate. Specifically, defendant's eight day notice to Daniel J. Lawton will create an unnecessary burden and undue hardship on Mr. Lawton and his business in light of the numerous, broad, and burdensome requests contained in defendant's Duces Tecum for the documents requested in Exhibit A of defendant's notice.

3.     The court should quash the deposition notice because the notice is inadequate. Specifically documents requested in items 1 and 2 are global and not limited in time or to this cause of action. It would not be possible to search files dating back almost twenty years regarding Central Power & Light Company activities at the La Palma Power Plant in the eight days notice provided.

4.     Defendant. PG&E served the *Motion to Quash Defendant's Notice Duces Tecum of Intention To Take Oral And Videotape Deposition Of Nonparty Witness, Daniel J. Lawton* on November 20, 2000. Because this motion is filed within three days of the date the notice was served, this motion objecting to the November 29, 2000 deposition in Austin, Texas stays the deposition until the motion can be determined by the Court. Tex. R.Civ.P. 199.4.

<u>Prayer</u>

For the above stated reasons, Daniel J. Lawton asks the court to set his motion to quash for hearing, and after the hearing, quash defendant's deposition notice.

Respectfully submitted,

The Lawton Law Firm
12113 Roxie Drive
Austin, TX 78729
Telephone (512) 257-2010
Fax (512) 257-2243

By _____
Daniel J. Lawton
SBN: 00791082

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record on this 22nd day of November, 2000 as follows:

**VIA FACSIMILE (210) 224-7073 AND FIRST CLASS MAIL**
Luther H. Soules, III
Paul Andrews
SOULES 7 WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA:  FACSIMILE (956) 541-2170 AND FIRST CLASS MAIL**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA:  FACSIMILE (956) 544-4290 AND FIRST CLASS MAIL**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520

Daniel J. Lawton

3

LAW OFFICE

OF

*Ramon Garcia*

A PROFESSIONAL CORPORATION

222 WEST UNIVERSITY

EDINBURG, TEXAS 78539

RAMON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383-7441

FAX
(956) 381-0825

November 22, 2000

Ms. Aurora De La Garza
CAMERON COUNTY COURTHOUSE
Cameron County District Clerk
974 East Harrison Street
Brownsville TX 78520

**Re:**     *Cause No. C-2000-08-3596-A; City of San Benito vs. PG&E Gas Transmission, a Texas Corporation, et al.; In the 107th State Judicial District Court, Cameron County Texas.*

Dear District Clerk:

Enclosed, for all filing purposes, please find an original and courtesy copies of the following document related to the above referenced matter:

1.     **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO DEFENDANT'S NOTICE OF DEPOSITION OF DANIEL J. LAWTON**

Please stamp file one copy of this document and return it to our attention via the courier. By copy of this letter, the court is informed that all counsel of record will receive copy of same.

Should you have any questions or need further assistance with this matter, please contact our office at your convenience.   Thank you for your usual courtesies.

Sincerely,

LAW OFFICES OF RAMON GARCIA, P.C.

By

Humberto Garza
Legal Assistant for Adam Poncio

HG/br
Enclosures



## CAUSE NO. C-2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE ~~DISTRICT COURT~~ |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION OF DANIEL J. LAWTON

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now come Plaintiffs in the above-styled and numbered cause and files this their First Motion for Protective Order and Objections to Defendants' Notice of Deposition of DANIEL J. LAWTON, and for cause would respectfully show unto the Court the following:

### 1.

### BACKGROUND

On or about November 20, 2000, Plaintiffs received Notice of Deposition of DANIEL J. LAWTON, with attached subpoena duces tecum. Plaintiffs hereby file their request for protective order and objections thereto as follows:

1.  Plaintiffs object to the time and place of said objection, as there was no attempt to confer regarding the availability of the witness and or Plaintiffs' counsel in this matter. Plaintiff proposes that the deposition be held at Plaintiffs' counsel's offices and/or at a location in Austin, Texas, the location of the witness, at a mutually agreeable time and place for counsel and the witness.

2.  Plaintiffs object to the subpoena duces tecum, as 30 days and/or reasonable notice was not provided , as required under the rules of procedure.

3.  Plaintiffs object to the time and place of said objection, as the deposition must be taken in the county of the witness' residence or where the witness is employed or regularly transacts business in person. Plaintiff further objects as the witness is beyond the subpoena power of the court and was so at the time of service of the subpoena.

4.  Plaintiffs object to items 1-7, as the documents are protected by the consulting expert privilege, attorney-client and/or work product privileges, as the witness was a consulting expert in Cause No. 96-12-7404-A and the documents requested were generated as part of

his work therein. Until the witness becomes a testifying expert or fact witness in this case, they are privileges and protected. Moreover, Plaintiffs object to the request as being vague and overbroad and lacking the specificity required under the rules.

2.

**PRAYER.**

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs pray that the Court grant a protective order to Plaintiffs and/or sustain their objections and/or quash the deposition and subpoena duces tecum. Plaintiffs further pray that Defendants be required to provide specificity in its requests, as required by the Rules. Plaintiffs further pray for all other relief as Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES CERDA & PONCIO**
**A Professional Corporation**
**924 McCullough**
**San Antonio, Texas 78215-1642**
**Telephone:    (210) 212-7979**
**Facsimile:    (210) 212-5880**

BY: _____
      Adam Poncio
      State Bar No. 16109800

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record on this 22nd day of November, 1998, as follows:

**VIA FACSIMILE (210) 224-7073 AND FIRST CLASS MAIL**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA: FACSIMILE (956) 541-2170 AND FIRST CLASS MAIL**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA: FACSIMILE (956) 544-4290 AND FIRST CLASS MAIL**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520

Adam Poncio

LAW OFFICES

## SOULES & WALLACE
ATTORNEYS-AT-LAW
A PROFESSIONAL CORPORATION
FROST BANK TOWER
100 W. HOUSTON STREET, SUITE 1500
SAN ANTONIO, TEXAS 78205-1457
(210) 224-9144
TELEFAX: (210) 224-7073

PAUL D. ANDREWS †
KEITH M. BAKER
PATRICIA ANN BATH *
RICHARD M. BUTLER †
WAYNE I. FAGAN
JERRY J. FULTON
PHIL STEVEN KOSUB ▲
B. MILLS LATHAM ✦
ELIZABETH J. LINDELL
JAMES E. MONTGOMERY
SARA MURRAY
SUSAN S. PATTERSON

ROBINSON C. RAMSEY ‡●
MARC J. SCHNALL ✦●
LUTHER H. SOULES III †‡§
BRUCE K. SPINDLER
THOMAS H. VEITCH °
JAMES P. WALLACE ‡

OF COUNSEL:
LUIS R. GARCIA
(1919-1996)
ROBERT L. ESCHENBURG II

WRITER'S DIRECT DIAL NUMBER:

(210) 299-5474

January 9, 2001

Ms. Aurora De la Garza
District Clerk, Cameron County
974 E. Harrison
Brownsville, Texas 78520

**Via certified mail return receipt**
No. 7000 1670 0004 3975 4764

Re:    Cause No. 2000-08-3596-A; City of San Benito v. PG&E Gas Transmission, Texas
       Corp., et al.; In the 107th Judicial District Court; Cameron County, Texas

Dear Ms. De la Garza:

Please be advised that I will be out of state on vacation for the time period beginning January 22, 2001, through January 29, 2001, and from May 25 through June 4, 2001. Please do not set any hearings or trials during this time period in the above case for which I am an attorney of record for Defendants. There are currently no settings in such case.

By copy of this letter, I am notifying opposing counsel of the same request.

Sincerely yours,

Paul D. Andrews

PDA/rb
U:\data\9213\3\00156788.WPD

AUSTIN, TEXAS OFFICE:
925-B CAPITAL OF TEXAS HIGHWAY, SUITE 245
AUSTIN, TEXAS 78746
(512) 328-5511   TELEFAX (512) 327-4105

CORRESPONDENT OFFICE: LONDON, ENGLAND

‡ NATIONAL BOARD OF TRIAL ADVOCACY
   TEXAS BOARD OF LEGAL SPECIALIZATION
▲ BOARD CERTIFIED ADMINISTRATIVE LAW
‡ BOARD CERTIFIED CIVIL APPELLATE LAW
† BOARD CERTIFIED CIVIL TRIAL LAW
✦ BOARD CERTIFIED COMMERCIAL
   REAL ESTATE LAW

● BOARD CERTIFIED RESIDENTIAL
   REAL ESTATE LAW
* BOARD CERTIFIED ESTATE PLANNING AND
   PROBATE LAW
° BOARD CERTIFIED FAMILY LAW
ø BOARD CERTIFIED PERSONAL INJURY
   TRIAL LAW

Letter to Aurora De la Garza
Cameron County District Clerk
January 9, 2001
Page 2

cc:   Mr. Ramon Garcia                              Certified Mail - Return Receipt
      Law Office of Ramon Garcia, P.C.             No. 7000 1670 0004 3975 4788
      225 West University Drive
      Edinburg, Texas 78539

      Mr. Adam Poncio                               Certified Mail - Return Receipt
      Cerda & Poncio, P.C.                          No. 7000 1670 0004 3975 4771
      107 N. 10th Street
      Edinburg, Texas 78539

```
 1                        NO. 2000-CI-08-3596-A
    CITY OF SAN BENITO         *      IN  THE  DISTRICT   COURT
 2         Plaintiff,          *
                               *
 3  VS.                        *      CAMERON  COUNTY,  TEXAS
                               *
 4  PG&E GAS TRANSMISSION,     *
    TEXAS CORPORATION, ET AL   *
 5         Defendants.         *      107TH JUDICIAL DISTRICT
    ---------------------------------------
 6                REPORTER'S CERTIFICATION
              DEPOSITION OF DANIEL J. LAWTON
 7                  DECEMBER 12, 2000
    ---------------------------------------
 8

 9         I, LISA RODE ARNOTT, Certified Shorthand

10  Reporter in and for the State of Texas, hereby

11  certify to the following:

12         That the Witness, DANIEL J. LAWTON, was duly

13  sworn by the officer and that the transcript of the

14  oral deposition is a true record of the testimony

15  given by the witness;

16         That the deposition transcript was submitted on

17  ___1-03-01_____, to the Witness or to the attorney

18  for the Witness, Mr. Lawton, for examination,

19  signature, and return to me by _1-26-01_____;

20         That the amount of time used by each party at

21  the deposition is as follows:

22         Mr. Paul D. Andrews - 1 HOUR, 56 MINUTES

23         Mr. Adam Poncio - 0 MINUTES

24         That $1,112.90 ___ is the deposition officer's

25  charges for preparing the original deposition
```

1    transcript and any copies of exhibits charged to

2    Defendant.

3         That pursuant to information given to the

4    deposition officer at the time said testimony was

5    taken, the following includes all parties of record:

6         Mr. Adam Poncio, Attorney for Plaintiff,

7         Mr. Paul D. Andrews, Attorney for Defendants.

8         I further certify that I am neither counsel

9    for, related to, nor employed by any of the parties

10   in the action in which this proceeding was taken, and

11   further that I am not financially or otherwise

12   interested in the outcome of the action.

13        Further certification requirements pursuant to

14   Rule 203 of TRCP will be certified to after they have

15   occurred.

16

17        CERTIFIED TO BY ME this the _____ day of

18   _____, A.D., 2001.

19   _____

20   LISA RODE ARNOTT, Texas CSR 3939
     Expiration Date:  December 2001

21   7800 IH-10 West, Suite 100
     San Antonio, Texas   78230

22   (210) 377-3027

23

24

25

1          FURTHER CERTIFICATION UNDER 203 TRCP

2          The original deposition ( ) was (✓) was not ( )

3    was not to be returned to the deposition officer;

4          If returned, the attached Changes and Signature

5    page contains any changes and the reasons therefor;

6          If returned, the original deposition was

7    delivered by ( ) regular mail ( ) certified mail

8    ( ) hand delivery to Mr. Paul D. Andrews for

9    safekeeping on ___1-03-01_____.

10         That a copy of this certificate was served on all

11   parties shown herein.

12

13         CERTIFIED TO BY ME this the ___7th___ day of

14   ___Feb._____, A.D., 2001.

15         _Lisa Rode Arnott_____
           LISA RODE ARNOTT, Texas CSR 3939
16         Expiration Date:  December 2001
           7800 IH-10 West, Suite 100
17         San Antonio, Texas  78230
           (210) 377-3027

18

19

20

21

22

23

24

25



# ESQUIRE™
### DEPOSITION SERVICES

Date: _02-12-01_

County of: _Cameron_

Re Cause #: _2000-CI-08-3596-A_

We hand herewith for filing a nonsignature for an oral deposition taken in the above-
stated cause number, which has not been returned within the specified time limits.

Please file one copy and date stamp and return the second copy to our office.

Respectfully submitted,

ESQUIRE DEPOSITION SERVICES

Barbara Wood
Document Manager

CC:  All  parties on the appearance page have been copied.

H. 10 West • Suite 100 • San Antonio, Texas 78230
/69-3027 • (210) 377-3027 • Fax (210) 344-6016


Across Town or Across The Nation

Esquire Deposition Services™ and DepoNet® are units of Esquire Communications, Ltd. All rights reserved.

COPY

CAUSE NO.  C-2000-08-3596-A

*[stamp: O'CLOCK M / ...ORA DE LA GARZA DIST. CLERK / FEB 27 2001 / DISTRICT COURT OF CAMERON COUNTY TEXAS / Eloisa Guerrero DEPUTY]*

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

## UNOPPOSED MOTION TO ENTER ORDER REGARDING MEDIATION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF CITY OF SAN BENITO, and respectfully request that this honorable Court enter an order regarding the non-binding mediation and in support thereof would show the following:

1.      Section 154.002 of the Texas Civil Practices and Remedies Code expresses the State policy of encouraging the peaceful resolution of disputes including the early settlement of pending litigation.

2.      The instant lawsuit is one which will require a significant expenditure of time, money, and effort by all parties if it is necessary to proceed to trial.  The issues in controversy in this case are susceptible to mediation and mediation is appropriate before additional costs and expenses are incurred by any party.

3.      Accordingly Plaintiff moves this court to order the parties to conduct a non-binding mediation of this case and agree on a Mediator by submitting the name of an agreed Mediator.  In the event the parties cannot agree on a Mediator within fourteen (14) days, the Court is requested to appoint a mediator to which all counsel should be directed.

4.      Plaintiff further moves this court to recognize that both parties have conferred and agreed to proceed in a good faith effort to try to resolve this case and that the mediation is to be held on or

Page 1 of 4

before March 30, 2001.

5.    Mediator shall promptly inform the Court of the date selected for mediation.

6.    Plaintiff moves the court to order that fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and their counsel will be bound by the Rules for Mediator and shall complete the information forms as are furnished by the Mediator.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
**222 W. University Drive**
**Edinburg TX 78539**
**(956) 383-7441**
**(956) 381-0825 fax**

By: _____
      **RAMON GARCIA**
      **STATE BAR NO.  07641800**
      **ADAM PONCIO**
      **STATE BAR NO. 16109800**

**ATTORNEYS FOR PLAINTIFF**

Page 2 of 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record on this _27_ day of February, 2001, as follows:

**VIA FACSIMILE (210) 224-7073**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA: FACSIMILE (956) 541-2170**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA: FACSIMILE (956) 544-4290**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520

Ramon Garcia

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned attorney for Plaintiff has conferred the substance of this Motion, therefore, the matter is presented to the Court for determination.

Ramon Garcia

RECEIVED
CLERK OF DISTRICT COURT

FEB 2 7 2001

CAMERON COUNTY
BROWNSVILLE, TEXAS

CAUSE NO.  C-2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

## ORDER OF REFERRAL TO MEDIATION

Plaintiff, having motioned this Court the entry of an Order compelling non-binding mediation and having informed the Court that defendants are not opposed to such motion, the Court hereby finds that this case is appropriate for mediation pursuant to Tex. Civ. Prac. & Rem. Code §§ 154.0001 et. seq.

Accordingly, the court enters the following Order:

Mediation is mandatory by non-binding settlement conference, conducted with the assistance of the Mediator.  Mediation is private, confidential and privileged from process and discovery.  The Mediator shall not be a witness nor may the Mediator's records be subpoenaed or used as evidence.  No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

Plaintiff parties having moved the Court to participate in a non-binding mediation, the Court hereby orders all counsel to confer in an attempt to agree on a Mediator and are ordered to submit the name of an agreed Mediator fourteen (14) days from the date of this order.  In the event the parties cannot agree on a Mediator, the Court shall appoint a Mediator, after which all counsel are directed to contact the appointed Mediator to arrange the logistics of mediation within three (3) business days of such appointment.

The mediation is ordered to be held on or before Friday, March 30, 2001.  Counsel and

parties shall proceed in a good faith effort to try to resolve this case, and shall select a mutual mediation date. Mediator shall promptly inform the Court of the date selected for mediation.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and their counsel will be bound by the Rules for Mediator and shall complete the information forms as are furnished by the Mediator.

Named parties and corporate representatives must be represented by an authorized representative or by an executive officer with full authority to negotiate a settlement.

Referral to mediator is not a substitute for trial and the case will be tried if not settled.

All pending matters are hereby abated pending mediation.

Signed this _____ day of February, 2001.

_____
**Judge Presiding**

LAW OFFICE
OF
*Ramon Garcia*
A PROFESSIONAL CORPORATION
222 WEST UNIVERSITY
EDINBURG, TEXAS 78539

RAMON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383-7441
FAX
(956) 381-0825



February 27, 2001

**VIA: HAND DELIVERY**
Ms. Aurora De La Garza
Cameron County District Clerk
974 East Harrison Street
Brownsville TX 78520

Re:    Cause No.  C-2000-08-3596-A; *City of San Benito vs. PG&E Gas Transmission, A Texas Corporation, et al.*; In the 107th Judicial District Court, Cameron County, Texas.

Dear Ms.  De la Garza:

Enclosed for filing in the above-styled and numbered cause of action is an original and one (l) copy of the following documents:

1.    **Unopposed Motion to Enter Order Regarding Mediation.**

2.    **Order of Referral to Mediation.**

Please file stamp one copy of same and return it to the undersigned with the courier. By copy of this letter, the court is informed that all attorneys of record have been provided with copy of same.

Thank you for your usual and courteous attention.

RAMON GARCIA, P.C.
By

Humberto Garza
Legal Assistant

HG/rg

Encl.

cc:     *via facsimile*
        Luther H. Soules
        Paul Andrews
        Eduardo Rodriguez
        Gilberto Hinojosa
        Juan A. Magallanes

## CAUSE NO. <u>C-2000-08-3596-A</u>

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

### ORDER GRANTING PREFERENTIAL TRIAL DATE

On this day came to be heard Plaintiff's Motion for Preferential Trial Setting. After consideration of the motion, the Court is of the opinion that said Motion should be GRANTED.

It is HEREBY ordered that this cause be set for a Preferential Trial Setting at _8:30_ o'clock a.m. on the 10th day of December, 2001, in the Courtroom of the 107th Judicial District Court of Cameron County, Texas.

_____
JUDGE PRESIDING

4/27/01 copies to:

Approved as to form and substance:

LAW OFFICE OF RAMON GARCIA, P.C.
222 W. University Drive
Edinburg TX 78539
(956) 383-7441
(956) 381-0825 fax

By: _____
RAMON GARCIA
STATE BAR NO. 07641800
ADAM PONCIO
STATE BAR NO. 16109800

APPROVED AS TO FORM AND SUBSTANCE:


_____
Luther H. Soules, III
State Bar No. 18858000
Paul D. Andrews
State Bar No. Q1248600
SOULES & WALLACE, P.C.
Frost Bank Tower, 15th Floor
100 West Houston Street
San Antonio, Texas 78205-1457
Telephone: (210) 224-9144
Telecopier: (210) 224-7073


Eduardo Roberto Rodriguez
State Bar No. 17144000
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P. O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

**ATTORNEYS FOR DEFENDANTS
PG&E GAS TRANSMISSION,
TEXAS CORPORATION,
n/k/a EL PASO GAS TRANSMISSION COMPANY,
ET AL.**

## CAUSE NO. C-2000-08-3596-A

| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

FILED 9.00 O'CLOCK a
AURORA DE LA GARZA DIST. CLERK
APR 2 3 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**PLAINTIFF'S UNOPPOSED MOTION FOR PREFERENTIAL TRIAL SETTING**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff City of San Benito in the above numbered and styled cause, and file this its Unopposed Motion for Preferential Trial Setting and in support thereof would show the Court as follows:

**I.**

This cause of action is severed cause of action arising out of a class action lawsuit, C-96-12-7404A, *City of San Benito and other similarly situated cities vs. PG&E Gas Corporation, et al.,* which entered into final judgement on September, 14, 2000. On February 28, 2001, this court ordered parties to enter into mediation and such was held on March 21, 2001. The parties could not reach an agreement and thus this party requests that this motion be set for hearing, and upon said hearing, this Court grant Plaintiff's Unopposed Motion for Preferential Trial Setting and that the Court grant such other and further relief to which Plaintiff is justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this motion be set for hearing, and upon said hearing, this Court grant Plaintiff's Unopposed Motion for Preferential Trial Setting and that the Court grant such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
**222 W. University Drive**
**Edinburg TX 78539**
**(956) 383-7441**
**(956) 381-0825 fax**

By: _____

**RAMON GARCIA**
**STATE BAR NO.  07641800**
**ADAM PONCIO**
**STATE BAR NO. 16109800**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served on counsel of record for Defendant, on this the ___18th___ day of April, 2001:

**VIA FACSIMILE (210) 224-7073**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA: FACSIMILE (956) 541-2170**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA: FACSIMILE (956) 544-4290**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520

Adam Poncio

LAW OFFICE
OF

*Ramon Garcia*

A PROFESSIONAL CORPORATION
222 WEST UNIVERSITY
EDINBURG, TEXAS 78539

...MON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383 7441

FAX
(956) 381-0825

April 18, 2001

Ms. Aurora de la Garza
CAMERON COUNTY COURTHOUSE
Cameron County District Clerk
924 E. Harrison
Harlingen, Texas  78539
*VIA: FIRST CLASS MAIL*

>       *Re:*   *Cause No. C-2000-08-3596-A; City of San Benito vs. PG&E Gas*
>              *Transmission, A Texas Corporation, et al.*

Dear Ms. de la Garza:

Enclosed, for all filing purposes, please find an original and courtesy copies of the following documents related to the above referenced matter:

1.     **PLAINTIFF'S UNOPPOSED MOTION FOR PREFERENTIAL TRIAL SETTING with Order Setting Hearing.**

Please stamp file one copy of this document and return it to our attention via the enclosed self addressed stamped envelope.  By copy of this letter, the court is informed that all counsel of record will receive copy of same.

Should you have any questions or need further assistance with this matter, please contact our office at your convenience.   Thank you for your usual courtesies.

Sincerely,

**LAW OFFICES OF RAMON GARCIA, P.C.**

By:

Beulah Rivera
Secretary for the San Benito Lawsuit

/br
Enclosures

LAW OFFICE
OF

*Ramon Garcia*

A PROFESSIONAL CORPORATION

222 WEST UNIVERSITY
EDINBURG, TEXAS 78539

RAMON GARCIA
FELIPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383-7441

FAX
(956) 381-0825

April 18, 2001

Ms. Aurora de la Garza
CAMERON COUNTY COURTHOUSE
Cameron County District Clerk
924 E. Harrison
Harlingen, Texas 78539
*VIA: FIRST CLASS MAIL*

Re:    *Cause No. C-2000-08-3596-A; City of San Benito vs. PG&E Gas Transmission, A Texas Corporation, et al.*

Dear Ms. de la Garza:

Enclosed, for all filing purposes, please find an original and courtesy copies of the following documents related to the above referenced matter:

1.    PLAINTIFF'S UNOPPOSED MOTION FOR PREFERENTIAL TRIAL SETTING with Order Setting Hearing.

Please stamp file one copy of this document and return it to our attention via the enclosed self addressed stamped envelope. By copy of this letter, the court is informed that all counsel of record will receive copy of same.

Should you have any questions or need further assistance with this matter, please contact our office at your convenience. Thank you for your usual courtesies.

Sincerely,

LAW OFFICES OF RAMON GARCIA, P.C.

By: _____
      Beulah Rivera
      Secretary for the San Benito Lawsuit

/br
Enclosures

## CAUSE NO.  C-2000-08-3596-A

| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
|---|---|---|
| vs. | § | CAMERON COUNTY, TEXAS |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

FILED ___9:00___ O'CLOCK __0__ M
AURORA DE LA GARZA DIST. CLERK

APR 2 3 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**PLAINTIFF'S UNOPPOSED MOTION FOR PREFERENTIAL TRIAL SETTING**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff City of San Benito in the above numbered and styled cause, and file this its Unopposed Motion for Preferential Trial Setting and in support thereof would show the Court as follows:

**I.**

This cause of action is severed cause of action arising out of a class action lawsuit, C-96-12-7404A, *City of San Benito and other similarly situated cities vs. PG&E Gas Corporation, et al.*, which entered into final judgement on September, 14, 2000.  On February 28, 2001, this court ordered parties to enter into mediation and such was held on March 21, 2001.  The parties could not reach an agreement and thus this party requests that this motion be set for hearing, and upon said hearing, this Court grant Plaintiff's Unopposed Motion for Preferential Trial Setting and that the Court grant such other and further relief to which Plaintiff is justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this motion be set for hearing, and upon said hearing, this Court grant Plaintiff's Unopposed Motion for Preferential Trial Setting and that the Court grant such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P.C.**
**222 W. University Drive**
**Edinburg TX 78539**
**(956) 383-7441**
**(956) 381-0825 fax**

By: _____

**RAMON GARCIA**
**STATE BAR NO.  07641800**
**ADAM PONCIO**
**STATE BAR NO. 16109800**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served on counsel of record for Defendant, on this the ___18TH___ day of April, 2001:

**VIA FACSIMILE (210) 224-7073**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA: FACSIMILE (956) 541-2170**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA: FACSIMILE (956) 544-4290**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520

Adam Poncio

## CAUSE NO. C-2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| VALERO GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

### ORDER SETTING HEARING ON
### PLAINTIFF'S UNOPPOSED MOTION FOR PREFERENTIAL TRIAL SETTING

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Preferential Trial Setting is

hereby set for hearing at _____ __.m. on the _____ day of

_____, 2001 in the Courtroom of the 107th Judicial District Court of

Cameron County, Texas.

_____
JUDGE PRESIDING

COPIES TO:

**VIA FACSIMILE (210) 224-7073**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX 78205

**VIA: FACSIMILE (956) 541-2170**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

**VIA: FACSIMILE (956) 544-4290**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX 78520

## CAUSE NO.  C-2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

### ORDER GRANTING PREFERENTIAL TRIAL DATE

On this day came to be heard Plaintiff's Unopposed Motion for Preferential Trial Setting. After hearing argument of counsel, the Court is of the opinion that said Motion should be GRANTED.

It is HEREBY ordered that this cause be set for a Preferential Trial Setting at _____ o'clock a.m. on the _____ day of _____, 2001, in the Courtroom of the 107th Judicial District Court of Cameron County, Texas.

_____

JUDGE PRESIDING

COPIES TO:

**VIA FACSIMILE (210) 224-7073**
Luther H. Soules, III
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA: FACSIMILE (956) 541-2170**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA: FACSIMILE (956) 544-4290**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520

## CAUSE NO. 2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, | § | |
| TEXAS CORPORATION, ET AL. | § | |
| | § | |
| **Defendants** | § | 107TH JUDICIAL DISTRICT |

### NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPE DEPOSITION OF NONPARTY WITNESS MARK MONTGOMERY

TO:    Mark Montgomery
      Southern Union Company
      5602 E. Grimes
      Harlingen, Texas 78550

FILED _9.00_ O'CLOCK _Q_ M
AURORA DE LA GARZA DIST. CLERK
MAY 0 4 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Please take notice that pursuant to the Texas Rules of Civil Procedure, counsel for

Defendants El Paso Gas Transmission Company f/k/a PG&E Gas Transmission, Texas

Corporation, et al. [1] will take the oral and videotape deposition of Nonparty Witness Mark

---

[1]The current Defendants in this case, listed by their present and, where applicable, former names, are: (i) El Paso Gas Transmission Company f/k/a PG&E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ii) EPGT Natural Gas Company f/k/a PG&E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (iii) EPGT Pipeline Company f/k/a PG&E Texas Pipeline Company f/k/a Valero Transmission Company; (iv) EPGT Texas Pipeline, L.P. f/k/a PG&E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (v) EPGT-VT Company f/k/a VT Company f/k/a Lo Vaca Gathering Company; (vi) EPGT Texas Field Services Company f/k/a PG&E Texas Field Services Company f/k/a Valero Field Services Company; (vii) El Paso Gas Storage Company f/k/a PG&E Texas Gas Storage Company f/k/a Valero Gas Storage Company; (viii) EPGT Hydrocarbons Company f/k/a PG&E Hydrocarbons Company f/k/a Valero Hydrocarbons Company; (ix) El Paso Hydrocarbons, L.P. f/k/a PG&E Hydrocarbons, L.P. f/k/a Valero Hydrocarbons, L.P.; (x) El Paso Hub Services Company f/k/a PG&E Texas Hub Services Company f/k/a Valero Storage and Transfer Company; (xi) EPGT Texas Management Company f/k/a PG&E Texas Management Company f/k/a Valero Management Company; (xii) EPGT Gas Partners, L.P. f/k/a PG&E Texas Gas Partners, L.P. f/k/a Valero Natural Gas Partners, L.P.; (xiii) EPGT Management Partnership, L.P. f/k/a PG&E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (xiv) EPGT-Tex, L.P. f/k/a PG&E-Tex, L.P. f/k/a Valerotex, L.P.; (xv) EPGT Texas Energy Company f/k/a PG&E Texas Energy Company; (xvi) El Paso Reata Energy, L.P. f/k/a PG&E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (xvii) EPGT Trading Holdings Company f/k/a PG&E Energy Trading Holdings Corporation f/k/a Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (xviii) El Paso NGL Marketing, L.P. f/k/a PG&E NGL Marketing, L.P. f/k/a Valero Marketing, L.P.; (xix) EPGT Texas LDC, L.P. f/k/a PG&E Texas LDC, L.P. f/k/a VLDC, L.P.; (xx) El Paso River City Energy, L.P. f/k/a PG&E Rivercity Energy, L.P.

Montgomery ("the Witness), at the law office of Rodriguez, Colvin & Chaney, L.L.P., 1201

E. Van Buren, Brownsville, Texas 78520, or such other location as may be mutually

agreed upon between counsel and the Witness, beginning at 10:30 a.m., on the 14th day

of May, 2001. In addition to being stenographically recorded, said deposition will also be

videotaped, and will continue from day to day until completed or adjourned.

Respectfully submitted,

Luther H. Soules III
State Bar No. 18858000
Paul D. Andrews
State Bar No. 01248600
SOULES & WALLACE, P.C.
100 W. Houston St., Suite 1500
San Antonio, TX 78205-1457
Telephone: (210) 224-9144
Facsimile: (210) 224-7073

Eduardo Roberto Rodriguez
State Bar No. 17144000
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

**ATTORNEYS FOR DEFENDANTS**

---

f/k/a Rivercity Gas, L.P.; (xxi) EPGT Texas VGM, L.P. f/k/a PG&E Texas VGM, L.P. f/k/a Valero Gas Marketing, L.P.; (xxii) El Paso Industrial Energy, L.P. f/k/a PG&E Texas Industrial Energy, L.P. f/k/a Valero Industrial Gas, L.P.; (xxiii) EPGT West Texas Pipeline Company f/k/a PG&E West Texas Pipeline Company f/k/a Valero-Teco West Texas Pipeline Company; (xxiv) El Paso Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission, Texas Corporation and Teco Pipeline Company; (xxv) Teco Gas Gathering Company; (xxvi) Teco Industrial Gas Company; (xxvii) Teco Gas Marketing Company; (xxviii) Teco Gas Processing Company; (xxix) Teco Gas Services Company, and (xxx) PG&E Energy Trading - Gas Corporation.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Notice of Intention to Take Oral Deposition of Nonparty Witness Mark Montgomery was deposited in an official depository of the United States Postal Service, certified mail, return receipt requested, properly addressed to the following:

Mr. Ramon Garcia                         Certified Mail - Return Receipt
Law Office of Ramon Garcia, P.C.         No. 7000 1670 0013 3442 0822
225 West University Drive
Edinburg, Texas 78539

Mr. Adam Poncio                          Certified Mail-Return Receipt
Cerda, Garriga & Poncio,                 No. 7000 1670 0013 3442 0815
107 N. 10th Street
Edinburg, Texas 78539

on this _____ day of May, 2001.

_____
Paul D. Andrews

U:\data\9213\3\00161750.WPD

LAW OFFICES

## SOULES & WALLACE
ATTORNEYS-AT-LAW
A PROFESSIONAL CORPORATION
FROST BANK TOWER
100 W. HOUSTON STREET, SUITE 1500
SAN ANTONIO, TEXAS 78205-1457
(210) 224-9144
TELEFAX: (210) 224-7073

PAUL D. ANDREWS †
KEITH M. BAKER
PATRICIA ANN BATH *
RICHARD M. BUTLER †
WAYNE I. FAGAN
JERRY J. FULTON
PHIL STEVEN KOSUB ^
B. MILLS LATHAM #
ELIZABETH J. LINDELL
JAMES E. MONTGOMERY
SARA MURRAY
SUSAN S. PATTERSON

ROBINSON C. RAMSEY ‡°
MARC J. SCHNALL ●◊
LUTHER H. SOULES III †‡§
BRUCE K. SPINDLER
THOMAS H. VEITCH *
JAMES P. WALLACE ‡ §

OF COUNSEL:
LUIS R. GARCIA
(1919-1996)
ROBERT L. ESCHENBURG II

WRITER'S DIRECT DIAL NUMBER:

(210) 299-5474

Writer's e-mail address: pandrews@soulesandwallace.com

May 1, 2001

Ms. Aurora de La Garza                          **Via certified mail**
District Clerk, Cameron County                  **Return receipt no. #7000 1670 0013 3442 0839**
974 E. Harrison
Brownsville, Texas 78520

Re:    Cause No. 2000-08-3596-A; <u>City of San Benito v. PG&E Gas Transmission, Texas
       Corp., et al.</u>; In the 107th Judicial District Court; Cameron County, Texas

Dear Ms. De La Garza:

Enclosed for filing is an original and one copy of Defendant's Notice of Intention to Take Oral and Videotape Deposition of Nonparty Witness Mark Montgomery.

Please file the original with the Court and return a file-stamped copy to me in the self-addressed stamped envelope provided.

By copy of this letter, all counsel of record have been sent a copy of the enclosed document.

Thank you for your assistance in this matter. If you have any questions concerning this filing request, please advise.

Sincerely,

Paul D. Andrews

PDA/rb
Enclosure

AUSTIN, TEXAS OFFICE:
925-B CAPITAL OF TEXAS HIGHWAY, SUITE 245
AUSTIN, TEXAS 78746
(512) 328-5511    TELEFAX (512) 327-4105

CORRESPONDENT OFFICE: LONDON, ENGLAND

† NATIONAL BOARD OF TRIAL ADVOCACY
   TEXAS BOARD OF LEGAL SPECIALIZATION
^ BOARD CERTIFIED ADMINISTRATIVE LAW
‡ BOARD CERTIFIED CIVIL APPELLATE LAW
† BOARD CERTIFIED CIVIL TRIAL LAW
● BOARD CERTIFIED COMMERCIAL
   REAL ESTATE LAW

● BOARD CERTIFIED RESIDENTIAL
   REAL ESTATE LAW
* BOARD CERTIFIED ESTATE PLANNING AND
   PROBATE LAW
° BOARD CERTIFIED FAMILY LAW
ø BOARD CERTIFIED PERSONAL INJURY
   TRIAL LAW

Aurora De La Garza
Cameron County District Clerk
May 1, 2001
Page 2

| cc w/encl.: | Ramon Garcia | Via certified mail #7000 1670 0013 3442 0822 |
| | Adam Poncio | Via certified mail #7000 1670 0013 3442 0815 |
| | Christina Dodds | Via regular mail |

CAUSE NO. 00-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT OF |
| | § | |
| vs | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, TEXAS, | § | |
| CORP. ET. AL. | § | 107TH JUDICIAL DISTRICT |

PLAINTIFF'S FOURTH AMENDED PETITION, PETITION FOR
DECLARATORY JUDGEMENT, AND REQUEST FOR JURY TRIAL

FILED _____ O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK

MAY 0 8 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff the CITY OF SAN BENITO (hereinafter referred to as "Plaintiff

San Benito") demanding a trial by jury and complaining of the conduct of Defendants EL PASO

GAS TRANSMISSION CO. f/k/a PG&E GAS TRANSMISSION, TEXAS CORP.  f/k/a

VALERO ENERGY CORP.; EPGT NATURAL GAS COMPANY f/k/a PG&E TEXAS

NATURAL GAS CO. f/k/a VALERO NATURAL GAS CO.; EPGT PIPELINE COMPANY

f/k/a PG&E TEXAS PIPELINE CO., f/k/a VALERO TRANSMISSION CO.; EPGT TEXAS

PIPELINE, L.P. f/k/a PG&E TEXAS PIPELINE, L.P. f/k/a VALERO TRANSMISSION, L.P.;

EPGT-VT COMPANY f/k/a VT COMPANY f/k/a LO VACA GATHERING CO.; EPGT

TRADING HOLDINGS COMPANY f/k/a PG&E ENERGY TRADING HOLDINGS

CORPORATION f/k/a REATA INDUSTRIAL GAS COMPANY; EL PASO REATA

ENERGY, L.P. f/k/a PG&E REATA ENERGY, L.P. f/k/a REATA INDUSTRIAL GAS

L.P.;EPGT TEXAS VGM, L.P. f/k/a PG&E TEXAS VGM, L.P.; EL PASO INDUSTRIAL

ENERGY, L.P. f/k/a PG&E TEXAS INDUSTRIAL ENERGY, L.P. f/k/a VALERO

INDUSTRIAL GAS, L.P.; EL PASO RIVERCITY ENERGY, L.P. f/k/a PG&E RIVERCITY

ENERGY, L.P. f/k/a RIVERCITY GAS, L.P.; EPGT TEXAS ENERGY COMPANY f/k/a

PG&E TEXAS ENERGY COMPANY; and EPGT MANAGEMENT PARTNERSHIP, L.P.

f/k/a PG&E TEXAS MANAGEMENT PARTNERSHIP, L.P., f/k/a VALERO MANAGEMENT

PARTNERSHIP, L.P. (collectively "Defendants") and would respectfully show this Court the

following:

## I. PARTIES

1.1    Plaintiff the CITY OF SAN BENITO is Texas municipal corporation, chartered as a

home-rule city, located in and governing portions of Cameron County, Texas.

1.2    Defendants are entities, authorized to do business in the State of Texas, with their

principal places of business in Texas.  Defendants ave been served by agreement and have

answered and/or will answer herein.

## 2. JURISDICTION AND VENUE

2.1    Plaintiff's action against the Defendants is maintainable in Cameron County, Texas, in

that one or more of these Defendants do, or have at all material times done, business in Cameron

County, Texas.

2.2    Moreover, Plaintiff's causes of action, more particularly described below, arise from and

are connected with Defendants' business activities in Cameron County, Texas.

2.3    Specifically, Plaintiff's causes of action against Defendants involve torts committed by

Defendants within Cameron County, Texas.

2.4    Plaintiff's causes of action against the Defendants are maintainable in Cameron County,

Texas, in that all or substantial portions of the events or omissions giving rise to Plaintiff's

causes of action, as more specifically described herein, occurred or arose in Cameron County,

Texas.

2.5    Plaintiff's causes of action against the Defendants are maintainable in Cameron County,

Texas, in that the agreement and/or ordinance made the basis of Plaintiff's claim was/were

entered into and/or is/are performable in Cameron County, Texas.

2.6    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that venue in Cameron County, Texas, is proper as to one or more of the Defendants and to one or more of the causes of action asserted herein. Therefore, the court has venue of the remaining Defendants, as the claims or actions arise out of the same transactions, occurrences, or series of transactions or occurrences.

## 4. FACTUAL BACKGROUND

The Defendants described above are affiliated entities which engage in numerous types of business transactions and activities involving natural gas, including, but not limited to buying, selling, marketing, trading, exchanging, transporting, delivering, gathering, processing, and/or storing natural gas, natural gas liquids in gaseous or liquid state, or the natural or synthetic equivalent thereof (hereafter "gas").

4.2    The Defendants, acting singularly and/or in concert, are currently or have in the past engaged in one or more of the gas operations and activities described herein without the consent, permission, franchise, or authorization of Plaintiff San Benito and/or in contravention of existing state constitutional and statutory provisions and the local ordinances and other official acts of Plaintiff San Benito, including the ordinance set out below.

4.3    Upon information and belief, the Defendants, collectively or singularly, currently use or have in the past used the streets, alleys, rights of way, or other public property owned or controlled by Plaintiff San Benito to conduct all or some of the following activities within the incorporated city limits of Plaintiff San Benito:

(a) acquire, construct, maintain, own, use, and/or operate, in whole or in part, gas pipelines, including without limitation transmission, distribution, or gathering pipelines

Page 3 of 11

and appurtenant facilities, meters, city gates, plant gates, plant tailgates, outlet meters, accounting meters, and/or other pipeline related facilities; (b) transport, deliver, or causes to be transported or delivered its/their own gas and/or gas liquids, of gas and/or gas liquids owned by any other person or entity whether affiliated or not affiliated with the Defendants; (c) market, trade, exchange and/or sell gas directly to commercial, residential, or industrial gas consumers; (d) market, trade, exchange fluid/or sell gas to electric utilities or other entities using gas for power generation; (e) market, trade, exchange and/or sell for resale gas to local distribution companies, gas marketers, transmission pipelines, gas gathering pipelines and/or gas re-sellers; (f) process gas; (g) deliver gas into and/or redeliver gas from any gas processing plant; (h) store gas; (i) gather gas; and/or (j) purchase or receive for transportation gas from any producing oil and/or gas well or from any gas gathering pipeline and/or from any other source.

4.4    Upon information and belief, none of the Defendants does now pay nor has in the past paid to Plaintiff San Benito any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for Plaintiff Sam Benito's consent or for use of city rights of way and/or authorization to conduct the above-described activities within Plaintiff San Benito's incorporated limits.

4.5    On June 25, 1941, the City of San Benito passed Ordinance No. 478, entitled "AN ORDINANCE FIXING RENTALS TO BE PAID BY NEUTRAL GAS UTILITIES FOR THE PRIVILEGES OF USING, WITH THEIR NATURAL GAS AND AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN THE CORONATE LIMITS OF THE CITY OF SAN BENITO, TEXAS, PROVIDING THAT SUCH UTILITIES SHALL HAVE SEMI-ANNUAL IMPORTS; PROVIDING

PENALTIES FOR THE VIOLATION HEREOF; REPEALING ALL LAWS IN CONFLICT

HEREWITH; AND DECLARING AN EMERGENCY." The Ordinance has not been repealed,

withdrawn and/or superceded. The Ordinance provides in relevant part:

>That all persons and corporations using and maintaining
>any main and auxiliary lines, appurtenances and fixtures for the
>sale and distribution of natural gas in any of the streets, alleys,
>parks and other public places within the corporate limits of the City
>of San Benito, Texas, shall within thirty (30) days after the 30th day
>of September and the 31st day of March of each year file with the
>City Secretary a report sworn to by the auditor of such person or
>corporation showing the gross receipts derived from the sale by gas
>utilities of natural gas sold for heat, power or other purposes from
>consumer of such natural gas located within and using such natural
>gas within the corporate limits or the City of San Benito, Texas, for
>the six (6) months proceeding each of said dates."

* * *

>That upon the 1st day of November and the 1st day of May
>for each year, hereafter, every person or corporation using the
>streets, highways, alleys, parks or other public places within the
>City of San Benito, Texas, with main and/or auxiliary lines,
>fixtures and appurtenances for the sale and distribution of natural
>gas to consumers, shall pay to the City of San Benito, Texas a
>rental equal to two percent (2%) for the gross receipts received by
>such other person or corporation from its sale for heat, power
>and/or other purposes derived from consumers of such natural gas
>located within and using within the corporate limits of the City of
>San Benito, Texas, for the six (6) months proceeding September
>30th, and March 31st, of each year, which sum shall be paid to the
>Tax Collector of the City of San Benito, Texas, who shall
>thereupon deliver to the person or corporation paying the same a
>receipt for the amount so paid as rental."

See Ordinance No. 478, a true and correct copy of which is attached hereto as Exhibit "A".

4.65    The causes of action set forth below are based on these activities having occurred without

any required payment and/or such consent, authorization, or franchises; and by this pleading,

Plaintiff San Benito seeks compensation for all such past and future activities within its

Page 5 of 11

## Trespass

5.4    Alternatively, Defendants' conduct constitutes a trespass on municipal property for which Plaintiff seeks compensation.

## Declaratory Relief

5.5    Alternatively, Pursuant to Section 37.001, et. seq., of the Texas Civil Practice & Remedies Code, San Benito is entitled to judgment from this Court declaring the rights, status, and legal relationship between and among San Benito and the Defendants with respect to the Defendants' withholding of proper compensation due and owing to the Plaintiff San Benito under the ordinance set out above and/or under the alternative theories set out herein; and judgment declaring that Plaintiff San Benito is entitled to compensation under the ordinance set out above and/or any applicable agreement and/or compensation for Defendants' unauthorized and ultra vires acts and trespasses that were not authorized.

5.6    San Benito is entitled to recover reasonable attorneys' fees and costs incurred in obtaining declaratory judgment relief pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

## Negligence/Negligence Per Se

5.7    Alternatively, Defendants' conduct constitutes negligence, in that Defendants breached their duty to Plaintiff San Benito to act with reasonable care, and said breach proximately caused Plaintiff San Benito harm.

5.8    Defendants' conduct constitutes negligence per se, in that Defendants violated one or more ordinances, state statutes, and/or state constitutional provisions, which establish statutory standards of conduct of a reasonably prudent person, and said violations proximately caused Plaintiff San Benito's damage.

incorporated limits and all other legal and equitable relief and damages which Plaintiff San Benito is entitled to recover.

## 5. CAUSES OF ACTION

### Breach of Contract and/or Failure to Abide By Street Rental Ordinance

5.1     Defendants have wholly and/or partially failed to comply with the street rental ordinance duly enacted by San Benito. The Texas Supreme Court has upheld and sustained the right of cities to fix a rental charge for the use of its streets and other public places by gas companies and other utilities which carry on a local business. See Fleming v. Houston Lighting & Power Co., 138 S.W.2d 520 (Tex. 1940). Moreover, Plaintiff San Benito had in place a prior franchise agreement under which Defendants may be obligated to make payments, and with which they have failed to comply. As a result, Plaintiff San Benito has suffered damages.

### Removal of Purpresture and/or Request for Injunctive Relief

5.2     Alternatively, Defendants' conduct constitutes a purpresture upon public property and public rights-of-way, for which Plaintiff San Benito is entitled to injunctive relief. San Benito seeks an injunction that would require Defendants to properly comply with the street rental ordinance above and/or to remove any and all pipes, lines, appurtenances and fixtures, unless proper consent and approval is granted by San Benito.

### Unjust Enrichment/Quantum Meruit

5.3     Alternatively, Defendants have been unjustly enriched by their conduct, in that valuable services and/or materials were furnished to and accepted, used, and enjoyed by Defendants under such circumstances as reasonably notified Defendants that Plaintiff San Benito expected to be paid for such services and/or materials. San Benito is entitled to recover from Defendants under the equitable theory of quantum meruit.

### Joint Enterprise/Joint Business Enterprise/Joint Venture

5.9    Defendants acted as a joint enterprise, joint business enterprise, and/or joint venture,  in

that Defendants have or had an agreement to achieve a common purpose in which they had a

common pecuniary interest, and regarding which they had an equal right of control. Defendants

are jointly and severally liable to Plaintiff San Benito.

### Alter Ego/Single Business Enterprise

5.10    Defendants are alter egos of one another, in that they are organized and operated as mere

tools or business conduits of one another, or in that there is such unity between and among

Defendants that the separateness of the corporations has ceased, and holding only one

corporation liable would result in injustice. Alternatively, Defendants are engaged in a single

business enterprise. Alternatively, Plaintiff San Benito contends that the organization and

operation of the separate Defendants was merely a sham to perpetrate a fraud upon Plaintiff San

Benito, for which Plaintiff San Benito now sues.  Defendants are jointly and several liable to

Plaintiff San Benito.

### Audit/ Accounting

5.11    Plaintiff San Benito is entitled to an audit and accounting of Defendants' business

activities within Plaintiff San Benito's corporate limits.

### Exemplary Damages

5.12    Plaintiff San Benito seeks to recover exemplary damages based on the fraudulent,

malicious, and intentional conduct of the Defendants and Defendants' knowing disregard of the

rights of Plaintiff San Benito in an amount to be determined by the trier of fact.

### Attorneys' Fees

5.13    Plaintiff San Benito has been required to retain the undersigned counsel to institute and

prosecute this action and any appeals that may flow from this litigation. Plaintiff San Benito has made demand for payment and/or at least thirty days prior to the trial of this suit, Plaintiff San Benito will have presented its claim and demand to Defendants for payment which will not have been paid. Plaintiff San Benito is entitled to reasonable and necessary attorney fees and hereby sues for same pursuant to the Texas Civil Practice & Remedies Code.

### Request for Jury

5.14    Plaintiff San Benito requests a jury trial. The appropriate fee has been paid.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff City of San Benito respectfully prays for the following relief:

1.    A declaration that the Plaintiff's representatives are legally entitled to perform an accounting of the books and records of the Defendants pursuant to state statute;

2.    An order for an accounting, giving the Plaintiff's representatives access to Defendants' books and records relating to sales and the collection of revenues for all sales of natural gas through the use of city rights of way from June 25, 1941, to the present and specifying a date, time, and location for the accounting.

3.    An injunction be issued, after notice to Defendants and an evidentiary hearing, ordering Defendants, their agents, servants, employees, and attorneys, to remove any and all pipes, lines, appurtenances, property and fixtures from city property and/or city rights of way;

4.    Pre-judgment interest as provided by law at the highest legal rate;

5.    Judgment in an amount which exceeds the minimal jurisdictional limits of the court for damages on all causes of action, including exemplary damages, asserted above;

6.    Interest on judgment at the highest legal rate until paid;

7.    Declaratory judgment construing the payment obligations and responsibilities of the

parties;

8.    That Plaintiff San Benito be awarded reasonable attorneys' fees and costs under Texas

law;

9.    That Plaintiff San Benito be awarded any street rental fees, franchise fees and/or any

other monies and fees that may be due to the City; and

9.    That Plaintiff San Benito be granted such other and further relief to which it may be

justly entitled..

Respectfully submitted,

LAW OFFICE OF RAMON GARCIA, P.C.
222 W. University Drive
Edinburg TX 78539
(956) 383-7441
(956) 381-0825 fax

By: _____

RAMON GARCIA
STATE BAR NO.  07641800
ADAM PONCIO
STATE BAR NO. 16109800

ATTORNEYS FOR PLAINTIFF SAN BENITO

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served on counsel of record for Defendant, on this the 2nd day of May, 2001:

**VIA FIRST CLASS MAIL**
Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, TX  78205

**VIA FIRST CLASS MAIL**
Eduardo Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522

**VIA FIRST CLASS MAIL**
Gilberto Hinojosa
Juan A. Magallanes
MAGALLANES & HINOJOSA, P.C.
1713 Boca Chica Blvd.
P.O. Box 4901
Brownsville, TX  78520


_____
Adam Poncio

# EXHIBIT A

ORDINANCE NO. 478

AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES
FOR THE PRIVILEGE OF USING, WITH THEIR NATURAL GAS AND AUXILIARY LINES,
APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN
THE CORPORATE LIMITS OF THE CITY OF SAN BENITO, TEXAS; PROVIDING THAT
SUCH UTILITIES SHALL MAKE SEMI-ANNUAL REPORTS; PROVIDING PENALTIES FOR
THE VIOLATION HEREOF; REPEALING ALL LAWS IN CONFLICT HEREWITH; AND
DECLARING AN EMERGENCY.

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF SAN BENITO, TEXAS.

### Section 1.

That all persons and corporations using and maintaining any main and auxili-
ary lines, appurtenances and fixtures for the sale and distribution of natural
gas in any of the streets, alleys, parks and other public places within the cor-
porate limits of the City of San Benito, Texas, shall within thirty (30) days
after the 30th. day of September and the 31st. day of March of each year file
with the City Secretary a report sworn to by the auditor of such person or
corporation showing the gross receipts derived from the sale by gas utilities of
natural gas sold for heat, power or other purposes from consumer of such natural
gas located within and using such natural gas within the corporate limits of the
City of San Benito, Texas, for the six (6) months preceeding each of said dates.

### Section II.

That upon the 1st. day of November and the 1st. day of May of each year
hereafter, every person or corporation using the streets, highways, alleys,
parks or other public places within the City of San Benito, Texas, with main
and/or auxiliary lines, fixtures and appurtenances for the sale and distri-
bution of natural gas to consumers, shall pay to the City of San Benito, Texas,
a rental equal to two percent (2%) of the gross receipts received by such
person or corporation from its sale of natural gas for heat, power and/or
other purposes derived from consumers of such natural gas located within and
using within the corporate limits of the City of San Benito, Texas, for the
six (6) months preceeding September 30th. and March 31st. of each year, which
sum shall be paid to the Tax Collector of the City of San Benito, Texas, who
shall thereupon deliver to the person or corporation paying the same a receipt
for the amount so paid as rental.

### Section III.

Any special taxes, rentals, contributions or charges accruing before the
effective date of this ordinance under the term of any pre-existing ordinance,
contract or franchise against any such person or corporation, when paid to said
City, shall be credited on the amount owed by such person or corporation as a
charge or rental imposed for the use of the streets, alleys and other public
places and ways within the said City, and the Tax Collector of said City is
hereby authorized to give credit to such person or corporation when it or they
pay the street rental charges in the manner described herein for all sums paid
or special taxes, rentals, contributions, charges or otherwise under the terms
of any pre-existing ordinance, contract or franchise.

### Section IV.

That any person or corporation and the local manager or agent of any such
person or corporation, wilfully failing or refusing after thirty (30) days
written notice from the City Secretary to make the report required above herein
shall, upon conviction in the Corporation Court of the said City, be fined in a
sum not to exceed $50.00, and each day's failure or refusal shall be deemed a
separate offense.

### Section V.

All ordinances and parts of ordinances in conflict herewith are hereby
repealed.

### Section VI.

The fact that the Legislature of the State of Texas, has, by proper enact-
ment, permitted incorporated Cities and towns to levy a tax against all persons
and corporations occupying the public streets, alleys, public ways and places,
as a rental or charge for the use and occupancy of said streets, alleys, public

ways and places, and the fact that the general fund of said City in is need of immediate replenishment, creates an emergency, and the rule requiring the reading of all ordinances on two several meetings, is hereby suspended and this ordinance shall take effect immediately upon its passage, approval and publication as provided by the Charter of the City of San Benito, Texas.

Passed and approved this 25th. day of June, A. D. 1941.

Attest: _____
City Secretary.

_____
Mayor

**LAW OFFICES**

<u>V I C T O R  I.  C E R D A</u>
ATTORNEY·AT·LAW

<u>A D A M  P O N C I O</u>
ATTORNEY·AT·LAW
**Board Certified Civil Appellate Law**
Texas Board of Legal Specialization

# CERDA
# C&P
# PONCIO
A PROFESSIONAL CORPORATION

<u>S A N  A N T O N I O  O F F I C E</u>
924 McCullough – San Antonio, Texas 78215-1642
Tel: (210) 212-7979 – Fax: (210) 212-5880

<u>E D I N B U R G  O F F I C E</u>
107 North 10th – Edinburg, Texas 78539
Tel: (956) 387-0770 – Fax: (956) 387-0775

May 2, 2001

<u>VIA US FIRST CLASS MAIL</u>
Ms. Aurora De La Garza, District Clerk
974 E. Harrison
Brownsville, Texas 78520

RE:     No. 00-08-3596-A; *City of San Bentio Vs. PG&E Gas Transmission, Et. Al.*
In the 107th Judicial District Court of Bexar County, Texas

Dear Ms. De La Garza:

With reference to the above matter, please find enclosed the original and one (1) copy of the following document: *Plaintiff's Fourth Amended Petition, Petition for Declaratory Judgment, and Request for Jury Trial.* Upon filing of the original, please file stamp and return the copy in the self-addressed and stamped envelope which is included with this mailing. By copy of this correspondence, all counsels will receive a copy of the subject document.

Thank you for your assistance with this matter. Should you have any questions, please feel free to contact me.

Respectfully,

Law Offices of Cerda & Poncio
A Professional Corporation

Jan Staha, CLA*
*Litigation Paralegal for Adam Poncio*

:jas
cc:     Mr. Paul Andrews
        Mr. Eduardo Rodriguez
        Mr. Gilberto Hinojosa

**\*Certified Legal Assistant
by the National Association of Legal Assistants**

## CAUSE NO. 2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, | § | |
| TEXAS CORPORATION, ET AL. | § | |
| | § | |
| Defendants | § | 107TH JUDICIAL DISTRICT |

### AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPE DEPOSITION OF NONPARTY WITNESS MARK MONTGOMERY

TO:   Mark Montgomery
       Southern Union Company
       5602 E. Grimes
       Harlingen, Texas 78550

FILED __:__ O'CLOCK __M
AURORA DE LA GARZA DIST. CLERK
MAY 1 1 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Please take notice that pursuant to the Texas Rules of Civil Procedure, counsel for

Defendants El Paso Gas Transmission Company f/k/a PG&E Gas Transmission, Texas

Corporation, et al. [1] will take the oral and videotape deposition of Nonparty Witness Mark

Montgomery ("the Witness), at the law office of Daniel W. Bishop, II, P.C., 106 E. Sixth

---

[1]The current Defendants in this case, listed by their present and, where applicable, former names, are: (i) El Paso Gas Transmission Company f/k/a PG&E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ii) EPGT Natural Gas Company f/k/a PG&E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (iii) EPGT Pipeline Company f/k/a PG&E Texas Pipeline Company f/k/a Valero Transmission Company; (iv) EPGT Texas Pipeline, L.P. f/k/a PG&E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (v) EPGT-VT Company f/k/a VT Company f/k/a Lo Vaca Gathering Company; (vi) EPGT Management Partnership, L.P. f/k/a PG&E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (vii) EPGT Texas Energy Company f/k/a PG&E Texas Energy Company; (viii) El Paso Reata Energy, L.P. f/k/a PG&E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (ix) EPGT Trading Holdings Company f/k/a PG&E Energy Trading Holdings Corporation f/k/a Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (x) El Paso River City Energy, L.P. f/k/a PG&E Rivercity Energy, L.P. f/k/a Rivercity Gas, L.P.; (xi) EPGT Texas VGM, L.P. f/k/a PG&E Texas VGM, L.P. f/k/a Valero Gas Marketing, L.P.; (xii) El Paso Industrial Energy, L. P. f/k/a PG&E Texas Industrial Energy, L.P. f/k/a Valero Industrial Gas, L.P. Gas Marketing Company.

Street, Suite 700, Austin, Texas 78701, beginning at 1:30 p.m., on the 14th day of May,

2001.   In addition to being stenographically recorded, said deposition will also be

videotaped, and will continue from day to day until completed or adjourned.

Respectfully submitted,


Luther H. Soules III
State Bar No. 18858000
Paul D. Andrews
State Bar No. 01248600
SOULES & WALLACE, P.C.
100 W. Houston St., Suite 1500
San Antonio, TX  78205-1457
Telephone:  (210) 224-9144
Facsimile:   (210) 224-7073


Eduardo Roberto Rodriguez
State Bar No. 17144000
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX  78522
Telephone:  (956) 542-7441
Facsimile:   (956) 541-2170

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Amended Notice of Intention to Take Oral Deposition of Nonparty Witness Mark Montgomery was sent by facsimile transmission to the following counsel:

Mr. Ramon Garcia                              **Via facsimile:**      **956-381-0825**
Law Office of Ramon Garcia, P.C.
225 West University Drive
Edinburg, Texas 78539

Mr. Adam Poncio                               **Via facsimile:**      **956- 387-0775**
Cerda, Garriga & Poncio,
107 N. 10th Street
Edinburg, Texas 78539

on this 8th day of May, 2001.

_____
Paul D. Andrews

U:\data\9213\3\00162249.WPD

LAW OFFICES

# SOULES & WALLACE

ATTORNEYS-AT-LAW

A PROFESSIONAL CORPORATION

FROST BANK TOWER

100 W. HOUSTON STREET, SUITE 1500

SAN ANTONIO, TEXAS 78205-1457

(210) 224-9144

TELEFAX: (210) 224-7073

WRITER'S DIRECT DIAL NUMBER:

(210) 299-5474

Writer's e-mail address: pandrews@soulesandwallace.com

PAUL D. ANDREWS †
KEITH M. BAKER
PATRICIA ANN BATH *
RICHARD M. BUTLER †
WAYNE I. FAGAN
JERRY J. FULTON
PHIL STEVEN KOSUB ▲
B. MILLS LATHAM #
ELIZABETH J. LINDELL
JAMES E. MONTGOMERY
SARA MURRAY
SUSAN S. PATTERSON

ROBINSON C. RAMSEY §*
MARC J. SCHNALL ◊◊
LUTHER H. SOULES III †‡§
BRUCE E. SPINDLER
THOMAS H. VEITCH *
JAMES P. WALLACE ‡

OF COUNSEL:
LUIS R. GARCIA
(1919-1996)
ROBERT L. ESCHENBURG II

May 8, 2001

Ms. Aurora de La Garza                          **Via certified mail**
District Clerk, Cameron County                  **Return receipt no. #7000 1670 0013 3442 0440**
974 E. Harrison
Brownsville, Texas 78520

Re:    Cause No. 2000-08-3596-A; City of San Benito v. PG&E Gas Transmission, Texas
       Corp., et al.; In the 107th  Judicial District Court; Cameron County, Texas

Dear Ms. De La Garza:

Enclosed for filing is an original and one copy of Defendant's Amended Notice of Intention to Take Oral and Videotape Deposition of Nonparty Witness Mark Montgomery.

Please file the original with the Court and return a file-stamped copy to me in the self-addressed stamped envelope provided.

By copy of this letter, all counsel of record have been sent a copy of the enclosed document.

Thank you for your assistance in this matter.  If you have any questions concerning this filing request, please advise.

Sincerely,

Paul D. Andrews

PDA/rb
Enclosure

AUSTIN, TEXAS OFFICE.
925-B CAPITAL OF TEXAS HIGHWAY, SUITE 245
AUSTIN, TEXAS 78746
(512) 328-5511    TELEFAX (512) 327-4105

CORRESPONDENT OFFICE  LONDON, ENGLAND

† NATIONAL BOARD OF TRIAL ADVOCACY
  TEXAS BOARD OF LEGAL SPECIALIZATION
▲ BOARD CERTIFIED ADMINISTRATIVE LAW
‡ BOARD CERTIFIED CIVIL APPELLATE LAW
† BOARD CERTIFIED CIVIL TRIAL LAW
◊ BOARD CERTIFIED COMMERCIAL
  REAL ESTATE LAW

* BOARD CERTIFIED RESIDENTIAL
  REAL ESTATE LAW
* BOARD CERTIFIED ESTATE PLANNING AND
  PROBATE LAW
° BOARD CERTIFIED FAMILY LAW
ø BOARD CERTIFIED PERSONAL INJURY
  TRIAL LAW

Aurora De La Garza
Cameron County District Clerk
May 8, 2001
Page 2

cc w/encl.:     Ramon Garcia          Via facsimile:     956-381-0825
                Adam Poncio           Via facsimile:     956- 387-0775



# City of San Benito, Texas

## City Secretary's Office

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

MAY 17 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## *CERTIFICATE OF CITY SECRETARY*

THE STATE OF TEXAS            §

COUNTY OF CAMERON            §

CITY OF SAN BENITO            §

I, Lupita Passement, the duly appointed, qualified City Secretary of the City of San Benito, Texas, hereby certify that the foregoing constitutes a true and correct copy of Ordinance No. 478 duly passed by the City Commission at the meeting held on June 25, 1941, at San Benito, Texas.

To certify which, witness my hand and seal of the City of San Benito, TEXAS, this 4th day of May 2001 at San Benito, Texas.

City of San Benito

Lupita Passement, City Secretary

Seal

485 N. Sam Houston St. • P.O. Box 1870 • San Benito, Texas 78586 • (210) 361-3828 • FAX (210) 361-3805

## ORDINANCE NO. 478

AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES
FOR THE PRIVILEGE OF USING, WITH THEIR NATURAL GAS AND AUXILIARY LINES,
APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN
THE CORPORATE LIMITS OF THE CITY OF SAN BENITO, TEXAS; PROVIDING THAT
SUCH UTILITIES SHALL MAKE SEMI-ANNUAL REPORTS; PROVIDING PENALTIES FOR
THE VIOLATION HEREOF; REPEALING ALL LAWS IN CONFLICT HEREWITH; AND
DECLARING AN EMERGENCY.

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF SAN BENITO, TEXAS.

### Section 1.

That all persons and corporations using and maintaining any main and auxili-
ary lines, appurtenances and fixtures for the sale and distribution of natural
gas in any of the streets, alleys, parks and other public places within the cor-
porate limits of the City of San Benito, Texas, shall within thirty (30) days
after the 30th. day of September and the 31st. day of March of each year file
with the City Secretary a report sworn to by the auditor of such person or
corporation showing the gross receipts derived from the sale by gas utilities of
natural gas sold for heat, power or other purposes from consumer of such natural
gas located within and using such natural gas within the corporate limits of the
City of San Benito, Texas, for the six (6) months preceeding each of said dates.

### Section II.

That upon the 1st. day of November and the 1st. day of May of each year
hereafter, every person or corporation using the streets, highways, alleys,
parks or other public places within the City of San Benito, Texas, with main
and/or auxiliary lines, fixtures and appurtenances for the sale  and distri-
bution of natural gas to consumers, shall pay to the City of San Benito, Texas,
a rental equal to two percent (2%) of the gross receipts received by such
person or corporation from its sale of natural gas for heat, power and/or
other purposes derived from consumers of such natural gas located within and
using within the corporate limits of the City of San Benito, Texas, for the
six (6) months preceeding September 30th. and March 31st. of each year, which
sum shall be paid to the Tax Collector of the City of San Benito, Texas, who
shall thereupon deliver to the person or corporation paying the same a receipt
for the amount so paid as rental.

### Section III.

Any special taxes, rentals, contributions or charges accruing before the

ways and places, and the fact that the general fund of said City in is need of immediate replenishment, creates an emergency, and the rule requiring the reading of all ordinances on two several meetings, is hereby suspended and this ordinance shall take effect immediately upon its passage, approval and publication as provided by the Charter of the City of San Benito, Texas.

Passed and approved this 25th. day of June, A. D. 1941.

Attest:

City Secretary.

Mayor

LAW OFFICE
OF

*Ramon Garcia*

A PROFESSIONAL CORPORATION
222 WEST UNIVERSITY
EDINBURG, TEXAS 78539

MON GARCIA
.IPE GARCIA, JR.
CATHERINE W. SMITH
SONIA LOPEZ
OSCAR H. LOPEZ
ERIC S. JARVIS
MICHELE GONZALES

TELEPHONE
(956) 383-7441
FAX
(956) 381-0825

May 10, 2001

Ms. Aurora de la Garza
CAMERON COUNTY COURTHOUSE
Cameron County District Clerk
924 E. Harrison
Harlingen, Texas  78539
***VIA: FIRST CLASS MAIL***

    ***Re:***    ***Cause No. C-2000-08-3596-A; City of San Benito vs. PG&E Gas Transmission, A Texas Corporation, et al.***

Dear Ms. de la Garza:

    Enclosed, for all filing purposes, please find an original and courtesy copies of the following document related to the above referenced matter:

    **1.**     **CERTIFICATE OF CITY SECRETARY.**

    **2.**     **ORDINANCE NO. 478.**

    Please stamp file one copy of this document and return it to our attention via the enclosed self-addressed stamped envelope.  By copy of this letter, the court is informed that all counsel of record will receive copy of same.

    Should you have any questions or need further assistance with this matter, please contact our office at your convenience.   Thank you for your usual courtesies.

    Sincerely,

    **LAW OFFICES OF RAMON GARCIA, P.C.**

By:

    Beulah Rivera
    Secretary for the San Benito Lawsuit

/br
Enclosures

MARK MONTGOMERY - 5/ ... FILED

FILED _____ O'CLOCK ___ M ___
AURORA DE LA GARZA DIST. CLERK

JUN 18 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

1                          NO. 2000-08-3596-A

2   CITY OF SAN BENITO,        )    IN THE DISTRICT COURT OF
            PLAINTIFF,         )
3                             )
    VS.                       )    CAMERON COUNTY, T E X A S
4                             )
    PG&E GAS TRANSMISSION,     )
5   TEXAS CORPORATION, ET AL., )
            DEFENDANTS.        )    107TH JUDICIAL DISTRICT
6   ------------------------------------------------------------
                    REPORTER'S CERTIFICATION
7       ORAL/VIDEOTAPED DEPOSITION OF MARK MONTGOMERY
                    TAKEN ON MAY 14, 2001
8   ------------------------------------------------------------

9       I, TINA M. MONTEMAYOR, Certified Shorthand Reporter in and
10  for the State of Texas, hereby certify to the following:

        That the witness, **MARK MONTGOMERY**, was duly sworn by the
11  officer and that the transcript of the oral deposition is a true
    record of the testimony given by the witness;
12
        That the deposition transcript was submitted on *May 16*,
13  2001, to the witness for examination, signature and return to me
    *Compex* by *June 6*, 2001;
14
        That the amount of time used by each party at the deposition
15  is as follows:

16      MR. ADAM PONCIO - 12 minutes;
        MR. PAUL D. ANDREWS - 40 minutes;
17
        That pursuant to information given to the deposition officer
18  at the time said testimony was taken, the following includes all
    parties of record:
19
        MR. ADAM PONCIO, Attorney for Plaintiff;
20      MR. PAUL D. ANDREWS, Attorney for Defendant;
        MS. CHRISTINA CARLSON DODDS, Attorney for Mark Montgomery.
21
        I further certify that I am neither counsel for, related to
22  and not employed by any of the parties in the action in which
    this proceeding was taken; and, further, that I am not
23  financially or otherwise interested in the outcome of this
    action.
24
        Further certification requirements pursuant to Rule 203 of
25  TRCP will be certified to after they have occurred.

1    Sworn to by me, this _31st_ day of _May_ _____, 2001.

2

3    _Tina M. Montemayor_
     TINA M. MONTEMAYOR, Texas CSR 3487
4    Expiration Date: 12/31/2002
     3300 Nacogdoches, Suite 220
5    San Antonio, Texas 78217

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MARK MONTGOMERY - 5/~~/~~

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JUN 18 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

1                            NO. 2000-08-3596-A

2    CITY OF SAN BENITO,          )    IN THE DISTRICT COURT OF
                  PLAINTIFF,      )
3                                  )
     VS.                          )    CAMERON COUNTY, T E X A S
4                                  )
     PG&E GAS TRANSMISSION,        )
5    TEXAS CORPORATION, ET AL.,    )
                  DEFENDANTS.      )    107TH JUDICIAL DISTRICT
6    -----------------------------------------------------------------
                    FURTHER CERTIFICATION UNDER RULE 203 TRCP
7    -----------------------------------------------------------------

8        The original deposition was/was not returned to the
     deposition officer;
9
         If returned, the attached Changes and Signature page
10   contains any changes and the reasons therefor;

11       If returned, the original deposition was delivered to
     MR. PAUL D. ANDREWS, Custodial Attorney;
12
         That $ 308.12  is the deposition officer's charges to
13   MR. PAUL D. ANDREWS for preparing the original deposition
     transcript and any copies of exhibits;
14
         That the deposition was delivered in accordance with Rule
15   203.3 and that a copy of this certificate was served on all
     parties shown herein on and filed with the Clerk.
16
         Certified to by me this day of _May 31_____,
17   2001.

18

19                    _____
                      TINA M. MONTEMAYOR, Texas CSR 3487
20                    EXPIRATION DATE: 12/31/2002
                      3300 Nacogdoches, Suite 220
21                    San Antonio, Texas 78217
                      (210) 646-6424
22

23

24

25

1                    CHANGES AND SIGNATURE

2          PAGE/LINE  **  READS  **  SHOULD READ  **  REASON

3    _____

4    _____

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   _____

21   _____

22   _____

23   _____

24        I, **MARK MONTGOMERY,** have read the foregoing deposition and

25   hereby affix my signature that same is true and correct, except

1    as noted above.

2                                    _____
3                                    MARK MONTGOMERY

4

5    STATE   OF   TEXAS       *

6    COUNTY OF  *CAMERON*      *

7

8        Before me *a notary public,* on this day personally appeared

9    *Mark Montgomery* , known to me (or proved to me under oath

10   or through _____ ) (description of identity card or other

11   document) to be the person whose name is subscribed to the

12   foregoing instrument and acknowledged to me that they executed

13   the same for the purposes and consideration therein expressed.

14       Given under my hand and seal of office this *23rd* day

15   of *May* , 2001.

16

17

18                                    _____
                                      Notary Public, State of Texas
19

20

21   My Commission Expires: *4-14-04*

22

23

24

25

MARY ZEPEDA
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
04-14-2004

*INFORMATION SHEET FOR*
*CERTIFICATES OF DEPOSITION*

- - - - - - - - - - - -

**DELIVER TO:**

Aurora de la Garza
Cameron County
District Clerk
Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

**ATTENTION: CIVIL INTAKE**

FROM:      COMPEX REPORTING SERVICES
              3300 NACOGDOCHES, SUITE 220
              SAN ANTONIO, TEXAS 78217

TELEPHONE: (210) 646-6424

CAUSE NUMBER:    2000-08-3596-A

STYLE OF CASE:    City of San Benito vs. PG&E Gas Transmission, et al

TYPE OF DEPOSITION TAKEN:    (CHECK ONE)

__X___ORAL

_____NON-APPEARANCE

_____WRITTEN

DEPOSITION OF:    Mark Montgomery

DATE TAKEN:    May 14, 2001

PAYING ATTORNEY:    Paul Andrews

ATTORNEY FOR:    PLAINTIFF_____    DEFENDANT__X_____

TEXAS STATE BAR NUMBER OF PAYING ATTORNEY:    01248600

AMOUNT:    $308.12    (This is not a bill.)

JOB NUMBER:    28964

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

OCT 1 6 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## CAUSE NO. C-2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, A | § | |
| TEXAS CORPORATION, et al. | § | 107TH JUDICIAL DISTRICT |

### CERTIFICATE OF WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

On October 12, 2001, and pursuant to the Texas Rules of Civil Procedure, Plaintiff,

served upon the Defendants, the following discovery requests:

1.    Plaintiff's Subpoena And Request For Production To Central Power & Light Company.

Respectfully submitted,

**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**
**924 McCullough Avenue**
**San Antonio, Texas 78215-1642**
**(210) 212-7979 Telephone**
**(210) 212-5880 Facsimile**

BY : _____

**ADAM PONCIO**
**State Bar No. 16109800**
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that on the 12th day of October, 2001, a true and correct copy of the foregoing Certificate of Written Discovery was served by facsimile and first class mail addressed to the following persons:

**BY FACSIMILE (956) 968-6089 & FIRST CLASS MAIL**
Mr. Robert Galligan
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike Blvd., Suite 300
Weslaco, Texas 78596

**BY FACSIMILE 224-7073 & FIRST CLASS MAIL**
Mr. Paul Andrews
SOULES & WALLACE, P.C.
100 West Houston Street
Suite 1500, Frost Bank Tower
San Antonio, Texas 78205

ADAM PONCIO



**LAW OFFICES**

# CERDA
## C&P
# PONCIO
*A PROFESSIONAL CORPORATION*

**VICTOR I. CERDA**
ATTORNEY-AT-LAW

**ADAM PONCIO**
ATTORNEY-AT-LAW
**Board Certified Civil Appellate Law**
Texas Board of Legal Specialization

**SAN ANTONIO OFFICE**
924 McCullough — San Antonio, Texas 78215-1642
Tel: (210) 212-7979 — Fax: (210) 212-5880

**EDINBURG OFFICE**
107 North 10th — Edinburg, Texas 78539
Tel: (956) 387-0770 — Fax: (956) 387-0775

October 12, 2001

**BY FIRST CLASS MAIL**
Ms. Aurora de la Garza
Cameron County District Clerk
974 E. Harrison St.
Brownsville, Texas 78520

      RE:    *Cause No. C-2000-08-3596-A, City of San Benito vs. PG&E Transmission, A Texas Corporation, et. al., In the District Court, Cameron County, Texas 107th Judicial District*

Dear Ms. De La Garza:

      Enclosed for filing, please find Plaintiff's Certificate of Written Discovery. Please file mark and return the extra copy in the enclosed self-addressed stamped envelope, which has been provided for your convenience.

      If you have any questions concerning this matter, please do not hesitate to contact our office at (210) 212-7979.

      Sincerely,

      **LAW OFFICES OF CERDA & PONCIO**
      **A Professional Corporation**

      **ADAM PONCIO**

AP/cp

cc:    Robert L. Galligan
cc:    Paul Andrews

# JONES, GALLIGAN, KEY & LOZANO, L.L.P.

### Attorneys at Law

Forrest L. Jones
Robert L. Galligan
Terry D. Key
Anita G. Lozano
Julie Crockett Graham
Mark W. Farris
Matthew L. Jones
Lance A. Kirby
Rebecca Gay Jones
Paul M. Guinn
Rudy Salinas, Jr.
Ivan F. Pérez

TOWN CENTER TOWER
2300 W. Pike Blvd., Suite 300, Weslaco, Texas 78596
P. O. Drawer 1247, Weslaco, Texas 78599-1247

Telephone:     (956) 968-5402
General Fax:   (956) 968-6089
Litigation Fax: (956) 969-9402
Writer's E-mail:     bgalligan@jgkl.com
File No.     17990

November 2, 2001

Aurora de la Garza
Cameron County District Clerk
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Re:     Cause No.: C-2000-08-3596-A
        *City of San Benito v. PG&E Gas Transmission, et als.*
        In the 107th Judicial District Court of Cameron County, Texas

Dear Mrs. Gonzalez:

Enclosed herewith, please find a Rule 11 Agreement, with copies, in connection with the above-referenced matter. Please file the enclosed with the other papers in this cause, stamp "file" the copies and return the same to me in the enclosed self-addressed and stamped envelope, which has been provided for your convenience.

By copy of this letter, all counsel of record are being provided with a copy of the same.

If you have any questions regarding this matter, please do not hesitate to contact us.

Very truly yours,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.

By: _____
    ROBERT L. GALLIGAN

Ja
Enclosures:  As Stated.
xc/wencls:   Adam Poncio, Esquire

JONES, GALLIGAN, KEY & LOZANO, L.L.P.
Attorneys at Law
TOWN CENTER TOWER
2300 W. Pike Blvd., Suite 300, Weslaco, Texas 78596
P. O. Drawer 1247, Weslaco, Texas 78599-1247

Forrest L. Jones
Robert L. Galligan
Terry D. Key
Anita G. Lozano
Julie Crockett Graham
Mark W. Farris
Matthew L. Jonas
Lance A. Kirby
Rebecca Gay Jones
Paul M. Guinn
Rudy Salinas, Jr.
Ivan F. Pérez

Telephone   (956) 968-5402
General Fax:  (956) 968-6089
Litigation Fax: (956) 969-9402
Writer's E-mail: bgalligan@jgkl.com
File No.        17990

FILED
AURORA DE LA GARZA DIST. CLERK
NOV 06 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS

November 1, 2001

Adam Poncio, Esquire
LAW OFFICES OF CERDA & PONCIO
924 McCullough Avenue
San Antonio, Texas 78215-1642

**VIA FACSIMILE**
**(210) 212-5880**

Re:   Cause No.: C-2000-08-3596-A
      *City of San Benito*
      *v. PG&E Gas Transmission, a Texas Corporation, et al.*
      In the 107th District Court of Cameron County, Texas

Dear Adam:

      Pursuant to our telephone conversation of this morning, this letter confirms our agreement regarding granting Central Power and Light Company an extension of time in which to file its responses to Plaintiff's Subpoena and Request for Production in connection with the above-referenced matter.

      Currently, the responses are due on November 14, 2001. With this extension of time, our responses will now be due on December 14, 2001.

      This letter is written to comply with Rule 11 of the Texas Rules of Civil Procedure which states that all agreements between attorneys or parties regarding any pending suit must be in writing, signed, and filed with the papers as part of the record in order to be enforced. Please sign the bottom of this correspondence and return a copy to me by fax at your earliest opportunity, in order to note your acceptance of this agreement and so that I may file a copy with the Court.

      Very truly yours,

      JONES, GALLIGAN, KEY & LOZANO, L.L.P.

      By:  _____
           ROBERT L. GALLIGAN

Adam Poncio, Esquire
Re:    City of San Benito v. PG & E Gas Transmission
November 1, 2001
Page 2

**AGREED TO:**

By: _____
    Adam Poncio, Esquire
    Attorney for Plaintiff
    City of San Benito

AURORA DE LA GARZA DIST. CLERK

FILED at ____ o'clock ____ M

JAN 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
____ DEPUTY

3596 ?

CAUSE NO. 96-12-7404-A

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | IN THE DISTRICT COURT OF |
| CITY OF PRIMERA AND | § | |
| CITY OF PORT ISABEL, | § | |
| | § | |
| vs | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, TEXAS, | § | 107TH JUDICIAL DISTRICT |
| CORP. ET. AL. | § | |

**PLAINTIFF'S FIFTH AMENDED PETITION, PETITION FOR**
**DECLARATORY JUDGEMENT, REQUEST FOR INJUNCTIVE RELIEF**
**and REQUEST FOR JURY TRIAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, the CITY OF SAN BENITO (hereinafter referred to as "Plaintiff"),

demanding a trial by jury and complaining of the conduct of Defendants PG&E GAS

TRANSMISSION, TEXAS CORP. f/k/a VALERO ENERGY CORP.; PG&E TEXAS FIELD

SERVICES CO. f/k/a VALERO FIELD SERVICES CO.; PG&E TEXAS GAS STORAGE CO.

f/k/a VALERO GAS STORAGE CO.; PG&E HYDROCARBONS CO., f/k/a VALERO

HYDROCARBONS CO.; PG&E HYDROCARBONS, L.P., f/k/a VALERO HYDROCARBONS,

L.P.; PG&E NGL MARKETING, L.P., f/k/a VALERO MARKETING, L.P.; PG&E TEXAS HUB

SERVICES CO., f/k/a VALERO STORAGE & TRANSFER CO.; PG&E TEXAS

MANAGEMENT CO. f/k/a VALERO MANAGEMENT CO.; PG&E TEXAS NATURAL GAS

CO. f/k/a VALERO NATURAL GAS CO.; PG&E TEXAS GAS PARTNERS, L.P. f/k/a VALERO

NATURAL GAS PARTNERS, L.P.; PG&E TEXAS MANAGEMENT PARTNERSHIP, L.P., f/k/a

VALERO MANAGEMENT PARTNERSHIP, L.P.; PG&E- TEX, L.P. f/k/a VALEROTEX, L.P.;

PG&E TEXAS PIPELINE CO., f/k/a VALERO TRANSMISSION CO.; PG&E TEXAS PIPELINE,

L.P. f/k/a VALERO TRANSMISSION, L.P.; PG&E TEXAS LDC, L.P. f/k/a VLDC, L.P.;

VALERO GAS MARKETING CO. f/k/a REATA INDUSTRIAL GAS CO.; PG&E REATA

ENERGY, L.P. f/k/a REATA INDUSTRIAL GAS, L.P.; PG&E RIVERCITY ENERGY, L.P. f/k/a RIVERCITY GAS, L.P.; VALERO GAS MARKETING, L.P.; PG&E TEXAS INDUSTRIAL ENERGY, L.P. f/k/a VALERO INDUSTRIAL GAS, L.P.; VALERO-TECO WEST TEXAS PIPELINE CO.; VT COMPANY f/k/a LO VACA GATHERING CO.; PG&E GAS TRANSMISSION TECO, INC. f'k/a PG&E GAS TRANSMISSION, TEXAS CORP., and TECO PIPELINE CO.; TECO GAS GATHERING CO.; TECO INDUSTRIAL GAS CO.; TECO GAS MARKETING CO.; TECO GAS PROCESSING CO.; TECO GAS SERVICES CO; PG&E ENERGY TRADING CORP ., and PG&E TEXAS ENERGY COMPANY (collectively "PG&E Defendants").  Plaintiff further complains of the conduct of Defendants TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., CONOCO. INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., DUKE ENERGY TRADING AND MARKETING, L.L.C, PANENERGY TRADING & MARKETING, L.L.C., DETANI MANAGEMENT, INC., MOBIL NATURAL GAS, INC., AMOCO ENERGY TRADING CORP., BP ENERGY COMPANY, CORAL ENERGY RESERVES, L.P., CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., ADONIS ENERGY CORP., J.C. ENERGY RESOURCES, INC., ANADARKO ENERGY SERVICES CO., ENGAGE ENERGY U.S., L.P., ONEOK GAS MARKETING CO., ONEOK EXPLORATION CO., ONEOK POWER MARKETING CO., ICC ENERGY CORP., TENASKA MARKETING VENTURES, AQUIL:A SOUTHWEST MARKETING, ACQUILA ENERGY MARKETING CORP., AQUILA LIQUIDS MARKETING, INC., HOUSTON PIPELINE CO., CROSSTEX ENERGY SERVICES, LTD.ADAMS RESOURCES MARKETING, LTD., ADAMS RESOURCES & ENERGY, INC., KOCH ENERGY TRADING, INC., KOCH GAS SERVICES COMPANY, NATURAL ENERGY & TRADING,

L.L.C., ENGAGE ENERGY TRADING, INC., PRODUCERS ENERGY MARKETING, L.L.C., NORAM ENERGY SERVICES, INC., RELIANT ENERGY RETAIL, INC., ONYX PIPELINE CO., HPL RESOURCES CO., KN MARKETING, L.P., NATURAL GAS CLEARINGHOUSE, INC., UNION PACIFIC FUELS, INC., DELHI GAS PIPELINE CORP., CHANNEL GAS MARKETING CO., PANENERGY TRADING & MARKETING SERVICES, L.L.C., DUKE EENERGY TRADING & MARKETING, L.L.C., and COASTAL GAS MARKETING CO. (hereinafter referred to as "the Remaining Defendants"), and would respectfully show this Court the following:

## I. PARTIES

1.1    Plaintiff CITY OF SAN BENITO is a Texas municipal corporation, chartered as a home-rule city, located in and governing portions of Cameron County, Texas.

1.2    THE Collective PG&E Defendants have appeared and have answered herein.

1.3    The "Remaining Defendants" are Defendants doing business in San Benito, Cameron County, Texas.  Service is not requested at this time.

## II. JURISDICTION AND VENUE

2.1    Plaintiff's action against the Defendants is maintainable in Cameron County, Texas, in that one or more of these Defendants do, or have at all material times done, business in Cameron County, Texas.

2.2    Moreover, Plaintiff's causes of action, more particularly described below, arise from and are connected with Defendants' business activities in Cameron County, Texas.

2.3    Specifically, Plaintiff's causes of action against Defendants involve torts and contractual and/or quasi-contractual acts  committed by Defendants within Cameron County, Texas.

2.4    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that all or substantial portions of the events or omissions giving rise to Plaintiff's causes of action, as more specifically described herein, occurred or arose in Cameron County, Texas.

2.5    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that venue in Cameron County, Texas, is proper as to one or more of the Defendants and to one or more of the causes of action asserted herein. Therefore, the court has venue of the remaining Defendants, as the claims or actions arise out of the same transactions, occurrences, or series of transactions or occurrences.

### III. FACTUAL BACKGROUND

3.1    The Defendants described above are affiliated entities which engage in numerous types of business transactions and activities involving natural gas, including but not limited to buying, selling, marketing, trading, exchanging, transporting, delivering, gathering, processing, and storing natural gas, natural gas liquids in gaseous or liquid state, or the natural or synthetic equivalent thereof (hereafter "gas").

3.2    The Defendants, acting singularly and/or in concert, are currently or have in the past engaged in one or more of the gas operations and activities described herein without the consent, permission, franchise, or authorization of the City and/or in contravention of existing state constitutional and statutory provisions and the local ordinances and other official acts of the governing bodies of the Plaintiff City.

3.3    Upon information and belief, the Defendants, collectively or singularly, currently use or have in the past used the streets, alleys, rights-of-way, or other public property owned or controlled by Plaintiff City to conduct all or some of the following activities within the incorporated city limits of the City:

(a) acquire, construct, maintain, own, use, and/or operate, in whole or in part, gas pipelines, including without limitation transmission, distribution, or gathering pipelines and appurtenant facilities, meters, city gates, plant gates, plant tailgates, outlet meters, accounting meters, and/or other pipeline related facilities; (b) transport, deliver, or causes to be transported or delivered its/their own gas and/or gas liquids, of gas and/or gas liquids owned by any other person or entity whether affiliated or not affiliated with the Defendants; (c) market, trade, exchange and/or sell gas directly to commercial, residential, or industrial gas consumers;  (d) market, trade, exchange fluid/or sell gas to electric utilities or other entities using gas for power generation;  (e) market, trade, exchange and/or sell for resale gas to local distribution companies, gas marketers, transmission pipelines, gas gathering pipelines and/or gas re-sellers; (f) process gas;  (g) deliver gas into and/or redeliver gas from any gas processing plant; (h) store gas; (i) gather gas; and/or (j) purchase or receive for transportation gas from any producing oil and/or gas well or from any gas gathering pipeline and/or from any other source.

3.4     Upon information and belief, none of the Defendants does now pay nor has in the past paid to the City any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for such City's consent or authorization to conduct the above-described activities within said city's incorporated limits and/or Defendants have failed to comply with existing city statutes and/or ordinances.4.4     Upon information and belief, none of the Defendants does now pay nor has in the past paid to Plaintiff San Benito any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for Plaintiff Sam Benito's consent or for use of city rights of way and/or authorization to conduct the above-described activities within Plaintiff San Benito's incorporated limits.

3.5    On June 25, 1941, the City of San Benito passed Ordinance No. 478, entitled "AN

ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE

PRIVILEGES OF USING, WITH THEIR NATURAL GAS AND AUXILIARY LINES,

APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS,

WITHIN THE CORONATE LIMITS OF THE CITY OF SAN BENITO, TEXAS, PROVIDING

THAT SUCH UTILITIES SHALL HAVE SEMI-ANNUAL IMPORTS; PROVIDING PENALTIES

FOR THE VIOLATION HEREOF; REPEALING ALL LAWS IN CONFLICT HEREWITH; AND

DECLARING AN EMERGENCY."  The Ordinance has not been repealed, withdrawn and/or

superceded.  The Ordinance provides in relevant part:

> That all persons and corporations using and maintaining any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas, shall within thirty (30) days after the 30th day of September and the 31st day of March of each year file with the City Secretary a report sworn to by the auditor of such person or corporation showing the gross receipts derived from the sale by gas utilities of natural gas sold for heat, power or other purposes from consumer of such natural gas located within and using such natural gas within the corporate limits or the City of San Benito, Texas, for the six (6) months proceeding each of said dates."

> * * *

> That upon the 1st day of November and the 1st day of May for each year, hereafter, every person or corporation using the streets, highways, alleys, parks or other public places within the City of San Benito, Texas, with main and/or auxiliary lines, fixtures and appurtenances for the sale and distribution of natural gas to consumers, shall pay to the City of San Benito, Texas a rental equal to two percent (2%) for the gross receipts received by such other person or corporation from its sale for heat, power and/or other purposes derived from consumers of such natural gas located within and using within the corporate limits of the City of San Benito, Texas, for the six (6) months proceeding September 30th, and March 31st, of each year, which sum shall be paid to the Tax Collector of the

> City of San Benito, Texas, who shall thereupon deliver to the person
> or corporation paying the same a receipt for the amount so paid as
> rental."

See Ordinance No. 478.

3.6    The causes of action set forth below are based on these activities having occurred without any required payment and/or such consent, authorization, or franchises; and by this pleading, Plaintiff San Benito seeks compensation for all such past and future activities within its incorporated limits and all other legal and equitable relief and damages which Plaintiff San Benito is entitled to recover.

## IV.  CAUSES OF ACTION

### Breach of Contract and/or Failure to Abide By Street Rental Ordinance

4.1    Defendants have wholly and/or partially failed to comply with the street rental ordinance duly enacted by San Benito.  The Texas Supreme Court has upheld and sustained the right of cities to fix a rental charge for the use of its streets and other public places by gas companies and other utilities which carry on a local business. See Fleming v. Houston Lighting & Power Co., 138 S.W.2d 520 (Tex. 1940).  Moreover, Plaintiff San Benito had in place a prior franchise agreement under which Defendants may be obligated to make payments, and with which they have failed to comply.  As a result, Plaintiff San Benito has suffered damages.

### Removal of Purpresture

4.2    The preceding factual statements and allegations are incorporated by reference herein.

4.3    Defendants' conduct constitutes a purpresture upon public property and public rights-of-way, for which Plaintiff is entitled to injunctive relief.

### Unjust Enrichment/Quantum Meruit

4.4    The preceding factual statements and allegations are incorporated by reference herein.

4.5    Defendants have been unjustly enriched by their conduct, in that valuable services and/or materials were furnished to--and accepted, used, and enjoyed by Defendants under such circumstances as reasonably notified Defendants that Plaintiff expected to be paid for such services and/or materials.

Plaintiff is entitled to recover from Defendants under the equitable theory of quantum meruit.

### Trespass

4.6    The preceding factual statements and allegations are incorporated by reference herein.

4.7    Defendants' conduct constitutes a trespass on municipal property .

### Declaratory Relief

4.8    The preceding factual statements and allegations are incorporated by reference herein.

4.9    Pursuant to Section 37.001, et. seq. of the Texas Civil Practice & Remedies Code, Plaintiff are entitled to judgment from this Court declaring the rights, status, and legal relationship between and among Plaintiff and the Defendants with respect to the Defendants' withholding of proper compensation due and owing to the Plaintiff; and judgment declaring that Plaintiff is entitled to compensation for Defendants' unauthorized and ultra vires acts and trespasses that were not authorized; and judgment declaring that Plaintiff is entitled to compensation under the applicable city ordinances and/or statutes  for Defendants' acts, omissions and trespasses.

4.10    Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in obtaining declaratory judgment relief pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

### Negligence/Negligence Per Se

4.11    The preceding factual statements and allegations are incorporated by reference herein.

4.12    Defendants' conduct constitutes negligence, in that Defendants breached their duty to Plaintiff to act with reasonable care, and said breach proximately caused Plaintiff harm.

4.13    Defendants' conduct constitutes negligence per se, in that Defendants violated one or more local ordinances, state statutes, and/or state constitutional provisions --which establish statutory standards of conduct of a reasonably prudent person--and said violations proximately caused Plaintiff's damage.

### Joint Enterprise/Joint Business Enterprise/Joint Venture

4.14    The preceding factual statements and allegations are incorporated by reference herein.

4.15    Defendants acted as a joint enterprise, joint business enterprise, and/or joint venture, in that Defendants have or had an agreement to achieve a common purpose in which they had a common pecuniary interest, and regarding which they had an equal right of control.  Defendants are jointly and severally liable to Plaintiff.

### Alter Ego/Single Business Enterprise

4.16    The preceding factual statements and allegations are incorporated by reference herein.

4.17    Defendants are alter egos of one another, in that they are organized and operated as mere tools or business conduits of one another, or in that there is such unity between and among Defendants that the separateness of the corporations has ceased, and holding only one corporation liable would result in injustice. Alternatively, Defendants are engaged in a single business enterprise. Defendants are jointly and several liable to Plaintiff.

### Audit/ Accounting

4.18    The preceding factual statements and allegations are incorporated by reference herein.

4.19    Plaintiff is entitled to an audit and accounting of Defendants' business activities within Plaintiff's corporate limits.

## Exemplary Damages

4.20    The preceding factual statements and allegations are incorporated by reference herein.

4.21    Plaintiff seeks to recover exemplary damages based on the fraudulent, malicious, and intentional conduct of the Defendants and Defendants' knowing disregard for the rights of Plaintiff in an amount to be determined by the trier of fact.

## Injunctive Relief

4.22    The preceding factual statements and allegations are incorporated by reference herein.

4.23    Plaintiff has a vested legal right to audit the requested books and records of the Defendants as described herein. Plaintiff's right to audit these books and records is in imminent danger of harm and/or damage. If Defendants destroy, alter, or remove these records from their presently unknown location, Plaintiff's right to audit them will be irreparably harmed, and there will be no adequate remedy at law for Plaintiff. If these records are removed, altered, or destroyed, it will be impossible to accurately measure, in monetary terms, the damages caused by Defendants' conduct, and there exists the probability that Defendants would not be able to adequately compensate the Plaintiffs. Alternatively, Plaintiff has the right to have any and all pipelines and/or facilities of Plaintiff removed from within City rights of way and within City limits.

## Attorneys' Fees

4.24    The preceding factual statements and allegations are incorporated by reference herein.

4.25    Plaintiff has been required to retain the undersigned counsel to institute and prosecute this action and any appeals that may flow from this litigation. Thirty days prior to the trial of this suit, Plaintiff would have presented its claim and demand to Defendants for payment which will not have been paid. Plaintiff is entitled to their reasonable and necessary attorney fees and hereby sue for

same pursuant to Section 38.001, et. seq. and Section 37.009 of the Texas Civil Practice & Remedies Code.

## Request for Jury

4.26    Plaintiff requests a jury trial. The appropriate fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for the following relief:

1.    A declaration that the Plaintiff's representatives be legally entitled to perform an accounting of the books and records of the Defendants pursuant to state statute;

2.    An order for an accounting, giving the Plaintiff's representatives access to Defendants' books and records relating to sales and the collection of revenues for all sales of natural gas through the use of city rights-of-way from January 1, 1942, to the present and specifying a date, time, and location for the accounting.

3.    A temporary injunction be issued, after notice to Defendants and an evidentiary hearing, restraining Defendants, their agents, servants, employees, and attorneys, from: (a) directly or indirectly removing, altering, and/or destroying Defendants' records relating to Defendants' sales of natural gas through the use of the cities' rights-of-way, from January 1, 1985, to the present; (b) interfering with Plaintiffs and their authorized representative's right to audit Defendants' books and records relating to Defendants' collection of revenues for the sale of natural gas through the use of the cities' rights-of-way from January 1, 1985, to the present; (c) denying access of Plaintiffs or their authorized representative to all the books and records as requested by Plaintiffs in whatever form available including original documents, copies, computer information, and/or microfiche; (d) denying access to Plaintiffs or their authorized representative to make photocopies of the information provided as needed;

4.    Pre-judgment interest as provided by law at the highest legal rate;

5.    Judgment in an amount which exceeds the minimal jurisdictional limits of the court for damages on all causes of action, including exemplary damages, asserted above;

6.    Interest on judgment at the highest legal rate until paid;

7.    Declaratory judgment construing the payment obligations and responsibilities of the parties;

8.    That Plaintiff be awarded reasonable attorneys' fees and costs under Texas law;

9.    That Plaintiff be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,

RAMON GARCIA
State Bar No. 07641800
LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539
Telephone:    (956) 383-7441
Facsimile:    (956) 383-

LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough
San Antonio, Texas 78215-1642
Telephone:    (210) 212-7979
Facsimile:    (210) 212-5880

BY: _____
Adam Poncio
State Bar No. 16109800

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by first class mail.

on this _51 st_ day of December, 2001.

_____
Adam Poncio



**LAW OFFICES**

**VICTOR I. CERDA**
ATTORNEY-AT-LAW

**ADAM PONCIO**
ATTORNEY-AT-LAW
**Board Certified Civil Appellate Law**
Texas Board of Legal Specialization

**CERDA & PONCIO**
A PROFESSIONAL CORPORATION

**SAN ANTONIO OFFICE**
924 McCullough —San Antonio, Texas 78215-1642
Tel: (210) 212-7979 —Fax: (210) 212-5880

**EDINBURG OFFICE**
107 North 10th —Edinburg, Texas 78539
Tel: (956) 387-0770 —Fax: (956) 387-0775

December 31, 2001

## BY FACSIMILE (956) 544-0841 & FIRST CLASS MAIL

Ms. Aurora de la Garza
Cameron County District Clerk
974 E. Harrison St.
Brownsville, Texas 78520

      RE:    *Cause No. C-2000-08-3596-A, City of San Benito vs. PG&E Transmission, A Texas Corporation, et. al., In the District Court, Cameron County, Texas 107th Judicial District*

Dear Ms. De La Garza:

      Enclosed for filing, please find Plaintiff's Fifth Amended Petition, Petition For Declaratory Judgement, Request For Injunctive Relief and Request for Jury Trial on the above referenced case.

      If you have any questions concerning this matter, please do not hesitate to contact our office at (210) 212-7979.

              Sincerely,

              **LAW OFFICES OF CERDA & PONCIO**
              **A Professional Corporation**

              **ADAM PONCIO**

AP/cp

CAUSE NO. 2000-08-3596-A

| | |
|---|---|
| CITY OF SAN BENITO |           **& IN THE DISTRICT COURT** |
| **VS.** |           **& CAMERON COUNTY, TEXAS** |
| P G & E GAS TRANSMISSION, ET AL |           **& 107TH JUDICIAL DISTRICT** |

## ORDER TO SUBMIT JUDGMENT

      This cause came on to be heard and a   SETTLEMENT       was granted on the 5TH   day of  DECEMBER  , 2001.  The Clerk of the Court now advises the Court that, a proposed judgment has never been submitted for entry.

      IT IS THEREFORE ORDERED that the Honorable RAMON GARCIA DANIEL BISHOP/LUTHER SOULES III attorney for the Movant party, submit to the Clerk a Judgment in accordance with the pronouncement of the Court herein prior to 8:30 a.m. the  25TH  day of JANUARY      , 2002.

      If such Judgment is not so submitted, IT IS ORDERED  that this case be Dismissed for Failure to Submit Judgment.  Only a showing of good cause will allow this case to have a Judgment submitted after this date.

      The Clerk is ordered to cause notice of this Order to be given such counsel and IT IS ADJUDGED that counsel shall be deemed to have due notice when a copy hereof is deposited in the United States Mail, postage prepaid, addressed to counsel at the address shown on counsel's pleadings in this cause.

      SIGNED FOR ENTRY this the 15TH day of JANUARY, 2002.

JUDGE PRESIDING

COPIES TO:
HON RAMON GARCIA 222 WEST UNIVERSITY DRIVE EDINBURG TEXAS 78539
HON DANIEL BISHOP III 515 CONGRESS AVE SUITE 2500 AUSTIN TEXAS 78701
HON LUTHER H SOULES III 100 W HOUSTON ST STE 1500 SAN ANTONIO TEXAS 78205-1457

FILED 11:15 O'CLOCK A M
AURORA DE LA GARZA. DIST. CLERK

JAN 15 2002

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____ DEPUTY

_____O'CLOCK_____M
..ORA DE LA GARZA, DIST. CLERK

CAUSE NO. 2000-08-3596-A

JAN 24 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY_____DEPUTY

CITY OF SAN BENITO                §          IN THE DISTRICT COURT
                                  §
        Plaintiff                 §
                                  §
vs.                               §          CAMERON COUNTY, TEXAS
                                  §
PG&E GAS TRANSMISSION,            §
TEXAS CORPORATION, ET AL.         §
                                  §
        Defendants                §          107TH JUDICIAL DISTRICT

MOTION FOR ENTRY OF ORDER OF DISMISSAL WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME the El Paso (fomerly PG&E/Valero)Defendants identified herein[1], by and

---

[1]These Defendants are the following 30 entities that are parties to a final settlement with the City of San Benito: (i) El Paso Gas Transmission Company f/k/a PG&E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ii) EPGT Natural Gas Company f/k/a PG&E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (iii) EPGT Pipeline Company f/k/a PG&E Texas Pipeline Company f/k/a Valero Transmission Company; (iv) EPGT Texas Pipeline, L.P. f/k/a PG&E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (v) EPGT-VT Company f/k/a VT Company f/k/a Lo Vaca Gathering Company; (vi) EPGT Texas Field Services Company f/k/a PG&E Texas Field Services Company f/k/a Valero Field Services Company; (vii) El Paso Gas Storage Company f/ka PG&E Texas Gas Storage Company f/k/a Valero Gas Storage Company; (viii) EPGT Hydrocarbons Company f/k/a PG&E Hydrocarbons Company f/k/a Valero Hydrocarbons Company; (ix) El Paso Hydrocarbons, L.P. f/k/a PG&E Hydrocarbons, L.P. f/k/a Valero Hydrocarbons, L.P.; (x) El Paso Hub Services Company f/k/a PG&E Texas Hub Services Company f/k/a Valero Storage and Transfer Company; (xi) EPGT Texas Management Company f/k/a PG&E Texas Management Company f/k/a Valero Management Company; (xii) EPGT Gas Partners, L.P. f/k/a PG&E Texas Gas Partners, L.P. f/k/a Valero Natural Gas Partners, L.P.; (xiii) EPGT Management Partnership, L.P. f/k/a PG&E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (xiv) EPGT-Tex, L.P. f/k/a PG&E-Tex, L.P. f/k/a Valerotex, L.P.; (xv) EPGT Texas Energy Company f/k/a PG&E Texas Energy Company; (xvi) El Paso Reata Energy, L.P. f/k/a PG&E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (xvii) EPGT Trading Holdings Company f/k/a PG&E Energy Trading Holdings Corporation f/k/a Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (xviii) El Paso NGL Marketing, L.P. f/k/a PG&E NGL Marketing, L.P. f/k/a Valero Marketing, L.P.; (xix) EPGT Texas LDC, L.P. f/k/a PG&E Texas LDC, L.P. f/k/a VLDC, L.P.; (xx) El Paso River City Energy, L.P. f/k/a PG&E Rivercity Energy, L.P. f/k/a Rivercity Gas, L.P.; (xxi) EPGT Texas VGM, L.P. f/k/a PG&E Texas VGM, L.P. f/k/a Valero Gas Marketing, L.P.; (xxii) El Paso Industrial Energy, L. P. f/k/a PG&E Texas Industrial Energy, L.P. f/k/a Valero Industrial Gas, L.P.; (xxiii) EPGT West Texas Pipeline Company f/k/a PG&E West Texas Pipeline Company f/k/a Valero-Teco West Texas Pipeline Company; (xxiv) El Paso Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission, Texas Corporation and Teco Pipeline Company;  (xxv) Teco Gas Gathering Company; (xxvi) Teco Industrial Gas Company; (xxvii) Teco Gas Marketing Company;  (xxviii) Teco Gas Processing Company; (xxix) Teco Gas Services Company, and (xxx) PG&E Energy Trading - Gas Corporation

through the undersigned counsel, and respectfully request that this Court enter the attached Agreed Order of Dismissal with Prejudice in the above cause and in support would show as follows:

1.    All the matters in dispute between Plaintiff and the El Paso (formerly PG&E/Valero) Defendants herein have been fully compromised and settled and the parties have agreed to entry of an Agreed Order of Dismissal with Prejudice of all claims currently or previously asserted against the said Defendants in the form attached hereto as Exhibit "A."

2.    The Court was informed by Defendants' local counsel of the fact that a settlement had been reached on or about December 5, 2001, shortly before the case would have been called for jury trial on December 10, 2001.  However, the settlement documents have only recently been finally executed and the settlement check was received and accepted by the City of San Benito at a City Council meeting on the evening of January 22, 2002. In the interim, while the parties were working toward finalizing the settlement, the parties received from this Court an order requesting the parties to submit a final judgment prior to 8:30 a.m. on the 25th day of January, 2002.  Due to the holidays and other delays in finalizing the settlement, it has not been possible for the parties to finalize all of the necessary settlement documents until recently.  Further, the court document which the parties have prepared in order to formally resolve and dispose of their dispute in light of such settlement is in the form of an Agreed Order of Dismissal with Prejudice, and, therefore, is technically not a "Judgment" as requested by the Court's recent order.

3.    Accordingly, the parties move the Court to accept in compliance with its January 15, 2002, Order to Submit Judgment, and thereafter sign and enter in order to dispose of the dispute betwen said parties, the "Agreed Order of Dismissal With Prejudice of Claims against the El Paso (formerly PG&E/Valero) Defendants," in the form attached hereto as Exhibit "A."

Respectfully submitted,


_____
LUTHER H. SOULES III
State Bar No. 18858000
PAUL D. ANDREWS
State Bar No. 01248600
JERRY J. FULTON
State Bar No. 07541000
100 W. Houston St., Suite 1500
San Antonio, TX 78205-1457
Telephone: (210) 224-9144
Facsimile: (210) 224-7073

OF COUNSEL

SOULES & WALLACE

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
P.O. Box 2155
Brownsville, TX 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

**ATTORNEYS FOR DEFENDANTS**

CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that on January 23, 2002, a true and correct copy of the foregoing Motion For Entry of Order of Dismissal With Prejudice was sent by facsimile transmission to the following counsel of record:

Mr. Ramon Garcia                                       **Via facsimile: 956 -381-0825**
Law Office of Ramon Garcia, P.C.
225 West University Drive
Edinburg, Texas 78539

Mr. Adam Poncio                                        **Via facsimile: 956 - 387-0775**
Cerda & Poncio, P.C.
107 N. 10th Street
Edinburg, Texas 78539


_____
Paul D. Andrews

U:\data\9213\3\00172956.WPD

2002 - 01 - 390 - A

CAUSE NO. 2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PG&E GAS TRANSMISSION, | § | |
| TEXAS CORPORATION, ET AL. | § | |
| | § | |
| Defendants | § | 107TH JUDICIAL DISTRICT |

## AGREED ORDER OF DISMISSAL WITH PREJUDICE OF CLAIMS AGAINST THE EL PASO (FORMERLY PG&E/VALERO) DEFENDANTS

The undersigned counsel for Plaintiff, the City of San Benito, and the undersigned counsel for the El Paso (formerly PG&E/Valero) Defendants identified below have informed the Court that all matters in dispute between said parties have been settled and compromised and have requested that this Court dismiss all claims currently or previously asserted against the 30 former PG&E/Valero entities that have been sued herein, as specifically identified below. Accordingly, the Court enters the following order:

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that all claims currently or previously asserted in this lawsuit against the following entities: (i) El Paso Gas Transmission Company f/k/a PG&E Gas Transmission, Texas Corporation f/k/a Valero Energy Corporation; (ii) EPGT Natural Gas Company f/k/a PG&E Texas Natural Gas Company f/k/a Valero Natural Gas Company; (iii) EPGT Pipeline Company f/k/a PG&E Texas Pipeline Company f/k/a Valero Transmission Company; (iv) EPGT Texas Pipeline, L.P. f/k/a PG&E Texas Pipeline, L.P. f/k/a Valero Transmission, L.P.; (v) EPGT-VT Company f/k/a VT Company f/k/a Lo Vaca Gathering Company; (vi) EPGT Texas Field Services Company f/k/a PG&E Texas Field Services Company



f/k/a Valero Field Services Company; (vii) El Paso Gas Storage Company f/ka PG&E Texas Gas Storage Company f/k/a Valero Gas Storage Company; (viii) EPGT Hydrocarbons Company f/k/a PG&E Hydrocarbons Company f/k/a Valero Hydrocarbons Company; (ix) El Paso Hydrocarbons, L.P. f/k/a PG&E Hydrocarbons, L.P. f/k/a Valero Hydrocarbons, L.P.; (x) El Paso Hub Services Company f/k/a PG&E Texas Hub Services Company f/k/a Valero Storage and Transfer Company; (xi) EPGT Texas Management Company f/k/a PG&E Texas Management Company f/k/a Valero Management Company; (xii) EPGT Gas Partners, L.P. f/k/a PG&E Texas Gas Partners, L.P. f/k/a Valero Natural Gas Partners, L.P.; (xiii) EPGT Management Partnership, L.P. f/k/a PG&E Texas Management Partnership, L.P. f/k/a Valero Management Partnership, L.P.; (xiv) EPGT-Tex, L.P. f/k/a PG&E-Tex, L.P. f/k/a Valerotex, L.P.; (xv) EPGT Texas Energy Company f/k/a PG&E Texas Energy Company; (xvi) El Paso Reata Energy, L.P. f/k/a PG&E Reata Energy, L.P. f/k/a Reata Industrial Gas, L.P.; (xvii) EPGT Trading Holdings Company f/k/a PG&E Energy Trading Holdings Corporation f/k/a Valero Gas Marketing Company f/k/a Reata Industrial Gas Company; (xviii) El Paso NGL Marketing, L.P. f/k/a PG&E NGL Marketing, L.P. f/k/a Valero Marketing, L.P.; (xix) EPGT Texas LDC, L.P. f/k/a PG&E Texas LDC, L.P. f/k/a VLDC, L.P.; (xx) El Paso River City Energy, L.P. f/k/a PG&E Rivercity Energy, L.P. f/k/a Rivercity Gas, L.P.; (xxi) EPGT Texas VGM, L.P. f/k/a PG&E Texas VGM, L.P. f/k/a Valero Gas Marketing, L.P.; (xxii) El Paso Industrial Energy, L. P. f/k/a PG&E Texas Industrial Energy, L.P. f/k/a Valero Industrial Gas, L.P.; (xxiii) EPGT West Texas Pipeline Company f/k/a PG&E West Texas Pipeline Company f/k/a Valero-Teco West Texas Pipeline Company; (xxiv) El Paso Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission Teco, Inc. f/k/a PG&E Gas Transmission, Texas Corporation and Teco Pipeline Company; (xxv) Teco Gas Gathering Company; (xxvi) Teco Industrial Gas Company; (xxvii) Teco

Gas Marketing Company;  (xxviii) Teco Gas Processing Company;  (xxix) Teco Gas Services Company, and (xxx) PG&E Energy Trading - Gas Corporation, **SHALL BE** and **HEREBY ARE DISMISSED WITH PREJUDICE TO REFILING OF SAME**. This Order shall apply solely and only to the Plaintiff's claims and causes of action against the Defendants specifically identified above and shall have no effect upon any other parties in this case.

SIGNED this 27th day of _January_, 2002.

_____
Judge Benjamin Euresti, Jr.

FILED 3:00 O'CLOCK ___ M
AURORA DE LA GARZA. DIST. CLERK

JAN 28 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
Gloria Medrano DEPUTY

1/29/02 copies to:

HON. LUTHER H. SOULES III
HON. RAMON GARCIA
HON. DANIEL BISHOP III
HON. EDUARDO R. RODRIGUEZ

Signed by mistake.
Should be exhibit only.
BE

-3-

APPROVED AS TO FORM:

_____
Ramon Garcia
State Bar No. 07641500
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539
Telephone: (956) 383-7441
Telecopier: (956) 381-0825
Adam Poncio
State Bar No. 16109800
Cerda & Poncio, P.C.
107 N. 10th St.
Edinburg, Texas 78539
Telephone: (956) 371-0770
Facsimile: (956) 371-0775

**ATTORNEYS FOR PLAINTIFF**

_____
Luther H. Soules III
State Bar No. 18858000
Paul D. Andrews
State Bar No. 01248600
Soules & Wallace, P.C.
100 W. Houston Street, Suite 1500
San Antonio, Texas 78205

**ATTORNEYS FOR THE EL PASO
(FORMERLY PG&E/VALERO)DEFENDANTS**

CAUSE NO. 2000-08-3596-A

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | CAMERON COUNTY, TEXAS |
| v. | § | |
| | § | |
| PG&E GAS TRANSMISSION, TEXAS CORP., | § | |
| ET AL. | § | 107TH JUDICIAL DISTRICT |
| Defendants. | § | |

## ORDER OF SEVERANCE

On this date the court has signed an Agreed Order of Dismissal with Prejudice of Claims Against the El Paso (formerly PG&E/Valero) Defendants. In order to allow such Order to become final and appealable, the Court *sua sponte* severs such Order and enters the following Orders:

IT IS, **THEREFORE, ORDERED** that the Agreed Order of Dismissal with Prejudice of Claims Against the El Paso (formerly PG&E/Valero) Defendants shall be and hereby is immediately **SEVERED** from this cause.

**IT IS FURTHER ORDERED** that the District Clerk shall separately docket the Agreed Order of Dismissal with Prejudice of Claims Against the El Paso (formerly PG&E/Valero) Defendants in a separately numbered case to be styled: *The City of San Benito v. PG&E Gas Transmission, Texas Corporation, et al., In the 107th Judicial District Court of Cameron County, Texas.*

**IT IS FURTHER ORDERED** that all of the prior pleadings, motions, claims and discovery applicable to the City of San Benito as an individual litigant that are asserted against any party defendant in this case, other than the 30 entities expressly identified in and made the subject of the Agreed Order of Dismissal with Prejudice of Claims Against the El Paso (formerly PG&E/Valero) Defendants, shall remain in force and effect unless and until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that the District Clerk shall include a copy of the Agreed Order of Dismissal with Prejudice of Claims Against the El Paso (formerly PG&E/Valero) Defendants and a copy of this Order of Severance in the Court's file of the severed *The City of San Benito v. PG&E Gas Transmission, Texas Corporation, et al.* case.

**IT IS FURTHER ORDERED** that the style of the class action case shall be changed to reflect the removal of the El Paso (formerly PG&E/Valero) Defendants and shall hereafter be styled as *"The City of San Benito vs. Tejas Gas Pipeline Company et al."*

The severed cause is assigned cause number 2002-01-390-A

Signed this 29 day of January, 2002.

_____
Judge Benjamin Euresti, Jr.

FILED 2:35 O'CLOCK ___ M
AURORA DE LA GARZA, DIST. CLERK

JAN 29 2002

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

-2-

1/29/02 COPEIS TO;

APPROVED AS TO FORM AND SUBSTANCE:



Ramon Garcia
State Bar No. 07641500
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas  78539
Telephone: (956) 383-7441
Telecopier: (956) 381-0825
Adam Poncio
State Bar No. 16109800
Cerda & Poncio, P.C.
107 N. 10th St.
Edinburg, Texas 78539
Telephone: (956) 371-0770
Facsimile:  (956) 371-0775

**Attorneys for the City of San Benito**

HON. LUTHER H. SOULES III

390 - A

CAUSE NO. 2000-08-3596

CITY OF SAN BENITO,                                          IN THE DISTRICT COURT

      Plaintiff,

vs.                                                          CAMERON COUNTY, TEXAS

TEJAS GAS PIPELINE COMPANY, et al.,

      Defendants.                                          107ᵗʰ JUDICIAL DISTRICT

## PLAINTIFF'S SEVENTH AMENDED PETITION, PETITION FOR DECLARATORY JUDGEMENT, REQUEST FOR INJUNCTIVE RELIEF and REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW Plaintiff, the CITY OF SAN BENITO (hereinafter referred to as "Plaintiff"), demanding a trial by jury and complaining of the conduct of Defendants TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., CONOCO INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., DUKE ENERGY TRADING AND MARKETING, L.L.C, PANENERGY TRADING & MARKETING, L.L.C., MOBIL NATURAL GAS, INC., AMOCO ENERGY TRADING CORP., BP ENERGY COMPANY, CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., ADONIS ENERGY CORP., J.C. ENERGY RESOURCES, INC., ANADARKO ENERGY SERVICES CO., ENGAGE ENERGY U.S., L.P., ONEOK GAS MARKETING CO., ONEOK EXPLORATION CO., ONEOK ENERGY MARKETING & TRADING CO., L.P., ICC ENERGY CORP., TENASKA MARKETING, INC., AQUILA SOUTHWEST MARKETING, AQUILA ENERGY MARKETING CORP., HOUSTON PIPELINE CO., CROSSTEX ENERGY SERVICES, LTD., COASTAL GAS MARKETING CO., ADAMS RESOURCES MARKETING, LTD., KOCH ENERGY TRADING, INC., NATIONAL ENERGY & TRADE, L.L.C., PRODUCERS ENERGY MARKETING, L.L.C., NORAM ENERGY SERVICES, INC., ONYX PIPELINE CO., HPL RESOURCES CO., KN MARKETING, L.P., NATURAL GAS CLEARINGHOUSE, INC., DELHI GAS PIPELINE CORP., CHANNEL GAS MARKETING

CO., PANENERGY TRADING & MARKET SERVICES, L.L.C., CORPUS CHRIST

LEASEHOLDS, INC., GULF COAST ENERGY, INC., COASTAL BORDER GAS SALES,

INC., LASALLE GAS CORPORATION, ENJET, INC., GULF ENERGY MARKETING

COMPANY, GULF ENERGY MARKETING, L.L.C., ARCO NATURAL GAS MARKETING,

INC., ORYX GAS MARKETING COMPANY, ORYX GAS MARKETING LIMITED

PARTNERSHIP, SOUTHERN GAS PIPELINE COMPANY, BALCONES PIPELINE

COMPANY, PENNZOIL GAS MARKETING COMPANY, SHELL GAS TRADING

COMPANY, TEXACO EXPLORATION AND PRODUCTION, INC., VASTAR GAS

MARKETING, INC., REPUBLIC GAS CORP., TRANSOK GAS COMPANY, TRANSOK

GAS, L.L.C, TRANSCO PETRO SOURCE COMPANY, CHEVRON U.S.A. INC., SEAGULL

GAS COMPANY, FINA, INC., and UNION PACIFIC RESOURCES COMPANY (hereinafter

referred to as "the Defendants"), and would respectfully show this Court the following:

## I. PARTIES

1.1    Plaintiff CITY OF SAN BENITO is a Texas municipal corporation, chartered as a home-rule

city, located in and governing portions of Cameron County, Texas.

1.2    The "Defendants" are Defendants formerly and/or currently doing business in San Benito,

Cameron County, Texas.    Service is not requested on Defendants at this time.    A listing of the

Defendants and their registered agents for service of process or the company addresses is identified

on Exhibit "A," attached hereto and incorporated herein by reference, as if fully stated within this

paragraph.

1.3    Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends

to conduct discovery under Discovery Control Plan Level 3.

## II. JURISDICTION AND VENUE

2.1    Plaintiff's action against the Defendants is maintainable in Cameron County, Texas, in that

one or more of these Defendants do, or have at all material times done, business in Cameron County,

Texas.

2.2    Moreover, Plaintiff's causes of action, more particularly described below, arise from and are connected with Defendants' business activities in Cameron County, Texas.

2.3    Specifically, Plaintiff's causes of action against Defendants involve torts and contractual and/or quasi-contractual acts committed by Defendants within Cameron County, Texas.

2.4    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that all or substantial portions of the events or omissions giving rise to Plaintiff's causes of action, as more specifically described herein, occurred or arose in Cameron County, Texas.

2.5    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that venue in Cameron County, Texas, is proper as to one or more of the Defendants and to one or more of the causes of action asserted herein. Therefore, the court has venue of the remaining Defendants, as the claims or actions arise out of the same transactions, occurrences, or series of transactions or occurrences.

## III. FACTUAL BACKGROUND

3.1    The City of San Benito, by virtue of state law, its City Charter, and/or City ordinances, is vested with the authority to protect and promote the safety and well being of its citizens.  In furtherance of those vested duties, San Benito is responsible for collecting money for use of City streets, rights-of-way and any other city property to more fully discharge its responsibilities to its citizens.  The streets, rights-of-way and other city property are valuable assets to the City of San Benito.

3.2    The Defendants described above and identified in Exhibit "A," are entities which engage or previously have engaged in numerous types of business transactions and activities involving natural gas, including but not limited to buying, selling, distributing, marketing, trading, exchanging, transporting, delivering, gathering, processing, and storing natural gas, natural gas liquids in gaseous or liquid state, or the natural or synthetic equivalent thereof (hereafter "gas").

3.3    The gas is known by the Defendants to be dangerous, hazardous and/or extremely volatile. Further, the Defendants know, or should have known, that pipelines, like the pipelines used within

the City of San Benito, by which the Defendants move their gas products to their intended destination, are prone to burst, break or otherwise rupture. With this knowledge, the Defendants have in the past and/or continue to make use of those pipelines located in city streets, rights-of-way and/or other property of the City in furtherance of their business interests for profit; Such conduct poses a substantial and dangerous hazard to the City of San Benito, and its citizens.

3.4     The Defendants, acting singularly and/or in concert, are currently and/or have in the past engaged in one or more of the dangerous and/or hazardous gas operations and activities described herein without the consent, permission, franchise, or any other authorization from the City and/or in contravention of existing state constitutional and statutory provisions, the City Charter and/or local ordinances and other official acts of the governing bodies of the Plaintiff City. Further, the Defendants have profited by engaging in the business activities described herein by wrongfully making use of the streets, rights-of-way and other property of the City of San Benito.

3.5     · Upon information and belief, the Defendants, collectively or singularly, currently use and/or have in the past used the streets, alleys, rights-of-way, or other public property owned or controlled by Plaintiff City to conduct all or some of the following activities within the incorporated city limits of the City: (a) acquire, construct, maintain, own, use, and/or operate, in whole or in part, gas pipelines, including, without limitation, transmission, distribution, or gathering pipelines and appurtenant facilities, meters, city gates, plant gates, plant tailgates, outlet meters, accounting meters, and/or other pipeline related facilities; (b) transport, deliver, or causes to be transported or delivered its own gas and/or gas liquids, or gas and/or gas liquids owned by any other person or entity whether affiliated or not affiliated with the Defendants; (c) market, trade, exchange and/or sell gas directly to commercial, residential, or industrial gas consumers; (d) market, trade, exchange and/or sell gas to electric utilities or other entities using gas for power generation; (e) market, trade, exchange and/or sell for resale gas to local distribution companies, gas marketers, transmission pipelines, gas gathering pipelines and/or gas re-sellers; (f) store gas; (g) gather gas; and/or (h) purchase or receive for transportation or distribution gas from any producing oil and/or gas well or from any gas

Page -4-

gathering pipeline and/or from any other source.

3.6    Defendants know, or should have known, that to conduct the business activities described herein, they must make use of City streets, rights-of-way and other city property. San Benito does not now, nor ever has, consented to any such use.

3.7    The very existence of Defendants' pipelines and/or business activities within the City streets, rights-of-way and other city property interferes with other business activities of the City. As stated herein, the City space that has been used or is being used by these very defendants (without proper payment or consent) could have been, or could be rented to other users willing to pay for such use. Because the Defendants have realized profits from their use of the City streets, rights-of-way and/or other city property, Defendants have actual knowledge of the value of said city property. Further, because these Defendants' understanding of their use of said city property without consent, authority or payment to the City for such use, they know that the property being used is extremely valuable, because they are making a profit from such use. Because of the fixed existence of some or most of the Defendants inside and using City property without payment, the Defendants have actual knowledge that they are interfering with the City's ability to rent that space to others. By the Defendants knowing that they must use the streets of San Benito to make those profits, the Defendants know that the space being used is extremely valuable not only to the City, but to them as well. The Defendants know: (1) that they are making money by using city streets without consent or payment for such use; (2) that they are taking up space within City property that could rented by others; (3) that others are willing to pay for the type of use similar to the uses described herein; and (4) that their presence is interfering with the others willing to use that space in exchange for the appropriate payment. The Defendants conduct constitutes tortious interference with business relations because of their unauthorized existence within City property.

3.8    Defendants know that the above described business activities are dangerous and/or hazardous. Defendants know or should have known that conducting such dangerous and/or hazardous business activities in the City of San Benito causes the City to expend money in order to

respond in the event of an emergency involving the Defendants' gas. The Defendants have never paid or otherwise compensated the City of San Benito for conducting their dangerous and/or hazardous business activities within the City.

3.9    Upon information and belief, none of the Defendants does now pay, nor has in the past, paid to the City of San Benito any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for the City's formal consent or formal authorization to conduct the dangerous and/or hazardous activities described herein, within San Benito' incorporated limits. Further, Defendants have failed to comply with existing city statutes and/or ordinances.

3.10    Upon information and belief, none of the Defendants does now pay, nor has in the past, paid to Plaintiff, any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for Plaintiff San Benito's formal authorization and/or formal consent to each Defendant for their past and continued use of city rights-of-way to conduct any of the above-described activities within the City's incorporated limits.

3.11    Upon information and belief, one or more of the Defendants have failed and continue to fail to file with the City Secretary of San Benito, annual sworn reports as required by existing city statutes and/or ordinances.

3.12    On June 25, 1941, the City of San Benito passed Ordinance No. 478, entitled "AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE PRIVILEGES OF USING, WITH THEIR NATURAL GAS AND AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN THE CORONATE LIMITS OF THE CITY OF SAN BENITO, TEXAS, PROVIDING THAT SUCH UTILITIES SHALL HAVE SEMI-ANNUAL IMPORTS; PROVIDING PENALTIES FOR THE VIOLATION HEREOF; REPEALING ALL LAWS IN CONFLICT HEREWITH; AND DECLARING AN EMERGENCY." The Ordinance is attached hereto as Exhibit "B". The Ordinance has not been repealed, withdrawn and/or superceded. The Ordinance provides in relevant part:

That all persons and corporations using and maintaining any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas, shall within thirty (30) days after the 30th day of September and the 31st day of March of each year file with the City Secretary a report sworn to by the auditor of such person or corporation showing the gross receipts derived from the sale by gas utilities of natural gas sold for heat, power or other purposes from consumer of such natural gas located within and using such natural gas within the corporate limits or the City of San Benito, Texas, for the six (6) months proceeding each of said dates."

* * *

That upon the 1st day of November and the 1st day of May for each year, hereafter, every person or corporation using the streets, highways, alleys, parks or other public places within the City of San Benito, Texas, with main and/or auxiliary lines, fixtures and appurtenances for the sale and distribution of natural gas to consumers, shall pay to the City of San Benito, Texas a rental equal to two percent (2%) for the gross receipts received by such other person or corporation from its sale for heat, power and/or other purposes derived from consumers of such natural gas located within and using within the corporate limits of the City of San Benito, Texas, for the six (6) months proceeding September 30th, and March 31st, of each year, which sum shall be paid to the Tax Collector of the City of San Benito, Texas, who shall thereupon deliver to the person or corporation paying the same a receipt for the amount so paid as rental."

3.13    The causes of action set forth below are based on any of these activities having occurred without any required payment and/or formal consent, authorization, or franchise; and by this pleading, Plaintiff San Benito seeks compensation for all such past and future activities and all other legal and equitable relief and damages which Plaintiff San Benito is entitled to recover.

## IV. CAUSES OF ACTION

### Violation of City Charter and/or City Statutes or Ordinances

4.1    The preceding factual statements and allegations are incorporated by reference herein.

4.2    . Defendants have wholly and/or partially failed to comply with the street rental ordinance duly enacted by San Benito. The Texas Supreme Court has upheld and sustained the right of cities to fix a rental charge for the use of its streets and other public places by gas companies and other utilities which carry on a local business. See Fleming v. Houston Lighting & Power Co., 138 S.W.2d 520

(Tex. 1940). Moreover, Plaintiff San Benito had in place a prior franchise agreement under which Defendants may be obligated to make payments, and with which they have failed to comply. As a result, Plaintiff San Benito has suffered damages.

### Removal of Purpresture

4.3    The preceding factual statements and allegations are incorporated by reference herein.

4.4    Defendants' conduct constitutes a purpresture upon public property and public rights-of-way, for which Plaintiff is entitled to injunctive relief.

### Unjust Enrichment/Quantum Meruit

4.5    The preceding factual statements and allegations are incorporated by reference herein.

4.6    Defendants have been unjustly enriched by their conduct, in that valuable services and/or materials were furnished to—and accepted, used, and enjoyed by Defendants under such circumstances as reasonably notified Defendants that Plaintiff expected to be paid for such services and/or materials.

Plaintiff is entitled to recover from Defendants under the equitable theory of quantum meruit.

### Trespass

4.7    The preceding factual statements and allegations are incorporated by reference herein.

4.8    Defendants' conduct constitutes a trespass on municipal property.

### Wrongful Appropriation and/or Furnance of Profits

4.9    The preceding factual statements and allegations are incorporated by reference herein.

4.10    The Defendants know that in order to engage in the dangerous and/or hazardous business activities described herein, they must use city streets, rights-of-way and other city property to conduct their business transactions. In their conduct, Defendants have realized profits, at the expense of San Benito. None of the Defendants have any formal permission or authority from the City to engage in such use of city streets, rights-of-way and other city property. Defendants' conduct constitutes a wrongful appropriation of city streets, rights-of-way and other city property in violation of the City Charter, City statutes, and/or other state laws.

4.11    The Defendants are using valuable space within the City streets, rights-of-way and/or other City property, without paying the City for any such use. The City could be collecting rental fees from the very space being used by the Defendants, but cannot because of the existence of the Defendants unauthorized business activities within that space. The books and ledgers of the Defendants regarding all business transactions and operations within the City of San Benito should show just how valuable the space has been and continues to be to the Defendants. This conduct by the Defendants constitutes not only wrongful appropriation, but also constitutes pernancy (taking of profits).

4.12    All such conduct by the Defendants has harmed and continues to harm Plaintiff, for which Plaintiff is entitled to all just relief.

## Tortious Interference

4.13    The preceding factual statements and allegations are incorporated herein by reference.

4.14    The Defendants business activities and existence within the City's property constitutes tortious interference with the City's ability to rent the City space being used by the Defendants to others willing to pay for such use. The Defendants know that they are using valuable city assets without proper authorization and payment to the City for such use, for their very own profit, because the Defendants must use City property or pipelines within City property to move their product. The Defendants have profited from such use. The Defendants also know that others are willing to pay for use of City property. Knowing that others are willing to pay for use of City property, while using the City property without payment or authorization from the City, constitutes tortious interference with the City's ability to rent the very space being used by these Defendants.

## Declaratory Relief

4.15    The preceding factual statements and allegations are incorporated by reference herein.

4.16    Pursuant to Section 37.001, et. seq. of the Texas Civil Practice & Remedies Code, Plaintiff is entitled to judgment from this Court declaring the rights, status, and legal relationship between and among Plaintiff and the Defendants with respect to the Defendants' withholding of proper

compensation due and owing to the Plaintiff; and judgment declaring that Plaintiff is entitled to compensation for Defendants' unauthorized and ultra vires acts and trespasses that were not authorized; and judgment declaring that Plaintiff is entitled to compensation under the applicable city ordinances and/or statutes for Defendants' acts, omissions and trespasses.

4.17    Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in obtaining declaratory judgment relief pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

### Negligence/Negligence Per Se

4.18    The preceding factual statements and allegations are incorporated by reference herein.

4.19    Defendants' conduct constitutes negligence, in that Defendants breached their duty to Plaintiff to act with reasonable care, and said breach proximately caused Plaintiff harm.

4.20    Defendants' conduct constitutes negligence per se, in that Defendants violated one or more local ordinances, state statutes, and/or state constitutional provisions —which establish statutory standards of conduct of a reasonably prudent person—and said violations proximately caused Plaintiff's damage.

### Audit/ Accounting

4.21    The preceding factual statements and allegations are incorporated by reference herein.

4.22    Plaintiff is entitled to an audit and accounting of Defendants' business activities within Plaintiff's corporate limits.

### Exemplary Damages

4.23    The preceding factual statements and allegations are incorporated by reference herein.

4.24    Plaintiff seeks to recover exemplary damages based on the fraudulent, malicious, and intentional conduct of the Defendants and Defendants' knowing disregard for the rights of Plaintiff in an amount to be determined by the trier of fact.

### Injunctive Relief

4.25    The preceding factual statements and allegations are incorporated by reference herein.

4.26    Plaintiff has a vested legal right to audit the requested books and records of the Defendants

as described herein. Plaintiff's right to audit these books and records is in imminent danger of harm and/or damage. If Defendants destroy, alter, or remove these records from their presently unknown location, Plaintiff's right to audit them will be irreparably harmed, and there will be no adequate remedy at law for Plaintiff. If these records are removed, altered, or destroyed, it will be impossible to accurately measure, in monetary terms, the damages caused by Defendants' conduct, and there exists the probability that Defendants would not be able to adequately compensate the Plaintiffs. Alternatively, Plaintiff has the right to have any and all pipelines and/or facilities of Plaintiff removed from within City rights of way and within City limits.

### Attorneys' Fees

4.27    The preceding factual statements and allegations are incorporated by reference herein.

4.28    Plaintiff has been required to retain the undersigned counsel to institute and prosecute this action and any appeals that may flow from this litigation. Thirty days prior to the trial of this suit, Plaintiff will have presented its claim and demand to Defendants for payment, which will not have been paid. Plaintiff is entitled to their reasonable and necessary attorney fees and hereby sue for same pursuant to Section 38.001, et. seq. and Section 37.009 of the Texas Civil Practice & Remedies Code.

### Request for Jury

4.29    Plaintiff requests a jury trial. The appropriate fee has been paid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for the following relief:

1.    A declaration that the Plaintiff's representatives be legally entitled to perform an accounting of the books and records of the Defendants pursuant to state statute;

2.    An order for an accounting, giving the Plaintiff's representatives access to Defendants' books and records relating to sales and the collection of revenues for all sales of natural gas through the use of city rights-of-way from January 1, 1942, to the present and specifying a date, time, and location for the accounting;

3.    A temporary injunction be issued, after notice to Defendants and an evidentiary hearing, restraining Defendants, their agents, servants, employees, and attorneys,

from: (a) directly or indirectly removing, altering, and/or destroying Defendants' records relating to Defendants' sales of natural gas through the use of the cities' rights-of-way, from January 1, 1942, to the present; (b) interfering with Plaintiff and their authorized representative's right to audit Defendants' books and records relating to Defendants' collection of revenues for the sale of natural gas through the use of the city's rights-of-way from January 1, 1942, to the present; (c) denying access of Plaintiff or their authorized representative to all the books and records as requested by Plaintiff in whatever form available including original documents, copies, computer information, and/or microfiche; (d) denying access to Plaintiff or their authorized representative to make photocopies of the information provided as needed;

4.    Pre-judgment interest as provided by law at the highest legal rate;

5.    Judgment in an amount which exceeds the minimal jurisdictional limits of the court for damages on all causes of action, including exemplary damages, asserted above;

6.    Interest on judgment at the highest legal rate until paid;

7.    Declaratory judgment construing the ordinance, payment obligations and responsibilities of the parties;

8.    That Plaintiff be awarded reasonable attorneys' fees and costs under Texas law;

9.    That Plaintiff be granted such other and further relief to which it may be justly entitled.

Respectfully Submitted,

LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough
San Antonio, Texas 78215-1642
Telephone:    (210) 212-7979
Facsimile:    (210) 212-5880

By: _____
Adam Poncio
State Bar No. 16109800

RAMON GARCIA
State Bar No.: 07641800
LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539
(210) 383-7441 Telephone
(210) 381-0825 Telecopier

ATTORNEYS FOR CITY OF SAN BENITO

Page -12-

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of March, 2003, a true and correct copy of this document was forwarded to all Defendants set out in Exhibit "A" by service on the entities themselves and/or their registered agent for service as set out in Exhibit "A".

_____
Adam Poncio

Cause No. 2000-08-3596

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | APR 11 2003 |
| v. | § | CAMERON COUNTY TEXAS |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | 107TH JUDICIAL DISTRICT |

## PENNZOIL GAS MARKETING COMPANY'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

1.   The defendant Pennzoil Gas Marketing Company denies each of the allegations contained in the plaintiff City of San Benito's Seventh Amended Petition, Petition for Declaratory Judgement, Request for Injunctive Relief and Request for Jury Trial. Pennzoil Gas Marketing Company enters a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure.

2. Pennzoil Gas Marketing Company respectfully reserves the right to amend its answer in this cause as authorized by the Texas Rules of Civil Procedure.

Based on the above, Pennzoil Gas Marketing Company requests that the plaintiff City of San Benito take nothing on its claim, and that the defendant Pennzoil Gas Marketing Company have such other relief both general and special, legal and equitable, to which it is justly entitled.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas  77056
(713) 840-9200 Telephone
(713) 840-9217 Facsimile

By: _____
Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin
        & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

Rene O. Oliveira
State Bar No. 15254700
So. District Bar No.  4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas  78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

Attorneys for Pennzoil Gas Marketing Company

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Devon Energy Gas Marketing Company's Original Answer has been served via first class mail, certified mail, facsimile or by hand delivery on April 10, 2003, addressed as follows:

Adam Poncio
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642
210-212-5880 (fax)
*Attorney for Plaintiff*

Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539
210-381-0825 (fax)
*Attorney for Plaintiff*

Tejas Gas Pipeline Company
Tejas Gas Pipeline, L.L.C.
Gulf Energy Marketing Company
Transok Gas Company
c/o P. Anthony Lannie
1301 McKinney St., Suite 700
Houston, Texas 77010

Tejas Gas Pipeline, L.P.
Tejas Gas, L.L.C.
Tejas Gas Marketing, L.L.C.
Oneok Gas Marketing Co.
Oneok Energy Marketing & Trading Co., L.P.
KN Marketing, L.P.
Gulf Energy Marketing, L.L.C.
Pennzoil Gas Marketing Company
Shell Gas Trading Company
c/o Corporation Service Company
    d/b/a CSC - Lawyers Incorporating Service
800 Brazos, Suite 750
Austin, Texas 78701

Conoco, Inc.

Duke Energy Trading and Marketing, L.L.C.
Panenergy Trading & Marketing, L.L.C.
Coral Energy Services, L.L.C.
Coral Energy Resources, L.P.
Anadarko Energy Services Co.
Producers Energy Marketing, L.L.C.
Natural Gas Clearinghouse, Inc.
Panenergy Trading & Marketing Services, L.L.C.
c/o CT Corporation
1021 Main Street, Suite 1150
Houston, Texas 77002

Texaco Natural Gas, Inc.
Texaco Gas Marketing, Inc.
Mobil Natural Gas, Inc.
Tenaska Marketing, Inc.
Texaco Exploration and Production, Inc.
c/o Prentice Hall Corp. System, Inc.
800 Brazos
Austin, Texas 78701

Amoco Energy Trading Corp.
BP Energy Company
Oneok Exploration Co.
Aquila Southwest Marketing
Aquila Energy Marketing Corp.
Koch Energy Trading, Inc.
Delhi Gas Pipeline Corp.
Arco Natural Gas Marketing, Inc.
Oryx Gas Marketing Company
Oryx Gas Marketing Limited Partnership
Vastar Gas Marketing, Inc.
Transok Gas, L.L.C.
Transco Petro Source Company
Fina, Inc.
Union Pacific Resources Company

c/o CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

Adonis Energy Corp.
c/o Michael H. Newsome
1222 Commerce St., #1902
Dallas, Texas 75202

J. C. Energy Resources, Inc.
c/o Kaminski Andrew
14241 E. Fourth Ave., Suite 200
Aurora, Colorado 80011

ICC Energy Corp.
c/o Karl Butler
1700 Pacific Ave., Suite 1700
Dallas, Texas 75201

Houston Pipeline Co.
c/o Peggy B. Menchaca
1617 Houston Natural Gas Building
1200 Travis Street
Houston, Texas 77002
        and
c/o CT Corporation
350 N. St. Paul Street
Dallas, Texas 75201

Crosstex Energy Services, Ltd.
c/o Crosstex Energy, Inc.
2501 Cedar Springs Rd., Suite 600
Dallas, Texas 75201

Adams Resources Marketing, Ltd.
c/o Richard B. Abshire
5 Post Oak Park, Suite 2700
Houston, Texas 77027

National Energy & Trade, L.L.C.
c/o Jerry C. Dearling
5090 Richmond Ave., #148
Houston, Texas 77056

Noram Energy Services, Inc.

(c/o Reliant Energy Services, Inc.)
c/o CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201
        and
c/o Hugh Rice Kelly
Registered Agent for Reliant Energy Services,
Inc.
1111 Louisiana
Houston, Texas 77002

Onyx Pipeline Co.
c/o Shane Riley
802 N. Carancahua, Suite 575
Corpus Christi, Texas 78470

HPL Resources Co.
(c/o EGS Hydrocarbons Corp.)
c/o CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201
        and
c/o Registered Agent for EGS Hydrocarbons
Corp.
National Registered Agents, Inc.
1614 Sidney Baker Street
Kerrville, Texas 78208

Corpus Christi Leaseholds, Inc.
c/o Leslie W. Dunn
1400 The Six Hundred Building
Corpus Christi, Texas 78403

Gulf Coast Energy, Inc.
c/o Charles A. Steen
802 N. Carancahua St., Suite 1010
Corpus Christi, Texas 78470

La Salle Gas Corporation
c/o James D. Thompson
1990 Post Oak Blvd., #1500
Houston, Texas 77056

Enjet, Inc.

c/o William E. Sutton
5373 W. Alabama, Suite 502
Houston, Texas  77056

Southern Gas Pipeline Company
c/o Fred E. Long
500 N. Water, Suite 910 N.
Corpus Christi, Texas  78471

Balcones Pipeline Company
c/o V. F. Neuhaus
1500 McAllen State Bank Tower
Drawer 1270
McAllen, Texas  78501

Republic Gas Corp.
c/o Douglas C. Atnipp
711 Louisiana, Suite 1900
Houston, Texas  77002

Chevron U.S.A. Inc.
c/o CT Corp. System
1601 Elm Street
Dallas, Texas  75201

Seagull Gas Company
The Prentice Hall Corporation System, Inc.
Dallas, Texas  75201

Bradley M. Whalen