United States District Court
Southern District of Texas
FILED

MAY 3 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. B03-080 |
| | § | JURY TRIAL REQUESTED |
| TEJAS GAS PIPELINE COMPANY, ET. AL. | § | |
| Defendants | § | |

**PLAINTIFF CITY OF SAN BENITO'S RESPONSE TO NOTICE OF REMOVAL AND MOTION TO REMAND WITH SUPPORTING AUTHORITIES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CITY OF SAN BENITO, Plaintiff, and files this response to notice of removal and respectfully moves this Court to remand the above-matter to the 107th Judicial District Court for Cameron County, Texas, the Court from which this matter was improperly and improvidently removed. In support of this Motion, Plaintiff would show the Court the following:

**RESPONSE TO NOTICE OF REMOVAL**

1.   Plaintiff admit to the representations made in paragraphs 1, 2, 3 and 4. Plaintiff states that Defendants received notice of Plaintiff's claims and a copy of the amended petition on or about March 14, 2003. Removing Defendants received notice at that time that they had been named in the lawsuit.

2.   Plaintiff admits that Defendant Pennzoil was not served but filed its answer. Defendant Cinergy Marketing & Trading, L.P. (formerly known as Producers Energy Marketing, LLC) filed its answer on or about April 17, 2003, but did not join in the petition for removal. Defendant Gulf Coast Energy, Inc. filed its First Amended Original Answer on or about May 1, 2003. It is presumed that its Original Answer was filed on or before April 30, 2003, but Defendant did not consent to or join in the petition for removal.

## FURTHER RESPONSE TO NOTICE OF REMOVAL

For Further Response as to all allegations contained in the Notice of Removal, Plaintiff aver sand alleges as follows:

3. Defendants solely raise federal question jurisdiction as a basis for removal. Because there is no federal question jurisdiction in this case (28 U.S.C. §1331) and there are Texas residents properly joined as defendants, this Court does not have jurisdiction over this case. 28 U.S.C. §§ 1332 and 1441.

4. Plaintiff's Petition solely states causes of action under Texas law against Defendants, who are liable to Plaintiff. Plaintiff does not seek a taking without due compensation of Defendants' property. Rather, if Defendants are unwilling to comply with Plaintiff's ordinances, Plaintiff is requesting that Defendants remove their property from city rights of way. Plaintiff is not requesting that Defendants remove their own property from property owned by Defendants, as Defendants have misrepresented to this court.

5. Because the Defendants removed the case on grounds of federal question jurisdiction, and the case does not "arise under" federal law, the federal court lacks subject matter jurisdiction and does not have jurisdiction over this case. 28 U.S.C. § 1447(c); Tillman v. CSX TRANSP., Inc., 929 F.2d 1023, 1026-27 (5th Cir. 1991); Therefore remand is mandatory. International Primate Protection League v. Tulane Educ. Fund, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710 (1991); Anusbigian v. Trugreen/Chemlawn, Inc., 72 F.3d 1253, 1254 (6th Cir. 1996).

A. **THE COURT LACKS SUBJECT MATTER JURISDICTION**

6. **STANDARD OF REVIEW.** The removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removeability are resolved in favor of remanding the case to the state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 872, 85

L.Ed. 1214 (1941); Kearbow v. Kearbow, 421 F.Supp. 1253 (N.D. Tex. 1976). Thus, if this Court has any doubts as to removeability, they should be resolved in favor of remanding this case to the state court.

7. In making its determination, the court resolves "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992).

8. **PLAINTIFFS PLEADINGS.** Plaintiff's Seventh Amended Petition states causes of action under Texas law against Defendants for the failure to pay taxes due under a valid street rental ordinance. This issue was before this very court in 1942 or 1943 in a case involving the City of San Benito and Rio Grande Valley Gas Company (Plaintiff is searching for this court's ruling and will supplement the record with a copy of the order). The court declined jurisdiction based on the premise that federal courts have rejected and/or declined to exercise jurisdiction in cases involving local and/or state taxes (Plaintiff incorporates herein their Petition, setting forth factual allegations upon which a cause of action (or causes of action) against the Defendants may be found sufficient to demonstrate the lack of jurisdiction of this court. Plaintiff incorporates by reference all of the allegations contained in their Petition, a copy of which is on file with the court and attached as an exhibit to Defendants' Notice of Removal).

9. The Tax Injunction Act, 28 U.S.C. s 1341, deprives the Court of jurisdiction and requires remand to state court. The Act provides that "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. s 1341. Apart from 28 U.S.C. section 1341, a judicially created doctrine of abstention appertains to cases in federal court involving state tax administration. See, e.g., Great Lakes Dredge & Dock Co. v. Huffman,

319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). A municipal corporation, so far as it is vested with subordinate legislative powers for local purposes, is a mere instrumentality of the State for the convenient administration of government. Broughton v. Pensacola, 93 U.S. 266, 23 L.Ed. 896 (1876); City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923). Cases involving taxes levied by a municipality have been before the Court many times and the right to levy and collect such taxes has been apparently conceded. Adams v. Nashville, 95 U.S. 19, 24 L.Ed. 369 (1877); Evansville Bank v. Britton, 105 U.S. 322, 26 L.Ed. 1053 (1881).

10.     Plaintiff does not invoke any federal law or federal question or state a federal claim. Plaintiff's claims against the removing defendants and all other defendants do not arise under federal law. Removal cannot be based simply on the fact that the defendant assumes that a federal law may be referred to in some context in the case. If the claim does not arise under federal law, it is not removeable on federal question grounds. Incidental federal issues are not enough. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986); Oliver v. Trunkline Gas Co., 789 F.2d 341 (5th Cir. 1986).

**B.     DEFENDANTS HAVE WAIVED REMOVAL AS NOT ALL DEFENDANTS HAVE JOINED IN THE REMOVAL**

11.     If there are several defendants in the action, the right to remove belongs to them **jointly**. Therefore, all defendants who may properly join in the removal notice **must** join. If any of the defendants is not joined in the removal, the action cannot be removed, removal is procedurally defective and the case should be remanded. Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992); Chaghervand v. Carefirst, 909 F.Supp. 304, 308-09 (D. Md. 1995). At the time of removal,

Defendant Pennzoil was not served but filed its answer. Defendant Cinergy Marketing & Trading, L.P. (formerly known as Producers Energy Marketing, LLC) filed its answer on or about April 17, 2003, but did not consent to nor join in the petition for removal. Defendant Gulf Coast Energy, Inc. filed its First Amended Original Answer on or about May 1, 2003. It is presumed that its Original Answer was filed on or before April 30, 2003, but Defendant did not consent to or join in the petition for removal.. Therefore, the removal was procedurally defective, removal was improper, and the case should be remanded.

12.  Pursuant to 28 U.S.C. 1447(c), "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under 1446(a)". The notice of removal and accompanying documents do not demonstrate a basis for removal under federal question jurisdiction. Further as the removing Defendants have not properly joined all Defendants in this removal, the requirements of 28 U.S.C. 1332 have not been satisfied. This case was removed improvidently and without jurisdiction; therefore, this cause must be remanded back to state court where it originated.

C.  **DEFENDANTS HAVE WAIVED REMOVAL AS REMOVAL WAS NOT TIMELY**

17.  In addition to the above grounds for remand, this case should be remanded to state court based on Defendants' failure to remove the case within thirty days of the filing of Plaintiff's Seventh Amended Petition 28 U.S.C. 1446(b) (2000) (prohibiting removal more than thirty days after the filing of a pleading that states a removable case). Defendants admit that "on or about March 14, 2003, plaintiff filed its Seventh Amended Petition...", and go on to state that "for the first time the Removing Defendants received notice that they had been named in the lawsuit" (see

Notice of Removal at paragraph 4). Nevertheless, defendants waited until April 30, 2003, to file their Notice of Removal, well beyond the 30 day deadline. Defendants have waived removal and this case should be remanded to state court.

### D.     **PLAINTIFF IS ENTITLED TO FEES AND COSTS**

18.     Plaintiff further requests attorneys fees of at least $6000.00, or whatever amount the court deems proper, based on time and expenses necessary to prepare and present this motion and authorities, and response to Defendants' improper removal (see affidavit of Adam Poncio, attached hereto as Exhibit "B").

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court grant this Motion to Remand and remand this case to the 107th Judicial District Court of Cameron County, Texas, and for such other and further relief, both in law and in equity, including fees and expenses, to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
**Adam Poncio**
State Bar No. 16109800
**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation
924 McCullough
San Antonio, Texas 78215-1642
210/212-7979 telephone
210/212-5880 telecopier

and

**Ramon Garcia**
State Bar No. 07641800
**LAW OFFICE OF RAMON GARCIA**
A Professional Corporation
222 West University
Edinburg, Texas 78539
956/383-7441 telephone
956/381-0825 telecopier

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the above document was forwarded to attorneys of record by first class mail on this 30th day of May, 2003, as demonstrated by the listing attached hereto as Exhibit "A".

_____
Adam Poncio

Case 1:03-cv-00080   Document 10   Filed in TXSD on 05/30/2003   Page 8 of 11

## **EXHIBIT "A"**

Francis I Gandy, Jr.
148 American Bank Plaza
Corpus Christiu, Texas 78475-1197

Randy Bevis
110 Louisiana, Suite 4900
Houston, Texas 77002

Osborne J. Dykes, III
1301 McKinney, Suite 5100
Houston, Texas 77010

J.D. Page
3040 Post Oak Blvd., Suite 850
Houston, Texas 77056

Case 1:03-cv-00080 Document 10 Filed in TXSD on 05/30/2003 Page 9 of 11

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO,<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. NO. B03-080<br>JURY TRIAL REQUESTED |
| TEJAS GAS PIPELINE COMPANY, ET. AL.<br>Defendants | §<br>§ | |

## AFFIDAVIT OF ADAM PONCIO

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

**BEFORE ME**, the undersigned notary public, on this day personally appeared Adam Poncio, a person known to me, and being first duly sworn upon his oath deposed and stated as follows:

"My name is ADAM PONCIO. I am one of the attorneys of record for Plaintiff City of San Benito in this case, and I am competent by personal knowledge to testify to the matters contained herein. Since the date of the filing of the Notice of Removal, I have spent approximately 20 hours through May 30, 2003, 1999, in connection with the Notice of Removal and preparing and filing the foregoing Motion to Remand, including review of the removal and other motions to remand and relevant caselaw. Because I am Board Certified in Civil Appellate Law and am often called upon to prepare and review specialized motions such as this motion to remand, my usual hourly rate for this type of work is approximately $300 an hour. The time expended by myself and my staff was necessary to the proper representation of the Plaintiff herein. In my opinion, $300 per hour is a reasonable and customary rate based on my familiarity with the hourly rates charged by similarly qualified attorneys and law firms for similar work in South Texas. In my opinion, I have incurred approximately 20 hours of work and, billed at $300 per hour, $6,000 is a reasonable attorneys' fee for work related to this Motion to Remand. Further affiant sayeth not."

_____
Adam Poncio

SUBSCRIBED AND SWORN TO BEFORE ME by the said Adam Poncio on this 29th day of May, 2003.

_____
Notary Public for the State of Texas

CATHERINE PONCIO
MY COMMISSION EXPIRES
July 30, 2004