15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Souther: District of Texas
FILED

AUG 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **C. A. NO. B03-080** |
| | § | **JURY TRIAL REQUESTED** |
| **TEJAS GAS PIPELINE COMPANY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

The meeting was held via telephone on August 15, 2003 with the following counsel attending:

Adam Poncio and Dorothy Hearne (legal assistant) for plaintiff.

Osborne J. Dykes and Jeffrey D. Palmer for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., and Shell Gas Trading Company.

Julie L. Ezell for Cinergy Marketing & Trading, L.P.

J. D. Page and Bradley M. Whalen for Pennzoil Gas Marketing Company.

Francis I. Gandy for Gulf Coast Energy, Inc.

2.    List the cases related to this one that are pending in any state or federal court, with the case number and court.

The following cases also involve street rental ordinances:

Cause No. 03-6-59,825-C; *City of Victoria v. Delhi Gas Pipeline Corporation n/k/a Koch Midstream Services Company, Koch Energy Trading, Inc., and Koch Midstream Gas Marketing Company f/k/a TXO Gas Marketing Corp. f/k/a Delhi Gas Marketing Corp.;* In the 267th Judicial District Court, Victoria County, Texas.

Cause No. 1-11,461; *City of Victoria v. Tejas Gas Pipeline Company, Tejas Gas Pipeline LLC, Tejas Gas Pipeline LP, collectively n/k/a Kinder Morgan Tejas Pipeline, L.P., Tejas Gas LLC, and Tejas Gas Marketing LLC*; In the County Court at Law No. 1, Victoria County, Texas.

Cause No. 03-6-59,831-A; *City of Victoria v. Conoco Inc.*; In the 24th Judicial District Court, Victoria County, Texas.

There are also believed to be additional cases filed by the City of Victoria.

3.    Specify the allegation of federal jurisdiction.

Federal Question Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b) as more fully detailed in the Notice of Removal and Defendants' Opposition to Plaintiff's Motion to Remand.

4.    Name the parties who disagree and the reasons.

The plaintiff, City of San Benito, has challenged the jurisdiction of this Court by filing a Motion to Remand which evidences its position, including its argument that the Tax Injunction Act precludes federal jurisdiction.

5.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Currently there are no anticipated additional parties.

6.    List anticipated interventions.

Currently there are no anticipated interventions.

7.    Describe class-action issues.

This lawsuit is not a class-action.

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have agreed that plaintiff will make its initial disclosures by September 14, 2003. Defendants will make their initial disclosures 60 days following plaintiff's initial disclosures, or by November 13, 2003.

9.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

        1.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

Other than the agreement reached between the parties in paragraph 8 regarding initial disclosures, none.

2.  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

Defendants have proposed bifurcating the lawsuit so that the discovery proceeds in two phases: (1) liability and (2) damages. The liability discovery period would be conducted for 120 days following the initial disclosures by defendants and would end on or about February 10, 2004. The damages discovery period would be conducted for 90 days after the end of the liability discovery period and would end on or about May 10, 2004.

Plaintiff opposes the bifurcation of the lawsuit.

3.  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

Other than the changes proposed by defendants, none are requested at this time.

4.  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and(c).

The defendants anticipate filing a motion for entry of a confidentiality and protective order to ensure confidentiality of information that may be requested by plaintiff.

B.  When and to whom the plaintiff anticipates it may send interrogatories

Plaintiff anticipates serving interrogatories within 90 days on all parties appearing in the lawsuit.

C.  When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate serving interrogatories on the City of San Benito within 90 days after the receipt of plaintiff's initial disclosures, or by December 13, 2003.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the oral depositions of the corporate representatives of the defendants and other fact witnesses who may be identified.

E.  Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the oral deposition of the City of San Benito's corporate representative and other fact witnesses who may be identified during the same time frame that plaintiff is conducting oral depositions.

F. List expert depositions the plaintiff anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Defendants will designate experts and provide expert reports 90 days before trial at which time the plaintiff will depose the experts.

G. List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

Plaintiff will designate experts and provide expert reports 150 days before trial at which time the defendants will depose the experts.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties do not agree on whether or not the lawsuit should be bifurcated so that discovery proceeds in two phases:  (1) liability and (2) damages.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

To date, no discovery has taken place.

12. State the date the planned discovery can reasonable be completed.

Discovery can be completed 60 days before trial.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Plaintiff has not made a formal demand, and therefore defendants do not have the necessary understanding of potential liability and damages for settlement purposes.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have discussed settlement possibilities at their initial telephone conference which was held on August 15, 2003.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

The parties have no objection to mediation after disclosures have been made and sufficient discovery has been completed.

16. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

The parties object to the submission of the case to a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

A jury demand has been made.

18. Specify the number of hours it will take to present the evidence in this case.

At this time, the parties do not have a full appreciation of this lawsuit and the evidence likely to be gathered to answer this question.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

The City of San Benito's Motion to Remand and defendants corresponding opposition brief have been fully submitted to the Court and are ready to be ruled on.

20. List other motions pending.

There are no other motions pending at this time other than the Motion to Remand.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Defendants would like to alert the Court as to the threshold liability question in this lawsuit: Whether any of the defendants own or owned pipelines within the city limits of the City of San Benito.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Adam Poncio, State Bar No. 16109800, Law Offices of Cerda & Poncio, A Professional Corporation, 924 McCullough, San Antonio, Texas 78215-1642, telephone (210) 212-7979, fax (210) 212-5880, and Ramon Garcia, Texas Bar No. 07641800, Law Offices of Ramon Garcia, P.C., 222 West University Drive, Edinburg, Texas 78539, telephone (210) 383-7441, facsimile (210) 381-0825.

Osborne J. Dykes, III, Federal ID No. 1796, State Bar No. 06325500, William D. Wood, Federal ID No. 2002, State Bar No. 21916500, and Jeffrey D. Palmer, Federal ID No. 27014, State Bar No. 24027585, Fulbright & Jaworski L.L.P., 1301 McKinney, Suite 5100, Houston, Texas 77010, telephone (713) 651-5151, facsimile (713) 651-5246. Local counsel David G. Oliveira, State Bar No. 15254675, Roerig, Oliveira & Fisher, L.L.P., 855 West Price Road, Suite 9, Brownsville, Texas 78520, telephone (956) 542-5666, facsimile (956) 542-0016.

Julie L. Ezell, State Bar No. 24014326, Cinergy Marketing & Trading, LP, 1000 East Main Street, Plainfield, Indiana 46168, telephone (317) 838-1100 (Plainfield), telephone (513) 287-2557 (Cincinnati), facsimile (317) 838-6001 and Randy Bevis, State Bar No. 02280100, Cinergy Marketing & Trading, LP, 1100 Louisiana, Suite 4900, Houston, Texas 77002, telephone (713) 393-6857, facsimile (713) 393-6903.

J. D. Page, State Bar No. 15406700, 3040 Post Oak Blvd., Suite 850, Houston, Texas 77056, telephone  (713) 840-9200, facsimile (713) 840-9217 and Bradley M. Whalen, State Bar No. 21238800, Doyle, Restrepo, Harvin & Robbins, LLP, 4700 Chase Tower, 600 Travis Street, Houston, Texas 77002, telephone (713) 228-5100, facsimile (713) 228-6138 and Rene O. Oliveira, State Bar No. 15254700, Roerig, Oliveira & Fisher, LLP, 855 West Price Road, Suite 9, Brownsville, Texas 78520-8718, telephone (956) 542-5666, facsimile (956) 542-0016.

Francis I. Gandy, State Bar No. 07615000, 148 American Bank Plaza, Corpus Christi, Texas 78475, telephone (361) 883-6333, facsimile (361) 883-0148.

Respectfully Submitted,

Attorney for Plaintiff


_Adam Poncio_ w/perm.
Adam Poncio


Attorney-in-Charge for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., and Shell Gas Trading Company


_Osborne J. Dykes_ w/perm.
Osborne J. Dykes, III

Attorneys for Cinergy Marketing & Trading, LP

_Randy Bevis_ w/ perm

Randy Bevis
Julie L. Ezell


Attorneys for Pennzoil Gas Marketing Company

_J. D. Page_ w/perm

J. D. Page
Bradley M. Whalen


Attorney for Gulf Coast Energy, Inc.

_Francis I. Gandy_ m. w/ perm

Francis I. Gandy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with Rule 5 of the Federal Rules of Civil Procedure to the following parties on May 8, 2003: *aug. 18*

Adam Poncio
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, TX 78215-1642

Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, TX 78539

Bradley M. Whalen
Doyle, Restrepo, Harvin & Robbins, L.L.P.
4700 Chase Tower, 600 Travis Street
Houston, Texas 77002

Robert Galligan
Jones, Galligan, Key & Lozano LLP
2300 W. Pike, Suite 300,
P O Drawer 1247
Weslaco, TX 78599-1247

Randy Beevis
Cinergy Marketing & Trading, LP
1100 Louisiana
Suite 4900
Houston, Texas 77002

Julie L. Ezell
Cinergy Marketing & Trading, LP
1000 East Main Street
Plainfield, Indiana 46168

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Tx 78475

J. D. Page
Attorney at Law
3040 Post Oak Blvd.
Suite 850
Houston, Texas 77056

Rene O. Oliveira
Roerig, Oliveira & Fisher
855 West Price Road, Suite 9
Brownsville, TX 78520

DAVID G. OLIVEIRA