United States District Court
Southern District of Texas
FILED

OCT 3 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C. A. NO. B03-080 |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S SEVENTH AMENDED PETITION, PETITION FOR DECLARATORY JUDGMENT, REQUEST FOR INJUNCTIVE RELIEF AND REQUEST FOR JURY TRIAL and COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant Chevron U.S.A., Inc. ("Defendant") files its Original Answer to Plaintiff's Seventh Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial ("Amended Petition") and Counterclaim for Declaratory Relief.

### I. ANSWER

1.  As to the allegations in the opening Paragraph of the Amended Petition preceding Paragraph 1.1, Defendant admits the fact that Plaintiff requests a jury trial and that Plaintiff complains of Defendants' alleged conduct, but denies the remaining allegations in that Paragraph.

2.  As to the allegations in Paragraph 1.1 of the Amended Petition, Defendant admits that the City of San Benito is located in Cameron County, Texas, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 1.1.

3.  As to the allegations in Paragraph 1.2 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information

to admit or deny the remaining allegations in Paragraph 1.2 as they relate to the other named defendants.

4. As to the allegations in Paragraph 1.3 of the Amended Petition, Defendant denies those allegations. Discovery will be conducted pursuant to the Federal Rules of Civil Procedure and any Scheduling Order the Court may issue.

5. As to the allegations in Paragraph 2.1 of the Amended Petition, Defendant admits that this action is maintainable in the United States District Court for the Southern District of Texas, Brownsville Division in Cameron County, Texas. Defendant denies the remaining allegations in Paragraph 2.1 as they relate to Defendant, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2.1 as they relate to the other named defendants.

6. As to the allegations in Paragraph 2.2 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations in Paragraph 2.2 as they relate to the other named defendants.

7. As to the allegations in Paragraph 2.3 of the Amended Petition, Defendant admits that Plaintiff has alleged tort, contractual and/or quasi-contractual claims, but denies Plaintiff is entitled to recovery on such claims. Defendant denies the remaining allegations in Paragraph 2.3 as they relate to Defendant.

8. As to the allegations in Paragraph 2.4 of the Amended Petition, Defendant admits that this action is maintainable in the United States District Court for the Southern District of Texas, Brownsville Division in Cameron County, Texas. Defendant denies the remaining allegations in Paragraph 2.4 as they relate to Defendant.

9. As to the allegations in Paragraph 2.5 of the Amended Petition, Defendant admits that this action is maintainable in the United States District Court for the Southern District of Texas, Brownsville Division in Cameron County, Texas. Defendant denies the remaining allegations in Paragraph 2.5.

10. As to the allegations in Paragraph 3.1 of the Amended Petition, Defendant is without sufficient knowledge or information to admit or deny those allegations.

11. As to the allegations in Paragraph 3.2 of the Amended Petition, Defendant admits that it has engaged in business transactions and activities involving natural gas, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3.2 as they relate to the other named defendants.

12. As to the allegations in Paragraph 3.3 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

13. As to the allegations in Paragraph 3.4 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

14. As to the allegations in Paragraph 3.5 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

15. As to the allegations in Paragraph 3.6 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

16. As to the allegations in Paragraph 3.7 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

17. As to the allegations in Paragraph 3.8 of the Amended Petition, Defendant denies ever being obligated to compensate Plaintiff. Defendant denies the remaining allegations in Paragraph 3.8 of the Amended Petition as they relate to Defendant, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3.8 as they relate to the other named defendants.

18. As to the allegations in Paragraph 3.9 of the Amended Petition, Defendant denies ever being obligated to pay Plaintiff any franchise tax or fee, street rental, or other fee or charge. Defendant denies the remaining allegations in Paragraph 3.9 of the Amended Petition as they relate to Defendant, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3.9 as they relate to the other named defendants.

19. As to the allegations in Paragraph 3.10 of the Amended Petition, Defendant denies ever being obligated to pay Plaintiff any franchise tax or fee, street rental, or other fee or charge. Defendant denies the remaining allegations in Paragraph 3.10 of the Amended Petition as they relate to Defendant, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3.10 as they relate to the other named defendants.

20. As to the allegations in Paragraph 3.11 of the Amended Petition, Defendant denies ever being obligated to file with the City Secretary of San Benito any annual sworn reports. Defendant denies the remaining allegations in Paragraph 3.10 of the Amended Petition as they relate to Defendant, but is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3.11 as they relate to the other named defendants.

21. As to the allegations in Paragraph 3.12 of the Amended Petition, the referenced Ordinance speaks for itself. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3.12.

22. As to the allegations in Paragraph 3.13 of the Amended Petition, Defendant admits Plaintiff bases its claims on the activities alleged in the Amended Petition and that Plaintiff seeks compensation, legal and equitable relief, but denies that the alleged activities support such claims or that Plaintiff is entitled to such relief.

23. With respect to Paragraph 4.1 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 3.13 of the Amended Petition as set forth herein.

24. As to the allegations in Paragraph 4.2 of the Amended Petition, the Texas Supreme Court's *Fleming v. Houston Lighting & Power Co.* decision speaks for itself. Defendant denies the remaining allegations in Paragraph 4.2 as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

25. With respect to Paragraph 4.3 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.2 of the Amended Petition as set forth herein.

26. As to the allegations in Paragraph 4.4 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

27. With respect to Paragraph 4.5 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.4 of the Amended Petition as set forth herein.

28. As to the allegations in Paragraph 4.6 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

29. With respect to Paragraph 4.5 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.6 of the Amended Petition as set forth herein.

30. As to the allegations in Paragraph 4.8 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

31. With respect to Paragraph 4.9 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.8 of the Amended Petition as set forth herein.

32. As to the allegations in Paragraph 4.10 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

33. As to the allegations in Paragraph 4.11 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

34. As to the allegations in Paragraph 4.12 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

35. With respect to Paragraph 4.13 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.12 of the Amended Petition as set forth herein.

36. As to the allegations in Paragraph 4.14 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

37. With respect to Paragraph 4.15 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.14 of the Amended Petition as set forth herein.

38. As to the allegations in Paragraph 4.16 of the Amended Petition, Section 37.001, *et seq.* speaks for itself. Defendant denies the remaining allegations in Paragraph 4.16 as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

39. As to the allegations in Paragraph 4.17 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

40. With respect to Paragraph 4.18 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.17 of the Amended Petition as set forth herein.

41. As to the allegations in Paragraph 4.19 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

42. As to the allegations in Paragraph 4.20 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

43. With respect to Paragraph 4.21 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.20 of the Amended Petition as set forth herein.

44. As to the allegations in Paragraph 4.22 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

45. With respect to Paragraph 4.23 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.22 of the Amended Petition as set forth herein.

46. As to the allegations in Paragraph 4.24 of the Amended Petition, Defendant admits that Plaintiff seeks the relief alleged therein, but denies Plaintiff is entitled to such relief.

47. With respect to Paragraph 4.25 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.24 of the Amended Petition as set forth herein.

48. As to the allegations in Paragraph 4.26 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

49. With respect to Paragraph 4.27 of the Amended Petition, Defendant realleges its answers to the opening Paragraph through Paragraph 4.26 of the Amended Petition as set forth herein.

50. As to the allegations in Paragraph 4.28 of the Amended Petition, Defendant denies those allegations as they relate to Defendant, but is without sufficient knowledge or information to admit or deny those allegations as they relate to the other named defendants.

51. As to the allegations in Paragraph 4.29 of the Amended Petition, Defendant admits Plaintiff requests a jury trial, but is without sufficient knowledge or information to admit or deny the remaining allegations in that paragraph.

52. As to the allegations in the "PRAYER" following Paragraph 4.29 of the Amended Petition, Defendant admits that Plaintiff seeks the relief alleged therein, but denies Plaintiff is entitled to such relief.

## II. AFFIRMATIVE AND SPECIFIC DEFENSES

1. Plaintiff's Amended Petition fails to state a claim upon which relief can be granted for the following reasons, among others:

   a. To the extent Plaintiff seeks to apply the ordinance referenced in its Amended Petition (the "Ordinance") extraterritorially or use it to raise revenues, the Ordinance exceeds Plaintiff's authority and is invalid and unenforceable;

   b. The Ordinance is inapplicable to Defendant because it applies only to a "public utility" pursuant to Texas Tax Code § 182.025. Furthermore, the Ordinance is inapplicable to sales to parties who are not "consumers;"

   c. Plaintiff's claim for removal or purpresture fails because that cause of action is not recognized under Texas law;

  d. Plaintiff's claim for unjust enrichment/quantum meruit fails because no services and/or materials were furnished to Defendant.

  e. Plaintiff's claim for pernance of profits fails because that cause of action is not recognized under Texas law; and

  f. Plaintiff's claim for tortious interference fails because Plaintiff has failed to specifically identify any lost contract resulting from the alleged interference.

 2. Plaintiff's claims are barred in whole or in part by legal, equitable, quasi and/or judicial estoppel.

 3. Plaintiff's claims are barred in whole or in part by limitations or laches.

 4. Plaintiff's claims are barred in whole or in part to the extent they have been reviewed, considered, addressed, decided, or otherwise resolved by any regulatory body or authority, including but not limited to the Texas Railroad Commission and the City of San Benito.

 5. Defendant specifically denies having acted with malice or fraud toward to the Plaintiff.

 6. Plaintiff's claims are barred in whole or in part by Plaintiff's consent, approval and/or acquiescence with respect to the matters alleged in the Amended Petition.

 7. To the extent that the alleged transportation or sale of natural gas affects interstate commerce, the Ordinance and any other ordinance, statute, or claim purporting to impose a percentage or volumetric charge or any additional unauthorized burden on interstate commerce is void and unenforceable under the Commerce Clause of the United States Constitution and the laws and Constitution of the State of Texas.

### III. DEFENDANT'S COUNTERCLAIM

1. Plaintiff alleges that Defendant has engaged in certain business activities, which Plaintiff contends obligate Defendant to pay Plaintiff a "franchise tax or fee, street rental, or other fee or charge" under certain alleged city statutes and/or ordinances.

2. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Defendant/Counter-Plaintiff Chevron U.S.A., Inc. ("Counter-Plaintiff") brings this counterclaim against City of San Benito. In this counterclaim, Counter-Plaintiff requests that the Court enter a judicial declaration declaring that the municipal ordinance referenced in Plaintiff's Amended Petition, which forms the basis of its claims against Defendant, does not impose a duty upon Defendant to either: (1) file a sworn report with the City Secretary showing Defendant's alleged gross receipts derived from alleged sales of natural gas sold within Plaintiff's corporate limits; or (2) pay to Plaintiff rentals equal to 2% of such alleged gross receipts.

3. Counter-Plaintiff requests that the Court award Counter-Plaintiff its costs, including its attorney's fees, that have been incurred as a result of Counter-Plaintiff having to file and pursue this declaratory judgment action.

### Prayer for Relief

Defendant/Counter-Plaintiff Chevron U.S.A., Inc. respectfully prays that the court enter judgment against City of San Benito and: (1) declare that Chevron U.S.A., Inc. is not liable to City of San Benito for any claims asserted by in this lawsuit; (2) declare that Chevron U.S.A., Inc. has no obligation to (a) file sworn reports with the City of San Benito City Secretary showing Defendant's gross receipt derived from alleged sales of natural gas sold within Plaintiff's corporate limits, or (b) pay to City of San Benito rentals equal to 2% of such gross receipts; (3) Award to Chevron U.S.A., Inc. its costs, including its attorney's fees, that it has

incurred as a result of having to file this declaratory judgment action; and (4) award to Chevron U.S.A., Inc. all other and further relief to which it may show itself justly entitled.

Dated: October 30, 2003

Respectfully submitted,

_____
Jerry K. Clements  w/ permission
(Attorney-in-Charge)   M Batsell
 Texas State Bar No. 20888200   SBOT 04631400
 Southern District of Texas Bar No. 15814
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF CHEVRON U.S.A., INC.**

**OF COUNSEL:**
LOCKE LIDDELL & SAPP LLP
C. Scott Jones
 Texas State Bar No. 24012922
 Southern District of Texas Bar No. 30151
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Eduardo R. Rodriguez
 Texas State Bar No. 17144000
 Southern District of Texas Bar No. 1944
Marjory C. Batsell
 Texas State Bar No. 04631400
 Southern District of Texas Bar No. 3983
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telecopier: (956) 541-2170
DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S SEVENTH AMENDED PETITION,
PETITION FOR DECLARATORY JUDGMENT, REQUEST FOR INJUNCTIVE RELIEF
AND REQUEST FOR JURY TRIAL and COUNTERCLAIM FOR DECLARATORY RELIEF – 
Page 13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record, as indicated below, via certified mail, return receipt requested, on this 30th day of October, 2003.

_____
Marjory C. Batsell