37

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 03-CV-80 |
| | § | Jury Trial Requested |
| TEJAS GAS PIPELINE CO., ET AL., | § | |
| | § | |
| Defendants. | § | |

ORIGINAL ANSWER, SUBJECT TO THEIR OBJECTION TO VENUE, OF DUKE
ENERGY TRADING AND MARKETING, L.L.C., PANENERGY TRADING AND
MARKET SERVICES, L.L.C. AND PANENERGY TRADING & MARKETING, L.L.C.,
AND TO PLAINTIFF'S SEVENTH AMENDED PETITION

Defendants Duke Energy Trading and Marketing, L.L.C., PanEnergy Trading and Market

Services, L.L.C. and PanEnergy Trading & Marketing, L.L.C. and (collectively "Defendants"),

subject to their objection to venue, file this Original Answer to Plaintiff's Seventh Amended

Petition and respectfully show the Court the following:

**Specific Admissions and Denials**

1.1     Defendants admit that the City of San Benito is located in Cameron County,

Texas. Defendants are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in paragraph 1.1.

1.2     Defendants admit that Exhibit "A" to Plaintiff's Seventh Amended Petition (the

"Petition") lists the names of Duke Energy Trading and Marketing, L.L.C., PanEnergy Trading

and Market Services, L.L.C. (incorrectly named in the Petition and Exhibit "A" of the Petition as

"PanEnergy Trading & Market Services, L.L.C." or "Panenergy Trading & Marketing, L.L.C."

or "Panenergy Trading & Marketing Services, L.L.C.") and their respective registered agents.

PanEnergy Trading & Marketing, L.L.C. is not a legal entity and, therefore, Defendants deny

30580467.1

that it would have a registered agent.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.2.

1.3    Defendants deny the allegations contained in paragraph 1.3.  Discovery will be conducted pursuant to the Federal Rules of Civil Procedure and any Scheduling Order the Court may issue.

2.1    Defendants deny the allegations contained in paragraph 2.1.

2.2    Defendants deny the allegations contained in paragraph 2.2.

2.3    Defendants deny the allegations contained in paragraph 2.3.

2.4    Defendants deny the allegations contained in paragraph 2.4.

2.5    Defendants deny the allegations contained in paragraph 2.5.

3.1    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.1.

3.2    Defendants admit only that Duke Energy Trading and Marketing, L.L.C. and PanEnergy Trading and Market Services, L.L.C. have engaged in, or previously have engaged in, some transactions or activities, excluding distribution, involving natural gas.  Defendants deny the remaining allegations contained in paragraph 3.2.    As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.2.

3.3    Defendants deny the allegations contained in paragraph 3.3.  As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.3.

3.4    Defendants Duke Energy Trading and Marketing, L.L.C. and PanEnergy Trading and Market Services, L.L.C. are without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in subparagraphs (b) and (c) of paragraph 3.4 only insofar as they may pertain to the transport, delivery, marketing, trading or sale of their own gas to persons located outside the City of San Benito. Defendants deny the remaining allegations contained in paragraph 3.4. As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.4.

3.5    Defendants deny the allegations contained in paragraph 3.5. As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.5.

3.6    Defendants deny the allegations contained in paragraph 3.6. As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.6.

3.7    Defendants deny the allegations contained in paragraph 3.7. As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.7.

3.8    Defendants admit that they have never paid Plaintiff to conduct any dangerous or hazardous activities in the City of San Benito; however, Defendants deny there is any legal requirement that Defendants pay Plaintiff any such charge. Defendants deny the remaining allegations contained in paragraph 3.8. As to the remaining defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.8.

3.9    With respect to these Defendants only, it is admitted that none of the Defendants does now pay, nor has in the past, paid to the City of San Benito any franchise tax or fee, street

rental, or other fee or charge, however denominated or characterized, in exchange for the City's formal consent or formal authorization; however, Defendants deny there is any legal requirement that Defendants pay any such fee or charge. Defendants deny the remaining allegations contained in paragraph 3.9. As to the other defendants in the lawsuit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.9.

3.10    With respect to these Defendants only, it is admitted that none of the Defendants does now pay, nor has in the past, paid to Plaintiff, any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for Plaintiff City of San Benito's formal authorization or formal consent; however, Defendants deny there is any legal requirement that Defendants pay any such fee or charge. Defendants deny the remaining allegations contained in paragraph 3.10. As to other defendants in the lawsuit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.10.

3.11    With respect to these Defendants only, it is admitted that Defendants have not filed with the City Secretary of San Benito, annual sworn reports; however, Defendants deny there is any requirement that Defendants file any such reports. Defendants deny the remaining allegations contained in paragraph 3.11. As to the other defendants in the lawsuit, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.11.

3.12    On information and belief, Defendants admit that Exhibit "B" to Plaintiff's Seventh Amended Petition is a copy of Ordinance No. 478. Defendants further admit that Ordinance No. 478 speaks for itself and is the best evidence of its own terms. Defendants are

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.12.

3.13    Defendants deny the allegations contained in paragraph 3.13.

4.1    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.2    Defendants admit that *Fleming v. Houston Lighting & Power Co.*, 138 S.W.2d 520 (Tex. 1940) speaks for itself and is the best evidence of its own terms.  Defendants deny the remaining allegations contained in paragraph 4.2.

4.3    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.4    Defendants deny the allegations contained in paragraph 4.4.

4.5    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.6    Defendants deny the allegations contained in paragraph 4.6.

4.7    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.8    Defendants deny the allegations contained in paragraph 4.8.

4.9    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.10    Defendants deny the allegations contained in paragraph 4.10.

4.11    Defendants deny the allegations contained in paragraph 4.11.

4.12    Defendants deny the allegations contained in paragraph 4.12.

4.13    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.14    Defendants deny the allegations contained in paragraph 4.14.

4.15    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.16    Defendants admit that Section 37.001, *et seq.* of the Texas Civil Practice & Remedies Code speaks for itself and is the best evidence of its own terms.  Defendants deny all remaining allegations contained in paragraph 4.16.

4.17    Defendants deny the allegations contained in paragraph 4.17.

4.18    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.19    Defendants deny the allegations contained in paragraph 4.19.

4.20    Defendants deny the allegations contained in paragraph 4.20.

4.21    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.22    Defendants deny the allegations contained in paragraph 4.22.

4.23    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.24    Defendants deny the allegations contained in paragraph 4.24.

4.25    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.26    Defendants deny the allegations contained in paragraph 4.26.

4.27    Defendants hereby reincorporate by reference as though fully set forth herein Defendants' answers and responses to the allegations set forth in the previous paragraphs.

4.28    Defendants deny the allegations contained in paragraph 4.28.

4.29    Defendants admit that Plaintiff requests a jury but are without knowledge or information sufficient to form a belief as to whether Plaintiff has paid a jury fee.

### Affirmative Defenses

1.    Plaintiff's Seventh Amended Petition fails to state a claim upon which relief can be granted for the following reasons, among others:

    a.    Insofar as the City of San Benito attempts to apply its Ordinance No. 478 extraterritorially or use Ordinance No. 478 to raise revenues, the ordinance exceeds the authority of Plaintiff and is invalid and unenforceable;

    b.    The City of San Benito Ordinance No. 478 is inapplicable to Defendants. Ordinance No. 478 is applicable only to a "public utility" pursuant to Texas Tax Code § 182.025. Further, Ordinance No. 478 is inapplicable to sales to parties who are not "consumers," and is inapplicable to parties who do not own or operate any pipelines within the city limits of the City of San Benito;

    c.    The City of San Benito Ordinance No. 478 does not apply to Defendants because Defendants have not used "any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito;"

    d.    Plaintiffs' claim for removal of purpresture fails because that cause of action is not recognized under Texas law;

e.    Plaintiff's claim for unjust enrichment/quantum meruit fails because no services and/or materials were furnished to Defendants;

f.    Plaintiff's claim for trespass fails because these Defendants have not occupied Plaintiff's physical property;

g.    Plaintiff's claim for pernancy, or the taking of profits, fails because that cause of action is not recognized under Texas law;

h.    Plaintiff's claim for wrongful appropriation fails because Defendants did not appropriate or use the City of San Benito's city streets, rights of way, or any other city property; and

i.    Plaintiff's tortious interference claim fails because Plaintiff has failed to specifically identify any lost contract resulting from the alleged interference.

2.    Defendants object to venue and reserve the right to seek a venue change under either Rule 12(b)(6) of the Federal Rules of Civil Procedure, for improper venue, or 28 U.S.C. § 1404, for the convenience of the parties and witnesses and in the interest of justice. Alternatively, Defendants reserve their right to move to transfer venue to Harris County under Section 15.063 of the Texas Civil Practice & Remedies Code.

3.    Defendants affirmatively plead Texas Utility Code §§ 181.004-181.006 and 181.021-181.026. These statutory provisions create a state franchise upon which Plaintiff cannot lawfully impose any burden, condition, or charge. In accordance with these statutes, Plaintiff has consented to the location and operation of any pipelines presently owned by any of the defendants in the lawsuit within the city limits of the City of San Benito. Alternatively, to the extent any additional, different or further consent is required from Plaintiff and has not been given, Plaintiff's failure to provide such consent is unreasonable, arbitrary and capricious, and

Plaintiff must be deemed to have given its consent to the location and operation of any such pipelines. In the further alternative, to the extent Plaintiff has withheld any required consent on the basis of safety standards or practices, Plaintiff's failure to consent is unreasonable, arbitrary and capricious because safety standards and practices for pipelines are established by applicable federal and state statutes which preempt municipal ordinances that purport to establish any safety standards or practices.

4.      Defendants affirmatively plead Texas Tax Code § 182.025, insofar as it may be applicable to any pipelines involved in this case. This statute provides that such charges may be assessed only against a "public utility" and may not exceed the amount or amounts prescribed by the statute for the sale of gas, if any, within the City of San Benito.

5.      Defendants affirmatively plead Texas Tax Code §§ 151.302, 151.308, 151.317, 151.318, 321.207(a) and 321.208, which exempt certain sales from the imposition of sales·taxes.

6.      Plaintiff's claims are barred in whole or in part by Plaintiff's consent, approval, or, alternatively, acquiescence with respect to the matters alleged.

7.      Plaintiff's claims are barred in whole or in part by legal, equitable, quasi and/or judicial estoppel.

8.      Although Defendants' investigation is continuing, upon information and belief, Plaintiff is barred, estopped, and otherwise precluded from some or all of the relief that it seeks due to its failure to mitigate its own damages, if any.

9.      Plaintiff's claims are barred in whole or in part by limitations or laches.

10.      Plaintiff's claims are barred in whole or in part by the defenses of privilege and justification.

11.    Plaintiff's claims are barred in whole or in part by the constitutional doctrine of separation of powers.

12.    Plaintiff's claims are barred in whole or in part, to the extent that they have been considered, addressed, decided or resolved by any regulatory body, including but not limited to the Texas Railroad Commission and the City of San Benito.

13.    To the extent Plaintiff seeks to include interest in excess of the amount allowed by the applicable usury statutes, Defendants plead that Plaintiff is in violation of such usury statutes. In addition, Defendants are entitled to all damages permitted by such violations of the applicable usury statutes.

14.    Defendants specifically deny that they have acted with malice or fraud toward the Plaintiff.

15.    Defendants deny that any punitive or exemplary damages should be assessed against them, but in any event, any claim for such damages would be subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19 of the Texas Constitution. Defendants further plead the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code including but not limited to § 41.007 (punitive damages may not exceed four times the amount of actual damages (if any) or $200,000, whichever is greater) as it existed before September 1, 1995 and § 41.008 (exemplary damages may not exceed two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000, or $200,000, whichever is greater) in the current codification. Defendants further plead that any award of punitive or exemplary damages based on the pleadings, evidence, and attendant facts of this case would violate limitations, restrictions and prohibitions contained in the Constitutions

and laws of the United States and the State of Texas, including, but not limited to, limitations, restrictions and prohibitions on (i) taking of property without just compensation, (ii) excessive fines, and (iii) vague, indefinite and/or inadequate standards and procedures for awarding and reviewing awards of punitive or exemplary damages.

16.    Plaintiff's claims are barred in whole or in part because its claims violate one or more provisions of the United States Constitution, including the Due Process Clause and the Equal Protection Clause in the Fourteenth Amendment, the Commerce Clause in Article I, § 8, clause 3, and the Taking Clause in the Fifth Amendment, and the Constitution of the State of Texas.

17.    As to the transportation or sale of natural gas which affects interstate commerce, Ordinance No. 478 and any other ordinance or claim purporting to impose a percentage or volumetric charge or to place any additional unauthorized burden on interstate commerce is void and unenforceable under the Commerce Clause of the United States Constitution and under the laws and Constitution of the State of Texas.

18.    Plaintiff's claim is barred under the Constitution and laws of the State of Texas, including without limitation the home rule amendment to the Texas Constitution, TEX. CONST. art. XI, § 5, insofar as it may attempt to impose rental charges or other fees upon an interurban business which is not purely local to the City of San Benito.  Plaintiff's legislative powers may be exercised only within its territorial limits and may not apply extraterritorially.  To the extent the defendants in the lawsuit own and operate pipelines, such pipelines would be transmission pipelines that run throughout the State of Texas, and the claims made by Plaintiff, if permitted, would constitute an impermissible burden on interurban commerce.

19.    To the extent defendants in this lawsuit own and operate pipelines, some portion of such pipelines lie in easements or other real property interests privately acquired and owned by these defendants. Plaintiff's claim for rent or similar charges for alleged "use" of public property is barred insofar as it may attempt to charge rent to a party for using its own property. In this regard, Defendants plead the Due Process Clauses of the Texas and United States Constitutions. U.S. CONST. AMEND V and XIV; TEX. CONST. art I, § 19.

WHEREFORE, Defendants respectfully request this Court to enter a take nothing judgment against Plaintiff, and that Defendants recover from Plaintiff their expenses, including attorneys' fees incurred in defending this proceeding. Defendants further request such other relief to which they may be justly entitled.

30580467.1

Respectfully submitted,

David Van Susteren
Federal ID No. 6126
State Bar Texas No. 20495880
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Defendants Duke Energy Trading and Marketing, L.L.C., PanEnergy Trading and Market Services, L.L.C. and PanEnergy Trading & Marketing, L.L.C.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
Robert S. Ballentine
Federal ID No. 7798
State Bar Texas No. 01654700
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 30, 2003.

Robert S. Ballentine