IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| ET.AL., | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO NOTICE OF REMOVAL AND MOTION TO REMAND**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Now comes the City of San Benito, Plaintiff, and files this Supplemental Response to the Notice of Removal and Motion to Remand, and respectfully shows this Court the following:

**RESPONSE TO NOTICE OF REMOVAL**

1. With regard to Plaintiff's prior motion, Plaintiff City of San Benito referenced a prior ruling bu this court determining that this court did not have jurisdiction. The case involved a prior interpretation of jurisdiction with regard to the very ordinance made the basis of Plaintiff's claims. The prior order is attached hereto as exhibit "A" and demonstrates his court's prior determination that it should abstain from tax questions and this court's determination that relief is available through the state courts. See A Bonding Co. v. Sunnuck, 629 F.2d 1127, 1130 (5th Cir. 1980)(district court must dismiss for lack of jurisdiction unless it could be shown that Defendant lacked a plain, speedy and efficient remedy in state court).

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Court grant its Motion to Remand and remand this case to the state court, and for such other and further relief,

both in law and in equity, including fees and expenses, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

_____
Adam Poncio
State Bar No. 16109800
**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation
924 McCullough
San Antonio, Texas 78215-1642
Telephone: (210) 212-7979
Facsimile: (210) 212-5880

**ATTORNEYS FOR PLAINTIFF**

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document was caused to be served upon the court and upon all counsel of record on this the 11th day of November, 2003.

_____
Adam Poncio

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| ET.AL., | § | |
| | § | |
| Defendants | § | |

## ORDER REMANDING CASE TO STATE COURT

Be IT REMEMBERED that on this day came on to be heard Plaintiff's Response to Defendants' Notice of Removal and Plaintiff's Motion To Remand in the above styled and numbered cause. After considering the motion and the arguments of counsel, this Court is of the opinion that Plaintiff's Motion to Remand should be granted.

It is therefore ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Remand be, and is hereby, GRANTED.

It is therefore ORDERED that this case is hereby remanded to the 107th Judicial District Court of Cameron County, Texas.

The court further orders that Defendants pay to Plaintiff's counsel attorneys fees in the amount of _____, said fees to be paid within 30 days of the date of this order.

SIGNED this _____ day of _____, 2003.

_____
United States District Judge

# EXHIBIT "A"

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RIO GRANDE VALLEY GAS COMPANY<br>VS<br>CITY OF SAN BENITO | C.A. No. 150 |
| RIO GRANDE VALLEY GAS COMPANY<br>VS.<br>CITY OF ALAMO | C.A. No. 152 |
| RIO GRANDE VALLEY GAS COMPANY<br>VS.<br>CITY OF DONNA | C.A. No. 153 |
| RIO GRANDE VALLEY GAS COMPANY<br>VS.<br>CITY OF PHARR | C. A. No. 154 |

Messrs. Ward & Brown, of Corpus Christi, Texas;
Messrs. West & Hightower, of Brownsville, Texas;
and Hon. B. D. Kimbrough, of Corpus Christi, Texas;
for plaintiff.

Hon. E.A. McDaniel, of McAllen, Texas; and Hon.
Charles C. Bowie, of San Benito, Texas; for defendants.

MARCH 19, 1942

MEMORANDUM:

Plaintiff, a Delaware corporation, filed these actions against the defendant municipalities alleging, in each instance, that before building a distribution system, it had secured a franchise for a small annual fee; that thereafter, without referendum and without consent of plaintiff, the respective municipalities adopted ordinances unlawfully exacting from plaintiff two per cent of its gross receipts from the sale of natural gas.

In each instance it is alleged that the matter in controversy exceeds, exclusive of interest, the sum of $3,000.00. Jurisdiction is sought to be based upon diversity of citizenship and the amount in controversy as well as upon the existence of a Federal question. It is alleged that the ordinances levying the two per cent tax is violative of Art. I, Sec. 10, and Art. VI, amendments V, IX, X, and XIV. In the actions against the City of Donna, the City of

"Exhibit C"

Pharr, and the City of Alamo, it is alleged that, under compulsion of the criminal features of such ordinances, plaintiff has paid small sums ($49.78; $3.40, and $10.65 respectively).

The prayer in each instance is, first, for judgment declaring the ordinances null and void "and that defendant be enjoined from attempting to enforce same or any part thereof;" and for recovery of the amounts paid; and, in the alternative, that plaintiff have judgment "that $10.00 per annum during the term of its franchise is a reasonable sum to be collected as rentals from plaintiff for such use of the streets and alleys to serve consumers within the city limits . . ."

Plaintiff moved for the appointment of a master to hear evidence. Defendants objected to such appointment, raising the first and fundamental question of jurisdiction of this court, taking the position, that notwithstanding general allegations that the amount in controversy exceeds $3,000.00, the complaints show affirmatively that the amount of the tax to be collected for the remainder of the period of the original franchise is far less than the requisite jurisdictional amount.

While the two per cent levy is denominated in the several ordinances as a "rental" it is elsewhere referred to as a tax and the emergency clauses recite that the Texas Legislature had authorized incorporated cities and towns "to levy a tax" against utilities occupying the public streets, etc., "as a rental or charge" for such use; and further re cites "the fact that the general fund of said city is in need of immediate replenishment."[1]

It will not be necessary to discuss whether the amount in controversy is sufficient to sustain jurisdiction since the

-----

(1) Evidently the statute referred to is part of Art. 7060, Vernon's Civil Statutes (Acts 1941, 47th Leg., H.B. 8). The right of incorporated cities to make such levies had already been recognized by the Texas courts, Fleming et al v. Houston Lighting and Power Co. (Tex. Sup.) 138 S.W. 2d 520; Municipal Gas Co. v. City of Wichita Falls (Tex. Civ. App.) 28 S.W. 2d 808, Southwestern Tel & Tel Co. v. City of Dallas (Tex. Civ. App.) 174 S.W. 636.

-2-

"Exhibit C"

principal relief sought is to enjoin, suspend and restrain the collection of the taxes. 28 U.S.C.A. 41(1), as amended by the Act of August 21, 1937,(2) expressly denies jurisdiction to this court of issue such an injunction, Norton et al. v. Cass County et al. 6th Cir., 115 F.2d 884. Under the authorities therein cited, plaintiff has a plain, speedy and efficient remedy in the State courts. While there is here no averment of threatened prosecutions, yet the Texas authorities are uniform that, where property rights are involved, criminal prosecutions will be restrained, Wichita Falls Traction Co. v. Raley et al (Tex. Civ. App.) 17 S.W. 2d 157; Anderson, Clayton & Co. et al v. State (Tex. Comm. App.) 62 S.W. 2d 107.

It is to be presumed that the State Courts will as faithfully and adequately protect plaintiff from alleged infringement of its rights under the Federal constitution as will the Federal courts, Gully v. First National Bank, 299 U.S. 109.

It is not clear from the complaint whether plaintiff seeks, under the prayer for alternate relief, a declaratory judgment. If so the Court is doubtful as to its jurisdiction for the reason that such a judgment would necessarily operate to suspend the collection of the taxes, which, under the statute, this court cannot do.

Defendant's suggestion of lack of jurisdiction will be sustained and the action dismissed. Plaintiff may, if it desires, amend. Let an order be prepared accordingly.

                                  JAMES V. ALLRED
                                      JUDGE

Done at Houston, Texas,
This the 19th day of March,
A.D., 1942.

---

(2) "...Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

-5-

"Exhibit C"