IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-080 |
| | § | |
| TEJAS GAS PIPELINE CO. ET AL., | § | |
| Defendants. | § | |

## ORDER

On April 30, 2003, several Defendants filed a Notice of Removal from the 107th Judicial District Court of Cameron County to this Court regarding this action. Docket No.1. The Plaintiff has subsequently filed a Motion to Remand with Supporting Authorities, which the removing Defendants oppose. Docket Nos. 10, 13. On October 27, 2003, counsel for the Plaintiff and multiple Defendants discussed the issues relevant to the issue of remand in open court. See Docket No. 22 (minute entry regarding initial pretrial scheduling conference).[1] For the reasons elaborated below, Plaintiff's Motion to Remand is hereby **DENIED**.

The Plaintiff asserts multiple reasons as to why remand is required in this case. See generally Docket No. 10. Plaintiff argues that the Court generally lacks both federal question jurisdiction and diversity jurisdiction. Id. Failing this, the Plaintiff maintains that the Tax Injunction Act deprives the Court of any subject matter jurisdiction that it might otherwise possess. Id. Finally, the Plaintiff posits that the Defendants have waived their right of removal for two interrelated procedural reasons: (1) non-unanimous consent, and (2) untimeliness. Id.

### I.   PROCEDURAL ISSUES

Taking up the procedural arguments first, this Court finds neither of the Plaintiff's contentions to have merit. During the October 27, 2003 hearing, Plaintiff conceded that not a single Defendant had yet been served with process. Defendants' sole notice of this suit was apparently via

---

[1] The participating Defendants are identified in the minute entry. Of the dozens of other Defendants named in this suit but who were absent from the scheduling conference, counsel for the Plaintiff indicated that the Plaintiff intended to dismiss them.

letter on or about March 14, 2003, to which the Plaintiff's counsel affixed a copy of its Seventh Amended Petition in the state suit. Docket No. 13. Notwithstanding the seemingly contrary language of the statute, the Supreme Court has held that formal service must be executed in order to start the thirty-day period for removal specified by 28 U.S.C. § 1446(b). Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (holding that "mere receipt of the complaint unattended by any formal service" is inadequate to trigger thirty-day period for removal). The decision in Murphy Bros. also implicitly invalidates the Plaintiff's argument regarding consent. See id. at 351 ("Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."). Accordingly, the consent of any Defendant who has not otherwise waived service of process is not required. See McCrary v. Kansas City S. R.R., 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("Simply put, a defendant who has not been properly served need not consent to the notice of removal.").

The only Defendants to have waived service of process by appearing in the state suit are Pennzoil Gas Marketing Company, Cinergy Marketing & Trading, LP, and Gulf Coast Energy, Inc. Docket No. 13. These Defendants answered in the state suit on April 11, 2003, April 30, 2003, and May 5, 2003 respectively. Id. As Gulf Coast Energy, Inc. answered after this case was removed to this Court, its answer in state court is a nullity and its consent is therefore not required for removal. See 28 U.S.C. § 1446(d) (providing that, after a notice of removal has been filed, "the State court shall proceed no further unless and until the case is remanded").[2] For its part, Pennzoil Gas Marketing Company consented to removal in the Defendants' Notice of Removal. See Docket No. 1 ("The only defendant who has answered this lawsuit, effectively waiving service, joins in and consents in this removal.").[3]

---

[2] Nonetheless, Gulf Coast Energy, Inc. has subsequently consented. See Docket No.11 (June 13, 2003 consent).

[3] Pennzoil's consent meets the requirements elaborated in Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (specifying that consent must consist of a "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so"). The Notice of Removal, in which Pennzoil's consent was indicated, was signed by Pennzoil's local Brownsville counsel, Roerig, Oliveira, & Fisher, L.L.P. "[O]ut of an abundance of caution," Pennzoil Gas Marketing Company subsequently filed a separate written consent

2

Defendant Cinergy Marketing & Trading, LP ("Cinergy") has also filed a consent to removal; however, the timeliness of its consent is more problematic. See Docket No. 12 (June 18, 2003 consent). Unlike Gulf Coast Energy, Inc., Cinergy answered in the state suit "only hours before the removal papers were filed." Docket No. 13. Generally, all defendants must join a removal petition within thirty days of the when the first defendant is served. Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988). Although no Defendant has been served in this suit, Pennzoil waived service of process by answering the suit in state court, see TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."), as has been noted by the removing Defendants. Docket No. 1. It is, therefore, arguable that the thirty-day period began running from the date of Pennzoil's answer (April 11, 2003). If so, then removal and consent thereto must have been executed not later than May 11, 2003. As previously noted, only defendants who have been served with process need consent to removal; however, Cinergy, like Pennzoil, waived service of process by answering in state court. This answer occurred, however slightly, prior to the filing of the removing Defendants' Notice of Removal. Therefore, it seems that Cinergy was required to timely consent to removal. Cf. McCrary, 121 F. Supp. 2d at 570 (stating that unserved defendants need not consent to removal, but not involving a defendant that had waived service by answering in the state suit prior to removal).

However, the Fifth Circuit recognizes that courts possess the equitable power to excuse noncompliance with the removal statute under exceptional circumstances. Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002); Doe v. Kerwood, 969 F.2d 165, 169 (5th Cir. 1992); Brown v. Demco, 792 F.2d 478, 482 (5th Cir. 1986). A Texas district court has previously found the very sort of situation faced by this Court to entail exceptional circumstances. See Milstead Supply Co. v. Cas. Ins. Co., 797 F. Supp. 569, 572-74 (W.D. Tex. 1992) (finding exceptional circumstances in a case in which service of process was executed on one defendant approximately three hours prior to the filing of a notice of removal by another defendant). As in Milstead, the removing Defendants represent that they were entirely unaware of Cinergy's answer. Id. at 572. As there is often considerable delay between the filing and docketing of court papers, id. at 573 n.7, and there were

---

to removal that notes that it "previously joined in and consented to defendant Tejas Gas Pipeline Company et al.'s removal of this action." Docket No. 14.

3

dozens of Defendants named, none of whom had been served, the removing Defendants' representation is credible.[4] Therefore, this Court hereby finds that this case features exceptional circumstances that excuse the removing Defendants' failure to timely obtain Cinergy's consent.

## II. SUBSTANTIVE ISSUES

### A. Federal Question Jurisdiction

Plaintiff argues that, because its causes of action are purely creatures of state law, there is no federal question jurisdiction in this case. Docket No. 10. Defendants argue that Plaintiff's cause of action seeking declaratory and injunctive relief effectively requires the Plaintiff to disprove multiple federal constitutional defenses asserted by the Defendants as part of the Plaintiff's case-in-chief. Docket Nos. 1, 13. Typically, under the "well-pleaded complaint" rule, federal law defenses do not provide federal question jurisdiction and, therefore, do not provide grounds for removal. See Grynberg Prod. Corp. v. British Gas, P.L.C., 817 F. Supp. 1338, 1353-54 (E.D. Tex. 1993) (canvassing applicable case law). However, essential elements of Plaintiff's claims for injunctive relief require the resolution of substantial constitutional defenses raised by Defendants due to that fact that Texas state law requires a plaintiff seeking injunctive relief to negate all reasonably inferable hypotheses that might prevent relief. Id. at 1360-62 (so holding and citing applicable Texas case law). In other words, the claim for injunctive relief pleaded by the Plaintiff, although a creature of state law, incorporates these constitutional defenses, which, therefore, "form part of the 'well-pleaded complaint' for federal question purposes." Id. at 1361. Hence, there is federal question jurisdiction in this case, notwithstanding the fact that all of Plaintiff's causes of action sound in state law.

---

[4] The removing Defendants' representation is corroborated by the fact that the state court docket sheet and pleadings filed with their Notice of Removal do not contain any reference to an answer on the part of Cinergy. See Docket No. 1 (attaching state court docket sheet and pleadings). Since no answer, no request for service, no return of service, and no reference to Cinergy in any other filing was contained in the record during the time at which the removing Defendants filed their Notice of Removal, there is no way in which they could have realized that they needed to obtain Cinergy's consent. In this respect, this case is even more exceptional than Milstead. In Milstead, at least a request for service had apparently been made. Milstead, 797 F. Supp. at 573. In this case, no request for service had been made regarding any of the dozens of defendants.

4

**B.     The Tax Injunction Act**

The Plaintiff argues that the Tax Injunction Act ("Act") deprives this Court of any federal question jurisdiction that might otherwise exist. Docket No. 10. This statute provides that, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When applicable, this statute is generally thought to deprive courts of jurisdiction altogether (i.e., there are no exceptions). A Bonding Co. v. Sunnuck, 629 F.2d 1127, 1132 (5th Cir. 1980); see also Schneider Transp., Inc. v. Cattanach, 657 F.2d 128, 131 (7th Cir. 1981) ("It is well-settled that allegations of deprivations of constitutional rights do not render the Act inapplicable."). The Act unquestionably applies to taxes assessed by municipalities. Home Builders Assoc. of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 n.6 (5th Cir. 1998).

Nonetheless, the Act is not applicable in this case. As an initial matter, it is not clear that taxes are at issue whatsoever. See Home Builders Assoc., 143 F.3d at 1010-12 (distinguishing between taxes and regulatory fees). The Plaintiff's state court petition describes the monies allegedly owed as "rental charge[s]," relies on a municipal ordinance that speaks of the same in terms of "rental[s]," and asserts "causes of action against Defendants [that] involve torts and contractual and/or quasi-contractual acts." See Docket No.1 (attaching Plaintiff's Seventh Amended Petition). None of these facts create the impression that taxes are at issue, but such facts may not be dispositive. See Home Builders Assoc., 143 F.3d at 1010 n.10 (stating that this is a matter of federal law and that state labels have no bearing on the issue). Fortunately, however, the Court need not delve into this more difficult question, because, to the extent that a tax is at issue, this is a suit brought to collect a tax rather than a suit brought to enjoin collection. See Jefferson County, Alabama v. Acker, 527 U.S. 423, 433-34 (1999) ("But a suit to collect a tax is surely not brought to restrain state action, and therefore does not fit the Act's description of suits barred from federal district court adjudication."); Louisiana Land and Exploration Co. v. Pilot Petroleum Corp., 900 F.2d 816, 818 (5th Cir. 1990) ("The Tax Injunction Act does not bar federal court jurisdiction in this case, however, because this suit was filed to collect a state tax, rather than enjoin, suspend, or restrain the collection of taxes."). It is the Plaintiff and not the Defendants that seek injunctive relief in this case.

The Plaintiff suggests that this Court ought to abstain from hearing this case even if this

action does not fall precisely within the confines of the Act. Docket No. 10. Such abstention is not beyond the realm of possibility. See Bd. of Educ. of Valley View Community Unit Sch. Dist. v. Bosworth, 713 F.2d 1316, (7th Cir. 1983) ("Despite the inapplicability of the Tax Injunction Act itself, a federal court may nevertheless exercise its discretion to withhold equitable relief in reliance on the 'fundamental principle of comity between federal courts and state government that is essential . . . particularly in the area of state taxation,' that underlies the Act."). However, abstention "'is the exception, not the rule.'" Wilson v. Valley Elec. Membership Corp., 8 F.3d 311, 313 (5th Cir. 1993). A court's exercise of discretion in abstaining must "'fit[] within the narrow and specific limits prescribed by the particular abstention doctrine involved.'" Webb v. B.C. Rogers Poultry, Inc., 174 F.3d 697, 701 (5th Cir. 1999). Accordingly, a party who seeks abstention must do so with some specificity. The Plaintiff has not even specified which of the multiple abstention doctrines it thinks is applicable.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, Docket No. 10, is hereby **DENIED**. Signed in Brownsville, Texas, this 14th day of November, 2003.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE