IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | United States District Court |
| | § | Southern District of Texas |
| Plaintiff, | § | FILED |
| | § | |
| V. | § | FEB 0 4 2004 |
| | § C. A. NO. B03-080 | |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | Michael N. Milby |
| | § | Clerk of Court |
| Defendants | § | |

## GULF COAST ENERGY, INC'S
## STATEMENT IN LIEU OF FED. R. CIV. P. 26 DISCLOSURES

TO:   The plaintiff City of San Benito by and through its attorney of record, Mr. Adam Poncio, Cerda & Poncio, 924 McCullough, San Antonio, Texas 78215-1642.

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, the Defendant Gulf Coast Energy., Inc. and files this its Statement of Disclosures under Federal Rules of Civil Procedure 26 and would show the Court as follows:

I

The Court ordered the City of San Benito to provide the defendants with evidence of pipeline ownership on or before December 31, 2003. The City has not produced any evidence that Gulf Coast Energy, Inc. ever owned a pipeline within the City's corporate limits. The City did not make any disclosure concerning even the amount of damages it claims from Gulf Coast Energy, Inc. until January 26, 2004, which was almost a month after the City's initial disclosures were due. Even now the City has not produced any documents to support Gulf Coast Energy Inc.'s putative liability or the City's claimed damages, and the City has made no disclosure s concerning pipeline ownership as to Gulf Coast Energy, Inc. or any other Defendant.

II

Since the Plaintiff did not provide information regarding ownership or activities of Defendant Gulf Coast Energy, Inc. on January 30, 2004, Defendant Gulf Coast Energy, Inc. forwarded to the Plaintiff through its attorney, Mr. Adam Poncio, Request for Admissions, Interrogatories, and Request for Production of Documents in an attempt to obtain the evidence that the Plaintiff City of San Benito was ordered to provide to the Defendants in this case on or before December 31, 2003.

III

The Defendants are not required to make disclosures at this time. The Defendants were required to make disclosures 30 days after the City's disclosures concerning pipeline ownership "if no question regarding ownership of relevant pipelines." See the Court's Scheduling Order. This is consistent with the Court's mandate at the October 27, 2003 scheduling conference that the City must present evidence that the defendants owned a pipeline within the City of San Benito before further discovery could be taken. At that hearing, the Court described a two-tiered discovery plan whereby pipeline ownership is established first. If a defendant owned a pipeline within the City, the case would proceed to the next step as to that defendant. If the defendant did not own a pipeline, the City would either dismiss the defendant voluntarily or the defendant would file a motion for summary judgment. Transcript of October 27, 2003 Scheduling Conference, p.12, lines 12-22. The Court noted that the primary, threshold issue is pipeline ownership. Transcript of October 27, 2003 Scheduling Conference, p. 12, lines 12-22. The City has provided no information that Gulf Coast Energy, Inc. ever owned a pipeline within the City of San Benito.

C:\MyFiles\My Documents\LawOffice\Client Files G-I\Gulf Coast Energy (City of San Benito)\2-2-04 statement in lieu of fed r Civ Disclosures.doc

2

IV

Gulf Coast Energy, Inc. provides this statement of the current status of discovery in lieu of the disclosures required under the Federal Rule Civil Procedure 26, which will become due on January 30, 2004 if the City had made timely disclosures on or before December 31, 2003 regarding Gulf Coast Energy, Inc.'s ownership of a pipeline within the City of San Benito.

Respectfully Submitted,

_____
Francis I. GANDY, JR.
Attorney for Defendant, Gulf Coast Energy, Inc.
148 American Bank Plaza
Corpus Christi, Texas 78475
(361) 883-6333
(361) 883-0148 (Fax)
State Bar No.: 07615000

C:\MyFiles\My Documents\LawOffice\Client Files G-I\Gulf Coast Energy (City of San Benito)\2-2-04 statement in lieu of fed r Civ Disclosures.doc

3

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Statement of Disclosure has been served on the attorneys of record and in the manner indicated below on this the 2nd day of February, 2004.

Francis I. Gandy, Jr.

CERTIFIED MAIL/RRR#
7003 1010 0004 5205 8277
Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

VIA US FIRST CLASS MAIL
Ramon Garcia
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

VIA US FIRST CLASS MAIL
Osborne J. Dykes, III
Jeffrey D. Palmer
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010

VIA US FIRST CLASS MAIL
Julie L. Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana 46168

VIA US FIRST CLASS MAIL
Randy Beevis
1100 Louisiana, Suite 4900
Houston, Texas 77002

VIA US FIRST CLASS MAIL
J. D. Page
3040 Post Oak Blvd., Suite 85G
Houston, Texas 77056

VIA US FIRST CLASS MAIL
Bradley Whalen
Doyle, Restrep, Harving & Robbins, LLP
4700 Chase Tower
600 Travis Street
Houston, Texas 77002

VIA US FIRST CLASS MAIL
Rene G. Oliveira
David G. Oliveira
Roerig, Oliveira & Fisher
855 West Price Road, Suite 9
Brownsville, Texas 78520

VIA US FIRST CLASS MAIL
Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 W. Pike, Suite 300
P.O. Drawer 1247
Weslaco, Texas 78599-1247

38

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

CITY OF SAN BENITO §
§
VS. § CIVIL ACTION NO. B-03-080
§
TEJAS GAS PIPELINE COMPANY, ET AL. §

United States District Court
Southern District of Texas
ENTERED

NOV 0 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

### Scheduling Order

1. Trial: Estimated time to try: __5__ days.    ☐ Bench   ■ Jury

2. New parties must be joined by: _____

   *Furnish a copy of this scheduling order to new parties.*

2a  Plaintiff to submit initial disclosures by:*           December 31, 2003
2b  Defendants to do research by:                          February 27, 2004
2c  Plaintiff to submit pipeline ownership discovery by:   February 27, 2004
2d  Defendants to respond by:                              March 31, 2004
2e  Defendants may file summary judgments after            April 30, 2004

3. The plaintiff's experts will be named with a report furnished by:   June 30, 2004

4. The defendant's experts must be named with a report furnished by:   August 13, 2004

5. Discovery must be completed by:                                     October 8, 2004

   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court.*
   *No continuance will be granted because of information acquired in post-deadline discovery.*

6. Dispositive Motions will be filed by:          September 17, 2004

   Non-Dispositive Motions will be filed by:      October 14, 2004

*************************  The court will provide these dates.  *************************
7. Joint pretrial order is due:                   October 14, 2004

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Final Pretrial conference is set for 1:30 p.m. on:   October 28, 2004

9. Jury Selection is set for 9:00 a.m. on:**            November 4, 2004

*Defendants to do initial disclosures 30 days later if no question regarding ownership of relevant pipelines.
**Counsel to do voir dire. Jury to be twelve (12) members (not including alternates) with ten (10) or more members required to reach a verdict.

The case will remain on standby until tried.

Signed this the 4th day of November, 2003.

_____
Andrew S. Hanen
United States District Judge

xc:   **ALL COUNSEL OF RECORD**

2

1

```
                    IN THE UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF TEXAS
                            BROWNSVILLE DIVISION

    ─────────────────────────────────
                                     )
    CITY OF SAN BENITO               )
                                     )
                                     ) CIVIL ACTION NO.
    VS.                              ) CA B-03-080
                                     )
    TEJAS GAS PIPELINE, ET AL        )
                                     )
    ─────────────────────────────────



                INITIAL PRETRIAL & SCHEDULING CONFERENCE
                 BEFORE THE HONORABLE ANDREW S. HANEN
                            OCTOBER 27, 2003



    APPEARANCES:

    For the Plaintiff:         MR. ADAM PONCIO
                               Law Office of Cerda & Poncio
                               924 McCullough
                               San Antonio, Texas   78215-1642

    For Tejas Gas Pipeline:    OSBORNE J. DYKES, III
                               JEFFREY D. PALMER
                               Fulbright & Jaworski
                               1301 McKinney, Suite 5100
                               Houston, Texas   77010-3095

    For Cinergy:               MS. JULIE L. EZELL
                               Cinergy Services
                               1000 East Main Street
                               Plainfield, Indiana   46168


    For Pennzoil:              MR. JOHN DAVID PAGE
                               Attorney At Law
                               3040 Post Oak Blvd., Suite 850
                               Houston, Texas   77056
```

**CERTIFIED COPY**

1   that they actually control somehow, and I understand that.
2       On the other hand, it seems somewhat backwards, if you will,
3   to make Mr. Page -- Mr. Page's client go through a bunch of
4   hoops producing a bunch of production documents, if you will, or
5   witnesses with regard to how much gas they sell if they don't
6   have any that runs under the City of San Benito.  And I'm, in a
7   way, opening this a little bit for discussion, but I think there
8   ought to be a way that you ought to be able to satisfy yourself,
9   and you ought to be allowed the discovery you need to satisfy
10  yourself that there is no hanky-panky corporate shell game going
11  on, at the same time without making them produce a million
12  documents since 1941 to bring it up to date.  And I'm -- I mean,
13  I would think that we ought to be able to establish a two-tier,
14  if you will, or two-stage discovery setup where you get to
15  figure out the ownership issues.
16      And pending a positive answer to that, you go forward into
17  the next stage.  And with a negative answer, you'd either come
18  to the court, perhaps, and voluntarily dismiss them, or that the
19  defendants would file a motion for summary judgement and say,
20  you know, "Me no Alamo.  I've never owned a pipeline there, and
21  I shouldn't be sued and shouldn't have to pay any rent for
22  pipeline rent."
23      What kind of information do you need to establish -- now,
24  what comes to mind is immediately some kind of interrogatory or
25  some kind of request for admission with an interrogatory