United States District Court
Southern District of Texas
FILED

FEB 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | C. A. NO. B03-080 |
| TEJAS GAS PIPELINE COMPANY, ET AL., | | |
| Defendants. | | |

**CINERGY MARKETING & TRADING, LP's
STATEMENT IN LIEU OF FED. R. CIV. P. 26 DISCLOSURES**

TO:  The Plaintiff City of San Benito by and through its counsel of record, Adam Poncio, Law Office of Cerda & Poncio, 924 McCullough, San Antonio, Texas 78215

1.  The Court ordered the City of San Benito to provide the defendants with evidence of pipeline ownership on or before December 31, 2003. The City has not produced any evidence that Cinergy Marketing & Trading, LP ever owned a pipeline within the City's corporate limits. The City has not made any disclosure concerning the amount of damages it claims from Cinergy Marketing & Trading, LP. Even now the City has not produced any documents to support Cinergy Marketing & Trading, LP's putative liability or the City's claimed damages, and the City has made no disclosures concerning pipeline ownership as to Cinergy Marketing & Trading, LP or any other defendant.

2.  The defendants are not required to make disclosures at this time. The defendants were required to make disclosures 30 days after the City's disclosures concerning pipeline ownership "if no question regarding ownership of relevant

pipelines." See the Court's Scheduling Order. This is consistent with the Court's mandate at the October 27, 2003 scheduling conference that the City must present evidence that the defendant owned a pipeline within the City of San Benito before further discovery could be taken. At that hearing, the Court described a two-tiered discovery plan whereby pipeline ownership is established first. If a defendant owned a pipeline within the City, the case would proceed to the next step as to that defendant. If the defendant did not own a pipeline, the City would either dismiss the defendant voluntarily or the defendant would file a motion for summary judgment. Transcript of October 27, 2003 Scheduling Conference, pg. 12, ll. 7-22. The Court noted that the primary threshold issue is pipeline ownership. Transcript of October 27, 2003 Scheduling Conference, p. 12, ll. 20-23. The City has provided no information that Cinergy Marketing & Trading, LP ever owned a pipeline within the City of San Benito.

  3. Cinergy Marketing & Trading, LP provides this statement of the current status of discovery in lieu of the Fed. R. Civ. P. 26 disclosures which might have been due on January 30, 2004 if the City had made timely disclosure on or before December 31, 2003 regarding Cinergy Marketing & Trading, LP's ownership of a gas pipeline within the City.

Respectfully submitted,

*[signature: Randall Bevis]*

Randall F. Bevis
Texas Bar #02280100
Julie Ezell
1100 Louisiana, Suite 4900
Houston, TX 77002
Telephone: 713-393-6857
Attorneys for Cinergy Marketing &
Trading, LP

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on plaintiffs, via First Class U.S. Mail, postage prepaid, this //th day of February 2004, addressed as follows:

Ramon Garcia
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, TX 78539

Adam Poncio
Law Offices of Derda & Poncio
924 McCullough
San Antonio, TX 78215-1642

Osborne J. Dykes III
Jeffrey D. Palmer
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, TX 77010-3095

Rene O. Oliveira
David George Oliveira
Roerig Oliveira & Fisher
855 West Price Road, Suite 9
Brownville, TX 78520

        John David Page
        Attorney at Law
        3040 Post Oak Boulevard, Suite 850
        Houston, TX 77056

        Francis I. Gandy
        Attorney at Law
        148 American Bank Plaza
        Corpus Christi, TX 78475

        Bradley M. Whalen
        Doyle Restrep Harvin & Robbins, L.L.P.
        4700 Chase Tower
        600 Travis Street
        Houston, TX 77002

        Robert L. Galligan
        Jones Gallilgan Key & Lozano, L.L.P.
        Town Center Tower, Suite 300
        2300 West Pike Boulevard
        P.O. Drawer 1247 (78599-1247)
        Weslaco, TX 78596

        _____
        Randall F. Bevis

Randall F. Bevis
Cinergy Marketing & Trading, LP
1100 Louisiana, Suite 4900
Houston, TX 77002
Telephone: 713-393-6857

4

Case 1:03-cv-00080   Document 46   Filed in TXSD on 02/12/2004   Page 5 of 10

1

```
 1                    IN THE UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF TEXAS
 2                          BROWNSVILLE DIVISION

 3   ─────────────────────────────────
                                      )
     CITY OF SAN BENITO               )
 4                                    )
                                      ) CIVIL ACTION NO.
 5   VS.                              ) CA B-03-080
                                      )
 6   TEJAS GAS PIPELINE, ET AL        )
                                      )
     ─────────────────────────────────
 7

 8

 9
                  INITIAL PRETRIAL & SCHEDULING CONFERENCE
10                 BEFORE THE HONORABLE ANDREW S. HANEN
                              OCTOBER 27, 2003
11

12

13   APPEARANCES:

14   For the Plaintiff:        MR. ADAM PONCIO
                               Law Office of Cerda & Poncio
15                             924 McCullough
                               San Antonio, Texas   78215-1642
16
     For Tejas Gas Pipeline:   OSBORNE J. DYKES, III
17                             JEFFREY D. PALMER
                               Fulbright & Jaworski
18                             1301 McKinney, Suite 5100
                               Houston, Texas   77010-3095
19
     For Cinergy:              MS. JULIE L. EZELL
20                             Cinergy Services
                               1000 East Main Street
21                             Plainfield, Indiana   46168

22

23   For Pennzoil:             MR. JOHN DAVID PAGE
                               Attorney At Law
24                             3040 Post Oak Blvd., Suite 850
                               Houston, Texas   77056
25
```

**CERTIFIED COPY**

12

```
 1  that they actually control somehow, and I understand that.
 2       On the other hand, it seems somewhat backwards, if you will,
 3  to make Mr. Page -- Mr. Page's client go through a bunch of
 4  hoops producing a bunch of production documents, if you will, or
 5  witnesses with regard to how much gas they sell if they don't
 6  have any that runs under the City of San Benito.  And I'm, in a
 7  way, opening this a little bit for discussion, but I think there
 8  ought to be a way that you ought to be able to satisfy yourself,
 9  and you ought to be allowed the discovery you need to satisfy
10  yourself that there is no hanky-panky corporate shell game going
11  on, at the same time without making them produce a million
12  documents since 1941 to bring it up to date.  And I'm -- I mean,
13  I would think that we ought to be able to establish a two-tier,
14  if you will, or two-stage discovery setup where you get to
15  figure out the ownership issues.
16       And pending a positive answer to that, you go forward into
17  the next stage.  And with a negative answer, you'd either come
18  to the court, perhaps, and voluntarily dismiss them, or that the
19  defendants would file a motion for summary judgement and say,
20  you know, "Me no Alamo.  I've never owned a pipeline there, and
21  I shouldn't be sued and shouldn't have to pay any rent for
22  pipeline rent."
23       What kind of information do you need to establish -- now,
24  what comes to mind is immediately some kind of interrogatory or
25  some kind of request for admission with an interrogatory
```

1  attached to it, something that basically says, "Mr. Defendant,
2  have you now or have you in the last 60 years since 1941 owned a
3  pipeline that runs under the City of San Benito or had any
4  ownership interest in a company that owned a pipeline that had
5  any ownership interest in gas that ran under the City of San
6  Benito?" I mean, how does it -- tell me about that.
7          MR. PONCIO:  I think we could formulate something, Your
8  Honor, if you're talking about a two-tiered level of discovery.
9  What I didn't want to do was work towards a liability trial,
10 then start all over again working towards a damage trial.
11         THE COURT:  Yeah.  I'm not really -- and I know the
12 defendants might prefer that.  I'm not leaning toward that.  I'm
13 leaning toward, though -- but I do understand the "Don't make us
14 jump through every hoop and produce every accounting record we
15 have for every ounce of gas we've ever sold," or MCF of gas or
16 however this is sold so that -- only to eventually come forward
17 with our motion for summary judgment saying, "We haven't been
18 near the City of San Benito."
19         MR. PONCIO:  I think if Your Honor, once you've made
20 your decision on the motion to remand, if you could give me a
21 two-week period to formulate some sort of proposed discovery
22 plan towards that end that you just relayed to us, I think I can
23 come up with that for you, Your Honor.
24         THE COURT:  Gentlemen, what would be wrong with that?
25 Or gentlemen and lady?

14

1   MR. DYKES:  Your Honor, Mr. Poncio and I have talked
2   going back to when I first learned of this lawsuit.  I think
3   that was sometime a few months after it was filed, and I think
4   this is useful to recount -- this was an attempt at discovery on
5   my part, so I think it's relevant to what we're talking about.
6       I asked him why he believed that these companies had
7   pipelines or sales or any other connection with the City of San
8   Benito.  And he'll correct me if I'm wrong, but I believe I
9   understood him to say that he had gone to the Railroad

1  staggering. If we can avoid that 60-year search without any
2  focus, that's -- that's my aim in proceeding further on
3  discovery.
4      We have -- when we talked back on August the 15th, and this
5  is reflected in the -- in the joint discovery case management
6  plan that we -- that we filed, we had agreed with Mr. Poncio
7  that he would file his initial disclosure from whatever date we
8  were looking at, and that we would then have -- after we got a
9  look at these -- at this evidence that he felt that he had, we
10 would then have 60 days to do our research on those identified
11 areas. And if we -- I would submit, Your Honor, that that is a
12 logical plan.
13         THE COURT: Is that problematic for you?
14         MR. PONCIO: We don't have any problem with that. We
15 talked before you came out, Your Honor, and said using that same
16 plan that we had set out, just setting a 30-day period from
17 whatever date you've decided on the motion to remand, then we
18 can work using that same trial plan initially.
19         THE COURT: All right. Here's what -- let me do this.
20 It's the 27th. And unfortunately, I have two conferences, one
21 this week and one next week. But let's take it as quasi-gospel
22 that I will rule on the motion to remand by the 14th of
23 November.
24         All right. Then, Mr. Poncio, what I want the plaintiffs to
25 do -- and I'm going to give you to the end of the year to do

1  this. That's six weeks, but I know the holidays are sitting in
2  the middle of that; not only Thanksgiving, but Christmas as
3  well -- to produce your information that you gleaned to name
4  these defendants. And it sounds -- I mean, was he right? Were
5  we talking Railroad Commission documents or whatever? But let
6  me not limit it to that, though. I mean, if you have City of
7  San Benito documents or some correspondence between any of these
8  defendants to the city or whatever that says, "Oh, by the way,
9  we've got a pipeline running down Main Street," I mean, I want
10 you to produce that too, okay?
11       All right. And then I will go out to the -- let me change
12 calendars -- okay. Let's just say yours is due -- Mr. Poncio,
13 that's due the 31st of December, so, I mean, right at year's
14 end. On the 27th of February, in that six -- almost two months
15 there, you know, I want the defendants to do the research that
16 goes along with that, having received these documents to find
17 out exactly where you are.
18       And I'm trying to think the best way of bringing that issue
19 to a resolution. It may be by, Mr. Poncio, you then sending out
20 the discovery that we talked about.
21            MR. PONCIO: Right.
22            THE COURT: You know, give me a list of every company
23 you've ever owned a piece of, you know, however you want to
24 phrase it. But design it enough to where you pick up not only
25 the defendants, but any subsidiary or parent corporation or