IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CITY OF SAN BENITO, | § |
| | § |
| Plaintiff, | § |
| | § C. A. NO. B03-080 |
| v. | § JURY TRIAL REQUESTED |
| | § |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § |
| | § |
| Defendants. | § |

## DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DISCOVERY REQUESTS AND, ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

Defendants Conoco, Inc.,[1] Vastar Gas Marketing, Inc., Union Pacific Resources Company n/k/a Anadarko E&P Company LP, Anadarko Energy Services Company, Natural Gas Clearinghouse, Inc., TOTAL E&P USA, INC., as successor in interest to FINA, Inc. as it relates to the matters contained herein, Texaco Natural Gas, Inc., Texaco Exploration and Production, Inc., Chevron U.S.A., Inc., Amoco Energy Trading Corp. n/k/a BP Energy Company, BP Energy Company, Arco Natural Gas Marketing, Inc. n/k/a Vastar Gas Marketing, Inc. and Texaco Gas Marketing, Inc. (collectively, "Defendants") file this Motion to Quash Plaintiff's Discovery Requests and, to the extent necessary, their Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Brief in Support.

As set out more fully in Pennzoil's Motion to Dismiss as incorporated in Defendants' Motion to Dismiss, the Court ordered Plaintiff City of San Benito ("Plaintiff") to come forward with any documents or support showing whether Defendants owned a pipeline in San Benito before the parties addressed other liability or damages issues. [Transcript of the October 27,

---

[1] Conoco, Inc. is now named ConocoPhillips Company.

**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DISCOVERY REQUESTS AND,
ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER –**                                    Page 1

2003 hearing at 11:21-12:22]. Yet, Plaintiff failed to comply with the Court's scheduling order and ignored the pipeline ownership issue in its December 31, 2003 Initial Disclosures.

Now, Plaintiff seeks the very same "jump through every hoop and produce every accounting record " discovery from Defendants that this Court acknowledged was problematic. [Transcript of the October 27, 2003 hearing at 13:13-18]. Indeed, most if not all of Plaintiff's discovery requests seek discovery relating to Defendants' business activities all the way back to 1941.[2]

For the foregoing reasons and because Plaintiff's Discovery Requests are overly broad and place an undue burden on Defendants, Defendants respectfully request that the Court grant Defendants' motions and enter an order:

    a. Granting Defendants an indefinite extension of time to respond to any discovery from Plaintiff, including Plaintiffs' Discovery Requests, until such time that Plaintiff fulfills its obligation to provide Defendants with evidence that Defendants owned any pipelines in San Benito, Texas since 1941;

    b. awarding Defendants their attorneys' fees incurred in obtaining the relief sought herein;

    c. granting Defendants such other and further relief to which Defendants may be entitled; and, to the extent necessary,

    d. entering a protective order pursuant to Rule 26(c) protecting Defendants from having to incur the expense and undue burden of responding to any discovery from Plaintiff, including Plaintiffs' Discovery Requests, until such time that Plaintiff fulfills its obligation to provide Defendants with evidence that Defendants owned any pipelines in San Benito, Texas since 1941.

---

[2] On or about February 27, 2004, Plaintiff served Defendants with its First Request for Production, Second Request for Production and Request for Admissions (collectively, "Plaintiff's Discovery Requests"). Examples of Plaintiff's Discovery Requests are attached to Pennzoil's Motion to Quash Plaintiff's Discovery Requests at Exhibit A.

**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DISCOVERY REQUESTS AND,**
**ALTERNATIVELY, MOTION FOR PROTECTIVE ORDER –**                       **Page 2**

Dated: March 11, 2004

Respectfully submitted,

*/s/ Jerry K. Clements*

Jerry K. Clements
(Attorney-in-Charge)
 Texas State Bar No. 20888200
 Southern District of Texas Bar No. 15814
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

Attorney-in-Charge for Defendants Conoco, Inc., Vastar Gas Marketing, Inc., Union Pacific Resources Company n/k/a Anadarko E&P Company LP, Anadarko Energy Services Company, Natural Gas Clearinghouse, Inc., TOTAL E&P USA, INC., as successor in interest to FINA, Inc. as it relates to the matters contained herein, Texaco Natural Gas, Inc., Texaco Exploration and Production, Inc., Chevron U.S.A., Inc., Amoco Energy Trading Corp. n/k/a BP Energy Company, BP Energy Company, Arco Natural Gas Marketing, Inc. n/k/a Vastar Gas Marketing, Inc. and Texaco Gas Marketing, Inc.

**OF COUNSEL:**
LOCKE LIDDELL & SAPP LLP
C. Scott Jones
 Texas State Bar No. 24012922
 Southern District of Texas Bar No. 30151
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Telecopier: (214) 740-8800

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Eduardo R. Rodriguez
  Texas State Bar No. 17144000
  Southern District of Texas Bar No. 1944
Marjory C. Batsell
  Texas State Bar No. 04631400
  Southern District of Texas Bar No. 3983
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

### CERTIFICATE OF CONFERENCE

Counsel for movants and counsel for respondent have personally conducted a good faith conference at which there was a substantive discussion of the relief sought herein and despite the parties' best efforts to resolve the dispute without Court action, counsel have not been able to resolve those matters presented. Certified to the 11th day of March, 2004.

_____
C. Scott Jones

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record, as indicated below, via certified mail, return receipt requested, on this 11th day of March, 2004.

| | | |
|---|---|---|
| Adam Poncio<br>Law Office of Cerda & Poncio<br>924 McCullough<br>San Antonio, Texas 78215 | Osborne J. Dykes, III<br>Jeffrey Palmer<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 | Ramon Garcia<br>Law Office of Ramon Garcia<br>222 West University<br>Edinburg, Texas 78539 |
| Julie Ezell<br>Cinergy Marketing & Trading, L.P.<br>1000 East Main Street<br>Plainfield, Indiana 46168 | Francis I. Gandy<br>Attorney at Law<br>148 American Bank Plaza<br>Corpus Christi, Texas 78475 | Robert Galligan<br>Jones, Galligan, Key &<br>Lozano, LLP<br>2300 West Pike, Suite 300<br>Weslaco, Texas 78599-1247 |
| J.D. Page<br>Attorney at Law<br>3040 Post Oak Blvd.<br>Houston, Texas 77056 | Bradley M. Whalen<br>Doyle, Restrepo, Harvin &<br>Robbins, L.L.P.<br>4700 Chase Tower<br>600 Travis Street<br>Houston, Texas 77002 | Eduardo R. Rodriguez<br>Rodriguez, Colvin &<br>Chaney, L.L.P.<br>1201 East Van Buren |
| David Van Sustren<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 | | |

_____
C. Scott Jones