United States District Court
Southern District of Texas
FILED

MAR 3 1 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § § § | |
| Plaintiff, | § § | |
| V. | § § | C. A. NO. B03-080 |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § § § | JURY TRIAL REQUESTED |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR COSTS

Defendants Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company file this Motion for Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, the Court's March 18, 2004 Order, and Southern District of Texas local rule 54.

I.

The Court's March 18, 2004 Order provides, "The Defendants listed on Exhibit 'A' shall recover their costs from the City of San Benito, if they move for recovery of their costs within ten days of entry of this order and comply with all other rules regarding same."[1] Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P.

---

[1] Defendants Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company are listed on Exhibit "A" to the Court's March 18, 2004 Order.

54(d)(1). Rule 54(d) also provides for claims for attorney' fees and related nontaxable expenses to be made by motion. *See* FED R. CIV. P. 54(d)(2). Southern District of Texas local rule 54.2 governs the application for costs by filing a bill of costs. *See* S.D. TEX. L.R. 54.2.

Defendants in this matter incurred reasonable and necessary costs totaling $62,012.68. *See* Bill of Costs. Attorney's fees and related expenses comprise $61,768.63 of the total amount. *See* Affidavits of Osborne J. Dykes, III and David G. Oliveira. Therefore, defendants request that the Court grant Defendants' Motion for Costs and award costs in the amount of $62,012.68.

## CONCLUSION

WHEREFORE, the defendants respectfully request that the Court grant Defendants' Motion for Costs and order the City of San Benito to reimburse the defendants for the costs associated with litigating this matter in the amount of $62,012.68, and that the defendants have such other and further relief, both legal and equitable, to which they may be justly entitled.

Respectfully submitted,

_____
Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.
   William D. Wood
   State Bar No. 21916500
   Jeffrey D. Palmer
   State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
   David G. Oliveira
   State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF CONFERENCE

On March 30, 2004, counsel for defendants conferred with the legal assistant for plaintiff's counsel regarding the Defendants' Motion for Costs and the legal assistant stated that she assumed they would oppose the motion but if they were unopposed they would call defendant's counsel back. I received no such call.

_____
Jeffrey D. Palmer

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on March 31, 2004.

_____
Jeffrey D. Palmer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| V. | § | **C. A. NO. B03-080** |
| | § | **JURY TRIAL REQUESTED** |
| **TEJAS GAS PIPELINE COMPANY, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

On this day the Court considered Defendants' Motion for Costs, any response, and any reply, and after reviewing the motion, the response, the reply, and the evidence the Court finds that Defendants' Motion for Costs should be GRANTED. It is therefore

ORDERED that Defendants' Motion for Costs should be GRANTED. Further

ORDERED that defendants shall recover their costs in the amount of $62,012.68 from the City of San Benito.

SIGNED on _____.

_____
UNITED STATES DISTRICT JUDGE

AO 133     (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT
Southern District of Texas

CITY OF SAN BENITO

v.

TEJAS GAS PIPELINE COMPANY, ET AL.

## BILL OF COSTS

Case Number:  B-03-080

Dismissal Order Entered on     March 18, 2004    against    City of San Benito    ,
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk | $150 |
| Fees for service of summons and subpoena | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case (Ex. A). | $94.05 |
| Fees and disbursements for printing | |
| Fees for witnesses (itemize on reverse side) | |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | |
| Docket fees under 28 U.S.C. 1923 | |
| Costs as shown on Mandate of Court of Appeals | |
| Compensation of court-appointed experts | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | |
| Other costs (please itemize) (Ex. B) | $61,768.63 |
| **TOTAL** | **$62,012.68** |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.
**Attached hereto as Exhibits. A and B**

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage Prepaid to:     Adam Poncio  Attorney for City of San Benito

Signature of Attorney: *[signature]*

Name of Attorney: Osborne J. Dykes, III

For: Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company

Date: March 30, 2004

Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

Michael Milby                                    By: _____
Clerk of Court                                       Deputy Clerk                    Date

30669576.1

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | TOTAL | | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

30669576.1

## ITEMIZATION OF COSTS:

## EXHIBIT A

**Fees of the Court Reporter for all or Part of the Transcript Necessarily Obtained for Use in the Case**

|   | Name of Witness | Date | Total Cost |
|---|---|---|---|
| 1 | Transcript of Initial Pretrial and Scheduling Conference on October 27, 2003 | 01/21/2004 | $94.05 |
|   | Total |  | $94.05 |

## EXHIBIT B

**Other Costs**

|   |   | Total Cost |
|---|---|---|
| 1 | Attorney and Legal Assistant Time Associated with Lawsuit, including remand and discovery matters but excluding preparation and filing of removal papers | $58,681 |
| 2 | Expenses for telephone calls, facsimiles, and copying of documents | $1,897.98 |
| 3 | Travel expenses for scheduling conference and remand argument | $1,189.65 |
|   | **Total:** $61,768.63 | |

30669576.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § § | |
| Plaintiff, | § § § | |
| V. | § § | C. A. NO. B03-080 |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § § § | JURY TRIAL REQUESTED |
| Defendants. | § | |

## AFFIDAVIT REGARDING COSTS

| | |
|---|---|
| THE STATE OF TEXAS | § § |
| COUNTY OF HARRIS | § |

Osborne J. Dykes, III, being duly sworn, upon oath, deposes and says:

"My name is Osborne J. Dykes, III. I am over 21 years of age, of sound mind, capable of making this affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein, and the statements made in this affidavit are true and correct.

Fulbright & Jaworski L.L.P. is counsel for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company ("Defendants") in connection with the Defendants' Motion for Costs in the captioned matter. I am a senior litigation partner with Fulbright & Jaworski L.L.P. and I am the attorney in charge of the above captioned matter for the Defendants.

Between April 30, 2003, the date of the removal of this lawsuit from state court, and March 27, 2004, I performed 64 hours of work on the captioned matter, including responding to plaintiff's motion to remand, preparing for and attending the Court's scheduling conferences, and preparing pleadings in response to plaintiff's discovery requests, and caused to be performed additional work by partner William D. Wood (1 hour), counsel Rebecca J. Cole (4 hours), associates Jeffrey D. Palmer (92.10 hours), Jeff Nadalo (7.75 hours), legal assistant Amy Hall (29.3 hours), and project assistant Will Leonard (5.5 hours). At each individuals respective hourly rate, the reasonable and necessary work following removal that has been done on the case totals $55,457 and is summarized as follows: various phone conferences with client representatives; review of various correspondence; preparation of pleadings in response to plaintiff's motion to remand; preparation and attendance of Court's scheduling conference; preparation of pleadings in response to plaintiff's discovery requests; and legal and factual research regarding issues involved.

Reasonable and necessary expenses associated with performing legal services incurred in connection with this matter are $2,435.04, including copying, telephone and facsimile charges, and travel expenses.

I have been licensed to practice in the State of Texas since 1973 and have been with the law firm of Fulbright & Jaworski L.L.P. in Houston, Harris County, Texas since October, 1973. I am familiar with the work, tasks and effort that are necessary for handling a litigation matter such as this one. I am familiar with the usual and customary charges for attorneys' services in commercial litigation in the Harris County and South Texas area. I am also familiar with customary charges for lawyers and legal assistants, and expenses attendant to litigation proceedings such as the captioned case. I have handled and tried cases, including numerous

commercial litigation and oil and gas disputes, in various state and federal district courts throughout the State of Texas, including the Southern District of Texas. In my opinion, a reasonable charge for performing necessary services in this case is $450-$420 per hour for my time, $390 for William Wood's time, $300 for Rebecca Cole's time, $250-$230 per hour for Jeffrey Palmer's time, $155-$120 for Jeff Nadalo's time, $125-$115 per hour for Amy Hall's time, and $60 per hour for Will Leonard's time. The ranges of rates result from rate changes from one year to the next. Accordingly, $55,457 plus expenses of $2,435.04, is a reasonable fee for litigation of this case and the services rendered were necessary.

I have read this affidavit, and it is true and correct."

Further affiant sayeth not.

_____
Osborne J. Dykes, III

THE STATE OF TEXAS  §
                    §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared Osborne J. Dykes, III, known by me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on MARCH 30, 2004.

[SEAL]



JANIE GRAY
Notary Public, State of Texas
My Commission Expires
August 01, 2004

_____
Notary Public, In And For
The State Of Texas

30669521.1                                3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | JURY TRIAL REQUESTED |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**AFFIDAVIT REGARDING COSTS**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

David G. Oliveira, being duly sworn, upon oath, deposes and says:

"My name is David G. Oliveira. I am over 21 years of age, of sound mind, capable of making this affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein, and the statements made in this affidavit are true and correct.

Roerig, Oliveira & Fisher, L.L.P. is counsel for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company ("Defendants") in connection with the Defendants' Motion for Costs in the captioned matter. I am a partner with Roerig, Oliveira & Fisher, L.L.P. and I am one of the attorneys in charge of the above captioned matter for the Defendants.

Between April 30, 2003, the date of the removal of this lawsuit from state court, and March 22, 2004, I performed 15.4 hours of work on the captioned matter, including responding

to plaintiff's motion to remand, preparing for and attending the Court's scheduling conferences, and preparing pleadings in response to plaintiff's discovery requests, and caused to be performed additional work by legal assistant Antonio, Oliveira, Jr. (1.8 hours). At each individuals respective hourly rate, the reasonable and necessary work following removal that has been done on the case totals $3,224.00 and is summarized as follows: various phone conferences with client representatives; review of various correspondence; preparation of pleadings in response to plaintiff's motion to remand; preparation and attendance of Court's scheduling conference; preparation of pleadings in response to plaintiff's discovery requests; and legal and factual research regarding issues involved.

Reasonable and necessary expenses associated with performing legal services incurred in connection with this matter are $652.59, including copying, telephone and facsimile charges, and travel expenses.

I have been licensed to practice in the State of Texas since 1988 and have been with the law firm of Roerig, Oliveira & Fisher, L.L.P. in Cameron County, Texas since 1989. I am familiar with the work, tasks and effort that are necessary for handling a litigation matter such as this one. I am familiar with the usual and customary charges for attorneys' services in commercial litigation in the Cameron County and South Texas area. I am also familiar with customary charges for lawyers and legal assistants, and expenses attendant to litigation proceedings such as the captioned case. I have handled and tried cases, including numerous commercial litigation and oil and gas disputes, in various state and federal district courts throughout the State of Texas, including the Southern District of Texas. In my opinion, a reasonable charge for performing necessary services in this case is $200.00 per hour for my time, $80.00 per hour for Antonio Oliveira, Jr.'s time. The ranges of rates result from rate changes

from one year to the next. Accordingly, $3,224.00 plus expenses of $652.59 is a reasonable fee for litigation of this case and the services rendered were necessary.

I have read this affidavit, and it is true and correct."

Further affiant sayeth not.

_____
David G. Oliveira

THE STATE OF TEXAS   §
                    §
COUNTY OF CAMERON   §

BEFORE ME, the undersigned authority, on this day personally appeared David G. Oliveira, known by me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on March 31, 2004.

_____
Notary Public In And For
The State Of Texas

30669521.1                                    3