APR 0 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| | § | |
| Defendants | § | |

**CITY OF SAN BENITO'S MOTION TO RECONSIDER DISMISSAL ORDER AND RESPONSE TO DEFENDANTS THAT HAVE FILED A MOTION TO DISMISS BASED UPON THE ISSUE OF PIPELINE OWNERSHIP**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito and, pursuant to the Rules of Federal Procedure, files this Motion for Reconsideration of its prior order of dismissal and response to the Defendants that have filed a motion to dismiss based upon the issue of pipeline ownership, and would respectfully show this Court as follows:

1. <u>Argument With Regard to Failure to Original Respond to Certain Defendants' Motions</u>

As the Court is aware, the court initially granted the Motion to Dismiss of several Defendants who had filed motions to dismiss. Plaintiff's failure to respond was not intentional nor the result of conscious indifference but rather was the result of accident or mistake. As the court may be aware, Defendant Southern Gas Pipeline Co. filed for bankruptcy under Chapter 7 on March 8, 2004. As is indicated in the Suggestion of Bankruptcy attached hereto as Exhibit "C", the Suggestion indicates that "continuation of this litigation is prohibited." As a result, Plaintiff's counsel operated under the

presumption that any filing or action would violate the stay. Moreover, Plaintiff's counsel operated under the presumption that no further action would be taken by the court until the stay was lifted. Plaintiff's counsel's intent was to file a motion to dismiss the claims against Defendant Southern Gas Pipeline so that litigation could continue. The undersigned counsel did not complete the motion because he was scheduled for a spring break vacation out of state from March 13 to March 19, 2004.

Moreover, prior to March 13, he was in arbitration from February 23, 2004 to March 1, 2004. The week prior to February 23, 2004, he was preparing for arbitration. After March 1, 2004, he was in previously scheduled mediations and depositions.

Moreover, the court had previously set a date for Defendants to file summary judgment motions and/or motions to dismiss. Defendants' motions to dismiss constituted motions for summary judgment, filed in violation of the court's scheduling order.

With regard to the court's dismissal with prejudice based on Plaintiff's failure to respond, dismissal with prejudice is too harsh a sanction. Lesser sanctions are more appropriate in such a situation. See Murray v. Archambo, 132 F.3d 609, 611 (10th Cir. 1998)(dismissal for failure to answer motions within 15 days as required by local rules held abuse of discretion). The court should reconsider its prior order and, if dismissal is warranted, should do so without prejudice.

2.  Argument With Regard to The Motion to Dismiss Based on Pipeline Ownership

The issues raised in the Defendants' Motion to Dismiss hinge on the issue of pipeline ownership within the city limits of the City of San Benito. Plaintiff has complied with discovery. Pipeline ownership is just one of the issues before this court. There is no question that the Defendants and/or their affiliates sold natural gas at the La Palma Power Plant ("power plant"). The

City of San Benito has produced excerpted copies of public records known as Monthly Fuel Purchase Reports. These reports are filed with the Public Utility Commission of Texas and with the Federal Energy Regulatory Commission by the entity that owns the power plant. These public records show how much natural gas was burned at the power plant to generate electricity, and the source of that natural gas supply. The sources of that natural gas consumed at the power plant are the Defendants in this action. The power plant has been and continues to be located inside the city limits of the City of San Benito at all relevant times. The power plant is a gas fired power plant that is used to generate electricity for heat, power and other purposes. All of the Defendants' gas sales at the power plant were metered or otherwise measured at the power plant. The documents were produced and/or were made available for inspection and copying. Not one Defendant has contacted Plaintiff's counsel to obtain a copy of the documents available.

In 1941, the City of San Benito passed ordinance No. 478, which is described in detail and attached to the Plaintiff's Seventh Amended Original Petition, Petition for Declaratory Judgment, Request for Injunctive Relief, and Request for Jury Trial, which is incorporated herein by reference as if stated in the verbatim (a copy of the ordinance is attached hereto as Exhibit "A"). In summary, Ordinance No. 478 states that all persons and corporations **using and maintaining** pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation **using the streets**,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% for the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." None of the defendants has paid

the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

All of the defendants and/or their affiliates that sold gas at the power plant, and to other entities, must use pipelines located in the streets and other public places of San Benito to make those gas sales. If the pipelines did not exist, the Defendants could not have made money by selling gas at the power plant. Furthermore, natural gas is a fungible product which cannot be separated and attributed to each of the gas selling defendants, or separated from the natural gas inside of the pipelines that is sold by the company that owns the pipeline. Hence, each natural gas selling defendant uses the pipelines located in the streets and other public places of the City of San Benito to sell natural gas to the power plant. At the time of each Defendant's natural gas sales at the power plant, each of the Defendants were in control of and/or using the pipelines that serve the power plant. None of the Defendants have paid the City of San Benito for such use of its streets. Each of the gas selling Defendants used the streets with main and/or auxiliary lines for the sale and distribution of natural gas to at least one consumer of natural gas (the power plant) without paying for the right to use the streets by way of the 2% gross receipts street rental fee or tax, in violation of Ordinance No. 478. For the reasons stated herein, all of the Defendants' motions to dismiss should be denied.

With regard to Plaintiff's prior motion to remand, Plaintiff City of San Benito referenced a prior ruling but this court determined that this court did not have jurisdiction. The case involved a prior interpretation of jurisdiction with regard to the very ordinance made the basis of Plaintiff's claims. The prior order is attached hereto as exhibit "B" and demonstrates this Court's prior determination that it should abstain from tax questions and this Court's determination that relief is

available through the state courts. See <u>A Bonding Co. v. Sunnuck</u>, 629 F.2d 1127, 1130 (5th Cir. 1980)(district court must dismiss for lack of jurisdiction unless it could be shown that Defendant lacked a plain, speedy and efficient remedy in state court). This court should alternatively reconsider its prior ruling and remand.

In the alternative, discovery is ongoing in this case and the City of San Benito should be allowed to continue to serve discovery requests upon the Defendants in order to ascertain other gas selling activities that the Defendants may have conducted inside the city limits of the City of San Benito. Defendants have yet to produce documents demonstrating their gas sales and/or pipeline ownership and/or other factors that the court has ordered them to produce in discovery. The Defendants' motions to dismiss should be denied or continued until the discovery process has run its full course. The court's prior order of dismissal should be set aside. Alternatively, if dismissal is granted, dismissal should be without prejudice. Furthermore, it is anticipated that discovery will lead to an amended petition in this cause which would defeat any motion to dismiss being contemplated at this point in the case.

Respectfully submitted,

_____
ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile (210) 212-5880

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this _1st_ day of April, 2004, forwarded a true and correct copy of the above document to all counsel of record:

| | |
|---|---|
| Frances I. Gandy<br>148 American Bank Plaza<br>Corpus Christi, Texas 78475 | **VIA FIRST CLASS MAIL** |
| Ramon Garcia<br>LAW OFFICES OF RAMON GARCIA, P.C.<br>222 West University Drive<br>Edinburg, Texas 78539 | **VIA FIRST CLASS MAIL** |
| OSBORNE J. Dykes, III<br>Jeffrey D. Palmer<br>FULBRIGHT & JAWORSKI, LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 | **VIA FIRST CLASS MAIL** |
| Julie L. Ezell<br>CINERGY MARKETING & TRADING, L.P.<br>1000 East Main Street<br>Plainfield, Indiana 46168 | **VIA FIRST CLASS MAIL** |
| Randy Beevis<br>1100 Louisiana, Suite 4900<br>Houston, Texas 77002 | **VIA FIRST CLASS MAIL** |
| J.D. Page<br>3040 Post Oak Boulevard, Suite 85G<br>Houston, Texas 77056 | **VIA FIRST CLASS MAIL** |
| Bradley Whalen<br>DOYLE, RESTREP, HARVING & ROBBINS, L.L.P<br>4700 Chase Tower<br>600 Travis Street<br>Houston, Texas  77002 | **VIA FIRST CLASS MAIL** |

Rene G. Oliveira  **VIA FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan  **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247

_____
**ADAM PONCIO**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 1st day of April, 2004, my paralegal, Dorothy Hearne, wrote a letter to all counsel of record advising that a Motion to Reconsider would be filed in this cause. The letter invited counsel to advise of opposition, in the absence of which, opposition would be presumed. No telephone calls or other communication were received by counsel, therefore, this matter is referred to the Court for determination.

_____
ADAM PONCIO

STATE OF TEXAS           §

COUNTY OF BEXAR      §

BEFORE ME, the undersigned authority, on this day, personally appeared ADAM PONCIO. who, upon being by me duly sworn, on his oath, deposes and states the following:

"My name is ADAM PONCIO. I am over the age of twenty one years, competent to make this affidavit and have personal knowledge of the facts contained in the above and foregoing motion to reconsider.

"I am the attorney of record for the City of San Benito in the above entitled and numbered cause. The statements and allegations contained in the above and foregoing Motion to Reconsider are true and correct.

"Further affiant sayeth not."

_____
ADAM PONCIO

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, this 1st day of April, 2004.

_____
Notary Public, State of Texas



DOROTHY HEARNE
Notary Public, State of Texas
My Commission Expires
February 27, 2006

ORDINANCE NO. 478

AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE PRIVILEGE OF USING WITH THEIR NATURAL GAS AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN THE CORPORATE LIMITS OF THE CITY OF SAN BENITO, TEXAS: PROVIDING THAT SUCH UTILITIES SHALL MAKE SEMI-ANNUAL REPORTS, PROVIDING PENALTIES FOR THE VIOLATION HEREOF, REPEALING ALL LAWS IN CONFLICT HEREWITH, AND DECLARING AN EMERGENCY.

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF SAN BENITO, TEXAS:

SECTION 1.

That all persons and corporations using and maintaining any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas shall within thirty (30) days after the 30th day of September and the 31st day of March of each year file with the City Secretary a report sworn to by the auditor of such person or corporation showing the gross receipts derived from the sale by gas utilities of natural gas sold for heat, power or other purposes from consumer of such natural gas located within and using such natural gas within the corporate limits of the City of San Benito, Texas, for the six (6) months preceding each of said dates.

SECTION 11.

That upon the 1st day of November and the 1st day of May of each year hereafter every person or corporation using the streets, highways, alleys, parks or other public places within the City of San Benito, Texas, with main and/or auxiliary lines, fixtures and appurtenances for the sale and distribution of natural gas to consumers, shall pay to the City of San Benito, Texas, a rental equal to two per cent. (2%) of the gross receipts received by such person or corporation from its sale of natural gas for heat, power and for other purposes derived from consumers of such natural gas located within and using within the corporate limits of the City of San Benito, Texas, for the six (6) months preceding September 30th and March 31st of each year, which sum shall be paid to the Tax Collector of the City of San Benito, Texas, who shall thereupon deliver to the person or corporation paying the same a receipt for the amount so paid as rental.

SECTION 111.

Any special taxes, rentals, contributions or charges accruing before the effective date of this ordinance under the terms of any pre-existing ordinance contract or franchise against any such person or corporation, when paid to said City, shall be credited on the amount owed by such person or corporation as a charge or rental imposed for the use of the streets, alleys and other public places and ways within the said City, and the Tax Collector of said City is hereby authorized to give credit to such person or corporation when it or they pay the street rental charges in the manner described herein for all sums and for special taxes, rentals, contributions, charges or otherwise under the terms of any pre-existing ordinance, contract or franchise.

SECTION IV.

That any person or corporation and the local manager or agent of any such person or corporation, willfully failing or refusing after thirty (30) days written notice from the City to make the report required above herein shall, upon conviction in the Corporation Court of the said City, be fined in a sum not to exceed $50.00, and each day's failure or refusal shall be deemed a separate offense.

SECTION V.

All ordinances and parts of ordinances in conflict herewith are hereby repealed.



### SECTION VI.

The fact that the legislature of the State of Texas, has, by proper enactment permitted incorporated cities and towns to levy a tax against all persons and corporations occupying the public streets, alleys, public ways and places; as a rental or charge for the use and occupancy of said streets, alleys, public ways and places, and the fact that the general fund of said City is in need of immediate replenishment, creates and emergency, and the rule requiring the reading of all ordinances at two separate meetings is hereby suspended and this ordinance shall take effect immediately upon its passage, approval, and publication as provided by the charter of the City of San Benito.

Passed and approved this 25th day of June, A.D. 1941.

LOUIS S. WITTE, Mayor

Attest:

J. G. RUSSELL, City Secretary.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RIO GRANDE VALLEY GAS COMPANY<br>VS<br>CITY OF SAN BENITO | C.A. No. 150 |
| RIO GRANDE VALLEY GAS COMPANY<br>VS.<br>CITY OF ALAMO | C.A. No. 152 |
| RIO GRANDE VALLEY GAS COMPANY<br>VS.<br>CITY OF DONNA | C.A. No. 153 |
| RIO GRANDE VALLEY GAS COMPANY<br>VS.<br>CITY OF PHARR | C. A. No. 154 |

Messrs. Ward & Brown, of Corpus Christi, Texas;
Messrs. West & Hightower, of Brownsville, Texas;
and Hon. B. D. Kimbrough, of Corpus Christi, Texas;
for plaintiff.

Hon. E.A. McDaniel, of McAllen, Texas; and Hon.
Charles C. Bowie, of San Benito, Texas; for defendants.

MARCH 19, 1942

MEMORANDUM:

Plaintiff, a Delaware corporation, filed these actions against the defendant municipalities alleging, in each instance, that before building a distribution system, it had secured a franchise for a small annual fee; that thereafter, without referendum and without consent of plaintiff, the respective municipalities adopted ordinances unlawfully exacting from plaintiff two per cent of its gross receipts from the sale of natural gas.

In each instance it is alleged that the matter in controversy exceeds, exclusive of interest, the sum of $3,000.00. Jurisdiction is sought to be based upon diversity of citizenship and the amount in controversy as well as upon the existence of a Federal question. It is alleged that the ordinances levying the two per cent tax is violative of Art. I, Sec. 10, and Art. VI, amendments V, IX, X, and XIV. In the actions against the City of Donna, the City of

"Exhibit C" 

Pharr, and the City of Alamo, it is alleged that, under compulsion of the criminal features of such ordinances, plaintiff has paid small sums ($49.76; $3.40, and $10.66 respectively).

The prayer in each instance is, first, for judgment declaring the ordinances null and void "and that defendant be enjoined from attempting to enforce same or any part thereof;" and for recovery of the amounts paid; and, in the alternative, that plaintiff have judgment "that $10.00 per annum during the term of its franchise is a reasonable sum to be collected as rentals from plaintiff for such use of the streets and alleys to serve consumers within the city limits . . ."

Plaintiff moved for the appointment of a master to hear evidence. Defendants objected to such appointment, raising the first and fundamental question of jurisdiction of this court, taking the position, that notwithstanding general allegations that the amount in controversy exceeds $3,000.00, the complaints show affirmatively that the amount of the tax to be collected for the remainder of the period of the original franchise is far less than the requisite jurisdictional amount.

While the two per cent levy is denominated in the several ordinances as a "rental" it is elsewhere referred to as a tax and the emergency clauses recite that the Texas Legislature had authorized incorporated cities and towns "to levy a tax" against utilities occupying the public streets, etc., "as a rental or charge" for such use; and further re cites "the fact that the general fund of said city is in need of immediate replenishment.[1]"

It will not be necessary to discuss whether the amount in controversy is sufficient to sustain jurisdiction since the

---

(1) Evidently the statute referred to is part of Art. 7060, Vernon's Civil Statutes 'Acts 1941, 47th Leg., H.B. 8). The right of incorporated cities to make such levies had already been recognized by the Texas courts, Fleming et al v. Houston Lighting and Power Co. (Tex. Sup.) 138 S.W. 2d 520; Municipal Gas Co. v. City of Wichita Falls (Tex. Civ. App.) 88 S.W. 2d 608, Southwestern Tel & Tel Co. c. City of Dallas (Tex. Civ. App.) 174 S.W. 636.

-2-

"Exhibit C"

principal relief sought is to enjoin, suspend and restrain the collection of the taxes. 28 U.S.C.A. 41(1), as amended by the Act of August 21, 1937,(2)/ expressly denies jurisdiction to this court ot issue such an injunction, Norton et al. v. Cass County et al, 5th Cir., 115 F.2d 884. Under the authorities therein cited, plaintiff has a plain, speedy and efficient remedy in the State courts. While there is here no averment of threatened prosecutions, yet the Texas authorities are uniform that, where property rights are involved, criminal prosecutions will be restrained, Wichita Falls Traction Co. v. Raley et al (Tex. Civ. App.) 17 S.W. 2d 157; Anderson, Clayton & Co. et al v. State (Tex. Comm. App.) 62 S.W. 2d 107.

It is to be presumed that the State Courts will as faithfully and adequately protect plaintiff from alleged infringement of its rights under the Federal constitution as will the Federal courts, Gully v. First National Bank, 299 U.S. 109.

It is not clear from the complaint whether plaintiff seeks, under the prayer for alternate relief, a declaratory judgment. If so the Court is doubtful as to its jurisdiction for the reason that such a judgment would necessarily operate to suspend the collection of the taxes, which, under the statute, this court cannot do.

Defendant's suggestion of lack of jurisdiction will be sustained and the action dismissed. Plaintiff may, if it desires, amend. Let an order be prepared accordingly.

                                                    JAMES V. ALLRED
                                                         JUDGE

Done at Houston, Texas,
This the 19th day of March,
A.D., 1942.

---

(2) "...Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

-3-

"Exhibit C"

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

MAR - 9 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff, | § § § | |
| v. | § § | C.A. No. B-03-080 |
| TEJAS GAS PIPELINE COMPANY, *ET AL.*, | § § § | |
| Defendants. | § | |

## SUGGESTION OF BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Southern Gas Pipeline Company, Defendant in the above-entitled and numbered cause (hereinafter "Defendant"), and files this Suggestion of Bankruptcy, and would show the Court the following:

I.

On March 8, 2004, Defendant filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code, which is currently pending in the Corpus Christi Division of the United States Bankruptcy Court for the Southern District of Texas, under Case No. 04-20323-C-7. A true and correct copy of the Voluntary Petition is attached hereto as Exhibit "A" and incorporated herein by reference.

II.

Section 362 of Title 11 of the United States Code prohibits the commencement or continuation of actions to collect funds of or from the Estate of the Debtor. Therefore, continuation of this litigation is prohibited.



EXHIBIT C

Prayer

For the foregoing reasons, Defendant asks that this action be stayed unless it is dismissed as against the Defendant, and that Defendant have such other and further relief to which it show itself to be justly entitled.

Respectfully submitted,

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
James M. Evans
State Bar No. 24040878
Admissions No. 37059
*Jordan Hyden Womble & Culbreth, P.C.*
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78471-1090
Telephone: (361) 884-5678
Telecopier: (361) 888-5555
**BANKRUPTCY COUNSEL FOR SOUTHERN GAS PIPELINE CO.**

## CERTIFICATE OF SERVICE

I hereby certify, that a true and correct copy of the foregoing instrument was served on the parties below by First Class United States Mail, postage prepaid, on this the 9th day of March 2004.

Adam Poncio
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, TX 78215-1642

Osborne J. Dykes, III
Jeffrey D. Palmer
Fulbright & Jaworski, LLP
1301 McKinney, Suite 5100
Houston, TX 77010

Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, TX 78539

Julie L. Ezell
Cinergy Marketing & Trading, LP
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis
1100 Louisiana, Suite 4900
Houston, TX 77002

Bradley Whalen
Doyle, Restrep, Harving & Robbins
4700 Chase Tower
600 Travis Street
Houston, TX 77002

Frances I. Gandy
148 American Bank Plaza
Corpus Christi, TX 78575

J.D. Page
3040 Post Oak Blvd., Suite 85G
Houston, TX 77056

Rene G. Oliveira
David G. Oliveira
Roerig, Oliveira & Fisher
855 West Price Road, Suite 9
Brownsville, TX 78520

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 W. Pike, Suite 300
P.O. Drawer 1247
Weslaco, TX 78599-1247

_____
James M. Evans

(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Southern District of Texas Corpus Christi Division | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Southern Gas Pipeline, Co. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>74-2228632 | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>500 N. Shoreline Blvd., Suite 910<br>Corpus Christi, TX 78471 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: Nueces | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)
☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☑ Chapter 7  ☐ Chapter 11  ☐ Chapter 13 |
| ☑ Corporation | ☐ Stockbroker | ☐ Chapter 9  ☐ Chapter 12 |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other_____ | ☐ Clearing Bank | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ☑ Business | ☑ Full Filing Fee attached |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | ☐ Filing Fee to be paid in installments (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY
☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

EXHIBIT A

(Official Form 1) (12/03)
FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Southern Gas Pipeline, Co. |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| cation ...ere Filed: - None - | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**
I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney**
X /s/ Shelby A. Jordan State Bar No. 11016700
Signature of Attorney for Debtor(s)
Shelby A. Jordan State Bar No. 11016700
Printed Name of Attorney for Debtor(s)
Jordan, Hyden, Womble & Culbreth, P.C.
Firm Name
500 N. Shoreline Blvd., Suite 900
Corpus Christi, TX 78471
Address
(361) 884-5678  Fax: (361) 888-5555
Telephone Number
March 8, 2004
Date

**Signature of Debtor (Corporation/Partnership)**
I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ Fred E. Long
Signature of Authorized Individual
Fred E. Long
Printed Name of Authorized Individual
President
Title of Authorized Individual
March 8, 2004
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)     Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.