IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| | § | |
| Defendants | § | |

### THE CITY OF SAN BENITO'S RESPONSE TO THE DEFENDANTS THAT HAVE FILED A MOTION TO QUASH DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito and, pursuant to the Rules of Federal Procedure, files this response to the Defendants that have filed a Motion to Quash Discovery Requests and Plaintiff's Motion to Compel, and would respectfully show this Court as follows:

Plaintiff submits that the November 4, 2003, Scheduling Order states that Plaintiff was to submit pipeline ownership discovery by February 27, 2004. Plaintiff served discovery requests upon the defendants on that date. Plaintiff is entitled to discovery in order to establish support for its claims. Plaintiff has produced (and/or made available for copying and inspection) documents in this case that show that the Defendants and/or their affiliates sold gas at the La Palma power plant, which has been located inside of the city limits of the City of San Benito at all relevant times. No Defendant has called and requested a copy of such documents, which are readily available as public

documents. Plaintiff believes that each gas selling Defendant in this case had to use streets with pipelines to make the natural gas sales at the power plant. The Defendants' motions to quash should be denied, and the Defendants should be compelled to produce documents and otherwise respond to the discovery requests served upon them.

The issues raised in the Defendants' Motions to Quash and their Motions to Dismiss hinge on the issue of pipeline ownership within the city limits of the City of San Benito. Pipeline ownership is just one of the issues before this court. There is no question that the Defendants and/or their affiliates sold natural gas at the La Palma Power Plant ("power plant"). The City of San Benito has produced excerpted copies of public records known as Monthly Fuel Purchase Reports. These reports are filed with the Public Utility Commission of Texas and with the Federal Energy Regulatory Commission by the entity that owns the power plant. These public records show how much natural gas was burned at the power plant to generate electricity, and the source of that natural gas supply. The sources of that natural gas consumed at the power plant are the Defendants in this action. The power plant has been and continues to be located inside the city limits of the City of San Benito at all relevant times. The power plant is a gas fired power plant that is used to generate electricity for heat, power and other purposes. All of the Defendants' gas sales at the power plant were metered or otherwise measured at the power plant.

In 1941, the City of San Benito passed ordinance No. 478, which is described in detail and attached to the Plaintiff's Seventh Amended Original Petition, Petition for Declaratory Judgment, Request for Injunctive Relief, and Request for Jury Trial, which is incorporated herein by reference as if stated in the verbatim. In summary, Ordinance No. 478 states that all persons and corporations

**using and maintaining** pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation **using** the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% for the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." None of the defendants has paid the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

All of the defendants and/or their affiliates that sold gas at the power plant, and to other entities, must use pipelines located in the streets and other public places of San Benito to make those gas sales. If the pipelines did not exist, the Defendants could not have made money by selling gas at the power plant. Furthermore, natural gas is a fungible product which cannot be separated and attributed to each of the gas selling defendants, or separated from the natural gas inside of the pipelines that is sold by the company that owns the pipeline. Hence, each natural gas selling defendant uses the pipelines located in the streets and other public places of the City of San Benito to sell natural gas to the power plant. At the time of each Defendants natural gas sales at the power plant, each of the Defendants were in control of the pipelines that serve the power plant. None of the defendants have paid the City of San Benito for such indirect use of its streets. Each of the gas selling Defendants used the streets with main and/or auxiliary lines for the sale and distribution of natural gas to at least one consumer of natural gas (the power plant) without paying for the right to use the streets by way of the 2% gross receipts street rental fee or tax, in violation of Ordinance No. 478. For the reasons stated herein, all of the Defendants' motions to quash should be denied.

Plaintiff moves this honorable Court to deny Defendants' motions and to order the Defendants to produce documents and respond to the discovery requests served on the Defendants on February 27, 2004, as required by the Rules of Procedure.

Plaintiff respectfully requests that the Court (a) deny the Defendants' motions to quash; (b) order the defendants to produce documents and respond to the discovery requests served on the Defendants on February 27, 2004; and (c) grant Plaintiff such other and further relief, both legal and equitable, to which it may be justly entitled..

Respectfully submitted,

_____
ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile (210) 212-5880

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this 1ˢᵗ day of April, 2004, forwarded a true and correct copy of the above document to all counsel of record:

| | |
|---|---|
| Frances I. Gandy<br>148 American Bank Plaza<br>Corpus Christi, Texas 78475 | **VIA FIRST CLASS MAIL** |
| Ramon Garcia<br>LAW OFFICES OF RAMON GARCIA, P.C.<br>222 West University Drive<br>Edinburg, Texas 78539 | **VIA FIRST CLASS MAIL** |
| OSBORNE J. Dykes, III<br>Jeffrey D. Palmer<br>FULBRIGHT & JAWORSKI, LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 | **VIA FIRST CLASS MAIL** |
| Julie L. Ezell<br>CINERGY MARKETING & TRADING, L.P.<br>1000 East Main Street<br>Plainfield, Indiana 46168 | **VIA FIRST CLASS MAIL** |
| Randy Beevis<br>1100 Louisiana, Suite 4900<br>Houston, Texas 77002 | **VIA FIRST CLASS MAIL** |
| J.D. Page<br>3040 Post Oak Boulevard, Suite 85G<br>Houston, Texas 77056 | **VIA FIRST CLASS MAIL** |
| Bradley Whalen<br>DOYLE, RESTREP, HARVING & ROBBINS, L.L.P<br>4700 Chase Tower<br>600 Travis Street<br>Houston, Texas   77002 | **VIA FIRST CLASS MAIL** |

Rene G. Oliveira  **VIA FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan  **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247

_____
**ADAM PONCIO**