IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| v. | § | C.A. No. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, et al. | § | |

PENNZOIL'S REPLY TO SAN BENITO'S RESPONSE
TO PENNZOIL'S MOTIONS TO DISMISS AND QUASH

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ANDREW S. HANEN:

　　1.　　<u>Summary of Pennzoil's reply</u>　Pennzoil's motions to dismiss and to quash San Benito's discovery requests should be granted:

　　　　a.　　The Court has full authority to dismiss under Rule 41(b);

　　　　b.　　San Benito's unrepentant failure to comply with the Court's order justifies dismissal with prejudice;

　　　　c.　　The Court should not consider San Benito's belated motion to reconsider the order denying remand: removal was proper, the Tax Injunction Act does not apply; and

　　　　d.　　San Benito ignored the Court's orders requiring San Benito to provide information regarding pipeline ownership, and instead filed extensive discovery requests against Pennzoil and the other defendants.

These points are addressed in detail below.

　　　　<u>Reply to San Benito's response to Pennzoil's motion to dismiss</u>

　　a.　　<u>The Court has full authority to dismiss under Rule 41(b).</u>

　　2.　　<u>Rule 41(b) provides for dismissal with prejudice for failure to comply with court orders.</u>　San Benito's argument that Pennzoil and the other defendants violated the

Court's scheduling order by filing the motions to dismiss which it claims constituted motions for summary judgment is a classic red herring defense. See San Benito's Motion/Response at 2. The defendants' motions to dismiss were not motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, but rather were motions to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of San Benito's failure to comply with the orders of the Court. Dismissal with prejudice of Pennzoil would be appropriate in light of San Benito's failure to comply with the Court's order, and is clearly contemplated by Rule 41(b).

> b.    San Benito's unrepentant failure to comply with the Court's order justifies dismissal with prejudice.

3.    San Benito's attempt to shift attention away from its continued refusal to comply with the Court's order should be rejected. San Benito's attempt to shift attention away from its refusal to comply with the Court's order to produce information concerning defendants' pipeline ownership by arguing that "pipeline ownership is just one of the issues before this court" should be rejected.[1] San Benito's Motion/Response at 2. Contrary to San Benito's statement, Pennzoil's motion to dismiss does not "hinge on the issue of pipeline ownership" (Id.) but rather focuses on San Benito's refusal to comply with the Court's order to produce information concerning Pennzoil's pipeline ownership. San Benito states that

---

[1] Perhaps one reason San Benito has failed to produced documents evidencing pipeline ownership is the absence of such documents. In San Benito's Responses to Pennzoil's Requests for Admission, attached as Exhibit A, request 1 asked San Benito to admit that "Pennzoil has not owned a gas pipeline with the San Benito city limits since January 1, 1941. San Benito responded, among other things, it did not have sufficient information to either admit or deny. If San Benito had any proof that Pennzoil did have a gas pipeline in the city limits -- the threshold issue framed by the Court -- San Benito should have denied the request.

it "has complied with discovery" (Id.) but this is not accurate. San Benito's statement that "[n]ot one Defendant has contacted San Benito's counsel to obtain a copy of the documents available" (Id. at 3) is not accurate, at least not as to Pennzoil. Pennzoil's undersigned counsel wrote San Benito on August 1, 2003 and January 5, 2004 to request "any documents regarding whatever activity believed to make Pennzoil liable . . ." (letters from Pennzoil's counsel to San Benito's counsel dated August 1, 2003 and January 5, 2004, respectively and attached as Exhibits B and C) and propounded specific discovery requests (discussed below). Further, contrary to any representation by San Benito, Pennzoil has not received any documents from San Benito which address the alleged ownership of a pipeline by Pennzoil.

4.  Contrary to its claim, San Benito has not produced documents to Pennzoil. As to San Benito's representation that it has produced or offered documents regarding pipeline ownership to Pennzoil (and the other defendants), Pennzoil specifically invites the Court's attention to San Benito's response to Pennzoil's request for production 1:

> [Pennzoil's request 1] All documents, items and things on which San Benito relies for its allegation that Pennzoil has owned a pipeline with the San Benito city limits since 1941.

> [San Benito's response] Plaintiff objects to this request because it calls for documents that are within the possession, custody and/or control of Pennzoil. Subject to the foregoing objection, and other than the attached copies of public records obtained from the Federal Energy Regulatory Commission (FERC) and the Public Utility Commission of Texas, none.

San Benito did not attach any documents to its pleading. If it has no documents "other than" "none," San Benito has no documents. If it has no documents, it had nothing to produce,

nothing to offer or invite Pennzoil to review, and nothing to support its claim that Pennzoil owned a pipeline. San Benito never described what documents it believed Pennzoil had on point. San Benito never provided any response more definitive than an invitation to look generally at the F.E.R.C. and P.U.C. websites. A close reading of San Benito's response indicates San Benito had no documents to offer, and did not have anything to attach or for Pennzoil or the other defendants to review.

     5.    <u>The threshold issue is the defendants' pipeline ownership</u> San Benito's argument that pipeline ownership is just one issue in the case and defendants could be liable under the ordinance merely for selling gas to the San Benito power plant goes against prior statements by San Benito's counsel in open court, and against the language of the ordinance at issue. During the October 27, 2003 initial pretrial and scheduling conference San Benito agreed that the threshold issue in the case was defendants' pipeline ownership. <u>See</u> Tr. of Scheduling Conference at 18:4-8. Any doubt as to whether the ordinance at issue in this lawsuit requires the ownership of a pipeline within the City of San Benito is resolved by the language of the ordinance itself. The ordinance is entitled, "AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE PRIVILEGES OF USING, **WITH THEIR** NATURAL GAS AND AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS WITHIN THE CORPORATE LIMITS OF THE CITY OF SAN BENITO." City of San Benito Ordinance No. 478 (emphasis added). The language "with their" clearly indicates

that ownership is a requirement for rentals to be paid.  Section I of the Ordinance provides conjunctively that "all ... corporations **using and maintaining any main and auxiliary lines**, appurtenances and fixtures for the sale and distribution of natural gas" shall file a report with the City Secretary showing gross receipts from the sale by gas utilities of natural gas.  Id. at § II. (emphasis added).    The Ordinance also provides that the ordinance was enacted "as a rental or charge for the **use and occupancy** of said street, alleys, public ways and places."  Id. at § VI. (emphasis added).  Contrary to San Benito's contention, merely selling gas which may be transported to the San Benito power plant through pipelines owned by others is not enough to come within the coverage of the ordinance.  The threshold issue is ownership of a pipeline within the city limits.  San Benito agreed with that proposition at the scheduling conference, was ordered to provide information regarding pipeline ownership, and in the intervening six months has not provided that information.

c.   The Court should not consider San Benito's belated motion to reconsider the order denying remand: removal was proper, the Tax Injunction Act does not apply.

6.   Removal was appropriate: the Tax Injunction Act does not apply.   San Benito's argument that the Court lacks jurisdiction over this matter based on the prior order in Rio Grande Valley Gas Company v. City of San Benito adds nothing to its motion for remand.  Unlike the plaintiff in Rio Grande Valley Gas Company who sought "to enjoin, suspend, and restrain the collection of the taxes," San Benito in this case seeks to collect, not prevent collection, of certain charges pursuant to the ordinance.  See Exhibit B to San

Benito's Motion/Response.  The Tax Injunction Act "does not bar federal court jurisdiction of a suit . . . to collect a state tax." Louisiana Land & Exploration Co. v. Pilot Petroleum Corp., 900 F.2d 816, 818 (5th Cir. 1990) (holding that the Tax Injunction Act did not apply "because the suit was filed to collect a state tax, rather than enjoin, suspend, or restrain the collection of taxes"); see also Jefferson County v. Acker, 527 U.S. 423, 433-34 (1999) ("[A] suit to collect a tax is surely not brought to restrain state action, and therefore does not fit the [Tax Injunction Act's] description of suits barred from federal district court adjudication."). Therefore, even under San Benito's characterization of this suit as an action to collect a tax, the Tax Injunction Act does not apply.

7.    The Tax Injunction Act is inapplicable for the additional reason that this suit is not for a tax, but for a rental charge.  The nature of the charge is made clear in the ordinance on which San Benito relies.  The tax/rental distinction is explained by the Texas Supreme Court in Fleming v. Houston Lighting & Power Co., 138 S.W. 520 (Tex. 1940), a case cited and relied on in San Benito's Seventh Amended Petition, which holds that in certain circumstances cities have the right to fix a *rental* charge on gas companies and other utilities which carry on a local business. See San Benito's Seventh Amended Petition at ¶ 4.2.  The Ninth Circuit has also agreed with the characterization of an analogous situation, where the city sought to secure payment for a company's use of a substreet easement, as a "user fee or rent, as opposed to a tax." Shell Oil Co. v. City of Santa Monica, 830 F.2d 1052, 1059 n.8 (9th Cir. 1987).  Additionally, taxes are designed to raise revenue and are not

tied to the reasonable value of property.

<u>Reply to San Benito's Response to Pennzoil's Motion to Quash</u>

d.    <u>San Benito ignored the Court's orders requiring San Benito to provide
      information regarding pipeline ownership, and instead filed extensive
      discovery requests against Pennzoil and the other defendants.</u>

8.    As stated above, San Benito has not yet complied with the Court's order that
it provide information regarding Pennzoil's pipeline ownership. Further, contrary to San
Benito's assertions (San Benito's response to motion to quash at p.1), it has not produced
any documents to Pennzoil which address Pennzoil's alleged ownership of a pipeline.
Pennzoil has written to San Benito several times requesting those documents, both in letters
(dated August 1, 2003, and January 5, 2004, attached as Exhibits B and C), and in
Pennzoil's request for production (requests 1 and 20, embedded in San Benito's responses,
attached as Exhibit D).

9.    Pennzoil has also asked in interrogatories for information regarding San
Benito's contentions (embedded in San Benito's answers, attached as Exhibit D; see
specifically interrogatories 1-4), but has not been provided with anything which remotely
provides a clue as to Pennzoil's alleged pipeline ownership in San Benito's answers to those
interrogatories. In answer to Pennzoil's interrogatories 1 and 2, San Benito answered that
the information requested "is more readily known by Pennzoil." That answer is not
appropriate. <u>U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.</u>, 66
F.R.D. 570, 573 (E.D.Ill.1975); <u>Patterson Oil Terminals v. Charles Kurz & Co.</u>, 7 F.R.D.250

(E.D.Pa.1945).

10.    As to Pennzoil's request for production 1 asking for documents "on which San Benito relies for its allegation that Pennzoil has owned a pipeline within the San Benito city limits since 1941," San Benito's response (Exhibit D) to the effect that responsive documents are in Pennzoil's possession, custody or control does not identify any documents with any specificity, and suffers the further infirmity as the answers to interrogatories 1 and 2. Similarly, San Benito's coy invitation to Pennzoil to review F.E.R.C. or P.U.C. records without a pinpoint cite (San Benito's Initial Disclosures at ¶ 2, attached as Exhibit E (which wholly ignored Pennzoil); San Benito's Supplemental Rule 26 Disclosure at ¶s 1-3, attached as Exhibit F; and San Benito's Second Supplemental Disclosure at ¶s 1-3, attached as Exhibit G) is insufficient. See Struthers Scientific and International Corporation v. General Foods Corporation, 45 F.R.D. 375, 380 (S.D.Tex. 1968).

11.    Instead of giving Pennzoil information regarding its alleged pipeline ownership, San Benito has consistently vectored off and alluded instead to an alleged sale of gas by Pennzoil – but not pipeline ownership. See San Benito's initial and supplemental disclosures. Exhibits E-G. Even as to the alleged sale of gas -- the only issue which San Benito now wants to discuss, San Benito has not produced any documents or any meaningful information. Instead, San Benito has only either told Pennzoil generally to look at P.U.C. and F.E.R.C. websites, or claimed to have produced documents which it has not. San Benito's non-responsive responses haven't moved the ball one inch since the October 27,

2003 hearing. Pennzoil still doesn't have any information about its alleged liability regarding the accepted issue of pipeline ownership, or regarding the new point which San Benito wants to argue but yet not support with meaningful information. San Benito hasn't provided any information regarding the threshold issue of pipeline ownership which it agreed six months ago was the threshold issue, and it hasn't provided anything other than an invitation to look at F.E.R.C. and P.U.C. websites for the gas sales issue it now wants to obliquely address. Pennzoil's motion to quash San Benito's discovery requests should be granted.

CONCLUSION

Pennzoil should be dismissed, as other defendants in this lawsuit were properly dismissed with prejudice. Pennzoil should also be granted all other relief to which it is entitled.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas 77056
713-840-9200
Fax: 713-840-9217
Attorney-in-Charge for Pennzoil Gas
Marketing Company

Of Counsel:
Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin & Robbins, L.L.P.
4700 Chase Tower

600 Travis Street
Houston, Texas 77002
713-228-5100
Fax: 713- 228-6138

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on April 14, 2004, on the following:

Adam Poncio
Law Office of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215
Facsimile: (210) 212-5880

Osborne J. Dykes, III
1301 McKinney, Suite 5100
Houston, Texas 77010
Facsimile: (713) 651-5246

Julie Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana
Facsimile: (317) 838-6001

Randy Beevis
Cinergy Marketing & Trading, L.P.
1100 Louisiana, Suite 4900
Houston, Texas 77002
Facsimile: (713) 393-6903

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475
Facsimile: (361) 883-0148

David G. Oliveira
Roerig, Oliveira & Fisher LLP
866 West price Road, Suite 9
Brownsville, Texas 78520
Facsimile: (956) 542-0016

C. Scott Jones
Jerry K. Clements
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Facsimile: (214) 740-8800

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247
Facsimile: (956) 968-6089

J. D. Page

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF SAN BENITO,                      §
                                         §
v.                                       §
                                         §         C.A. NO. B03-080
TEJAS GAS PIPELINE COMPANY,              §
ET AL.                                   §

ORDER OF DISMISSAL WITH PREJUDICE

On this day the Court considered Pennzoil Gas Marketing Company's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) or in the alternative to compel production of documents and information concerning Pennzoil Gas Marketing Company's ownership of a pipeline within the City of San Benito's corporate limits. The Court finds that the City of San Benito has failed to comply with the Court's order that the City of San Benito produce information concerning pipeline ownership to the defendant Pennzoil Gas Marketing Company. The Court dismisses the City of San Benito's claims against Pennzoil Gas Marketing Company with prejudice to refiling. This order operates as a final adjudication on the merits that the City of San Benito takes nothing by way of its claims against Pennzoil Gas Marketing Company. Pennzoil Gas Marketing Company shall recover its costs from the City of San Benito, and Pennzoil Gas Marketing shall move for recovery of its costs within ten days of entry of this order.

SIGNED on _____.


_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | |
| | § | |
| Defendants | § | |

**CITY OF SAN BENITO'S RESPONSES TO DEFENDANT PENNZOIL GAS**
**MARKETING COMPANY'S FIRST REQUEST FOR ADMISSIONS**

TO:   Defendant, PENNZOIL GAS MARKETING COMPANY
By and through their attorneys of record:
Francis L. Gandy, Jr.
148 American Bank Plaza
Corpus Christi, Texas 78475

COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

submits the following as their responses to Defendant Pennzoil Gas Marketing Company's First

Request for Admissions.  The City of San Benito reserves the right to supplement and/or withdraw

any of the following objections, admissions or denials.

Respectfully submitted,

**ADAM PONCIO**
State Bar No. 16109800
**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880
ATTORNEY FOR PLAINTIFFS



## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for Plaintiff, do hereby certify that I have on this *1st* day of April, 2004, forwarded by United States Mail, a true and correct copy of the above document to the following attorneys of record pursuant to the Federal Rules of Civil Procedure:

Mr.Osbourne J. Dykes, III
1301 McKinney, Suite 5100
Houston, TX 77010

Attorney-in-Charge for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C, Tejas Gas Pipeline, L.P., Tejas Gas , L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing  Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P.,  Shell Gas Trading Company and Transco Petro Source Company.

Ms. Jerry K. Clements
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

Attorney-in-Charge for Amoco Energy Trading Corp., BP Energy Company, Arco Natural Gas Marketing Inc., Vastar Gas Marketing, Inc., Chevron U.S.A., Inc., Conoco, Inc., Natural Gas Clearinghouse, Inc., Texaco Exploration and Production, Inc., Texaco Natural Gas, Inc., Texaco Gas Marketing, Inc., Total E&P USA, Inc., as successor in interest to FINA, Inc, Union Pacific Resources Company, and Anadarko Energy Services Company.

Mr. David Van Susteren
1301 McKinney, Suite 5100
Houston, TX 77010

Attorney-in-Charge for Duke Energy Trading and Marketing, L.L.C., PanEnergy Trading and Market Services, L.L.C., and PanEnergy Trading & Marketing, L.L.C.

Mr. Francis I. Gandy, Jr.
148 American Bank Plaza
Corpus Christi, TX 78475

Attorney-in-Charge for Gulf Coast Energy, Inc.

Mr. Bradley M. Whalen
Doyle, Restrepo, Harvin & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, TX 77002
Attorney-in-Charge for Pennzoil Gas Marketing Company

Mr. Randy Beevis
Cinergy Marketing & Trading, LP
1000 East Main Street
Plainfield, IN 46168

Attorney-in-Charge for Cinergy Marketing & Trading, LP


**ADAM PONCIO**

## REQUESTS FOR ADMISSIONS

1.    Pennzoil has not owned a gas pipeline within the San Benito city limits since January 1, 1941.

Response: Plaintiff does not have sufficient information to either admit or deny. Plaintiff will supplement this response when discovery is completed. Pipeline ownership is but one issue in this case.

2.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has owned a gas pipeline within the San Benito city limits since January 1, 1941.

Response: Plaintiff objects to this request because it is vague and ambiguous in nature. The word "inquiry" is not defined. San Benito admits that it has evidence to show that Pennzoil and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets of San Benito, and other public places, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma power plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is completed.

3.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has owned a gas pipeline within the San Benito city limits since January 1, 1941.

Response: Admitted as to whether Plaintiff had no evidentiary support for its claim that Pennzoil has owned a gas pipeline inside the city limits of San Benito since January 1, 1941, at the time referenced in Request for Admission No.3. San Benito also admits that it has evidence to show that Pennzoil and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets of San Benito, and other public places, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is completed.

4.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has owned a gas pipeline within the San Benito city limits since January 1, 1941,

Response: Please see the answer to Request for Admission No. 3, which is incorporated herein by reference.

5.    Pennzoil has not owned gas pipeline fixtures within the San Benito city limits since January 1, 1941.

Response: Plaintiff does not have sufficient information to either admit or deny. Plaintiff reserves the right to supplement this request once discovery is completed. Ownership of gas pipeline fixtures is but one issue in this case.

6.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has owned gas pipeline fixtures within the San Benito city limits since January 1, 1941.

Response:  Plaintiff objects to this request because it is vague and ambiguous in nature. The word "inquiry" is not defined. San Benito admits that it has evidence to show that Pennzoil, and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets and/or other public places of San Benito, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is completed.

7.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has owned gas pipeline fixtures within the San Benito city limits since January 1, 1941.

Response:  Admitted as to whether Plaintiff had no evidentiary support for its claim that Pennzoil has owned gas pipeline fixtures inside the city limits of San Benito since January 1, 1941, at the time referenced in Request for Admission No. 7. San Benito also admits that it does have evidence to show that Pennzoil and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets of San Benito, and other public places, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is completed.

8.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has owned gas pipeline fixtures within the San Benito city limits since January 1, 1941.

Response:  Please see the response to Request for Admission No. 7, which is incorporated herein by reference.

9.    Pennzoil has not owned gas pipeline appurtenances within the San Benito city limits since January 1, 1941.

Response: Plaintiff does not have sufficient information to either admit or deny. Plaintiff reserves the right to supplement this request once discovery is completed. Ownership of gas pipeline appurtenances is but one issue in this case.

10.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has owned gas pipeline appurtenances within the San Benito city limits since January 1, 1941.

Response: Plaintiff objects to this request because it is vague and ambiguous in nature. The word "inquiry" is not defined. San Benito admits that it has evidence to show that Pennzoil, and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets and/or other public places of San Benito, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is completed.

11.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has owned gas pipeline appurtenances within the San Benito city limits since January 1, 1941.

Response: Admitted as to whether Plaintiff had no evidentiary support for its claim that Pennzoil has owned gas pipeline appurtenances inside the city limits of San Benito since January 1, 1941, at the time referenced in Request for Admission No. 11. San Benito also admits that it does have evidence to show that Pennzoil and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets of San Benito, and other public places, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is complete.

12.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has owned gas pipeline appurtenances within the San Benito city limits since January 1, 1941.

Response: Please see the response to Request for Admission No. 11, which is incorporated herein by reference.

13.    In order for Pennzoil to be liable under San Benito Ordinance no. 478, Pennzoil must have

owned a gas pipeline, fixtures and/or appurtenances within the San Benito city limits.

Response: Denied.

14.    Pennzoil owes San Benito nothing under San Benito ordinance 478.

Response: Denied.

15.    Pennzoil has not used San Benito's streets, highways, alleys, parks or other public places since January 1, 1941.

Response: Denied.

16.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has used San Benito's streets, highways, alleys, parks or other public places since January 1, 1941.

Response: Denied.

17.    At the time San Benito filed its response to -notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has used San Benito's streets, highways, alleys, parks or other public places since January 1, 1941.

Response: Denied.

18.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has used San Benito's streets, highways, alleys, parks or other public places since January 1, 1941,

Response: Denied.

19.    Pennzoil has not sold natural gas for heat, power or other purposes derived from consumers of such natural gas within the San Benito city limits since January 1, 1941.

Response: Denied. Plaintiff does admit that Pennzoil sold natural gas to the La Palma Power Plant once owned by CP&L, and such natural gas was used by the power plant to generate power and may have been used for other purposes. The power plant is and has been located inside the city limits of the City of San Benito at all relevant times. Discovery is ongoing and Plaintiff reserves the right to supplement this response once discovery is completed.

20.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has sold natural gas for heat, power or other purposes derived from consumers of such natural gas

within the San Benito city limits since January 1, 1941.

Response: Denied.

21.   At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has sold natural gas for heat, power or other purposes derived from consumers of such natural gas within the San Benito city limits since January 1, 1941.

Response: Denied.

22.   At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has sold natural gas for heat, power or other purposes derived from consumers of such natural gas within the San Benito city limits since January 1, 1941.

Response: Denied.

23.   Pennzoil has not operated a gas pipeline, fixtures or appurtenances within the San Benito city limits since January 1, 1941.

Response: Denied.  To "operate" is synonymous with to "use."

24.   At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has operated a gas pipeline, fixtures or appurtenances within the San Benito city limits since January 1, 1941.

Response: Denied.  To "operate" is synonymous with to "use."

25.   At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has operated a gas pipeline, fixtures or appurtenances within the San Benito city limits since January 1, 1941.

Response: Denied.  To "operate" is synonymous with to "use."

26.   At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has operated a gas pipeline, fixtures or appurtenances within the San Benito city limits since January 1, 1941.

Response: Denied.

27.   Pennzoil has not operated as a gas utility within the San Benito city limits since January 1,

1941.

Response: Plaintiff does not have sufficient information to either admit or deny. Discovery is ongoing and Plaintiff reserves the right to supplement or amend this response once discovery is completed.

28.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had not made an inquiry as to whether Pennzoil has operated as a gas utility within the San Benito city limits since January 1, 1941.

Response:  Plaintiff objects to this request because it is vague and ambiguous in nature. The word "inquiry" is not defined. San Benito admits that it has evidence to show that Pennzoil, and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets and/or other public places of San Benito, with pipe lines, whether owned by the Defendants or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is complete

29.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no evidentiary support for its claim that Pennzoil has operated as a gas utility within the San Benito city limits since January 1, 1941.

Response: Admitted as to whether Plaintiff had no evidentiary support for its claim that Pennzoil has operated as a gas utility within the city limits of San Benito since January 1, 1941, at the time referenced in Request for Admission No. 29. San Benito also admits that it does have evidence to show that Pennzoil and the rest of the Defendants, and/or their affiliates in this case, sold gas at the La Palma power plant which has been located inside the city limits of San Benito at all relevant times. The Defendants, and/or their affiliates, had to use the streets of San Benito, and other public places, with pipe lines, whether owned by the Defendant or not, to make those natural gas sales at the La Palma plant. All such natural gas sales by the defendants were metered at the power plant. Discovery is ongoing in this case, and Plaintiff reserves the right to supplement this response when discovery is complete.

30.    At the time San Benito filed its response to notice of removal and motion to remand with supporting authorities, San Benito had no document in its possession, custody or control which showed that Pennzoil has operated as a gas utility within the San Benito city limits since January 1, 1941.

Response:  Please see Plaintiff's response to Request for Admission No. 29, which is incorporated herein by reference.

31.    As of the date of San Benito's responses to these requests for admissions, San Benito has no documents, items or things which prove that Pennzoil has ever owned or operated a gas pipeline, fixtures or appurtenances within the San Benito city limits.

Response: Admitted as to Plaintiff having no evidence of ownership by Pennzoil of a gas pipeline, fixtures or appurtenances within the San Benito city limits. Denied as to whether Pennzoil has operated a gas pipeline, fixtures or appurtenances. Pennzoil had to use gas pipelines located in streets and other public places inside the city limits of San Benito to make the gas sales that occurred and were metered at the La Palma power plant in the City of San Benito.

32. As of the date of San Benito's responses to these requests for admissions, San Benito has no documents, items or things which prove that Pennzoil owes San Benito any money under San Benito Ordinance no. 478.

Response: Denied.

33. As of the date of San Benito's responses to these requests for admissions, San Benito has no documents, items or things which prove that Pennzoil has used San Benito's streets, highways, alleys, parks or other public places since January 1, 1941.

Response: Denied.

34. As of the date of its responses to these requests for admissions, San Benito has no documents, items or things which prove that Pennzoil has sold natural gas for heat, power or other purposes derived from consumers of such natural gas within the San Benito city limits since January 1, 1941.

Response: Denied. Plaintiff does admit that Pennzoil sold natural gas to the La Palma Power Plant once owned by CP&L, and such natural gas was used by the power plant to generate power and may have been used for other purposes. The power plant is and has been located inside the city limits of the City of San Benito at all relevant times. Discovery is ongoing and Plaintiff reserves the right to supplement this response once discovery is completed.

35. As of the date of its responses to these requests for admissions, San Benito has no documents, items or things which prove that Pennzoil has operated as a gas utility within the San Benito city limits since January 1, 1941.

Response: Plaintiff does not have sufficient information to either admit or deny. Discovery is ongoing and Plaintiff reserves the right to supplement this request once discover is completed.

36. As of the date of San Benito's responses to these requests for admissions, San Benito has no factual basis for its claim that Pennzoil has ever owned or operated a gas pipeline, fixtures or appurtenances within the San Benito city limits.

Response: Denied.

37. As of the date of San Benito's responses to these requests for admissions, San Benito has no

factual basis for its claim that Pennzoil owes San Benito any money under San Benito Ordinance no. 478.

Response: Denied.

38.    As of the date of San Benito's responses to these requests for admissions, San Benito has no factual basis for its claim that Pennzoil has used San Benito's streets, highways, alleys, parks or other public places since January 1, 1941.

Response: Denied.

39.    As of the date of its responses to these requests for admissions, San Benito has no factual basis for its claim that Pennzoil has sold natural gas for heat, power or other purposes derived from consumers of such natural gas within the San Benito city limits since January 1, 1941.

Response: Denied.

40.    As of the date of its responses to these requests for admissions, San Benito has no factual basis for its claim that Pennzoil has operated a gas pipeline within the San Benito city limits since January 1, 1941.

Response: Denied.

41.    As of the date of its responses to these requests for admissions, San Benito has no factual basis for its claim that Pennzoil has operated as a gas utility within the San Benito city limits since January 1, 1941.

Response: Plaintiff does not have sufficient information to either admit or deny.  Discovery is ongoing and Plaintiff reserves the right to supplement this request once discover is completed.

**J.D. PAGE**
ATTORNEY AT LAW
3040 POST OAK BOULEVARD, SUITE 850
HOUSTON, TEXAS 77056



TELEPHONE
(713) 840-9200
FACSIMILE
(713) 840-9217
email: jdpage@msn.com

August 1, 2003

Adam Poncio                                          via fax: 210-212-5880
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

> Re:   C. A. No. B03-080; City of San Benito v. Tejas Gas Pipeline Company, et al.;
> in the United States District Court for the Southern District of Texas,
> Brownsville Division

Dear Mr. Poncio:

As we discussed this morning, I represent Devon, the successor to Pennzoil Gas Marketing, Inc. Devon has no record that it or any of its predecessors has ever owned any pipelines or gathering lines in Cameron County. Devon has no reasonable way of searching for records of sales of gas that may have been transported through a pipeline within the city of San Benito. We want to provide information to you in good faith, but we need more information from you in order to do that efficiently. Please send me any documents you have regarding whatever activity it is that you believe has made Pennzoil Gas Marketing or Devon liable in the case at bar, including especially anything indicating Pennzoil sold gas that was transported through the city of San Benito, or that otherwise indicate Pennzoil or Devon took any of the actions that are the subject of the plaintiff's petition.

You have advised me that you plan to schedule a conference call to comply with the parties' obligation to meet prior to the pre-trial and scheduling conference. Please include me in that call. You can reach me at 713-840-9200.

Very truly yours,

J. D. Page

cc:    Ramon Garcia                               via fax: 956-381-0825
       Thomas G. Trott                            via fax: 713-286-5759
       Brad Whalen                                via fax: 713-228-6138

EXHIBIT
B

**J.D. PAGE**
ATTORNEY AT LAW
3040 POST OAK BOULEVARD, SUITE 850
HOUSTON, TEXAS 77056



TELEPHONE
(713) 840-9200
FACSIMILE
(713) 840-9217
email: jdpage@msn.com

January 5, 2004

Adam Poncio                                                    via fax: 210-212-5880
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

> Re:  C. A. No. B03-080; City of San Benito v. Tejas Gas Pipeline Company, et al.;
> in the United States District Court for the Southern District of Texas,
> Brownsville Division

Dear Mr. Poncio:

As we have previously discussed, I represent Devon, the successor to Pennzoil Gas Marketing, Inc. I have reviewed your initial disclosures filed on behalf of the City of San Benito. I do not see that you have claimed any damages owed by Devon/Pennzoil Gas Marketing, Inc. If there are no damages claimed against Devon/Pennzoil Gas Marketing, than I ask that you dismiss Devon/Pennzoil Gas Marketing before my client has to spend any more time or money on this matter. If I do not hear back from you, I will file a motion to dismiss. If there are damages claimed against Devon/Pennzoil Gas Marketing, than I ask that you tell me what those damages are and provide me the documents in your possession, custody or control on which you base your damages calculations.

I note that in your initial disclosures you state that documents are available through the Public Utility Commission or the Federal Energy Regulatory Commission. If you intend to pursue this matter, I believe you will have to provide the documents or copies to be used as exhibits in court at the time of trial. Simply referring generally to governmental agencies of as being the depositories of unidentified documents does not help me. I ask that you make those documents or copies available for my inspection and copying. I trust that you do have copies of documents in your possession, custody or control.

Also, other than as to your damages calculations, please provide me with any documents you have regarding whatever activity it is that you believe has made Pennzoil Gas Marketing or Devon liable in the case at bar, including especially anything indicating Pennzoil sold gas that was transported through the city of San Benito, or that otherwise indicate Pennzoil or



EXHIBIT
C

Devon took any of the actions that are the subject of the plaintiff's complaint.

Very truly yours,

J. D. Page

cc:   Ramon Garcia                    via fax: 956-381-0825
      Thomas G. Trott                 via fax: 713-286-5759
      Brad Whalen                     via fax: 713-228-6138



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | |
| | § | |
| Defendants | § | |

### CITY OF SAN BENITO'S RESPONSES AND OBJECTIONS TO DEFENDANT PENNZOIL GAS MARKETING COMPANY'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION

TO:   Defendant, PENNZOIL GAS MARKETING COMPANY
      By and through their attorneys of record:
      Francis I. Gandy, Jr.
      148 American Bank Plaza
      Corpus Christi, Texas 78475

COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure, submits the following as their responses and objections to Defendant Pennzoil Gas Marketing Company's ("Pennzoil") First Set of Interrogatories and First Requests for Production. Plaintiff reserves the right to supplement or amend the following objections, answers and responses.

---

Answers and Responses to Pennzoil's Interrogatories and Request for Production
Page 1



EXHIBIT
D

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS


## CERTIFICATE OF SERVICE

I, the undersigned attorney of record for Plaintiff, do hereby certify that I have on this ~~1st~~ day of ~~March,~~ April, 2004, forwarded by United States Mail, a true and correct copy of the above document to the following attorneys of record pursuant to the Federal Rules of Civil Procedure:

Mr.Osbourne J. Dykes, III
1301 McKinney, Suite 5100
Houston, TX 77010

Attorney-in-Charge for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C, Tejas Gas Pipeline, L.P., Tejas Gas , L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing  Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P.,  Shell Gas Trading Company and Transco Petro Source Company.

Ms. Jerry K. Clements
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

Attorney-in-Charge for Amoco Energy Trading Corp., BP Energy Company, Arco Natural Gas Marketing Inc., Vastar Gas Marketing, Inc., Chevron U.S.A., Inc., Conoco, Inc., Natural Gas Clearinghouse, Inc., Texaco Exploration and Production, Inc., Texaco Natural Gas, Inc., Texaco Gas

Marketing, Inc., Total E&P USA, Inc., as successor in interest to FINA, Inc, Union Pacific Resources Company, and Anadarko Energy Services Company.

Mr. David Van Susteren
1301 McKinney, Suite 5100
Houston, TX 77010

Attorney-in-Charge for Duke Energy Trading and Marketing, L.L.C., PanEnergy Trading and Market Services, L.L.C., and PanEnergy Trading & Marketing, L.L.C.

Mr. Francis I. Gandy, Jr.
148 American Bank Plaza
Corpus Christi, TX 78475

Attorney-in-Charge for Gulf Coast Energy, Inc.

Mr. Bradley M. Whalen
Doyle, Restrepo, Harvin & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, TX 77002

Attorney-in-Charge for Pennzoil Gas Marketing Company

Mr. Randy Beevis
Cinergy Marketing & Trading, LP
1000 East Main Street
Plainfield, IN 46168

Attorney-in-Charge for Cinergy Marketing & Trading, LP


**ADAM PONCIO**

## INTERROGATORIES

1.     Identify each and every factual basis on which San Benito claims that Pennzoil has owned a pipeline within the San Benito city limits since 1941, and identify all facts known to San Benito which suggest and/or prove that Pennzoil has not owned a pipeline within the San Benito city limits since 1941.

RESPONSE: Plaintiff objects to this interrogatory because it calls for information that is more readily known by Pennzoil. Subject to the foregoing objection, Plaintiff has evidence to show that Pennzoil sold gas at the La Palma power plant which has been located inside of the city limits of the City of San Benito at all relevant times. During the times that Pennzoil sold gas at the power plant, Pennzoil had to use the streets and other public places of the City of San Benito with pipelines to deliver the gas to the power plant. At those times, Pennzoil had to control and/or use the pipelines to make the gas sales at the power plant.

2.     Identify each and every factual basis on which San Benito claims that Pennzoil has owned a pipeline within the San Benito city limits since 1941 which San Benito knew and/or had in its possession, custody or control at the time San Benito filed its response to notice of removal and motion to remand with supporting authorities

RESPONSE: Please see the response to Interrogatory No. 1, which is incorporated herein by reference.

3.     Identify each and every basis on which San Benito seeks to impose liability on Pennzoil under San Benito Ordinance no. 478, including without limitation all factual bases, all claims and/or causes of action and all applications of law to facts.

RESPONSE: Ordinance No. 478 is a statute passed by the City of San Benito in accordance with all applicable laws. In summary, the ordinance applies a gross receipts street rental charge for the use of the streets and other public places with pipelines to make natural gas sales to consumers inside the corporate limits of the City of San Benito. Pennzoil made gas sales at the La Palma Power Plant located inside the city limits of the City of San Benito. The natural gas that is sold at the Power Plant is used to generate power by the power plant. All of those gas sales were metered at the power plant. It is San Benito's belief that Pennzoil sold gas to other consumers inside the city of San Benito. Discovery is ongoing and the Plaintiff reserves the right to supplement or amend this response when discovery is completed.

4.     Identify each and every factual basis on which San Benito seeks to impose liability on Pennzoil under San Benito Ordinance no. 478 which San Benito knew and/or had in it's possession, custody or control at the time San Benito filed its response to notice of removal

---

Answers and Responses to Pennzoil's Interrogatories and Request for Production
Page 4

and motion to remand with supporting authorities,

RESPONSE: See the response to Interrogatory No. 3, which is incorporated herein by reference.

5.    Identify the date by which San Benito knew that Pennzoil has not owned a pipeline or other property within the San Benito city limits at any time since 1941.

RESPONSE:   Plaintiff objects to this interrogatory because it is vague, ambiguous and requests information that is more readily available to Pennzoil.  Pipeline ownership is but one issue in this case.  Please see the foregoing responses to Interrogatories No 1 through 4, which are incorporated herein by reference.

<u>DOCUMENT REQUESTS</u>

1.    All documents, items and things on which San Benito relies for its allegation that Pennzoil has owned a pipeline within the San Benito city limits since 1941.

RESPONSE: Plaintiff objects to this request because it calls for documents that are within the possession, custody and/or control of Pennzoil.  Subject to the foregoing objection, and other than the attached copies of public records obtained from the Federal Energy Regulatory Commission (FERC) and the Public Utility Commission of Texas (PUC), none.

2.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not owned a pipeline within the San Benito city limits since 1941.

RESPONSE: None.

3.    All documents, items and things on which San Benito relies for its claim that Pennzoil has occupied or used San Benito city property since 1941.

RESPONSE: Please see the attached public records from FERC and PUC some of which document the gas sales by Pennzoil.  During those times that Pennzoil made those gas sales, Pennzoil was using San Benito city property with pipelines.

4.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not occupied or used San Benito city property since 1941.

RESPONSE: None.

5.    All documents, items and things on which San Benito relies for its claim that Pennzoil owes money or is otherwise liable to San Benito under San Benito Ordinance no. 478.

RESPONSE: Please see the previously provided San Benito Ordinance No. 478, and the attached public records obtained from the FERC and the PUC.

6.    All documents, items and things which indicate, suggest and/or prove that Pennzoil is not liable to San Benito under San Benito Ordinance no. 478.

RESPONSE: None.

7.    All documents, items and things on which San Benito relies for its claim that Pennzoil used the streets, highways, alleys, parks or other public places within the San Benito city limits for the sale and/or distribution of natural gas since 1941.

RESPONSE: Please see the attached public records obtained from the FERC and the PUC some of which show the gas sales made by Pennzoil at the La Palma Power Plant located inside the city limits of the City of San Benito. The attached records shows that Pennzoil used the streets or other public places with pipelines for the sale and/or distribution of natural gas to the La Palma Power Plant.

8.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not used the streets, highways, alleys, parks or other public places within the San Benito city limits for the sale and/or distribution of natural gas since 1941.

RESPONSE: None.

9.    All documents, items and things on which San Benito relies for its claim that Pennzoil owned or operated any fixtures and/or appurtenances for the sale and/or distribution of natural gas within the San Benito city limits since 1941.

RESPONSE: Please see the attached public records obtained from the FERC and the PUC some of which show gas sales made by Pennzoil at the La Palma Power Plant located inside the city limits of the City of San Benito. In order for Pennzoil to make those natural gas sales, Pennzoil had to use pipelines located in the streets and other public places. At those points in time, Plaintiff contends that Pennzoil was operating and/or using fixtures and/or appurtenances for the sale and/or distribution of natural gas within the San Benito city limits.

Answers and Responses to Pennzoil's Interrogatories and Request for Production
Page 6

10.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not owned or operated any fixtures and/or appurtenances for the sale and/or distribution of natural gas within the San Benito city limits since 1941.

RESPONSE: None.

11.    All documents, items and things on which San Benito relies for its claim that Pennzoil used and/or maintained any auxiliary lines for the sale and/or distribution of natural gas in any of the streets, alleys, parks or other public places within the San Benito city limits.

RESPONSE: Please see the attached public records obtained from the PUC and from the FERC. The attached confirms that Pennzoil made natural gas sales at the La Palma power plant located inside the City of San Benito's city limits. In order to make those sales, Pennzoil had to use auxiliary lines for those sales at the La Palma Power Plant.

12.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not used and/or maintained any auxiliary lines for the sale and/or distribution of natural gas in any of the streets, alleys, parks or other public places within the San Benito city limits.

RESPONSE: None.

13.    All documents, items and things on which San Benito relies for its claim that Pennzoil has operated as a gas utility within the San Benito city limits.

RESPONSE: Plaintiff objects to this request because it calls for documents that are more readily available to Pennzoil, and/or are within the possession custody and/or control of Pennzoil. Subject to the foregoing objection, and other than the attached, none.

14.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not operated as a gas utility within the San Benito city limits.

RESPONSE: None.

15.    All documents, items and things on which San Benito relied for its contention in ¶3.9 of San Benito's second supplemental Fed. R. Civ. P. 26 disclosure statement that Pennzoil sold $576,334 worth of natural gas at the San Benito power plant.

RESPONSE: Please see the attached public records obtained from the FERC and the PUC.

16.    All documents items and things which indicate or suggest that Pennzoil has sold gas at the

San Benito power plant.

RESPONSE: Please see the attached public records obtained from the FERC and the PUC.

17.   All documents, items and things which indicate, suggest and/or prove that Pennzoil has not sold gas at the San Benito power plant.

RESPONSE: None.

18.   All documents, items and things which San Benito has obtained from the FERC, the Texas Railroad Commission or the PUC of Texas which relate to or mention Pennzoil.

RESPONSE: Please see the attached.

19.   All documents, items and things which indicate and/or suggest that Pennzoil has owned and/or sold natural gas within the San Benito city limits.

RESPONSE: Please see the attached.

20.   All documents, items and things which San Benito has mailed, delivered or otherwise transmitted to Pennzoil relating to Pennzoil's alleged sales of natural gas within the San Benito city limits and/or Pennzoil's alleged ownership of a pipeline or other property within the San Benito city Limits.

RESPONSE: Other than the attached, and the initiation of this action, none.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | C.A. No. B03-080 |
| v. | § | |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| et al., | § | |
| | § | |
|     Defendants. | § | |

**PLAINTIFF, THE CITY OF SAN BENITO'S,
RULE 26 DISCLOSURE STATEMENT**

TO: THE DEFENDANTS, as identified herein and listed on the Certificate of Service.

COMES NOW the City of San Benito, and Pursuant to Rule 26 of the Texas Rules of Federal Procedure, submits its initial disclosures:

1.    Rule 26(a)(1)(A): Except for each Defendant's own records, Plaintiff relies upon public documents, filings and information as maintained by the Public Utility Commission of Texas (PUC), and the Federal Energy Regulatory Commission (FERC), to support its claims. In addition, the City of San Benito passed an ordinance (No. 478), already disclosed to defendants to support its claims as outlined in its Seventh Amended Original Petition, which is incorporated herein, as if stated in the verbatim.

2.    Rule 26(a)(1)(B): The gas fired electric power plant located inside the City of San Benito, and once owned by Central Power & Light Company, is and has been required to report its fuel purchase and use activities and do so by filing Fuel Purchase Reports with the PUC (on a monthly basis), and by filing FERC Form 423 with FERC. Most relevant of the information reported



EXHIBIT

E

in those fuel purchase reports, is that part that shows the supplier of the gas at the San Benito Power

Plant, and how much gas was sold and consumed at the plant to generate electricity. These reports

show the total cost of gas as to each supplier of gas. All of the Defendant's supplied gas to the San

Benito Power Plant during certain points in time from 1976 through the year 2000. The reports

breakout the gas sales by gas selling company. Copies of the monthly fuel purchase reports filed by

CP&L with the PUC can be found at the PUC library in Austin, Texas. In addition, the monthly fuel

purchase reports from 1995-2001, can be found and reviewed as they are maintained on the PUC's

web site at http://www.puc.state.tx.us/electric/reports/fuel/index.cfm. Furthermore, unless the design

and maintenance of the FERC website has changed, the FERC has in the past maintained a web site

at http://www.ferc.gov/docs-filing/eforms/form-423/install-manual.asp where information relating

to FERC Form 423 can be discovered, which also shows gas purchase, and gas use information.

      3.1     Rule 26(a)(1)(C): Damage calculations as to each defendant are based upon the

foregoing records maintained by the PUC and FERC, and based upon violations of the previously

provided City of San Benito Ordinance No. 478. According to the records maintained by the PUC

and, in some cases, FERC, the following lists approximate damages and amounts owed to the City

of San Benito from the defendants that have made an appearance in this case.

      3.2     Duke Energy Trading and Marketing has sold approximately $9,108,760 worth of gas

at the San Benito Power Plant. Applying the 2% gross receipts street rental

ordinance to those sales equates to Duke Energy Trading and Marketing owing the

City of San Benito approximately $182,175.20 in actual damages.

      3.3     The Pan Energy entities have sold approximately $1,613,925 worth of gas at the San

Benito. Applying the 2% gross receipts street rental ordinance to those sales equates

to the Pan Energy entities owing the City of San Benito approximately $32,278.50

in actual damages.

3.4    Conoco has sold approximately $2,457,169 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Conoco owing the City of San Benito approximately $49,143.38 in actual damages.

3.5    Fina has sold approximately $1,064,902 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Fina owing the City of San Benito approximately $21,298.04 in actual damages.

3.6    The Union Pacific entities sold approximately $264,621 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Union Pacific entities owing the City of San Benito approximately $5,292.42 in actual damages.

3.7    Anadarko Energy Services Co. sold approximately $11,868,462 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Anadarko Energy Services Co. owing the City of San Benito approximately $237,369.24 in actual damages.

3.8    Natural Gas Clearinghouse sold approximately $1,020,375 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Natural Gas Clearinghouse owing the City of San Benito approximately $20,407.50 in actual damages.

3.9    Texaco Natural Gas, Inc. sold approximately $12,898,648 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Texaco Natural Gas, Inc. owing the City of San Benito

approximately $257,972 in actual damages.

3.10    Texaco Gas Marketing, Inc sold approximately $9,087,487 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Texas Gas Marketing, Inc. owing the City of San Benito approximately $181,749.74 in actual damages.

3.11    Texaco Exploration and Production, Inc. sold approximately $257,685 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Texaco Exploration and Production, Inc. owing the City of San Benito approximately $5,513.70 in actual damages.

3.12    Chevron sold approximately $29,359 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Chevron owing the City of San Benito approximately $587.18 in actual damages.

3.13    BP Energy Company sold approximately $1,787,190 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to BP Energy Company the City of San Benito approximately $35,743.80 in actual damages.

3.14    Amoco Energy Trading Corp. sold approximately $16,773,563 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Amoco Energy Trading Corp. owing the City of San Benito approximately $335,471.26 in actual damages.

3.15    Arco Natural Gas Marketing, Inc. sold approximately $1,120,406 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Arco Natural Gas Marketing, Inc. owing the City of San Benito

approximately $22,480.12 in actual damages.

3.16    Vastar Gas Marketing, Inc. sold approximately $1,827,903 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Vastar Ga Marketing, Inc. owing the City of San Benito approximately $36,558.06 in actual damages.

3.17    Houston Pipeline Co. sold approximately $136,672 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Houston Pipeline Co. owing the City of San Benito approximately $2,733.44 in actual damages.

3.18    HPL Resources Co. sold approximately $302,175 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to HPL Resources Co. owing the City of San Benito approximately $6,043.50 in actual damages.

3.19    The Transok entities sold approximately sold approximately $3,549,750 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Transok entities owing the City of San Benito approximately $70,995.00 in actual damages.

3.20    The documents by which Plaintiff relies upon in calculating the foregoing actual damages are public information maintained by the FERC and by the PUC of Texas, as described above. Any Defendant may visit the PUC library, the PUC website, the FERC library, and/or FERC website to obtain copies of the records and/or public filings as maintained by those agencies. Please see the initial disclosure statement provided in Paragraph 2 above, which is incorporated herein, as if stated in the verbatim.

4.      Rule 26(1)(D): The City of San Benito does not know of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action.

5.      Rule 26(2)(A): The City of San Benito has not retained or otherwise employed any expert witness at this time, but will supplement this answer in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  Furthermore, it is anticipated that the City will retain an accounting expert and/or an oil and gas expert to testify to the damages as outlined above. Once an expert is retained, the City of San Benito will make the above mentioned public records that are the basis for the damage calculations available for review at a mutually agreeable time and place, and at each Defendant's own cost for such production.

6.      Rule 26(2)(B) and (C): Please see the City of San Benito's disclosure detailed in Paragraph  above.  The City of San Benito will supplement this disclosure in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

7.      Rule 26(3)(A), (B), and (C): The City of San Benito will supplement this disclosure as required by the Rules of Federal Procedure or as directed by this Court.

Respectfully submitted,


**ADAM PONCIO**
**State Bar No. 16109800**
**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**
**924 McCullough**
**San Antonio, Texas 778215-1642**
**Telephone (210) 212-7979**
**Telecopier (210) 212-5880**
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, do hereby certify that I have on this _31st_ day of December, 2003, forwarded a true and correct copy of the above document to counsel of record as follows, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Ramon Garcia                                    **VIA US FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                           **VIA US FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                  **VIA US FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                                    **VIA US FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                       **VIA US FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                  **VIA US FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                                **VIA US FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Frances I. Gandy                              **VIA US FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Robert Galligan                              **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

CITY OF SAN BENITO,                  §
                                     §
         Plaintiff,                  §
                                     §        C.A. No. B03-080
v.                                   §
                                     §
TEJAS GAS PIPELINE COMPANY,          §
et al.,                              §
                                     §
         Defendants.                 §

## PLAINTIFF, THE CITY OF SAN BENITO'S,
## SUPPLEMENTAL RULE 26 DISCLOSURE STATEMENT

TO: THE DEFENDANTS, as identified herein and listed on the Certificate of Service.

COMES NOW the City of San Benito, and Pursuant to Rule 26 of the Texas Rules of Federal

Procedure, submits its initial disclosures, as supplemented herein:

1.       Rule 26(a)(1)(A): Except for each Defendant's own records, Plaintiff relies upon

public documents, filings and information as maintained by the Public Utility Commission of Texas

(PUC), and the Federal Energy Regulatory Commission (FERC), to support its claims. In addition,

the City of San Benito passed an ordinance (No. 478), already disclosed to defendants to support its

claims as outlined in its Seventh Amended Original Petition, which is incorporated herein, as if

stated in the verbatim.

2.       Rule 26(a)(1)(B): The gas fired electric power plant located inside the City of San

Benito, and once owned by Central Power & Light Company, is and has been required to report its

fuel purchase and use activities and do so by filing Fuel Purchase Reports with the PUC (on a

monthly basis), and by filing FERC Form 423 with FERC. Most relevant of the information reported



EXHIBIT
F

in those fuel purchase reports, is that part that shows the supplier of the gas at the San Benito Power

Plant, and how much gas was sold and consumed at the plant to generate electricity. These reports

show the total cost of gas as to each supplier of gas. All of the Defendant's supplied gas to the San

Benito Power Plant during certain points in time from 1976 through the year 2000. The reports

breakout the gas sales by gas selling company. Copies of the monthly fuel purchase reports filed by

CP&L with the PUC can be found at the PUC library in Austin, Texas. In addition, the monthly fuel

purchase reports from 1995-2001, can be found and reviewed as they are maintained on the PUC's

web site at http://www.puc.state.tx.us/electric/reports/fuel/index.cfm. Furthermore, unless the design

and maintenance of the FERC website has changed, the FERC has in the past maintained a web site

at http://www.ferc.gov/docs-filing/eforms/form-423/install-manual.asp where information relating

to FERC Form 423 can be discovered, which also shows gas purchase, and gas use information.

 3.1 Rule 26(a)(1)(C): Damage calculations as to each defendant are based upon the

foregoing records maintained by the PUC and FERC, and based upon violations of the previously

provided City of San Benito Ordinance No. 478. According to the records maintained by the PUC

and, in some cases, FERC, the following lists approximate damages and amounts owed to the City

of San Benito from the defendants that have made an appearance in this case.

  3.2 Duke Energy Trading and Marketing has sold approximately $9,108,760 worth of gas

   at the San Benito Power Plant. Applying the 2% gross receipts street rental

   ordinance to those sales equates to Duke Energy Trading and Marketing owing the

   City of San Benito approximately $182,175.20 in actual damages.

  3.3 The Pan Energy entities have sold approximately $1,613,925 worth of gas at the San

   Benito. Applying the 2% gross receipts street rental ordinance to those sales equates

   to the Pan Energy entities owing the City of San Benito approximately $32,278.50

in actual damages.

3.4     Conoco has sold approximately $2,457,169 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Conoco owing the City of San Benito approximately $49,143.38 in actual damages.

3.5     Fina has sold approximately $1,064,902 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Fina owing the City of San Benito approximately $21,298.04 in actual damages.

3.6     The Union Pacific entities sold approximately $264,621 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Union Pacific entities owing the City of San Benito approximately $5,292.42 in actual damages.

3.7     Anadarko Energy Services Co. sold approximately $11,868,462 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Anadarko Energy Services Co. owing the City of San Benito approximately $237,369.24 in actual damages.

3.8     Natural Gas Clearinghouse sold approximately $1,020,375 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Natural Gas Clearinghouse owing the City of San Benito approximately $20,407.50 in actual damages.

3.9     Pennzoil Gas Marketing n/k/a Devon sold $576,334 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Pennzoil Gas Marketing n/k/a Devon owing the City of San Benito

approximately $11,526.68.

3.10    Texaco Natural Gas, Inc. sold approximately $12,898,648 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Texaco Natural Gas, Inc. owing the City of San Benito approximately $257,972 in actual damages.

3.11    Texaco Gas Marketing, Inc sold approximately $9,087,487 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Texas Gas Marketing, Inc. owing the City of San Benito approximately $181,749.74 in actual damages.

3.12    Texaco Exploration and Production, Inc. sold approximately $257,685 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Texaco Exploration and Production, Inc. owing the City of San Benito approximately $5,513.70 in actual damages.

3.13    Chevron sold approximately $29,359 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Chevron owing the City of San Benito approximately $587.18 in actual damages.

3.14    BP Energy Company sold approximately $1,787,190 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to BP Energy Company the City of San Benito approximately $35,743.80 in actual damages.

3.15    Amoco Energy Trading Corp. sold approximately $16,773,563 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Amoco Energy Trading Corp. owing the City of San Benito

approximately $335,471.26 in actual damages.

3.16    Arco Natural Gas Marketing, Inc. sold approximately $1,120,406 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Arco Natural Gas Marketing, Inc. owing the City of San Benito approximately $22,480.12 in actual damages.

3.17    Vastar Gas Marketing, Inc. sold approximately $1,827,903 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Vastar Ga Marketing, Inc. owing the City of San Benito approximately $36,558.06 in actual damages.

3.18    Houston Pipeline Co. sold approximately $136,672 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to Houston Pipeline Co. owing the City of San Benito approximately $2,733.44 in actual damages.

3.19    HPL Resources Co. sold approximately $302,175 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to HPL Resources Co. owing the City of San Benito approximately $6,043.50 in actual damages.

3.20    The Transok entities sold approximately sold approximately $3,549,750 worth of gas at the San Benito Power Plant.  Applying the 2% gross receipts street rental ordinance to those sales equates to the Transok entities owing the City of San Benito approximately $70,995.00 in actual damages.

3.21    The documents by which Plaintiff relies upon in calculating the foregoing actual damages are public information maintained by the FERC and by the PUC of Texas, as described

above. Any Defendant may visit the PUC library, the PUC website, the FERC library, and/or FERC website to obtain copies of the records and/or public filings as maintained by those agencies. Please see the initial disclosure statement provided in Paragraph 2 above, which is incorporated herein, as if stated in the verbatim.

4.      Rule 26(1)(D): The City of San Benito does not know of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action.

5.      Rule 26(2)(A): The City of San Benito has not retained or otherwise employed any expert witness at this time, but will supplement this answer in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Furthermore, it is anticipated that the City will retain an accounting expert and/or an oil and gas expert to testify to the damages as outlined above. Once an expert is retained, the City of San Benito will make the above mentioned public records that are the basis for the damage calculations available for review at a mutually agreeable time and place, and at each Defendant's own cost for such production.

6.      Rule 26(2)(B) and (C): Please see the City of San Benito's disclosure detailed in Paragraph above. The City of San Benito will supplement this disclosure in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

7.      Rule 26(3)(A), (B), and (C): The City of San Benito will supplement this disclosure as required by the Rules of Federal Procedure or as directed by this Court.

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, do hereby certify that I have on this _16th_ day of December, 2003, forwarded a true and correct copy of the above document to counsel of record as follows, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Ramon Garcia                                    **VIA US FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                           **VIA US FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                  **VIA US FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                                    **VIA US FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                       **VIA US FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                  **VIA US FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas  77002

Rene G. Oliveira                                **VIA US FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Frances I. Gandy                          **VIA US FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Robert Galligan                           **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. B03-080 |
| v. | § | |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF, THE CITY OF SAN BENITO'S,**
**<u>SECOND SUPPLEMENTAL RULE 26 DISCLOSURE STATEMENT</u>**

TO: THE DEFENDANTS, as identified herein and listed on the Certificate of Service.

COMES NOW the City of San Benito, and Pursuant to Rule 26 of the Texas Rules of Federal Procedure, submits its initial disclosures, as supplemented herein:

1.    Rule 26(a)(1)(A): Except for each Defendant's own records, Plaintiff relies upon public documents, filings and information as maintained by the Public Utility Commission of Texas (PUC), and the Federal Energy Regulatory Commission (FERC), to support its claims. In addition, the City of San Benito passed an ordinance (No. 478), already disclosed to defendants to support its claims as outlined in its Seventh Amended Original Petition, which is incorporated herein, as if stated in the verbatim.

2.    Rule 26(a)(1)(B): The gas fired electric power plant located inside the City of San Benito, and once owned by Central Power & Light Company, is and has been required to report its fuel purchase and use activities and do so by filing Fuel Purchase Reports with the PUC (on a monthly basis), and by filing FERC Form 423 with FERC. Most relevant of the information reported



**EXHIBIT**
**G**

in those fuel purchase reports, is that part that shows the supplier of the gas at the San Benito Power Plant, and how much gas was sold and consumed at the plant to generate electricity. These reports show the total cost of gas as to each supplier of gas. All of the Defendant's supplied gas to the San Benito Power Plant during certain points in time from 1976 through the year 2000. The reports breakout the gas sales by gas selling company. Copies of the monthly fuel purchase reports filed by CP&L with the PUC can be found at the PUC library in Austin, Texas. In addition, the monthly fuel purchase reports from 1995-2001, can be found and reviewed as they are maintained on the PUC's web site at http://www.puc.state.tx.us/electric/reports/fuel/index.cfm. Furthermore, unless the design and maintenance of the FERC website has changed, the FERC has in the past maintained a web site at http://www.ferc.gov/docs-filing/eforms/form-423/install-manual.asp where information relating to FERC Form 423 can be discovered, which also shows gas purchase, and gas use information.

3.1    Rule 26(a)(1)(C): Damage calculations as to each defendant are based upon the foregoing records maintained by the PUC and FERC, and based upon violations of the previously provided City of San Benito Ordinance No. 478. Specifically, each Defendant below used certain pipelines inside the City of San Benito to sell gas at the San Benito CP&L power plant. According to the records maintained by the PUC and, in some cases, FERC, the following lists approximate damages and amounts owed to the City of San Benito from the defendants that have made an appearance in this case. All such sales made by the Defendants below were sales made by Defendants using pipelines located in the City of San Benito.

3.2    Duke Energy Trading and Marketing has sold approximately $9,108,760 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Duke Energy Trading and Marketing owing the City of San Benito approximately $182,175.20 in actual damages.

3.3     The Pan Energy entities have sold approximately $1,613,925 worth of gas at the San Benito. Applying the 2% gross receipts street rental ordinance to those sales equates to the Pan Energy entities owing the City of San Benito approximately $32,278.50 in actual damages.

3.4     Conoco has sold approximately $2,457,169 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Conoco owing the City of San Benito approximately $49,143.38 in actual damages.

3.5     Fina has sold approximately $1,064,902 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Fina owing the City of San Benito approximately $21,298.04 in actual damages.

3.6     The Union Pacific entities sold approximately $264,621 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Union Pacific entities owing the City of San Benito approximately $5,292.42 in actual damages.

3.7     Anadarko Energy Services Co. sold approximately $11,868,462 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Anadarko Energy Services Co. owing the City of San Benito approximately $237,369.24 in actual damages.

3.8     Natural Gas Clearinghouse sold approximately $1,020,375 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Natural Gas Clearinghouse owing the City of San Benito approximately $20,407.50 in actual damages.

3.9     Pennzoil Gas Marketing n/k/a Devon sold $576,334 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Pennzoil Gas Marketing n/k/a Devon owing the City of San Benito approximately $11,526.68.

3.10    Texaco Natural Gas, Inc. sold approximately $12,898,648 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Texaco Natural Gas, Inc. owing the City of San Benito approximately $257,972 in actual damages.

3.11    Texaco Gas Marketing, Inc sold approximately $9,087,487 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Texas Gas Marketing, Inc. owing the City of San Benito approximately $181,749.74 in actual damages.

3.12    Texaco Exploration and Production, Inc. sold approximately $257,685 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Texaco Exploration and Production, Inc. owing the City of San Benito approximately $5,513.70 in actual damages.

3.13    Chevron sold approximately $29,359 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Chevron owing the City of San Benito approximately $587.18 in actual damages.

3.14    BP Energy Company sold approximately $1,787,190 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to BP Energy Company the City of San Benito approximately $35,743.80 in actual damages.

3.15    Amoco Energy Trading Corp. sold approximately $16,773,563 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Amoco Energy Trading Corp. owing the City of San Benito approximately $335,471.26 in actual damages.

3.16    Arco Natural Gas Marketing, Inc. sold approximately $1,120,406 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Arco Natural Gas Marketing, Inc. owing the City of San Benito approximately $22,480.12 in actual damages.

3.17    Vastar Gas Marketing, Inc. sold approximately $1,827,903 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Vastar Ga Marketing, Inc. owing the City of San Benito approximately $36,558.06 in actual damages.

3.18    Houston Pipeline Co. sold approximately $136,672 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Houston Pipeline Co. owing the City of San Benito approximately $2,733.44 in actual damages.

3.19    HPL Resources Co. sold approximately $302,175 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to HPL Resources Co. owing the City of San Benito approximately $6,043.50 in actual damages.

3.20    The Transok entities sold approximately sold approximately $3,549,750 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Transok entities owing the City of San Benito

approximately $70,995.00 in actual damages.

3.21    The Tejas entities sold approximately $32,584,057.69 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Tejas entities owing the City of San Benito approximately $651,681.15 in actual damages.

3.22    Gulf Coast Energy sold approximately $1,923,757.45 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Gulf Coast Energy owing the City of San Benito approximately $38,475.14 in actual damages.

3.23    Gulf Coast Energy Marketing sold approximately $44,458,755.00 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Gulf Coast Energy Marketing owing the City of San Benito approximately $889,175.10 in actual damages.

3.24    Gulf Coast Gas sold approximately $5,937,806.40 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Gulf Coast Gas owing the City of San Benito approximately $118,756.12 in actual damages.

3.25    The Gulf Energy entities sold approximately $29,861,881.00 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to the Gulf Energy entities owing the City of San Benito approximately $597,237.62 in actual damages.

3.26    Petro Source sold approximately $576.334.00 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates

to Petro Source owing the City of San Benito approximately $11,526.68 in actual damages.

3.27    Southern Gas Pipeline Company sold approximately $660,332.02 worth of gas at the San Benito Power Plant. Applying the 2% gross receipts street rental ordinance to those sales equates to Southern Gas Pipeline Company owing the City of San Benito approximately $13,206.64 in actual damages.

3.28    The documents by which Plaintiff relies upon in calculating the foregoing actual damages are public information maintained by the FERC and by the PUC of Texas, as described above. Any Defendant may visit the PUC library, the PUC website, the FERC library, and/or FERC website to obtain copies of the records and/or public filings as maintained by those agencies. Please see the initial disclosure statement provided in Paragraph 2 above, which is incorporated herein, as if stated in the verbatim.

4.    Rule 26(1)(D): The City of San Benito does not know of any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action.

5.    Rule 26(2)(A): The City of San Benito has not retained or otherwise employed any expert witness at this time, but will supplement this answer in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Furthermore, it is anticipated that the City will retain an accounting expert and/or an oil and gas expert to testify to the damages as outlined above. Once an expert is retained, the City of San Benito will make the above mentioned public records that are the basis for the damage calculations available for review at a mutually agreeable time and place, and at each Defendant's own cost for such production.

6.    Rule 26(2)(B) and (C): Please see the City of San Benito's disclosure detailed in

Paragraph above. The City of San Benito will supplement this disclosure in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

7.     Rule 26(3)(A), (B), and (C): The City of San Benito will supplement this disclosure as required by the Rules of Federal Procedure or as directed by this Court.

**Respectfully submitted,**

**ADAM PONCIO**
**State Bar No. 16109800**
**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**
**924 McCullough**
**San Antonio, Texas 778215-1642**
**Telephone (210) 212-7979**
**Telecopier (210) 212-5880**
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, do hereby certify that I have on this _26_ day of January, 2004, forwarded a true and correct copy of the above document to counsel of record as follows, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Ramon Garcia                                    **VIA US FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539


Osborne J. Dykes, III                           **VIA US FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010


Julie L. Ezell                                  **VIA US FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168


Randy Beevis                                    **VIA US FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002


J.D. Page                                       **VIA US FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056


Bradley Whalen                                  **VIA US FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002


Rene G. Oliveira                                **VIA US FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Frances I. Gandy                          **VIA US FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Robert Galligan                           **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**