United States District Court
Southern District of Texas
FILED

APR 1 6 2004

N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CITY OF SAN BENITO, | § |
| Plaintiff, | § |
| V. | § C. A. NO. B03-080 |
| | § JURY TRIAL REQUESTED |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § |
| Defendants. | § |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL ORDER

Defendants Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company file this Response to Plaintiff's Motion to Reconsider Dismissal Order ("Plaintiff's Motion") and show the Court the following:

Plaintiff's Motion should be denied for each of the following reasons:

- Plaintiff has demonstrated no excuse for failing to comply with the Court's order that the plaintiff produce information concerning defendants' pipeline ownership within the City of San Benito;

- The threshold issue in this matter clearly is pipeline ownership within the City of San Benito, a proposition which plaintiff accepted at the scheduling conference; and

- The Court's denial of plaintiff's motion to remand was proper because the Tax Injunction Act does not apply to the present action. Unlike the plaintiff in *Rio Grande Valley Gas Company*, the plaintiff in this case seeks to collect, not prevent collection, of certain charges pursuant to an ordinance.

## BACKGROUND FACTS

At the October 27, 2003 scheduling conference, plaintiff was ordered to provide defendants with evidence of pipeline ownership. The directive was intended to avoid imposing on each of the numerous defendants the very substantial burden and wasteful exercise of researching over 60 years of history to attempt to determine whether it has owned or operated a pipeline in the City of San Benito at any time since 1941. This directive was confirmed in the written Scheduling Order signed November 4, 2003. Disregarding the Court's orders and instructions, plaintiff failed to provide any defendants with information regarding pipeline ownership. As a result, on March 18, 2004, the Court dismissed several of the defendants from this suit finding that "that the City of San Benito has failed to comply with the court's order that the City of San Benito produce information concerning defendants' pipeline ownership." Plaintiff has now moved for reconsideration of the Court's March 18, 2004 Order.

## ARGUMENT AND AUTHORITIES

I. **PLAINTIFF'S EXCUSES FOR FAILING TO COMPLY WITH THE COURT'S ORDER ARE INSUBSTANTIAL**

   A. **Southern Gas Pipeline Company's Bankruptcy Had No Effect On Plaintiff's Obligation To Comply With The Court's Order**

First, plaintiff's suggestion that Southern Gas Pipeline Company's bankruptcy excuses its failure to respond to defendants' motions to dismiss cannot be squared with the bankruptcy filing date. *See* Plaintiff's Motion at 1-2. Pennzoil's Motion to Dismiss was filed on February 11, 2004. Pursuant to Southern District Local Rule 7.3, plaintiff was required to submit a response by March 2, 2004, twenty days from the filing of the motion to dismiss. Since Southern Gas Pipeline Company's Suggestion of Bankruptcy was not filed with the Court until March 9, 2004 (*see* Exhibit C to Plaintiff's Motion), plaintiff's argument that it failed to file a response to the motion to dismiss because of the bankruptcy stay must be rejected. Second, even a cursory

review of bankruptcy law reveals that the bankruptcy stay does not normally apply to non-debtors and therefore has no effect on plaintiff's obligations to respond to the various defendants' motions to dismiss. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors"); *In re Stephanie Pierce*, 272 B.R. 198, 211 (S.D. Tex. 2001) ("[T]he section 362 stay does not protect any party other than the debtor and does not protect any property other than the property of the estate"); *McCratic v. Bristol-Myers Squibb & Co.*, 183 B.R. 113, 116 (N.D. Tex. 1995) (finding that "[t]he automatic stay applies only to the debtor and not to the alleged co-tortfeasors").

### B. Plaintiff's Counsel's Caseload and Spring Break Vacation Do Not Excuse His Failure To Comply With The Court's Order Must Be Rejected

Plaintiff's counsel implies that his busy caseload and spring break vacation excuse him from complying with the Court's order. *See* Plaintiff's Motion at 2. This cannot be the case. Notably, at the same time plaintiff's counsel claims he was too busy to comply with the Court's order and furnish the defendants the required information, he found time to serve discovery, which grossly exceeds the scope permitted by the Court's Scheduling Order, on all the defendants in the case.[1] Plaintiff's counsel also failed to request any extension of time to comply with the Court's order. In fact, plaintiff's counsel still has not complied with the Court's order and instead argues that he should not be required to produce the information ordered by the Court.

---

[1] Plaintiff served each defendant with requests for admissions and requests for production. The plaintiff's discovery requests included requests on topics other than pipeline ownership in violation of the Court's Scheduling Order. The written discovery served on Transco Petro Source Company is attached as Exhibit A as an example.

### C. The Court Had Full Authority To Dismiss Under Rule 41(b)

Plaintiff argues that defendants violated the Court's scheduling order by filing the motions to dismiss which it claims constituted motions for summary judgment. *See* Plaintiff's Motion at 2. The defendants' motions to dismiss were not motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure but rather were motions to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of plaintiff's failure to comply with the orders of the Court. The Court's dismissal with prejudice of the defendants is appropriate in light of plaintiff's failure to comply with the Court's order and is clearly contemplated by Rule 41(b), which states that unless the court otherwise specifies, such a dismissal "operates as an adjudication upon the merits." FED. R. CIV. P. 41(b). Additionally, at the October 27, 2003 hearing the Court warned the parties that "I do consider an unresponded to motion as being unopposed. So if somebody files a motion and you don't like it, you'd better respond to it; because otherwise, I'm going to grant it." *See* Tr. of Scheduling Conference at 37:17-20, attached as Exhibit B.

### II. PLAINTIFF'S CONTINUED FAILURE TO COMPLY WITH THE COURT'S ORDER JUSTIFIES DEFENDANTS' DISMISSAL WITH PREJUDICE AND DENIAL OF PLAINTIFF'S MOTION

### A. Plaintiff's Attempt To Shift Attention Away From Its Continued Refusal To Comply With The Court's Order Should Be Rejected

Plaintiff's attempt to shift attention away from its refusal to comply with the Court's order to produce information concerning defendants' pipeline ownership by arguing that "pipeline ownership is just one of the issues before this court" should be rejected.[2] Plaintiff's Motion at 2. Contrary to plaintiff's statement, defendants' motions to dismiss do not "hinge on

---

[2] Perhaps the reason plaintiff has failed to produced documents evidencing pipeline ownership is the absence of such documents. See City of San Benito's Responses to Requests for Admission No. 1, attached as Exhibit C (stating that plaintiff does not have sufficient information to either admit or deny that Pennzoil has not owned a gas pipeline within the San Benito city limits since January 1, 1941).

the issue of pipeline ownership" (*Id.*) but rather rely on plaintiff's refusal to comply with the Court's order to produce information concerning defendants' pipeline ownership. Plaintiff boldly states that it "has complied with discovery" (*Id.*) but this is not so. Plaintiff's statement that "[n]ot one Defendant has contacted Plaintiff's counsel to obtain a copy of the documents available" (*Id.* at 3) is patently incorrect. Defendants' counsel contacted plaintiff within the first few months the case was filed to obtain records for the companies he represented. *See* Tr. of Scheduling Conference at 14. Further, defendants' counsel wrote plaintiff no less than three times in January 2004 noting the absence of any documentation evidencing pipeline ownership and suggesting dismissal with prejudice for the represented entities. *See* letters from Osborne J. Dykes, III to Adam Poncio, dated January 15, 20, and 28, 2004, respectively and attached as Exhibit D. The January 28, 2004 letter from defendants' counsel clearly stated that he had received no documents demonstrating ownership of pipelines and inquired whether plaintiff had any such documents. *See* letter from Osborne J. Dykes, III to Adam Poncio, dated January 28, 2004.

      **B.**    **The Threshold Issue In This Matter Is Defendants' Pipeline Ownership**

Plaintiff's argument that pipeline ownership is just one issue in the case and defendants could be liable under the ordinance merely for selling gas to the San Benito power plant goes against prior representations plaintiff's counsel made to the Court and the clear and unambiguous language of the ordinance at issue in this matter. During the October 27, 2003 initial pretrial and scheduling conference plaintiff agreed that the threshold issue in the case was defendants' pipeline ownership. *See* Tr. of Scheduling Conference at 18:4-8. Any doubt as to whether the ordinance at issue in this lawsuit requires the ownership of a pipeline within the City of San Benito is easily resolved by examining the language of the ordinance itself. The ordinance is entitled, "AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS

UTILITIES FOR THE PRIVILEGES OF USING, **WITH THEIR** NATURAL GAS AND AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS WITHIN THE CORPORATE LIMITS OF THE CITY OF SAN BENITO." City of San Benito Ordinance No. 478 (emphasis added). The language "with their" clearly indicates that ownership is a requirement for rentals to be paid. Section I of the Ordinance provides that "all persons and corporations **using and maintaining any main and auxiliary lines**, appurtenances and fixtures for the sale and distribution of natural gas" shall file a report with the City Secretary showing gross receipts from the sale by gas utilities of natural gas. *Id.* at § II. (emphasis added). The Ordinance also provides that the ordinance was enacted "as a rental or charge for the **use and occupancy** of said street, alleys, public ways and places." *Id.* at § VI. (emphasis added). Plainly, the ordinance by its terms applies only to a company who owns or operates a pipeline within the City of San Benito. It is not subject to any other construction or interpretation. Therefore, contrary to plaintiff's contention, merely selling gas which may be transported to the San Benito power plant through pipelines owned by others is not enough to come within the coverage of the ordinance. *See, e.g., Southern Union Co. v. City of Edinburg,* 2003 WL 22495756, at *8-9 (Tex. 2003) (refusing to interpret language of similar street rental ordinance to apply to gas sales by companies which owned no pipeline within the city limits). The threshold issue is ownership of a pipeline within the city limits.

### III. THE COURT'S DENIAL OF PLAINTIFF'S MOTION TO REMAND WAS PROPER BECAUSE THE TAX INJUNCTION ACT STILL DOES NOT APPLY TO THIS MATTER

Plaintiff's argument that the Court lacks jurisdiction over this matter based on the prior order in *Rio Grande Valley Gas Company v. City of San Benito* adds nothing to his motion for remand. Unlike the plaintiff in *Rio Grande Valley Gas Company* who sought "to enjoin, suspend, and restrain the collection of the taxes," the plaintiff in this case seeks to collect, not

prevent collection, of certain charges pursuant to the ordinance. *See* Exhibit B to Plaintiff's Motion. The Tax Injunction Act "does not bar federal court jurisdiction of a suit . . . to collect a state tax." *Louisiana Land & Exploration Co. v. Pilot Petroleum Corp.*, 900 F.2d 816, 818 (5th Cir. 1990) (holding that the Tax Injunction Act did not apply "because the suit was filed to collect a state tax, rather than enjoin, suspend, or restrain the collection of taxes."); *see also Jefferson County v. Acker*, 527 U.S. 423, 433-34 (1999) ("[A] suit to collect a tax is surely not brought to restrain state action, and therefore does not fit the [Tax Injunction Act's] description of suits barred from federal district court adjudication."). Therefore, even under plaintiff's characterization of this suit as an action to collect a tax, the Tax Injunction Act does not apply.

The Tax Injunction Act is inapplicable for the additional reason that this suit is not for a tax, but for a rental charge. The nature of the charge is made clear in the ordinance on which plaintiff relies. The tax/rental distinction is explained by the Texas Supreme Court in *Fleming v. Houston Lighting & Power Co.*, 138 S.W.2d 520, 521-22 (Tex. 1940), a case cited and relied on in Plaintiff's Seventh Amended Petition. *See* Plaintiff's Seventh Amended Petition at ¶ 4.2. The Ninth Circuit has also agreed with the characterization in an analogous situation, where the city sought to secure payment for a company's use of a substreet easement, as a "user fee or rent, as opposed to a tax." *Shell Oil Co. v. City of Santa Monica*, 830 F.2d 1052, 1059 n.8 (9th Cir. 1987). Taxes are designed to raise revenue and are not tied to the reasonable value of property.

## CONCLUSION

The defendants in this lawsuit were properly dismissed with prejudice. Therefore, plaintiff's Motion to Reconsider Dismissal Order should be denied.

Respectfully submitted,

*[signature: Osborne J. Dykes]*

Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Tejas Gas Pipeline Company, Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Marketing, L.L.C., Gulf Energy Marketing Company, Gulf Energy Marketing L.L.C., Coral Energy Services L.L.C., Coral Energy Resources L.P., Shell Gas Trading Company, and Transco Petro Source Company

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
  William D. Wood
  State Bar No. 21916500
  Jeffrey D. Palmer
  State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
  David G. Oliveira
  State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

### CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on April 15, 2004.

*[signature]*

Jeffrey D. Palmer