United States District Court
Southern District of Texas
FILED

JUL 1 2 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

CITY OF SAN BENITO,                    §
                                       §
    Plaintiff,                      §
                                       §
V                                      §     C. A. NO. B03-080
                                       §
TEJAS GAS PIPELINE COMPANY, ET AL      §
                                       §
    Defendants                      §

**CITY OF SAN BENITO'S MOTION FOR PROTECTIVE ORDER ON
PENNZOIL GAS MARKETING COMPANY'S INTERROGATORY NO. 6
AND REQUESTS FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the CITY OF SAN BENITO and, files its Motion for Protective Order pursuant to the authority of Rule 26(c) of the Federal Rules of Civil Procedure, and in support thereof, would show the Court the following:

1. Defendant, PENNZOIL GAS MARKETING COMPANY'S (PENNZOIL) served Plaintiff with its Interrogatory No. 6 and Requests for Production on June 11, 2004, by facsimile transmission, copies of which are attached hereto, marked as Exhibit "A" and made a part hereof for all intents and purposes.

2. On June 16, 2004, this Honorable Court entered its conditional order to reinstate previously dismissed Defendants in this cause, based on its March 18, 2004 Order. Although PENNZOIL was not a dismissed Defendant, the Court issued its Order contingently reinstating the dismissed Defendants, pending certain conditions imposed by the Court's Order and voiding the existing Scheduling Order, pending such compliance.

3. The Court stated in its June 16th Order "The court's resolution of plaintiff's motion for reconsideration renders all pending motions pertinent to discovery and costs, including Docket Nos. 59, 62-64, 68, moot, and they are hereby denied." The Court further stated "If the Plaintiff fails to timely comply with the conditions set forth by the court above, these motions will also be granted

and the remainder of the case will also be dismissed pursuant to those pending motions of the Defendants.

4. Plaintiff asserts that the Court's June 16th Order is interlocutory in nature, obviously pending Plaintiff's compliance. Therefore, Plaintiff contends that discovery of any nature, is premature, pending the Court's final Order on Plaintiff's Motion for Reconsideration.

5. Moreover, Plaintiff served PENNZOIL with its discovery requests on February 27, 2004, which have yet to be answered. A copy of those discovery requests are attached hereto as Exhibit "B" and made a part hereof, for all intents and purposes, as if recited herein verbatim.

6. Plaintiff attempted to confer with counsel for PENNZOIL by letter dated July 2, 2004, a copy of which is attached hereto, as Exhibit "C" and made a part hereof for all intents and purposes, as if recited herein verbatim. Counsel for Plaintiff agreed to withdraw PENNZOIL's Deposition Notices, but refused to withdraw the written discovery requests.

7. Plaintiff respectfully requests that this Honorable Court issue its Protective Order disallowing the written discovery propounded by PENNZOIL to Plaintiff, until such time as the Court makes its final ruling on Plaintiff's Motion for Reconsideration and a new Scheduling Order is entered. Moreover, Plaintiff requests that Defendant be ordered to first respond to discovery previously propounded by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion be granted as prayed for, and for such other and further relief to which it may show itself justly entitled at law, or in equity.

Respectfully submitted,


**ADAM PONCIO**
State Bar No. 16109800
**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on this _9th_ day of July, 2004, forwarded a true and correct copy of the above document to all counsel of record:

| | |
|---|---|
| Frances I. Gandy<br>148 American Bank Plaza<br>Corpus Christi, Texas 78475 | **VIA FIRST CLASS MAIL** |
| Ramon Garcia<br>LAW OFFICES OF RAMON GARCIA, P.C.<br>222 West University Drive<br>Edinburg, Texas 78539 | **VIA FIRST CLASS MAIL** |
| Osborne J. Dykes, III<br>Jeffrey D. Palmer<br>FULBRIGHT & JAWORSKI, LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 | **VIA FIRST CLASS MAIL** |
| Julie L. Ezell<br>CINERGY MARKETING & TRADING, L.P.<br>1000 East Main Street<br>Plainfield, Indiana 46168 | **VIA FIRST CLASS MAIL** |
| Mr. David Van Susteren<br>1301 McKinney, Suite 5100<br>Houston, TX 77010 | **VIA FIRST CLASS MAIL** |
| Randy Beevis<br>1100 Louisiana, Suite 4900<br>Houston, Texas 77002 | **VIA FIRST CLASS MAIL** |
| Ms. Jerry K. Clements<br>2200 Ross Avenue, Suite 2200<br>Dallas, TX 75201-6776 | **VIA FIRST CLASS MAIL** |
| J.D. Page<br>3040 Post Oak Boulevard, Suite 85G<br>Houston, Texas 77056 | **VIA FIRST CLASS MAIL** |
| Rene G. Oliveira<br>David G. Oliveira<br>ROERIG, OLIVEIRA & FISHER<br>855 West Price Road, Suite 9<br>Brownsville, Texas 78520 | **VIA FIRST CLASS MAIL** |

Robert Galligan                    **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247

**ADAM PONCIO**

## DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
*attorneys at law*

JPMorgan Chase Tower
Suite 4700
600 Travis Street
Houston, Texas 77002

Telephone
(713) 228-5100
Telecopier
(713) 228-6138

Bradley M. Whalen, Partner

bwhalen@drhrlaw.com

June 11, 2004

Adam Poncio
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

*VIA FACSIMILE: 210/212-5880*

Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

*VIA FACSIMILE: 956/381-0825*

Re:  C. A. No. B03-080 ; *City of San Benito v. Tejas Gas Pipeline Company*, et al.;
in the United States District Court for the Southern District of Texas,
Brownsville Division

Dear Messrs. Poncio and Garcia:

I enclose Pennzoil Gas Marketing Company's Interrogatory No. 6 and Request for
Production.

Very truly yours,

Andrea Whitford
Secretary to Bradley M. Whalen

Enclosure

cc:  Osborne J. Dykes, III        *VIA FACSIMILE: 713/651-5246*
     Randy Beevis                 *VIA FACSIMILE: 713/393-6903*
     Julie Ezell                  *VIA FACSIMILE: 317/838-6001*
     Francis I. Gandy             *VIA FACSIMILE: 361/883-0148*
     Robert Galligan              *VIA FACSIMILE: 956/968-6089*
     C. Scott Jones               *VIA FACSIMILE: 214/740-8800*
     J. D. Page                   *VIA FACSIMILE: 713/840-9217*
     Rene O. Oliveira             *VIA FACSIMILE: 956/542-0016*
     David G. Oliveira



EXHIBIT
"A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| ET AL. | § | |

PENNZOIL GAS MARKETING COMPANY'S
INTERROGATORY NO. 6 AND REQUEST FOR PRODUCTION

To:   City of San Benito, by serving its counsel of record, Adam Poncio, Law Offices of
Cerda & Poncio, 924 McCullough, San Antonio, Texas 78215-1642 and Ramon Garcia,
Law Office of Ramon Garcia, P.C., 222 West University Drive, Edinburg, Texas 78539.

Pennzoil Gas Marketing Company requests that you serve upon the undersigned

attorney, thirty (30)  days  after you receive this discovery request, your response to

interrogatory no. 6 and the documents, items and things requested.

You are advised that these discovery requests are continuing in nature, and you are under

a duty to supplement your answers.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas 77056
(713) 840-9200 Telephone
(713) 840-9217 Facsimile

By: _____

Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin
      & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

Attorneys for Pennzoil Gas Marketing Company

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served via certified mail, hand delivery or facsimile on June _11_, 2004, addressed as follows:

        Adam Poncio
        Law Office of Cerda & Poncio
        924 McCullough
        San Antonio, Texas 78215
        Facsimile: (210) 212-5880

        Osborne J. Dykes, III
        1301 McKinney, Suite 5100
        Houston, Texas 77010
        Facsimile: (713) 651-5246

        Julie Ezell
        Cinergy Marketing & Trading, L.P.
        1000 East Main Street
        Plainfield, Indiana
        Facsimile: (317) 838-6001

        Randy Beevis
        Cinergy Marketing & Trading, L.P.
        1100 Louisiana, Suite 4900
        Houston, Texas 77002
        Facsimile: (713) 393-6903

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475
Facsimile: (361) 883-0148

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247
Facsimile: (956) 968-6089

C. Scott Jones
Jerry K. Clements
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Facsimile: (214) 740-8800

David G. Oliveira
Roerig, Oliveira & Fisher LLP
866 West Price Road, Suite 9
Brownsville, Texas 78520
Facsimile: (956) 542-0016

Bradley M. Whalen

3

I.    Definitions and Instructions

A.    The term "Pennzoil," as used herein shall refer to the defendant Pennzoil Gas Marketing Company, and all of its predecessors, successors, agents or attorneys, purporting to act on its behalf, whether authorized to do so or not.

B.    The terms "Plaintiff" and "City" as used herein shall refer to the City of San Benito, and all of its agents or attorneys purporting to act on its behalf, whether authorized to do so or not.

C.    The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

D.    The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following: contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all of writing of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

E.    The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

F.    To "identify" a document shall include a statement of the following:

1.    the title, heading, or caption, if any, of such document;

4

2. the identifying numbers(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document or evaluation of any claim of protection from discovery;

3. the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

4. the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

5. the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and shall give the name of the person who prepared it;

6. the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7. the physical location of the document and the name of its custodian;

8. whether it will be voluntarily made available to defendant for inspection and copying; and if not, the reasons why not.

G. To "identify" a person shall include a statement of the following, where applicable:

1. the full name of the person;

2. that person's present employer and job title, if known; if not known, the answer shall so state;

3. the employer and job title of such person at the time of the event, transaction, or occurrence to which the interrogatory relates, if different from the information above; and

4. that person's present business and residential address and telephone numbers, if known; if not known, the last known business and residential address and telephone numbers.

5

H.   To "identify" a communication means to state:

1.   the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2.   by whom each person was employed and who each person represented or purported to represent in making such communication;

3.   the substance of the communication;

4.   the date and place of such communication;

5.   the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6.   the physical location of each such document and the name of its custodian; and

7.   whether it will be voluntarily made available to defendant for inspection and copying; and if not, the reasons why not.

II.   <u>General Instructions</u>

1.   In answering these interrogatories, please furnish all information as is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representatives, attorneys, or investigators.

2.   If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3.   Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

4.   Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

5.   If privilege or work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length,

its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

6.      In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

7.      Pennzoil specifically requests that you produce electronic or magnetic data that is responsive to any request herein. Such data shall be produced in the format in which it is kept in the normal course of business.

## INTERROGATORY

INTERROGATORY NO. 6: Describe in detail the substance of and basis for the opinions and/or testimony of the City of San Benito's expert witness on attorneys' fees, including without limitation the following matters:

a)      the time and labor involved in the representation of the City of San Benito by its attorneys;

b)      the skill requisite to perform properly the legal services which the City of San Benito's attorneys have performed and yet may perform on behalf of the City;

c)      preclusion of the City of San Benito's attorneys from accepting other work as a result of their acceptance of work in the case at bar;

d)      the fee customarily charged in and around Cameron County, Texas for legal services similar to those provided by the City of San Benito's attorneys to the City in the case at bar;

e)      the amount in controversy in the case at bar;

f)      the time limitations imposed by the City of San Benito or by the circumstances on the work of the City of San Benito's attorneys;

7

g)     the nature and length of the professional relationship between the City of San
       Benito and its attorneys;

h)     the experience, reputation and ability of the City of San Benito's attorneys.

## DOCUMENT REQUESTS

1.     All documents or reports arising out of any investigation conducted by any individual,
       corporation, insurance company, or any other entity, or their employees, agents, or
       representatives, regarding the claims made the basis of this lawsuit.

RESPONSE:


2.     All documents, written statements, recordings, reports, or writings from persons having
       knowledge of relevant facts pertaining to the subject made the basis of this lawsuit.

RESPONSE:

3.     All documents, items and things which demonstrate, show or on which the plaintiff
       relies to support its standing to sue the defendant.

RESPONSE:

4.     All documents, items and things which describe, contain, reflect or commemorate any
       of the damages for which the plaintiff sues.

RESPONSE:

5.     All documents, items and things identified, consulted or relied upon in answering
       Pennzoil Gas Marketing Company's interrogatories.

RESPONSE:

6.     All documents, items and things identified, consulted or relied upon in answering
       Pennzoil Gas Marketing Company's requests for admissions

RESPONSE:

7.     All documents, items and things reflecting the mental impressions and opinions of each
       testifying expert witness and experts whose opinions and impressions have been
       reviewed by a testifying expert and facts known to such experts which relate to or form
       the basis of the mental impressions and opinions held by the expert. This request is

8

intended to include, but not be limited to, all notes, memoranda, e-mail, faxes, letters, and other documents, items and things, regardless whether such documents have been printed or are in computerized form.

RESPONSE:

8.   All documents and tangible things, including all reports, physical models, compilations of data, and other materials prepared, reviewed, or utilized by any expert (or his agent or employee) in anticipation of the expert's trial and deposition testimony.

RESPONSE:

9.   All documents and tangible things, including all reports, physical models, compilations of data, and other materials prepared by or for a consulting expert if such expert's opinions and impressions have been reviewed by a testifying expert.

RESPONSE:

10.  All documents written, reviewed, or relied upon by any person you expect to call as an expert witness at the time of trial of this cause.

RESPONSE:

11.  All documents, reports, correspondence or writings of any kind you or your attorneys have received from, or provided to, any expert witness who may be called to testify at trial.

RESPONSE:

12.  A current resume and curriculum vitae for all experts who may be called as a witness at trial by you and all brochures and advertising materials describing his expertise or services.

RESPONSE:

13.  All documents, items and things which describe, contain, reflect or commemorate any expense incurred by the City which the City contends was caused by any act or failure to act of Pennzoil.

RESPONSE:

14.  All documents, items and things which describe, contain, reflect or commemorate any intra-office or intra-employee communications (including without limitation any email,

9

memoranda, reports and letters) among, between or by anyone associated with or employed by the City regarding Pennzoil.

RESPONSE:

15. All statements or reports made by anyone with or on behalf of the City concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the City and any stenographic, mechanical, electrical or other type of recorded statement or any transcription thereof made by the City.

RESPONSE:

16. All documents, items and things constituting, relating to and/or discussing any and all agreements between the City and any third party concerning the assignment by the City of any interest in the claims that have been brought, could have been brought or may be brought in the case at bar.

RESPONSE:

17. All statements or reports made by anyone with or on behalf of Pennzoil concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Pennzoil and any stenographic, mechanical, electrical or other type of recorded statement or any transcription thereof made by Pennzoil.

RESPONSE:

18. Except for those documents which the City contends are exempted from disclosure by a privilege asserted under the Federal Rules of Civil Procedure, any and all documents, including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable forms and any other tangible things which constitute or contain matters relevant to Pennzoil or the City of San Benito's allegations as contained in Plaintiff's Seventh Amended Petition.

RESPONSE:

19. All written documentation of any kind, including witness statements, which was generated from the investigation by the City of San Benito into the transaction(s) or contract(s) in question with Pennzoil.

RESPONSE:

10

20.      All documents and tangible things including all tangible, reports, physical models, compilations of data and other material prepared by an expert or for an expert in anticipation of the expert's testimony at trial or in deposition, as well as material prepared by an expert used for consultation which has been reviewed by an expert who may be called as a witness.

RESPONSE:

21.      All correspondence between the City of San Benito and/or any legal counsel for the City of San Benito and any auditors, bankers and/or other third parties regarding or relating to the case at bar or to the contract with Devon Energy Gas Marketing Company.

RESPONSE:

22.      All bills, invoices, time records, retainer agreements and other documents from all experts who may be called as a witness at trial by you.

RESPONSE:

23.      All documents, items or things which describe, contain, reflect commemorate, analyze or show any anticipated profits (both gross and net) by the City of San Benito in connection with or anticipated as a result of what the City of San Benito contends was a contract with Pennzoil.

RESPONSE:

24.      All documents, items and things which describe, contain, reflect commemorate, analyze or show any actual or anticipated damages by the City of San Benito in connection with or anticipated as a result of what the City of San Benito contends was a breach of a contract by Pennzoil.

RESPONSE:

25.      All documents, items or things which describe, contain, reflect or commemorate any work by the City of San Benito to secure what it contends was its contract with Pennzoil.

RESPONSE:

26.      All documents, items and things which describe, contain, reflect or commemorate any communications between or by anyone with or on behalf of the City of San Benito on the one hand and anyone with or on behalf of Pennzoil on the other hand, including

11

without limitation any and all bids, proposals, contracts, agreements, notices pursuant to such contracts, terminations of such contracts, and related matters.

RESPONSE:

27.  All documents, items and things which describe, contain, reflect or commemorate any communications between or by anyone with or on behalf of the City of San Benito on the one hand and anyone with or on behalf of any entity that it was anticipated might provide any services to Pennzoil on the other hand.

RESPONSE:

28.  All documents, items and things which describe, contain, reflect or commemorate any bids, proposals, offers, counteroffers, proffers between or by anyone with or on behalf of the City of San Benito on the one hand and anyone with or on behalf of any entity that it was anticipated might provide any services to Pennzoil on the other hand.

RESPONSE:

29.  All documents, items and things which describe, contain, reflect or commemorate any costs, expenses or overhead incurred, anticipated to be incurred or typically incurred by the City of San Benito in providing or in anticipation of providing any services to or on behalf of Pennzoil.

RESPONSE:

30.  All analyses of Pennzoil's needs or anticipated business use of the services of the City of San Benito.

RESPONSE:

31.  All contracts and/or agreements between the City of San Benito and Texas Municipal Technical Consultants, Inc.

RESPONSE:

32.  All contracts and/or agreements between the City of San Benito and any entity whereby the City hired such entity to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

33.   All correspondence between the City of San Benito and Texas Municipal Technical Consultants, Inc.

RESPONSE:

34.   All correspondence between the City of San Benito and any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

35.   All reports, studies, memoranda, findings and/or other documents provided to the City of San Benito by Texas Municipal Technical Consultants, Inc.

RESPONSE:

36.   All reports, studies, memoranda, findings and/or other documents provided to the City of San Benito by any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

37.   All contracts and/or agreements between the City of San Benito's attorneys and Texas Municipal Technical Consultants, Inc.

RESPONSE:

38.   All contracts and/or agreements between the City of San Benito's attorneys and any entity whereby the City hired such entity to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

39.   All correspondence between the City of San Benito's attorneys and Texas Municipal Technical Consultants, Inc.

RESPONSE:

40.   All correspondence between the City of San Benito's attorneys and any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

13

RESPONSE:

41. All reports, studies, memoranda, findings and/or other documents provided to the City of San Benito's attorneys by Texas Municipal Technical Consultants, Inc.

RESPONSE:

42. All reports, studies, memoranda, findings and/or other documents provided to the City of San Benito's attorneys by any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

43. All contracts, employment agreements, retainer agreements, written understandings and/or other agreements concerning the basis on which the City of San Benito has agreed to compensate its attorneys.

RESPONSE:

44. All documents, items and things concerning or relating to the opinions and testimony of the City of San Benito's expert witness on attorneys' fees including without limitation the following (all references to the City's attorneys are to the City's attorneys in the case at bar):

    a)     the time and labor involved in the representation of the City of San Benito by its attorneys;

    b)     the skill requisite to perform properly the legal services which the City of San Benito's attorneys have performed and yet may perform on behalf of the City;

    c)     preclusion of the City of San Benito's attorneys from accepting other work as a result of their acceptance of work in the case at bar;

    d)     the fee customarily charged in and around Cameron County, Texas for legal services similar to those provided by the City of San Benito's attorneys to the City in the case at bar;

    e)     the amount in controversy in the case at bar;

    f)     the time limitations imposed by the City of San Benito or by the circumstances on the work of the City of San Benito's attorneys;

14

g)     the nature and length of the professional relationship between the City of San Benito and its attorneys;

h)     the experience, reputation and ability of the City of San Benito's attorneys.

<u>RESPONSE</u>:

## DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
### Attorneys at Law

| | |
|---|---|
| Chase Tower | Telephone |
| 600 Travis Street | (713) 228-5100 |
| Suite 4700 | Telecopier |
| Houston, Texas 77002-3090 | (713) 228-6138 |

### TELECOPY COVER SHEET

CONFIDENTIALITY NOTICE: The documents accompanying this telecopy transmission may contain confidential information which is legally privileged. The information is intended only for the use of the recipient named below. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.

DATE:          June 11, 2004

TO:            Adam Poncio                        *(210) 212-5880*
               Ramon Garcia                       *(956) 381-0825*
               Osborne J. Dykes, III              *(713) 651-5246*
               Randy Beevis                       *(713) 393-6903*
               Julie Ezell                        *(317) 838-6001*
               Francis I. Gandy                   *(361) 883-0148*
               Robert Galligan                    *(956) 968-6089*
               C. Scott Jones/Jerry K. Clements   *(214) 740-8800*
               J. D. Page                         *(713) 840-9217*
               Rene O. Oliveira                   *(956) 542-0016*
               David G. Oliveira

FROM:          Bradley M. Whalen

NUMBER OF PAGES, INCLUDING THIS COVER PAGE:     17     (DVON.001-0309)

Re:    C.A. No. B03-080; *City of San Benito v. Tejas Gas Pipeline Company, et al.*;  In the United States District Court for the Southern District of Texas, Brownsville Division

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION, OR IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE, PLEASE CONTACT OUR OFFICES AT (713) 228-5100.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S FIRST REQUEST FOR ADMISSIONS**
**TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:   Defendant, PENNZOIL GAS MARKETING COMPANY
      By and through their attorneys of record:
      Bradley Whalen
      DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
      4700 Chase Tower
      600 Travis Street
      Houston, Texas 77002

      COMES NOW the City of San Benito and, Pursuant to Rule 26 of the Texas Rules of Federal

Procedure, propounds the following first requests for admissions to Defendant PENNZOIL GAS

MARKETING COMPANY.

EXHIBIT
"B"

Respectfully submitted,


ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, do hereby certify that I have on this $27$ day of

February, 2004, forwarded a true and correct copy of the above document to counsel of record as

follows, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Frances I. Gandy                                **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                    **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                           **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                  **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                                    **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                       **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                  **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                                **VIA FACSIMILE**
David G. Oliveira

ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan                              **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**

## REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:       Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no. 478 under which the City of San Benito is basing its suit against the Defendants herein.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 2:       Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no.478 under which the City of San Benito is basing its claim against the Defendant on whom this request for admissions has been served.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 3:       Admit that after January 1, 1941, the Defendant did use the streets, highways, alleys, parks, or other public places within the City of San Benito, Texas, for the sale and distribution of natural gas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 4:       Admit that after January 1, 1941, the Defendant did sell and/or distribute natural gas within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 5:       Admit that after January 1, 1941, the Defendant did own or operate any pipelines within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 6:       Admit that after January 1, 1941, the Defendant did own or operate any fixtures and appurtenances for the sale and distribution of natural gas within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 7:       Admit that after January 1, 1941, the Defendant did use or maintain any pipelines within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 8:       Admit that after January 1, 1941, the Defendant did use and maintain any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks or other public places within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 9:      Admit that after January 1, 1941, the Defendant did operate as a gas utility within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 10:      Admit that Defendant did sell any natural gas for heat, power, or other purposes within corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 11:      Admit that Defendant has ever owned any gas pipelines within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 12:      Admit that Defendant has used and/or maintained any lines for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 13:      Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 14:      Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

ORDINANCE NO. 478

AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR
THE PRIVILEGE OF USING WITH THEIR NATURAL GAS AUXILIARY LINES, APPUR-
TENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN
THE CORPORATE LIMITS OF THE CITY OF SAN BENITO, TEXAS; PROVIDING
THAT SUCH UTILITIES SHALL MAKE SEMI-ANNUAL REPORTS, PROVIDING
PENALTIES FOR THE VIOLATION HEREOF, REPEALING ALL LAWS IN CON-
FLICT HEREWITH, AND DECLARING AN EMERGENCY.

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF SAN BENITO, TEXAS:

SECTION 1.

That all persons and corporations using and maintaining any main
and auxiliary lines, appurtenances and fixtures for the sale and dis-
tribution of natural gas in any of the streets, alleys, parks and other
public places within the corporate limits of the City of San Benito,
Texas shall within thirty (30) days after the 30th day of September
and the 31st day of March of each year file with the City Secretary a
report sworn to by the auditor of such person or corporation showing
the gross receipts derived from the sale by gas utilities of natural
gas sold for heat, power or other purposes from consumer of such
natural gas located within and using such natural gas within the cor-
porate limits of the City of San Benito, Texas, for the six (6) months
preceding each of said dates.

SECTION 11.

That upon the 1st day of November and the 1st day of May of each
year hereafter every person or corporation using the streets, highways,
alleys, parks or other public places within the City of San Benito, Texas,
with main and/or auxiliary lines, fixtures and appurtenances for the
sale and distribution of natural gas to consumers, shall pay to the
City of San Benito, Texas, a sum equal to two per cent, (2%) of the
gross receipts received by such person or corporation from its sale of
natural gas for heat, power and for other purposes derived from con-
sumers of such natural gas located within and using within the cor-
porate limits of the City of San Benito, Texas, for the six (6) months
preceding September 30th and March 31st of each year, which sum shall
be paid to the Tax Collector of the City of San Benito, Texas, who
shall thereupon deliver to the person or corporation paying the same
a receipt for the amount so paid as rental.

SECTION 111.

Any special taxes, rentals, contributions or charges accruing
before the effective date of this ordinance under the terms of any pre-
existing ordinance contract or franchise against any such person or cor-
poration, when paid to said City, shall be credited on the amount owed
by such person or corporation as a charge or rental imposed for the use
of the streets, alleys and other public places and ways within the said
City, and the Tax Collector of said City is hereby authorized to give
credit to such person or corporation when it or they pay the street
rental charges in the manner described herein for all sums and for
special taxes, rentals, contributions, charges or otherwise under the
terms of any pre-existing ordinance, contract or franchise.

SECTION IV.

That any person or corporation and the local manager or agent of
any such person or corporation, willfully failing or refusing after
thirty (30) days written notice from the City to make the report re-
quired above herein shall, upon conviction in the Corporation Court of
the said City, be fined in a sum not to exceed $50.00, and each day's
failure or refusal shall be deemed a separate offense.

SECTION V.

All ordinances and parts of ordinances in conflict herewith are
hereby repealed.

EXHIBIT 1

## SECTION VI.

The fact that the legislature of the State of Texas, has, by proper enactment permitted incorporated cities and towns to levy a tax against all persons and corporations occupying the public streets, alleys, public ways and places; as a rental or charge for the use and occupancy of said streets, alleys, public ways and places, and the fact that the general fund of said City is in need of immediate replenishment, creates and emergency, and the rule requiring the reading of all ordinances at two separate meetings is hereby suspended and this ordinance shall take effect immediately upon its passage, approval, and publication as provided by the charter of the City of San Benito.

Passed and approved this 26th day of June, A.D. 1941.

LOUIS S. WITTE, Mayor

Attest:

J. G. RUSSELL, City Secretary.

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL,** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S FIRST REQUEST FOR PRODUCTION**
**TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
       By and through their attorneys of record:
       Bradley Whalen
       DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
       4700 Chase Tower
       600 Travis Street
       Houston, Texas 77002

COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

serve the following First Request for Production to Defendant PENNZOIL GAS MARKETING

COMPANY.

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this _27_ day of February, 2004, forwarded a true and correct copy

of the above document to all counsel of record:

Frances I. Gandy                                **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475


Ramon Garcia                                    **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539


OSBORNE J. Dykes, III                           **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010


Julie L. Ezell                                  **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168


Randy Beevis                                    **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002


J.D. Page                                       **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056


Bradley Whalen                                  **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002


Rene G. Oliveira                                **VIA FACSIMILE**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9

Brownsville, Texas 78520

Robert Galligan                           **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


_____
**ADAM PONCIO**

## FIRST REQUEST FOR PRODUCTION

1)    Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

RESPONSE:

2)    Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

RESPONSE:

3)    Please produce the original or copies of all checks or other negotiable instruments used by defendant for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

4)    Please produce the original or copies of all checks or other negotiable instruments used by Defendant to pay for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

5)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show that Defendant was the owner and/or operator of any pipelines, main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

6)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show that the defendant sold any gas, natural gas or other petroleum products within the corporate limits of the City of San Benito, Texas

RESPONSE:

7)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show the amount of natural gas sold or distributed by Defendant within the corporate limits of the City of San Benito, Texas.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S SECOND REQUEST FOR PRODUCTION
TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
          By and through their attorneys of record:
          Bradley Whalen
          DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
          4700 Chase Tower
          600 Travis Street
          Houston, Texas 77002

COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

serve the following Second Request for Production to Defendant PENNZOIL GAS MARKETING

COMPANY.

Respectfully submitted,


_____
ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS

## SECOND REQUEST FOR PRODUCTION

With regard to Defendant, documents requested include those documents for any related entity, acquired entity, successor in interest, subsidiary and/or entity whose interests were acquired or obtained by Defendant in any manner.

1.  Produce documents concerning any revenues you received from the sale or transportation of natural gas to any consumer located within the City of San Benito.

2.  Produce documents concerning any revenues you received from the sale or transportation of natural gas to any other person or entity for which the point of delivery, point of redelivery, or the point of interconnection with any natural gas pipeline owned by someone other than you, was located within the City of San Benito.

3.  Produce documents concerning your ownership or lease of any real property, any personal property or intangible assets valued in excess of one thousand dollars ($1,000.00), and any easement obtained by condemnation, judgment, purchase or other means, that is located within the City of San Benito.

4.  Produce any agreements, correspondence or communications between you and CP&L that concern the sale, transportation or purchase of any natural gas consumed at or delivered to the San Benito electric power generating plant.

5.  Produce all reports of local sales of natural gas made to the City of San Benito.

6.  Produce all reports of natural gas sold to CP&L or to any San Benito based consumer made to the Texas Railroad Commission, the Texas State Comptroller, the Texas Public Utilities Commission, the Federal Energy Regulatory Commission, or any other federal, state, or local governmental agency.

7.  Produce any permit, consent, or other agreement or authorization to occupy any public property or rights of way located within the City of San Benito.

8.  Produce documents concerning any natural gas pipeline owned or operated by you located in whole or part within the City of San Benito.

9.  Produce documents concerning any agreement between you and any other person or entity owning or operating a natural gas pipeline located in whole or part within the City of San Benito.

10. Produce documents concerning any tax (including sales and ad valorem taxes), rental, permit fee, or any other remuneration paid by you or on your behalf to the City of San Benito.

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this _____ day of February, 2004, forwarded a true and correct

copy of the above document to all counsel of record:

Frances I. Gandy                                    **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475


Ramon Garcia                                        **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539


OSBORNE J. Dykes, III                               **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010


Julie L. Ezell                                      **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168


Randy Beevis                                        **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002


J.D. Page                                           **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056


Bradley Whalen                                      **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas  77002


Rene G. Oliveira                                    **VIA FACSIMILE**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9

Brownsville, Texas 78520

Robert Galligan                                    **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**

**VICTOR I. CERDA**
ATTORNEY AT LAW

**ADAM PONCIO**
ATTORNEY AT LAW
Board Certified Civil Appellate Law
Texas Board of Legal Specialization



LAW OFFICES
**CERDA & PONCIO**
A PROFESSIONAL CORPORATION

924 McCullough — San Antonio, Texas 78215-1642
Tel: (210) 212-7979 — Fax: (210) 212-5880

July 1, 2004

**VIA FACSIMILE (713) 840-9217**
J.D. Page
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Re:   Civil Action No. B03-080
      *City of San Benito v. Tejas Gas Pipeline Company*
      In the United States District Court for the Southern
      District of Texas - Brownsville Division

Dear Mr. Page

In light of the Court's June 16th Order voiding the scheduling Order, it is our position that the deposition notices and written discovery requests issued by Pennzoil are of no effect until the Court enters its final Order upon completion of the contingencies required by the Plaintiff. Once the Court's Order is entered and a valid scheduling order is in place, we will revisit the outstanding discovery issues.

In order to avoid Court intervention regarding these issues, we would request that you indicate your agreement to withdraw the pending ~~written discovery requests and~~ deposition notices by signing below and returning same by facsimile transmission. Should we not hear from you by July 6, 2004, we will assume you do not oppose our position.

Thank you for your professional courtesy and cooperation.

Sincerely,

**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**

*Adam Poncio*

**ADAM PONCIO**   By: Al. Herra, CLA

AP:djh

AGREED:

_____   Agreed only as to the depositions
**J. D. PAGE**

EXHIBIT
"C"

received
7/1/04
cc: tt
ch
bw

LAW OFFICES

CERDA
&P
PONCIO
A PROFESSIONAL CORPORATION

VICTOR J. CERDA
ATTORNEY-AT-LAW

ADAM PONCIO
ATTORNEY-AT-LAW
Board Certified Civil Appellate Law
Texas Board of Legal Specialization

SAN ANTONIO OFFICE
924 McCullough -- San Antonio, Texas 78215-1862
Tel: (210) 212-7979 -- Fax: (210) 212-5880

# FACSIMILE TRANSMISSION

**DATE:** _7-1-04_                     Client # _03-1791_

~~From~~ ~~TO:~~  _J. D. Page_          **Fax No.** _713-840-9217_

**TO:** _Adan Poncio_                  **Fax No.** _210-212-5880_

**TO:** _____               **Fax No.** _____

**TO:** _____               **Fax No.** _____

**TO:** _____               **Fax No.** _____

**FROM:** _A. Heim_

**RE:** _City of San Benito_

**NUMBER OF PAGES:** _2_    (including cover sheet)

**COMMENTS:** _____
_____
_____
_____

The documents and information contained in this telecopy transmission may contain confidential legally privileged information, intended only for the use of the individual or entity named above. If you have received this telecopy in error, please notify us immediately by telephone to arrange for return of the telecopied documents and you are here by notified that any disclosure, copying, distribution or the taking of any action in regards to the contents of this telecopied information, is strictly prohibited.