IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 27 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff, | § | |
| V | § | C. A. NO. B03-080 |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| Defendants | § | |

## THE CITY OF SAN BENITO'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR COSTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito, and Pursuant to the Court's order of June 16, 2004, files this, its supplemental response to the Defendants' request for costs, filed on or prior to July 14, 2004, as ordered by the Court, and would respectfully show this Court as follows:

This Court entered its June 16, 2004, order, conditionally granting Plaintiff's motion to Reconsider. The order provides that each Defendant has 20 business days from the date of the order to file a motion for costs in connection with any motion to dismiss, motion to compel compliance with the court's orders or the motion for rehearing concerning the court' prior order of dismissal. As a result, Defendants had until approximately July 14, 2004, to file its/their request for costs. Therefore, Plaintiff would have ten days to respond to requests filed by the Court ordered deadline, or July 24, 2004, in showing its opposition to the motions and requests for costs. Local Rule 7.4. When computing a period of less than 11 days, the intermediate Saturdays, Sundays and legal holidays shall be excluded. FRCP 6. Therefore, Plaintiff's response to the motions would be due on or before July 28, 2004. This supplemental response, therefore, is timely filed.

With regard to each Defendants' claim for attorneys' fees and costs, the court did not provide for payment of attorneys' fees and expenses and Plaintiff would object to same. Taxable costs do not include attorneys' fees. Fleischmann Distilling Corporation v. Majer Brewing Co., 386 U.S. 714,

720-21, 87 S.Ct. 1404, 1408, 18 L. Ed. 2d 475 (1967). Attorneys' fees are not allowable unless expressly authorized. Id. Attorneys' fees would not be allowed for under the present circumstances and any order requiring payment of the outrageous amounts requested by Defendants would financially and improperly preclude continuation of this litigation by Plaintiff.

In reviewing the requests for costs and attorneys fees, Defendants have individually and/or collectively requested attorneys fees and costs in the following amounts: (1) Defendant PENNZOIL - $12,965.00, comprised of attorneys' fees; (2) Defendants TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., GULF ENERGY MARKETING COMPANY, GULF ENERGY MARKETING, L.L.C., CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., SHELL GAS TRADING COMPANY, and TRANSCO PETRO SOURCE COMPANY (n/k/a TRANSCO P-S CO)- costs of $94.05 and attorneys' fees of $7,577.50; (3)Defendants CONOCO INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., AMOCO ENERGY TRADING CORP. (n/k/a BP ENERGY CO), BP ENERGY COMPANY,, ANADARKO ENERGY SERVICES CO., NATURAL GAS CLEARINGHOUSE, INC.,, ARCO NATURAL GAS MARKETING, INC. (n/k/a VASTAR GAS MARKETING, INC.), VASTAR GAS MARKETING, INC., TEXACO EXPLORATION AND PRODUCTION, INC.,, CHEVRON U.S.A. INC., TOTAL E&P USA, INC (successor in interest to FINA), and UNION PACIFIC RESOURCES COMPANY (n/k/a ANADARKO E&P CO., LP) - attorneys' fees of $7,469.87, filed subsequent to this Court's June 16, 2004, order;(5) Defendants HOUSTON PIPE LINE COMPANY LP and HPL RESOURCES COMPANY LP - attorney's fees of $2,336.00 (6) Defendant GULF COAST ENERGY, INC. - expenses of $13.82 and attorneys' fees of $4,067.50; (7) Defendants DUKE ENERGY TRADING AND MARKETING, L.L.C., PAN ENERGY TRADING 7 MARKETING, L.L.C., AND PANENERGY TRADING & MARKETING SERVICES, L.L.C. - attorneys' fees and costs of $2,371.20.

In addition to the above, the Court should note that the Plaintiff did not join Defendants in the litigation. Initially the matter was a class action pending and resolved in Cameron County. After resolution of the class action, Plaintiff filed an Amended Petition naming Defendants and informing the Defendants that they had not been served, in an attempt to resolve the matters without litigation. Defendants voluntarily filed answers and joined in the litigation without having been served. The basis of this litigation was the ordinance, which does not expressly require pipeline ownership for application.

In 1941 the City of San Benito passed ordinance No. 478, which is described in detail and attached to the Plaintiff's Seventh Amended Original Petition, Petition for Declaratory Judgment, Request for Injunctive Relief, and Request for Jury Trial, which is incorporated herein by reference as if stated in the verbatim. In summary, Ordinance No. 478 states that all persons and corporations using and maintaining pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% for the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." None of the defendants has paid the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

Subsequently, Defendant Pennzoil filed a Motion to Dismiss. Each of the subsequent Motions to Dismiss was based on and/or duplicated the Pennzoil Motion to Dismiss. No new theories or arguments were advanced in the subsequently filed motions to dismiss. For example, the remaining motions either duplicate exactly the motion of Defendant Pennzoil, as in the motion of the Duke Defendants, and /or are simple two page motions that state "Pennzoil's Motion establishes...", relying entirely on the Pennzoil motion. Nevertheless, the subsequent Defendants are attempting to argue in their requests for costs that they are entitled to attorneys' fees for research and

writing of said motions. In addition, Defendants are requesting attorneys' fees related to Plaintiff's motion to remand, filing and other matters. Defendants further fail to detail the time and expenses related to specific matters, and simply provide general objectionable conclusory statements. Plaintiff objects to each request for costs on these bases.

Plaintiff requests that the Court consider setting the matter for hearing so that each of the attorneys who provided affidavits may be examined and/or deposed. Plaintiff further requests that the court deny the requests for attorneys fees, in whole or in part. The Plaintiff further requests that the Court again consider the prior Motion to Remand and its Order related thereto. Plaintiff further requests any further relief or remedy to which it would be entitled.

Respectfully submitted,

_____
ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile (210) 212-5880

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this _26th_ day of July, 2004, forwarded a true and correct copy of the above document to the United States District Clerk by overnight delivery and first class mail and to all counsel of record by first class mail, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Frances I. Gandy
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Mr. David Van Susteren
1301 McKinney, Suite 5100
Houston, TX 77010

Randy Beevis
1100 Louisiana, Suite 4900
Houston, Texas 77002

Ms. Jerry K. Clements
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

J.D. Page
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Rene G. Oliveira
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247

_____
**ADAM PONCIO**