

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| et al. | § | |

**PENNZOIL GAS MARKETING COMPANY'S REPLY TO THE PLAINTIFF'S RESPONSE TO PENNZOIL'S APPLICATION FOR COSTS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ANDREW HANEN:

1. <u>The Court has authority to award Pennzoil's attorneys' fees</u>. Federal courts may award attorneys' fees "when the interests of justice so require." Hall v. Cole, 412 U.S. 1, 4-5 (1973).

> Indeed, the power to award such fees 'is part of the original authority of the chancellor to do equity in a particular situation,' Sprague v. Ticonic National Bank, 307 U.S. 161, 166 (1939), and federal courts do not hesitate to exercise this inherent equitable power whenever overriding considerations indicate the need for such a recovery.'" (citations omitted)

Hall, 412 U.S. at 5. An award of attorneys' fees as costs is warranted because of the plaintiff's conduct, including the following:

    a.    The plaintiff failed to provide the threshold discovery ordered by the Court as to pipeline ownership;

    b.    Though this case was predicated on pipeline ownership, the plaintiff had no evidence that Pennzoil has ever owned a pipeline in the City of San Benito when it filed its seventh amended petition;

    c.    The plaintiff has not produced the evidence in support of its claims in spite of

>the Court's June 16, 2004 order compelling the plaintiff to do so on or before July 14, 2004 (as Pennzoil pointed out in its further motion to dismiss filed August 2, 2004).

The plaintiff's dilatory conduct of this litigation and failure to comply with the Court's orders coupled with the fact that the plaintiff had no basis to assert claims against Pennzoil based on pipeline ownership warrants an award of attorneys' fees as costs.

2. <u>The Court has discretion to award Pennzoil's reasonable attorneys' fees</u>. <u>Warren v. The Reserve Fund, Inc.</u>, 728 F.2d 741, 748 (5th Cir. 1984). The Court's grant of attorneys' fees is discretionary. <u>Id</u>. The Court may grant Pennzoil its attorneys' fees if the Court finds that the plaintiff's pursuit of this litigation (or failure to pursue it) has been vexatious, groundless or in bad faith. <u>Fairly v. Patterson</u>, 493 F.2d 598, 606 (5th Cir. 1974). Pennzoil respectfully submits that the plaintiff's failure to comply with this Court's orders concerning disclosure of pipeline evidence and evidence of other claims, and its failure to comply with the disclosure requirements of the Federal Rules of Civil Procedure are examples of the sort of "unreasonable and obdurately obstinate behavior" which supports an award of attorneys' fees under the principle which the 5th Circuit articulated in <u>Fairly</u>. <u>Id</u>.

3. <u>The plaintiff misreads the applicable law</u>. The plaintiff's reliance on <u>Fleischmann Distilling Corp. v. Maier</u>, 386 U.S. 714 (1967) for the proposition that attorneys' fees are not taxed as costs is misplaced. In that case the Supreme Court noted that the statute on which the plaintiff based its claim "meticulously detailed the remedies available to a plaintiff who proves that his valid trademark has been infringed." <u>Fleischmann Distilling</u>, 386 U.S. at 719. The Supreme Court reasoned that Congress must have excluded

the grounds not enumerated in the carefully crafted statute. Id. at 721. The situation at hand is very different. The Court has twice ordered that the plaintiff produce the evidence which supports its claims. The plaintiff has not complied with those orders, and Pennzoil has needlessly incurred attorneys' fees as a result.

    4.    Prayer. For these reasons, among others, Pennzoil moves that the Court grant Pennzoil's application for costs and for such other and further relief to which Pennzoil may be justly entitled.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas 77056
(713) 840-9200 Telephone
(713) 840-9217 Facsimile

Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin
    & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

By: /s/ Rene O. Oliveira
Rene O. Oliveira
State Bar No.15254700
Roerig, Oliveira & Fisher, L.L.P.
Cameron County Office
855 West Price road, Suite 9
Brownsville, Texas 78520
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

Attorneys for Pennzoil Gas Marketing Company

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served in compliance with Fed. R. Civ. P. 5 on August 9, 2004, addressed as follows:

Adam Poncio
Law Office of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215
Facsimile: (210) 212-5880

Osborne J. Dykes, III
1301 McKinney, Suite 5100
Houston, Texas 77010
Facsimile: (713) 651-5246

Julie Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana
Facsimile: (317) 838-6001

Randy Beevis
Cinergy Marketing & Trading, L.P.
1100 Louisiana, Suite 4900
Houston, Texas 77002
Facsimile: (713) 393-6903

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475
Facsimile: (361) 883-0148

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247
Facsimile: (956) 968-6089

C. Scott Jones
Jerry K. Clements
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Facsimile: (214) 740-8800

David G. Oliveira
Roerig, Oliveira & Fisher LLP
866 West Price Road, Suite 9
Brownsville, Texas 78520
Facsimile: (956) 542-0016

_____
Rene O. Oliveira