

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2004

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C. A. NO. B03-080 |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO DISMISS AND REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PAYMENT OF COSTS

Defendants Conoco, Inc.,[1] Vastar Gas Marketing, Inc., Union Pacific Resources Company n/k/a Anadarko E&P Company LP, Anadarko Energy Services Company, Natural Gas Clearinghouse, Inc., TOTAL E&P USA, INC., as successor in interest to FINA, Inc. as it relates to the matters contained herein, Texaco Natural Gas, Inc., Texaco Exploration and Production, Inc., Chevron U.S.A., Inc., Amoco Energy Trading Corp. n/k/a BP Energy Company, BP Energy Company, Arco Natural Gas Marketing, Inc. n/k/a Vastar Gas Marketing, Inc. and Texaco Gas Marketing, Inc. (collectively, "Defendants") file this Motion to Dismiss[2] and Reply to Plaintiff's Response/Supplemental Response to Defendants' Motion for Payment of Costs,[3] and respectfully would show the Court as follows:

---

[1] Conoco, Inc. is now named ConocoPhillips Company.
[2] While this case has not been formally reinstated, Defendants file this motion to highlight Plaintiff's failure to abide by the Court's July 16, 2004 order and request that the Court sustain its March 18, 2004 Order and Judgment dismissing this case against Defendants with prejudice.
[3] Plaintiff filed a Supplemental Response to Defendants' Request for Costs on July 27, 2004, a day after filing its original response.

**DEFENDANTS' MOTION TO DISMISS AND REPLY TO**
**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR COSTS**                    **PAGE 1**

# I.
## MOTION TO DISMISS

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Defendants hereby join, adopt and incorporate by reference Pennzoil Gas Marketing Company Further Motion to Dismiss ("Pennzoil's Motion") filed on or about July 30, 2004, including the exhibits and documents attached thereto. Pennzoil's Motion establishes that Plaintiff City of San Benito ("Plaintiff") has failed and continues to fail to comply with this Court's June 16, 2004 Order and, therefore, this case should not be reinstated, or, alternatively, should be dismissed again with prejudice.

Although Plaintiff has stipulated that Defendants do not own any pipeline in the City of San Benito (Exhibit A), Plaintiff has not provided Defendants with *any* evidence as to *any* theory of liability raised in its Eighth Amended Petition, a copy of which is attached hereto as Exhibit B. Consequently, Plaintiff has failed to meet the conditions set forth in the Court's June 16, 2004. For these reasons and those set out more fully in Pennzoil's Motion, Defendants request that the Court sustain its March 18, 2004 Order and Judgment dismissing Plaintiff's claims against Defendants with prejudice, and refrain from reinstating this case on the Court's docket.

# II.
## REPLY TO PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION FOR PAYMENT OF COSTS

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Defendants hereby join, adopt and incorporate by reference Pennzoil's Reply to Plaintiff's Response to Pennzoil's Application for Costs ("Pennzoil's Reply") filed on or about August 9, 2004. As set forth more fully in Pennzoil's Reply, this Court has the authority and discretion to award Defendants their reasonable and necessary attorneys fees incurred in connection with those items set forth in its June 16, 2004 Order; specifically, any motion to dismiss, motions to compel compliance with the Court's orders, or Plaintiff's motion for rehearing. As detailed in Defendants' Motion for

Payment of Costs, Defendants have incurred substantial costs and fees in connection with such items. Accordingly, Defendants are entitled under the Court's June 16, 2004 Order to recover of their related costs, including attorneys' fees.

### III.
### CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss, and dismiss all claims asserted by Plaintiff against Defendants with prejudice, in accordance with this Court's March 18, 2004 and June 16, 2004 Orders. Further, Defendants request that the Court grant Defendants' Motion for Payment of Costs and order Plaintiff to pay Defendants' costs, including their reasonable and necessary attorneys fees, in the amount of $7,469.87, or, alternatively, order Plaintiff to pay Defendants that amount that the Court deems proper and just, and for such other and further relief to which Defendants may be justly entitled.

Dated:  August 11, 2004

RESPECTFULLY SUBMITTED,

Jerry K. Clements
(Attorney-In-Charge)
Texas State Bar No. 20888200
 Southern District of Texas Bar No. 15814
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Telecopier:  (214) 740-8800

Attorney-in-Charge for Defendants Conoco, Inc., Vastar Gas Marketing, Inc., Union Pacific Resources Company n/k/a Anadarko E&P Company LP, Anadarko Energy Services Company, Natural Gas Clearinghouse, Inc., TOTAL E&P USA, INC., as successor in interest to FINA, Inc. as it relates to the matters contained herein, Texaco Natural Gas, Inc., Texaco Exploration and Production, Inc., Chevron U.S.A., Inc., Amoco Energy Trading Corp. n/k/a BP Energy Company, BP Energy Company, Arco Natural Gas Marketing, Inc. n/k/a Vastar Gas Marketing, Inc. and Texaco Gas Marketing, Inc.

**OF COUNSEL:**

LOCKE LIDDELL & SAPP LLP
C. Scott Jones
 Texas State Bar No. 24012922
 Southern District of Texas Bar No. 30151
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Telecopier:  (214) 740-8800

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Eduardo R. Rodriguez
  Texas State Bar No. 17144000
  Southern District of Texas Bar No. 1944
Marjory C. Batsell
  Texas State Bar No. 04631400
  Southern District of Texas Bar No. 3983
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

## CERTIFICATE OF CONFERENCE

Counsel for movants and counsel for respondent have personally conducted a good faith conference at which there was a substantive discussion of the relief sought herein and despite the parties' best efforts to resolve the dispute without Court action, counsel have not been able to resolve those matters presented. Certified to the 12th day of August, 2004.

_Courtney N. Kano_
Courtney N. Kano

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record, as indicated below, via certified mail, return receipt requested, on this 12th day of August, 2004.

Adam Poncio
Law Office of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215

Osborne J. Dykes, III
Jeffrey Palmer
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Ramon Garcia
Law Office of Ramon Garcia
222 West University
Edinburg, Texas 78539

Julie Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247

J.D. Page
Attorney at Law
3040 Post Oak Blvd.
Houston, Texas 77056

Bradley M. Whalen
Doyle, Restrepo, Harvin & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002

Eduardo R. Rodriguez
Rodriguez, Colvin & Chaney
1201 E. Van Buren
Brownsville, TX 78522-2155

David Van Sustren
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Courtney N. Kano



**VICTOR I. CERDA**
ATTORNEY-AT-LAW

**ADAM PONCIO**
ATTORNEY-AT-LAW
**Board Certified Civil Appellate Law**
Texas Board of Legal Specialization



LAW OFFICES
**CERDA C&P PONCIO**
A PROFESSIONAL CORPORATION

924 McCullough — San Antonio, Texas 78215-1642
Tel: (210) 212-7979 — Fax: (210) 212-5880

RECEIVED
JUL 01 2004

June 30, 2004

Frances I. Gandy                          **VIA US FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                              **VIA US FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III                     **VIA US FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                            **VIA US FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Mr. David Van Susteren                    **VIA US FIRST CLASS MAIL**
1301 McKinney, Suite 5100
Houston, TX 77010

Randy Beevis                              **VIA US FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

Ms. Jerry K. Clements                     **VIA US FIRST CLASS MAIL**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

J.D. Page                                          **VIA US FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056


Bradley Whalen                                     **VIA US FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas  77002


Rene G. Oliveira                                   **VIA US FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520


Robert Galligan                                    **VIA US FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


  Re:  Civil Action No. B03-080
     *City of San Benito v. Tejas Gas Pipeline Company, et al*
     In the United States District Court for the Southern District of Texas
     Brownsville Division

Dear Counsel:

   Pursuant to the Honorable Andrew S. Hanen's Order of June 16, 2004, please find enclosed a **"MEMO"** and **letter dated March 15, 2004, from Osborne J. Dykes, III** which serves as evidence of pipeline ownership by Tejas Gas Pipeline Company and its former, successor, related and/or merged entities.  As indicated by our Amended Petition, ownership is not necessary for liability under the San Benito Ordinance.  Plaintiff hereby stipulates that it does not currently have evidence of pipeline ownership by any other Defendant who has appeared in this cause, subject to their responses to Requests for Production, Second Requests for Production and Request for Admissions previously served on all Defendants.  Attached hereto are copes of the discovery requests previously served on Defendants on February 27, 2004.  Upon the Court's final Order reinstating the dismissed Defendants, the discovery will be re-served.  The discovery requests are being sent in advance as a courtesy so that each Defendant may begin gathering documents which may be responsive to these requests.

Thank you for your attention to these matters.

Sincerely,

**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**

**ADAM PONCIO**

AP:djh
Enclosures as stated.

cc:    United States District Clerk          **VIA US FIRST CLASS MAIL**
       Southern District of Texas
       Brownsville Division
       600 E. Harrison, 1st Floor
       Brownsville, Texas 78520
       (Letter Only)

       Honorable Andrew S. Hanen          **VIA US FIRST CLASS MAIL**
       United States District Judge
       Southern District of Texas
       600 E. Harrison, 1st Floor
       Brownsville, Texas 78520
       (Letter Only)

**MEMO**

**RE:   PIPELINE LOCATIONS - CAMERON BY CITY**


**BROWNSVILLE**
**10,2000**
**HENRY GONZALEZ**
**VALERO**
**8" AND 10"**

**HARLINGEN**
**48,735**
**H. WM. CARD, JR.**
**VALERO GAS**
**10" AND 12"**
**TEJAS**
**6"**

**SAN BENITO**
**23,000**
**CHARLES F. WEEKLY**
**VALERO GAS**
**10", 12", AND 8"**
**TEJAS**
**6"**

**PORT ISABEL**
**4,467**
**CALVIN BYRD**
**VALERO**
**6"**
**TEJAS (?)**
**8"**

**LA FERIA**
**4,360**
**PAUL F. BEECHNER**
**VALERO GAS**
**12"**

**LOS FRESNOS**
**2,473**
**MANUEL ABREGO**
**VALERO GAS**
**4" AND 6"**
**TEJAS**
**8"**

SANTA ROSA
2,223
ANDRES MARROQUIN
VALERO GAS
10"

PRIMERA
2,030
JOSE RAMIREZ
VALERO GAS
10"

COMBES
2,004
SILVESTRE GARCIA
NONE

RIO HONDO
1,793
ALEX CHAVEZ
NONE

SOUTH PADRE ISLAND
1,677
PEGGY TRAHAN
NONE

PALM VALLEY
1,200
JOHN PHUL
NONE (10" VALERO GAS SKIRTS CLOSE)

LAGUNA VISTA
1,166
RAFAEL HINOJOSA, JR.
KGS CRUDE
8"

RANCHO VIEJO
885
WALTER F. HALLEMAN
VALERO GAS
8"

RANGERVILLE
280
WAYNE HALBERT
VALERO GAS
16" AND 6"
TEJAS GAS
8"

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1301 MCKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

OSBORNE J. DYKES, III
PARTNER
JDYKES@FULBRIGHT.COM

DIRECT DIAL:    (713) 651-5545
TELEPHONE:    (713) 651-5151
FACSIMILE:    (713) 651-5246

March 15, 2004

Mr. Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, TX 78215-1642

Re:    Cause No. B03-080; *City of San Benito v. Tejas Gas Pipeline Company, et al.*, In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Mr. Poncio:

After my letter to you of January 15, 2004, the following information has come to my attention. Before January 1, 2004, Kinder Morgan South Texas Pipeline, L.P. (not a defendant in this suit) owned a pipeline partially located in San Benito. As of January 1, 2004, Kinder Morgan South Texas Pipeline, L.P. was merged into Kinder Morgan Tejas Pipeline, LP.

Previously, Tejas Gas Pipeline Company was converted into Tejas Gas Pipeline LLC, which in turn was converted into Tejas Gas Pipeline LP. This entity and Texas Gas Marketing LLC were also merged into Kinder Morgan Tejas Pipeline, LP.

Yours very truly,

Osborne J. Dykes, III

OJD/jag

cc:    Mr. Jeff Palmer (firm)

30665019.2

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

United States District Court
Southern District of Texas
FILED

JUN 3 0 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | |
| | § | |
| VS. | § | CIVIL NO. B-03-080 |
| | § | |
| TEJAS GAS PIPELINE CO., et al. | § | |

**PLAINTIFF'S EIGHTH AMENDED PETITION, PETITION FOR
DECLARATORY JUDGEMENT, REQUEST FOR INJUNCTIVE RELIEF
and REQUEST FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, the CITY OF SAN BENITO (hereinafter referred to as "Plaintiff"), demanding a trial by jury and complaining of the conduct of Defendants TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., CONOCO INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., AMOCO ENERGY TRADING CORP. (n/k/a BP ENERGY CO), BP ENERGY COMPANY, CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., ANADARKO ENERGY SERVICES CO., NATURAL GAS CLEARINGHOUSE, INC., GULF ENERGY MARKETING COMPANY, GULF ENERGY MARKETING, L.L.C., ARCO NATURAL GAS MARKETING, INC. (n/k/a VASTAR GAS MARKETING, INC.), VASTAR GAS MARKETING, INC., TEXACO EXPLORATION AND PRODUCTION, INC., TRANSCO PETRO SOURCE COMPANY (n/k/a TRANSCO P-S CO), CHEVRON U.S.A. INC., TOTAL E&P USA, INC (successor in interest to FINA), and UNION PACIFIC RESOURCES COMPANY (n/k/a ANADARKO E&P CO., LP) (hereinafter referred to as "the Defendants"), and would respectfully show this Court the following:

**I. PARTIES**

1.1    Plaintiff CITY OF SAN BENITO is a Texas municipal corporation, chartered as a home-rule city, located in and governing portions of Cameron County, Texas.

1.2    The "Defendants" are Defendants that have conducted or are conducting business in San Benito, Cameron County, Texas. Defendants were not served with citation but Defendants have made an appearance in this cause.

## II. JURISDICTION AND VENUE

2.1    Plaintiff's action against the Defendants is maintainable in Cameron County, Texas, in that one or more of these Defendants do, or have at all material times done, business in Cameron County, Texas.

2.2    Moreover, Plaintiff's causes of action, more particularly described below, arise from and are connected with Defendants' past business activities in Cameron County, Texas.

2.3    Specifically, Plaintiff's causes of action against Defendants involve torts and contractual and/or quasi-contractual acts committed by Defendants within Cameron County, Texas.

2.4    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that all or substantial portions of the events or omissions giving rise to Plaintiff's causes of action, as more specifically described herein, occurred or arose in Cameron County, Texas. Such actions violated local legislation enacted by the City of San Benito.

2.5    Plaintiff's causes of action against the Defendants are maintainable in Cameron County, Texas, in that venue in Cameron County, Texas, is proper as to one or more of the Defendants and to one or more of the causes of action asserted herein. Therefore, the Cameron County State District Court has venue of the remaining Defendants, as the claims or actions arise out of the same transactions, occurrences, or series of transactions or occurrences.

## III. FACTUAL BACKGROUND

3.1    The City of San Benito, by virtue of state law, its City Charter, and/or City statutes, is vested with the authority to protect and promote the safety and well being of its citizens. In furtherance of those vested duties, San Benito is responsible for collecting money for use of City streets, rights-of-way and any other city property to more fully discharge its responsibilities to its citizens. The streets, rights-of-way and other city property are valuable assets to the City of San Benito.

3.2    The Defendants described above are entities which engage in numerous types of business transactions and activities involving natural gas, including but not limited to buying, selling, marketing, trading, exchanging, transporting, delivering, gathering, processing, and storing natural gas, natural gas liquids in gaseous or liquid state, or the natural or synthetic equivalent thereof (hereafter "gas").

3.3    The gas is known by the Defendants to be dangerous, hazardous and/or extremely volatile. Further, the Defendants know, or should have known, that pipelines, like the pipelines used within the City of San Benito, by which the Defendants move their gas products to their intended destination, are prone to burst, break or otherwise rupture. With this knowledge, the Defendants have in the past and/or continue to make use of those pipelines located in city streets, rights-of-way and/or other city property of the City in furtherance of their business interests for profit; Such conduct poses a substantial and dangerous hazard to the City of San Benito, and its citizens.

3.4    The Defendants, acting singularly and/or in concert, are currently and/or have in the past engaged in one or more of the dangerous and/or hazardous gas operations and activities described herein without the consent, permission, franchise, or any other authorization from the City and/or in contravention of existing state constitutional and statutory provisions, the City Charter and/or local ordinances and other official acts of the governing bodies of the Plaintiff City. Further, the Defendants have profited by engaging in the business activities described herein by wrongfully making use of pipelines located within the streets, rights-of-way and other property of the City of San Benito.

3.5    Upon information and belief, the Defendants, collectively or singularly, currently use and/or have in the past used the streets, alleys, rights-of-way, or other public property owned or controlled by Plaintiff City to conduct all or some of the following activities within the incorporated city limits of the City:  (a) acquire, construct, maintain, own, use, and/or operate, in whole or in part, gas pipelines, including without limitation transmission, distribution, or gathering pipelines and appurtenant facilities, meters, city gates, plant gates, plant tailgates, outlet meters, accounting

meters, and/or other pipeline related facilities; (b) transfer, transport, deliver, or causes to be transported or delivered its own gas and/or gas liquids, or gas and/or gas liquids owned by any other person or entity whether affiliated or not affiliated with the Defendants; (c) market, trade, transfer, exchange and/or sell gas directly to commercial, residential, or industrial gas consumers; (d) market, trade, transfer, exchange and/or sell gas to electric utilities or other entities using gas for power generation; (e) market, trade, transfer, exchange and/or sell for resale gas to local distribution companies, gas marketers, transmission pipelines, gas gathering pipelines and/or gas re-sellers; (f) store gas; (g) gather gas; and/or (h) purchase or receive for transportation gas from any producing oil and/or gas well or from any gas gathering pipeline and/or from any other source.

3.6     Defendants know, or should have known, that to conduct the business activities described herein, they must make use of and/or operate pipelines located within the City streets, rights-of-way and other city property. San Benito does not now, nor ever has, consented to any such use without compliance with City statute and/or ordinances.

3.7     The very use and/or existence of Defendants' pipelines and/or business activities within the City streets, rights-of-way and other city property interferes with other business activities of the City. As stated herein, the City space that has been used or is being used by these very defendants (without proper payment or consent) could have been, or could be rented to other users willing to pay for such use. Because the Defendants have realized profits from their use of the City streets, rights-of-way and/or other city property, Defendants have actual knowledge of the value of said city property. Further, because these Defendants' understanding of their use of said city property without consent, authority or payment to the City for such use, they know that the property being used is extremely valuable, because they have made and/or are making a profit from such use. Because of the fixed existence of some or most of the Defendants inside and using City property without payment, the Defendants have actual knowledge that they are interfering with the City's ability to rent that space to others. By the Defendants knowing that they must use the streets of San Benito to make those profits, the Defendants know that the space being used is extremely valuable

not only to the City, but to them as well. The Defendants know: (1) that they have made money by using and/or operating pipelines located inside of the city streets without consent or payment for such use; (2) that they have used space located within City property that could have been rented to others; (3) that others are willing to pay for the type of use similar to the uses described herein; and (4) that their presence interfered with others willing to use that space in exchange for the appropriate payment. The Defendants conduct constitutes tortious interference with business relations because of their unauthorized past use of city property and/or existence within City property.

3.8    Defendants know that the above described business activities are dangerous and/or hazardous. Defendants know or should have known that conducting such dangerous and/or hazardous business activities in the City of San Benito causes the City to expend money in order to respond in the event of an emergency involving the Defendants' gas. The Defendants have never paid or otherwise compensated the City of San Benito for conducting their dangerous and/or hazardous business activities within the City.

3.9    Upon information and belief, none of the Defendants does now pay, nor has in the past, paid to the City of San Benito any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for the City's formal consent or formal authorization to conduct the dangerous and/or hazardous activities described herein, within San Benito' incorporated limits. Further, Defendants have failed to comply with existing city statutes and/or ordinances.

3.10    Upon information and belief, none of the Defendants does now pay, nor has in the past, paid to Plaintiff, any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for Plaintiff San Benito's formal authorization and/or formal consent to each Defendant for their past use and/or operation of pipelines located inside the city rights-of-way to conduct any of the above-described activities within the City's incorporated limits.

3.11    Upon information and belief, all of the Defendants have failed and continue to fail to file with the City Secretary of San Benito, annual sworn reports as required by existing city statutes and/or ordinances.

3.12    On June 25, 1941, the City of San Benito passed Ordinance No. 478, entitled "AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE PRIVILEGES OF USING, WITH THEIR NATURAL GAS AND AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN THE CORONATE LIMITS OF THE CITY OF SAN BENITO, TEXAS, PROVIDING THAT SUCH UTILITIES SHALL HAVE SEMI-ANNUAL IMPORTS; PROVIDING PENALTIES FOR THE VIOLATION HEREOF; REPEALING ALL LAWS IN CONFLICT HEREWITH; AND DECLARING AN EMERGENCY." The Ordinance has not been repealed, withdrawn and/or superceded. The Ordinance provides in relevant part:

> That all persons and corporations **using and maintaining** any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas, shall within thirty (30) days after the 30th day of September and the 31st day of March of each year file with the City Secretary a report sworn to by the auditor of such person or corporation showing the gross receipts derived from the sale by gas utilities of natural gas sold for heat, power or other purposes from consumer of such natural gas located within and using such natural gas within the corporate limits or the City of San Benito, Texas, for the six (6) months proceeding each of said dates."

> \* \* \*

> That upon the 1st day of November and the 1st day of May for each year, hereafter, every person or corporation **using** the streets, highways, alleys, parks or other public places within the City of San Benito, Texas, with main and/or auxiliary lines, fixtures and appurtenances **for the sale and distribution of natural gas to consumers,** shall pay to the City of San Benito, Texas a rental equal to two percent (2%) of the gross receipts received by such other person or corporation from its sale for heat, power and/or other purposes derived from consumers of such natural gas located within and using within the corporate limits of the City of San Benito, Texas, for the six (6) months proceeding September 30th, and March 31st, of each year, which sum shall be paid to the Tax Collector of the City of San Benito, Texas, who shall thereupon deliver to the person or corporation paying the same a receipt for the amount so paid as rental."

3.13   Furthermore, the City of San Benito has evidence that most and/or all of the Defendants sold natural gas at the La Palma Power Plant, once owned by Central Power & Light, which is located inside the city limits of San Benito at all relevant times, demonstrated by excerpts from records maintained by the Public Utility Commission of Texas ("PUC") and the Federal Energy Regulatory Commission ("FERC"). Owners of power plants like the La Palma Plant are required to file Monthly Fuel Purchase Reports with the PUC and FORM 423 with FERC. These reports, which are of public record, show how much gas was burned and consumed at the power plant to generate electricity, as well as the source of that natural gas supply. Some of the sources of that natural gas consumed at the La Palma Power Plant are the Defendants in this action. The power plant is a gas fired power plant that is used to generate electricity for heat, power and other purposes. All of the Defendants' gas sales at the power plant were metered or otherwise measured at the La Palma Power Plant ("power plant").

3.14   Ordinance No. 478 described above states that all persons and corporations using and maintaining pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,… within the City of San Benito…, with main and/or auxiliary lines… for the sale and distribution of natural gas to consumers shall pay 2% of the gross receipts received by such person or corporation from its sale of natural gas for heat, power and for other purposes…" None of the Defendants has/have reported its gross receipts or paid the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant; Such actions violate Ordinance No. 478 for which San Benito now sues for damages.

3.15   All of the Defendants and/or their affiliates that sold gas at the power plant, and possibly to other entities, must use pipelines located in the streets and other public places of San Benito to make those gas sales. If the pipelines did not exist, the Defendants could not have made money by selling gas at the power plant. Furthermore, natural gas is a fungible product that cannot be separated and attributed to each of the gas selling defendants, or separated from the natural gas inside of the

pipelines that is sold by the company that owns the pipeline. Hence, each natural gas selling Defendant used the pipelines located in the streets and other public places of the City of San Benito to sell natural gas to the power plant. At the time of each Defendants natural gas sales at the power plant, each of the Defendants were in control of the pipelines that serve the power plant. None of the Defendants have paid the City of San Benito for such indirect use of its streets. Each of the gas selling Defendants used the streets with main and/or auxiliary lines for the sale and distribution of natural gas to at least one industrial and/or residential consumer of natural gas (the power plant) without paying for the right to use the streets by way of the 2% gross receipts street rental fee or tax; Such action violates Ordinance No. 478.

3.16    The City of San Benito also alleges that similar gas sales have taken place by some of the Defendants at the Local Distribution Companies' city gate meters, and at farm taps located along the pipelines. The city gate meters are located within the City of San Benito's city limits; Such actions would also be in violation of Ordinance No. 478.

3.17    The causes of action set forth below are based on any of these activities having occurred without any required payment and/or formal consent, authorization, or franchise; and by this pleading, Plaintiff San Benito seeks compensation for all such past and future activities and all other legal and equitable relief and damages which Plaintiff San Benito is entitled to recover.

## IV.  CAUSES OF ACTION

### Violation of City Charter and/or City Statutes

4.1    The preceding factual statements and allegations are incorporated by reference herein.

4.2    Defendants have wholly and/or partially failed to comply with the street rental ordinance duly enacted by San Benito. The Texas Supreme Court has upheld and sustained the right of cities to fix a rental charge for the use of its streets and other public places by gas companies and other utilities which carry on a local business. See Fleming v. Houston Lighting & Power Co., 138 S.W.2d 520 (Tex. 1940). Moreover, Plaintiff San Benito had in place a prior franchise agreement under

which Defendants may be obligated to make payments, and with which they have failed to comply. As a result, Plaintiff San Benito has suffered damages.

### Removal of Purpresture

4.3    The preceding factual statements and allegations are incorporated by reference herein.

4.4    As to the Defendants that own the pipeline(s) at the power plant, their conduct constitutes a purpresture upon public property and public rights-of-way, for which Plaintiff is entitled to injunctive relief.

### Unjust Enrichment/Quantum Meruit

4.5    The preceding factual statements and allegations are incorporated by reference herein.

4.6    Defendants have been unjustly enriched by their conduct, in that valuable services and/or materials were furnished to and accepted, used, and enjoyed by Defendants under such circumstances as reasonably notified Defendants that Plaintiff expected to be paid for such services and/or materials (use of pipelines located within the city streets. Plaintiff is entitled to recover from Defendants under the equitable theory of quantum meruit.

### Trespass

4.7    The preceding factual statements and allegations are incorporated by reference herein.

4.8    Defendants' conduct constitutes a trespass on municipal property.

### Wrongful Appropriation and/or Pernance of Profits

4.9    The preceding factual statements and allegations are incorporated by reference herein.

4.10    The Defendants know that in order to engage in the dangerous and/or hazardous business activities described herein, they had to use and/or must use city streets, rights-of-way and other city property to conduct their business transactions. In their conduct, Defendants have realized profits, at the expense of San Benito. None of the Defendants have had or have any formal permission or authority from the City to engage in such use of pipelines located inside of the city streets, rights-of-way and other city property. Defendants' conduct constitutes a wrongful appropriation of city

streets, rights-of-way and other city property in violation of the City Charter, City statutes, and/or other state laws.

4.11    The Defendants have used valuable space within the City streets, rights-of-way and/or other City property, without paying the City for any such use.  The City could be collecting rental fees from the very space that was used and/or being used by the Defendants that own the pipeline(s), but cannot because of the existence of the Defendants unauthorized business activities within that space. The books and ledgers of the Defendants regarding all business transactions and operations within the City of San Benito should show just how valuable the space has been and continues to be to the Defendants.  This conduct by the Defendants constitutes not only wrongful appropriation, but also constitutes pernancy (taking of profits).

4.12    All such conduct by the Defendants has harmed and continues to harm Plaintiff, for which Plaintiff is entitled to all just relief.

### Tortious Interference

4.13    The preceding factual statements and allegations are incorporated herein by reference.

4.14    The Defendants past business activities and existence within the City's property constitutes tortious interference with the City's ability to rent the City space being used by the Defendants to others willing to pay for such use.  The Defendants know that they have used valuable city assets without proper authorization and payment to the City for such use, for their very own profit, because the Defendants must use City property or pipelines within City property to move their product.  The Defendants have profited from such use.  The Defendants also know that others are willing to pay for use of City property.  Knowing that others are willing to pay for use of City property, while using the City property without payment or authorization from the City, constitutes tortious interference with the City's ability to rent the very space that was used and/or being used by these Defendants.

### Declaratory Relief

4.15    The preceding factual statements and allegations are incorporated by reference herein.

4.16    Pursuant to Section 37.001, et. seq. of the Texas Civil Practice & Remedies Code, Plaintiff are entitled to judgment from this Court declaring the rights, status, and legal relationship between and among Plaintiff and the Defendants with respect to the Defendants' withholding of proper compensation due and owing to the Plaintiff; and judgment declaring that Plaintiff is entitled to compensation for Defendants' unauthorized and ultra vires acts and trespasses that were not authorized; and judgment declaring that Plaintiff is entitled to compensation under the applicable city ordinances and/or statutes for Defendants' acts, omissions and trespasses.

4.17    Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in obtaining declaratory judgment relief pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code.

### Negligence/Negligence Per Se

4.18    The preceding factual statements and allegations are incorporated by reference herein.

4.19    Defendants' conduct constitutes negligence, in that Defendants breached their duty to Plaintiff to act with reasonable care, and said breach proximately caused Plaintiff harm.

4.20    Defendants' conduct constitutes negligence per se, in that Defendants violated one or more local ordinances, state statutes, and/or state constitutional provisions which establish statutory standards of conduct of a reasonably prudent person--and said violations proximately caused Plaintiff's damage.

### Audit/ Accounting

4.21    The preceding factual statements and allegations are incorporated by reference herein.

4.22    Plaintiff is entitled to an audit and accounting of Defendants' business activities within Plaintiff's corporate limits.

### Exemplary Damages

4.23    The preceding factual statements and allegations are incorporated by reference herein.

4.24    Plaintiff seeks to recover exemplary damages based on the fraudulent, malicious, and intentional conduct of the Defendants and Defendants' knowing disregard for the rights of Plaintiff in an amount to be determined by the trier of fact.

### Injunctive Relief

4.25    The preceding factual statements and allegations are incorporated by reference herein.

4.26    Plaintiff has a vested legal right to audit the requested books and records of the Defendants as described herein. Plaintiff's right to audit these books and records is in imminent danger of harm and/or damage. If Defendants destroy, alter, or remove these records from their presently unknown location, Plaintiff's right to audit them will be irreparably harmed, and there will be no adequate remedy at law for Plaintiff. If these records are removed, altered, or destroyed, it will be impossible to accurately measure, in monetary terms, all of the damages caused by Defendants' conduct, and there exists the probability that Defendants would not be able to adequately compensate the Plaintiffs.   Alternatively, Plaintiff has the right to have any and all pipelines and/or facilities of Plaintiff removed from within City rights of way and within City limits.

### Attorneys' Fees

4.27    The preceding factual statements and allegations are incorporated by reference herein.

4.28    Plaintiff has been required to retain the undersigned counsel to institute and prosecute this action and any appeals that may flow from this litigation.  Plaintiff has presented its claim and demand to Defendants for payment, which has not been paid. Plaintiff is entitled to their reasonable and necessary attorney fees and hereby sue for same pursuant to Section 38.001, et. seq. and Section 37.009 of the Texas Civil Practice & Remedies Code.

### Request for Jury

4.29    Plaintiff requests a jury trial. The appropriate fee has been paid.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for the following relief:

1.    A declaration that the Plaintiff's representatives be legally entitled to perform an accounting of the books and records of the Defendants pursuant to state statute;

2.    An order for an accounting, giving the Plaintiff's representatives access to Defendants' books and records relating to sales and the collection of revenues for all sales of natural gas through the use of city rights-of-way from January 1, 1942, to the present and specifying a date, time, and location for the accounting;

3.    A temporary injunction be issued, after notice to Defendants and an evidentiary hearing, restraining Defendants, their agents, servants, employees, and attorneys, from: (a) directly or indirectly removing, altering, and/or destroying Defendants' records relating to Defendants' sales of natural gas through the use of the cities' rights-of-way, from January 1, 1942, to the present; (b) interfering with Plaintiff and their authorized representative's right to audit Defendants' books and records relating to Defendants' collection of revenues for the sale of natural gas through the use of the city's rights-of-way from January 1, 1942, to the present; (c) denying access of Plaintiff or their authorized representative to all the books and records as requested by Plaintiff in whatever form available including original documents, copies, computer information, and/or microfiche; (d) denying access to Plaintiff or their authorized representative to make photocopies of the information provided as needed;

4.    Pre-judgment interest as provided by law at the highest legal rate;

5.    Judgment in an amount which exceeds the minimal jurisdictional limits of the court for damages on all causes of action, including exemplary damages, asserted above;

6.    Interest on judgment at the highest legal rate until paid;

7.    Declaratory judgment construing the payment obligations and responsibilities of the parties;

8.    That Plaintiff be awarded reasonable attorneys' fees, expert fees and costs under Texas law;

9.    That Plaintiff be granted such other and further relief to which it may be justly entitled.

Respectfully submitted,


**ADAM PONCIO**
State Bar No. 16109800
**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on this _99_ day of June, 2004, forwarded a true and correct copy

of the above document to all counsel of record:

Frances I. Gandy                              **VIA FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                  **VIA FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                         **VIA FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                **VIA FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Mr. David Van Susteren                        **VIA FIRST CLASS MAIL**
1301 McKinney, Suite 5100
Houston, TX 77010

Randy Beevis                                  **VIA FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

Ms. Jerry K. Clements                         **VIA FIRST CLASS MAIL**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

J.D. Page                                     **VIA FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                **VIA FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Plaintiff's Eighth Amended Petition
Page 15

Rene G. Oliveira                                    **VIA FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan                                     **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**