**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL,** | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S RESPONSE TO PENNZOIL GAS MARKETING
COMPANY'S FURTHER MOTION TO DISMISS AND RESPONSE TO THE
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito, Plaintiff in the above entitled and numbered cause, and files its Response to Pennzoil Gas Marketing Company's Further Motion to Dismiss and Response to Plaintiff's Motion for Protective Order, and in support thereof, would show the Court the following:

1. This is a suit involving Defendant's failure to pay for use of City property and/or rights of way. The Court should note that the Plaintiff did not join Defendants in the litigation. Initially the matter was a class action pending and resolved in Cameron County. After resolution of the class action, Plaintiff filed an Amended Petition naming Defendants and informing the Defendants that they had not been served, in an attempt to resolve the matters without litigation. Defendants voluntarily filed answers and joined in the litigation without having been served. The basis of this litigation was the ordinance, which does not expressly require pipeline ownership for application of the Ordinance.

2. In 1941, the City of San Benito passed ordinance No. 478, which is described in detail and attached to the Plaintiff's Eighth Amended Original Petition, Petition for Declaratory

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 1

Judgment, Request for Injunctive Relief, and Request for Jury Trial, which is incorporated herein by reference as if stated in the verbatim. In summary, Ordinance No. 478 states that all persons and corporations using and maintaining pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% for the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." None of the defendants in this matter has paid the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

3.  Defendant PENNZOIL Gas Marketing Company, herein referred to as PENNZOIL in its Further Motion To Dismiss alleges that Plaintiff failed to timely comply with the Court's June 16th Order (attached hereto as Exhibit "A"). Plaintiff directly opposes and controverts PENNZOIL'S position that Plaintiff did not *"...provide any information to Pennzoil regarding its alleged liability until July 26, at which time the Plaintiff sent Pennzoil about 700 pages of documents."* [emphasis added]. Plaintiff would show the Court that on March 2, 2004, when it responded to Defendant Gulf Coast Energy, Inc.'s Interrogatories, Request For Admissions and Requests for Production, the letter accompanying such responses directed to Francis I. Gandy, Jr., counsel for Gulf Coast Energy, Inc., contained the following language: *"Please be informed that counsel of record is not being copied on the documentation, but may have a copy of same upon written request and payment of $1.00 per page"*, *a reasonable charge for such copying* [emphasis added]. Plaintiff never received nor has no record of any written request from Defendant requesting such documentation ( A copy of such letter is attached hereto as Exhibit "B"). Plaintiff, therefore, presumed that

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 2

Defendant did not desire nor was requesting such records. When counsel for PENNZOIL finally contacted Plaintiff's counsel requesting copies of the documents, they were promptly sent, without charge. Plaintiff contends that it is in full compliance with this provision of the Court's conditional Order of June 16, 2004. Plaintiff further stipulated by letter dated June 30, 2004, as was required by the Court's order, that it did not currently have evidence of pipeline ownership by any Defendant, other than TEJAS GAS PIPELINE COMPANY and its former, successor, related and/or merged entities, of pipeline ownership, subject to further discovery(See letter attached hereto as Exhibit "C").

4.    PENNZOIL'S second point alleges that *"The Plaintiff failed to comply with the Court's Order that the plaintiff must file an amended complaint concisely and unambiguously setting out any theory of liability other than pipeline ownership."* [emphasis added]. Plaintiff would show the Court that it did indeed timely amend its complaint wherein it is specifically alleged that ownership is not necessary for liability under the City of San Benito Ordinance No. 478. Plaintiff further stipulated by letter dated June 30, 2004, that it did not currently have evidence of pipeline ownership by any Defendant, other than TEJAS GAS PIPELINE COMPANY and its former, successor, related and/or merged entities, of pipeline ownership, subject to further discovery. Exclusion of any claim against PENNZOIL until the Plaintiff is allowed to further conduct discovery is certainly premature. Ordinance No. 478 is the very foundation for which Plaintiff sues. However, due to the lack of proper responses to discovery by Defendant, Plaintiff is unable to fully obtain discovery regarding Defendant's use and/or maintenance of lines for sales within the City. Defendant has wholly failed to comply with the discovery requested by Plaintiff and is attempting to use its failure to respond as both "a sword and shield" to support its request for dismissal. Plaintiff contends that it is in full compliance with this provision of the Court's conditional Order of

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 3

June 16, 2004.

5.    All other matters contained in PENNZOIL'S Further Motion to Dismiss are repetitive, superfluous, and intended for no other reason than to attempt to further persuade this Court to dismiss PENNZOIL as a Defendant, without the benefit of properly responding to and/or conducting written and/or oral discovery. By Defendant's own admission, Plaintiff provided what PENNZOIL states amounts to 8 pages of documents relevant to Plaintiff's claims against PENNZOIL in this case. To dismiss this Defendant at this premature juncture, would amount to a summary judgment and miscarriage of justice, rewarding Defendant for its failure to properly respond to Plaintiff's discovery requests.

6.    Items numbered 6, 7 and 8 in Defendant's motion are not required as conditions of the Court's June 16th Order. Defendant PENNZOIL is only again attempting to unduly prejudice the Plaintiff by making allegations and accusations that it has no idea what claims are being brought against it, or why.   The claims set out against Defendant are particularized in the amended petition filed by Plaintiff. PENNZOIL is attempting to use this Honorable Court to circumvent and/or abuse the discovery process. Plaintiff served its discovery requests on Defendant PENNZOIL and was met with a Motion to Quash (See discovery requests, including request for production and request for admissions, previously served on Defendant and attached hereto as Exhibit "D"). Defendant failed to respond to discovery directly relevant to discovery served by Defendant on Plaintiff. Nevertheless, this Defendant uses the Court's June 16th Order to its own benefit by stating that the Court did not stay discovery, but Ordered disclosure. Plaintiff believes it has met the Court's conditional Order in every respect. Plaintiff contends that outside the scope of the 4 provisions applicable to it in the June 16th Order, voiding the scheduling order was meant to stay discovery until the Court's final ruling and entry of an amended scheduling order in this matter.   Thus, Plaintiff

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 4

previously filed its Motion for Protective Order (See Motion attached hereto as Exhibit "E").

7.  Plaintiff would respectfully show this Honorable Court that it has in good faith, met each and every requirement Ordered by this Court on June 16, 2004. Plaintiff has never acted in bad faith in this matter, nor has it acted with indifference to this matter or to this court's order. Plaintiff further re-urges its Motion for Protective Order until such time as the Court issues its final ruling and a new scheduling Order is entered and full discovery may continue.

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 5

Respectfully submitted,

**ADAM PONCIO**
**State Bar No. 16109800**
**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**
**924 McCullough Ave.**
**San Antonio, Texas 78215-1642**
**Telephone (210) 212-7979**
**Facsimile  (210) 212-5880**

**ATTORNEY FOR PLAINTIFF**

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 6

STATE OF TEXAS §

COUNTY OF BEXAR §

BEFORE ME, the undersigned authority, on this day, personally appeared ADAM PONCIO. who, upon being by me duly sworn, on his oath, deposes and states the following:

"My name is ADAM PONCIO.   I am over the age of twenty one years, competent to make this affidavit and have personal knowledge of the facts contained in the above and foregoing motion to reconsider.

"I am one of the attorneys of record for the City of San Benito in the above entitled and numbered cause.  The statements and allegations contained in the above and foregoing Response are true and correct.

"Further affiant sayeth not."

_____
ADAM PONCIO

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, this _10th_ day of August, 2004.

_____
Notary Public, State of Texas

**DOROTHY HEARNE**
Notary Public, State of Texas
My Commission Expires
**February 27, 2006**

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 9

## CERTIFICATE OF SERVICE

I do hereby certify that on this 10th day of August, 2004, forwarded a true and correct copy of the above document to all counsel of record:

Frances I. Gandy                                          **VIA FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                             **VIA FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III                                    **VIA FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                           **VIA FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Mr. David Van Susteren                                   **VIA FIRST CLASS MAIL**
1301 McKinney, Suite 5100
Houston, TX 77010

Randy Beevis                                             **VIA FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

Ms. Jerry K. Clements                                    **VIA FIRST CLASS MAIL**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

J.D. Page                                                **VIA FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                           **VIA FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 7

600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                           **VIA FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan                            **VIA FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247

Mr. Ramon Garcia                           **VIA FIRST CLASS MAIL**
Mr. Oscar R. Alvarez
222 W. University Dr.
Edinburg, Texas 78539


_____
**ADAM PONCIO**

The City of San Benito's Response to Pennzoil Gas Marketing Company's
Further Motion to Dismiss and Response to the Plaintiff's
Motion for Protective Order
Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

JUN 1 6 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CITY OF SAN BENITO | § | |
| | § | |
| VS. | § | CIVIL NO. B-03-080 |
| | § | |
| TEJAS GAS PIPELINE CO. ET AL. | § | |

## ORDER

Pending is the plaintiff's Motion for Reconsideration, <u>Docket No. 66</u>, of this court's March 18, 2004 order of dismissal and judgment in favor of defendants Tejas Gas Pipeline Co., Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Mktg, L.L.C., Gulf Energy Mktg. Co., Gulf Energy Mktg. L.L.C., Coral Energy Servs. L.L.C., Coral Energy Resources L.P., Shell Gas Trading Co., Conoco, Inc., Total E&P USA, Inc. (successor in interest to FINA), Union Pacific Resources Co. (n/k/a Anadarko E&P Co. LP), Natural Gas Clearinghouse, Inc., Anadarko Energy Servs. Co., Texaco Gas Mktg., Inc., Texaco Natural Gas, Inc., Chevron U.S.A., Inc., Texaco Exploration and Production, Inc., BP Energy Co., Amoco Energy Trading Corp. (n/k/a BP Energy Co.), Arco Natural Gas Mktg, Inc. (n/k/a Vastar Gas Mktg., Inc.), Vastar Gas Mktg., Inc., and Transco Petro Source Co. (n/k/a Transco P-S Co.). As a basis for this Order, the plaintiff claims its total failure to follow the rules of this court was the result of an "accident or mistake." As set forth below, the court conditionally grants the plaintiff's motion.

## I.    PROCEDURAL POSTURE

As the Federal Rules of Civil Procedure do not provide for a "motion for reconsideration" per se, the court must first decide what procedural rule controls the plaintiff's motion before considering its substance. The plaintiff does not invoke any specific rule in its request for relief.

The court perceives two options as to how it can catagorize plaintiff's motion. It could construe plaintiff's motion as one for new trial under FED. R. CIV. P. 59 or as a motion filed pursuant to FED. R. CIV. P. 60(b).

But for when it was filed, the plaintiff's motion might appropriately considered a "motion for new trial" under Rule 59. The court's order of dismissal and entry of judgment in favor of specified defendants was entered on March 18, 2004. Plaintiff's motion was filed on April 2, 2004—more than ten days after the entry of the judgment. Accordingly, the plaintiff's motion for reconsideration was not sufficiently timely to be considered as one for new trial. FED. R. CIV. P. 59(b) (specifying that motions for new trial "shall be filed no later than 10 days after entry of the judgment").

The other rule under which the court could consider this motion is under FED. R. CIV. P. 60(b), which, of course, allows relief from an order or judgment due to mistake, inadvertence or excusable neglect. The rule provides for an outside deadline of one year for such a motion and sets as a standard that it must be filed within a "reasonable time." Given the language employed by the plaintiff in its motion for reconsideration and the timing (or lack thereof) of the filing of its motion, the court will consider the pending motion pursuant to Rule 60(b). Relief under Rule 60(b) lies within the sound discretion of the trial court. Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir.2001). Similarly, a court's enforcement of a scheduling order and the local rules—both of which are at relevant to plaintiff's request for reconsideration—are also reviewed under an abuse of discretion standard. Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990).

2

## II.   DISCUSSION

### A.   Grounds Asserted In Support of Reconsideration

The excuses given for plaintiff's "mistake, inadvertence, surprise, or excusable neglect" are multiple, but this court has heard better excuses for lost homework from elementary school children. The most plausible of plaintiff's excuses concerns the bankruptcy of Southern Gas Pipeline Company. However, plaintiff's excuse is not supported by well-settled bankruptcy law. Bankruptcy stays under 11 U.S.C. § 362 do not generally halt the litigation as to other litigants. Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001); Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1147-48 (5th Cir. 1987). Moreover, the Fifth Circuit has already characterized the contention that a debtor subject to a § 362 stay must be severed in order for litigation to continue against the non-bankrupt defendants as "border[ing] on frivolousness." GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985). Counsel's unfounded legal assumptions hardly constitute grounds for reconsideration. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998); Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985). The court also deems it significant that the "bankrupt party" has never been served nor has it appeared in this lawsuit.

Counsel's less credible excuses were that he had scheduling and vacation conflicts. He writes that he "was scheduled for a spring break vacation out of state from March 13 to March 19, 2004" and that he was in an arbitration from February 23 to March 1, 2004, and that the week prior he was getting ready for the arbitration and that after March 1, 2004, he had a variety of mediations and depositions.

Initially, this court notes that the foregoing recitation is factually no excuse for the lack of cooperation in this case. The discovery about which the defendants' motions urging dismissal

3

revolve was ordered on October 27, 2003—literally months before this court's order and judgment

of March 18, 2004. Also at that same hearing, this court instructed all attorneys to respond to all

motions pursuant to Local Rule 7.4 and even went well beyond the norm and told all counsel:

> And then secondly, I do consider—and the local rules provide for this . . . I do
> consider <u>an unresponded to motion as being unopposed. So if somebody files a
> motion and you don't like it, you'd better respond to it, because otherwise I'm going
> to grant it.</u>[1]

<u>Docket No. 44</u> at 37 (transcript of October 27, 2003 hearing) (emphasis added). However, even if

plaintiff's counsel's scheduling excuses were factually more substantive, they would not be grounds

for excusable neglect under the governing legal standards. Conflicting personal and professional

obligations do not constitute excusable neglect. <u>McKenzie v. Principi</u>, No. 03-30653, 2003 WL

22964867, at *1-2 (5th Cir. Dec. 16, 2003) (per curiam) (unpublished opinion); <u>Prior Products v.

Southwest Wheel-NCL, Co.</u>, 805 F.2d 543, 546 (5th Cir. 1986).

Counsel's reliance on the court's scheduling order, <u>Docket No. 38</u>, is also without merit. The

scheduling order's provision to the effect that the court would not consider a motion for summary

judgment prior to April 30, 2004 was based upon both sides producing the ordered discovery, which,

to date, the plaintiff has refused to produce. The scheduling order contemplated motions on the

merits and was designed to give the parties adequate time and means to either make or respond to

those types of motions. The court's order of dismissal and judgment in favor of specified defendants

was not initiated by way of summary judgment motions, but rather was premised on plaintiff's

---

[1] Plaintiff's current motion for reconsideration also fails to follow the court's immediately preceding admonition regarding certificates of conference. <u>See</u> <u>Docket No. 44</u> at 37 (noting that no motion will be granted without a proper certificate of conference). However, given the nature of plaintiff's instant motion, the court feels that it falls into the same category as a summary judgment motion, which is presumed to be opposed. LOCAL RULE 7.1(D).

4

failure to comply with the court's orders, including the scheduling order, and various procedural rules. The plaintiff cannot simultaneously flout court-ordered discovery and then try to wield the same order as a shield.

### B.    Appropriate Sanctions

In its motion for reconsideration, the plaintiff also asks this court to consider lesser sanctions (i.e., some sanction less than dismissal with prejudice). The appropriate time to debate the merits of defendants' motions for dismissal was when their motions were filed. LOCAL RULE 7.4. This local rule—the very rule that the court highlighted for all the parties at the October 27, 2003 hearing—states "failure to respond will be taken as a <u>representation of no opposition</u>" (emphasis added). Thus, at the time the motions were considered, the plaintiff had <u>no</u> opposition on record to the proposed dismissal. The only question left before this court is why the plaintiff's hitherto unannounced opposition should be considered at this juncture.

The rules seem clear. Rule 41(b) contemplates dismissal with prejudice under the instant circumstances. <u>See</u> FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant."). The phrasing "any order" conveys the impression that a single instance of noncompliance could properly result in dismissal. Similarly, "a federal district court possesses the inherent authority to dismiss an action for want of prosecution." <u>Gonzalez v. Firestone Tire & Rubber Co.</u>, 610 F.2d 241, 247 (5th Cir. 1980). In addition, other relevant procedural rules also provide for dismissal as a sanction for failure to abide by scheduling orders or court-ordered discovery. FED. R. CIV. P. 16(f), 37(b)(2)(C). The aforementioned local rule effectively add failure to respond to a motion to dismiss as an additional ground for dismissal. <u>See</u> LOCAL RULE 7.4.

5

Nevertheless, the Fifth Circuit seems to have restricted the application of Rule 41(b) and the other rules, as well as the inherent authority of district courts, to far narrower circumstances than the rules' language or the general statement of the courts' inherent authority might otherwise indicate. Although such orders of dismissal are purportedly reviewed under an abuse of discretion standard, dismissal with prejudice is generally considered an abuse of discretion in the absence of certain factors on account of the due process concerns implicated by involuntary adjudication on other than the merits. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Riggs v. City of Pearland, 177 F.R.D. 395, 401 (S.D. Tex. 1997). Ordinarily, dismissal with prejudice must be made with reference to five distinct considerations, namely whether: (1) the noncompliance at issue was wilful or in bad faith; (2) it was accompanied by an unambiguous record of delay or renitency; (3) the conduct is attributable not only to the attorney but to the client as well; (4) the conduct resulted in substantial prejudice to the opposing parties; and (5) the record indicates that lesser sanctions were considered but rejected as being inadequate as a deterrent. Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990). However, these are merely "general principles" and "the facts of each case largely determine the appropriateness of dismissal." Brinkmann, 813 F.2d at 749. Not all of the foregoing factors need be present in order for dismissal to be warranted. See Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam) ("[M]ost of the cases affirming dismissals with prejudice have involved the presence of one or more of three 'aggravating factors': (1) delay attributable directly to the plaintiff rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct.") (emphasis added). However, dismissal is reserved for "the most egregious circumstances." Id. (internal quotation marks omitted).

6

If the record in this case in any way presents a close call, it is only because prior precedent sets a very high standard where an involuntary dismissal with prejudice is concerned. When viewed in context, plaintiff's failings thus far are substantial. Nonetheless, they are probably not sufficient to warrant dismissal with prejudice under the stringent governing legal standard. The relevant factual context for considering whether dismissal with prejudice was too harsh a sanction is elaborated below.

This case was removed to this Court on April 30, 2003. Docket No. 1; however, the litigation had already been pending in state court for some time. The plaintiff's most recent state court petition, the Seventh Amended Petition, was filed on March 14, 2003. Id. at Exhibit 22. It is unclear when this suit was initially filed in state court, but it dates from at least May of 2000. Id. at Exhibit 1. The earliest version of the petition in the record, the Fourth Amended Petition, dates from May 8, 2001, but does not appear to include any of the present defendants.[2] Id. at Exhibit 12. Although there are some differences in the parties named in each petition, almost forty (of the over sixty) defendants named in the Seventh Amended Petition were listed as defendants in the Fifth Amended Petition, which was filed on January 8, 2002. Id. at Exhibits 18, 22. The defendants in the instant suit were never served with process, however, and only became aware of its existence when the plaintiff informed them about it by letter at some imprecisely identified subsequent point in time.[3] Docket No. 44 at 5, 14.

---

[2] The record is not entirely clear on this point, as the second page of the referenced exhibit is blank. Whether this is by design or accident is not clear. It may be that additional parties, including some of the instant defendants, appear on this page in the original.

[3] Of course, there was substantial delay in bringing this lawsuit as well. The plaintiff appears to believe that its cause of action dates back to the 1940s. See Docket No. 72 at Exhibit A (San Benito's requests for production seeking documents from 1941 to present).

7

Quite apart from plaintiff's aforementioned noncompliance with the court's orders, more than one opposing counsel has indicated that counsel for plaintiff has been unresponsive to general inquiries and discovery. Counsel for plaintiff disputes this. See Docket No. 66 at 3 (stating that documents concerning gas sales within the city limits of San Benito "were produced and/or were made available for inspection and copying" and averring that no defendant "has contacted Plaintiff's counsel to obtain a copy of the documents available"). In some measure, the parties may simply be talking past one another (i.e., the defendants are referring to documents pertinent to pipeline ownership while the plaintiff is referencing documents concerning sales of gas). See, e.g., Docket No. 70 at 3-4, 7-8 (defendant Pennzoil's uncontested contention that no documents pertaining to pipeline ownership have been produced). However, defense counsel have complained not just of nonresponsiveness (i.e., answers that fail to genuinely respond to the query posed), but also outright unresponsiveness (i.e., failure to respond to queries altogether). Docket No. 72 at Exhibit D (apparently unanswered correspondence concerning pipeline ownership and possible dismissal); Docket No. 73 at 3 (stating that correspondence early in the litigation went unanswered). In addition, at least one defendant claims that the plaintiff has failed to make any documents available. See Docket No. 70 at 8 ("Even as to the alleged sale of gas—the only issue which San Benito now wants to discuss, San Benito has not produced any documents or any meaningful information.").

Although such accusations might ordinarily be discounted in litigation,[4] other facts render these complaints unusually credible. Plaintiff's counsel has more than once failed to return phone calls concerning opposition to motions filed by opposing counsel. Docket No. 60 at 4; Docket No.

---

[4] Indeed, in the two years this judge has been on the bench, this court has not yet felt the need to sanction any lawyer or party appearing before it, notwithstanding multiple requests.

65 at 1; Docket No. 69 at 2. In addition, counsel for several defendants has never been properly served with multiple filings in violation of FED. R. CIV. P. 5. Docket No. 73 at 2-3. Under the Guidelines for Professional Conduct in this District, counsel have a duty to punctually communicate and cooperate with opposing counsel when possible. LOCAL RULES APPENDIX D.[5] Such communication and cooperation appears to be lacking in this case where plaintiff's counsel is concerned.

The foregoing background is the relevant backdrop in which the court's prior order of dismissal and judgment and the plaintiff's present motion for reconsideration should be viewed. The dismissal with prejudice was premised on: (1) the plaintiff's failure to provide the threshold discovery ordered by this court; (2) the plaintiff's failure to respond to the defendants' motions to dismiss; and (3) the plaintiff's failure to comply with the local rules of the Southern District of Texas. There is an unambiguous record of delay in this case. This case was pending against nearly forty of the present defendants in state court for over two years before they were even apprised of its existence. Now, over a year after the case was removed, no meaningful discovery has taken place. Cf. Gonzalez, 610 F.2d at 247 (finding abuse of discretion for dismissal where the record did not indicate "any significant period of inactivity"). Although plaintiff's counsel offers various excuses for the failures that finally resulted in dismissal, he does not actually claim to have been unaware of defendants' motions to dismiss. See Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1168 (5th Cir. 1980) (party offered no explanation for failure to prosecute and did not claim to have been

---

[5] Multiple sections of APPENDIX D are relevant. For example, section C states that "[a] lawyer owes, to opposing counsel, a duty of courtesy and cooperation," while section I requires "punctual[ity] in communication with others" and admonishes against "neglect and tardiness." Finally, section J requires attorneys not to unreasonably refuse to cooperate with "a just request for cooperation."

ignorant of hearing, deposition, and correspondence that was neglected). Counsel for plaintiff was undeniably aware of the court-ordered discovery, and he was equally aware of the fact that the discovery in question was considered the threshold issue in this litigation. See Brinkmann, 813 F.2d at 749 ("The court's . . . order could not have been more clear and unequivocal, and [the plaintiff] never claims that it confused him."). Moreover, the court flatly stated during the October 27, 2003 hearing that it would consider failure to respond to motions to be an indication that there was no opposition. Docket No. 44 at 37; cf. Brinkmann, 813 F.2d at 750 ("The . . . order warned that failure to timely comply with it would result in dismissal."). Given the parties' apparent agreement that pipeline ownership was the threshold issue during the aforesaid hearing, it was not at all unreasonable for the court to assume that the plaintiff was, in fact, unopposed to dismissal after having failed to produce any evidence of pipeline ownership. See infra Part II.C. (concerning the consensus that pipeline ownership was the threshold issue).

However, a clear record of delay standing alone may not always be sufficient to warrant dismissal with prejudice. Callip, 757 F.2d at 1521. Moreover, a fairly long line of cases indicates that "noncompliance with two or three orders or rules of the district court" is also insufficient. Id. at 1520-21 & n.10. Such noncompliance has been considered insufficient where, as here, the lawyer's failures are arguably as attributable to simple neglect or incompetence as wilful disregard when the record is viewed as a whole. Cf. Gonzalez, 610 F.2d at 248 ("While the attempts of Gonzalez's counsel to explain his absence at the conference are less than adequate, the district court had no reason to believe that his failure to appear resulted from intentional misconduct rather than inadvertence."). Though the sheer duration of this litigation and the delay in bringing the suit implicates the client in its counsel's dawdling, the specific conduct that triggered dismissal may well

10

pertain solely to the attorney, which does counsel against dismissal. See Callip, 757 F.2d at 1522 ("We of course have been reluctant to affirm dismissals based on conduct attributable to counsel, rather than the plaintiff."). In addition, the Fifth Circuit has expressly disapproved of dismissal solely on the basis of failure to respond to motions as required by local rules. John v. State of Louisiana, 757 F.2d 698, 709 (5th Cir. 1985). Such disapproval would, no doubt, be accentuated in a case such as this one where lesser sanctions were neither contemplated not imposed as a prior to dismissal. Callip, 757 F.2d at 1521.

Accordingly, while the record does fairly establish that plaintiff's counsel has failed to meet his obligations to both opposing counsel and this court, it may not justify dismissal with prejudice solely on procedural grounds. However, nothing prevents this court from imposing an alternative sanction for the aforementioned failings of counsel as a condition to the reinstatement of this lawsuit against the dismissed defendants. See Gonzalez, 610 F.2d at 248 (reversing dismissal but stating that the district court was free to impose reasonable and appropriate sanctions short of dismissal on remand). The Fifth Circuit has "suggested alternatives to dismissal, including the assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." Callip, 757 F.2d at 1521. Accordingly, while the court does feel that it is constrained to reconsider and rescind its prior order of dismissal and entry of judgment, it conditions the reinstatement of the lawsuit on plaintiff's compliance with the alternative lesser sanctions imposed infra in Part III of this opinion.

## C.    The Bases of Liability

Finally, the plaintiff also contends that dismissal was improper because the defendants' liability is not premised on pipeline ownership alone—the subject matter of the discovery that

11

case, the court will conditionally grant the motion to reconsider upon plaintiff's compliance to the conditions set out below. However, with the issuance of this order, the court now considers the plaintiff on notice and will hold it responsible for its counsel's similar failings, if any, in the future.

The court hereby conditionally grants the motion to reconsider and thereby reinstates the causes of action against Tejas Gas Pipeline Co., Tejas Gas Pipeline, L.L.C., Tejas Gas Pipeline, L.P., Tejas Gas, L.L.C., Tejas Gas Mktg, L.L.C., Gulf Energy Mktg. Co., Gulf Energy Mktg. L.L.C., Coral Energy Servs. L.L.C., Coral Energy Resources L.P., Shell Gas Trading Co., Conoco, Inc., Total E&P USA, Inc. (successor in interest to FINA), Union Pacific Resources Co. (n/k/a Anadarko E&P Co. LP), Natural Gas Clearinghouse, Inc., Anadarko Energy Servs. Co., Texaco Gas Mktg., Inc., Texaco Natural Gas, Inc., Chevron U.S.A., Inc., Texaco Exploration and Production, Inc., BP Energy Co., Amoco Energy Trading Corp. (n/k/a BP Energy Co.), Arco Natural Gas Mktg, Inc. (n/k/a Vastar Gas Mktg., Inc.), Vastar Gas Mktg., Inc., Transco Petro Source Co. (n/k/a Transco P-S Co.), if the plaintiff does each of the following in the time prescribed:

1.   Provide each and every defendant that has appeared in this suit (i.e., not just those dismissed by the court's March 18, 2003, order) proof of pipeline ownership concerning a pipeline covered by the San Benito City ordinance at issue in this case or send each defendant through its counsel of record a stipulation that the plaintiff has no evidence that the defendant in question ever owned or operated a pipeline within the city limits of San Benito with 10 business days of the date of this order;

2.   Dismiss all those defendants named in the Seventh Amended Petition that have not appeared in this suit, as per plaintiff's counsel's representation at the October 27, 2003 hearing. This may be done in conjunction with the supplemental complaint

14

required in the third paragraph below;

3.    File a supplemental complaint within 10 business days of this order if it intends to rely on any theory of liability other than ownership of a pipeline covered by the San Benito ordinance.  Such supplemental pleading shall be concise and shall also be both factually and legally unambiguous;

4.    Provide to each defendant within 20 business days of this order plaintiff's evidence as to any theory of liability raised either in the original complaint (i.e., the Seventh Amended Petition) or the supplemental complaint referred to in paragraph 3; and

5.    Finally, each defendant (including those not previously dismissed from this lawsuit) has 20 business days from the date of this order to file a motion for costs in connection with any motion to dismiss, motions to compel compliance with the court's orders or this motion for rehearing concerning the court's prior order of dismissal;[6] within 10 business days of the approval of these costs by the court, plaintiff or plaintiff's counsel will pay those costs and file proof of such payment with the clerk of this court.[7]

If the plaintiff complies with the conditions stated in paragraphs 1-5, then this court will reinstate this matter against the previously dismissed defendants.  If the plaintiff does not comply with the

---

[6] The court has also contemplated ordering the plaintiff to pay the costs involved for the October 27, 2003 hearing.  While the court considers the plaintiff's conduct in connection with that hearing to have been wasteful, it has limited its order to those items most directly involved in the plaintiff's failure to comply with the court's orders and rules.

[7] The court notes that, in the absence of direct evidence that the client was complicit in its attorney's misdeeds, the court's order with regard to fees and costs will not specify which is responsible.  Suffice it to say the court will leave that to the plaintiff and its counsel, but it does expect the fees specified to be timely paid.

foregoing conditions, its motion for reconsideration concerning the dismissal of the specified defendants will be denied.

The court's resolution of plaintiff's motion for reconsideration renders all pending motions pertinent to discovery and costs, including Docket Nos. 59, 62-64, 68, moot, and they are hereby denied. The court's prior scheduling order and discovery plan, Docket No. 38, is void. If the plaintiff complies with the conditions requisite to reconsideration of this court's prior order of dismissal and reinstatement of this lawsuit against the dismissed defendants, the court and the parties will subsequently revisit discovery and scheduling deadlines.

Concerning the additional motions to dismiss that were not granted in this court's March 18, 2004 order and judgment, Docket Nos. 56-58, 60-61, 69, they remain pending before the court. The court hereby defers consideration of these additional motions to dismiss pending plaintiff's decision to comply or not comply with the court's conditions concerning the reinstatement of its claims against the previously dismissed defendants. If the plaintiff fails to timely comply with the conditions set forth by the court above, these motions will also be granted and the remainder of the case will also be dismissed pursuant to those pending motions of the defendants.

*Signed in Brownsville, Texas on this 16th day of June, 2004.*

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

16



**VICTOR I. CERDA**
ATTORNEY AT LAW

**ADAM PONCIO**
ATTORNEY AT LAW

**Board Certified Civil Appellate Law**
Texas Board of Legal Specialization

**LAW OFFICES**

**CERDA**

**C&P**

**PONCIO**
A PROFESSIONAL CORPORATION

924 McCullough — San Antonio, Texas 78215-1642
Tel: (210) 212-7979 — Fax: (210) 212-5880

March 2, 2004

**VIA US FIRST CLASS MAIL**
Mr. Francis I. Gandy, Jr.
148 American Bank Plaza
Corpus Christi, TX 78475

      Re:    Civil Action No. B03-080
             *City of San Benito v. Tejas Gas Pipeline Company*
             In the United States District Court for the Western District of Texas
             San Antonio Division

Dear Mr. Gandy:

      Please find enclosed, *Plaintiff's Answers to Interrogatories, Plaintiff's Responses to Request For Admissions and Responses to Requests for Production.*

      Please be informed that counsel of record is not being copied on the documentation, but may have a copy of same upon written request and payment of $1.00 per page.

      Thank you for your attention to this matter.

                Sincerely,

                **LAW OFFICES OF CERDA & PONCIO**
                **A Professional Corporation**

                **Dorothy J. Hearne, CLA, CP**
                **Certified Paralegal to Adam Poncio**

/djh
Enclosure

cc:     All Counsel of Record



**VICTOR I. CERDA**
ATTORNEY-AT-LAW

**ADAM PONCIO**
ATTORNEY-AT-LAW

**Board Certified Civil Appellate Law**
Texas Board of Legal Specialization

LAW OFFICES

**CERDA C&P PONCIO**
A PROFESSIONAL CORPORATION

924 McCullough — San Antonio, Texas 78215-1642
Tel: (210) 212-7979 — Fax: (210) 212-5880

June 30, 2004

Frances I. Gandy                              **VIA US FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                  **VIA US FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III                         **VIA US FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                **VIA US FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Mr. David Van Susteren                        **VIA US FIRST CLASS MAIL**
1301 McKinney, Suite 5100
Houston, TX 77010

Randy Beevis                                  **VIA US FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

Ms. Jerry K. Clements                         **VIA US FIRST CLASS MAIL**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

J.D. Page                                                          **VIA US FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                                     **VIA US FIRST CLASS MAIL**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                                                   **VIA US FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan                                                   **VIA US FIRST CLASS MAIL**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


        Re:     Civil Action No. B03-080
                *City of San Benito v. Tejas Gas Pipeline Company, et al*
                In the United States District Court for the Southern District of Texas
                Brownsville Division

Dear Counsel:

        Pursuant to the Honorable Andrew S. Hanen's Order of June 16, 2004, please find enclosed
a **"MEMO"** and **letter dated March 15, 2004, from Osborne J. Dykes, III** which serves as
evidence of pipeline ownership by Tejas Gas Pipeline Company and its former, successor, related
and/or merged entities.   As indicated by our Amended Petition, ownership is not necessary for
liability under the San Benito Ordinance.  Plaintiff hereby stipulates that it does not currently have
evidence of pipeline ownership by any other Defendant who has appeared in this cause, subject to
their responses to Requests for Production, Second Requests for Production and Request for
Admissions previously served on all Defendants.  Attached hereto are copes of the discovery
requests previously served on Defendants on February 27, 2004.  Upon the Court's final Order
reinstating the dismissed Defendants, the discovery will be re-served.  The discovery requests are
being sent in advance as a courtesy so that each Defendant may begin gathering documents which
may be responsive to these requests.

Thank you for your attention to these matters.

Sincerely,

**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**

**ADAM PONCIO**

AP:djh
Enclosures as stated.

cc:    United States District Clerk      **VIA US FIRST CLASS MAIL**
        Southern District of Texas
        Brownsville Division
        600 E. Harrison, 1st Floor
        Brownsville, Texas 78520
        (Letter Only)

        Honorable Andrew S. Hanen    **VIA US FIRST CLASS MAIL**
        United States District Judge
        Southern District of Texas
        600 E. Harrison, 1st Floor
        Brownsville, Texas 78520
        (Letter Only)

**MEMO**

**RE:   PIPELINE LOCATIONS – CAMERON BY CITY**

**BROWNSVILLE**
**10,2000**
**HENRY GONZALEZ**
**VALERO**
**8" AND 10"**

**HARLINGEN**
**48,735**
**H. WM. CARD, JR.**
**VALERO GAS**
**10" AND 12"**
**TEJAS**
**6"**

**SAN BENITO**
**23,000**
**CHARLES F. WEEKLY**
**VALERO GAS**
**10", 12", AND 8"**
**TEJAS**
**6"**

**PORT ISABEL**
**4,467**
**CALVIN BYRD**
**VALERO**
**6"**
**TEJAS (?)**
**8"**

**LA FERIA**
**4,360**
**PAUL F. BEECHNER**
**VALERO GAS**
**12"**

**LOS FRESNOS**
**2,473**
**MANUEL ABREGO**
**VALERO GAS**
**4" AND 6"**
**TEJAS**
**8"**

SANTA ROSA
2,223
ANDRES MARROQUIN
VALERO GAS
10"

PRIMERA
2,030
JOSE RAMIREZ
VALERO GAS
10"

COMBES
2,004
SILVESTRE GARCIA
NONE

RIO HONDO
1,793
ALEX CHAVEZ
NONE

SOUTH PADRE ISLAND
1,677
PEGGY TRAHAN
NONE

PALM VALLEY
1,200
JOHN PHUL
NONE (10" VALERO GAS SKIRTS CLOSE)

LAGUNA VISTA
1,166
RAFAEL HINOJOSA, JR.
KGS CRUDE
8"

RANCHO VIEJO
885
WALTER F. HALLEMAN
VALERO GAS
8"

RANGERVILLE
280
WAYNE HALBERT
VALERO GAS
16" AND 6"
TEJAS GAS
8"

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1301 McKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

OSBORNE J. DYKES, III
PARTNER
JDYKES@FULBRIGHT.COM

DIRECT DIAL:    (713) 651-5545
TELEPHONE:    (713) 651-5151
FACSIMILE:    (713) 651-5246

March 15, 2004

Mr. Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, TX 78215-1642

Re:    Cause No. B03-080; *City of San Benito v. Tejas Gas Pipeline Company, et al.*, In the United States District Court for the Southern District of Texas, Brownsville Division

Dear Mr. Poncio:

After my letter to you of January 15, 2004, the following information has come to my attention. Before January 1, 2004, Kinder Morgan South Texas Pipeline, L.P. (not a defendant in this suit) owned a pipeline partially located in San Benito. As of January 1, 2004, Kinder Morgan South Texas Pipeline, L.P. was merged into Kinder Morgan Tejas Pipeline, LP.

Previously, Tejas Gas Pipeline Company was converted into Tejas Gas Pipeline LLC, which in turn was converted into Tejas Gas Pipeline LP. This entity and Texas Gas Marketing LLC were also merged into Kinder Morgan Tejas Pipeline, LP.

Yours very truly,

Osborne J. Dykes, III

OJD/jag

cc:    Mr. Jeff Palmer (firm)

30665019.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S SECOND REQUEST FOR PRODUCTION
TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
       By and through their attorneys of record:
       Bradley Whalen
       DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
       4700 Chase Tower
       600 Travis Street
       Houston, Texas 77002

       COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

serve the following Second Request for Production to Defendant PENNZOIL GAS MARKETING

COMPANY.

Respectfully submitted,


ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS

# SECOND REQUEST FOR PRODUCTION

With regard to Defendant, documents requested include those documents for any related entity, acquired entity, successor in interest, subsidiary and/or entity whose interests were acquired or obtained by Defendant in any manner.

1. Produce documents concerning any revenues you received from the sale or transportation of natural gas to any consumer located within the City of San Benito.

2. Produce documents concerning any revenues you received from the sale or transportation of natural gas to any other person or entity for which the point of delivery, point of redelivery, or the point of interconnection with any natural gas pipeline owned by someone other than you, was located within the City of San Benito.

3. Produce documents concerning your ownership or lease of any real property, any personal property or intangible assets valued in excess of one thousand dollars ($1,000.00), and any easement obtained by condemnation, judgment, purchase or other means, that is located within the City of San Benito.

4. Produce any agreements, correspondence or communications between you and CP&L that concern the sale, transportation or purchase of any natural gas consumed at or delivered to the San Benito electric power generating plant.

5. Produce all reports of local sales of natural gas made to the City of San Benito.

6. Produce all reports of natural gas sold to CP&L or to any San Benito based consumer made to the Texas Railroad Commission, the Texas State Comptroller, the Texas Public Utilities Commission, the Federal Energy Regulatory Commission, or any other federal, state, or local governmental agency.

7. Produce any permit, consent, or other agreement or authorization to occupy any public property or rights of way located within the City of San Benito.

8. Produce documents concerning any natural gas pipeline owned or operated by you located in whole or part within the City of San Benito.

9. Produce documents concerning any agreement between you and any other person or entity owning or operating a natural gas pipeline located in whole or part within the City of San Benito.

10. Produce documents concerning any tax (including sales and ad valorem taxes), rental, permit fee, or any other remuneration paid by you or on your behalf to the City of San Benito.

## CERTIFICATE OF SERVICE

I do hereby certify that on this _____ day of February, 2004, forwarded a true and correct copy of the above document to all counsel of record:

Frances I. Gandy                                 **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                     **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                            **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                   **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                                     **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                        **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                   **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                                 **VIA FACSIMILE**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9

Brownsville, Texas 78520

Robert Galligan                        **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247

_____
**ADAM PONCIO**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| | § | |
| Defendants | § | |

**CITY OF SAN BENITO'S FIRST REQUEST FOR ADMISSIONS
TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
By and through their attorneys of record:
Bradley Whalen
DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002

COMES NOW the City of San Benito and, Pursuant to Rule 26 of the Texas Rules of Federal

Procedure, propounds the following first requests for admissions to Defendant PENNZOIL GAS

MARKETING COMPANY.

Respectfully submitted,


ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, do hereby certify that I have on this _27_ day of February, 2004, forwarded a true and correct copy of the above document to counsel of record as follows, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Frances I. Gandy                          **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                              **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                     **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                            **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                              **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                 **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                            **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                          **VIA FACSIMILE**
David G. Oliveira

ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan                              **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**

# REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:    Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no. 478 under which the City of San Benito is basing its suit against the Defendants herein.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 2:    Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no.478 under which the City of San Benito is basing its claim against the Defendant on whom this request for admissions has been served.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 3:    Admit that after January 1, 1941, the Defendant did use the streets, highways, alleys, parks, or other public places within the City of San Benito, Texas, for the sale and distribution of natural gas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 4:    Admit that after January 1, 1941, the Defendant did sell and/or distribute natural gas within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 5:    Admit that after January 1, 1941, the Defendant did own or operate any pipelines within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 6:    Admit that after January 1, 1941, the Defendant did own or operate any fixtures and appurtenances for the sale and distribution of natural gas within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 7:    Admit that after January 1, 1941, the Defendant did use or maintain any pipelines within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 8:    Admit that after January 1, 1941, the Defendant did use and maintain any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks or other public places within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 9:    Admit that after January 1, 1941, the Defendant did operate as a gas utility within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 10:    Admit that Defendant did sell any natural gas for heat, power, or other purposes within corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 11:    Admit that Defendant has ever owned any gas pipelines within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 12:    Admit that Defendant has used and/or maintained any lines for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 13:    Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 14:    Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

## ORDINANCE NO. 178

**AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE PRIVILEGE OF USING WITH THEIR NATURAL GAS AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN THE CORPORATE LIMITS OF THE CITY OF SAN BENITO, TEXAS; PROVIDING THAT SUCH UTILITIES SHALL MAKE SEMI-ANNUAL REPORTS, PROVIDING PENALTIES FOR THE VIOLATION HEREOF, REPEALING ALL LAWS IN CONFLICT HEREWITH, AND DECLARING AN EMERGENCY.**

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF SAN BENITO, TEXAS:

### SECTION 1.

That all persons and corporations using and maintaining any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas shall within thirty (30) days after the 30th day of September and the 31st day of March of each year file with the City Secretary a report sworn to by the auditor of such person or corporation showing the gross receipts derived from the sale by gas utilities of natural gas sold for heat, power or other purposes from consumer of such natural gas located within and using such natural gas within the corporate limits of the City of San Benito, Texas, for the six (6) months preceding each of said dates.

### SECTION 11.

That upon the 1st day of November and the 1st day of May of each year hereafter every person or corporation using the streets, highways, alleys, parks or other public places within the City of San Benito, Texas with main and/or auxiliary lines, fixtures and appurtenances for the sale and distribution of natural gas to consumers, shall pay to the City of San Benito, Texas, a rental equal to two per cent. (2%) of the gross receipts received by such person or corporation from its sale of natural gas for heat, power and for other purposes derived from consumers of such natural gas located within and using within the corporate limits of the City of San Benito, Texas, for the six (6) months preceding September 30th and March 31st of each year, which sum shall be paid to the Tax Collector of the City of San Benito, Texas, who shall thereupon deliver to the person or corporation paying the same a receipt for the amount so paid as rental.

### SECTION 111.

Any special taxes, rentals, contributions or charges accruing before the effective date of this ordinance under the terms of any pre-existing ordinance contract or franchise against any such person or corporation, when paid to said City, shall be credited on the amount owed by such person or corporation as a charge or rental imposed for the use of the streets, alleys and other public places and ways within the said City, and the Tax Collector of said City is hereby authorized to give credit to such person or corporation when it or they pay the street rental charges in the manner described herein for all sums and for special taxes, rentals, contributions, charges or otherwise under the terms of any pre-existing ordinance, contract or franchise.

### SECTION IV.

That any person or corporation and the local manager or agent of any such person or corporation, willfully failing or refusing after thirty (30) days written notice from the City to make the report required above herein shall, upon conviction in the Corporation Court of the said City, be fined in a sum not to exceed $50.00, and each day's failure or refusal shall be deemed a separate offense.

### SECTION V.

All ordinances and parts of ordinances in conflict herewith are hereby repealed.

EXHIBIT 1

## SECTION VI.

The fact that the legislature of the State of Texas, has, by proper enactment permitted incorporated cities and towns to levy a tax against all persons and corporations occupying the public streets, alleys, public ways and places; as a rental or charge for the use and occupancy of said streets, alleys, public ways and places, and the fact that the general fund of said City is in need of immediate replenishment, creates and emergency, and the rule requiring the reading of all ordinances at two separate meetings is hereby suspended and this ordinance shall take effect immediately upon its passage, approval, and publication as provided by the charter of the City of San Benito.

Passed and approved this 26th day of June, A.D. 1941.

LOUIS B. WITTE, Mayor

Attest:

J. C. RUSSELL, City Secretary.

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S FIRST REQUEST FOR PRODUCTION**
**TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
By and through their attorneys of record:
Bradley Whalen
DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002

COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

serve the following First Request for Production to Defendant PENNZOIL GAS MARKETING

COMPANY.

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this _27_ day of February, 2004, forwarded a true and correct copy

of the above document to all counsel of record:

| | |
|---|---|
| Frances I. Gandy<br>148 American Bank Plaza<br>Corpus Christi, Texas 78475 | **VIA FACSIMILE** |
| Ramon Garcia<br>LAW OFFICES OF RAMON GARCIA, P.C.<br>222 West University Drive<br>Edinburg, Texas 78539 | **VIA FACSIMILE** |
| OSBORNE J. Dykes, III<br>Jeffrey D. Palmer<br>FULBRIGHT & JAWORSKI, LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 | **VIA FACSIMILE** |
| Julie L. Ezell<br>CINERGY MARKETING & TRADING, L.P.<br>1000 East Main Street<br>Plainfield, Indiana 46168 | **VIA FACSIMILE** |
| Randy Beevis<br>1100 Louisiana, Suite 4900<br>Houston, Texas 77002 | **VIA FACSIMILE** |
| J.D. Page<br>3040 Post Oak Boulevard, Suite 85G<br>Houston, Texas 77056 | **VIA FACSIMILE** |
| Bradley Whalen<br>DOYLE, RESTREP, HARVING & ROBBINS,<br>L.L.P<br>4700 Chase Tower<br>600 Travis Street<br>Houston, Texas   77002 | **VIA FACSIMILE** |
| Rene G. Oliveira<br>David G. Oliveira<br>ROERIG, OLIVEIRA & FISHER<br>855 West Price Road, Suite 9 | **VIA FACSIMILE** |

Brownsville, Texas 78520

Robert Galligan                               **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


_____

**ADAM PONCIO**

## FIRST REQUEST FOR PRODUCTION

1)    Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

RESPONSE:

2)    Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

RESPONSE:

3)    Please produce the original or copies of all checks or other negotiable instruments used by defendant for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

4)    Please produce the original or copies of all checks or other negotiable instruments used by Defendant to pay for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

5)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show that Defendant was the owner and/or operator of any pipelines, main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

6)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show that the defendant sold any gas, natural gas or other petroleum products within the corporate limits of the City of San Benito, Texas

RESPONSE:

7)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show the amount of natural gas sold or distributed by Defendant within the corporate limits of the City of San Benito, Texas.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL,** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S MOTION FOR PROTECTIVE ORDER ON
PENNZOIL GAS MARKETING COMPANY'S INTERROGATORY NO. 6
AND REQUESTS FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the CITY OF SAN BENITO and, files its Motion for Protective Order pursuant to the authority of Rule 26(c) of the Federal Rules of Civil Procedure, and in support thereof, would show the Court the following:

1. Defendant, PENNZOIL GAS MARKETING COMPANY'S (PENNZOIL) served Plaintiff with its Interrogatory No. 6 and Requests for Production on June 11, 2004, by facsimile transmission, copies of which are attached hereto, marked as Exhibit "A" and made a part hereof for all intents and purposes.

2. On June 16, 2004, this Honorable Court entered its conditional order to reinstate previously dismissed Defendants in this cause, based on its March 18, 2004 Order. Although PENNZOIL was not a dismissed Defendant, the Court issued its Order contingently reinstating the dismissed Defendants, pending certain conditions imposed by the Court's Order and voiding the existing Scheduling Order, pending such compliance.

3. The Court stated in its June 16th Order "The court's resolution of plaintiff's motion for reconsideration renders all pending motions pertinent to discovery and costs, including Docket Nos. 59, 62-64, 68, moot, and they are hereby denied." The Court further stated "If the Plaintiff fails to timely comply with the conditions set forth by the court above, these motions will also be granted

and the remainder of the case will also be dismissed pursuant to those pending motions of the Defendants.

4.  Plaintiff asserts that the Court's June 16th Order is interlocutory in nature, obviously pending Plaintiff's compliance.  Therefore, Plaintiff contends that discovery of any nature, is premature, pending the Court's final Order on Plaintiff's Motion for Reconsideration.

5.  Moreover, Plaintiff served PENNZOIL with its discovery requests on February 27, 2004, which have yet to be answered.  A copy of those discovery requests are attached hereto as Exhibit "B" and made a part hereof, for all intents and purposes, as if recited herein verbatim.

6.  Plaintiff attempted to confer with counsel for PENNZOIL by letter dated July 2, 2004, a copy of which is attached hereto, as Exhibit "C" and made a part hereof for all intents and purposes, as if recited herein verbatim.  Counsel for Plaintiff agreed to withdraw PENNZOIL's Deposition Notices, but refused to withdraw the written discovery requests.

7.  Plaintiff respectfully requests that this Honorable Court issue its Protective Order disallowing the written discovery propounded by PENNZOIL to Plaintiff, until such time as the Court makes its final ruling on Plaintiff's Motion for Reconsideration and a new Scheduling Order is entered. Moreover, Plaintiff requests that Defendant be ordered to first respond to discovery previously propounded by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Motion be granted as prayed for, and for such other and further relief to which it may show itself justly entitled at law, or in equity.

Respectfully submitted,


**ADAM PONCIO**
State Bar No. 16109800
**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on this **9ᵗʰ** day of July, 2004, forwarded a true and correct copy of the above document to all counsel of record:

Frances I. Gandy                             **VIA FIRST CLASS MAIL**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                 **VIA FIRST CLASS MAIL**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III                        **VIA FIRST CLASS MAIL**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                               **VIA FIRST CLASS MAIL**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Mr. David Van Susteren                       **VIA FIRST CLASS MAIL**
1301 McKinney, Suite 5100
Houston, TX 77010

Randy Beevis                                 **VIA FIRST CLASS MAIL**
1100 Louisiana, Suite 4900
Houston, Texas 77002

Ms. Jerry K. Clements                        **VIA FIRST CLASS MAIL**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

J.D. Page                                    **VIA FIRST CLASS MAIL**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Rene G. Oliveira                             **VIA FIRST CLASS MAIL**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

# DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
*attorneys at law*

JPMorgan Chase Tower
Suite 4700
600 Travis Street
Houston, Texas 77002

Telephone
(713) 228-5100
Telecopier
(713) 228-6138

Bradley M. Whalen, Partner

bwhalen@drhrlaw.com

June 11, 2004

Adam Poncio
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

*VIA FACSIMILE: 210/212-5880*

Ramon Garcia
Law Office of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

*VIA FACSIMILE: 956/381-0825*

Re:   C. A. No. B03-080 ; *City of San Benito v. Tejas Gas Pipeline Company,* et al.;
in the United States District Court for the Southern District of Texas,
Brownsville Division

Dear Messrs. Poncio and Garcia:

I enclose Pennzoil Gas Marketing Company's Interrogatory No. 6 and Request for
Production.

Very truly yours,

Andrea Whitford
Secretary to Bradley M. Whalen

Enclosure

cc:   Osborne J. Dykes, III        *VIA FACSIMILE: 713/651-5246*
Randy Beevis              *VIA FACSIMILE: 713/393-6903*
Julie Ezell               *VIA FACSIMILE: 317/838-6001*
Francis I. Gandy          *VIA FACSIMILE: 361/883-0148*
Robert Galligan           *VIA FACSIMILE: 956/968-6089*
C. Scott Jones            *VIA FACSIMILE: 214/740-8800*
J. D. Page                *VIA FACSIMILE: 713/840-9217*
Renc O. Oliveira          *VIA FACSIMILE: 956/542-0016*
David G. Oliveira



EXHIBIT
"A"

06-11-04   04:55pm   From-DOYLE RESTREPO HARVIN & ROBBINS LLP   TXSD 3128808   T-502   P.003   F-968

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| ET AL. | § | |

## PENNZOIL GAS MARKETING COMPANY'S
## INTERROGATORY NO. 6 AND REQUEST FOR PRODUCTION

To:   City of San Benito, by serving its counsel of record, Adam Poncio, Law Offices of
Cerda & Poncio, 924 McCullough, San Antonio, Texas 78215-1642 and Ramon Garcia,
Law Office of Ramon Garcia, P.C., 222 West University Drive, Edinburg, Texas 78539.

Pennzoil Gas Marketing Company requests that you serve upon the undersigned

attorney, thirty (30) days after you receive this discovery request, your response to

interrogatory no. 6 and the documents, items and things requested.

You are advised that these discovery requests are continuing in nature, and you are under

a duty to supplement your answers.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas 77056
(713) 840-9200 Telephone
(713) 840-9217 Facsimile

By: _Bradley M. Whalen_

Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin
      & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

Attorneys for Pennzoil Gas Marketing Company

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served via certified mail, hand delivery or facsimile on June _11_, 2004, addressed as follows:

Adam Poncio
Law Office of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215
Facsimile: (210) 212-5880

Osborne J. Dykes, III
1301 McKinney, Suite 5100
Houston, Texas 77010
Facsimile: (713) 651-5246

Julie Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana
Facsimile: (317) 838-6001

Randy Beevis
Cinergy Marketing & Trading, L.P.
1100 Louisiana, Suite 4900
Houston, Texas 77002
Facsimile: (713) 393-6903

2

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475
Facsimile: (361) 883-0148

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247
Facsimile: (956) 968-6089

C. Scott Jones
Jerry K. Clements
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Facsimile: (214) 740-8800

David G. Oliveira
Roerig, Oliveira & Fisher LLP
866 West Price Road, Suite 9
Brownsville, Texas 78520
Facsimile: (956) 542-0016

Bradley M. Whalen

3

I.      <u>Definitions and Instructions</u>

    A.     The term "Pennzoil," as used herein shall refer to the defendant Pennzoil Gas Marketing Company, and all of its predecessors, successors, agents or attorneys, purporting to act on its behalf, whether authorized to do so or not.

    B.     The terms "Plaintiff" and "City" as used herein shall refer to the City of San Benito, and all of its agents or attorneys purporting to act on its behalf, whether authorized to do so or not.

    C.     The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

    D.     The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following: contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all of writing of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

    E.     The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

    F.     To "identify" a document shall include a statement of the following:

          1.     the title, heading, or caption, if any, of such document;

4

2.  the identifying numbers(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document or evaluation of any claim of protection from discovery;

3.  the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

4.  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

5.  the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and shall give the name of the person who prepared it;

6.  the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7.  the physical location of the document and the name of its custodian;

8.  whether it will be voluntarily made available to defendant for inspection and copying; and if not, the reasons why not.

G.  To "identify" a person shall include a statement of the following, where applicable:

1.  the full name of the person;

2.  that person's present employer and job title, if known; if not known, the answer shall so state;

3.  the employer and job title of such person at the time of the event, transaction, or occurrence to which the interrogatory relates, if different from the information above; and

4.  that person's present business and residential address and telephone numbers, if known; if not known, the last known business and residential address and telephone numbers.

5

H. To "identify" a communication means to state:

1. the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2. by whom each person was employed and who each person represented or purported to represent in making such communication;

3. the substance of the communication;

4. the date and place of such communication;

5. the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6. the physical location of each such document and the name of its custodian; and

7. whether it will be voluntarily made available to defendant for inspection and copying; and if not, the reasons why not.

II. <u>General Instructions</u>

1. In answering these interrogatories, please furnish all information as is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2. If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3. Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

4. Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

5. If privilege or work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length,

its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

6.    In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

7.    Pennzoil specifically requests that you produce electronic or magnetic data that is responsive to any request herein. Such data shall be produced in the format in which it is kept in the normal course of business.

## INTERROGATORY

INTERROGATORY NO. 6: Describe in detail the substance of and basis for the opinions and/or testimony of the City of San Benito's expert witness on attorneys' fees, including without limitation the following matters:

a)    the time and labor involved in the representation of the City of San Benito by its attorneys;

b)    the skill requisite to perform properly the legal services which the City of San Benito's attorneys have performed and yet may perform on behalf of the City;

c)    preclusion of the City of San Benito's attorneys from accepting other work as a result of their acceptance of work in the case at bar;

d)    the fee customarily charged in and around Cameron County, Texas for legal services similar to those provided by the City of San Benito's attorneys to the City in the case at bar;

e)    the amount in controversy in the case at bar;

f)    the time limitations imposed by the City of San Benito or by the circumstances on the work of the City of San Benito's attorneys;

7

g)      the nature and length of the professional relationship between the City of San
        Benito and its attorneys;

h)      the experience, reputation and ability of the City of San Benito's attorneys.

## DOCUMENT REQUESTS

1.      All documents or reports arising out of any investigation conducted by any individual,
        corporation, insurance company, or any other entity, or their employees, agents, or
        representatives, regarding the claims made the basis of this lawsuit.

RESPONSE:

2.      All documents, written statements, recordings, reports, or writings from persons having
        knowledge of relevant facts pertaining to the subject made the basis of this lawsuit.

RESPONSE:

3.      All documents, items and things which demonstrate, show or on which the plaintiff
        relies to support its standing to sue the defendant.

RESPONSE:

4.      All documents, items and things which describe, contain, reflect or commemorate any
        of the damages for which the plaintiff sues.

RESPONSE:

5.      All documents, items and things identified, consulted or relied upon in answering
        Pennzoil Gas Marketing Company's interrogatories.

RESPONSE:

6.      All documents, items and things identified, consulted or relied upon in answering
        Pennzoil Gas Marketing Company's requests for admissions

RESPONSE:

7.      All documents, items and things reflecting the mental impressions and opinions of each
        testifying expert witness and experts whose opinions and impressions have been
        reviewed by a testifying expert and facts known to such experts which relate to or form
        the basis of the mental impressions and opinions held by the expert. This request is

8

intended to include, but not be limited to, all notes, memoranda, e-mail, faxes, letters, and other documents, items and things, regardless whether such documents have been printed or are in computerized form.

RESPONSE:

8.  All documents and tangible things, including all reports, physical models, compilations of data, and other materials prepared, reviewed, or utilized by any expert (or his agent or employee) in anticipation of the expert's trial and deposition testimony.

RESPONSE:

9.  All documents and tangible things, including all reports, physical models, compilations of data, and other materials prepared by or for a consulting expert if such expert's opinions and impressions have been reviewed by a testifying expert.

RESPONSE:

10. All documents written, reviewed, or relied upon by any person you expect to call as an expert witness at the time of trial of this cause.

RESPONSE:

11. All documents, reports, correspondence or writings of any kind you or your attorneys have received from, or provided to, any expert witness who may be called to testify at trial.

RESPONSE:

12. A current resume and curriculum vitae for all experts who may be called as a witness at trial by you and all brochures and advertising materials describing his expertise or services.

RESPONSE:

13. All documents, items and things which describe, contain, reflect or commemorate any expense incurred by the City which the City contends was caused by any act or failure to act of Pennzoil.

RESPONSE:

14. All documents, items and things which describe, contain, reflect or commemorate any intra-office or intra-employee communications (including without limitation any email,

memoranda, reports and letters) among, between or by anyone associated with or employed by the City regarding Pennzoil.

RESPONSE:

15. All statements or reports made by anyone with or on behalf of the City concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the City and any stenographic, mechanical, electrical or other type of recorded statement or any transcription thereof made by the City.

RESPONSE:

16. All documents, items and things constituting, relating to and/or discussing any and all agreements between the City and any third party concerning the assignment by the City of any interest in the claims that have been brought, could have been brought or may be brought in the case at bar.

RESPONSE:

17. All statements or reports made by anyone with or on behalf of Pennzoil concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by Pennzoil and any stenographic, mechanical, electrical or other type of recorded statement or any transcription thereof made by Pennzoil.

RESPONSE:

18. Except for those documents which the City contends are exempted from disclosure by a privilege asserted under the Federal Rules of Civil Procedure, any and all documents, including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought, into reasonably usable forms and any other tangible things which constitute or contain matters relevant to Pennzoil or the City of San Benito's allegations as contained in Plaintiff's Seventh Amended Petition.

RESPONSE:

19. All written documentation of any kind, including witness statements, which was generated from the investigation by the City of San Benito into the transaction(s) or contract(s) in question with Pennzoil.

RESPONSE:

10

20. All documents and tangible things including all tangible, reports, physical models, compilations of data and other material prepared by an expert or for an expert in anticipation of the expert's testimony at trial or in deposition, as well as material prepared by an expert used for consultation which has been reviewed by an expert who may be called as a witness.

RESPONSE:

21. All correspondence between the City of San Benito and/or any legal counsel for the City of San Benito and any auditors, bankers and/or other third parties regarding or relating to the case at bar or to the contract with Devon Energy Gas Marketing Company.

RESPONSE:

22. All bills, invoices, time records, retainer agreements and other documents from all experts who may be called as a witness at trial by you.

RESPONSE:

23. All documents, items or things which describe, contain, reflect commemorate, analyze or show any anticipated profits (both gross and net) by the City of San Benito in connection with or anticipated as a result of what the City of San Benito contends was a contract with Pennzoil.

RESPONSE:

24. All documents, items and things which describe, contain, reflect commemorate, analyze or show any actual or anticipated damages by the City of San Benito in connection with or anticipated as a result of what the City of San Benito contends was a breach of a contract by Pennzoil.

RESPONSE:

25. All documents, items or things which describe, contain, reflect or commemorate any work by the City of San Benito to secure what it contends was its contract with Pennzoil.

RESPONSE:

26. All documents, items and things which describe, contain, reflect or commemorate any communications between or by anyone with or on behalf of the City of San Benito on the one hand and anyone with or on behalf of Pennzoil on the other hand, including

11

without limitation any and all bids, proposals, contracts, agreements, notices pursuant to such contracts, terminations of such contracts, and related matters.

RESPONSE:

27.   All documents, items and things which describe, contain, reflect or commemorate any communications between or by anyone with or on behalf of the City of San Benito on the one hand and anyone with or on behalf of any entity that it was anticipated might provide any services to Pennzoil on the other hand.

RESPONSE:

28.   All documents, items and things which describe, contain, reflect or commemorate any bids, proposals, offers, counteroffers, proffers between or by anyone with or on behalf of the City of San Benito on the one hand and anyone with or on behalf of any entity that it was anticipated might provide any services to Pennzoil on the other hand.

RESPONSE:

29.   All documents, items and things which describe, contain, reflect or commemorate any costs, expenses or overhead incurred, anticipated to be incurred or typically incurred by the City of San Benito in providing or in anticipation of providing any services to or on behalf of Pennzoil.

RESPONSE:

30.   All analyses of Pennzoil's needs or anticipated business use of the services of the City of San Benito.

RESPONSE:

31.   All contracts and/or agreements between the City of San Benito and Texas Municipal Technical Consultants, Inc.

RESPONSE:

32.   All contracts and/or agreements between the City of San Benito and any entity whereby the City hired such entity to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

33. All correspondence between the City of San Benito and Texas Municipal Technical Consultants, Inc.

RESPONSE:

34. All correspondence between the City of San Benito and any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

35. All reports, studies, memoranda, findings and/or other documents provided to the City of San Benito by Texas Municipal Technical Consultants, Inc.

RESPONSE:

36. All reports, studies, memoranda, findings and/or other documents provided to the City of San Benito by any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

37. All contracts and/or agreements between the City of San Benito's attorneys and Texas Municipal Technical Consultants, Inc.

RESPONSE:

38. All contracts and/or agreements between the City of San Benito's attorneys and any entity whereby the City hired such entity to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

RESPONSE:

39. All correspondence between the City of San Benito's attorneys and Texas Municipal Technical Consultants, Inc.

RESPONSE:

40. All correspondence between the City of San Benito's attorneys and any entity which the City hired to audit and/or make a determination that uncollected compensation may be due and owing to the City in connection with the City's claims in the case a bar.

13

RESPONSE:

41.   All reports, studies, memoranda, findings and/or other documents provided to the City
      of San Benito's attorneys by Texas Municipal Technical Consultants, Inc.

RESPONSE:

42.   All reports, studies, memoranda, findings and/or other documents provided to the City
      of San Benito's attorneys by any entity which the City hired to audit and/or make a
      determination that uncollected compensation may be due and owing to the City in
      connection with the City's claims in the case a bar.

RESPONSE:

43.   All contracts, employment agreements, retainer agreements, written understandings
      and/or other agreements concerning the basis on which the City of San Benito has
      agreed to compensate its attorneys.

RESPONSE:

44.   All documents, items and things concerning or relating to the opinions and testimony
      of the City of San Benito's expert witness on attorneys' fees including without
      limitation the following (all references to the City's attorneys are to the City's
      attorneys in the case at bar):

      a)    the time and labor involved in the representation of the City of San Benito by its
            attorneys;

      b)    the skill requisite to perform properly the legal services which the City of San
            Benito's attorneys have performed and yet may perform on behalf of the City;

      c)    preclusion of the City of San Benito's attorneys from accepting other work as
            a result of their acceptance of work in the case at bar;

      d)    the fee customarily charged in and around Cameron County, Texas for legal
            services similar to those provided by the City of San Benito's attorneys to the
            City in the case at bar;

      e)    the amount in controversy in the case at bar;

      f)    the time limitations imposed by the City of San Benito or by the circumstances
            on the work of the City of San Benito's attorneys;

14

g)    the nature and length of the professional relationship between the City of San Benito and its attorneys;

h)    the experience, reputation and ability of the City of San Benito's attorneys.

RESPONSE:

# DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
## Attorneys at Law

Chase Tower                      Telephone
600 Travis Street                 (713) 228-5100
Suite 4700                      Telecopier
Houston, Texas 77002-3090        (713) 228-6138

## TELECOPY COVER SHEET

CONFIDENTIALITY NOTICE: The documents accompanying this telecopy transmission may contain confidential information which is legally privileged. The information is intended only for the use of the recipient named below. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.

DATE:           June 11, 2004

| TO: | | |
|-----|---|---|
| | Adam Poncio | (210) 212-5880 |
| | Ramon Garcia | (956) 381-0825 |
| | Osborne J. Dykes, III | (713) 651-5246 |
| | Randy Beevis | (713) 393-6903 |
| | Julie Ezell | (317) 838-6001 |
| | Francis I. Gandy | (361) 883-0148 |
| | Robert Galligan | (956) 968-6089 |
| | C. Scott Jones/Jerry K. Clements | (214) 740-8800 |
| | J. D. Page | (713) 840-9217 |
| | Rene O. Oliveira | (956) 542-0016 |
| | David G. Oliveira | |

FROM:         Bradley M. Whalen

NUMBER OF PAGES, INCLUDING THIS COVER PAGE:    17     (DVON.001-0309)

Re:     C.A. No. B03-080; *City of San Benito v. Tejas Gas Pipeline Company, et al.*; In the United States District Court for the Southern District of Texas, Brownsville Division

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION, OR IF YOU DO NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE, PLEASE CONTACT OUR OFFICES AT (713) 228-5100.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL, | § | |
| | § | |
| Defendants | § | |

**CITY OF SAN BENITO'S FIRST REQUEST FOR ADMISSIONS**
**TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:   Defendant, PENNZOIL GAS MARKETING COMPANY
      By and through their attorneys of record:
      Bradley Whalen
      DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
      4700 Chase Tower
      600 Travis Street
      Houston, Texas 77002

      COMES NOW the City of San Benito and, Pursuant to Rule 26 of the Texas Rules of Federal

Procedure, propounds the following first requests for admissions to Defendant PENNZOIL GAS

MARKETING COMPANY.

**EXHIBIT**
_"B"_

Respectfully submitted,


ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, do hereby certify that I have on this _27_ day of

February, 2004, forwarded a true and correct copy of the above document to counsel of record as

follows, pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Frances I. Gandy                          **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                              **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                     **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                            **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                              **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                 **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                            **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                          **VIA FACSIMILE**
David G. Oliveira

ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9
Brownsville, Texas 78520

Robert Galligan                              **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


_____
**ADAM PONCIO**

## REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:          Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no. 478 under which the City of San Benito is basing its suit against the Defendants herein.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 2:          Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no.478 under which the City of San Benito is basing its claim against the Defendant on whom this request for admissions has been served.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 3:          Admit that after January 1, 1941, the Defendant did use the streets, highways, alleys, parks, or other public places within the City of San Benito, Texas, for the sale and distribution of natural gas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 4:          Admit that after January 1, 1941, the Defendant did sell and/or distribute natural gas within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 5:          Admit that after January 1, 1941, the Defendant did own or operate any pipelines within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 6:          Admit that after January 1, 1941, the Defendant did own or operate any fixtures and appurtenances for the sale and distribution of natural gas within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 7:          Admit that after January 1, 1941, the Defendant did use or maintain any pipelines within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 8:          Admit that after January 1, 1941, the Defendant did use and maintain any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks or other public places within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 9:    Admit that after January 1, 1941, the Defendant did operate as a gas utility within the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 10:    Admit that Defendant did sell any natural gas for heat, power, or other purposes within corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 11:    Admit that Defendant has ever owned any gas pipelines within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 12:    Admit that Defendant has used and/or maintained any lines for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 13:    Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in the City of San Benito, Texas.

ADMIT OR DENY:

REQUEST FOR ADMISSION NO. 14:    Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas.

ADMIT OR DENY:

## ORDINANCE NO. 476

### AN ORDINANCE FIXING RENTALS TO BE PAID BY NATURAL GAS UTILITIES FOR THE PRIVILEGE OF USING WITH THEIR NATURAL GAS AUXILIARY LINES, APPURTENANCES AND FIXTURES, THE STREETS, ALLEYS AND PUBLIC WAYS, WITHIN THE CORPORATE LIMITS OF THE CITY OF SAN BENITO, TEXAS; PROVIDING THAT SUCH UTILITIES SHALL MAKE SEMI-ANNUAL REPORTS, PROVIDING PENALTIES FOR THE VIOLATION HEREOF, REPEALING ALL LAWS IN CONFLICT HEREWITH, AND DECLARING AN EMERGENCY.

BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF SAN BENITO, TEXAS:

#### SECTION I.

That all persons and corporations using and maintaining any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas shall within thirty (30) days after the 30th day of September and the 31st day of March of each year file with the City Secretary a report sworn to by the auditor of such person or corporation showing the gross receipts derived from the sale by gas utilities of natural gas sold for heat, power or other purposes from consumer of such natural gas located within and using such natural gas within the corporate limits of the City of San Benito, Texas, for the six (6) months preceding each of said dates.

#### SECTION II.

That upon the 1st day of November and the 1st day of May of each year hereafter every person or corporation using the streets, highways, alleys, parks or other public places within the City of San Benito, Texas with main and/or auxiliary lines, fixtures and appurtenances for the sale and distribution of natural gas to consumers, shall pay to the City of San Benito, Texas, a rental equal to two per cent. (2%) of the gross receipts received by such person or corporation from its sale of natural gas for heat, power and for other purposes derived from consumers of such natural gas located within and using within the corporate limits of the City of San Benito, Texas, for the six (6) months preceding September 30th and March 31st of each year, which sum shall be paid to the Tax Collector of the City of San Benito, Texas, who shall thereupon deliver to the person or corporation paying the same a receipt for the amount so paid as rental.

#### SECTION III.

Any special taxes, rentals, contributions or charges accruing before the effective date of this ordinance under the terms of any pre-existing ordinance contract or franchise against any such person or corporation, when paid to said City, shall be credited on the amount owed by such person or corporation as a charge or rental imposed for the use of the streets, alleys and other public places and ways within the said City, and the Tax Collector of said City is hereby authorized to give credit to such person or corporation when it or they pay the street rental charges in the manner described herein for all sums and for special taxes, rentals, contributions, charges or otherwise under the terms of any pre-existing ordinance, contract or franchise.

#### SECTION IV.

That any person or corporation and the local manager or agent of any such person or corporation, willfully failing or refusing after thirty (30) days written notice from the City to make the report required above herein shall, upon conviction in the Corporation Court of the said City, be fined in a sum not to exceed $50.00, and each day's failure or refusal shall be deemed a separate offense.

#### SECTION V.

All ordinances and parts of ordinances in conflict herewith are hereby repealed.

EXHIBIT 1

## SECTION VI.

The fact that the legislature of the State of Texas, has, by proper enactment permitted incorporated cities and towns to levy a tax against all persons and corporations occupying the public streets, alleys, public ways and places; as a rental or charge for the use and occupancy of said streets, alleys, public ways and places, and the fact that the general fund of said City is in need of immediate replenishment, creates and emergency, and the rule requiring the reading of all ordinances at two separate meetings is hereby suspended and this ordinance shall take effect immediately upon its passage, approval, and publication as provided by the charter of the City of San Benito.

Passed and approved this 26th day of June, A.D. 1941.

LOUIS S. WITTE, Mayor

Attest:

J. G. RUSSELL, City Secretary.

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF SAN BENITO,                        §
                                           §
            Plaintiff,                     §
                                           §
V                                          §                    C. A. NO. B03-080
                                           §
TEJAS GAS PIPELINE COMPANY, ET AL§
                                           §
            Defendants                     §

CITY OF SAN BENITO'S FIRST REQUEST FOR PRODUCTION
TO DEFENDANT PENNZOIL GAS MARKETING COMPANY

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
       By and through their attorneys of record:
       Bradley Whalen
       DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
       4700 Chase Tower
       600 Travis Street
       Houston, Texas 77002

       COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

serve the following First Request for Production to Defendant PENNZOIL GAS MARKETING

COMPANY.

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I do hereby certify that on this _27_ day of February, 2004, forwarded a true and correct copy

of the above document to all counsel of record:

Frances I. Gandy                                         **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                            **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                                  **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                                          **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                                            **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                               **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                          **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                                        **VIA FACSIMILE**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9

Brownsville, Texas 78520

Robert Galligan                    **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


_____
**ADAM PONCIO**

## FIRST REQUEST FOR PRODUCTION

1)    Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

RESPONSE:

2)    Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

RESPONSE:

3)    Please produce the original or copies of all checks or other negotiable instruments used by defendant for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

4)    Please produce the original or copies of all checks or other negotiable instruments used by Defendant to pay for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

5)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show that Defendant was the owner and/or operator of any pipelines, main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

RESPONSE:

6)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show that the defendant sold any gas, natural gas or other petroleum products within the corporate limits of the City of San Benito, Texas

RESPONSE:

7)    All documents, conveyances, deeds, instruments, recordings, or other written material which would show the amount of natural gas sold or distributed by Defendant within the corporate limits of the City of San Benito, Texas.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S SECOND REQUEST FOR PRODUCTION**
**TO DEFENDANT PENNZOIL GAS MARKETING COMPANY**

TO:    Defendant, PENNZOIL GAS MARKETING COMPANY
       By and through their attorneys of record:
       Bradley Whalen
       DOYLE, RESTREPO, HARVING & ROBBINS, L.L.P.
       4700 Chase Tower
       600 Travis Street
       Houston, Texas 77002

       COMES NOW the City of San Benito, and Pursuant to the Texas Rules of Federal Procedure,

serve the following Second Request for Production to Defendant PENNZOIL GAS MARKETING

COMPANY.

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 778215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

ATTORNEY FOR PLAINTIFFS

## SECOND REQUEST FOR PRODUCTION

With regard to Defendant, documents requested include those documents for any related entity, acquired entity, successor in interest, subsidiary and/or entity whose interests were acquired or obtained by Defendant in any manner.

1.  Produce documents concerning any revenues you received from the sale or transportation of natural gas to any consumer located within the City of San Benito.

2.  Produce documents concerning any revenues you received from the sale or transportation of natural gas to any other person or entity for which the point of delivery, point of redelivery, or the point of interconnection with any natural gas pipeline owned by someone other than you, was located within the City of San Benito.

3.  Produce documents concerning your ownership or lease of any real property, any personal property or intangible assets valued in excess of one thousand dollars ($1,000.00), and any easement obtained by condemnation, judgment, purchase or other means, that is located within the City of San Benito.

4.  Produce any agreements, correspondence or communications between you and CP&L that concern the sale, transportation or purchase of any natural gas consumed at or delivered to the San Benito electric power generating plant.

5.  Produce all reports of local sales of natural gas made to the City of San Benito.

6.  Produce all reports of natural gas sold to CP&L or to any San Benito based consumer made to the Texas Railroad Commission, the Texas State Comptroller, the Texas Public Utilities Commission, the Federal Energy Regulatory Commission, or any other federal, state, or local governmental agency.

7.  Produce any permit, consent, or other agreement or authorization to occupy any public property or rights of way located within the City of San Benito.

8.  Produce documents concerning any natural gas pipeline owned or operated by you located in whole or part within the City of San Benito.

9.  Produce documents concerning any agreement between you and any other person or entity owning or operating a natural gas pipeline located in whole or part within the City of San Benito.

10. Produce documents concerning any tax (including sales and ad valorem taxes), rental, permit fee, or any other remuneration paid by you or on your behalf to the City of San Benito.

## CERTIFICATE OF SERVICE

I do hereby certify that on this _____ day of February, 2004, forwarded a true and correct copy of the above document to all counsel of record:

Frances I. Gandy                              **VIA FACSIMILE**
148 American Bank Plaza
Corpus Christi, Texas 78475

Ramon Garcia                                  **VIA FACSIMILE**
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

OSBORNE J. Dykes, III                         **VIA FACSIMILE**
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Julie L. Ezell                               **VIA FACSIMILE**
CINERGY MARKETING & TRADING, L.P.
1000 East Main Street
Plainfield, Indiana 46168

Randy Beevis                                  **VIA FACSIMILE**
1100 Louisiana, Suite 4900
Houston, Texas 77002

J.D. Page                                     **VIA FACSIMILE**
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Bradley Whalen                                **VIA FACSIMILE**
DOYLE, RESTREP, HARVING & ROBBINS,
L.L.P
4700 Chase Tower
600 Travis Street
Houston, Texas   77002

Rene G. Oliveira                              **VIA FACSIMILE**
David G. Oliveira
ROERIG, OLIVEIRA & FISHER
855 West Price Road, Suite 9

Brownsville, Texas 78520

Robert Galligan                           **VIA FACSIMILE**
JONES, GALLIGAN, KEY & LOZANO, L.L.P.
2300 W. Pike, Suite 300
P. O. Drawer 1247
Weslaco, Texas 78599-1247


**ADAM PONCIO**



**VICTOR J. CERDA**
ATTORNEY AT LAW

**ADAM PONCIO**
ATTORNEY AT LAW
Board Certified Civil Appellate Law
Texas Board of Legal Specialization

**LAW OFFICES**

**CERDA C&P PONCIO**
A PROFESSIONAL CORPORATION

924 McCullough — San Antonio, Texas 78215-1642
Tel: (210) 212-7979 — Fax: (210) 212-5088

July 1, 2004

**VIA FACSIMILE (713) 840-9217**
J.D. Page
3040 Post Oak Boulevard, Suite 85G
Houston, Texas 77056

Re:    Civil Action No. B03-080
       *City of San Benito v. Tejas Gas Pipeline Company*
       In the United States District Court for the Southern
       District of Texas - Brownsville Division

Dear Mr. Page

In light of the Court's June 16th Order voiding the scheduling Order, it is our position that the deposition notices and written discovery requests issued by Pennzoil are of no effect until the Court enters its final Order upon completion of the contingencies required by the Plaintiff. Once the Court's Order is entered and a valid scheduling order is in place, we will revisit the outstanding discovery issues.

In order to avoid Court intervention regarding these issues, we would request that you indicate your agreement to withdraw the pending ~~written discovery requests and~~ deposition notices by signing below and returning same by facsimile transmission. Should we not hear from you by July 6, 2004, we will assume you do not oppose our position.

Thank you for your professional courtesy and cooperation.

Sincerely,

**LAW OFFICES OF CERDA & PONCIO**
A Professional Corporation

ADAM PONCIO    By: Al. Heum, CLA

AP:djh

AGREED:

_____   Agreed only as to the depositions
J. D. PAGE

**EXHIBIT**
"C"

07/01/2004  11:28    210-212-5880                    CERDA & PONCIO, Pu

received
7/1/04
cc: tt
ch
bw

VICTOR I. CERDA
ATTORNEY-AT-LAW

ADAM PONCIO
ATTORNEY-AT-LAW
Board Certified Civil Appellate Law
Texas Board of Legal Specialization



LAW OFFICES
CERDA
C&P
PONCIO
A PROFESSIONAL CORPORATION

SAN ANTONIO OFFICE
924 McCullough — San Antonio, Texas 78215-2062
Tel: (210) 212-7979 — Fax: (210) 212-5880

# FACSIMILE TRANSMISSION

DATE: __7-1-04__                           Client # __03-1791__

From → TO: __J. D. Page__      Fax No. __713-840-9217__

TO: __Adan Poncio__            Fax No. __210-212-5880__

TO: _____            Fax No. _____

TO: _____            Fax No. _____

TO: _____            Fax No. _____

FROM: __A. Hesur__

RE: __City of San Benito__

NUMBER OF PAGES: __2__     (including cover sheet)

COMMENTS: _____
_____
_____
_____

The documents and information contained in this telecopy transmission may contain confidential legally privileged information, intended only for the use of the individual or entity named above. If you have received this telecopy in error, please notify us immediately by telephone to arrange for return of the telecopied documents and you are here by notified that any disclosure, copying, distribution or the taking of any action in regards to the contents of this telecopied information, is strictly prohibited.