IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| et al. | § | |

PENNZOIL GAS MARKETING COMPANY'S FURTHER MOTION TO DISMISS
AND RESPONSE TO THE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ANDREW HANEN:

I. Pennzoil's Further Motion to Dismiss

1.      The plaintiff's failure to comply with the Court's June 16, 2004 order;

Pennzoil's motion to dismiss is granted under the terms of the Court's order.   On February

11, 2004, Pennzoil Gas Marketing Company ("Pennzoil") filed a motion to dismiss the

plaintiff's claims against it on the ground that the plaintiff had repeatedly violated the Court's

orders regarding discovery by failing to produce any evidence of pipeline ownership by

Pennzoil.[1]  The other defendants also moved for dismissal on similar grounds at about the

same time.   On March 18, 2004, the Court granted some of the motions to dismiss.

Pennzoil's amended motion to dismiss remains pending before the Court.

2.      On April 1, 2004, the plaintiff filed a motion for reconsideration of the Court's

March 18, 2004 orders dismissing the plaintiff's claims against some of the defendants. The

---

[1]Pennzoil amended its motion on March 19, 2004.  See Exhibit A, Pennzoil's
Amended Motion to Dismiss.

Court conditionally granted this motion in its June 16, 2004 Order (the "Order"). See Exhibit

B. However, the Court conditioned reinstatement of the plaintiff's claims upon the plaintiff's

timely compliance with five conditions. If the plaintiff failed to comply by the deadlines set

out in the June 16 Order with any of these five conditions, the Court's Order provided that

the plaintiff's motion for reconsideration will be denied and the pending motions to dismiss

will be granted. See Exhibit B, p. 15-16.

       3.     The plaintiff failed to comply timely with the following condition set out in the

Order:

> Provide to each defendant within 20 business days of this order
> plaintiff's evidence as to any theory of liability raised either in
> the original complaint (i.e., the Seventh Amended Petition) or
> the supplemental complaint referred to in paragraph 3.

Exhibit B, p. 15, ¶ 4. The twentieth business day by which the plaintiff was required to

produce its evidence against the defendants, including Pennzoil, was July 14, 2004. The

plaintiff failed to meet this deadline. The plaintiff did not provide any information to

Pennzoil regarding its alleged liability until July 26, at which time the plaintiff sent Pennzoil

about 700 pages of documents. Of the 700 or so pages, only 9 dealt with Pennzoil. As to the

information which the plaintiff sent, it is far from clear which of the sales of gas indicated

are the sales which the plaintiff contends are subject to ordinance no. 478. Among other

things, these 9 pages do not contain any evidence of the following matters which are critical

to the plaintiff's claims:

a.   Pipeline ownership: As explained at paragraphs 4 - 7 below each of the plaintiff's claims is dependent upon pipeline ownership, because the ordinance at issue provides for payment of rent, which requires a fixed presence on city property.

b.   Transmission of gas through city property: The plaintiff has produced no evidence that any of the gas at issue passed through or under property which is within the corporate limits of the city.

c.   Interference with the plaintiff's right of ownership: The plaintiff has produced no evidence that any conduct or property of any of the defendants deprived the plaintiff of the use and enjoyment of its property.  The plaintiff has produced no evidence that the defendants' alleged use of its property kept the plaintiff from using such property for some other purpose.

d.   Public hazard: The plaintiff has produced no evidence that any conduct of the defendants caused the plaintiff to incur expense to guard against any threat to public safety, or that any conduct of the defendants ever posed such a threat.

e.   Accounting: The plaintiff has produced no evidence that any rent is owed, or that any rent which may have been owed has not been paid.

f.   Gas utility: The plaintiff has produced no evidence that Pennzoil is or ever has been a gas utility.  The ordinance at issue applies only to gas utilities.

4.   The plaintiff failed to comply with the Court's condition that the plaintiff must file an amended complaint concisely and ambiguously setting out any theory of liability other than pipeline ownership.  The plaintiff has conceded that it has no evidence that Pennzoil ever owned a pipeline within the San Benito city limits.  Exhibit C.  Thus under the Court's June 16 order, the plaintiff was required to replead as to Pennzoil and to clearly, concisely and unambiguously state claims not based on pipeline ownership.  All of the plaintiff's claims in its eighth amended petition are based on the theory that Pennzoil is liable for failure to pay rent pursuant to City of San Benito ordinance 478.  That ordinance provides that the

3

plaintiff may collect rent from gas utilities for the use or occupation of city streets and real property.[2] There is no evidence that Pennzoil owns or has ever owned any pipeline, plant or other facility within the incorporated area of the city. Exhibit C. On its face ordinance no. 478 limits the plaintiff's ability to charge rents to the use of property "within the City of San Benito." Exhibit A, § II. As explained in paragraphs 5 - 7 below, Pennzoil cannot be liable for the payment of rent–the plaintiff has produced no evidence that Pennzoil has ever owned or occupied any property within the city.

5.   <u>Pennzoil does not occupy and never has occupied any city property and thus may not be charged rent</u>. Ordinance no. 478 identifies the charges at issue as rents. <u>Id</u>. A municipality's charges for the use of city streets and other property is, unquestionably, a charge of rent.  <u>City of St. Louis v. Western Union Tel. Co.</u>, 148 U.S. 92, 98 (1893) (ordinance requiring that telegraph and telephone companies  must pay a fixed sum per annum "for the privilege of using the streets, alleys, and public places thereof..." was rent rather than a tax); <u>Fleming v. Houston Lighting & Power Co.</u>, 143 S.W.2d 923 (Tex. 1940); Tex. Atty. Gen. Op. H-1265, November 30, 1978 (concluding that charges for the use of city streets is a rent rather than a tax).  A rent is a charge levied for appropriation of property for one's sole use or occupation. <u>City of St. Louis</u>, 148 U.S. at 97-98.  A rent is not charged for temporary, shifting use in common with the public. <u>Id</u>., at 98. Despite the Court's order that the plaintiff produce the evidence supporting its claims, the plaintiff has produced no

_____

[2]Pennzoil is not now and never has been a gas utility.  Thus the ordinance is inapplicable to Pennzoil.

evidence that Pennzoil ever had a fixed existence within the incorporated limits of the city. Unless Pennzoil had a fixed existence within the city it cannot be charged rent for use of city property. See e.g. City of Dallas v. Overton 363 S.W.2d 821 (Tex. Civ. App.--Dallas 1963, writ ref.'d n.r.e.) (in order to collect taxes due, city must show that property has a taxable situs within the city limits).[3]

6.    The plaintiff's purpresture, trespass, quantum meruit, wrongful appropriation and negligence claims fail as a matter of law because Pennzoil has never occupied city property.    Purpresture is encroachment upon public property  without consent, or the appropriation of public property for private use. Southern Union Co. v. City of Edinburg, 2003 WL 22495756 *17 (Tex. 2003); Jamail v. Stoneledge Condominium Owners Assoc., 970 S.W. 2d 673, 676 (Tex. App.--Austin 1998, no writ).  Trespass to real property is the entry upon another's land without consent. Russell v. American Real Estate Corp., 89 S.W.3d 204, 208 (Tex. App.--Corpus Christi 2002, no pet.). A trespass claim requires proof of interference with the owner's right of possession. Id. Both claims require proof that Pennzoil occupied the plainitff's property. The plaintiff has conceded it has no such evidence.  The plaintiff's wrongful appropriation claim requires proof that Pennzoil misappropriated the plaintiff's property, i.e., by occupying it. The plaintiff's negligence claim also requires proof of occupancy, because it is grounded on the argument that Pennzoil

---

[3] See ordinance no. 478. In order for the ordinance to apply, a corporation must use and maintain a natural gas pipeline "within the corporate limits of the City of San Benito, Texas." Pennzoil has never maintained a gas pipeline within the City corporate limits.

5

negligently violated ordinance no. 478. Pennzoil cannot have violated that ordinance unless it occupied the plaintiff's property.

7.    The plaintiff's tortious interference claims depend on pipeline ownership. In order to establish tortious interference, the plaintiff must prove: (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss. See, e.g., Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998). The plaintiff alleges that Pennzoil's "existence and activities within the City's property" interfered with the plaintiff's ability to rent such property to others. Pennzoil has never owned or occupied property within the city's corporate limits, thus it could not have interfered with the plaintiff's rental of property to another. The plaintiff has produced no evidence that Pennzoil occupied city property, or that a third party would have leased such property but for Pennzoil's occupation.

8.    The plaintiff's claims should be dismissed. The Court ordered the plaintiff to timely produce its evidence of pipeline ownership or to timely produce its evidence in support of claims not based on pipeline ownership. The plaintiff has violated that order, and its claims should be dismissed. The City's eighth amended complaint does not concisely and unambiguously describe a basis for liability other than pipeline ownership. To the contrary, each of the City's claims is grounded on such ownership. The plaintiff concedes that it has no evidence that Pennzoil owned a pipeline within the San Benito city limits, but the plaintiff failed to timely state a claim based on a theory of liability not dependant on pipeline ownership. For these reasons, Pennzoil further moves that the Court grant its motion to

dismiss, according to the Court's June 16, 2004 Order.

## II. Pennzoil's Response to the
## Plaintiff's Motion for Protective Order

9.    <u>The plaintiff has not complied with the Fed. R. Civ. P. 26(a)</u>. The plaintiff has

failed to disclose the information and documents required by Fed. R. Civ. P. 26(a)(1)(A)

through 26(a)(1)(C) relating to its claims against Pennzoil and its alleged damages.

Moreover, the plaintiff has failed to respond to Pennzoil's written discovery (requests for

production and an additional interrogatory) served on June 11 and due July 14, 2004.

Instead, the plaintiff has asked the Court to rule that it need not respond until:

      a.    The Court has ruled that the plaintiff has complied with the
             Court's June 16 order, and

      b.    Pennzoil has responded to discovery which the plaintiff served
             in February 2004.

10.    As to the plaintiff's first point, the Court did not suspend discovery in its June

16 order. To the contrary, the Court ordered the plaintiff to provide the defendants with the

plaintiff's evidence in support of its claims on or before July 14. Far from an admonition to

stay discovery, the Court has ordered disclosure. Yet the plaintiff has failed to comply with

the Court's order by not producing evidence sufficient to support its claims against Pennzoil.

11.    As to the plaintiff's second point, the plaintiff ignores Pennzoil's motion to

quash the plaintiff's discovery (which was filed on March 8, 2004) and the fact that the

plaintiff has not complied with its own disclosure obligations.   Sixteen months after the

plaintiff sent Pennzoil the plaintiff's seventh amended petition, Pennzoil still does not know

the basis for the plaintiff's claims though it has repeatedly asked for this information and the Court has ordered the plaintiff to produce it.  In violation of the Federal Rules of Civil Procedure, the plaintiff has not produced to Pennzoil the basis of its damage calculations (Rule 26(a)(1)(C)), the documents it relies upon for its claim against Pennzoil (Rule 26(a)(1)(B)), or persons likely to have discoverable information that San Benito may rely upon (Rule 26(a)(1)(A)).  Pennzoil should not have to bear the expense of responding to the plaintiff's discovery until the plaintiff has complied with its disclosure obligations under Rule 26(a)(1)and the Court's June 16 order.

12.    The plaintiff continues its pattern of delay.    The Court has noted the "unambiguous record of delay in this case." June 16 order, p. 9. The plaintiff's motion for protective order is its latest effort to avoid disclosure, its obligations under the rules and this Court's order, and to provide the support for its claims.  The plaintiff has not provided any cognizable basis for its refusal to respond. Pennzoil respectfully requests that the Court order the plaintiff to answer Pennzoil's discovery and produce the documents which Pennzoil requested.

13.    Prayer. For these reasons, among others,  Pennzoil moves that the Court:

    (i)    dismiss the plaintiff's claims against Pennzoil Gas Marketing Company with prejudice to re-filing; and

    (ii)    that Pennzoil be granted such other and further relief, including without limitation an award of attorneys' fees and costs, to which it is justly entitled.

or, in the alternative,

8

(i)     deny the plaintiff's motion for protection;

(ii)    order that the plaintiff must answer Pennzoil's interrogatory no. 6 and produce the documents which Pennzoil has requested; and

(iii)   that Pennzoil be granted such other and further relief, including without limitation an award of attorneys' fees and costs, to which it is justly entitled.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas  77056
(713) 840-9200 Telephone
(713) 840-9217 Facsimile

By: _Bradley M. Whalen_

Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin
    & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

Attorneys for Pennzoil Gas Marketing Company

CERTIFICATE OF CONFERENCE

On February 6, 2004 I asked Adam Poncio, counsel for the plaintiff, whether the plaintiff is opposed to Pennzoil's motion to dismiss.  Mr. Poncio said that the plaintiff is opposed to Pennzoil's motion.

_Bradley M. Whalen_

Bradley M. Whalen

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served in compliance with Fed. R. Civ. P. 5 on July 29, 2004, addressed as follows:

Adam Poncio
Law Office of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215
Facsimile: (210) 212-5880

Osborne J. Dykes, III
1301 McKinney, Suite 5100
Houston, Texas 77010
Facsimile: (713) 651-5246

Julie Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana
Facsimile: (317) 838-6001

Randy Beevis
Cinergy Marketing & Trading, L.P.
1100 Louisiana, Suite 4900
Houston, Texas 77002
Facsimile: (713) 393-6903

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475
Facsimile: (361) 883-0148

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247
Facsimile: (956) 968-6089

C. Scott Jones
Jerry K. Clements
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Facsimile: (214) 740-8800

David G. Oliveira
Roerig, Oliveira & Fisher LLP
866 West Price Road, Suite 9
Brownsville, Texas 78520
Facsimile: (956) 542-0016

Rene O. Oliveira

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, | § | |
| ET AL. | § | |

## ORDER OF DISMISSAL WITH PREJUDICE

On this day the Court considered Pennzoil Gas Marketing Company's motion to dismiss pursuant to Fed. R. Civ. P. 41(b). The Court finds that the City of San Benito has failed to comply with the Court's June 16, 2004 order that the City of San Benito produce evidence of its claims against Pennzoil Gas Marketing Company. Pursuant to the Court's June 16, 2004 Order, the Court dismisses the City of San Benito's claims against Pennzoil Gas Marketing Company with prejudice to refiling. This order operates as a final adjudication on the merits that the City of San Benito takes nothing by way of its claims against Pennzoil Gas Marketing Company. Pennzoil Gas Marketing Company shall recover its costs from the City of San Benito.

SIGNED on this ___ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF SAN BENITO,               §
                                  §
v.                                §
                                  §        C.A. NO. B03-080
                                  §
TEJAS GAS PIPELINE COMPANY,       §
ET AL.                            §

## ORDER

On this day the Court considered the City of San Benito's Motion for Protective Order

on Pennzoil Gas Marketing Company's Interrogatory No. 6 and Request for Production.

After considering the motion, the response of the defendant Pennzoil Gas Marketing

Company ("Pennzoil"), including any further replies or other responsive pleadings, the

pleadings and discovery on file, the evidence, and the arguments of counsel, if any, the Court

hereby DENIES the plaintiff City of San Benito's motion in its entirety. The Court further

ORDERS that the plaintiff City of San Benito must answer Pennzoil's interrogatory no. 6 and

produce the documents which Pennzoil has requested within ten business days of this order.

SIGNED on this ___ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

13

J D PAGE          Fax:713-840-9217          Aug 1 2003 12:08    P.02

# J.D. PAGE
**ATTORNEY AT LAW**
3040 POST OAK BOULEVARD, SUITE 850
HOUSTON, TEXAS 77056

TELEPHONE
(718) 840-9200
FACSIMILE
(713) 840-9217
email: jdpage@msn.com

August 1, 2003

Adam Poncio                                    · via fax: 210-212-5880
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

Re:    C. A. No. B03-080; City of San Benito v. Tejas Gas Pipeline Company, et al.;
       in the United States District Court for the Southern District of Texas,
       Brownsville Division

Dear Mr. Poncio:

As we discussed this morning, I represent Devon, the successor to Pennzoil Gas Marketing, Inc. Devon has no record that it or any of its predecessors has ever owned any pipelines or gathering lines in Cameron County. Devon has no reasonable way of searching for records of sales of gas that may have been transported through a pipeline within the city of San Benito. We want to provide information to you in good faith, but we need more information from you in order to do that efficiently. Please send me any documents you have regarding whatever activity it is that you believe has made Pennzoil Gas Marketing or Devon liable in the case at bar, including especially anything indicating Pennzoil sold gas that was transported through the city of San Benito, or that otherwise indicate Pennzoil or Devon took any of the actions that are the subject of the plaintiff's petition.

You have advised me that you plan to schedule a conference call to comply with the parties' obligation to meet prior to the pre-trial and scheduling conference. Please include me in that call. You can reach me at 713-840-9200.

Very truly yours,

J. D. Page

cc:   ·Ramon Garcia                          via fax: 956-381-0825
       Thomas G. Trott                        via fax: 713-286-5759
       Brad Whalen                            via fax: 713-228-6138



EXHIBIT
A

# J.D. PAGE

ATTORNEY AT LAW

3040 POST OAK BOULEVARD, SUITE 850
HOUSTON, TEXAS 77056

TELEPHONE
(713) 840-9200
FACSIMILE
(713) 840-9217
email: jdpage@msn.com

January 5, 2004

Adam Poncio                                            via fax: 210-212-5880
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

Re:    C. A. No. B03-080; City of San Benito v. Tejas Gas Pipeline Company, et al.;
       in the United States District Court for the Southern District of Texas,
       Brownsville Division

Dear Mr. Poncio:

        As we have previously discussed, I represent Devon, the successor to Pennzoil Gas
Marketing, Inc.  I have reviewed your initial disclosures filed on behalf of the City of San
Benito.  I do not see that you have claimed any damages owed by Devon/Pennzoil Gas
Marketing, Inc.  If there are no damages claimed against Devon/Pennzoil Gas Marketing, than
I ask that you dismiss Devon/Pennzoil Gas Marketing before my client has to spend any more
time or money on this matter.  If I do not hear back from you, I will file a motion to dismiss.
If there are damages claimed against Devon/Pennzoil Gas Marketing, than I ask that you tell
me what those damages are and provide me the documents in your possession, custody or
control on which you base your damages calculations.

        I note that in your initial disclosures you state that documents are available through the
Public Utility Commission or the Federal Energy Regulatory Commission.  If you intend to
pursue this matter, I believe you will have to provide the documents or copies to be used as
exhibits in court at the time of trial.  Simply referring generally to governmental agencies of
as being the depositories of unidentified documents does not help me.  I ask that you make
those documents or copies available for my inspection and copying.  I trust that you do have
copies of documents in your possession, custody or control.

        Also, other than as to your damages calculations, please provide me with any documents
you have regarding whatever activity it is that you believe has made Pennzoil Gas Marketing
or Devon liable in the case at bar, including especially anything indicating Pennzoil sold gas
that was transported through the city of San Benito, or that otherwise indicate Pennzoil or

EXHIBIT
B

Devon took any of the actions that are the subject of the plaintiff's complaint.

Very truly yours,

J. D. Page

cc:    Ramon Garcia             via fax: 956-381-0825
       Thomas G. Trott          via fax: 713-286-5759
       Brad Whalen              via fax: 713-228-6138

C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF SAN BENITO,　　　　　§
　　　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§　　　　C.A. NO. B03-080
　　　　　　　　　　　　　　　　§
TEJAS GAS PIPELINE COMPANY,　§
ET AL.　　　　　　　　　　　　§

FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

To:　City of San Benito, by serving its counsel of record, Adam Poncio, Law Offices of
Cerda & Poncio, 924 McCullough, San Antonio, Texas 78215-1642 and Ramon Garcia,
Law Office of Ramon Garcia, P.C., 222 West University Drive, Edinburg, Texas 78539.

Pennzoil Gas Marketing Company requests that you serve upon the undersigned
attorney, thirty (30) days after you receive this discovery request, answers in response to the
interrogatories, and documents, items and things in response to the request for production.

You are advised that these interrogatories and request for production are continuing in
nature, and you are under a duty to supplement your answers. Pennzoil serves these
interrogatories subject to and without waiver of Pennzoil's motion to dismiss and motion to
quash San Benito's discovery requests.

Respectfully submitted,

J. D. Page
State Bar No. 15406700
3040 Post Oak Blvd., Suite 850
Houston, Texas 77056
(713) 840-9200 Telephone
(713) 840-9217 Facsimile

1


EXHIBIT
C

By: _Bradley M. Whalen_ (signature)
Bradley M. Whalen
State Bar No. 21238800
Doyle, Restrepo, Harvin
    & Robbins, L.L.P.
4700 Chase Tower
600 Travis Street
Houston, Texas 77002
(713) 228-5100 Telephone
(713) 228-6138 Facsimile

Attorneys for Pennzoil Gas Marketing Company

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on March 5, 2004.

Adam Poncio
Law Office of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215
Facsimile: (210) 212-5880

Osborne J. Dykes, III
1301 McKinney, Suite 5100
Houston, Texas 77010
Facsimile: (713) 651-5246

Julie Ezell
Cinergy Marketing & Trading, L.P.
1000 East Main Street
Plainfield, Indiana

Randy Beevis
Cinergy Marketing & Trading, L.P.
1100 Louisiana, Suite 4900
Houston, Texas 77002
Facsimile: (713) 393-6903

2

Francis I. Gandy
Attorney at Law
148 American Bank Plaza
Corpus Christi, Texas 78475
Facsimile: (361) 883-0148

Robert Galligan
Jones, Galligan, Key & Lozano, LLP
2300 West Pike, Suite 300
Weslaco, Texas 78599-1247


_____
Bradley M. Whalen


3

I.   **Definitions and Instructions**

A.   The terms "defendant" and "Pennzoil" as used herein shall refer to the defendant Pennzoil Gas Marketing Company, and all of its agents or attorneys, purporting to act on its behalf, whether authorized to do so or not.

B.   The terms "plaintiff" and "San Benito" as used herein shall refer to the City of San Benito, and all of its agents or attorneys purporting to act on its behalf, whether authorized to do so or not.

C.   The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

D.   The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following:  contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all of writing of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

E.   The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

F.   To "identify" a document shall include a statement of the following:

4



1. the title, heading, or caption, if any, of such document;

2. the identifying numbers(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document or evaluation of any claim of protection from discovery;

3. the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

4. the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

5. the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and shall give the name of the person who prepared it;

6. the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7. the physical location of the document and the name of its custodian;

8. whether it will be voluntarily made available to defendant for inspection and copying; and if not, the reasons why not.

G. To "identify" a person shall include a statement of the following, where applicable:

1. the full name of the person;

2. that person's present employer and job title, if known; if not known, the answer shall so state;

3. the employer and job title of such person at the time of the event, transaction, or occurrence to which the interrogatory relates, if different from the information above; and

4.     that person's present business and residential address and telephone numbers, if known; if not known, the last known business and residential address and telephone numbers.

H.     To "identify" a communication means to state:

1.     the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2.     by whom each person was employed and who each person represented or purported to represent in making such communication;

3.     the substance of the communication;

4.     the date and place of such communication;

5.     the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6.     the physical location of each such document and the name of its custodian; and

7.     whether it will be voluntarily made available to defendant for inspection and copying; and if not, the reasons why not.

## II.    General Instructions

1.     In answering these interrogatories, please furnish all information as is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2.     If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3.     Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

4.     Documents produced in response hereto shall be organized and labeled to

6

correspond to the categories in the request or produced as they are kept in the usual course of business.

5.    If privilege of work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

6.    In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

## INTERROGATORIES

1.    Identify each and every factual basis on which San Benito claims that Pennzoil has owned a pipeline within the San Benito city limits since 1941, and identify all facts known to San Benito which suggest and/or prove that Pennzoil has not owned a pipeline within the San Benito city limits since 1941.

Response:

2.    Identify each and every factual basis on which San Benito claims that Pennzoil has owned a pipeline within the San Benito city limits since 1941 which San Benito knew and/or had in its possession, custody or control at the time San Benito filed its response to notice of removal and motion to remand with supporting authorities

Response:

3.    Identify each and every basis on which San Benito seeks to impose liability on Pennzoil

7

under San Benito Ordinance no. 478, including without limitation all factual bases, all claims and/or causes of action and all applications of law to facts.

Response:

4.    Identify each and every factual basis on which San Benito seeks to impose liability on Pennzoil under San Benito Ordinance no. 478 which San Benito knew and/or had in its possession, custody or control at the time San Benito filed its response to notice of removal and motion to remand with supporting authorities.

Response:

5.    Identify the date by which San Benito knew that Pennzoil has not owned a pipeline or other property within the San Benito city limits at any time since 1941.

Response:

## DOCUMENT REQUESTS

1.    All documents, items and things on which San Benito relies for its allegation that Pennzoil has owned a pipeline within the San Benito city limits since 1941.

Response:

2.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not owned a pipeline within the San Benito city limits since 1941.

Response:

3.    All documents, items and things on which San Benito relies for its claim that Pennzoil has occupied or used San Benito city property since 1941.

Response:

4.    All documents, items and things which indicate, suggest and/or prove that Pennzoil has not occupied or used San Benito city property since 1941.

8



Response:

5.  All documents, items and things on which San Benito relies for its claim that Pennzoil owes money or is otherwise liable to San Benito under San Benito Ordinance no. 478.

    Response:

6.  All documents, items and things which indicate, suggest and/or prove that Pennzoil is not liable to San Benito under San Benito Ordinance no. 478.

    Response:

7.  All documents, items and things on which San Benito relies for its claim that Pennzoil used the streets, highways, alleys, parks or other public places within the San Benito city limits for the sale and/or distribution of natural gas since 1941.

    Response:

8.  All documents, items and things which indicate, suggest and/or prove that Pennzoil has not used the streets, highways, alleys, parks or other public places within the San Benito city limits for the sale and/or distribution of natural gas since 1941.

    Response:

9.  All documents, items and things on which San Benito relies for its claim that Pennzoil owned or operated any fixtures and/or appurtenances for the sale and/or distribution of natural gas within the San Benito city limits since 1941.

    Response:

10. All documents, items and things which indicate, suggest and/or prove that Pennzoil has not owned or operated any fixtures and/or appurtenances for the sale and/or distribution of natural gas within the San Benito city limits since 1941.

9

Response:

11.   All documents, items and things on which San Benito relies for its claim that Pennzoil used and/or maintained any auxiliary lines for the sale and/or distribution of natural gas in any of the streets, alleys, parks or other public places within the San Benito city limits.

      Response:

12.   All documents, items and things which indicate, suggest and/or prove that Pennzoil has not used and/or maintained any auxiliary lines for the sale and/or distribution of natural gas in any of the streets, alleys, parks or other public places within the San Benito city limits.

      Response:

13.   All documents, items and things on which San Benito relies for its claim that Pennzoil has operated as a gas utility within the San Benito city limits.

      Response:

14.   All documents, items and things which indicate, suggest and/or prove that Pennzoil has not operated as a gas utility within the San Benito city limits.

      Response:

15.   All documents, items and things on which San Benito relied for its contention in ¶3.9 of San Benito's second supplemental Fed. R. Civ. P. 26 disclosure statement that Pennzoil sold $576,334 worth of natural gas at the San Benito power plant.

      Response:

16.   All documents, items and things which indicate or suggest that Pennzoil has sold gas at the San Benito power plant.

      Response:

17.     All documents, items and things which indicate, suggest and/or prove that Pennzoil has not sold gas at the San Benito power plant.

<u>Response</u>:


18.     All documents, items and things which San Benito has obtained from the FERC, the Texas Railroad Commission or the PUC of Texas which relate to or mention Pennzoil.

<u>Response</u>:


19.     All documents, items and things which indicate and/or suggest that Pennzoil has owned and/or sold natural gas within the San Benito city limits.

<u>Response</u>:


20.     All documents, items and things which San Benito has mailed, delivered or otherwise transmitted to Pennzoil relating to Pennzoil's alleged sales of natural gas within the San Benito city limits and/or Pennzoil's alleged ownership of a pipeline or other property within the San Benito city limits.

<u>Response</u>:


11

D



# J.D. PAGE

ATTORNEY AT LAW

3040 POST OAK BOULEVARD, SUITE 850
HOUSTON, TEXAS 77056

TELEPHONE
(713) 840-9200
FACSIMILE
(713) 840-9217
email: jdpage@msn.com

April 13, 2004

Adam Poncio, Esq.                                    via fax: 210-212-5880
Law Offices of Cerda & Poncio
924 McCullough
San Antonio, Texas 78215-1642

Re:     C. A. No. B03-080; City of San Benito v. Tejas Gas Pipeline Company, et al.;
        in the United States District Court for the Southern District of Texas,
        Brownsville Division

Dear Mr. Poncio:

## Your documents

I sent you letters on August 1, 2003 and January 5, 2004, in which I asked that, among other things, you "please provide me with any documents you have regarding whatever activity it is that you believe have made Pennzoil Gas Marketing or Devon liable in the case at bar, including especially anything indicating Pennzoil sold gas that was transported through the city of San Benito, or that otherwise indicate Pennzoil or Devon took any of the actions that are the subject of the plaintiff's complaint." I have not received any such documents. If I correctly understood a pleading which you recently filed with the Court (San Benito's Motion to Reconsider and Response to Motion to Dismiss based on Pipeline Ownership, dated April 1, 2004), you seemed to indicate (at page 3) that you had some such documents. If this is correct, I repeat my request that you provide me with those documents. If you prefer to make the documents available to me in order that I can have them copied, please tell me that and I will make arrangements. If you believe you have previously offered to make those documents available to me, please let me know when and how you did that.

## Your answers to Pennzoil's interrogatories

**Interrogatories 1 and 2:** In answer to Pennzoil's interrogatories 1 and 2, you have answered that the information requested "is more readily known by Pennzoil." I do not believe that answer is appropriate. U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill., 66 F.R.D. 570, 573 (E.D.Ill.1975); Wilmington Country Club v. Horwath & Horwath, 46 F.R.D. 65 (E.D.Pa.1969); Rowe Spacarb, Inc. v. Cole Products Corp., 21 F.R.D. 311 (N.D.Ill.1956); Gutowitz v. Pennsylvania Railroad Co., 7 F.R.D. 144 (E.D.Pa.1945); Patterson Oil Terminals v. Charles Kurz & Co., 7 F.R.D. 250 (E.D.Pa.1945).

EXHIBIT
D

Fax Received: 04/13/2004 03:14PM 713 840 9217 * Pg 3

J D PAGE    Fax:713-840-9217    Apr 13 2004  15:18    P.03

Adam Poncio, Esq.
April 13, 2004
page 2

I ask that you give us the information which San Benito has knowledge of, or within its possession, custody or control.

As to your statement that San Benito has evidence that Pennzoil sold gas, I have requested that you produce such evidence if it is in documentary form (see, for example, the first paragraph to this letter and Pennzoil's requests for production 15, 16 and 19). I also believe if there is an individual that has such information, then it is appropriate for you to provide his name, contact information and a statement as to what it is he knows. I think this is called for both by Rule 26 and by Pennzoil's interrogatories 1-4.

Since you have indicated in your responses to Pennzoil's requests for production 1 and 13 that responsive documents are in Pennzoil's possession, custody or control, please identify those documents specifically for me (and please do not give me a circular "go chase your tail" kind of response). Please do not tell me generally to search FERC or PUC records, but instead produce for me any copies of such records you have in your possession, custody or control, or at the very least give me a pinpoint cite to the specific records you are referring to. While I think production of the records is required, there should be no question that a pinpoint cite to the specific FERC or PUC documents San Benito relies on is necessary. See Struthers Scientific and International Corporation v. General Foods Corporation, 45 F.R.D. 375, 380 (S. D. Tex. 1968).

Your responses to requests for production 1 and 13 seem to indicate that you believe Pennzoil has documents or that certain "information is more readily known" or "more readily available" to Pennzoil. Please provide us with a specific list of the documents you refer to, and the contact information for persons with that knowledge and the specific information known to such person(s). This is not a fresh interrogatory or request for production, but rather is called for by the existing interrogatories and requests for production.

Interrogatories 3 and 4: As to your answer to interrogatories 3 and 4, you have stated that "it is San Benito's belief that Pennzoil sold gas to other customers inside the city of San Benito." This answer takes us back to the requests for disclosure, interrogatory 1 and request for production 15, 16 and 19: What documents do you have to support this "belief," and who knows or holds this "belief"? This is not a fresh interrogatory or request for production, but rather is called for by the existing interrogatories and requests for production and by your obligations under rule 26.

Interrogatory 5: Since you have incorporated your answers to interrogatories 1-4, Pennzoil's same points above apply here. Further, even though you state "pipeline



Adam Poncio, Esq.
April 13, 2004
page 3

ownership is but one issue," it is the threshold issue as I understood Judge Hanen at the rule 16 conference, and it is an issue as to which I believe San Benito is obligated to provide full responsive information and documents.   Please provide us your answer.

### Your responses to Pennzoil's request for production

**Requests 1, 3, 5, 7, 9, 11, 13, 15, 16, 18, 19 and 20:** I did not receive any documents from you, although your responses indicate that some documents were attached.  If you intended to attach documents, please send them.

**Requests 1 and 13:** Since you have indicated in your responses to Pennzoil's requests for production 1 and 13 that responsive documents are in Pennzoil's possession, custody or control, please identify those documents specifically for me (and please do not give me a circular "go chase your tail" kind of response).  Please do not tell me generally to search FERC or PUC records, but instead produce for me any copies of such records you have in your possession, custody or control, or at the very least give me a pinpoint cite to the specific records you are referring to.

### Your responses to Pennzoil's requests for admission

**Request 2:** You comment that we have not defined the word "inquiry."  Please understand our use of the word "inquiry" to be the same as that in Fed. R. Civ. P. 11(b) ("... formed after an inquiry reasonable under the circumstances, ....").

Further, your response does not respond to the specific request: the request is limited to whether San Benito made an inquiry regarding gas pipeline ownership by Pennzoil, but you address instead sales of natural gas.  With that understanding, please respond to the request as written. [This letter is not intended to re-write the request, but only to make sure that you understand that the focus of the request was not on gas sales, which was what you addressed in your response.]

**Request 3:** As with your response to request 2, your response does not respond to the specific request: the request is limited to whether San Benito had evidentiary support for its assertions regarding gas pipeline ownership by Pennzoil, but you address instead sales of natural gas.  With that understanding, please respond to the request as written. [This letter is not intended to re-write the request, but only to make sure that you understand that the focus of the request was not on gas sales, which was what you addressed in your response.]

**Request 4:** As with your responses to request 2 and 3, your response does not

Adam Poncio, Esq.
April 13, 2004
page 4

respond to the specific request: the request is limited to whether San Benito had <u>documents</u> in its possession, custody or control which showed <u>gas pipeline ownership</u> by Pennzoil in San Benito, but since you incorporate your response to request 3 you again address instead only sales of natural gas, not pipeline ownership. With that understanding, please respond to the request as written.  [This letter is not intended to re-write the request, but only to make sure that you understand that the focus of the request was not on gas sales, which was what you addressed in your response.]

Request 6: As with request 1, you comment that we have not defined the word "inquiry." Again, please understand our use of the word "inquiry" to be the same as that in Fed. R. Civ. P. 11(b) ("... formed after an inquiry reasonable under the circumstances, ....").

Further, your response does not respond to the specific request: the request is limited to whether San Benito made an <u>inquiry</u> regarding ownership of <u>gas pipeline fixtures</u> by Pennzoil, but you again address instead sales of natural gas. With that understanding, please respond to the request as written. [This letter is not intended to re-write the request, but only to make sure that you understand that the focus of the request was not on gas sales, which was what you addressed in your response.]

Requests 7-12, 28-30: Kindly see what I have written above regarding your responses 2-6.

Requests 27 and 41: Please give a response based on San Benito's current information.

If you do not agree to produce the documents and provide discovery responses as set out above, I will file a motion to compel on behalf of Pennzoil.  I will call you to visit about this.

<u>Attorney in charge</u>

Please change your records so that they may properly reflect that I am the lead counsel for Pennzoil.

Very truly yours,

J. D. Page

J D PAGE



Fax Received: 04/13/2004 03:14PM 713 840 9217 * Pg
Fax:713-840-9217

Apr 13 2004  15:19    P.06

Adam Poncio, Esq.
April 13, 2004
page 5

cc:   Rene Oliveira                         via fax: 956-542-0016
      Thomas G. Trott                 via fax: 713-286-5759
      Brad Whalen                      via fax: 713-228-6138