**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 1 3 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff, | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| Defendants | § | |

**CITY OF SAN BENITO'S MOTION TO COMPEL, MOTION FOR CONTINUANCE
AND MOTION TO EXTEND TIME FOR DESIGNATION OF EXPERTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito, Plaintiff in the above entitled and numbered cause, and files this Motion to Compel, Motion for Continuance and Motion to Extend Time for Designation of Experts, and in support thereof, would show the Court the following:

1.   This is a suit involving Defendant's failure to pay for use of City property and/or rights of way. The Court should note that the Plaintiff did not join Defendants in the litigation. Initially the matter was a class action pending and resolved in Cameron County. After resolution of the class action, Plaintiff filed an Amended Petition naming Defendants and informing the Defendants that they had not been served, in an attempt to resolve the matters without litigation. Defendants voluntarily filed answers and joined in the litigation without having been served. The basis of this litigation was the ordinance, which does not expressly require pipeline ownership for application of the Ordinance.

2.   In 1941, the City of San Benito passed ordinance No. 478, which is described in detail and attached hereto as Exhibit "A", which is incorporated herein by reference as if stated in the verbatim. In summary, Ordinance No. 478 states that all persons and corporations using and maintaining pipelines for the sale of natural gas in any of the streets shall report the gross

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 1

receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% of the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." Defendants in this matter have failed to pay the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

3.     Initially, this cause of action was brought against multiple Defendants, including: (1) Defendants TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., GULF ENERGY MARKETING COMPANY, GULF ENERGY MARKETING, L.L.C., CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., SHELL GAS TRADING COMPANY, and TRANSCO PETRO SOURCE COMPANY (n/k/a TRANSCO P-S CO); and (3)Defendants CONOCO INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., AMOCO ENERGY TRADING CORP. (n/k/a BP ENERGY CO), BP ENERGY COMPANY,, ANADARKO ENERGY SERVICES CO., NATURAL GAS CLEARINGHOUSE, INC.,, ARCO NATURAL GAS MARKETING, INC. (n/k/a VASTAR GAS MARKETING, INC.), VASTAR GAS MARKETING, INC., TEXACO EXPLORATION AND PRODUCTION, INC.,, CHEVRON U.S.A. INC., TOTAL E&P USA, INC (successor in interest to FINA), and UNION PACIFIC RESOURCES COMPANY (n/k/a ANADARKO E&P CO., LP). Ultimately, Plaintiff dismissed claims against all Defendants except the Tejas Defendants, now known as the Kinder Morgan Defendants.

4.     Defendants filed a stipulation with the Court on or about April 8, 2005, Exhibits "B" and "C", stipulating that the Tejas Defendants were merged into Kinder Morgan Tejas Pipeline,

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 2

L.P., and identifying the Tejas Defendants as what will be referred to as the Kinder Morgan Defendants.

5.   As part of the Court's Scheduling Order of September 23, 2004, Exhibit "D", the Court set Plaintiff's deadline for designating experts and reports furnished by April 29, 2005. Defendants' deadline for designating experts and providing reports was June 17, 2005. The discovery deadline was September 1, 2005 and trial was set for November 3, 2005. The parties agreed to extend the Plaintiff's expert designation to July 13, 2005. The parties mutually agreed Defendant's experts were to be designated by August 21, 2005 and agreed to extend the discovery deadline to September 16, 2005.

6.   Plaintiff first served the Kinder Morgan Defendants with their first and second requests for production and requests for admissions on February 27, 2004. The requests were again sent on June 30, 2004. Finally, the requests were sent a third time on May 6, 2005. Defendants filed their responses on June 8, 2005, attached hereto as Exhibit "E". However, Defendants provided no responsive documents and asserted various unwarranted objections to the requests. Moreover, Defendants made no reference to a confidentiality agreement nor did they make any such request to the court for a confidentiality or protective order.

7.   The offices of Plaintiff's counsel contacted the offices for Defendants' counsel and informed them that no responsive documents had been produced. Plaintiff's counsel requested that responsive documents be immediately produced. As a result, Defendants' counsel forwarded to Plaintiff's counsel for the first time on June 21, 2005, a proposed Agreed Confidentiality and Protective Order, Exhibit "G". Without the signed document, Defendants' counsel indicated they would not produce the responsive documents and indeed have failed to produce responsive documents to date, Exhibit "H".

8.   On July 6, 2005, the Kinder Morgan Defendants forwarded to Plaintiff's counsel, items identified as Bates' documents KM 0001-KM0162, Exhibit "F". Defendants noted that it

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 3

was only a partial production of documents and that any remaining documents would not be produced without an executed overbroad Agreed Confidentiality and Protective Order.

9. The continued withholding of documents was made without any order of the court or request of the court for a Confidentiality and/or Protective Order prior to the date production was due. As a result, Defendants should be ordered to provide responsive documents and Plaintiff should be provided with ample time to review the responses and prepare an expert report regarding the amount of fees due to the Plaintiff City of San Benito.

10. To date, Defendants have failed to produce the documents necessary for Plaintiff to properly prepare expert reports and/or its case in chief. As a result, on June 22, 2005, Plaintiff's counsel forwarded a set of interrogatories which included an interrogatory regarding the total amount of sales made within the City of San Benito, which could eliminate the need for production of these allegedly confidential documents and could provide the information necessary for production of expert reports and to properly prepare for trial.

11. Moreover, Plaintiff's counsel needs dates for depositions of corporate representatives with knowledge, including knowledge of sales and amounts of sales made by Defendants within the City of San Benito.

12. Plaintiff requests that Defendants be immediately ordered to produce the documents requested and put all documents in usable form as regards electronic information. Moreover, Plaintiff requests that Defendants objections be overruled and any request for a protective order or confidentiality agreement be denied.

GOOD CAUSE

13. Without the documents requested, Plaintiff cannot adequately respond to discovery and/or prepare for trial in this matter. A determination of the amounts of sales and pipes maintained, used and/or owned by Defendant is essential to the proper preparation of the Plaintiff's case. Defendants refuse to provide responsive documents without an agreed

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 4

confidentiality order. However, the proposed confidentiality order is extreme and overbroad. Moreover, Defendants indicate that some information is available only in electronic form; although the information has to be clearly available to the company and can be produced to the Plaintiff in some written form. Finally, Defendants' objections are without merit and should be overruled. Despite repeated requests, Defendants have failed to produce responsive documents and/or the information requested. In the interests of justice, Plaintiff requests this court grant this Motion to Compel and Motion for Continuance to allow Plaintiff the opportunity to review any documents ordered produced, take the deposition of a corporate representative, prepare an expert report, cross-examine Defendants' experts and properly prepare for trial.

CONCLUSION

14. Based on the foregoing, Plaintiff contends that the record reflects that it has been diligent in pursuing discovery in this matter. The current circumstances are based not on Plaintiffs lack of diligence, but rather on Defendants' refusal to properly produce documents, properly request a confidentiality agreement and protective order of the Court, and Defendants' improper objections. Because of Defendants' acts or omissions, Plaintiff is unable to properly prepare an expert report and properly prepare for trial.

REQUEST FOR RELIEF

15. Plaintiff requests that the Court overrule Defendants' objections, and/or deny any request for a confidentiality agreement or protective order, and/or order Defendants to immediately produce all responsive documents and other information in written form, and/or extend the deadlines for designating experts and/or producing expert reports, and/or continue the trial in this matter.

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 5

Respectfully submitted,

**ADAM PONCIO**
**State Bar No. 16109800**
**LAW OFFICES OF CERDA & PONCIO**
**A Professional Corporation**
**924 McCullough Ave.**
**San Antonio, Texas 78215-1642**
**Telephone (210) 212-7979**
**Facsimile  (210) 212-5880**

**ATTORNEY FOR PLAINTIFF**

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 6

## CERTIFICATE OF CONFERENCE

I certify that I conferred or attempted to confer with opposing counsel regarding the substance of this motion.  Defendants would not agree to the motion.

_____
Adam Poncio

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 7

## CERTIFICATE OF SERVICE

I do hereby certify that on this 12th day of July, 2005, forwarded a true and correct copy of the above document to all counsel of record:

Ramon Garcia
Oscar Alvarez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

**ADAM PONCIO**

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 8