# EXHIBIT "E"

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1301 McKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

JPALMER@FULBRIGHT.COM                              TELEPHONE:    (713) 651-5151
DIRECT DIAL:  (713) 651-3719                       FACSIMILE:    (713) 651-5246

June 8, 2005

**BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED**

Mr. Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, TX 78215-1642

  Re: Cause No. B03-080; *City of San Benito v. Kinder Morgan Tejas Pipeline, LP*, In
    the United States District Court for the Southern District of Texas, Brownsville
    Division _____

Dear Adam:

  Enclosed are the following discovery responses:

- Kinder Morgan Tejas Pipeline, L.P.'s Responses and Objections to Plaintiff's First
  Request for Admissions;

- Kinder Morgan Tejas Pipeline, L.P.'s Response and Objections to Plaintiff's First
  Request for Production; and

- Kinder Morgan Tejas Pipeline, L.P.'s Response and Objections to Plaintiff's Second
  Request for Production.

  If you have any questions please feel free to contact me.

      Yours very truly,

      Jeffrey D. Palmer

**RECEIVED**

JUN 1 0 2005

JDP:krg
Enclosures
cc: Mr. Osborne J. Dykes *(Firm)*

30942622.1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **C. A. NO. B03-080** |
| | § | **JURY TRIAL REQUESTED** |
| **KINDER MORGAN TEJAS PIPELINE, L.P.,** | § | |
| | § | |
| **Defendants.** | § | |

### KINDER MORGAN TEJAS PIPELINE, L.P.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to the Federal Rules of Civil Procedure, Kinder Morgan Tejas Pipeline, L.P.

serve its responses and objections to Plaintiff's First Request for Admissions.

Respectfully submitted,

Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas
Pipeline, L.P.

RECEIVED
JUN 1 0 2005

30659973.2

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
 William D. Wood
 State Bar No. 21916500
 Jeffrey D. Palmer
 State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
 David G. Oliveira
 State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas  78520
Telephone:  956-542-5666
Facsimile:  956-542-0016

## <u>CERTIFICATE OF SERVICE</u>

 This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 8, 2005.

         Jeffrey D. Palmer

## RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no. 478 under which the City of San Benito is basing its suit against the Defendants herein.

**RESPONSE:** After a reasonable inquiry, the information known or easily obtainable is insufficient to enable defendant to admit or deny the request.

**REQUEST FOR ADMISSION NO. 2:** Admit that exhibit 1 attached hereto is a true and correct copy of ordinance no. 478 under which the City of San Benito is basing its claim against the Defendant on whom this request for admissions has been served.

**RESPONSE:** After a reasonable inquiry, the information known or easily obtainable is insufficient to enable defendant to admit or deny the request.

**REQUEST FOR ADMISSION NO. 3:** Admit that after January 1, 1941, the Defendant did use the streets, highways, alleys, parks, or other public places within the City of San Benito, Texas for the sale and distribution of natural gas.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 4:** Admit that after January 1, 1941, the Defendant did sell and/or distribute natural gas within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** Admitted that Kinder Morgan Tejas Pipeline, L.P. and its predecessors have sold gas to only one customer within the City of San Benito, Central Power & Light Company. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 5:** Admit that after January 1, 1941, the Defendant did own or operate any pipelines within the City of San Benito, Texas.

**RESPONSE:** Admitted that Kinder Morgan Tejas Pipeline, L.P. owns a transmission pipeline located partially in the City of San Benito. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 6:** Admit that after January 1, 1941, the Defendant did own or operate any fixtures and appurtenances for the sale and distribution of natural gas within the City of San Benito, Texas.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 7:** Admit that after January 1, 1941, the Defendant did use or maintain any pipelines within the City of San Benito, Texas.

**RESPONSE:** Admitted that Kinder Morgan Tejas Pipeline, L.P. owns a transmission pipeline located partially in the City of San Benito. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that after January 1, 1941, the Defendant did use and maintain any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks or other public places within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 9:** Admit that after January 1, 1941, the Defendant did operate as a gas utility within the City of San Benito, Texas.

**RESPONSE:** Admitted, however the gas utility functions performed by Kinder Morgan Tejas Pipeline, L.P. and its predecessors do not include distribution of gas.

**REQUEST FOR ADMISSION NO. 10:** Admit that Defendant did sell any natural gas for heat, power, or other purposes within corporate limits of the City of San Benito, Texas.

**RESPONSE:** Admitted that Kinder Morgan Tejas Pipeline, L.P. and its predecessors have sold gas to only one customer within the City of San Benito, Central Power & Light Company. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 11:** Admit that Defendant has ever owned any gas pipelines within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** Admitted that Kinder Morgan Tejas Pipeline, L.P. owns a transmission pipeline located partially in the City of San Benito. Otherwise, denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that Defendant has used and/or maintained any lines for the sale and distribution of natural gas within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in the City of San Benito, Texas.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that the Defendant has evidence that Defendant used and/or maintained any main or auxiliary lines, appurtenances and/or fixtures for the sale and distribution of natural gas in any of the streets, alleys, parks and other public places within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** Denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF SAN BENITO,                    §
                                       §
        Plaintiff,                     §
                                       §
                                       §
V.                                     §          C. A. NO. B03-080
                                       §          JURY TRIAL REQUESTED
KINDER MORGAN TEJAS PIPELINE, L.P.,    §
                                       §
        Defendants.                    §

**KINDER MORGAN TEJAS PIPELINE, L.P.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Pursuant to the Federal Rules of Civil Procedure, defendant Kinder Morgan Tejas

Pipeline, L.P. serves its responses and objections to Plaintiff's First Request for Production.

Respectfully submitted,


Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas
Pipeline, L.P.

RECEIVED
JUN 1 0 2005

30659910.1

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 8, 2005.

_____
Jeffrey D. Palmer

## GENERAL OBJECTIONS

Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") makes the following general objections to Plaintiff's First Request for Production, and incorporates each of the General Objections into its response to each individual request for production, regardless of whether any of the General Objections are set forth in response to each request. The inclusion of one or more of the following General Objections in the objections to a specific request for production is for convenience only and does not constitute a waiver of the remainder of the objections for that specific request for production.

1.      Kinder Morgan objects to the discovery requests to the extent that they purport to obligate Kinder Morgan to respond in any manner that exceeds the requirements of the Federal Rules of Civil Procedure.

2.      Kinder Morgan generally objects to the discovery requests to the extent that they seek privileged communications and documents, and attorney work product; and these defendants assert and do not waive any and all privileges available to it by the law of Texas or any other relevant state or under federal law.

3.      Kinder Morgan objects to each and every request for production to the extent that it requests documents or seeks information that is in the public domain, that is not in the possession of Kinder Morgan, or that is equally available to the City of San Benito.

4.      Kinder Morgan objects to each and every request for production under FED R. CIV. P. 26(b)(2) to the extent (1) that it requires a search that is oppressive, unduly burdensome and expensive, and the burden and expense of the proposed discovery outweighs its likely benefit, (2) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, or (3) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.

5.      A response that documents will be produced is not a representation that any such documents exist.

## DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections.  Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas"  Therefore, copies of contracts regarding sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party.  Additionally, this request is not limited in time.  Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 2:** Please produce the original or copies of each contract controlling each sale of natural gas made by Defendant within the corporate limits of the City of San Benito, Texas.

**RESPONSE:**  See response to request for production no. 1.

**REQUEST FOR PRODUCTION NO. 3:** Please produce the original or copies of all checks or other negotiable instruments used by defendant for each sale of natural gas within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections.  Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas"  Therefore, copies of checks or negotiable instruments regarding sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time.  Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 4:** Please produce the original or copies of all checks or

other negotiable instruments used by Defendant to pay for each sale of natural gas within the

corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2)
that the proposed discovery is overly broad and unreasonably burdensome because the ordinance
which is the basis for this lawsuit is only directed to persons "using and maintaining any main
and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . .
within the corporate limits of the City of San Benito, Texas" Therefore, copies of checks or
negotiable instruments regarding sales of natural gas which do not constitute "distribution" are
not relevant to the claim or defense of any party nor reasonably calculated to lead to the
discovery of admissible evidence that is relevant to the claim or defense of any party.
Additionally, this request is not limited in time. Subject to and without waiving the foregoing
objections, Kinder Morgan will produce responsive documents at a mutually agreed time and
place.

**REQUEST FOR PRODUCTION NO. 5:** All documents, conveyances, deeds, instruments,

recordings, or other written material which would show that Defendant was the owner and/or

operator of any pipelines, main and auxiliary lines, appurtenances and fixtures for the sale and

distribution of natural gas within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections. Kinder Morgan objects to this discovery request to the
extent it assumes facts not in evidence and makes a legal conclusion, specifically that Kinder
Morgan "distributed" natural gas based on its ownership of a pipeline within the City of San
Benito. Kinder Morgan further objects under FED. R. CIV. P. 26(b)(2) that the proposed
discovery is overly broad and unreasonably burdensome because the ordinance which is the basis
for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines,
appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate
limits of the City of San Benito, Texas" Therefore, documents evidencing ownership of
pipelines, main and auxiliary lines, appurtenances and fixtures not used for "distribution" of
natural gas are not relevant to the claim or defense of any party nor reasonably calculated to lead
to the discovery of admissible evidence that is relevant to the claim or defense of any party.
Additionally, this request is not limited in time. Subject to and without waiving the foregoing
objections, Kinder Morgan will produce documents evidencing its ownership of a pipeline within
the City of San Benito at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 6:** All documents, conveyances, deeds, instruments,

recordings, or other written material which would show that the defendant sold any gas, natural

gas or other petroleum products within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 7:** All documents, conveyances, deeds, instruments, recordings, or other written material which would show the amount of natural gas sold or distributed by Defendant within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 8:** All documents, conveyances, deeds, instruments, recordings, or other written material which would show the amounts of gas that Defendant owned or sold within the corporate limits of the City of San Benito, Texas from January 1, 1941 until the present.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally the request is overly broad and harassing in its request for documents spanning 64 years. Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 9:** All documents which would show the ownership, use and/or maintenance by Defendant of any main and/or auxiliary lines, appurtenances and/or fixtures for the sale and/or distribution of natural gas in any of the streets, alleys, parks or other public places within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding ownership of lines, appurtenances, or fixtures used for sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce documents evidencing its ownership of a pipeline within the City of San Benito at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 10:** All documents which would show the ownership, use and/or maintenance by Defendant of any main and/or auxiliary lines, appurtenances and/or fixtures used for the sale and/or distribution of natural gas within the corporate limits of the City of San Benito, Texas.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding ownership of lines, appurtenances, or fixtures used for sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce documents evidencing its ownership of a pipeline within the City of San Benito at a mutually agreed time and place.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF SAN BENITO,                    §
                                       §
        Plaintiff,                     §
                                       §
                                       §
V.                                     §        C. A. NO. B03-080
                                       §        JURY TRIAL REQUESTED
KINDER MORGAN TEJAS PIPELINE, L.P.,    §
                                       §
        Defendants.                    §

### KINDER MORGAN TEJAS PIPELINE, L.P.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Pursuant to the Federal Rules of Civil Procedure, defendant Kinder Morgan Tejas Pipeline, L.P. serves its responses and objections to Plaintiff's Second Request for Production.

Respectfully submitted,

_____
Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

RECEIVED

JUN 1 0 2005

30659857.1

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

    This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 8, 2005.

                        _____
                              Jeffrey D. Palmer

## GENERAL OBJECTIONS

Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") makes the following general objections to Plaintiff's First Request for Production, and incorporates each of the General Objections into its response to each individual request for production, regardless of whether any of the General Objections are set forth in response to each request. The inclusion of one or more of the following General Objections in the objections to a specific request for production is for convenience only and does not constitute a waiver of the remainder of the objections for that specific request for production.

1.      Kinder Morgan objects to the discovery requests to the extent that they purport to obligate Kinder Morgan to respond in any manner that exceeds the requirements of the Federal Rules of Civil Procedure.

2.      Kinder Morgan generally objects to the discovery requests to the extent that they seek privileged communications and documents, and attorney work product; and these defendants assert and do not waive any and all privileges available to it by the law of Texas or any other relevant state or under federal law.

3.      Kinder Morgan objects to each and every request for production to the extent that it requests documents or seeks information that is in the public domain, that is not in the possession of Kinder Morgan, or that is equally available to the City of San Benito.

4.      Kinder Morgan objects to each and every request for production under FED R. CIV. P. 26(b)(2) to the extent (1) that it requires a search that is oppressive, unduly burdensome and expensive, and the burden and expense of the proposed discovery outweighs its likely benefit, (2) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, or (3) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.

5.      A response that documents will be produced is not a representation that any such documents exist.

## DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** Produce documents concerning any revenues you

received from the sale or transportation of natural gas to any consumer located within the City of

San Benito.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2)
that the proposed discovery is overly broad and unreasonably burdensome because the ordinance
which is the basis for this lawsuit is only directed to persons "using and maintaining any main
and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . .
within the corporate limits of the City of San Benito, Texas"  Therefore, documents regarding
revenues received from the sales of natural gas which do not constitute "distribution" are not
relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of
admissible evidence that is relevant to the claim or defense of any party.  Additionally, this
request is not limited in time.  Subject to and without waiving the foregoing objections, Kinder
Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 2:** Produce documents concerning any revenues you

received from the sale or transportation of natural gas to any other person or entity for which the

point of delivery, point of redelivery, or the point of interconnection with any natural gas

pipeline owned by someone other than you, was located within the City of San Benito.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2)
that the proposed discovery is overly broad and unreasonably burdensome because the ordinance
which is the basis for this lawsuit is only directed to persons "using and maintaining any main
and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . .
within the corporate limits of the City of San Benito, Texas"  Therefore, documents regarding
revenues received from the sales of natural gas which do not constitute "distribution" are not
relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of
admissible evidence that is relevant to the claim or defense of any party.  Additionally, this
request is not limited in time.  Subject to and without waiving the foregoing objections, Kinder
Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 3:** Produce documents concerning your ownership or

lease of any real property, any personal property or intangible assets valued in excess of one

thousand dollars ($1,000.00), and any easement obtained by condemnation, judgment, purchase

or other means that is located within the City of San Benito.

**RESPONSE:** *See* General Objections.  Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "**using and maintaining any main and auxiliary lines, appurtenances and fixtures** for the sale and distribution of natural gas . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding ownership or lease of any real property, personal property, or intangible assets other than main and auxiliary lines, appurtenances and fixtures are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party.  Additionally, this request is not limited in time.  Subject to and without waiving the foregoing objections, Kinder Morgan will produce documents evidencing its ownership of a pipeline within the City of San Benito at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 4:** Produce    any    agreements,    correspondence    or

communications between you and CP&L that concern the sale, transportation or purchase of any

natural gas consumed at or delivered to the San Benito electric power generating plant.

**RESPONSE:** *See* General Objections.  Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, documents regarding communications with CP&L concerning the sales of natural gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party.  Additionally, this request is not limited in time.  Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 5:** Produce all reports of local sales of natural gas made

to the City of San Benito.

**RESPONSE:** *See* General Objections.  Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, reports of local sales of nature gas which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party.  Additionally, this request is not limited in time.  The requested documents are also public documents equally available to the City of San Benito.  Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 6:** Produce all reports of natural gas sold to CP&L or to any San Benito based consumer made to the Texas Railroad Commission, the Texas State Comptroller, the Texas Public Utilities Commission, the Federal Energy Regulatory Commission, or any other federal, state, or local governmental agency.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, reports of natural gas sales which do not constitute "distribution" are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. The requested documents are also public documents equally available to the City of San Benito. Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 7:** Produce any permit, consent, or other agreement or authorization to occupy any public property or rights of way located within the City of San Benito.

**RESPONSE:** *See* General Objections. Kinder Morgan objects to this discovery request to the extent it assumes facts not in evidence and makes a legal conclusion, specifically that Kinder Morgan was required to obtain any permit, consent, or agreement to occupy any public property or rights of way. Kinder Morgan further objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, permits, consents, and authorizations not related to the distribution of natural gas are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce documents evidencing its ownership of a pipeline within the City of San Benito at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 8:** Produce documents concerning any natural gas pipeline owned or operated by you located in whole or part within the City of San Benito.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main

and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, ownership of a pipeline not used for "distribution" of natural gas is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce documents evidencing its ownership of a pipeline within the City of San Benito at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 9:** Produce documents concerning any agreement

between you and any other person or entity owning or operating a natural gas pipeline located in

whole or part within the City of San Benito.

**RESPONSE:** *See* General Objections. Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, agreements between Kinder Morgan and other persons owning or operating a natural gas pipeline within the City of San Benito are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.

**REQUEST FOR PRODUCTION NO. 10:** Produce documents concerning any tax (including

sales and ad valorem taxes), rental, permit fee, or any other remuneration paid by you or on your

behalf to the City of San Benito.

**RESPONSE:** *See* General Objections. Kinder Morgan objects to this discovery request to the extent it assumes facts not in evidence and makes a legal conclusion, specifically that Kinder Morgan was required to pay any tax, rental, or permit fee. Kinder Morgan further objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas" Therefore, the discovery request is overly broad and unreasonably burdensome in its request for any tax, rental, or permit fee not related to the Ordinance and are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Additionally, this request is not limited in time. The requested documents are also equally available to the City of San Benito. Subject to and without waiving the foregoing objections, Kinder Morgan will produce responsive documents at a mutually agreed time and place.