**CITY OF ARLINGTON et al. v. LILLARD et al. (No. 4352.)**

Supreme Court of Texas. May 4, 1927.

1. **Municipal corporations ⟺57 — Jurisdiction and power of municipality must be confined to territory of situs, to inhabitants, and to corporate entity.**

 Jurisdiction and power exercised by municipal corporation is and must be confined to territory of its situs (except where authorized for purely local purposes), to its inhabitants, and to its corporate entity.

2. **Municipal corporations ⟺703(1) — Ordinance prohibiting use of streets by motorbusses, in effect denying use of highways outside city, held invalid.**

 Ordinance prohibiting use of certain streets by those engaged in operation of motorbusses or motor vehicles for hire, effect of which was to deny use of state highway which approached and passed through city, *held* invalid as an attempt to exercise power of general government which in its nature cannot be delegated to cities.

3. **Municipal corporations ⟺58 — Doubt as to existence of power will be resolved against municipality (Const. art. 11, § 5; Rev. St. 1925, art. 1175, §§ 12, 16, 17, 20, 21).**

 Where a particular power is claimed for a municipal corporation under Const. art. 11, § 5 (Rev. St. 1925, art. 1175, §§ 12, 16, 17, 20, 21, any fair, reasonable doubt as to existence and possession of power will be resolved against corporation and power denied it.

4. **Municipal corporations ⟺703(1) — Power of municipalities to regulate vehicles for hire is not enlarged by general language found elsewhere in act (Rev. St. 1925, art. 1175, §§ 12, 16, 17, 20, 21).**

 Although Rev. St. 1925, art. 1175, §§ 12, 16, 17, 20, grant to cities broad and general powers over their streets, specific provision under section 21, granting power to regulate, license, and fix charges or fares made by persons operating or controlling vehicles used for carrying passengers for hire or transportation of freight for hire on public streets, is not enlarged by general language found elsewhere in act.

5. **Municipal corporations ⟺703(1) — Cities cannot prohibit use of all streets by carriers of passengers or freight for hire (Rev. St. 1925, art. 1175, §§ 12, 16, 17, 20, 21).**

 Under Rev. St. 1925, art. 1175, §§ 12, 16, 17, 20, 21, cities have no power to prohibit use of all its streets by carriers of passengers or freight for hire.

Appeal from Court of Civil Appeals of Second Supreme Judicial District.

Suit by Lee A. Lillard and others against the City of Arlington and others for injunction to restrain enforcement of ordinance. Temporary injunction was granted, and defendants appealed to the Court of Civil Appeals, which certifies questions to the Supreme Court. Questions answered.

J. W. Beaird, of Arlington, and R. E. Rouer and Gillis A. Johnson, both of Fort Worth, and E. F. Smith, of Austin, for appellants.

Mayer, Rowe & Brown, of Fort Worth, for appellees.

PIERSON, J. The city of Arlington passed an ordinance which prohibits the use of Abrams and Division streets, from the west boundary line of the city limits to the east boundary line of the city, by those engaged in the operation of motorbusses or motor vehicles for hire, and provided a penalty for its violation.

Appellees operate a motorbus line for the carrying of passengers for hire from the city of Fort Worth to the city of Dallas, through the city of Arlington and other intermediate points, taking on and letting off passengers at said intermediate points. Appellees brought this suit in the district court of Tarrant county for an injunction to restrain the enforcement of the ordinance. Among other things, appellees allege that they accept and transport no passengers, and that it is their purpose hereafter not to accept or transport any passengers between points within the city of Arlington; that Division street is a part of the Bankhead highway; and further allege, in effect, as construed by the honoroble Court of Civil Appeals, that Abrams and Division streets are the only streets, thoroughfares, and highways through the city of Arlington which can be used in going from Fort Worth and other points west of Arlington through to Dallas or other points beyond and east of Arlington; that under the provisions of the ordinance they are in fact prohibited from passing through the city of Arlington; that the use of the state highways between the points named is interrupted and denied to them and others similarly situated; and that the prohibition thus exercised is beyond the power under the law for the city to exercise. The other allegations are immaterial.

The district court granted a temporary injunction, from which the city of Arlington appealed without otherwise joining issue, thereby admitting as true the allegations of fact. The honorable Court of Civil Appeals certify to us the following questions:

"1. Does the fact that Division street, in the city of Arlington, is a part of the Bankhead highway, and built in part at the expense of the United States government and of the state of Texas, under the laws of those two sovereignties, preclude the city of Arlington from prohibiting its use by the appellees and others operating motorbusses for hire? In answering this question it may be well for you to consider the fact that the city of Arlington is operating under a charter granted under the 'Home Rule' Amendment to the state Constitution and the statutes passed thereunder.

"2. Irrespective of the foregoing question, has a city the right to prohibit the use of its streets, by an ordinance that does not seek

EXHIBIT G

to merely control and regulate the use of said streets, to those operating motorbusses?

"3. Did the trial court err in granting the injunction as he did?"

The facts of the case as pleaded and certified to us raise two distinct and important issues, either of which, under our view of the law, is conclusive of the case. One involves the power of a municipal corporation in the exercise of its dominion over its streets to affect and interfere with the use of a state thoroughfare or highway outside of and beyond the city limits by prohibiting the use of two certain streets within the city, one of which is a part of said highway. This issue is embodied in question No. 1. The other issue is the power of a city to prohibit the use of all its streets to those carrying passengers for hire. This issue is certified in question No. 2.

In the order that we have stated them above, we shall dispose of these issues.

Appellees alleged Abrams and Division streets are the only streets or thoroughfares which can be used by them in traveling from Fort Worth and other points west of Arlington through the latter city to Dallas and other points east of Arlington; that there are no other ways through Arlington over which they may travel; and that a denial of the use of Abrams and Division streets prevents them from passing through the city, which affects and interferes with their use of the state highway between Fort Worth and Dallas and intermediate points. That such a prohibition and denial does affect and interfere with their use of the state highway, not only through the city of Arlington but outside of and beyond that city's limits, is fairly evident.

A clear statement of the issue, which we have attempted, makes it readily apparent that the power is one that cannot be exercised by municipal corporations.

Much has been said as to the nature and powers of municipal corporations. We refer to the able authors, encyclopædias and other treatises, without citing them.

[1] The limitation of power in mind and adhered to here is that the jurisdiction and power exercised by a municipal corporation is and must be confined to the territory of its situs (except where authorized for purely local purposes), to its inhabitants, to its corporate entity, "and cannot be divorced therefrom, either in fact, thought or law."

Judge Cooley, in Cooley's Constitutional Limitations (7th Ed.) p. 309, says:

"The powers conferred upon municipalities must be construed with reference to the object of their creation, namely, as agencies of the state in local government. The state can create them for no other purpose, and it can confer powers of government to no other end, without at once coming in conflict with the constitutional maxim, that the legislative power cannot be delegated, or with other maxims designed to confine all the agencies of government to the exercise of their proper functions. And wherever the municipality shall attempt to exercise powers not within the proper province of local self-government, whether the right to do so be claimed under express legislative grant, or by implication from the charter, the act must be considered as altogether ultra vires, and therefore void."

A municipality, as a local agency of the state, performs a variety of functions, some governmental, some gainful, and some purely municipal. The power attempted to be exercised here, the prohibition of the use of certain streets, the effect of which is to interfere with the use of a state highway which approaches and passes through the city, is governmental in character. It is not gainful; neither is it purely municipal, but governmental, and we believe goes beyond the powers of local government. Its effect is extraterritorial, and, furthermore, if not directly inconsistent with the general laws of the state, is at least indirectly violative of and inconsistent with the general policy of the state in permitting the use of the highways of the state by those transporting passengers and freight for hire.

[2] The state has not prohibited the use of the highways of the state, which include the streets of cities, to carriers of passengers and freight for hire, and for a city to deny them the use of such streets within its limits as will prevent them from passing through the city effects a denial of the use of the highways outside of the city and those which approach the city from any direction. This is the exercise of a power of the general government, and one in its nature which cannot be delegated to cities. For this reason, as well as for others, this exercise of the power by the city of Arlington is inconsistent with those legislative enactments, general in their nature, pertaining to the highways of the state and their use by the citizens of the state and others, including those carrying passengers for hire.

The power sought to be exercised by the city of Arlington, that to prohibit the use of its streets by commercial vehicles desiring to pass through the city, cannot be treated as coming within the fair intent and purpose of its creation reasonably proper to give effect to the powers granted to it.

The other issue, embodied in question No. 2, is based on the allegation that Abrams and Division are the only through streets and that the denial of their use prevents appellees from passing through the city and is a denial to them of the use of any of the streets or of all the streets of the city.

The Home Rule Amendment to the State Constitution, art. 11, § 5, in part reads as follows:

"Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed

by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the constitution of the state, or of the general laws enacted by the legislature of this state."

[3] We think the power sought to be exercised here is inconsistent with general statutes, and has not been delegated to the cities, at least that it is very doubtful; and the rule as stated in 28 Corpus Juris, p. 265, is that:

"Where a particular power is claimed for a municipal corporation * * * any fair, reasonable doubt as to the existence and possession of the power will be resolved against the corporation, and the power denied to it." Brenham v. Brenham Water Co., 67 Tex. 542, 4 S. W. 143.

[4] The enabling act putting into effect the Home Rule Amendment to the state Constitution, sections 12, 16, 17, and 20 of article 1175, Revised Statutes, in general language grants to cities broad and general powers over their streets, but where a certain power is granted to municipalities by a specific provision of the general law, it is not enlarged by general language found elsewhere in the act. In said act the Legislature enumerated and granted to cities the specific power "to regulate, license and fix the charges or fares made by any person owning, operating or controlling any vehicle of any character used for the carrying of passengers for hire or the transportation of freight for hire on the public streets and alleys of the city." Article 1175, § 21, R. S.

[5] Applying the maxim, Expressio unius est exclusio alterius, the Legislature having expressly provided that cities may regulate and control the use of their streets by carriers of passengers or freight for hire, it must be inferred that the power to prohibit the use to them of all its streets is denied.

Question No. 1, as restated herein, is answered in the affirmative. Questions Nos. 2 and 3 are answered in the negative.

---

**CITY OF FORT WORTH et al. v. LILLARD et al. (No. 4411.)**

Supreme Court of Texas. May 4, 1927.

**Municipal corporations ⚖=703(1)—Ordinance which in effect prohibited use of streets by carriers of passengers for hire held invalid.**

Ordinance of city of Fort Worth declaring right to use public streets, highways, and alleys of city for purpose of carrying passengers for hire to be privilege and unlawful unless public necessity and convenience require such use, and providing for certificates and permits, which in effect was prohibition of use of city streets by those carrying passengers for hire, *held* invalid as beyond power of city to enact.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Lee A. Lillard and others against the City of Fort Worth and others to enjoin enforcement of an ordinance. Judgment granting temporary writ of injunction was affirmed by the Court of Civil Appeals (272 S. W. 577), and defendants bring error. Affirmed.

R. E. Rouer and Gillis A. Johnson, both of Fort Worth, and E. F. Smith, of Austin, for plaintiffs in error.

Mayer, Rowe & Brown, of Fort Worth, for defendants in error.

PIERSON, J. The opinion of the honorable Court of Civil Appeals sets out very fully the pleadings in the case, and may be found in 272 S. W. 577.

The facts material to a decision of the case may be summarized as follows:

The city of Fort Worth, by a vote of its people, on December 11, 1924, adopted its charter under the Home Rule Amendment to the state Constitution (article 11, § 5), which charter contained the following provision:

"The use of the said public streets, highways, alleys and thoroughfares of this city which does not require the digging up or similar interference with said streets, alleys or highways for the installation of equipment, appliances or appurtenances to make the intended use possible, shall be treated and considered as a privilege subject to the control and disposition of the city council, and such privilege over and upon the said public streets, alleys, highways and thoroughfares of the city shall not be granted to any person or corporation excepting when public necessity and convenience may require such use and when given by ordinance passed by two-thirds vote of the city council."

In accord with said charter provision the City of Fort Worth enacted an ordinance which in effect was a prohibition of the use of the city's streets by those carrying passengers for hire, as disclosed by the caption to said ordinance in the following language:

"An ordinance declaring the right to use the public streets, highways, alleys and thoroughfares of the city of Fort Worth for the purpose of carrying passengers for hire to be a privilege and unlawful, unless the public necessity and convenience does in fact require such use, and a certificate of public necessity and convenience has been granted by the city council of the city of Fort Worth, and a permit issued in pursuance thereof by the city secretary; classifying vehicles carrying passengers for hire into two classes, and defining the same: Providing for the application for and the granting of such certificates and permits; declaring the operation of vehicles for the carriage of passengers in violation of this ordinance to be unlawful; fixing a penalty, and declaring an emergency."

Defendants in error, who are carriers of passengers for hire between Fort Worth and Dallas and intermediate points, and along and over the streets and highways of the city

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes