IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | JURY TRIAL REQUESTED |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT KINDER MORGAN'S RESPONSE TO THE CITY OF SAN BENITO'S
MOTION TO COMPEL, MOTION FOR CONTINUANCE, AND
MOTION TO EXTEND TIME FOR DESIGNATION OF EXPERTS AND
REQUEST FOR ENTRY OF PROTECTIVE AND CONFIDENTIALITY ORDER**

Defendant Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") files this Response to the City of San Benito's Motion to Compel, Motion for Continuance, and Motion to Extend Time for Designation of Experts ("Plaintiff's Motion") and Request for Entry of Protective and Confidentiality Order.

**I.
BACKGROUND OF THE CASE**

The City of San Benito ("City") has brought suit against Kinder Morgan based on a 1941 Ordinance seeking to collect street rentals. The Ordinance imposes a rental charge on persons or companies which use City streets for "sale and distribution of natural gas to consumers." However, Kinder Morgan is not liable to the City because, among other reasons, Kinder Morgan has never used its pipeline for "distribution" within the City; Texas law prohibits the City from charging street rental for an interurban pipeline such as Kinder Morgan's; and the State of Texas, which owns the streets in the City, has by statute authorized the location and operation of gas pipelines under streets and roads.

To date, the City and Kinder Morgan have exchanged written discovery. However, only Kinder Morgan has responded to the written discovery requests. Plaintiff continues to fail to respond to written discovery served by Kinder Morgan, including interrogatory and document requests, that were due more than three weeks ago.[1] Rather than engage in unproductive discovery disputes, Kinder Morgan has chosen to concentrate it efforts in resolving the lawsuit through dispositive motions.

## II.
## DISCUSSION

### A.   Kinder Morgan Has Complied And Continues To Comply With Its Discovery Obligations.

Kinder Morgan has responded timely to plaintiff's written discovery.[2] Additionally, Kinder Morgan has produced all documents that do not contain confidential or proprietary information, including documents regarding amounts of sales of gas to the La Palma Plant in the City of San Benito, the only consumer Kinder Morgan sold gas to in the City of San Benito. The only documents that have not yet been produced are Kinder Morgan's gas sales contracts which

---

[1] On June 1, 2005, Kinder Morgan served plaintiff by certified mail with Kinder Morgan's First Set of Interrogatories and First Request for Production of Documents. *See* Kinder Morgan Tejas Pipeline, L.P.'s First Set of Interrogatories to City of San Benito, attached as Exhibit A; Kinder Morgan Tejas Pipeline, L.P.'s First Request for Production of Documents to City of San Benito, attached as Exhibit B. Plaintiff's responses to these written discovery requests were due on July 5, 2005. To date, plaintiff has served no written discovery responses and has produced no documents in response to these requests.

[2] Plaintiff's suggestion that Kinder Morgan's written discovery responses were untimely is incorrect. *See* Plaintiff's Motion at ¶ 6. The discovery requests (the City of San Benito's first and second request for production and first request for admissions), while previously sent to the Tejas entities on February 27, 2004, never required a response due to the Court's March 18, 2004 Order dismissing the Tejas entities along with other named defendants. On June 30, 2004, plaintiff sent a letter to several counsel, including counsel for the Tejas entities, in which plaintiff attached copies of the discovery requests and stated, "Upon the Court's final Order reinstating the dismissed Defendants, the discovery will be re-served." The discovery was never re-served until just recently when plaintiff served the discovery requests by mail on May 6, 2005. However, the discovery requests were served on Tejas Gas Marketing, L.L.C., an entity that is not a party to the lawsuit. Nevertheless, Kinder Morgan responded to the discovery requests in accordance with the Federal Rules of Civil Procedure.

contain confidential and proprietary information and will be produced once a Protective and Confidentiality Order is in place.

1. **Kinder Morgan Requests Entry of a Protective and Confidentiality Order.**

Kinder Morgan has difficulty understanding plaintiff's reluctance to enter into an Agreed Protective and Confidentiality Order which has become commonplace in lawsuits between sophisticated business entities where confidential and proprietary information is sought through discovery. In fact, Kinder Morgan requested that plaintiff explain in writing its reluctance to enter into the Confidentiality Order. *See* Exhibit H to Plaintiff's Motion. Plaintiff has never responded to that request. To facilitate discovery and protect the interests of the parties in this lawsuit in the confidentiality of proprietary, technical, or other business or financially sensitive matters contained in certain documents and other anticipated discovery, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, Kinder Morgan moves for entry of the Protective and Confidentiality Order that is attached as Exhibit C. *See* Protective and Confidentiality Order, attached as Exhibit C. Additionally, the discovery in this lawsuit does not concern matters that would have a probable adverse effect upon the general public health or safety, the administration of public office, or the operation of government.

B. **The Documents Kinder Morgan Is Currently Withholding From Production Are Inconsequential To The Lawsuit And Do Not Warrant Any Continuance Of The Lawsuit Or Extension Of Time To Designate Experts.**

As noted above, the only documents being withheld by Kinder Morgan are its gas sales contracts. However, Kinder Morgan has produced documents showing its actual gas sales to the La Palma Plant in the City of San Benito, the only sales made by Kinder Morgan within the City of San Benito. The gas sales contracts being withheld only evidence the contracting parties, as well as, possible points of delivery for gas sales. However, the gas sales contracts do not

evidence <u>actual</u> sales of gas and therefore are of no consequence to the underlying lawsuit. Only actual sales of gas could possibly lead to evidence of "sales and distribution" necessary under the Ordinance at issue in this lawsuit. Therefore, Kinder Morgan's withholding of the gas sales contracts is not reason for extending plaintiff's expert designation or any other deadline in the Court's September 23, 2004 Scheduling Order, including the trial date. *See* Court's Scheduling Order, attached as Exhibit D to Plaintiff's Motion. In fact, plaintiff admits that information regarding the "total amount of sales made within the City of San Benito . . . could provide the information necessary for production of expert reports and to properly prepare for trial." Plaintiff's Motion at ¶ 10. This information has been previously provided by Kinder Morgan to plaintiff and consequently the lawsuit should continue to go forward according to the Court's September 23, 2004 Scheduling Order.

### III.
### CONCLUSION AND PRAYER

Kinder Morgan has complied and continues to comply with its discovery obligations. Once a Protective and Confidentiality Order is in place, Kinder Morgan will produce the gas sales contracts containing confidential and proprietary information that it is currently withholding. However, Kinder Morgan has already produced the information and documents related to actual gas sales made by Kinder Morgan within the City of San Benito and therefore the lawsuit should proceed according to the Court's September 23, 2004 Scheduling Order.

Kinder Morgan respectfully asks the Court to deny the City of San Benito's Motion to Compel, Motion for Continuance, and Motion to Extend Time for Designation of Experts, to enter the Protective and Confidentiality Order, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

_Osborne J. Dykes, III_
Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
   William D. Wood
   State Bar No. 21916500
   Jeffrey D. Palmer
   State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
   David G. Oliveira
   State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served on July 29th, 2005, by First Class U.S. Mail on the following counsel of record:

Mr. Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, Texas 78125

_____
Jeffrey D. Palmer