IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § § § | |
| Plaintiff, | § § | |
| V. | § § | C. A. NO. B03-080 |
| KINDER MORGAN TEJAS PIPELINE, L.P. | § § | |
| Defendant. | § § | |

### KINDER MORGAN TEJAS PIPELINE, L.P.'S FIRST SET OF INTERROGATORIES TO CITY OF SAN BENITO

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan"), serves upon plaintiff City of San Benito ("San Benito"), Kinder Morgan Tejas Pipeline, L.P.'s First Set of Interrogatories to City of San Benito. The interrogatories shall be answered separately and fully in writing under oath, and the answer to each individual interrogatory shall be preceded by the question or interrogatory to which the answer pertains. The answers shall be signed and verified by the person making them, and shall be served on Kinder Morgan within thirty (30) days after service of the interrogatories.

Kinder Morgan specifically requests that San Benito's answers be made in accordance with the definitions and instructions set forth in these interrogatories and in accordance with the provisions of the Federal Rules of Civil Procedure regarding such answers and the supplementation of such answers.

30928866.1



EXHIBIT
A

Respectfully submitted,

_____
Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

OF COUNSEL:

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 1, 2005.

_____
Jeffrey D. Palmer

# DEFINITIONS

1. "Plaintiff" and "San Benito" as used herein shall refer to the City of San Benito, and all of its employees, agents, representatives, consultants, and any other persons, firms, or entities purporting to act on behalf of any of such entities.

2. "Kinder Morgan" means Kinder Morgan Tejas Pipeline, L.P. and its organizations, subsidiaries, and affiliates, as well as its predecessors in interest (including but not limited to Tejas Gas Pipeline Company, Tejas Gas Pipeline LLC, Tejas Gas Pipeline, LP, Tejas Gas Marketing, LLC, and Tejas Pipeline Holding, LLC), together with its directors, officers, employees, agents, representatives, consultants, and any other persons, firms, or entities purporting to act on behalf of any of such entities.

3. "Communications" means every form of interchange, exchange, or transmission of information, thought or opinion, and shall include, without limitation, all verbal communications (whether transmitted face to face or by media such as intercoms, telephones, electronic mail, television or radio), all written or graphic communications of any kind, and all statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions, and symposia.

4. "Persons" includes the singular as well as the plural and includes any natural person, corporation, association, partnership, firm, or other legal entity.

5. "Documents" refers to any original written, recorded or graphic matter whatsoever and all non-identical copies thereof that are within your possession, custody or control (including any document or record to which you have a superior right to compel the production from a third party), including but not limited to, papers, books, records, letters, photographs, correspondence, communications, electronic mail, telecopies, telegrams, cables, telex messages, memoranda, notations, workpapers, jottings, agendas, statistical records, desk calendars, appointment books, expense account vouchers, diaries, lists, tabulations, transcripts, minutes, reports, affidavits, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, newspaper or magazine articles, schedules, price lists, client lists, journals, books or account, records, invoices, statements of account, credit memoranda, records reflecting business operations, sound recordings, recordings by any means of telephone or other conversations, or of interviews or of conferences, or of other meetings, computer printouts, data processing program library, data processing input and output, microfilm, all records kept by electronic, photographic or mechanical means, pleadings, motions, responses to discovery, any notes or drafts relating to any of the foregoing, all things similar to any of the foregoing, however denominated by the parties, and any other documents within the scope of the Federal Rules of Civil Procedure. In all cases where originals or non-identical copies are available, "Document" also means identical copies of an original documents and non-identical copies thereof.

6. "Refer or relate to," when used with respect to a given subject in documents or communications, means any document or communication that constitutes, contains, evidences, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to,

describes, analyzes, or is in any way pertinent to that subject, including, without limitation, documents or communications concerning the presentation or existence of other documents or communications.

7. "Lawsuit" means Civil Action No. B03-080, *City of San Benito v. Kinder Morgan Tejas Pipeline, L.P.*; In the Southern District of Texas, Brownsville Division.

8. "Identify," when used with reference to a natural person, means to state each of the following: (a) the person's full name; (b) the person's present home and business addresses and telephone number; and (c) his or her present employer, title, and substantive responsibility.

9. "Identify," when used with reference to any entity other than a natural person, means to state each of the following: (a) the full name of the entity; (b) the present or last known address of the entity's principal office or place of business; and (c) the type of entity (*e.g.*, corporation or partnership).

10. "Identify," when used with reference to a document, means to state: (a) the type of document (*e.g.*, letter, memorandum, telegram, chart, etc.); (b) the name, address, business affiliation, and title of the author or signer thereof; (c) its date; (d) the name, address, business affiliation, and title of all addressees and recipients; (e) its present location; and (f) the name, present address, business affiliation, and title of the person having present custody thereof.

11. "Identify," when used in reference to a communication, means: (a) to state the manner in which the communication occurred (*e.g.*, by document, by telephone conversation, or by meeting); (b) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (c) if the communication was by telephone, to state the date and place of the communication, and to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (d) if the communication was by meeting, to state the date and place of the meeting, and to describe in detail the information communicated by each natural person; and (e) if by means other than those described above, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

12. "Identify," when used in reference to an act, means: (a) to state with particularity each and every item of behavior which constitutes the act, including the place, time, and date of each such item; (b) to identify each and every person participating in the act and to specify the items of behavior performed by each such person; and (c) to identify each and every document or communication which constitutes or describes the act or any part thereof.

13. "Identify," when used in reference to an omission to act, means: (a) to state with particularity each and every item of behavior which you contend should have been performed and the place, time, and date each such performance should have occurred; (b) to identify each and every natural person who, by reason of knowledge or particular circumstances, you contend should have performed each item of omitted behavior; and (c) to identify each and every

document or communication which you contend tends to establish that the omitted act should have been performed.

30928866.1                              5

## GENERAL INSTRUCTIONS

1. In answering these interrogatories, please furnish all information as is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2. If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

## INTERROGATORIES

**INTERROGATORY NO. 1.:**

For each expert witness whom you may call at trial to give opinion testimony (whether or not the witness is formally retained or paid as an expert and regardless of the nature of the education, training, or experience that qualifies the witness to give opinions), state the identity and location (name, address, and telephone number) of the witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the witness, and the facts known to the witness (regardless of when acquired) that relate to or form the basis of the mental impressions and opinions of the witness.

**RESPONSE:**

**INTERROGATORY NO. 2.:**

State the amount and nature of each element of damages you claim in this Lawsuit, and the method and manner of calculating such damages.

**RESPONSE:**

**INTERROGATORY NO. 3.:**

Identify each and every factual basis supporting your contention that Kinder Morgan distributed natural gas within the San Benito city limits since 1941, including the name of the purchaser(s), and the date and amount of natural gas sold.

**RESPONSE:**

**INTERROGATORY NO. 4.:**

Identify each and every factual basis supporting your contention that Kinder Morgan owes money or is otherwise liable to San Benito under San Benito Ordinance No. 478.

**RESPONSE:**

**INTERROGATORY NO. 5.:**

In Paragraph 3.4 of Plaintiff's Eighth Amended Petition, you allege that defendants have acted "in contravention of existing state constitutional and statutory provisions, the City Charter and/or local ordinances and other official acts of the governing bodies of the Plaintiff City." Identify specifically each and every state constitutional provision, state statutory provision, city charter and/or local ordinance and/or other official act which you contend Kinder Morgan has violated.

**RESPONSE:**

**INTERROGATORY NO. 6.:**

Has San Benito ever consented to the construction or operation of any pipeline beneath a street within the City of San Benito? If so, please identify specifically each such consent, identifying specifically any document in which it is embodied or described.

**RESPONSE:**

**INTERROGATORY NO. 7.:**

Has San Benito ever received payments and/or reports from any entity pursuant to San Benito Ordinance No. 478? If so, please identify specifically each payment or report received, including the date and entity making such a payment and/or filing such a report.

**RESPONSE:**

**INTERROGATORY NO. 8.:**

In Paragraph 3.7 of Plaintiff's Eighth Amended Petition, you allege that "[t]he very use and/or existence of Defendants' pipelines and/or business activities within the City streets, rights-of-way and other city property interferes with other business activities of the City." Identify specifically each of the "other business activities" which you contend Kinder Morgan's pipeline has interfered with and describe the interference.

**RESPONSE:**

**INTERROGATORY NO. 9.:**

In Paragraph 3.7 of Plaintiff's Eighth Amended Petition, you allege that defendants "are interfering with the City's ability to rent that space to others." Identify by name each of the others to whom plaintiff claims it would have rented the space.

**RESPONSE:**

**INTERROGATORY NO. 10.:**

In Paragraph 3.13 of Plaintiff's Eighth Amended Petition, plaintiff alleges that "most and/or all of the Defendants sold natural gas at the La Palma Power Plant once owned by Central Power and Light, which is located inside the city limits of San Benito . . . ." Please identify specifically all customers, other than Central Power and Light, to whom plaintiff contends Kinder Morgan has sold natural gas within the city limits of San Benito. For each, state the time or times of the sales as well as the quantities.

**RESPONSE:**

**INTERROGATORY NO. 11.:**

In Paragraph 3.16 of Plaintiff's Eighth Amended Petition, you allege that "gas sales have taken place . . . at farm taps located along the pipelines." Do you contend that Kinder Morgan has made gas sales at farm taps located along the pipelines? If so, please describe the precise location of each such farm tap at which you contend a sale was made, and for each name the person or entity to whom you contend the sale was made, as well as the time and the volume of the sale.

**RESPONSE:**

**INTERROGATORY NO. 12.:**

In Paragraph 4.11 of Plaintiff's Eighth Amended Petition, you allege that "The City could be collecting rental fees from the very space that was used and/or being used by the Defendants that own the pipeline(s), but cannot because of the existence of the Defendants unauthorized business activities within that space." Please identify specifically by correct name, address, and telephone number, each person or entity from whom the City "could be collecting rental fees," as alleged in the foregoing sentence.

**RESPONSE:**

**INTERROGATORY NO. 13.:**

Identify each and every request or demand made by San Benito to Kinder Morgan for payment of monies pursuant to San Benito Ordinance No. 478, including the person making the request and the date the request was made.

**RESPONSE:**

**INTERROGATORY NO. 14.:**

Identify each and every request made by San Benito to Kinder Morgan for removal of Kinder Morgan's pipeline within the City of San Benito, including the person making the request and the date the request was made.

**RESPONSE:**

**INTERROGATORY NO. 15.:**

Identify specifically each street, right of way, or piece of real property owned by San Benito which you contend is used by Kinder Morgan in violation of San Benito Ordinance No. 478, giving for each the exact location where you contend such use occurs.

**RESPONSE:**