IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | |
| KINDER MORGAN TEJAS PIPELINE, L.P. | § | |
| | § | |
| Defendant. | § | |

## KINDER MORGAN TEJAS PIPELINE, L.P.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CITY OF SAN BENITO

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan"), serves upon plaintiff City of San Benito ("San Benito"), Kinder Morgan Tejas Pipeline, L.P.'s First Request for Production of Documents to City of San Benito.

San Benito shall file a written response to Kinder Morgan's request for production as directed by Rule 34 within thirty (30) days after the service of the requests. San Benito shall produce the originals or exact copies of original documents at the offices of the undersigned counsel within thirty (30) days after the service of the requests. Kinder Morgan reserves the right to request access to and inspection of originals, if copies are produced.

30937830.1


EXHIBIT B

Respectfully submitted,

*Osborne J. Dykes* by permission

Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

### CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 1, 2005.

Jeffrey D. Palmer

## DEFINITIONS

1. "Plaintiff" and "San Benito" as used herein shall refer to the City of San Benito, and all of its employees, agents, representatives, consultants, and any other persons, firms, or entities purporting to act on behalf of any of such entities.

2. "Kinder Morgan" means Kinder Morgan Tejas Pipeline, L.P. and its organizations, subsidiaries, and affiliates, as well as its predecessors in interest (including but not limited to Tejas Gas Pipeline Company, Tejas Gas Pipeline LLC, Tejas Gas Pipeline, LP, Tejas Gas Marketing, LLC, and Tejas Pipeline Holding, LLC), together with its directors, officers, employees, agents, representatives, consultants, and any other persons, firms, or entities purporting to act on behalf of any of such entities.

3. "Communications" means every form of interchange, exchange, or transmission of information, thought or opinion, and shall include, without limitation, all verbal communications (whether transmitted face to face or by media such as intercoms, telephones, electronic mail, television or radio), all written or graphic communications of any kind, and all statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions, and symposia.

4. "Persons" includes the singular as well as the plural and includes any natural person, corporation, association, partnership, firm, or other legal entity.

5. "Documents" refers to any original written, recorded or graphic matter whatsoever and all non-identical copies thereof that are within your possession, custody or control (including any document or record to which you have a superior right to compel the production from a third party), including but not limited to, papers, books, records, letters, photographs, correspondence, Communications, electronic mail, telecopies, telegrams, cables, telex messages, memoranda, notations, workpapers, jottings, agendas, statistical records, desk calendars, appointment books, expense account vouchers, diaries, lists, tabulations, transcripts, minutes, reports, affidavits, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, newspaper or magazine articles, schedules, price lists, client lists, journals, books or account, records, invoices, statements of account, credit memoranda, records reflecting business operations, sound recordings, recordings by any means of telephone or other conversations, or of interviews or of conferences, or of other meetings, computer printouts, data processing program library, data processing input and output, microfilm, all records kept by electronic, photographic or mechanical means, pleadings, motions, responses to discovery, any notes or drafts relating to any of the foregoing, all things similar to any of the foregoing, however denominated by the parties, and any other documents within the scope of the Federal Rules of Civil Procedure. In all cases where originals or non-identical copies are available, "Document" also means identical copies of an original documents and non-identical copies thereof.

6. "Refer or relate to," when used with respect to a given subject in documents or communications, means any document or communication that constitutes, contains, evidences, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to,

describes, analyzes, or is in any way pertinent to that subject, including, without limitation, documents or communications concerning the presentation or existence of other documents or communications.

7. "Lawsuit" means Civil Action No. B03-080, *City of San Benito v. Kinder Morgan Tejas Pipeline, L.P.*; In the Southern District of Texas, Brownsville Division.

## GENERAL INSTRUCTIONS

1. Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

2. If privilege of work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

3. In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.:**

All documents identified in your answers to Kinder Morgan Tejas Pipeline, L.P.'s First Set of Interrogatories to City of San Benito.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.:**

All documents reviewed or relied upon in preparing or formulating your answers to Kinder Morgan Tejas Pipeline, L.P.'s First Set of Interrogatories to City of San Benito.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.:**

All witness statements and affidavits that refer or relate to this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.:**

All documents on which San Benito relies for its allegation that Kinder Morgan has sold and/or distributed natural gas within the San Benito city limits since 1941.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.:**

All documents on which San Benito relies for its claim that Kinder Morgan has occupied or used San Benito city property since 1941.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6.:**

All documents on which San Benito relies for its claim that Kinder Morgan owes money or is otherwise liable to San Benito under San Benito Ordinance No. 478.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7.:**

All documents on which San Benito relies for its claim that Kinder Morgan used the streets, highways, alleys, parks or other public places within the San Benito city limits for the sale and/or distribution of natural gas since 1941.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.:**

All documents on which San Benito relies for its claim that Kinder Morgan owned or operated any fixtures and/or appurtenances for sale and/or distribution of natural gas within the San Benito city limits since 1941.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.:**

All documents on which San Benito relies for its claim that Kinder Morgan used and/or maintained any auxiliary lines for the sale and/or distribution of natural gas in any of the streets, alleys, parks or other public places within the San Benito city limits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.:**

All documents that refer or relate to Kinder Morgan's alleged sale of natural gas to the La Palma Power Plant within the San Benito city limits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.:**

All documents which San Benito has obtained from the FERC, the Texas Railroad Commission, or the PUC of Texas which relate or refer to Kinder Morgan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.:**

All documents which indicate, suggest, or evidence that Kinder Morgan has owned and/or sold natural gas within the San Benito city limits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13.:**

All documents which San Benito has mailed, delivered, or otherwise transmitted to Kinder Morgan that refer or relate to Kinder Morgan's alleged sales of natural gas within the San Benito city limits and/or Kinder Morgan's alleged ownership of a pipeline or other property within the San Benito city limits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14.:**

All consents, permissions, franchises, and/or other authorizations by the City of San Benito to Kinder Morgan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15.:**

All maps illustrating changes, either by annexation or de-annexation, in the City of San Benito's city limits occurring on or after January 1, 1941.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16.:**

All documents that refer or relate to San Benito Ordinance No. 478, including minutes of the City of San Benito's city government's meetings in which San Benito Ordinance No. 478 was discussed, passed, approved, and/or amended.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17.:**

All documents supporting, substantiating, or otherwise relating to your contention in paragraph 3.3 of Plaintiff's Eighth Amended Petition that Kinder Morgan has "in the past and/or continue to make use of [pipelines] located in city streets, rights-of-way and/or city property pf the City in furtherance of their business interests for profit."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18.:**

All documents supporting, substantiating, or otherwise relating to your contention in paragraph 3.4 of Plaintiff's Eighth Amended Petition that Kinder Morgan has "in the past engaged in one or more of the dangerous and/or hazardous gas operations and activities . . . without the consent, permission, franchise, or any other authorization from the City and/or in contravention of existing state constitutional and statutory provisions, the City Charter and/or local ordinances and other official acts of the governing bodies of the Plaintiff City."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19.:**

In paragraph 3.7 of Plaintiff's Eighth Amended Petition you have alleged that defendants pipelines and/or business activities within the City of San Benito "interferes with other business activities of the City" and that "the City space that has been used or is being used by these very defendants . . . could be rented to other users willing to pay for such use." Relative to the above allegation, please produce:

    A.    All documents that refer or relate to any interference with other business activities of the city.

    B.    All documents that refer or relate to potential rental to other users of the city space that has been or is being used by Kinder Morgan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20.:**

In paragraph 3.9 of Plaintiff's Eighth Amended Petition, you have alleged, "Further, Defendants have failed to comply with existing city statutes and/or ordinances." With reference to the foregoing allegation, please produce copies of all city statutes and/or ordinances with which you contend Kinder Morgan has failed to comply.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21.:**

In paragraph 3.13 of Plaintiff's Eighth Amended Petition, you have alleged, "Furthermore, the City of San Benito has evidence that most and/or all of the Defendants sold natural gas at the La Palma Power Plant, once owned by Central Power and Light, which is located inside the city limits of San Benito at all relevant times, demonstrated by excerpts from records maintained by the Public Utility Commission of Texas ("PUC") and the Federal Energy Regulatory Commission ("FERC"). Please produce all "evidence" referred to in the foregoing allegation relating to Kinder Morgan or to any pipeline owned or operated by Kinder Morgan.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22.:**

In paragraph 3.16 of Plaintiff's Eighth Amended Petition, you have alleged that gas sales have taken place "at farm taps located along the pipelines." If you contend that Kinder Morgan made gas sales at "farm taps located along the pipelines," please produce all documentation that refers or relates to such sales at farm taps..

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23.:**

All documents supporting, substantiating, or otherwise relating to your contention in paragraph 4.14 that "Defendants past business activities and existence within the City's property constitutes tortious interference with the City's ability to rent the City space being used by the Defendants to others willing to pay for such use."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24.:**

All documents and communications that refer or relate to the Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25.:**

All documents supporting, substantiating, or otherwise relating to the amount and nature of damages you claim in this Lawsuit, including any attorney engagement letters, agreements, and/or authorizations, and the method and manner of calculating such damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26.:**

All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by or prepared by or for any consulting expert whose mental impressions or opinions have been reviewed by one of your testifying experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27.:**

The current resume and bibliography of any consulting expert whose mental impressions or opinions have been reviewed by one of your testifying experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28.:**

The report(s) of any consulting expert whose mental impressions or opinions have been reviewed by one of your testifying experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29.:**

For any consulting expert whose mental impressions or opinions have been reviewed by one of your testifying experts, all documents setting forth the facts known by the consulting expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with your case, regardless of when or how the factual information was acquired.

**RESPONSE:**