## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | JURY TRIAL REQUESTED |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendant. | § | |

## PROTECTIVE AND CONFIDENTIALITY ORDER

Kinder Morgan Tejas Pipeline, L.P. and the City of San Benito (collectively the "Parties" and individually a "Party") possess certain confidential and proprietary information that may be disclosed in the captioned action.

To facilitate discovery and protect the interests of the Parties in the confidentiality of proprietary, technical, or other business or financially sensitive matters contained in certain documents and other anticipated discovery, and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, Kinder Morgan moves for entry of this Protective and Confidentiality Order ("Order").

The Court has considered the motion for entry of this Order and finds that good cause exists for the entry of this Order. The Court is further of the opinion that the discovery in this matter does not concern matters that would have a probable adverse effect upon the general public health or safety, the administration of public office, or the operation of government. IT IS THEREFORE ORDERED that all persons receiving documents or information in this litigation that are subject to the restrictions and limitations described in this Order shall be bound by the terms of this Order. IT IS FURTHER ORDERED that the documents and information produced in this action shall be subject to the following terms and conditions:

1.    **Confidential Information.**    For purposes of this Order, "Confidential Information" may be included in any document, writing, graphic material, paper, tangible thing, transcript of oral testimony or recorded statement of counsel, whether produced or created by a Party or another person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and the content of any such document, writing, graphic material, paper, thing, transcript or statement. By way of example, and not limitation, Confidential Information may include or be included in documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments which comprise, embody or summarize matters that a Party considers confidential and desires not to be made public.

30947964.2



EXHIBIT
C

Confidential Information is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, contracts, proposals, marketing materials, business plans, projections, models, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, expenditures, or calculations, budgets or financial statements indicative of the financial condition of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained; provided, however that the following shall not be "Confidential Information" under this Order:

(a)    Information and documents in, and legally obtainable from, the public domain;

(b)    Information and documents in a party's rightful and lawful possession, and not otherwise subject to this Order; and

(c)    Information and documents obtainable from a third-party without restrictions as to disclosure, provided such third-party has the right to lawfully possess such information and has the right to make such disclosure to the receiving party.

This provision relating to Confidential Information shall not affect the parties' or third-parties' rights and obligations concerning confidentiality that arise from other agreements or relationships between the parties and/or third parties.

2.    **Designation of Confidentiality**.  A Party may designate documents for which protected status is claimed by stamping or labeling such documents as "Confidential" on the first page of each document.  All documents and information produced in this action and designated as "Confidential" shall be subject to the provisions of the Order.  Upon the designation of any document as "Confidential," all copies of such document then or at any time thereafter in the possession or control of any Party, from whatever source received, shall be subject to the provisions of this Order.

3.    **Procedure at Depositions**.  If a question arises at a deposition that involves the disclosure of Confidential Information, counsel for the deponent with an interest in protecting such Confidential Information shall, either at the deposition itself or within 7 days after receipt of the deposition transcript, designate the deposition as "Confidential."  As soon as such designation is made, the original of the deposition transcript and all copies thereof shall bear the legend "Confidential" and shall be Confidential Information for purposes of this Order.  Nothing in this paragraph shall be construed as a waiver of confidentiality of any properly designated document attached as an exhibit to a deposition.  Documents labeled "Confidential" attached as exhibits to a deposition shall automatically be considered Confidential Information without any further action on the part of any Party.

4.    **Use and Disclosure**.  No person receiving Confidential Information shall use it for any purpose other than participation in this litigation.  Further, Confidential Information shall not be disclosed or communicated in any way to anyone other than the following (hereinafter

"Qualified Persons"):

    (a)    Counsel of record representing the Parties in this litigation, and counsel or any other legal staff personnel who are employed by a Party and are participating in the litigation on behalf of the Party;

    (b)    The Parties and the principals, officers, agents, and employees of a Party who are involved in the litigation on behalf of a Party;

    (c)    Independent outside experts, consultants, their staff and other persons assisting such counsel to whom such counsel considers it necessary to disclose Confidential Information for the purpose of prosecuting or defending this litigation;

    (d)    Persons who previously authored a document and/or who were authorized to receive a copy of the document;

    (e)    Court officials involved in this litigation, including court reporters and persons operating video recording equipment at depositions; and

    (f)    Any other person who is designated as a Qualified Person by subsequent agreement of the Parties.

    5.    **Confidentiality Agreement.** All persons identified in items (b), (c), (d), (e), and (f) of paragraph 4 who in the course of this case see or learn of any documents produced in this litigation that are designated as "Confidential," or who learn of any other matters designated as "Confidential," or who have access to any such documents or matters, shall be provided with a copy of this Order and required to sign a confidentiality affidavit in the form of Exhibit "A". Counsel for each Party shall collect the confidentiality affidavits executed by any Qualified Persons to whom such counsel may have disclosed Confidential Information, and shall retain such affidavits until the conclusion of this litigation, at which time copies of such affidavits shall be sent to counsel for all other parties to this Agreement.

    6.    **Notification of Existence of Order and Confidentiality Agreement.** It shall be the responsibility of any Party providing information to Qualified Persons to notify Qualified Persons that he or she shall be bound by all the terms herein, including but not limited to the provisions of paragraph 12 requiring return of Confidential Information at the conclusion of the litigation.

    7.    **Disclosure to Additional Persons.** Counsel for the Parties may request permission to disclose Confidential Information to persons other than Qualified Persons as defined in paragraph 4 above. Counsel must present the request in writing to the Court, identify the person to whom the counsel wishes to make the disclosure, the purpose of the disclosure, and the terms under which the disclosure is to be made. Until and unless the Court makes a determination of whether the Confidential Information should be disclosed as specified in the request, no Confidential Information shall be disclosed to any person described in the request.

    8.    **Filing with the Court.** When filing any Confidential Information with the Court,

the Parties are to file only the portion needed for the issues they present to the Court and the Parties are directed to maintain under seal to the best of their ability all documents and transcripts of deposition testimony filed in Court in this litigation that have been designated, in whole or in part, as Confidential Information. Similarly, in the event that a Party wishes to use any Confidential Information in any affidavits, brief, memoranda of law, or other papers filed with the Court, then such Confidential Information used shall be only the portion needed for that filing, which shall be submitted under seal to the Court.

9.    **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any Party or other person that designated the information as confidential. Any Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

10.    **Effect of Designation.** The designation of confidentiality permitted by this Order is intended solely to facilitate the pretrial and trial proceedings of this litigation. Nothing in this Order shall be construed in any way as a finding that the Confidential Information does or does not constitute or contain proprietary information or trade secrets. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

11.    **Objection to Designation.** A Party shall not be obligated to challenge the propriety of designations of documents or information as "Confidential" at the time such designations are made, and any failure to do so shall not preclude a subsequent challenge thereto. If the Parties object to the designation of any document or information as "Confidential," counsel for the objecting Party shall notify all counsel of record of the objection. If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the document or information in question. If such a motion is filed, the document or information shall be kept confidential pending ruling on the motion.

12.    **Return of Materials.** Upon entry of final judgment and exhaustion of all appeals, settlement of all claims, or dismissal of all claims in connection with this lawsuit, the Parties shall return to the producing Party, within a reasonable time, but not to exceed 30 days, all documents, things, or transcripts of depositions, together with all copies, summaries, and abstracts thereof, which have been designated as "Confidential" pursuant to this Order. A Party that has provided Confidential Information to any other person pursuant to paragraph 4 shall require the recipient of that information to return or destroy it in compliance with this Order. If material has been destroyed, a written certification to that effect shall be provided to counsel.

13.    **Erroneous Designations and Omissions.** It is recognized by the Parties to this Order that due to the exigencies of providing numerous documents and the taking of testimony,

documents or testimony may be designated erroneously as "Confidential," or documents or information that are entitled to confidential treatment may erroneously not be designated as "Confidential." The Parties may correct such confidentiality designations or lack thereof and shall furnish to all counsel, at its own expense, copies of the documents for which there is a change in designation.

14.    **Limitations**.  Nothing in this Order shall be construed to entitle the Parties to obtain any document, thing, or other information from one another.  Nothing in this Order shall be construed to allow the Parties to avoid any discovery obligations under the applicable rules of civil procedure.  Additionally, this Order shall not be deemed to waive any claim of attorney-client privilege, work product privilege, or any other privilege that may be asserted by the Parties.  This Order does not limit any Party's right to seek additional protection from this Court of proprietary or Confidential Information.

15.    **Modification**.  Nothing in this Order shall be deemed to preclude the Parties from seeking modification of this Order by the Court.

SIGNED this _____ day of _____, 2005.


_____
JUDGE PRESIDING

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **C. A. NO. B03-080** |
| | § | **JURY TRIAL REQUESTED** |
| **KINDER MORGAN TEJAS PIPELINE, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |

### AFFIDAVIT

THE STATE OF _____    §
                                 §
COUNTY OF _____       §

_____, being duly sworn deposes and says:

    1.    I live at _____.    I am employed as _____ by _____.

    2.    I am aware that a Protective and Confidentiality Order (the "Order") has been entered in the above-styled lawsuit. I have been provided with a copy of the Order, and I have read it and I understand its terms and conditions. I agree to abide by the Order, and I agree to retain a copy of the Order and to refer to it throughout my participation in this litigation as may be necessary to insure my compliance with the Order.

    3.    I agree that any documents or information designated as Confidential Information under the Order will be used by me solely in connection with assisting counsel in the preparation, trial, appeal or other resolution of this lawsuit, and that I will not disclose Confidential Information to any person other than those persons identified in paragraph 4 of the Order.

_____
(Type Name)

SUBSCRIBED AND SWORN TO before me on _____, 20___.

Notary Public in and for
The State of Texas

Printed Name of Notary

My Commission Expires: _____