United States District Court
Southern District of Texas
FILED

AUG 11 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | JURY TRIAL REQUESTED |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT KINDER MORGAN TEJAS PIPELINE, L.P.'S MOTION FOR LEAVE TO FILE ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") files this Motion for Leave to File its Motion for Summary Judgment:

## I.
## INTRODUCTION

On September 23, 2004, the Court issued a Scheduling Order providing, inter alia, that dispositive motions will be filed by July 15, 2005. On July 14, 2005, Kinder Morgan forwarded its motion for summary judgment by U.S. Express Mail with the intent and expectation that it would be delivered to and filed by the District Clerk in Brownsville on July 15. *See* Letter from Kinder Morgan to the United States District Clerk, dated July 14, 2005, attached as Exhibit A. The motion was also served on opposing counsel on July 14. However, the motion for summary judgment was inadvertently scheduled for second day delivery instead of overnight delivery. *See* U.S. Express Mail Customer Copy, attached as Exhibit B. As a result, Kinder Morgan's motion for summary judgment was actually received and filed by the District Clerk on July 18, 2005. The undersigned counsel only learned of the one-business-day-late filing on August 9, 2005.

30978109.1

## II.
## LEGAL STANDARDS

"[T]he court for good cause may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." FED. R. CIV. P. 6(b). "Excusable neglect comprises both a demonstration of good faith by the moving party and a reasonable basis for noncompliance within the specified time period." 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.06[3][b] (3d ed. 1999).

## III.
## GOOD CAUSES EXISTS TO ALLOW KINDER MORGAN TO FILE ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's Scheduling Order, dated September 23, 2004, the parties were required to file dispositive motions by July 15, 2005. Kinder Morgan's late filing of its motion for summary judgment was the result of "excusable neglect" Kinder Morgan thought that it had filed its motion for summary judgment by U.S. Express Mail overnight delivery which would have resulted in the timely filing of the motion. However, through clerical error Kinder Morgan's motion for summary judgment was inadvertently scheduled for second day delivery which resulted in its motion being filed one business day late. Kinder Morgan acted in good faith fully believing that its motion for summary judgment had been timely filed before noticing the date on the file stamped copy received back from the District Clerk. Additionally, the reasonable basis for Kinder Morgan's failure to timely file its dispositive motion was that Kinder Morgan thought that its dispositive motion had been timely filed before receiving notice of the District Clerk's time stamped copy and the Express Mail Customer Copy showing that the motion was scheduled for second day delivery.

## IV.
## PLAINTIFF WILL NOT BE PREJUDICED BY THE RELIEF SOUGHT

Because defendant's motion for summary judgment was timely served on plaintiff's counsel by mailing on July 14, plaintiff will not be prejudiced by permitting the motion to be filed on July 18. Additionally, plaintiff has filed a response to the motion for summary judgment and did not object to Kinder Morgan's late filing.

WHEREFORE, Kinder Morgan respectfully requests this Court allow it to file its Motion for Summary Judgment. Kinder Morgan further requests such other relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

_____
Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF CONFERENCE

I, Jeffrey D. Palmer, do hereby certify that on August 10, 2005 I spoke with Dorothy Hearne, the legal assistant for Adam Poncio, plaintiff's counsel, who stated that they would oppose Kinder Morgan's motion for leave to file its motion for summary judgment.

_____
Jeffrey D. Palmer

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on August 10, 2005.

_____
Jeffrey D. Palmer