United States District Court
Southern District of Texas
FILED

AUG 1 8 2005

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V | § | C. A. NO. B03-080 |
| | § | |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S MOTION TO COMPEL, MOTION FOR CONTINUANCE
AND MOTION TO EXTEND TIME FOR DESIGNATION OF EXPERTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito, Plaintiff in the above entitled and numbered cause,

and files this Motion to Compel, Motion for Continuance and Motion to Extend Time for

Designation of Experts, and in support thereof, would show the Court the following:

1.    This is a suit involving Defendant's failure to pay for use of City property and/or rights of

way.  The Court should note that the Plaintiff did not join Defendants in the litigation.

Initially the matter was a class action pending and resolved in Cameron County.  After

resolution of the class action, Plaintiff filed an Amended Petition naming Defendants and

informing the Defendants that they had not been served, in an attempt to resolve the matters

without litigation.  Defendants voluntarily filed answers and joined in the litigation without

having been served.  The basis of this litigation was the ordinance, which does not expressly

require pipeline ownership for application of the Ordinance.

2.    In 1941, the City of San Benito passed ordinance No. 478, which is described in detail and

attached hereto as Exhibit "A", which is incorporated herein by reference as if stated in the

verbatim.  In summary, Ordinance No. 478 states that all persons and corporations using and

maintaining pipelines for the sale of natural gas in any of the streets shall report the gross

City of San Benito's Motion for Continuance and to Extend Time
for Designation of Experts
Page 1

receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% of the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." Defendants in this matter have failed to pay the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

3.    Initially, this cause of action was brought against multiple Defendants, including: (1) Defendants TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., GULF ENERGY MARKETING COMPANY, GULF ENERGY MARKETING, L.L.C., CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., SHELL GAS TRADING COMPANY, and TRANSCO PETRO SOURCE COMPANY (n/k/a TRANSCO P-S CO); and (3)Defendants CONOCO INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., AMOCO ENERGY TRADING CORP. (n/k/a BP ENERGY CO), BP ENERGY COMPANY,, ANADARKO ENERGY SERVICES CO., NATURAL GAS CLEARINGHOUSE, INC.,, ARCO NATURAL GAS MARKETING, INC. (n/k/a VASTAR GAS MARKETING, INC.), VASTAR GAS MARKETING, INC., TEXACO EXPLORATION AND PRODUCTION, INC.,, CHEVRON U.S.A. INC., TOTAL E&P USA, INC (successor in interest to FINA), and UNION PACIFIC RESOURCES COMPANY (n/k/A ANADARKO E&P CO., LP). Ultimately, Plaintiff dismissed claims against all Defendants except the Tejas Defendants, now known as the Kinder Morgan Defendants.

4.    Defendants filed a stipulation with the Court on or about April 8, 2005, stipulating that the Tejas Defendants were merged into Kinder Morgan Tejas Pipeline, L.P., and identifying the

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 2

Tejas Defendants as what will be referred to as the Kinder Morgan Defendants.

5.      As part of the Court's Scheduling Order of September 23, 2004, the Court set Plaintiff's deadline for designating experts and reports furnished by April 29, 2005. Defendants' deadline for designating experts and providing reports was June 17, 2005. The discovery deadline was September 1, 2005 and trial was set for November 3, 2005. The parties agreed to extend the Plaintiff's expert designation to July 13, 2005. The parties mutually agreed Defendant's experts were to be designated by August 21, 2005 and agreed to extend the discovery deadline to September 16, 2005.

6.      Plaintiff first served the Kinder Morgan Defendants with their first and second requests for production and requests for admissions on February 27, 2004. The requests were again sent on June 30, 2004. Finally, the requests were sent a third time on May 6, 2005. Defendants filed their responses on June 8, 2005. However, Defendants provided no responsive documents and asserted various unwarranted objections to the requests. Moreover, Defendants made no reference to a confidentiality agreement nor did they make any such request to the court for a confidentiality or protective order.

7.      The offices of Plaintiff's counsel contacted the offices for Defendants' counsel and informed them that no responsive documents had been produced. Plaintiff's counsel requested that responsive documents be immediately produced. As a result, Defendants' counsel forwarded to Plaintiff's counsel for the first time on June 21, 2005, a proposed Agreed Confidentiality and Protective Order. Without the signed document, Defendants' counsel indicated they would not produce the responsive documents and indeed have failed to produce responsive documents to date,

8.      On July 6, 2005, the Kinder Morgan Defendants forwarded to Plaintiff's counsel, items identified as Bates' documents KM 0001-KM0162. Defendants noted that it was only a partial production of documents and that any remaining documents would not be produced

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 3

without an executed overbroad Agreed Confidentiality and Protective Order.

9.  The continued withholding of documents was made without any order of the court or request of the court for a Confidentiality and/or Protective Order prior to the date production was due.  As a result, Plaintiff filed a motion to compel.

10.  In the motion, Plaintiff noted that Defendants hade failed to produce the documents necessary for Plaintiff to properly prepare expert reports and/or its case in chief.  Plaintiff noted that on June 22, 2005, Plaintiff's counsel forwarded a set of interrogatories which included an interrogatory regarding the total amount of sales made within the City of San Benito, which could eliminate the need for production of these allegedly confidential documents and could provide the information necessary for production of expert reports and to properly prepare for trial.

11.  On or about July 29, 2005, Plaintiff received Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories (Exhibit "A").  In the Interrogatories, Plaintiff presented numerous interrogatories clearly relevant to this litigation.  Nevertheless, Defendants provided no proper responses and again asserted various unwarranted objections to the interrogatories.

12.  Plaintiff propounded interrogatories on Defendants which included the following interrogatories:

**INTERROGATORY NO. 2:**              State the amount and nature of sale made by Defendant within the City of San Benito since 1941, setting out the amount and nature for each respective year, including the name of the purchaser(s), and the date and amount of natural gas sold.

**RESPONSE TO INTERROGATORY NO. 2:**

Kinder Morgan objects under Fed. R. Civ. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures for the sale and distribution of natural gas... within the corporate limits of the City of San Benito, Texas."  Therefore, sales to only one consumer do not constitute "distribution" and are not relevant to the claim or defense of any party not

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 4

reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party....

**INTERROGATORY NO. 6:** Plaintiff alleges that "most and/or all of the Defendants sold natural gas at the La Palma Power Plant once owned by Central Power and Light, which is located inside the city limits of San Benito . . . ." Please identify specifically all customers, other than Central Power and Light, to whom Defendant has sold natural gas within the city limits of San Benito. For each, state the time or times of the sales as well as the quantities and amounts paid and/or received.

**RESPONSE TO INTERROGATORY NO. 6:**

All sales made to the La Palma plant **as to which we have been able to locate a record** have been summarized on a list ....

**INTERROGATORY NO. 7:** Identify any and all natural gas sales made by Defendant at the La Palma Power Plant or to Central Power and Light since 1941. For each, state the time or times of the sales as well as the quantities and amounts paid and/or received.

**RESPONSE TO INTERROGATORY NO. 7:**

All sales made to the La Palma plant **as to which we have been able to locate a record** have been summarized on a list ....

**INTERROGATORY NO. 8:** Identify all gas sales have taken place at farm taps located along the pipelines within a 50 mile radius of the City of San Benito for gas sales at farm taps located along the pipelines? If so, please describe the precise location of each such farm tap at which you contend a sale was made, and for each name the person or entity to whom you contend the sale was made, as well as the time and the volume of the sale.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory on the ground that it seeks information which is neither relevant nor calculated to lead to discovery of relevant evidence and is therefore outside the permissible scope of discovery as set out in Fed. R. Civ. P. 26(b)(1). Additionally, defendant objects that the interrogatory is unduly burdensome and the burden of expense of the proposed discovery outweighs any likely benefit. Fed. R. Civ. P. 26(b)(2).

Plaintiff is entitled to full and complete responses prior to any summary judgment ruling and/or trial on the merits and the opportunity to depose those with knowledge. Defendants have failed to produce full and complete responses and/or provide dates for depositions. While using discovery as a shield, Defendants are now attempting to use their attachments and representations in the summary judgment as a sword. This should not be allowed.

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 5

Defendants motion should be stricken until such time has they have fully complied with discovery. Alternatively, Defendants objections should be overruled and Defendants should be ordered to fully comply with discovery and provide depositions of persons with knowledge and then refile their motion for summary judgment. Moreover, the trial of this matter should be continued until Plaintiff is presented with the opportunity to review full and complete discovery.

13.    Defendants essentially object to only relevance and admissibility. With regard to admissibility, inadmissibility is not a ground for objevtion to discovery. As long as information appears reasonably calculated to lead to the discovery of admissible evidence, it is discoverable. Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340, 351-52, 98 S. Ct. 2380, 2389-90 (1978).

Discovery is authorized of information that is "relevant to the subject matter." Fed. R. Civ. P. 26(b)(1). Relevance is interpreted extremely broadly. Information is relevant to the subject matter if it might reasonably assist a party in *evaluating* the case, preparing for trial or facilitating settlement thereof: "No longer can the time honored cry of 'fishing expedition' serve to preclude a party from inquiring into facts underlying an opponent's case." Hickman v. Taylor, 329 US 495, 506-507, 67 S.Ct. 385, 391 (1947). Thus, information is "relevant" if it relates to the claim or defense of the party seeking discovery or of any other party, or to the credibility of any witness. It includes hearsay as well as nonhearsay information. Mellon v. Cooper-Jarrett, Inc., 424 F2d 499, 501 (6th Cir. 1970); Oakes v. Halvorsen Marine Ltd., 179 FRD 281, 284 (CD CA 1998)(citing text).

Admissibility at trial is not required. Rather, the test for discovery purposes is whether the information sought **might** reasonably lead to other evidence that would be admissible. Fed. R. Civ. P. 26(b)(1). Moreover, the matter need only be relevant to the *subject matter* of the action. Procter & Gamble Co. v. Haugen, 179 FRD 622, 632 (D UT 1998).

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 6

14.    Moreover, Plaintiff's counsel needs dates for depositions of corporate representatives with knowledge, including knowledge of sales and amounts of sales made by Defendants within the City of San Benito.

GOOD CAUSE

15.    Without the information requested, Plaintiff cannot adequately respond to discovery and/or prepare for trial in this matter. A determination of the amounts and sources of sales and pipes maintained, used and/or owned by Defendant is essential to the proper preparation of the Plaintiff's case. Defendants refuse to provide proper responses and provide responsive documents. Moreover, Defendants indicate that some information is available only in electronic form; although the information has to be clearly available to the company and can be produced to the Plaintiff in some written form. Finally, Defendants' objections are without merit and should be overruled. Despite repeated requests, Defendants have failed to produce responsive documents and/or the information requested. In the interests of justice, Plaintiff requests this court grant this Motion to Compel and Motion for Continuance to allow Plaintiff the opportunity to review any documents ordered produced, take the deposition of a corporate representative, prepare an expert report, cross-examine Defendants' experts and properly prepare for trial.

CONCLUSION

16.    Based on the foregoing, Plaintiff contends that the record reflects that it has been diligent in pursuing discovery in this matter. The current circumstances are based not on Plaintiffs lack of diligence, but rather on Defendants' refusal to properly produce proper responses and documents and Defendants' improper objections. Because of Defendants' acts or omissions, Plaintiff is unable to properly prepare an expert report and properly prepare for trial.

REQUEST FOR RELIEF

17.    Plaintiff requests that the Court overrule Defendants' objections and/or order Defendants to

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 7

immediately produce all responsive documents and other information in written form, and/or

extend the deadlines for designating experts and/or producing expert reports, and/or continue

the trial in this matter.

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

**ATTORNEY FOR PLAINTIFF**

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 8

## CERTIFICATE OF CONFERENCE

I certify that I conferred or attempted to confer with opposing counsel regarding the substance of this motion. Defendants' counsel could not be reached and agreement could not be made. It is believed that Defendants oppose this motion based on prior responses and actions.

Adam Poncio

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 9

## CERTIFICATE OF SERVICE

I do hereby certify that on this 16th day of August, 2005, forwarded a true and correct copy of the above document to all counsel of record:

Ramon Garcia
Oscar Alvarez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

**ADAM PONCIO**

City of San Benito's Supplemental Motion for Continuance and to Extend Time
for Designation of Experts
Page 10