# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1301 MCKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

JPALMER@FULBRIGHT.COM
DIRECT DIAL: (713) 651-3719

TELEPHONE:    (713) 651-5151
FACSIMILE:    (713) 651-5246

July 25, 2005

Mr. Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, TX 78215-1642

Re:    Cause No. B03-080; *City of San Benito v. Kinder Morgan Tejas Pipeline, LP*, In
the United States District Court for the Southern District of Texas, Brownsville
Division

Dear Adam:

I enclose Kinder Morgan Tejas Pipeline, L.P.'s Objections and Responses to Plaintiff's
First Set of Interrogatories.

If you have any questions please feel free to contact me.

Yours very truly,

Jeffrey D. Palmer

JDP:krg
Enclosures
cc:    Mr. Osborne J. Dykes *(Firm)*


EXHIBIT
A

RECEIVED
JUL 29 2005

30968633.1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendants. | § | |

**KINDER MORGAN TEJAS PIPELINE, L.P.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, defendant Kinder Morgan Tejas

Pipeline, L.P. serves its objections and responses to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

*Osborne J. Dykes*

Osborne J. Dykes III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas
Pipeline, L.P.

RECEIVED
JUL 29 2005

30956980.2

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
 William D. Wood
 State Bar No. 21916500
 Jeffrey D. Palmer
 State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
 David G. Oliveira
 State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## <u>CERTIFICATE OF SERVICE</u>

  This pleading was served on July 25, 2005 by First Class U.S. Mail upon plaintiff's

counsel of record:

    Mr. Adam Poncio
    Law Offices of Cerda & Poncio
    924 McCullough Avenue
    San Antonio, Texas 78215-1642

    Mr. Ramon Garcia
    Law Offices of Ramon Garcia, P.C.
    222 West University Drive
    Edinburg, Texas 78539

        _____
        Jeffrey D. Palmer

## GENERAL OBJECTIONS

Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") makes the following general objections to the City of San Benito's First Set of Interrogatories, and incorporates each of the General Objections into its response to each individual interrogatory request, regardless of whether any of the General Objections are set forth in response to each interrogatory request. The inclusion of one or more of the following General Objections in the objections to a specific interrogatory request is for convenience only and does not constitute a waiver of the remainder of the objections for that specific interrogatory request.

1.    Kinder Morgan objects to each request to the extent and on the grounds that they attempt to obligate Kinder Morgan to respond in any manner that is inconsistent with and exceeds the requirements of the Federal Rules of Civil Procedure.

2.    Kinder Morgan generally objects to the discovery requests to the extent that they seek privileged communications and documents, and attorney work product; and Kinder Morgan asserts and does not waive any and all privileges available to it by the law of Texas or any other relevant state or under federal law, including, without limitation, the attorney-client privilege and the attorney work product doctrine.

3.    Kinder Morgan's responses to each and every interrogatory request are made subject to and without waiving, or intending to waive, any of the objections noted above, as well as:

(a)    all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof in any subsequent proceeding in, or any trial of, this action or any other action or proceeding;

(b)    the right to object to other discovery procedures involving or related to the subject matter of the interrogatory requests herein responded to; and

(c)    the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

4.    These responses are provided prior to the completion of Kinder Morgan's (1) investigation of all of the facts relating to this action; (2) the close of discovery; and (3) preparation of trial. Kinder Morgan, therefore, reserves the right to rely on any facts, documents, or other evidence which may hereafter develop or come to Kinder Morgan's attention. These responses are based upon information presently known to Kinder Morgan and its attorneys. Kinder Morgan reserves the right to supplement or amend both the answers and objections at any time prior to the trial of this action.

## RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

For each expert witness whom you may call at trial to give opinion testimony (whether or not the witness is formally retained or paid as an expert and regardless of the nature of the education, training or experience that qualifies the witness to give opinions), state the identity and location (name, address, and telephone number) of the witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the witness, and the facts known to the witness (regardless of when acquired) that relate to or form the basis of the mental impressions and opinions of the witness.

**RESPONSE TO INTERROGATORY NO. 1:**

Kinder Morgan objects to this interrogatory on the grounds that the discovery request is premature. Expert reports are due on a future date pursuant to the Court's September 23, 2004 Scheduling Order and the parties letter agreement dated, June 28, 2005, extending expert disclosure dates. Kinder Morgan will comply with the parties letter agreement, dated June 28, 2005, extending Kinder Morgan's expert disclosure date to August 31, 2005.

**INTERROGATORY NO. 2:**

State the amount and nature of sale made by Defendant within the City of San Benito since 1941, setting out the amount and nature for each respective year, including the name of the purchaser(s), and the date and amount of natural gas sold.

**RESPONSE TO INTERROGATORY NO. 2:**

Kinder Morgan objects under FED. R. CIV. P. 26(b)(2) that the proposed discovery is overly broad and unreasonably burdensome because the ordinance which is the basis for this lawsuit is only directed to persons "using and maintaining any main and auxiliary lines, appurtenances and fixtures **for the sale and distribution of natural gas** . . . within the corporate limits of the City of San Benito, Texas." Therefore, sales to only one consumer do not constitute "distribution" and are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party.

Subject to and without waiving the foregoing objections or the General Objections and pursuant to Federal Rule of Civil Procedure 33(d), Kinder Morgan refers plaintiff to a chart of sales made at the La Palma plant (bates labeled KM 0007 – KM 0009), at Pin# 350601, Kinder Morgan's only reference point for gas sales within the City of San Benito.

**INTERROGATORY NO. 3:**

Identify each and every factual basis supporting your contention that Defendant is not liable under the ordinance made the basis of this suit.

**RESPONSE TO INTERROGATORY NO. 3:**

Kinder Morgan respectfully refers plaintiff to Kinder Morgan's original answer filed in this case May 7, 2003, which makes a point-by-point response to the City's factual allegations, and to the affidavit of Stewart Lee Baskin, which was filed in this case on July 15, 2005, and which sets out facts concerning Kinder Morgan's pipeline.

For further response, Kinder Morgan offers the following facts which, among others, demonstrate that Kinder Morgan has no liability to the City in this suit.

1.    The city ordinance upon which the city sues, City of San Benito Ordinance No. 478, applies only to a pipeline which makes "distribution" to consumers within the City. Kinder Morgan's pipeline in San Benito, however, does not make distribution to consumers. On the contrary, it serves only the La Palma electric generating station.

2.    Texas law does not permit a city to charge street rental to an "interurban" or statewide business, such as Kinder Morgan's pipeline. Street rental charges may only be made to businesses which are exclusively local. Kinder Morgan has never served as a local public utility or a local distribution company in San Benito.

3.    Federal law also prohibits enforcement of the city's street rental ordinance with respect to Kinder Morgan's pipeline, because the ordinance, if applicable, would impose a volumetric charge, that is, a charge based on 2% of the volumes sold. Volumetric charges which purport to be rentals are invalid under the Commerce Clause to the United States Constitution. Kinder Morgan's extensive intrastate pipeline system is connected to interstate lines and affects interstate commerce.

4.    The City necessarily had to be aware of the construction of the pipeline when it occurred in 1986 and in all probability the City expressly consented to the construction. The City at no time raised any objection to the construction or location of the pipeline and therefore has impliedly consented to its location and is estopped to deny its consent, because the construction of the pipeline was undertaken in reliance on the fact that the City made no objection.

5.    Since the adoption of its street rental ordinance in 1941, the City has never at any time before this lawsuit made any demand for payment to Kinder Morgan, which shows that the City does not believe that any payment is owed, whether under the street rental ordinance or for any other reason.

6.    Based on the information furnished to us, Kinder Morgan owns easements for its pipelines, including those in the City, and neither the Texas nor the United States Constitution permit a city to charge rent to a property owner for using its own property.

7.    Counsel for the City of San Benito has alleged in the petition that Kinder Morgan's pipeline has prevented the City from renting the space under its streets to others, but the City has been able to come forward with no evidence of even a single person or business that wished to rent space under city streets and was prevented from doing so by the presence of

Kinder Morgan's pipeline. Kinder Morgan believes that no such person or business exists and that the allegation is incorrect.

8.    Counsel for the City, in the petition in this case, alleges that City has sustained monetary loss or damages by reason of the fact that Kinder Morgan's pipeline crosses under some City streets, but it has been able to produce no evidence of any such damages. Kinder Morgan believes that the City has sustained no damages whatsoever due to Kinder Morgan's pipeline and on the contrary that the City has enjoyed a considerable benefit since the pipeline has supplied natural gas to the La Palma electric generating plant for the last 19 years, enabling the plant to generate electric power available for use by residents of San Benito and creating jobs within the City.

**INTERROGATORY NO. 4:**

Has Defendant ever received from San Benito consent to the construction or operation of any pipeline beneath a street within the City of San Benito. If so, please identify specifically each such consent, identifying specifically any document in which it is embodied or described.

**RESPONSE TO INTERROGATORY NO. 4:**

It is likely that the City consented to the construction of the pipeline when it was built in about 1986, although we have not located any specific document reflecting this consent. It is clear that the City consented impliedly, because it knew the construction was occurring and never raised any objection.

**INTERROGATORY NO. 5:**

Has Defendant ever provided San Benito payments and/or reports pursuant to San Benito Ordinance No. 478? If so, please identify specifically each payment or report made and/or provided, including the date and entity making such a payment and/or filing such a report.

**RESPONSE TO INTERROGATORY NO. 5:**

We have been able to find no records of any such payments or reports, or of any demand for such a payment or report by San Benito.

**INTERROGATORY NO. 6:**

Plaintiff alleges that "most and/or all of the Defendants sold natural gas at the La Palma Power Plant once owned by Central Power and Light, which is located inside the city limits of San Benito . . ." Please identify specifically all customers, other than Central Power and Light, to whom Defendant has sold natural gas within the city limits of San Benito. For each, state the time or times of the sales as well as the quantities and amounts paid and/or received.

30956980.2                                    -6-

**RESPONSE TO INTERROGATORY NO. 6:**

All sales made to the La Palma plant as to which we have been able to locate a record, have been summarized on a list furnished to plaintiff's counsel (bates labeled KM 0007 – KM 0009). We have no record of any other sales in San Benito.

**INTERROGATORY NO. 7:**

Identify any and all natural gas sales made by Defendant at the La Palma Power Plant or to Central Power and Light since 1941. For each, state the time or times of the sales as well as the quantities and amounts paid and/or received.

**RESPONSE TO INTERROGATORY NO. 7:**

All sales made to the La Palma plant as to which records have been located, have been summarized on a list furnished to plaintiff's counsel (bates labeled KM 0007 – KM 0009). We have no record of any other sales in San Benito.

**INTERROGATORY NO. 8:**

Identify all gas sales [sic] have taken place at farm taps located along the pipelines within a 50 mile radius of the City of San Benito for gas sales at farm taps located along the pipelines? If so, please describe the precise location of each such farm tap at which you contend a sale was made, as well as the time and the volume of the sale.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory on the ground that it seeks information which is neither relevant nor calculated to lead to discovery of relevant evidence and is therefore outside the permissible scope of discovery as set out in Fed. R. Civ. P. 26(b)(1). Additionally, defendant objects that the interrogatory is unduly burdensome, and the burden or expense of the proposed discovery outweighs any likely benefit. Fed. R. Civ. P. 26(b)(2).

**INTERROGATORY NO. 9:**

Identify each and every request or demand made by San Benito to Defendant for payment of monies pursuant to San Benito Ordinance No. 478, including the person making the request and the date the request was made.

**RESPONSE TO INTERROGATORY NO. 9:**

None to our knowledge.

**INTERROGATORY NO. 10:**

Identify specifically each street, right of way, or piece of real property used by Defendant within the City of San Benito for sales made within the City of San Benito.

30956980.2                                    -7-

**RESPONSE TO INTERROGATORY NO. 10:**

Please see the maps (bates labeled KM 0001 – KM 0003) which show the location of the pipeline at issue in this lawsuit.

**INTERROGATORY NO. 11:**

Identify each person with knowledge of relevant facts concerning the sales by Defendant of natural gas within the City of San Benito including sales and amounts for each entity included in Defendant.

**RESPONSE TO INTERROGATORY NO. 11:**

Subject to and without waiving the foregoing objections, the following is a list of people who may have some knowledge of Kinder Morgan's natural gas sales within the City of San Benito:

| | | |
|---|---|---|
| Lee Baskin | Dwayne Parker | David Ender |
| Rick Dietz | Bob Cote | |
| Matthew Lund | Budd Omillian | |
| Marty Taylor | Time Jones | |
| Jim Aylesworth | Rick Gonzalez | |

**INTERROGATORY NO. 12:**

Identify your opinions or contentions and the basis thereof that Defendant is not liable to Plaintiff under the ordinance at issue for sales made by Defendant within the City of San Benito that relate to facts or the application of law to facts, setting out the person with the most knowledge of relevant facts regarding same.

**RESPONSE TO INTERROGATORY NO. 12:**

Please see answer to question number 3, which is also adopted as the answer to this question.

I believe that I (Lee Baskin) am probably the most knowledgeable person within Kinder Morgan concerning the facts relevant to this case.

**INTERROGATORY NO. 13:**

Identify each person answering the interrogatories, supplying information, or in any way assisting with the preparation of the answers.

STATE OF TEXAS        §
                      §
COUNTY OF HARRIS      §

On this day, Stewart Lee Baskin, an agent and/or authorized representative of Kinder Morgan Tejas Pipeline, L.P., the affiant, appeared in person before me, a notary public, who knows the affiant to be the person whose signature appears on this document. According to the affiant's statements under oath, the affiant is an agent and/or authorized representative of Kinder Morgan Tejas Pipeline, L.P. and is entitled to make this affidavit on behalf of Kinder Morgan Tejas Pipeline, L.P., a party in this case; the affiant has read the foregoing Kinder Morgan Tejas Pipeline, L.P.'s Objections and Responses to Plaintiff's First Set of Interrogatories ("Kinder Morgan's Answers"); and that based upon his own personal knowledge and knowledge acquired from persons within this organization with personal knowledge, Kinder Morgan's Answers are true and correct.

By _____
        Stewart Lee Baskin

SWORN TO AND SUBSCRIBED before me on July 22, 2005.

[SEAL]

ELIZABETH LINNELL
Notary Public
State of Texas
Comm. Exp. 09-12-2007

_____
Notary Public In And For
The State of Texas

30956980.2                    -10-