**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 2 6 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **CITY OF SAN BENITO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V** | § | **C. A. NO. B03-080** |
| | § | |
| **TEJAS GAS PIPELINE COMPANY, ET AL,** | § | |
| | § | |
| **Defendants** | § | |

**CITY OF SAN BENITO'S RESPONSE TO DEFENDANT KINDER MORGAN'S
MOTION FOR LEAVE TO FILE ITS MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito, Plaintiff in the above entitled and numbered cause, and files this Response to Defendant Kinder Morgan's Motion for Leave to File Its Motion for Summary Judgment, and in support thereof, would show the Court the following:

1.      This is a suit involving Defendant's failure to pay for use of City property and/or rights of way. The Court should note that the Plaintiff did not join Defendants in the litigation. Initially the matter was a class action pending and resolved in Cameron County. After resolution of the class action, Plaintiff filed an Amended Petition naming Defendants and informing the Defendants that they had not been served, in an attempt to resolve the matters without litigation. Defendants voluntarily filed answers and joined in the litigation without having been served. The basis of this litigation was the ordinance, which does not expressly require pipeline ownership for application of the Ordinance.

2.      In 1941, the City of San Benito passed ordinance No. 478. Ordinance No. 478 states that all persons and corporations using and maintaining pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural

City of San Benito's Response to Motion for Leave to File Summary Judgment
Page 1

gas to consumers shall pay 2% of the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." Defendants in this matter have failed to pay the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

3.  Initially, this cause of action was brought against multiple Defendants, including: (1) Defendants TEJAS GAS PIPELINE COMPANY, TEJAS GAS PIPELINE, L.L.C., TEJAS GAS PIPELINE, L.P., TEJAS GAS, L.L.C., TEJAS GAS MARKETING, L.L.C., GULF ENERGY MARKETING COMPANY, GULF ENERGY MARKETING, L.L.C., CORAL ENERGY SERVICES, L.L.C., CORAL ENERGY RESOURCES, L.P., SHELL GAS TRADING COMPANY, and TRANSCO PETRO SOURCE COMPANY (n/k/a TRANSCO P-S CO); and (3)Defendants CONOCO INC., TEXACO NATURAL GAS, INC., TEXACO GAS MARKETING, INC., AMOCO ENERGY TRADING CORP. (n/k/a BP ENERGY CO), BP ENERGY COMPANY,, ANADARKO ENERGY SERVICES CO., NATURAL GAS CLEARINGHOUSE, INC.,, ARCO NATURAL GAS MARKETING, INC. (n/k/a VASTAR GAS MARKETING, INC.), VASTAR GAS MARKETING, INC., TEXACO EXPLORATION AND PRODUCTION, INC.,, CHEVRON U.S.A. INC., TOTAL E&P USA, INC (successor in interest to FINA), and UNION PACIFIC RESOURCES COMPANY (n/k/a ANADARKO E&P CO., LP). Ultimately, Plaintiff dismissed claims against all Defendants except the Tejas Defendants, now known as the Kinder Morgan Defendants.

4.  Defendants filed a stipulation with the Court on or about April 8, 2005, stipulating that the Tejas Defendants were merged into Kinder Morgan Tejas Pipeline, L.P., and identifying the Tejas Defendants as what will be referred to as the Kinder Morgan Defendants.

5.  As part of the Court's Scheduling Order of September 23, 2004, the Court set Plaintiff's deadline for designating experts and reports furnished by April 29, 2005. Defendants'

deadline for designating experts and providing reports was June 17, 2005. The discovery deadline is September 1, 2005 and trial is set for November 3, 2005. The parties agreed to extend the Plaintiff's expert designation to July 13, 2005. The parties mutually agreed Defendant's experts were to be designated by August 21, 2005 and agreed to extend the discovery deadline to September 16, 2005.

6.    Plaintiff first served the Kinder Morgan Defendants with their first and second requests for production and requests for admissions on February 27, 2004. The requests were again sent on June 30, 2004. Finally, the requests were sent a third time on May 6, 2005. Defendants filed their responses on June 8, 2005. However, Defendants provided no responsive documents and asserted various unwarranted objections to the requests. Moreover, Defendants made no reference to a confidentiality agreement nor did they make any such request to the court for a confidentiality or protective order.

7.    The offices of Plaintiff's counsel contacted the offices for Defendants' counsel and informed them that no responsive documents had been produced. Plaintiff's counsel requested that responsive documents be immediately produced. As a result, Defendants' counsel forwarded to Plaintiff's counsel for the first time on June 21, 2005, a proposed Agreed Confidentiality and Protective Order. Without the signed document, Defendants' counsel indicated they would not produce the responsive documents and indeed have failed to produce responsive documents to date.

8.    On July 6, 2005, the Kinder Morgan Defendants forwarded to Plaintiff's counsel, items identified as Bates' documents KM 0001-KM0162. Defendants noted that it was only a partial production of documents and that any remaining documents would not be produced without an executed overbroad Agreed Confidentiality and Protective Order.

9.    The continued withholding of documents was made without any order of the court or request of the court for a Confidentiality and/or Protective Order prior to the date production was

due.   As a result, Defendants should be ordered to provide responsive documents and
Plaintiff should be provided with ample time to review the responses and prepare an expert
report regarding the amount of fees due to the Plaintiff City of San Benito.

10.    To date, Defendants have failed to produce the documents necessary for Plaintiff to properly
prepare expert reports and/or its case in chief.   As a result, on June 22, 2005, Plaintiff's
counsel forwarded a set of interrogatories which included an interrogatory regarding the total
amount of sales made within the City of San Benito, which could eliminate the need for
production of these allegedly confidential documents and could provide the information
necessary for production of expert reports and to properly prepare for trial.   Defendants
improperly objected to the discovery and Plaintiff filed a motion to compel regarding same.

11.    Moreover, Plaintiff's counsel has repeatedly indicated that needs dates for depositions of
corporate representatives with knowledge, including knowledge of sales and amounts of sales
made by Defendants within the City of San Benito.   These persons were identified by
Defendants.   Although Plaintiff has repeatedly indicated through these filings that he needs
these depositions, dates for these depositions have not been provided.

12.    Contrary to Defendants' representations, Plaintiff has been prejudiced by the late and
untimely filing of Defendants' motion for summary judgment. Defendants filed their motion
at the last minute after failing to properly comply with discovery. Although untimely filed,
Plaintiff, in an abundance of caution, filed a response without the benefit of full and
complete discovery.   Plaintiff relied on the fact that the motion was untimely filed in
determining that it would be able to wait on the court's ruling regarding discovery. Plaintiff
relied on the fact that Defendants would need to request additional time to file a motion for
summary judgment before Plaintiff would be required to fully and completely respond to the
summary judgment motion.   To date, Plaintiff is prejudiced by the late filing of the motion,
by its reliance on the fact that the motion was not timely filed and by the fact that Defendants

have unduly and improperly failed to comply with discovery necessary to properly respond to the motion. Defendants have not demonstrated a reasonable basis for noncompliance within the specified time period. They have provided no reasonable explanation nor evidence from the person responsible for mailing with regard to why second day mailing was requested. Moreover, Defendants have opposed Plaintiff's motions for extension of discovery and expert designation and continuance, even though these requests are essentially based on Defendants' conduct.

13.    Essentially, it appears that Defendants' filing error was based on a miscalculation by Defendants which does not constitute excusable neglect. <u>Kyle v. Campbell Soup Co.</u>, 28 F.3d 928, 931-32 (9th Cir, 1994). The issue of excusable neglect is an equitable inquiry that takes into account all relevant circumstances surrounding the party's omission. <u>Pioneer Inv. Svcs. Co. V. Brunswick Assocs.</u>, 507 U.S. 380, 395, 113 S. Ct. 1489, 1496 (1993). Equity does not warrant granting leave for the late filing of the motion.

CONCLUSION

14.    Based on the foregoing, Plaintiff contends that the record reflects that it has been diligent in pursuing discovery in this matter. The current circumstances are based not on Plaintiffs lack of diligence, but rather on Defendants' refusal to properly produce documents, properly request a confidentiality agreement and protective order of the Court, and Defendants' improper objections. Because of Defendants' acts or omissions, prejudice to the Plaintiff and no proper evidence of excusable neglect, Defendants' motion should be denied.REQUEST FOR RELIEF

15.    Plaintiff requests that the Court deny Defendants' motion, overrule Defendants' objections, and/or deny any request for a confidentiality agreement or protective order, and/or order Defendants to immediately produce all responsive documents and other information in written form, and/or extend the deadlines for designating experts and/or producing expert

reports, and/or continue the trial in this matter.

Respectfully submitted,

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile  (210) 212-5880

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 25th day of August, 2005, forwarded a true and correct copy of the above document to all counsel of record:

Ramon Garcia
Oscar Alvarez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

**ADAM PONCIO**