JACK E. EARNEST
ATTORNEY
OIL & GAS CONSULTING

5945 SHADY RIVER                                                    (713) 781-9700
HOUSTON, TEXAS 77057                                               FAX (713) 781-1630


December 15, 2005


Mr. Jeffrey D. Palmer
Fulbright & Jaworski L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095

Re:    *City of San Benito v. Kinder Morgan Tejas Pipeline, L.P*, In the United
       States District Court for the Southern District of Texas, Brownsville___

Dear Jeffrey:

As you requested, this letter presents my views and opinions concerning certain matters in the above case.  My experience is reflected in the attached Appendix A, and I have reviewed the following materials:

1. Defendant Kinder Morgan's Motion for Summary Judgment (including exhibits);
2. City of San Benito's Response to Defendants' Motion for Summary Judgment (including exhibits);
3. Defendant Kinder Morgan's Reply in Support of Motion for Summary Judgment (including attachment of Kinder Morgan's Monthly Sales Volume – bates no. KM1013 – 1015);
4. *Utilities Natural Gas Co. v. State;*
5. Amended Scheduling Order.

It is my understanding that:

1. The defendant is Kinder Morgan Tejas Gas Pipeline, L.P. ("KMT pipeline") which, since 1986, has operated a main gas pipeline system extending from the valley of Texas to southeast Texas, with legs extending from the mainline to connect gas supplies and to make deliveries to customers and other pipelines, including local distribution companies.

2.  A part of one leg of the pipeline runs within the city of San Benito, and gas is delivered from such line to the La Palma electric generating plant, presently owned by Sempra Energy Resources, where it is consumed as fuel.  Gas delivered to this plant is the only gas delivered within the city of San Benito by KMT pipeline.

3.  Neither KMT pipeline nor any affiliated companies now or have ever owned or operated any other pipeline facilities within the city of San Benito.

### BACKGROUND

KMT pipeline is a typical Texas intrastate natural gas pipeline whose function is to access gas supplies from producing areas and transport such supplies to customers who use or resell such gas.  Deliveries are made to local distribution companies (LDC's), industrial users, or to other pipelines for further transportation.

Since the mid-1980's, industrial users have negotiated and contracted for needed gas supplies, both purchase and transportation, with producers, pipelines or gas marketers.  Prior to that time, it was the pipelines who primarily bought from producers and resold natural gas to customers, adding transportation costs to the price.  LDC's rates to residential, commercial and other customers are, by contrast to pipelines, typically subjected to utility type rate proceedings.

The natural gas industry can be viewed as three basic functions:  producing, transmission and distribution.  The producing function includes gathering and gas processing.  Transmission includes gathering where done by the pipelines and who also have provided gas storage services.  Distribution includes the distribution systems required to deliver transported gas from the "citygate" to the residential, commercial and other customers within cities and municipalities.

### OPINION

It is my opinion that the term distribution refers to a system of pipes to deliver natural gas to a number of customers within a city or municipality.  Delivery of natural gas from a transporting pipeline to a single industrial customer would not constitute "distribution" as that term is used in the industry or in basic logic.  Distribution means to distribute, i.e. delivery to more than one party.

My fee is $250.00 per hour, plus expenses.  My opinion is based on materials reviewed and my experience.  If additional materials are reviewed or additional opinions are requested, I would expect to make any modifications or additions to this report if necessary.

Very truly yours,

Jack E. Earnest