IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 6 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | JURY TRIAL REQUESTED |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendants. | § | |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT KINDER MORGAN'S MOTION FOR SUMMARY JUDGMENT

Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") files this Notice of Supplemental Authority and would respectfully show the Court the following:

#### BACKGROUND

On or about June 29, 2004, the City of San Benito ("City"), the only plaintiff in this case, filed its current live pleading, Plaintiff's Eighth Amended Petition, Petition For Declaratory Judgment, Request For Injunctive Relief And Request For Jury Trial ("Petition"). Plaintiff alleges that defendants[1] have used streets in the City to engage in a wide variety of activities, which can be summarized as owning or operating gas pipelines and transporting and selling gas. *See* Petition at ¶¶ 3.2 & 3.5. Plaintiff contends that the City is entitled to collect street rentals from defendants under the City's Ordinance No. 478 ("Street Rental Ordinance" or "Ordinance") and that defendants' activities tortiously interfere with "other business activities of the City" and with "the City's ability to rent that space [being used by defendants] to others." Petition at ¶ 3.7. Plaintiff lists and purports to allege the following causes of action: Violation of City Charter

---

[1] The Petition names 23 defendants. All have been dismissed, with the exception of Kinder Morgan.

31045662.1

and/or City Statutes, Removal of Purpresture, Unjust Enrichment/Quantum Meruit, Trespass, Wrongful Appropriation and/or Pernance of Profits, Tortious Interference, and Negligence/Negligence Per Se. *See id.* at ¶¶ 4.1-4.20.

On or about July 14, 2005, Kinder Morgan filed its motion for summary judgment seeking dismissal of all of the City's claims based on the following grounds: (1) The Street Rental Ordinance does not apply to Kinder Morgan or its pipeline in the City of San Benito, because Kinder Morgan has not engaged and does not engage in "distribution" of natural gas. (2) Under Texas law the City is precluded from charging street rental for an interurban pipeline such as Kinder Morgan's. (3) There is no evidence that Kinder Morgan has engaged in distribution of natural gas in the City of San Benito. (4) There is no evidence of any tortious conduct on the part of Kinder Morgan, particularly since the State of Texas, which owns the streets in the City, has by statute authorized the location and operation of gas pipelines under streets and roads. (5) There is no evidence of damages to the City from any alleged tort.

<u>SUPPLEMENTAL AUTHORITY</u>

I. **A RECENT VICTORIA STATE COURT JUDGMENT PROVIDES STRONG SUPPORT FOR DEFENDANT KINDER MORGAN'S MOTION FOR SUMMARY JUDGMENT.**

A recent judgment by a state court in Victoria, Texas in a lawsuit brought by the City of Victoria involving a substantially similar street rental ordinance clearly supports Defendant Kinder Morgan's Motion for Summary Judgment previously submitted to this Court.

A. **The City of Victoria Lawsuit Involved a Substantially Similar Street Rental Ordinance and Almost Identical Claims.**

The City of Victoria street rental ordinance and the City of San Benito street rental ordinance have the following identical elements: (1) both ordinances allow the city to charge a rental of two per cent (2%) of the gross receipts from the sale of natural gas within the city; and

(2) both ordinances apply only to persons who are selling and distributing natural gas within the city. *See* Exhibit B to Defendant's Motion for Summary Judgment (City of Victoria Ordinance), attached as Exhibit 1.

The City of Victoria and the City of San Benito both asserted claims for violation of city charter and city statutes; purpresture; trespass; and negligence per se. *See* Exhibit C to Defendant's Motion for Summary Judgment (Plaintiff's Original Petition), attached as Exhibit 1 The City of San Benito has also asserted additional claims for unjust enrichment/quantum meruit; wrongful appropriation and/or pernance of profits; and tortious interference. *See* Petition at ¶¶ 4.5-4.6, 4.9-4.14.

**B.   The City of Victoria Lawsuit Involved the Identical Issues of Distribution and Ownership of the City Streets Raised in This Lawsuit.**

In the City of Victoria Lawsuit, the defendant Houston Pipe Line Company LP ("HPL"), an intrastate gas pipeline company like Kinder Morgan, moved for summary judgment on the grounds that it had never distributed natural gas within the City of Victoria because, like Kinder Morgan in the present case, HPL had made gas sales to only one consumer—Central Power and Light Company. *See* Defendant's Motion for Summary Judgment at 3, 5-7 (citing *Natural Gas Company v. State of Texas*, 128 S.W.2d 1153, 1153 (Tex. 1939); *Bullock v. Pioneer Corp.*, 774 S.W.2d 302, 305 (Tex. App.—Austin 1989, writ denied); Op. Tex. Att'y Gen. No. V-1084 (1950); and Op. Tex. Att'y Gen. No. V-994 (1950)), attached as Exhibit 1; *see also* Plaintiff's Response to Motion for Summary Judgment, attached as Exhibit 2. HPL, unlike Kinder Morgan, also made sales of natural gas to the local gas distribution company, however those sales were not made to an end user of the gas and therefore are not considered determinative for distribution purposes. *See* Defendant's Reply in Support of Motion for Summary Judgment at 4-6 (citing

Atty. Gen. Op. No. V-1084 (August 17, 1950)), attached as Exhibit 3. The Victoria state court granted Defendant's Motion for Summary Judgment. *See* Final Judgment, attached as Exhibit 4.

The City of Victoria moved for partial summary judgment on the grounds that HPL's pipeline and related facilities within the City of Victoria's streets, rights of way, and public property constituted as a matter of law a purpresture and encroachment without consent (trespass). *See* Plaintiff's Motion for Partial Summary Judgment and Notice of Hearing at 6-8, attached as Exhibit 5. HPL demonstrated that the City of Victoria's claims for trespass and purpresture failed as a matter of law because the State of Texas, not the City of Victoria, is the owner of the city streets and has authorized natural gas pipelines to be laid and operated under streets and roads. *See* Defendant's Response to Plaintiff's Motion for Partial Summary Judgment at 4-5 (citing *West v. City of Waco*, 294 S.W. 832, 833-34 (Tex. 1927); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 644-45 (Tex. 2004); and *City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1946)), attached as Exhibit 6. The Victoria state court denied Plaintiff's Motion for Partial Summary Judgment. *See* Final Judgment, attached as Exhibit 4.

## CONCLUSION

The Victoria state court judgment squarely supports Kinder Morgan's Motion for Summary Judgment in this Court. Kinder Morgan, like HPL in Victoria, has not distributed gas within the City of San Benito. Additionally, the City of San Benito's tort claims fail, like those asserted by the City of Victoria, because the State of Texas, which owns the streets, has by statute authorized the location and operation of gas pipelines under streets and roads.

Kinder Morgan respectfully asks the Court to render summary judgment dismissing plaintiff's suit with prejudice, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

*Osborne J. Dykes, III*
Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
   William D. Wood
   State Bar No. 21916500
   Jeffrey D. Palmer
   State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
   David G. Oliveira
   State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on December 15, 2005 on the following counsel of record:

| | |
|---|---|
| Mr. Adam Poncio | Mr. Ramon Garcia |
| Cerda & Poncio | Law Offices of Ramon Garcia, P.C. |
| 924 McCullough | 222 West University Drive |
| San Antonio, Texas 78125 | Edinburg, Texas 78539 |

*Jeffrey D. Palmer*
Jeffrey D. Palmer

31045662.1     5