CAUSE NO. 03-6-59,833-C

| | | |
|---|---|---|
| CITY OF VICTORIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | VICTORIA COUNTY, TEXAS |
| | § | |
| HOUSTON PIPE LINE COMPANY, et al. | § | |
| Defendants. | § | 267th JUDICIAL DISTRICT |

FILED

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Houston Pipe Line Company LP ("HPL") files this motion for summary judgment pursuant to Rules 166a(b), 166a(c), and 166a(i), of the TEXAS RULES OF CIVIL PROCEDURE on the following grounds:

- The ordinance on which this lawsuit is based does not apply to HPL as a matter of law because HPL does not now own, operate, manage, or control, nor has HPL in the past owned, operated, managed, or controlled any gas, electric light, or electric power plant located within the City of Victoria, Victoria County, Texas.

- The ordinance does not apply to HPL for the second and independent reason that HPL has never distributed gas or electric power in the City of Victoria.

- There is no evidence of essential elements of plaintiff's suit. Specifically, there is no evidence that HPL:

  - has ever owned, operated, managed, or controlled any gas, electric light, or electric power plant located in the City of Victoria, Victoria County, Texas;

  - has ever distributed gas or electric power in the City of Victoria;

  - has violated any ordinance, statute, or state constitutional provision; or

  - has caused plaintiff to sustain damages for trespass or purpresture.

## I.
## FACTS

HPL is an intrastate gas pipeline company that transports natural gas. *See* Affidavit of Melvin Siecko ("Siecko Aff.") at ¶ 3, attached as Exhibit A. HPL has never owned, operated, managed, or controlled any gas, electric light, or electric power plant located within the City of

309153642

EXHIBIT
1

Victoria, Victoria County, Texas. *See id.* at ¶¶ 4-5. HPL has also never sold electric power to any customer within the City of Victoria, Victoria County, Texas. *See id.* at ¶ 6. HPL has only sold gas to one customer, Central Power and Light Company, and one local distributing company, currently CenterPoint Energy, both of which have a location within the City of Victoria, Victoria County, Texas. *See id.* at ¶ 7.

The City of Victoria has filed suit against defendant alleging that defendant violated a 1941 city ordinance, now codified in Sections 14-115 and 14-116 of the City Code of the City of Victoria (the "Ordinance").[1] The Ordinance states:

> Sec. 14-115. Street rental on gas and electric companies - Semiannual reports.
>
> Each person **owning, operating, managing, or controlling any gas, electric light, or electric power plant located within the city and used for local sale and distribution** in the city, and charging for such gas, electric lights or electric power and using the streets, alleys or public ways of the city in the conduct of such business, shall, within thirty (30) days after the thirtieth day of September and the thirty-first day of March each year, file with the city secretary a report under oath of the person, or the president, treasurer, or superintendent of such company, corporation or association, showing the gross amount received from such business done in the city in the payment of charges for such gas, electric lights or electric power for the six (6) months preceding each of such dates. (City Code 1960 § 27-6).
>
> Sec. 14-116. Same – Amount, payment.
>
> Each person **owning, operating, or controlling any gas, electric light, or electric power plant located within the city and used for local sale and distribution** in the city, and charging for such gas, electric lights or electric power and using the streets, alleys or public ways of the city in the conduct of such business at the time of filing of such report, as required under section 14-115, shall pay to the city a rental of two (2) per cent of the gross receipts received by such person from the sale of gas, electric lights or electric power derived from

---

[1] In paragraph 4.4 of Plaintiff's Original Petition, under the "Violation of City Charter, Code and/or City Statutes" cause of action, plaintiff alleges that "Defendants' conduct constitutes a purpresture upon public property and public rights-of-way, and/or trespass on municipal property." Plaintiff's Original Petition at 5, attached as Exhibit C. It is unclear whether plaintiff is asserting causes of action against defendant for trespass and purpresture. Nevertheless, these causes of action will be addressed in this motion for summary judgment.

consumers of such gas, electric lights or electric power located within and used within the city for the six (6) months preceding the thirtieth day of September and the thirty-first day of March each year, excluding from the gross receipts all amounts paid to any person by the city or other governmental agency, which sum shall be paid to the city secretary who shall thereupon deliver to the person paying same a receipt for the amount so paid as rental. (City Code 1960 § 27-7).

Victoria City Code §§ 14-115 and 14-116 (emphasis added), attached as Exhibit B.

The express terms of the Ordinance applies only to persons "[1] owning, operating, managing, or controlling any gas, electric light, or electric power plant located within the city [of Victoria] and [2] used for local sale and distribution in the city." Victoria City Code §§ 14-115, 14-116 (emphasis added). Accordingly, the Ordinance only applies to persons who "own, operate, or control" any gas, electric light, or electric power plant and who have "distributed" gas, electric light, or electric power within the City of Victoria. Defendant is entitled to summary judgment as a matter of law because the summary judgment evidence conclusively establishes that it has never owned, operated, managed, or controlled any gas, electric light, or electric power plant located within the City of Victoria and that it has never distributed gas, electric light, or electric power within the City of Victoria.

## II.
## SUMMARY JUDGMENT EVIDENCE

This motion is supported by summary judgment evidence, attached to this motion and incorporated herein by reference.

    Exhibit A:    Affidavit of Melvin Siecko.

    Exhibit B:    Sections 14-115 and 14-116 of the City Code of the City of Victoria.

    Exhibit C:    Plaintiff's Original Petition.

## III.
## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is proper where, as here, there are no material issues of fact to be tried, and the movant is entitled to judgment as a matter of law. *See Gibbs v. General Motors Co.*, 450 S.W.2d 827, 828 (Tex. 1970); *Nixon v. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). Summary judgment is proper for a defendant if its summary judgment proof conclusively negates at least one essential element of the plaintiff's cause of action. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Likewise, summary judgment is proper where there is no evidence of one or more essential elements of plaintiff's claim. *See* TEX. R. CIV. P. 166(i).

## IV.
## ARGUMENTS AND AUTHORITIES

**The Ordinance Does Not Apply to Defendant as a Matter of Law.**

In Plaintiff's Original Petition, plaintiff alleges two causes of action (violation of city charter, code and/or city statutes, and negligence per se), both of which are based on the allegation that defendant violated the Ordinance. *See* Plaintiff's Original Petition at 5-6, attached as Exhibit C. Since the Ordinance is the essential foundation of all plaintiff's claims in this lawsuit, if the Ordinance does not apply to defendant, then defendant is entitled to summary judgment as a matter of law.

1. **Defendant Has Never Owned, Operated, Managed, or Controlled Any Gas, Electric Light, or Electric Power Plant Located In the City of Victoria.**

The Ordinance, by its express terms, only applies to persons "owning, operating, managing, or controlling any gas, electric light, or electric power plant located within [the City of Victoria]." Victoria City Code § 14-115, Exhibit B; *see also* Victoria City Code § 14-116, Exhibit B (stating the same requirements with the exclusion of "managing"). The affidavit of

Melvin Siecko establishes that defendant does not now and has never "owned, operated, managed, or controlled any gas, electric light, or electric power plant located within the City of Victoria, Victoria County, Texas." Siecko Aff. at ¶¶ 4-5, Exhibit A. Therefore the Ordinance does not apply to defendant and defendant is entitled to summary judgment as a matter of law.

## II. Defendant Has Not Distributed Gas or Electric Power Within the City of Victoria

The Ordinance only applies to persons who have "distributed" gas or electric power within the City of Victoria. *See* Victoria City Code §§ 14-115 and 14-116, Exhibit B. Since defendant did not "distribute" gas or electric power within the City of Victoria, the Ordinance does not apply for this second and independent reason.

### A. The Term "Distribution" Means the Transfer of Gas to More Than One Consumer

The Texas Supreme Court has established that "distribution" in the context of gas pipelines means the transfer of possession of gas to <u>various</u> consumer individuals or concerns in the city. Therefore, the sale of gas to only one consumer in the City of Victoria would not qualify as "distribution."

In *Utilities Natural Gas Company v. State of Texas*, 128 S.W.2d 1153, 1153 (Tex. 1939), the State of Texas sued the Utilities Natural Gas Company to recover an occupation tax. Utilities Natural Gas Company owned and operated a natural gas producing, gathering and transmission system in Refugio and Victoria Counties. *See id.* Its principal customer was the Central Power & Light Company ("CP&L"). *See id.* at 1153-54. It delivered gas to CP&L through a gas pipeline it owned which extended from a point outside the city limits of Victoria directly into the CP&L plant in Victoria. *See id.* at 1154. The occupation tax statute at issue, which closely resembles the Ordinance at issue in this lawsuit, provided:

> Each individual, company, corporation or association, owning, operating or managing or controlling any gas, electric light, electric power or water works, or

> water and light plant, located within any incorporated town or city in this State, and **used for local sale and distribution** in said town or city, and charging for such gas, electric lights, electric power or water, shall make quarterly . . . a report to the Comptroller . . . showing the gross amount received from such business . . . . Said individual, company, corporation or association . . . shall pay to the Treasurer of this State an occupation tax. . . .

TEX. REV. CIV. STAT. art. 7060, *repealed* by Acts 1959, 56th Leg., 3d C.S., ch. 1, § 7 (emphasis added).

The *Utilities* court held the defendant company was not subject to the tax because the pipeline was not used for the sale and distribution of gas in the City of Victoria. *See Utilities Natural Gas*, 128 S.W.2d at 1155. The court reasoned:

> But considered in the light of the provisions of the statute, as a whole, we have no doubt that the simple fact that a delivery of gas is made in the city, by means of said pipe line, to a single customer, and to nobody else, was not intended by the legislature to be comprehended by the term "distribution" as used. This term as used does not mean the transfer of the possession of gas, by means of the pipe line, to a single purchaser where such purchaser is the only customer to whom the gas company sells gas in the city. It means the transfer of possession of gas to various individuals or concerns in the city. Any other construction of the term would, in our opinion, involve a departure from the legislative intent.

*Id.* Because the company had not distributed gas within the City of Victoria, the court held it was not subject to the occupational tax. *See id.*

Pursuant to *Utilities Natural Gas*, entities that are only selling natural gas to one consumer within the City of Victoria, the CP&L plant, are not "distributing" gas and are not subject to the Ordinance. *See also Bullock v. Pioneer Corp.*, 774 S.W.2d 302, 305 (Tex. App.— Austin 1989, writ denied) (noting that the term "distribution" means the transfer of gas to various individuals or concerns in the city and finding distribution in that case where, unlike the present case, gas was delivered to four customers within the city); Op. Tex. Att'y Gen. No. V-1084 (1950) (finding that distribution does not include the sale of gas to only one industrial customer within the city and that sales to a distributor would not count as sales to an industrial customer);

Op. Tex. Att'y Gen. No. V-994 (1950) (finding that distribution requires the sale of gas to more than one customer or purchaser within a city).

The dictionary supports these holdings. The Merriam-Webster On-Line Dictionary defines "distribution" as "the act or process of distributing." The Merriam-Webster On-Line Dictionary *available at* http://63.240.197.88/cgi-bin/dictionary?book=Dictionary&va=distribution. "Distributing" is defined as "to divide among several or many." *Id.* Additionally, Black's Law Dictionary defines "distribution" as "[t]he giving out or division among a number, sharing or parceling out, allotting, dispensing, apportioning." BLACK'S LAW DICTIONARY 329 (6th ed. 1991).

### B. HPL Only Sold Gas to Only One Consumer, Central Power and Light Company, With a Facility in Victoria.

The affidavit of Melvin Siecko conclusively establishes that HPL has never sold electric power to any consumer within the City of Victoria, Victoria County, Texas. Siecko Aff. at ¶ 6, Exhibit A. Additionally, HPL has made gas sales to only one <u>consumer</u> within the City of Victoria—Central Power and Light Company. *See id.* at ¶ 7. Moreover, HPL's sales of gas to the local distributing company in the City of Victoria does not transform HPL's sales of gas into distribution. *See* Op. Tex. Att'y Gen. No. V-1084 (1950) (finding that distribution does not include the sale of gas to only one industrial customer within the city and that sales to a distributor would not count as sales to an industrial customer). Therefore, HPL has not "distributed" gas within the City of Victoria, because distribution requires multiple consumers not including local distributors, as a matter of law. Since the Ordinance does not apply to HPL under the undisputed facts, HPL is entitled to summary judgment as a matter of law.

### Plaintiff Has Produced No Evidence to Support Its Claims Against HPL.

The sole basis of the plaintiff's negligence and violation of city charter claims is that defendant violated Sections 14-115 and 14-116 of the City Code of the City of Victoria. There is, however, no evidence that defendant has violated the City Code by (1) owning, operating, managing, or controlling any gas, electric light, or electric power plant located within the City of Victoria, Victoria County, Texas and (2) distributing gas or electric power in the City of Victoria. There is also no evidence that defendant violated any ordinance, statute, or state constitutional provision. Because there is no evidence of these essential elements of plaintiff's case, defendant is entitled to summary judgment.

Additionally, defendant is entitled to summary judgment on the plaintiff's putative trespass and purpresture claims because there is no evidence (1) the defendant physically intruded or encroached upon any property or rights-of-way in the City of Victoria or (2) of any damages. Because there is no evidence of these essential elements of plaintiff's case, defendant is entitled to summary judgment.

## V.
## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Houston Pipe Line Company LP respectfully requests that this Court grant Defendant's Motion For Summary Judgment, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

*signature*

Osborne J. Dykes, III
State Bar No. 06325500
William D. Wood
State Bar No. 21916500
Jeffrey D. Palmer
State Bar No. 24027585
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

**COUNSEL FOR DEFENDANT
HOUSTON PIPE LINE COMPANY LP**

### CERTIFICATE OF SERVICE

This pleading has been served in compliance with the rules of the TEXAS RULES OF CIVIL PROCEDURE on July 8, 2005 on all counsel of record via certified mail, return receipt requested.

*signature*

Jeffrey D. Palmer

CAUSE NO. 03-6-59,833-C

| | | |
|---|---|---|
| CITY OF VICTORIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| V. | § | VICTORIA COUNTY, TEXAS |
| HOUSTON PIPE LINE COMPANY, et al. | § | |
| Defendants. | § | 267th JUDICIAL DISTRICT |

### AFFIDAVIT OF MELVIN SIECKO

| | |
|---|---|
| THE STATE OF TEXAS | § |
| THE COUNTY OF VICTORIA | § |

Melvin Siecko, being duly sworn, upon oath, deposes and says:

1. My name is Melvin Siecko. I am over the age of eighteen and am competent to testify as to the matters contained herein. The facts set forth herein are true and correct to my personal knowledge. If called to testify in this matter, I could and would testify to the matters set forth in this Affidavit from my own personal knowledge and recollection and from information and materials gathered from my experience and provided to me by others upon whom I rely on a daily basis to perform the duties of my occupation.

2. I am a Pipeline Technician A for Houston Pipe Line Company LP and one of the areas where I work is the City of Victoria.

3. Houston Pipe Line Company LP ("HPL") is a gas pipeline company that transports natural gas.

4. HPL does not currently own, operate, manage, or control any gas, electric light, or electric power plant located within the City of Victoria, Victoria County, Texas.



30915366.2

**Sec. 14-115. Street rental on gas and electric companies—Semiannual reports.**

Each person owning, operating, managing, or controlling any gas, electric light, or electric power plant located within the city and used for local sale and distribution in the city, and charging for such gas, electric lights or electric power and using the streets, alleys or public ways of the city in the conduct of such business, shall, within thirty (30) days after the thirtieth day of September and the thirty-first day of March of each year, file with the city secretary a report under oath of the person, or the president, treasurer, or superintendent of such company, corporation or association, showing the gross amount received from such business done in the city in the payment of charges for such gas, electric lights or electric power for the six (6) months preceding each of such dates.

(Code 1960, § 27-6)

**Sec. 14-116. Same—Amount, payment.**

Each person owning, operating, or controlling any gas, electric light, or electric power plant located within the city, and used for local sale and distribution in the city, and charging for such gas, electric lights or electric power and using the streets, alleys or public ways of the city in the conduct of such business at the time of filing of such report, as required under section 14-115, shall pay to the city a rental of two (2) per cent of the gross receipts received by such person from the sale of gas, electric lights or electric power derived from consumers of such gas, electric lights or electric power located within and used within the city for the six (6) months preceding the thirtieth day of September and the thirty-first day of March each year, excluding from the gross receipts all amounts paid to any person by the city or other governmental agency, which sum shall be paid to the city secretary who shall thereupon deliver to the person paying same a receipt for the amount so paid as rental.

(Code 1960, § 27-7)



EXHIBIT B

08/23/03  15:47 FAX 2147773067       AEP                                              ☒005/011

CAUSE NO. 03-6-59283-C

| | | |
|---|---|---|
| CITY OF VICTORIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § | |
| | § | VICTORIA COUNTY, TEXAS |
| HOUSTON PIPE LINE COMPANY, et al., | § | |
| Defendants. | § | 267 JUDICIAL DISTRICT |

FILED
03 JUN 11 PM 4:54
DISTRICT CLERK
VICTORIA COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, the CITY OF VICTORIA (hereinafter referred to as "Plaintiff"), requesting a trial by jury and complaining of the conduct of Defendants which are entities generally known as HOUSTON PIPE LINE COMPANY, including but not limited to AEP Houston Pipe Line Company, L.L.C., Houston Pipe Line Company, L.L.C. and Houston Pipe Line Company, L.P. (hereinafter referred to as Defendant and/or Defendants), and would respectfully show this Court the following:

### I. PARTIES

1.1   Plaintiff CITY OF VICTORIA is a Texas municipal corporation, chartered as a home-rule city, located in and governing portions of Victoria County, Texas.

1.2   Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Defendant, Houston Pipe Line Company is a merged domestic business corporation, which was or is doing business in the State of Texas. Houston Pipe Line Company may be served by sending citation to the registered agent for

Plaintiff's ORIGINAL Petition
Page 1


EXHIBIT C

service of process, Peggy B. Manchaca, at 1617 Houston Natural Gas Building, 1200 Travis Street, Houston, Texas 77001. Citation is requested by certified mail, return receipt requested.

1.3 Further, Defendants, Houston Pipe Line Company and Houston Pipe Line Company, L.L.C., may be served with process by sending citation to, upon information and belief, the surviving corporation, AEP Houston Pipe Line Company, L.L.C., which is a foreign limited liability company, doing business in Texas. Defendant, AEP Houston Pipe Line Company, L.L.C. may be served by sending citation to the registered agent for service of process, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201. Citation is requested by certified mail, return receipt requested.

1.4 Defendant, Houston Pipe Line Company, L.P. is a foreign limited partnership doing business in Texas. Houston Pipe Line Company, L.P., may be served by sending citation to the registered agent for service of process, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201. Citation is requested by certified mail, return receipt requested.

1.5 Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 3.

## II. JURISDICTION AND VENUE

2.1 This lawsuit arises from and is based solely upon acts and omissions committed locally, i.e., within the city limits of the City of Victoria, Texas and the causes of action asserted herein are based solely upon Texas law.

2.2 Plaintiff's causes of action against Defendants involve acts committed by Defendants within Victoria County, Texas.

Plaintiff's ORIGINAL Petition
Page 2

2.3  Plaintiff's causes of action against the Defendants are maintainable in Victoria County, Texas, in that all or substantial portions of the events or omissions giving rise to Plaintiff's causes of action, as more specifically described herein, occurred or arose in Victoria County, Texas.

### III.  FACTUAL BACKGROUND

3.1  The City of Victoria, by virtue of state law, its City Charter, City Code and City ordinances, is vested with the authority to protect and promote the safety and well being of its citizens. In furtherance of those vested duties, the City of Victoria is responsible for insuring that proper compensation for use of City streets, rights-of-way and any other city property is paid. The City has a duty to its citizens to regulate the use of its property. The streets, rights-of-way and other city property are valuable assets to the City of Victoria, and must be protected from unauthorized use.

3.2  Upon information and belief, the Defendants, singularly or in concert, currently use and/or has in the past used the streets, alleys, rights-of-way, and/or other public property owned or controlled by Plaintiff City to conduct all or some of the following activities within the incorporated city limits of the City: (a) acquire, construct, maintain, own, use, and/or operate, in whole or in part, gas pipelines, including without limitation transmission, distribution, or gathering pipelines and appurtenant facilities, meters, city gates, plant gates, plant tailgates, outlet meters, accounting meters, and/or other pipeline related facilities; (b) transport, deliver, or cause to be transported or delivered its own gas and/or gas liquids, or gas and/or gas liquids owned by any other person or entity whether affiliated or not affiliated with the Defendants; (c) market, trade, exchange and/or sell gas directly to commercial, residential, or industrial gas consumers; (d) market, trade, exchange and/or sell gas to electric utilities or other entities using gas for power generation; (e) market, trade, exchange and/or sell gas to local distribution companies, gas marketers, transmission pipelines, gas gathering

Plaintiff's ORIGINAL Petition
Page 3

pipelines and/or gas re-sellers; (f) store gas; (g) gather gas; and/or (h) purchase or receive for transportation gas from any producing oil and/or gas well or from any gas gathering pipeline and/or from any other source.

3.3  Defendants know, or should have known, that to conduct the natural gas business activities described herein, they must make use of City streets, rights-of-way and other city property. Victoria does not now, nor ever has, consented to any such use.

3.4  Upon information and belief, none of the Defendants does now pay, nor has in the past, paid to the City of Victoria any franchise tax or fee, street rental, or other fee or charge, however denominated or characterized, in exchange for the City's formal consent or formal authorization to conduct the dangerous and/or hazardous natural gas business activities described herein, within the City's incorporated limits. Further, Defendants have failed to comply with existing city charter and code provisions and/or ordinances, including, in particular, the below described ordinance.

3.5 On July 7, 1941, the City of Victoria passed an Ordinance, entitled "AN ORDINANCE OF THE CITY OF VICTORIA, TEXAS, FIXING RENTALS TO BE PAID BY EACH INVDIVIDUAL, COMPANY, CORPORATION, OR ASSOCIATION OWNING, OPERATING, MANAGING, OR CONTROLLING ANY GAS, ELECTRIC LIGHT OR ELECTRIC POWER PLANT, LOLCATED WITHIN THE COPRORATE LIMITS OF THE CITY OF VICTORIA, TEXAS, AND USED FOR LOCAL SALE AND DISTRIBUTION IN THE CITY OF VICTORIA, TEXAS, CHARGING FOR SUCH GAS, ELECTRIC LIGHTS OR ELECTRIC POWER, AND USING THE STREETS, ALLEYS AND/OR PUBLIC WAYS OF THE CITY OF VICTORIA, TEXAS, IN THE CONDUCT OF SAID BUSINESS; PROVIDED THAT ANY SUCH INDIVIDUAL, COMPANY, CORPORATION OR ASSOCIATION SHALL MAKE SEMI-

ANNUAL REPORTS; REPEALING ALL LAWS IN CONFLICT HEREWITH, AND PROVIDING A PENALTY FOR THE VIOLATIONS HEREOF (hereinafter "the street rental ordinance"). The Ordinance has not been repealed, withdrawn and/or superceded. The 1941 Ordinance is currently codified in the Victoria City Code at Section 14-115 and 145-116.

3.6  Defendants have failed to comply with the reporting and payment requirements of the street rental ordinance.

## IV. CAUSES OF ACTION

### Violation of City Charter, Code and/or City Statutes

4.1  The preceding factual statements and allegations are incorporated by reference herein.

4.2  Defendants have failed to comply with the street rental ordinance duly enacted by Victoria. Both the United States Supreme Court and the Texas Supreme Court have upheld and sustained the right of cities to fix a rental charge for the use of its streets and other public places by gas companies and other utilities, which carry on a local business. See Fleming v. Houston Lighting & Power Co., 138 S.W.2d 520 (Tex. 1940).

4.3  Furthermore, Defendants unauthorized activities described herein violate the City Charter because it declares that any right of use of city streets, rights-of-way or other city property must be duly authorized by ordinance and no such ordinance has authorized the Defendants' use of city property as described herein.

4.4  Defendants' conduct constitutes a purpresture upon public property and public rights-of-way, and/or trespass on municipal property.

### Negligence Per Se

4.5  The preceding factual statements and allegations are incorporated by reference herein.

Plaintiff's ORIGINAL Petition
Page 5

06/24/03  15:13 FAX 832 668 1127    AEP RESOURCES HOUSTON    ☐010
06/23/03  15:49 FAX 2147773067    AEP    ☐010/011

4.6   Defendants' conduct constitutes negligence per se, in that Defendants violated one or more local ordinances, state statutes, and/or state constitutional provisions --which establish statutory standards of conduct of a reasonably prudent person--and said violations proximately caused Plaintiff's damage.

## V. ATTORNEYS' FEES

5.1   The preceding factual statements and allegations are incorporated by reference herein.

5.2   This is an action for debt. Plaintiff has been required to retain the undersigned counsel to institute and prosecute this action and any appeals that may flow from this litigation. Plaintiff has presented its claim and demand to Defendants for payment, and such claims have not been paid. Plaintiff is entitled to its reasonable and necessary attorney fees and hereby sues for same pursuant to Section 38.001, et. seq. of the Texas Civil Practice & Remedies Code.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be served with process and ordered to appear and answer herein and after trial here, it prays for the following relief:

1. Judgment in an amount which exceeds the minimal jurisdictional limits of the court for damages on all causes of action;

2. interest on such judgment at the highest legal rate until paid in full; pre-judgment interest as provided by law at the highest legal rate;

3. reasonable attorneys' fees and costs under Texas law; and

4. such other and further relief to which it may be justly entitled.