

## RIGHT-OF-WAY PERMIT

COPY

STATE OF TEXAS                              *

COUNTY OF VICTORIA                          *

The City of Victoria, Texas, (City) a municipal corporation located in Victoria County, Texas, hereby grants the right, privilege and permission to Houston Pipe Line Company, (HPLC), located in Houston, Texas, to own, locate, maintain, operate, repair, replace and remove its existing pipeline and necessary appurtenances in, under and along Delmar Drive, between Hanselman Road and Lone Tree Road, in the City of Victoria, Victoria County, Texas, as shown in Exhibit "A" attached hereto and incorporated herein, subject to the following terms and conditions:

### 1.

HPLC agrees that the granting of this Permit, and the issuance by the City of any related permits, shall not constitute any abandonment by the City of any rights of any nature in the above described locations. This Permit does not grant any right, privilege or permission for any pipeline in any location other than as described above.

### 2.

HPLC agrees that any repair, maintenance, or operation of any pipeline located within any of the above described locations shall be performed in accordance with good engineering practice, taking care for the convenience and safety of the public and in a manner so as not to interfere with the public use thereof except during repair and maintenance; and provided that said public location shall be replaced and restored to the former condition as is reasonably possible.

### 3.

In the event that the City of Victoria performs road improvements on the above described rights-of-way in order to widen, straighten or change traffic lanes, HPLC will be given thirty (30) days written notice to relocate its pipeline at its own sole cost and expense.

**4.**

HPLC agrees to hold harmless, defend and unconditionally indemnify the City, its officers, employees, agents, and insurers from, against and for any and all liability, costs, expenses, damages and claims, whether for personal injury, property damage, or both, which the City may at any time suffer or sustain or become liable for in any manner, arising from or in relation, whether directly or indirectly, to any pipeline for which this permit is granted.

**5.**

HPLC agrees to comply with the City of Victoria Special Provisions For Right-of-Way Permits (attached) as amended from time to time when performing repair or maintenance work on the above described pipeline when such work requires that the right-of-way be partially or completely closed.

**6.**

The rights granted in the permit are personal to HPLC, and HPLC shall not assign or transfer these rights in whole or in part to any third person without the express written consent of the City which will not be unreasonably withheld except that HPLC may, without the express written consent of the City, assign all or part of this Right-of-Way Permit to any entity in which HPLC or HPLC's parent company (or any wholly owned subsidiary or affiliate) owns or holds at least a fifty percent (50%) ownership interest. In the event that HPLC's use of the above described right-of-ways ceases for a consecutive period of not less than one (1) year, the permit shall terminate and HPLC shall at the City's sole option either (1) assign all ownership of the pipeline located under the right-of-way to the City and be relieved of any further liability therefor, or (2) remove all of its pipelines and repair and restore any damage to the roadway surface within thirty (30) days of receipt of written notice to do so from the City.

EXECUTED this ___18th___ day of ___November___, 1992.

HOUSTON PIPE ~~LINE COMPANY~~                    CITY OF VICTORIA, TEXAS

By:                                              BY: _____
                                                     James J. Miller
                                                     City Manager

**STATE OF TEXAS**                              *

**COUNTY OF VICTORIA**                          *

    Before me, the undersigned Notary Public, on this day personally appeared _Edwin R. Fleck Jr._ , Authorized Representative of the Houston Pipe Line Company, known to me to be the person and representative whose name is subscribed to the foregoing instrument, and acknowledged to me that the same was the act of the said Houston Pipe Line Company, and that he executed the same as the act for such Company for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the _5_ day of _November_ , 1992.

_Harold H Tyler_
Notary Public, State of Texas



HAROLD H. TYLER
Notary Public, State of Texas
My Commission Expires 8-5-93

Typed or Printed Name: _____

My Commission Expires: _____


**STATE OF TEXAS**                              *

**COUNTY OF VICTORIA**                          *

    Before me, the undersigned Notary Public, on this day personally appeared James J. Miller, City Manager of the City of Victoria, known to me to be the person and representative whose name is subscribed to the foregoing instrument, and acknowledged to me that the same was the act of the said City of Victoria, and that he executed the same as the act for such City for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the _18th_ day of _November_ , 1992.

_Rachael R. Gonzales_
Notary Public, State of Texas

Typed or Printed Name: _____

My Commission Expires: _____



RACHAEL R. GONZALES
MY COMMISSION EXPIRES
October 3, 1993

## CITY OF VICTORIA
### SPECIAL PROVISIONS
### FOR RIGHT-OF-WAY PERMITS

1. The following Special Provisions to Houston Pipe Line Company's Right-of-Way Permit from the City of Victoria shall apply to all construction, reconstruction, repairs, replacement, removal and maintenance of its pipeline.

2. Houston Pipe Line Company (HPL) shall provide for a dust free operation so far as possible.

3. HPL will be required to perform the covered activities in an orderly manner. It is not the intent of the City of Victoria to allow the said company to spread out over the entire pipeline all at once.

4. HPL should work only that portion of the pipeline that can be completed in a working day.

5. A neat condition shall be maintained during the day and at the end of the day.

6. A HPL representative shall be on site whenever work is in progress.

7. Outriggers for all backhoes, etc., shall have rubber pads when used on asphalt or concrete surfaces.

8. HPL will be allowed to stockpile excavated material removed from the trench, but the material must be removed from the project at the end of each day. After excavated material is removed, the site shall be swept and washed down.

9. All excavations within the street right-of-way and not under surfacing shall be thoroughly compacted to density equal to that of the surrounding soil and finished flush with the surrounding ground. Backfill material used under streets shall consist of compacted cement stabilized base material (2 sacks of cement per cubic yard of base material).

10. All necessary labor, materials and equipment for the covered activities shall be available prior to beginning work, and the work once started, shall continue without delay through completion of the job.

11. Where applicable, all asphalt and concrete surfaces shall be saw cut.

12. Open trenches or pits shall be kept to a bare minimum

during the day and at the end of the day.

13. Materials for use on HPLC's pipeline stored in the right-of-way shall be mainly for that particular work day.

14. All asphalt surfaces removed shall be replaced with a minimum of two (2) inches of hot laid hot mix asphaltic concrete pavement.

15. Proper drainage shall be maintained throughout the covered activities of the construction.

16. HPL shall use special care not to damage any City or private property.

17. No rotary boom will be allowed on the job unless otherwise authorized by the City representative.

18. Ingress and egress to private property shall be provided at all times.

19. Proper barricading shall be provided by HPL AT ALL TIMES during covered activities. ALL flashing lights shall be checked each day to insure they are working properly. All barricading shall be in accordance with the Texas Manual on Uniform Traffic Control Devices, Part VI.

20. It is the intent of the above provisions to provide for a neat and orderly manner to complete the covered activities with a minimum of complaints and inconvenience to the public.

21. No work shall be performed on weekends and legal holidays.

22. HPL and the contractor for said company shall notify the Department of Engineering of the City of Victoria forty-eight (48) hours prior to commencing work by calling 572-2722, except in emergencies. Notification shall be made as soon as possible in emergencies.

23. HPL will not be allowed to do any mixing of materials on site.

24. HPL shall provide the Police Department at 572-2736 with the name and telephone number of the person responsible for the work during and after working hours.

25. HPL shall be responsible for the repair of all City and privately owned utilities damaged by the covered activities.



Exhibit "A"

Exhibit "A"
pg 2 of 3

East Side
Delmar Road

PLAN

Prop 10" #PL  P/L

C/E Delmar
Road

West side
of Delmar
Road

Profile
A - A

Road Surface

2" Clearance

4' Cover

10.5' Cover

4' Cover



## ORDINANCE NO. 65-23

AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF VICTORIA, TEXAS, CLOSING, VACATING, ABANDONING AND QUITCLAIMING TO OWNERS OF THE SUBSERVIENT ESTATES ALL RIGHTS OF WAY AND EASEMENTS ACQUIRED BY THE CITY OF VICTORIA FROM THE HOUSTON PIPE LINE COMPANY AND DECLARING AN EMERGENCY.

WHEREAS, by instrument dated September 18, 1964, recorded in Volume 630, Page 326 of the Deed Records of Victoria County, Texas, Houston Pipe Line Company conveyed to the City of Victoria all that certain 18 inch pipe line and appurtenant right of way agreements and easements described therein, reference to which is here made for a more particular description of the premises; and,

WHEREAS, the City of Victoria has availed itself of all rights and privileges in and to said pipe line and right of way, and it is now the intention of the City Council to dispose of said right of way in the public interest, to the end that the properties heretofore burdened by said easements and right of way agreements henceforth may be enjoyed, unencumbered by said right of way jointly and severally by the owners of the subservient properties;

NOW THEREFORE BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF VICTORIA, TEXAS, THAT:

SECTION I.  The City of Victoria, Texas acting by and through its duly elected Mayor and City Council, in regular session assembled, hereby orders the closing, vacating and abandonment of the pipe line right of way described in the easements and agreements aforesaid, and does by these presents quitclaim unto the owners of the subservient land and estates, whoever they may be, any and all claim and/or interest, of whatsoever nature, that the City of Victoria may have acquired by virtue of the aforesaid conveyance.

SECTION II.  The presence of the right of way and easements upon, over and across the lands subservient thereto constitutes an

encumbrance which unnecessarily burdens the right of the owners

of the abutting and subservient properties in the further develop-

ment of such properties and creates an emergency; it is therefore

declared that a public emergency exists which requires that this

ordinance be finally passed and adopted on the date of its intro-

duction and the rule requiring the reading of the ordinance at

more than one council meeting should be and is hereby waived.

PASSED, this the 15th day of March, 1965.

AYES: 4

NAYS: None

APPROVED AND ADOPTED, this the Nth day of March, 1965.

_____
Kemper Williams, Jr., Mayor of
the City of Victoria, Texas

_____
Davis, City Secretary

APPROVED AS TO FORM:

_____
Argyle McLachlan, City Attorney

THE STATE OF TEXAS    §

COUNTY OF VICTORIA    §

BEFORE ME, the undersigned authority, on this day personally appeared Kemper Williams, Jr., Mayor of the City of Victoria, Texas, a municipal corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and as the act and deed of said City of Victoria, Texas

GIVEN under my hand and seal of office this 15th day of March, 1965.

_____
Notary Public in and for
Victoria County, Texas

-2-

# APPENDIX
# B

City 00783

## Houston Pipe Line Co's Gas Sales at Victoria Power Plant 1976-2002

| Date | "Houston Pipe Line Co." Amount | "Enron- Houston Pipe Line" Amount | Houston Pipe Line Co. L.P. Amount |
|---|---|---|---|
| Jan-76 | ? | | |
| Feb-76 | ? | | |
| Mar-76 | ? | | |
| Apr-76 | ? | | |
| May-76 | $ 550,882.00 | | |
| Jun-76 | $ 797,972.00 | | |
| Jul-76 | $ 1,130,075.00 | | |
| Aug-76 | $ 990,910.00 | | |
| Sep-76 | $ 694,214.00 | | |
| Oct-76 | $ 921,770.00 | | |
| Nov-76 | $ 932,744.00 | | |
| Dec-76 | $ 452,629.00 | | |
| Jan-77 | $ 1,168,571.00 | | |
| Feb-77 | $ 946,815.00 | | |
| Mar-77 | $ 877,711.00 | | |
| Apr-77 | $ 1,043,451.00 | | |
| May-77 | $ 994,189.00 | | |
| Jun-77 | $ 1,553,696.00 | | |
| Jul-77 | $ 1,423,222.00 | | |
| Aug-77 | $ 1,704,185.00 | | |
| Sep-77 | $ 1,767,695.00 | | |
| Oct-77 | $ 1,398,662.00 | | |
| Nov-77 | $ 884,249.00 | | |
| Dec-77 | $ 643,914.00 | | |
| Jan-78 | ? | | |
| Feb-78 | $ | | |
| Mar-78 | $ | | |

City 00784

| | | |
|---|---|---|
| Apr-78 | $ | 1,529,082.00 |
| May-78 | $ | 1,428,347.00 |
| Jun-78 | $ | 1,074,008.00 |
| Jul-78 | $ | 1,559,817.00 |
| Aug-78 | $ | 1,425,715.00 |
| Sep-78 | $ | 1,650,307.00 |
| Oct-78 | $ | 1,574,786.00 |
| Nov-78 | $ | 1,096,682.00 |
| Dec-78 | $ | 1,366,853.00 |
| Jan-79 | $ | 783,013.00 |
| Feb-79 | $ | 1,707,173.00 |
| Mar-79 | $ | 1,362,427.00 |
| Apr-79 | $ | 2,096,503.00 |
| May-79 | $ | 1,065,298.00 |
| Jun-79 | $ | 736,077.00 |
| Jul-79 | $ | 1,280,648.00 |
| Aug-79 | $ | 1,528,284.00 |
| Sep-79 | $ | 1,659,008.00 |
| Oct-79 | $ | 1,735,188.00 |
| Nov-79 | $ | 925,710.00 |
| Dec-79 | $ | 699,382.00 |
| Jan-80 | $ | 766,503.00 |
| Feb-80 | $ | 836,962.00 |
| Mar-80 | $ | 1,400,050.00 |
| Apr-80 | $ | 1,361,466.00 |
| May-80 | $ | 2,161,747.00 |
| Jun-80 | $ | 2,673,996.00 |
| Jul-80 | $ | 2,669,923.00 |
| Aug-80 | $ | 2,288,661.00 |
| Sep-80 | $ | 2,143,513.00 |
| Oct-80 | $ | 1,591,564.00 |
| Nov-80 | $ | 1,530,467.00 |
| Dec-80 | $ | 1,496,543.00 |

City 00785

| Month | Amount | | Month | Amount | | Month | Amount |
|---|---|---|---|---|---|---|---|
| Jan-81 | $ 1,076,165.00 | | Jan-82 | $ 1,088,164.00 | | Jan-83 | $ 2,340,507.00 |
| Feb-81 | $ 1,835,870.00 | | Feb-82 | $ 907,901.00 | | Feb-83 | $ 1,750,935.00 |
| Mar-81 | $ 2,601,112.00 | | Mar-82 | $ 934,175.00 | | Mar-83 | $ 3,444,419.00 |
| Apr-81 | $ 2,724,246.00 | | Apr-82 | $ 99,348.00 | | Apr-83 | $ 1,544,127.00 |
| May-81 | $ 3,076,777.00 | | May-82 | $ 1,307,698.00 | | May-83 | $ 2,481,067.00 |
| Jun-81 | $ 2,073,634.00 | | Jun-82 | $ 3,557,990.00 | | Jun-83 | $ 3,078,290.00 |
| Jul-81 | $ 2,680,874.00 | | Jul-82 | $ 2,746,433.00 | | Jul-83 | $ 2,708,665.00 |
| Aug-81 | $ 2,285,241.00 | | Aug-82 | $ 1,991,498.00 | | | |
| Sep-81 | $ 3,515,004.00 | | Sep-82 | $ 1,871,562.00 | | | |
| Oct-81 | $ 3,578,419.00 | | Oct-82 | $ 5,034,287.00 | | | |
| Nov-81 | $ 1,428,210.00 | | Nov-82 | $ 1,761,905.00 | | | |
| Dec-81 | $ 1,312,032.00 | | Dec-82 | $ 1,591,727.00 | | | |

City 00786



| Date | Amount |
|---|---|
| Aug-83 | $ 2,675,833.00 |
| Sep-83 | $ 2,417,457.00 |
| Oct-83 | $ 7,684,138.00 *** hard to determine exact a |
| Nov-83 | $ 2,061,362.00 |
| Dec-83 | $ 8,842,266.00 |
| Jan-84 | $ 6,205,903.00 |
| Feb-84 | $ 1,467,044.00 |
| Mar-84 | $ 1,384,943.00 |
| Apr-84 | $ 4,039,082.00 |
| May-84 | $ 2,101,716.00 |
| Jun-84 | $ 2,201,679.00 |
| Jul-84 | ? 1,426,278.00 |
| Aug-84 | |
| Sep-84 | $ 1,406,074.00 |
| Oct-84 | $ 1,247,747.00 |
| Nov-84 | $ 1,578,122.00 |
| Dec-84 | $ 638,039.00 |
| Jan-85 | $ 501,351.00 |
| Feb-85 | $ 564,810.00 |
| Mar-85 | $ 596,120.00 |
| Apr-85 | $ 362,993.00 |
| May-85 | $ 346,943.00 |
| Jun-85 | $ 348,478.00 |
| Jul-85 | $ 380,626.00 |
| Aug-85 | $ 446,240.00 |
| Sep-85 | $ 382,573.00 |
| Oct-85 | $ 348,457.00 |
| Nov-85 | $ 256,645.00 |
| Dec-85 | $ 351,194.00 |
| Jan-86 | $ 204,405.00 |
| Feb-86 | $ 203,579.00 |

City 00767



| Month | Amount | | Month | Amount | | Month | Amount |
|---|---|---|---|---|---|---|---|
| Mar-86 | $ 356,004.00 | | Jan-87 | $ 261,629.00 | | Jan-88 | $ 49,113.00 |
| Apr-86 | $ 448,231.00 | | Feb-87 | $ 377,279.00 | | Feb-88 | $ 32,117.00 |
| May-86 | $ 327,662.00 | | Mar-87 | $ 519,075.00 | | Mar-88 | $ 117,885.00 |
| Jun-86 | $ 378,696.00 | | Apr-87 | $ 288,389.00 | | Apr-88 | $ . |
| Jul-86 | $ 441,562.00 | | May-87 | $ 102,334.00 | | May-88 | $ 178,875.00 |
| Aug-86 | $ 411,069.00 | | Jun-87 | $ 193,887.00 | | Jun-88 | $ 137,147.00 |
| Sep-86 | $ 439,664.00 | | Jul-87 | $ 468,688.00 | | Jul-88 | $ 123,412.00 |
| Oct-86 | $ 440,349.00 | | Aug-87 | $ 329,276.00 | | Aug-88 | $ 115,424.00 |
| Nov-86 | $ 485.00 | | Sep-87 | $ 419,855.00 | | Sep-88 | $ 100,500.00 |
| Dec-86 | $ 168,970.00 | | Oct-87 | $ 104,162.00 | | Oct-88 | $ 102,947.00 |
| | | | Nov-87 | $ 150,394.00 | | Nov-88 | $ 1,150.00 |
| | | | Dec-87 | $ 197,697.00 | | | |

City 00766



City 00789



City 00790



City 00791



City 00792



| Month | Amount | Month | Amount | Month | Amount |
|---|---|---|---|---|---|
| Jun-99 | | Jan-00 | $ 1,866.31 | Jan-01 | $ 40,188.30 |
| Jul-99 | | Feb-00 | $ - | Feb-01 | $ 196,734.00 |
| Aug-99 | | Mar-00 | $ 529,694.56 | Mar-01 | $ 51,563.61 |
| Sep-99 | | Apr-00 | $ 907,903.00 | Apr-01 | $ 71,970.70 |
| Oct-99 | | May-00 | $ 1,338,192.03 | May-01 | $ 534,103.00 |
| Nov-99 | | Jun-00 | $ 1,548,313.76 | Jun-01 | $ 605,130.41 |
| Dec-99 | | Jul-00 | $ 1,370,848.07 | Jul-01 | $ 803,537.98 |
| | | Aug-00 | $ 1,574,638.00 | Aug-01 | $ 458,051.91 |
| | | Sep-00 | $ 1,606,903.55 | Sep-01 | $ 1,108,174.60 |
| | | Oct-00 | $ 1,305,991.13 | Oct-01 | $ 312,867.65 |
| | | Nov-00 | $ 200,824.58 | Nov-01 | $ 119,907.77 |
| | | Dec-00 | $ 13,751.93 | Dec-01 | |

City 00783

| | | | |
|---|---|---|---|
| Jan-02 | $ 638,766.00 | $ - | $ - |
| Feb-02 | $ - | $ - | $ - |
| Mar-02 | $ - | $ - | $ - |
| Apr-02 | $ 780,212.00 | $ - | $ - |
| May-02 | $ 911,460.00 | $ - | $ - |
| Jun-02 | $ 1,967,585.00 | $ - | $ - |
| Jul-02 | $ 112,066.00 | $ - | $ - |
| Aug-02 | $ 258,169.00 | $ - | $ - |
| Sep-02 | $ 1,879.00 | $ - | $ - |
| Oct-02 | $ 4,134.00 | $ - | $ - |
| Nov-02 | $ - | $ - | $ - |
| Dec-02 | $ - | $ - | $ - |
| **Totals for Houston Pipeline Co.:** | $ 4,674,251.00 | $ 2,872,749.00 | $ 212,060,177.83 |

**Grand Totals:     $ 219,607,177.83**

Here is the list of streets crossed by the AEP pipeline on the map.

Guadalupe River

Crosses W. Wharf St.

Meter 1009 (between Wharf and Sycamore)

Crosses Charles

Crosses Senecio

Crosses S. Depot

Follows S. Depot

Follows Willow

Crosses W. Peachtree St.

Crosses Willow

Crosses Sycamore

Crosses Bottom

Meter 2145 (Bottom and Grant)

Follows Grant

Crosses Lincoln

Crosses Garfield

Jim Branch Outfall

Crosses Union Pacific Railroad

Crosses Hand Rd.

Meter 0414 "B26" (S. Laurent and Hopkins)

Crosses S. Laurent

Crosses Juan Linn

1914 E. Juan Linn St.

Crosses Port Lavaca Drive

Crosses Union Pacific Railroad

Crosses the end of Nelson

Crosses S. Ben Jordan

Crosses E. North

Crosses Raab

Meter 2147 Lone Tree Road (Golden Horizon Mobil e Home)

Crosses Proctor

Follows E. North

Crosses S. Ben Wilson

Crosses Lova

Follows Hanselman

Crosses N. Delmar

Crosses Gayle

Crosses Linda

Crosses Flamingo

Crosses Tern Court

Crosses Sea Gull

Crosses Bobolink

Crosses Lone Tree

Crosses Woodlawn

Crosses Morningside

Crosses Glendale

Crosses Allendale

Crosses Avondale

Crosses Meadowlane

Crosses Wildwood

Crosses Oaklawn

Crosses E. Rio Grande

Meter 2145 (Rio Grande and Delmar)

Crosses Sonoco Dr.

Crosses Delmar

Follows Union Pacific Railroad

Follows US Hwy 59

Crosses John Stockbauer

Crosses Lone Tree Creek

Crosses SE Zac Lentz Pkwy

Meter 2148 (Borroughsville Rd.) (North across Hwy 59) (across Bueller property)

Follows Houston Hwy aka US Hwy 59

Crosses Cambridge

Crosses Dover

Crosses Trent and Newcastle

Crosses Ybarra Rd

Crosses Huntington

# APPENDIX C

CAUSE NO.: 03-6-59,833-C

| | | |
|---|---|---|
| CITY OF VICTORIA, | § | IN THE 267TH JUDICIAL |
|       Plaintiff, | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| HOUSTON PIPE LINE COMPANY, et al., | § | |
| | § | |
|       Defendant. | § | VICTORIA COUNTY, TEXAS |

---

**DEFENDANT HOUSTON PIPE LINE COMPANY LP'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS**

---

TO:   CITY OF VICTORIA, Plaintiff
       By and Through Its Attorney of Record

       Paul D. Andrews, Esquire
       LAW OFFICES OF THOMAS J. HENRY
       Moore Plaza Shopping Center
       5425 South Padre Island Drive, Suite 180
       Corpus Christi, Texas 78411

       COMES NOW Defendant, Houston Pipe Line Company LP, and files these its

Objections and Responses to Plaintiff's First Requests for Admissions, pursuant to Rule 198.1,

198.2 and 198.3 of the Texas Rules of Civil Procedure, as amended.

                       Respectfully submitted,

                       JONES, GALLIGAN, KEY & LOZANO, L.L.P.
                       Town Center Tower, Suite 300
                       2300 West Pike Boulevard
                       Post Office Drawer 1247 (78599-1247)
                       Weslaco, Texas 78596
                       Telephone: (956) 968-5402
                       Telecopier: (956) 969-9402
                       E-Mail: bgalligan@jgkl.com

                By:    _Robert C. Galligan pc_
                       ROBERT L. GALLIGAN
                       State Bar No.: 07590500

           **ATTORNEY FOR DEFENDANT
           HOUSTON PIPE LINE COMPANY LP**

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed, via certified mail, return receipt requested, to the following attorney(s) of record on this the ___2nd___ day of June 2004:

> Paul D. Andrews, Esquire
> LAW OFFICES OF THOMAS J. HENRY
> Moore Plaza Shopping Center
> 5425 South Padre Island Drive, Suite 180
> Corpus Christi, Texas 78411
> CM RR # 7002 2030 0002 0287 1530
>
> Emmett Cole, Jr., Esquire
> COLE, COLE & EASLEY, P.C.
> 302 West Forrest
> Post Office Box 510
> Victoria, Texas 77902-0510

ROBERT L. GALLIGAN

## GENERAL OBJECTIONS TO
## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS
## TO HOUSTON PIPE LINE COMPANY LP

1.      Defendant objects to Plaintiff City of Victoria's First Set of Requests for Admissions to the extent that Plaintiff seeks disclosure of information, matters, and communications protected by the attorney/client privilege, work product privilege, investigative privilege, party communications privilege, or other exemption or privilege.

2.      Defendant intends to assert all applicable privileges, immunities, exemptions, and other protections from discovery, and Defendant's disclosure of any matter that may be covered by a privilege, immunity, protection, or other exemption from discovery, is inadvertent and is not intended to waive any such right.

3.      Defendant reserves the right to supplement or amend its responses in accordance with and as provided for in the Texas Rules of Civil Procedure.

4.      Defendant objects to being incorrectly named in Plaintiff's First Requests for Admissions. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

5.      Defendant incorporates each of the foregoing objections in specific response to each of the interrogatories as applicable and, when appropriate, will state additional specific objections to such discovery requests.

## DEFENDANT HOUSTON PIPE LINE COMPANY LP'S
## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:**     Admit that Houston Pipe Line Company owns pipelines located inside of the city limits of the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
        Admit.

---

**Request for Admission No. 2:**     Admit that Houston Pipe Line Company operates pipelines located inside of the city limits of the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
        Admit.

---

**Request for Admission No. 3:**     Admit that Houston Pipe Line Company sells gas to consumers located inside the city limits of the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
        Deny.

---

**Request for Admission No. 4:**     Admit that Houston Pipe Line Company sells gas that is metered or otherwise measured inside the city limits of the City of Victoria, Texas.

4

**OBJECTION:**

Defendant objects to being incorrectly named.  Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
    Admit.

---

Request for Admission No. 5:    Admit that Houston Pipe Line Company has sold gas at the power plant located inside the city limits of Victoria, Texas since May of 1976.

**OBJECTION:**

Defendant objects to being incorrectly named.  Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

Defendant also objects to this discovery request because the phrase "the power plant" is overly broad, vague, non-specific, and without appropriate definition.  This inquiry fails to describe the information requested with reasonable particularity.  *See Davis v. Pate*, 915 S.W.2d 76, 79 n.2 (Tex. App.--Corpus Christi 1996, no writ).

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
    Admit that Defendant has sold gas to AEP Texas Central Company f/k/a Central Power and Light Company at its power station in Victoria, Texas.  However, refer to responses contained herein for specific months and years of sales.

---

Request for Admission No. 6:    Admit that Houston Pipe Line Company has never reported or otherwise declared any of its natural gas sales to the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named.  Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
    Admit.

---

Request for Admission No. 7:    Admit that Houston Pipe Line Company has never paid the City of Victoria 2% of its gross receipts derived from its gas sales that have taken place inside

5

of the city limits of the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
        Admit.

---

Request for Admission No. 8:       Admit that Houston Pipe Line Company has more than one meter or other gas sales measuring instrument located inside the city limits of the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
        Admit.

---

Request for Admission No. 9:       Admit that Houston Pipe Line Company has sold gas to more than one consumer of that gas located inside the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
        Deny.

---

Request for Admission No. 10:       Admit that Houston Pipe Line Company is or has been, related or otherwise affiliated to Houston Pipe Line Co., L.P.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its

6

response to Request for Disclosures) is Houston Pipe Line Company LP.

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
Deny. The entity name, Houston Pipe Line Company LP, has never contained periods or commas. However, Houston Pipe Line Company LP was f/k/a Houston Pipe Line Company.

---

Request for Admission No. 11:     Admit that Houston Pipe Line Company has transported or otherwise carried gas for other companies that sell gas to the electric generating power plant located inside of the city limits of the City of Victoria, Texas.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

Defendant also objects to this discovery request because the phrases "otherwise carried" and "the electric generating power plant" are overly broad, vague, non-specific, and without appropriate definition. This inquiry fails to describe the information requested with reasonable particularity. *See Davis v. Pate*, 915 S.W.2d 76, 79 n.2 (Tex. App.–Corpus Christi 1996, no writ).

**RESPONSE:**

Subject to and without waiving the foregoing objection(s), Defendant would state as follows:
Admit as to transporting gas to AEP Texas Central Company f/k/a the Central Power and Light Company at its power station in Victoria, Texas.

---

Request for Admission No. 12:     If you admit Request for Admission No. 10, then also admit that some of those companies that you have transported or otherwise carried gas to the electric generating power plant located inside the city limits of the City of Victoria, are or have been related to, or otherwise affiliated with, Houston Pipe Line Co.

**OBJECTION:**

Defendant objects to being incorrectly named. Defendant's correct name (as stated in its response to Request for Disclosures) is Houston Pipe Line Company LP.

Defendant also objects to this discovery request because the phrase "the electric generating power plant" is overly broad, vague, non-specific, and without appropriate definition. This inquiry fails to describe the information requested with reasonable particularity. *See Davis v. Pate*, 915 S.W.2d 76, 79 n.2 (Tex. App.–Corpus Christi 1996, no writ).

# APPENDIX
# D

THE FOLLOWING CONSTITUTIONAL AND STATUTORY PROVISIONS PERTAIN TO THE AUTHORITY OF HOME RULE CITIES TO PASS ORDINANCES CONCERNING USE OF CITY STREETS, TO ENTER INTO FRANCHISES, AND TO MAKE CHARGES FOR SUCH USE, AND THE RIGHTS OF GAS UTILITIES TO OPERATE WITHIN CITIES

**Home Rule Amendment**

**Texas Const. art. XI, § 5**

Sec. 5. Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters. . . . The adoption or amendment of charters is subject to such limitations as may be prescribed by the Legislature, and no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State. . . [16]

---

[16]   Unless otherwise noted, all emphasis in quoted passages is supplied and did not appear in the originals.

## Article 1175

**Art. 1175. Enumerated powers**

**A home-rule municipality has the following powers:**

* * * * *

**2. To prohibit the use of any street, alley, highway or grounds of the city by any telegraph, telephone, electric light, street railway, interurban railway, steam railway, gas company, or any other character of public utility without first obtaining the consent of the governing authorities expressed by ordinance and upon paying such compensation as may be prescribed and upon such condition as may be provided by any such ordinance. To determine, fix and regulate the charges, fares or rates of any person, firm or corporation enjoying or that may enjoy the franchise or exercising any other public privilege in said city and to prescribe the kind of service to be furnished by such person, firm or corporation, and the manner in which it shall be rendered, and from time to time alter or change such rules, regulations and compensation;** provided that in adopting such regulations and in fixing or changing such compensation, or determining the reasonableness thereof, no stock or bonds authorized or issued by any corporation enjoying the franchise shall be considered unless proof that the same have been actually issued by the corporation for money paid and used for the development of the corporate property, labor done or property actually received in accordance with the laws and Constitution of this State applicable thereto. In order to ascertain all facts necessary for a proper understanding of what is or should be a reasonable rate or regulation, the governing authority shall have full power to inspect the books and compel the attendance of witnesses for such purpose.

* * * * *

Sec. 28.2002. Authority of Home-Rule Municipality to Grant Franchise.

(a) The governing body of a home-rule municipality by ordinance may grant to a person a franchise to use or occupy the public grounds of the municipality.

(b) The authority to grant a franchise to use or occupy the public grounds is the exclusive authority of the governing body, and the charter of the municipality may not grant the franchise.

(c) A franchise under this section:

(1) is subject to the same petition and election provisions that apply to a franchise under Subchapter D, Chapter 311, Transportation Code;[17] and

(2) may not extend beyond the period set for its termination.

---

[17]    Tex. Transp. Code Ann. § 311.071 et seq.

Transportation Code

**Sec. 311.001. General Authority of Home-rule Municipality**

(a) A home-rule municipality has exclusive control over and under the public highways, streets, and alleys of the municipality.

(b) The municipality may:

(1) control, regulate, or remove an encroachment or obstruction on a public street or alley of the municipality;

(2) open or change a public street or alley of the municipality;  or

(3) improve a public highway, street, or alley of the municipality.

_____

**Sec. 311.071. Authority to Grant Franchise**

(a) The governing body of a home-rule municipality by ordinance may grant to a person a franchise to use or occupy a public street or alley of the municipality.

(b) The authority to grant a franchise is the exclusive authority of the governing body.

_____

**Sec. 316.021. Municipal Permission to Use Street or Sidewalk for Private Purpose**

A municipality may permit and <u>prescribe the consideration and terms for the use of a portion of a municipal street</u> or sidewalk for a <u>private purpose</u> if the use does not:

(1) interfere with the public use of the street or sidewalk;  or

(2) create a dangerous condition on the street or sidewalk.

Tax Code

### Sec. 182.021. Definitions

In this subchapter:

(1) "Utility company" means a person who owns or operates a gas, electric light, electric power, or water works, or water and light plant used for local sale and distribution located within an incorporated city or town in this state.

(2) "Business" means the providing of gas, electric light, electric power, or water.

---

### Sec. 182.022. Imposition and Rate of Tax

(a) A tax is imposed on each **utility company located in an incorporated city or town having a population of more than 1,000**, according to the last federal census next preceding the filing of the report.

\* \* \* \* \*

---

### Sec. 182.023. Payment of Tax

Only one utility company pays the tax on a commodity. If the commodity is produced by one utility company and distributed by another, **the distributor pays the tax.**

---

### Sec. 182.024. Political Subdivisions

**No city or other political subdivision of this state may impose an occupation tax or charge of any sort on a utility company taxed under this subchapter.**