CAUSE NO. 03-6-59,833-C

FILED
05 OCT -6 AM 11:22
Cathy Stuart
VICTORIA COUNTY, TEXAS

| | | |
|---|---|---|
| CITY OF VICTORIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| V. | § | VICTORIA COUNTY, TEXAS |
| HOUSTON PIPE LINE COMPANY, et al. | § | |
| Defendants. | § | 267th JUDICIAL DISTRICT |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Houston Pipe Line Company LP ("HPL") files this Reply In Support Of Motion For Summary Judgment and respectfully shows the Court the following:

- Plaintiff's claims under the ordinance fail as a matter of law because (1) HPL's pipeline and related facilities within the City of Victoria ("City") do not constitute a "gas plant" and (2) HPL's sales of gas to CP&L and Victoria's local gas distribution company do not constitute "distribution" of natural gas within the City.

- Plaintiff has not produced any evidence to support its trespass or purpresture claims.[1]

### INTRODUCTION

The City's 1941 street rental ordinance does not apply in this case unless HPL both owns a "gas plant" in Victoria and has engaged in "distribution" of natural gas in Victoria. Under the terms of the ordinance, both requirements must be met. There is no dispute between the parties on this point. Also, there is no factual dispute that HPL owns a natural gas pipeline in Victoria and that HPL has made natural gas sales to two (and only two) customers in Victoria: (1) Central Power and Light Company ("CP&L"), which until 2002 operated an electric power plant in Victoria, and (2) Centerpoint, which was formerly known as Entex, the local gas public

---

[1] As noted in Defendant's response to Plaintiff's Motion For Partial Summary Judgment And Notice of Hearing ("Defendant's Response"), plaintiff's claims in this lawsuit are also barred as a matter of law by laches, consent,

31007901.2

EXHIBIT
3

utility in Victoria.[2] To avoid summary judgment, Plaintiff's Response contends that HPL's pipeline should be considered a gas plant and that HPL's sales to CP&L and Centerpoint in Victoria amount to distribution. Under the authorities, both arguments must be rejected. Plaintiff's Response makes no attempt whatsoever to respond to the "no evidence" points in HPL's motion concerning trespass and purpresture.

## ARGUMENT AND AUTHORITIES

I.  **Plaintiff's Claims Under the Ordinance Fail As A Matter of Law Because HPL Has No Gas Plant In Victoria and Has Made No Distribution In Victoria.**

Plaintiff's claims under the ordinance fail as a matter of law because (1) HPL's pipeline and related facilities within the City do not constitute a "gas plant" and (2) HPL's sales of gas to CP&L and Victoria's local gas distribution company do not constitute "distribution" of natural gas within the City.[3]

---

equitable and/or quasi estoppel. Defendant's Response, including all attachments, is hereby adopted and incorporated by reference.

[2] Only one of these two customers, CP&L, might be considered a "consumer," which is the term used in the ordinance. *See* Victoria City Code § 14-116. CP&L used gas as a fuel to produce electricity. Centerpoint (Entex) did not burn the gas, but rather resold (and distributed) it to residences and businesses in Victoria, who were the consumers.

The City alleges at page 3 of Plaintiff's Response: "In this case, CPL and Lo-Vaca Gas Gathering Co. were in-city customers to whom Defendants have delivered gas." This statement is a clear mistake. There is no reference to Lo-Vaca Gas Gathering Co. in any of the summary judgment evidence.

[3] Plaintiff's Response attempts to persuade the Court that street rental charges are permissible under Texas and federal law. *See* Plaintiff's Response at 4-6. Plaintiff's arguments on this point are immaterial if, as HPL contends, the ordinance by its terms does not apply. Additionally, plaintiff's understanding of the street rental cases is incorrect, as shown in Defendant's Response at 12-15. The City's fundamental error is its failure to distinguish between a statewide business and a local public utility. The landmark case of *Fleming v. Houston Lighting & Power Co.*, 138 S.W. 2d. 520 (Tex. 1940), *rehearing overruled*, 143 S.W. 2d. 923 (Tex. 1940), *cert. denied*, 313 U.S. 560 (1941) stands for the proposition that a city may charge street rent to a local public utility, but not to a statewide or "interurban" business such as HPL's transmission pipeline business. *See Fleming*, 138 S.W. 2d at 522 ("[I]t appears that the construction of the various statutes involved was made to turn upon the fact of whether the business of the utility was interurban or intraurban.")

### A. HPL's Pipeline and Related Facilities Within the City do not Constitute a "Gas Plant."

The Texas Supreme Court considered the meaning of "gas plant" in *Eddins-Walcher Butane Company v. Calvert*, 298 S.W.2d 93 (Tex. 1957).[4] In *Eddins-Walcher*, a suit was brought against the Comptroller for the State of Texas to recover occupation taxes paid under protest pursuant to Article 7060.[5] *See Eddins-Walcher*, 298 S.W.2d at 94. Eddins-Walcher maintained within the corporate city limits two storage tanks, two tanks trucks, and an office. *See id.* at 94-95. Liquefied petroleum gas was transferred by tank truck from storage tanks into tanks of customers in and around the city. *See id.* at 95. Eddins-Walcher argued that it was not liable for an occupation tax because it did not own, operate or manage a "gas works" or "gas plant" within the City of Rankin. *See id.* at 95. The Comptroller argued that "gas works" or "gas plant" included "any method or manner whereby the business of selling and distributing gas is carried on within any incorporated city or town." *See id.* at 95 (citing *Utilities Natural Gas Co. v. State*, 118 S.W.2d 927, 929 (Tex. Civ. App.—Austin 1938), *rev'd*, 128 S.W.2d 1153 (Tex. 1939)). The Court rejected the Comptroller's argument (which was based on the definition used by the Austin appellate court in *Utilities Natural Gas Co. v. State* to find that a pipeline was a gas plant), reasoning:

---

[4] The parties in the *Eddins-Walcher* case agreed that "gas works" was synonymous with "gas plant." *See Eddins-Walcher*, 298 S.W.2d at 95.

[5] The occupation tax statute, Article 7060, which closely resembles the Ordinance at issue in this lawsuit, provided that:

> Each individual, company, corporation or association, owning, operating or managing or controlling any gas, electric light, electric power or water works, or water and light plant, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city, and charging for such gas, electric lights, electric power or water, shall make quarterly . . . a report to the Comptroller . . . showing the gross amount received from such business . . . . Said individual, company, corporation or association . . . shall pay to the Treasurer of this State an occupation tax. . . .

TEX. REV. CIV. STAT. art. 7060, *repealed* by Acts 1959, 56th Leg., 3d C.S., ch. 1, § 7 (emphasis added). This statute, as amended, has now been codified as Sections 182.021-.022 of the Texas Tax Code.