United States District Court
Southern District of Texas
FILED

JAN 2 0 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § § | |
| Plaintiff, | § § | |
| | § § | |
| V. | § | C. A. NO. B03-080 |
| | § | |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § § | |
| Defendant. | § § | |

### DEFENDANT'S PROPOSED JOINT PRE-TRIAL ORDER

Plaintiff, City of San Benito ("City") and Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") file this Joint Pretrial Order.

### APPEARANCE OF COUNSEL

1. Plaintiff, City of San Benito

   Mr. Adam Poncio
   Cerda & Poncio
   924 McCullough
   San Antonio, Texas 78125
   Tel: (210) 212-7979
   Fax: (210) 212-5880

2. Defendant, Kinder Morgan Tejas Pipeline, L.P.

   Osborne J. Dykes, III
   William D. Wood
   Jeffrey D. Palmer
   Fulbright & Jaworski L.L.P.
   1301 McKinney, Suite 5100
   Houston, Texas 77010
   Tel: 713-651-5151
   Fax: 713-651-5246

David G. Oliveira
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Tel: 956-542-5666
Fax: 956-542-0016

## STATEMENT OF THE CASE

3. Plaintiff alleges that Kinder Morgan has used streets in the City to engage in a wide variety of activities, including owning or operating gas pipelines and transporting and selling natural gas. Plaintiff contends that the City is entitled to collect street rentals from Kinder Morgan under the City's Ordinance No. 478 ("Street Rental Ordinance" or "Ordinance") and that Kinder Morgan's activities tortiously interfere with other business activities of the City and with the City's ability to rent the space under city streets occupied by Kinder Morgan's pipeline to others.

4. Since approximately 1986, Kinder Morgan has owned and operated an intrastate gas pipeline system, a segment of which serves the La Palma electric generating plant in the City of San Benito. The pipeline system extends across a considerable portion of the State of Texas from as far southwest as Webb County to as far north as Morris County. A portion of this pipeline runs through the City of San Benito, and some portions of the line lie under streets in the City. The pipeline system transports gas from offshore and to and from other states.

5. Kinder Morgan has sold natural gas for use at the La Palma electric generating plant in San Benito beginning in 1995 and continuing to the present.

## JURISDICTION

6. There are no pending jurisdictional issues. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(b), and one or more provisions of the U.S. Const., including Art I, § 9, and the Fifth and Fourteenth Amendments.

## MOTIONS

7.    Kinder Morgan's Motion for Summary Judgment is fully submitted and currently pending before the Court. There are no other motions pending at this time.

## CONTENTION OF THE PARTIES

8.    <u>City's Contentions</u>.

9.    <u>Kinder Morgan's contentions.</u> The Street Rental Ordinance upon which the City sues applies by its terms only to a person or corporation which uses City streets for the sale and "distribution" of natural gas. Kinder Morgan is not liable to the City for the following reasons: (1) The Street Rental Ordinance does not apply to Kinder Morgan or its pipeline in the City of San Benito, because Kinder Morgan has not engaged and does not engage in "distribution" of natural gas. Kinder Morgan has made sales of natural gas from its pipeline in the City only at a single location, at the La Palma plant. Kinder Morgan has never operated the pipeline as a local distribution company in the City and has never made sales from the pipeline to any customer in the City other than the La Palma plant owner or a party supplying gas to the plant owner. (2) Under Texas law, the City is precluded from charging street rental for an interurban pipeline such as Kinder Morgan's. Since approximately 1986, Kinder Morgan has owned and operated an intrastate gas pipeline system, a segment of which serves the La Palma electric generating plant in the City of San Benito. Additionally, Kinder Morgan is not a public utility. (3) The Street Rental Ordinance, if otherwise applicable, is invalid under the Commerce Clause as a volumetric charge which would unreasonably burden commerce. (4) The two percent (2%) charge contained in the Street Rental Ordinance would be an unreasonable amount as applied to Kinder Morgan. (5) The City has no standing to sue for tort damages because the State of Texas, not the City, is the ultimate owner of the City streets and has by statute granted natural gas

pipeline companies the right to lay and operate pipelines under streets. (6) The City has consented to the locations of Kinder Morgan's pipelines, or alternatively may not be heard to complain of the locations because such complaint would be arbitrary and capricious and due to laches.

## ADMISSIONS OF FACT

10. The Street Rental Ordinance upon which the City's suit is based, if applicable and valid, would impose a "rental equal to two percent (2%) of the gross receipts" from sale of natural gas within the City. The ordinance applies, however, only to persons operating pipelines under City streets for "sale and distribution" to "consumers" in the City.

11. Kinder Morgan owns and operates an intrastate gas pipeline system which extends across a considerable portion of the State of Texas from as far Southwest as Webb County to as far North as Morris County and affects interstate commerce.

12. A portion of Kinder Morgan's pipeline, which was constructed in approximately 1986, lies within the city limits of the City of San Benito, and some portions of it cross under streets in the City of San Benito. Kinder Morgan's pipeline also runs through other Texas counties and municipalities, including Hidalgo, Starr, Zapata, Webb, Jim Hogg, Brooks, Duval, Jim Wells, Kleberg, Nueces, Live Oak, San Patricio, Refugio, Calhoun, Jackson, Matagorda, Wharton, Brazoria, Fort Bend, Harris, Galveston, Liberty, Chambers, Jefferson, Orange, Montgomery, Grimes, Walker, Houston, Leon, Anderson, Freestone, Cherokee, Nacogdoches, Rusk, Panola, Gregg, Upshur, and Harrison counties.

13. Kinder Morgan has sold natural gas within the City of San Benito beginning in 1995 at a single location, the La Palma electric generating plant. The purchaser at all times has been either the owner of the plant (Central Power & Light Company ["CP&L"] or starting in

2004, American Electric Power Service Corp. and then Sempra Energy Resources ["Sempra"]) or a party supplying gas to the plant owner.

14. Kinder Morgan is not operating and has never operated its pipeline to distribute natural gas to multiple consumers in the City of San Benito.

15. Kinder Morgan does not engage in direct deliveries or sales of natural gas to the public generally commercial users and is not required to do so.

16. All gas delivered by Kinder Morgan within the City of San Benito was sold and delivered on a privately negotiated basis.

17. Kinder Morgan does not hold itself out as willing or able to serve the general public and is not a local public utility in San Benito.

18. The City has never complained of Kinder Morgan's activities within the City prior to filing on March 14, 2003, Plaintiff's Seventh Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial.

19. The City has never requested payment by Kinder Morgan under the Street Rental Ordinance prior to filing on March 14, 2003, Plaintiff's Seventh Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial.

20. The City has never requested that Kinder Morgan file any reports under the Street Rental Ordinance prior to filing on March 14, 2003, Plaintiff's Seventh Amended Petition, Petition for Declaratory Judgment, Request for Injunctive Relief and Request for Jury Trial.

21. The City does not have any contracts for the use of the space currently occupied by Kinder Morgan's pipeline.

22. Kinder Morgan's pipeline does not interfere with the City's use, maintenance, regulation, or construction of city streets.

## CONTESTED ISSUES OF FACT

23. Defendant respectfully believes there are no genuine issues of material fact under the evidence but nevertheless identifies the following issues as corresponding to the elements of the claims and defenses in this case:

    a. Whether Kinder Morgan has made "distribution" of natural gas to consumers in San Benito?

    b. Whether the City has consented to the locations of Kinder Morgan's pipelines under City streets?

    c. Whether the City's claims are barred by laches?

    d. Whether Kinder Morgan's pipeline affects interstate commerce?

    e. Whether the location or operation of Kinder Morgan's pipeline has interfered with any contract or business of the City?

    f. The amount of Kinder Morgan's gas sales to the La Palma electric generating plant in San Benito?

## AGREED PROPOSITIONS OF LAW

24. None at this time.

## CONTESTED PROPOSITIONS OF LAW

25. Does the Street Rental Ordinance apply to the pipeline owned and operated by Kinder Morgan in the City of San Benito, when the pipeline has never been used for "distribution?" A company that only sells natural gas to one customer within the City, whether the plant owner or a reseller which supplies the plant, is not "distributing" gas and is not subject to the Street Rental Ordinance. *See Utilities Natural Gas Company v. State of Texas*, 128 S.W.2d 1153, 1155 (Tex. 1939) ("[W]e have no doubt that the simple fact that a delivery of gas is made in the city, by means of said pipe line, to a single customer, and to nobody else, was not intended by the legislature to be comprehended by the term 'distribution.'"); Op. Tex. Att'y Gen. No. V-1084 (1950) (concluding that distribution does not include the sale of gas to only one

industrial customer within the city and that sales to a distributor would not count as sales to an industrial customer); Op. Tex. Att'y Gen. No. V-994 (1950) (concluding that distribution requires the sale of gas to more than one customer or purchaser within a city).

26.   Does the City of San Benito lack authority under Texas law to impose a street rental charge upon an "interurban" business, such as Kinder Morgan's pipeline? A city may not charge street rent for an "interurban" business. *See Fleming v. Houston Lighting & Power Co.*, 138 S.W.2d 520, 522 (Tex. 1940), *rehearing overruled*, 143 S.W.2d 923 (Tex. 1940), *cert. denied*, 313 U.S. 560 (1941) (acknowledging that a city may charge street rental to a local public utility but not to an interurban business); *City of Brownwood v. Brown Tel. & Tel. Co.*, 157 S.W. 1163, 1165 (Tex. 1913) ("An 'interurban' business has an 'absolute' right to 'pass through a city or town, over and upon its streets,' and a city has 'no authority to deny that right.'"); *City of Arlington v. Lillard*, 294 S.W. 829, 830 (Tex. 1927) (concluding that a city cannot deny a state-wide business the use of streets within city limits, so as to prevent the business from passing through the city).

27.   Is the Street Rental Ordinance, if otherwise applicable, invalid under the Commerce Clause as a volumetric charge which would unreasonably burden commerce? *See Western Oil & Gas Ass'n v. Cory*, 726 F.2d 1340, 1345 (9th Cir. 1984) (holding rental charges for pipelines based on throughput invalid because "volumetric rates are a disguised revenue raising measure" not reflecting the value of the land and "place an undue burden on interstate commerce and are violative of the Commerce Clause"), *aff'd per curiam by an equally divided Court*, 471 U.S. 81 (1985); *see also Shell Oil Co. v. City of Santa Monica*, 830 F.2d 1052, 1059 (9th Cir. 1987), *cert. denied*, 487 U.S. 1235 (1988).

28. Does the City of San Benito lack standing to bring any tort claim against Kinder Morgan since the State of Texas owns the streets in the City and has by statute authorized the location and operation of gas pipelines under streets and roads? All streets and roads in the State of Texas, including city streets, belong to the state and not the local authority. *See West v. City of Waco*, 294 S.W.2d 832, 833-34 (Tex. 1927) ) (quoting *Robbins v. Limestone County*, 268 S.W. 915, 918 (Tex. 1925)) ("The highways of the state, including streets in cities, belong to the state, and the state has full control and authority over them. They 'are the property of and for the use of the state, which, through its Legislature, has absolute control over same, which control it may or may not, from time to time, delegate to the local authorities.'"); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 644-45 (Tex. 2004) ("This Court has consistently recognized that the State has a superior ownership interest in its public roads. We have also recognized that the State's ownership interest in its roads is superior to that of its political subdivisions"); *City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1946) ("[C]ourts everywhere decline to recognize that the city possesses any property rights in the streets, although they may be a source of profit to the municipality. Their interest is exclusively public juris, and is in any respect wholly unlike property of the private corporation which is held for its own benefit and used for its private gain and advantage . . . It has no proprietary title nor right to exclusive possession.").

## EXHIBITS

29. The City's Exhibit List will presumably be filed separately.

30. Kinder Morgan's Exhibit List is attached as Exhibit A.

## WITNESSES

31. The City's Witnesses List will presumably be filed separately.

32. Kinder Morgan's Witness List is attached as Exhibit B.

## SETTLEMENTS

33. All settlement efforts have been exhausted and this case will have to be tried.

## TRIAL

34. The parties estimate the length of trial to be three days. Neither party anticipates any logistical problems.

## ATTACHMENTS

34. [City's voir dire examination and jury charge]

35. Kinder Morgan's motion in limine, proposed questions for the voir dire examination, and proposed jury charge, including instructions, definitions, and special interrogatories with authority, are attached as Exhibits C, D, and E, respectively. These attachments are also being filed separately.

Approved:

_____
Attorney-in-Charge, Plaintiff

Date:_____

*/s/ Osborne J. Hykeu*
Attorney-in-Charge, Defendant

Date: January 19, 2006

SIGNED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE