IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § § | |
| Plaintiff, | § § § | |
| V. | § § | C. A. NO. B03-080 |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § § § | |
| Defendant. | § | |

### KINDER MORGAN TEJAS PIPELINE, L.P.'S MOTION IN LIMINE

Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan"), prior to the *voir dire* examination of the jury panel and selection of the jury, and also prior to the introduction of any evidence or the reading of the pleadings, makes the following Motion in Limine and respectfully requests the Court to instruct the plaintiff, and its attorneys, and all witnesses, to refrain from doing or saying anything in the presence of the jury or the jury panel which would in any way advise, imply, inform, or suggest any of the following matters without first approaching the bench and obtaining the Court's approval:

1. No evidence or testimony regarding tortious interference because (1) Kinder Morgan has not committed any tort for doing that which Kinder Morgan has a right to do because the State of Texas, not the City of San Benito, is the ultimate owner of the City streets and has by statute granted natural gas pipeline companies, including Kinder Morgan, the right to lay and operate pipelines under streets and (2) the City of San Benito has not produced any contracts or offers to rent for the space currently occupied by Kinder Morgan's pipeline.

GRANTED:_____      DENIED:_____

31061940 1



2. No evidence or testimony regarding trespass or purpresture because Kinder Morgan has not committed any tort for doing that which Kinder Morgan has a right to do because the State of Texas, not the City of San Benito, is the ultimate owner of the City streets and has by statute granted natural gas pipeline companies, including Kinder Morgan, the right to lay and operate pipelines under streets and (2) the City of San Benito has not produced any evidence of damages as a result of the alleged trespass or purpresture.

GRANTED:_____   DENIED:_____

3. No argument or suggestion that a verdict would affect the utility rates or taxes of any member of the jury or any resident of the City of San Benito.

GRANTED:_____   DENIED:_____

4. Any statements by plaintiff's counsel regarding their personal beliefs or opinions about the case, the justice of plaintiff's case, or the plaintiffs' right to recover damages in this case. Any such statement would constitute improper testifying by counsel.

GRANTED:_____   DENIED:_____

5. That counsel for plaintiff be instructed not to imply, suggest, or argue, during *voir dire* examination, that he believes that the evidence will show that the question on damages should be answered in a specific or general monetary amount. Further, Kinder Morgan requests that counsel for plaintiff be instructed not the "commit" the jury on any specific or general sum of money as the amount that should be awarded in the case, assuming the evidence supports the amount of money sought.

GRANTED:_____   DENIED:_____

6. Any reference to the plaintiff being "poor" or "little" in comparison with the financial status of Kinder Morgan, or any evidence of Kinder Morgan's wealth or financial worth, because that is not material to any of the issues in this lawsuit, nor is it admissible in evidence and would clearly be designed to invoke prejudice against Kinder Morgan and sympathy for the plaintiff. This motion includes any reference to the size or wealth of Kinder Morgan, or Kinder Morgan's financial ability to pay a judgment, also any comparison between the size or wealth of the plaintiff and the size or wealth of Kinder Morgan.

GRANTED:_____    DENIED:_____

7. (a) No mention of financial information concerning Kinder Morgan, its parents', or affiliates' assets, revenues, and net worth for the reason that the plaintiff has no legally tenable basis for exemplary damages, and the admission of such information is irrelevant to the liability and compensatory damages issues in this case, and would be highly prejudicial.

GRANTED:_____    DENIED:_____

(b) Alternatively, no mention of Kinder Morgan's, its parents', or affiliates' net worth, until such time as plaintiff presents a prima facie case for recovery of exemplary or punitive damages. Evidence of net worth becomes relevant only upon a prima facie showing that plaintiff may be entitled to punitive or exemplary damages. Without such a showing, evidence of net worth is unfairly prejudicial, and may spill over and pollute the liability and compensatory damages issues.

GRANTED:_____    DENIED:_____

8. That plaintiff and counsel for plaintiff make no reference that "since this defendant is a corporation, it is without a heart and soul," or make any other reference implying that this defendant as a corporation has any less rights under the law than a natural person. The

31061940.1                            -3-

fact that defendant is not a natural person is totally irrelevant to this suit and therefore inadmissible. Furthermore, any such reference is prejudicial and would unduly confuse the jury.

GRANTED:_____    DENIED:_____

9.    That plaintiffs and counsel for plaintiffs make no reference that the jury or the jury panel should attempt to make the defendants "know what the price of justice is in our industry and/or community" or, "to send the defendants' management a message" or any such inflammatory and prejudicial language which is calculated to have the jury assess damages on some basis other than proper compensation as provided by the Court's charge to the jury. No reference that the jury should "set the conduct standards in this county" or any other area. That no statements or appeal be made to the jury invoking it to be the conscience of the community in this case with respect to this verdict or that the jury should do something by its verdict to make the community proud in this case because it suggests to the jury that it should rule on matters not relevant to the case at bar and that some award of damages is expected. *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985).

GRANTED:_____    DENIED:_____

10.    Mentioning, referencing, or implying anything which might tend to inform the jury of the effect of their answers to the questions posed in the charge, including any comments to the effect that if questions are not answered in a certain way that no recovery would be had.

GRANTED:_____    DENIED:_____

11. Any statements by plaintiff's counsel about the size of the firm representing Kinder Morgan, the cities in which such firm has offices, or the residence of any counsel representing Kinder Morgan in this lawsuit.

GRANTED:_____    DENIED:_____

12. No witness represented by counsel for Kinder Morgan should be asked about the nature of his preparation with counsel for his testimony. No witness or counsel for plaintiff should comment in any way about the fact or nature of any such witnesses' preparation. All such activities are protected from inquiry by the attorney-client privilege. Any questions or comments would unfairly prejudice Kinder Morgan.

GRANTED:_____    DENIED:_____

13. Any reference by plaintiff to anyone sitting in this courtroom other than witnesses, counsel, the party's corporate representatives, or court personnel.

GRANTED:_____    DENIED:_____

14. Any questions or comments by plaintiff's counsel to Kinder Morgan's counsel in the presence of the jury or jury panel. Such questions or comments constitute sidebar and pose a substantial risk of prejudice to Kinder Morgan.

GRANTED:_____    DENIED:_____

15. No mention that Kinder Morgan has filed a pleading claiming that punitive damages are unconstitutional. Such determination is purely a question of law for the court, and irrelevant to any fact issue to be decided by the jury in this case.

GRANTED:_____    DENIED:_____

16. The "Golden Rule" or that the jury panel or that the jury should "do unto others as you would have them do unto you" if such statements asks the jurors to place themselves in the shoes of the plaintiff.

GRANTED:_____    DENIED:_____

17. That plaintiff's recovery will be shared with its attorneys or anyone else, including persons living in the City of San Benito, or that plaintiff has been required to incur expenses to bring this suit.

GRANTED:_____    DENIED:_____

18. That any underline, asterisk, highlight or any type of note or notation placed on any document by plaintiff's counsel or plaintiff's witnesses, drawing special attention to any matter contained in any document be deleted prior to offering it to the jury. Any such markings would be clearly prejudicial and would draw undue emphasis to a portion of the document.

GRANTED:_____    DENIED:_____

19. Any questions to Kinder Morgan's counsel or any attempt to stipulate on any fact in the presence of the jury.

GRANTED:_____    DENIED:_____

20. That this case has special significance as a "big case" or "important case" or similar terms.

GRANTED:_____    DENIED:_____

21. Asking any potential juror to give some indication of how much weight he/she would give to one piece, category or source of evidence as opposed to another, or to provide some indication how he/she will decide the issues in this case.

GRANTED:_____   DENIED:_____

22. That attorneys for plaintiff not be permitted to make any statement which tends to inform the jury or jury panel of the effect of its answers to Special Questions, or any reference to whether a certain Special Question is a plaintiff's question or defendant's question.

GRANTED:_____   DENIED:_____

23. Any argument or suggestion that a failure to award damages will cause plaintiff financial hardship.

GRANTED:_____   DENIED:_____

24. Any reference, testimony or argument pertaining to any facts in variance from the allegations contained in the plaintiffs' latest pleading.

GRANTED:_____   DENIED:_____

25. That this Motion in Limine has been filed or any ruling by the Court in response to this Motion in Limine, suggesting or inferring to the jury that defendants have moved to prohibit proof or that the Court has excluded proof of any particular matter.

GRANTED:_____   DENIED:_____

Respectfully submitted,

*/s/ Osborne J. Dykes*
Osborne J. Dykes III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
William D. Wood
State Bar No. 21916500
Jeffrey D. Palmer
State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
David G. Oliveira
State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served on January 19, 2006, on the following counsel of record:

Mr. Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, Texas 78125

Mr. Ramon Garcia
Law Offices of Ramon Garcia, P.C.
222 West University Drive
Edinburg, Texas 78539

*/s/ Jeffrey D. Palmer*
Jeffrey D. Palmer