**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S PROPOSED CHARGE OF THE COURT**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so

EXHIBIT
E

than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indict or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each jury about the testimony.

Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss or concern yourselves with the effect of your answers.

You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

Your verdict must be unanimous. In other words, all of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. After the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other juror who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

## GENERAL INSTRUCTIONS

In answering the following questions, answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."

## DEFINITIONS

The following definitions will apply to certain terms that are used in this charge:

*"Preponderance of the Evidence"* means the greater weight and degree of credible evidence admitted in this case. Whenever a question required an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence unless otherwise instructed.

*"City"* shall refer to plaintiff City of San Benito.

*"Kinder Morgan"* shall refer to defendant Kinder Morgan Tejas Pipeline, L.P.

*"Street Rental Ordinance"* shall refer to the City's Ordinance No. 478

Question _____ [Distribution of Natural Gas]

Do you find by a Preponderance of the Evidence that Kinder Morgan distributed natural gas to consumers within the City?

Distribution means "to divide among several or many." An entity distributes natural gas when it transfers possession of natural gas to various consumers in the city at the same time.[1] The sale of gas to a single consumer in the City would not qualify as "distribution." Additionally, the sale of natural gas to a distributor would not count as sales to a consumer.[2]

Answer "yes" or "no:"              _____

If you answered Question [Distribution of Natural Gas] "yes," answer this question. Otherwise, do not answer this Question.

Please state during what time periods Kinder Morgan distributed natural gas to consumers within the City, the amounts of natural gas sold by Kinder Morgan during those time periods, and the amount of money Kinder Morgan received from those sales of natural gas within the City.

Answer with date ranges, amounts of natural gas, and amounts of money received by Kinder Morgan:

<u>Dates</u>                    <u>Amounts</u>                    <u>Money Received</u>

---

[1] *Utilities Natural Gas Company v. State of Texas*, 128 S.W.2d 1153, 1155 (Tex. 1939).

[2] Op. Tex. Att'y Gen. No. V-1084 (1950).

Question _____. [Waiver]

Did the City waive its rights to claim that Kinder Morgan failed to comply with the Street Rental Ordinance?

Failure to comply with the Street Rental Ordinance by *Kinder Morgan* is excused if compliance is waived by the *City*.

Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.[3]

Answer "yes" or "no:"          _____

_____

[3] PJC 101.24

Question _____. [Equitable Estoppel]

Is Kinder Morgan's failure to comply with the Street Rental Ordinance excused?

Failure to comply by *Kinder Morgan* is excused if all the following circumstances occurred:[4]

1.   *City of San Benito*

   a.   by words or conduct made a false representation or concealed material facts,

   b.   with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts,

   c.   with the intention that *Kinder Morgan* would rely on the false representation or concealment in acting or deciding not to act, and

2.   *Kinder Morgan*

   a.   did not know and had no means of knowing the real facts, and

   b.   relied to *its* detriment on the false representation or concealment of material facts.

Answer "yes" or "no:"        _____

_____

[4] PJC 101.25

Question _____. [Equitable Estoppel]

Is *Kinder Morgan*'s placement and use of its pipeline within the *City* without the *City's* permission excused?

Failure to comply by *Kinder Morgan* is excused if all the following circumstances occurred:[5]

1.    City of San Benito

    a.    by words or conduct made a false representation or concealed material facts,

    b.    with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts,

    c.    with the intention that *Kinder Morgan* would rely on the false representation or concealment in acting or deciding not to act, and

2.    *Kinder Morgan*

    a.    did not know and had no means of knowing the real facts, and

    b.    relied to *its* detriment on the false representation or concealment of material facts.

Answer "yes" or "no:"        _____

---

[5] PJC 101.25

Question _____. [Quasi-estoppel]

Is the City's enforcement of the Street Rental Ordinance inconsistent with a position previously taken by the City and to Kinder Morgan's disadvantage?[6]

Answer "yes" or "no:"          _____

---

[6] *Maguire Oil Co. v. City of Houston*, 69 S.W.3d 350, 368 (Tex. App.—Texarkana 2002, pet. denied) (citing *Lopez v. Monoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000)).

Question _____.  [Laches]

Did the City unreasonably delay in asserting its legal rights against Kinder Morgan?[7]

Answer "yes" or "no:"              _____

_____

[7] *Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 639 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Question _____.  [Consent]

Did the City consent to Kinder Morgan's pipeline being placed and used within the City?

Consent to enter property may be manifested by the City's conduct or by the condition of the land itself.[8]

The City has given its implied consent to Kinder Morgan to place and use its pipeline within the City if:

        (1)    The City had actual knowledge that pipelines were placed within the City; and

        (2)    The City failed to take reasonable steps to prevent or discourage pipelines from being placed within the City.[9]

Answer "yes" or "no:"        _____

---

[8] *Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 672 (Tex. 1999) (O'Neill, J., dissenting).

[9] *General Mills Rest. v. Texas Wings, Inc.*, 12 S.W.3d 827, 835 (Tex. App.—Dallas 2000, no pet.).

## INSTRUCTIONS

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court had admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as your are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

You should not discuss this case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the Judge of this fact.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having your brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

When you have answered all the questions which you are required under the instructions of the Judge, and your presiding juror has placed your answers in the spaces provided, and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

 

                                              _____

                                                      JUDGE PRESIDING

**CERTIFICATE**

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

By _____
                  Presiding Juror

Respectfully submitted,

_Osborne J. Dykes, III_
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:  713-651-5151
Facsimile:  713-651-5246

Attorney-in-Charge    for    Kinder    Morgan    Tejas
Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone:  956-542-5666
Facsimile:  956-542-0016

## CERTIFICATE OF SERVICE

This pleading was served on January 19, 2006, on the following counsel of record:

Mr. Adam Poncio                    Mr. Ramon Garcia
Cerda & Poncio                     Law Offices of Ramon Garcia, P.C.
924 McCullough                     222 West University Drive
San Antonio, Texas  78125          Edinburg, Texas  78539

Jeffrey D. Palmer

31012546.1                                -16-