United States District Court
Southern District of Texas
FILED

FEB 1 0 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| Plaintiff, | § | |
| V | § | C. A. NO. B03-080 |
| TEJAS GAS PIPELINE COMPANY, ET AL | § | |
| Defendants | § | |

### CITY OF SAN BENITO'S MOTION TO RECONSIDER SUMMARY JUDGMENT ORDER, MOTION FOR NEW TRIAL AND/OR MOTION TO ALTER OR AMEND JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of San Benito, Plaintiff in the above entitled and numbered cause, and files this Motion to Reconsider Summary Judgment Order, Motion for New Trial And/Or Motion to Alter or Amend Judgment, and in support thereof, would show the Court the following:

1. This is a suit involving Defendant's failure to pay for use of City property and/or rights of way. In 1941, the City of San Benito passed ordinance No. 478, which is described in detail and attached hereto as Exhibit "A", which is incorporated herein by reference as if stated in the verbatim. In summary, Ordinance No. 478 states that all persons and corporations using and maintaining pipelines for the sale of natural gas in any of the streets shall report the gross receipts from such sales to the City of San Benito. The Ordinance also states that "every person or corporation using the streets,... within the City of San Benito..., with main and/or auxiliary lines,... for the sale and distribution of natural gas to consumers shall pay 2% of the gross receipts received by such person or corporation from its sale of natural gas for heat, power, and for other purposes..." Defendants in this matter have failed to pay the two percent gross receipts street rental fee to the City of San Benito from their sale of natural gas to the power plant.

2.  Defendants filed a stipulation with the Court on or about April 8, 2005, stipulating that the Tejas Defendants were merged into Kinder Morgan Tejas Pipeline, L.P., and identifying the Tejas Defendants as what will be referred to as the Kinder Morgan Defendants. Defendants previously filed their motion for summary judgment, which was granted by the Court.

3.  **The Court Failed to Address Objections to Summary Judgment Affidavits**: Plaintiff City of San Benito filed their objections to Defendants' Motion for Summary Judgment, including objections to the affidavit in support of their summary judgment motion. The Court granted the summary judgment motion without ruling on the objections. The affidavit is not competent summary judgment evidence. See Radio Station KSCS v. Jennings, 750 SW2d 760, 762 (Tex. 1988); Republic Nat. Leasing Corp. v. Schindler, 717 SW2d 606, 607 (Tex. 1986).. Plaintiff requests that the Basking affidavit be stricken.

4.  Motion to Strike and for Sanctions. The Court further granted the motion without ruling on the request to strike and for sanctions.. Plaintiff propounded interrogatories on Defendants which included the following interrogatories:

    INTERROGATORY NO. 2:    State the amount and nature of sale made by Defendant within the City of San Benito since 1941, setting out the amount and nature for each respective year, including the name of the purchaser(s), and the date and amount of natural gas sold.

    INTERROGATORY NO. 6:    Plaintiff alleges that "most and/or all of the Defendants sold natural gas at the La Palma Power Plant once owned by Central Power and Light, which is located inside the city limits of San Benito . . . ." Please identify specifically all customers, other than Central Power and Light, to whom Defendant has sold natural gas within the city limits of San Benito. For each, state the time or times of the sales as well as the quantities and amounts paid and/or received.

    INTERROGATORY NO. 7: Identify any and all natural gas sales made by Defendant at the La Palma Power Plant or to Central Power and Light since 1941. For each, state the time or times of the sales as well as the quantities and amounts paid and/or received.

    INTERROGATORY NO. 8: Identify all gas sales have taken place at farm taps located along the pipelines within a 50 mile radius of the City of San Benito for gas sales at farm taps located along the pipelines? If so, please describe the precise location of each such farm tap at which you contend a sale was made, and for each name the person or entity to whom you contend the sale was made, as well as the time and the volume of the sale.

Defendants' motion was granted even though they admit they cannot verify sales prior to a certain period of time. In fact, in that light the motion should have been construed in Plaintiff's favor.

5. **Arguments and authorities supporting Plaintiff's Response:**

Without rearguing the authorities, Plaintiff requests that the Court reconsider its ruling in light of the authorities set out below. In addition to the sales to the La Palma power plant, Defendants have admitted that they transported gas on behalf of other providers and were paid for using the Kinder pipeline.

A. **Home Rule Cities' Powers.**

Article 1175(2), Tex. Rev. Civ. Stat, the "Home-Rule" statute, states that "A home-rule municipality has the following powers:

\* \* \* \* \*

2. To prohibit the use of any street, alley, highway or grounds of the city by any .. gas company, or any other character of public utility without first obtaining the consent of the governing authorities expressed by ordinance and upon pa such compensation as may be prescribed and upon such condition as may be provided by such ordinance...

\* \* \*

3. To have exclusive dominion, control, and jurisdiction in, over and under the public streets, avenues, alleys, highways and boulevards, and public grounds of such city......

4. To control, regulate and remove all obstructions or other encroachments or encumbrances on any public street, alley or ground...

Texas home-rule cities such as San Benito have the full power of self government. This form of government-- unlike counties and unincorporated areas--does not look to state law or other laws for authorization to enact laws or to determine the scope of its authority. Rather, home-rule cities are empowered to enact any law that the state legislature could adopt. The Texas Supreme Court and other Texas courts have consistently observed that a home-rule city "has the power of self-government, that is, full authority to do anything the

legislature could theretofore have authorized thin to do." Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641, 643 (Tex. 1975); see also Foxwood v. City of Taylor, 214 SW.2d 282, 286 (Tex. 1948); State ex rel Rose v. City of La Porte, 386 S.W,2d 782 (Tex. 1965); City of Corpus Christi v. Continental Bus Systems, Inc., 445 S.W.2d 12 (Tex. Civ. App. -- Austin 1969, writ ref'd); Dallas Merchants & Concessionaires Ass'n v. City of Dallas, 852 S.W.2d 489 (Tex. 1993); Tex. Const. art. art XI, section 5.

Home rule cities such as San Benito do not look to state law for authorization to pass laws, but rather need only determine if state law in some clear and unambiguous manner restricts their inherent power of self governance. The above state law provisions are consistent with San Benito provisions in vesting exclusive control over public streets in San Benito under the control of its City Council. Other state statutes similarly recognize a home-rule city's exclusive control over its public places. For instance, Tex Rev Civ. Stat. art. 1181 provides in pertinent part:

> No charter or any amendment thereof framed or adopted under this charter, shall ever grant to any person, firm or corporation any right or franchise to use or occupy the public streets, avenues, alleys or grounds of any such city, but the governing authority of any such city shall have the exclusive power and authority to make any such grant of any such franchise or right to use and occupy the - public streets, avenues, alleys, and grounds of the city....

This statute makes it patently clear that only the "governing body' of a city is authorized to grant permission for any 'person, firm or corporation to use or occupy a public street, avenue, alley or ground of the city' Thus, unless the "governing authority" grants rights or privileges, no rights or privileges are conveyed.

### B. Judicial Recognition of a Home Rule Cities' Control over Streets.

The undeniable exclusive control that home rule cities enjoy over their public property and rights of way has been clearly recognized by Texas courts. See City of San Antonio v. United Gas Pipeline Co., 388 S.W.2d 231, 234 (Tex. Civ. App. -- San Antonio 1965, writ ref'd n.r.e.)(enjoining use of streets by a pipeline transmission company and

stating it would be required to obtain a franchise to use city streets to serve a single industrial gas customer). Texas courts have also recognized that while cities have the authority to grant consent to gas companies to lay pipes under public rights of way, they also have right to prohibit or condition such use. Id. Accordingly, unless a person or entity has the permission or consent of a city to place pipes or other structures in, under, above or through public streets, avenues or alleys, such structures are encroachments or purprestures upon public rights. Texas courts have continually held that a city has the authority to grant permission to prohibit the use by gas pipeline companies of property located under its streets, alleys and avenues. Grimes v. Corpus Christi Transmission Co., 829 SW.2d 335 (Tex. App. -- Corpus Christi 1992, writ denied)

### C. A pipeline under a street is using the street.

Further, where a company or entity desires to install a pipeline under a street, even if such is achieved by tunneling under the street, this constitutes a "use" of the street that requires a franchise or other express consent of the City. This point has been made by many Texas courts: see, e.g., Davis v. State ex rel. Town of Anthony, 298 S.W2d 219, 221 (Tex. Civ. App. -- El Paso 1957, writ ref'd, n.r.e.); United Gas Pipeline Company, 338 SW2d at 231; Alamo Carriage Services, Inc. v. City of San Antonio, 768 S.W.2d 937 941 ( Tex. App. -- San Antonio 1989, no writ); Grimes, 829 S.W.2d at 336-37.

### D. Conclusion

As a result of the above, it is clear that the conduct of Defendants constitute a trespass and purpresture of the City Streets. Plaintiff is entitled to the declaratory judgment requested including a determination as to the following causes of action, which were essentially ignored by the Court:

1. Plaintiff argued that it was entitled to removal of purpresture and requested injunctive relief, which request was ignored by the Court;

2. Plaintiff requested relief under the equitable theory of quantum meruit, which claim was ignored by the Court;

3. Plaintiff argued that Defendants' conduct constitutes a trespass on municipal property, which claim was ignored by the Court;

4. Plaintiff argued the Defendants know that in order to engage in the dangerous and/or hazardous business activities described herein, they had to use and/or must use city streets, rights-of-way and other city property to conduct their business transactions. In their conduct, Defendants have realized profits, at the expense of San Benito. None of the Defendants have had or have any formal permission or authority from the City to engage in such use of pipelines located inside of the city streets, rights-of-way and other city property. Defendants' conduct constitutes a wrongful appropriation of city streets, rights-of-way and other city property in violation of the City Charter, City statutes, and/or other state laws, for which Plaintiff requested relief;

5. Pursuant to Section 37.001, et. seq. of the Texas Civil Practice & Remedies Code, Plaintiff requested judgment from this Court declaring the rights, status, and legal relationship between and among Plaintiff and the Defendants with respect to the Defendants' withholding of proper compensation due and owing to the Plaintiff; and judgment declaring that Plaintiff is entitled to compensation for Defendants' unauthorized and ultra vires acts and trespasses that were not authorized; and judgment declaring that Plaintiff is entitled to compensation under the applicable city ordinances and/or statutes for Defendants' acts, omissions and trespasses. Plaintiff has the right to request that Defendants remove their pipeline from under City streets and have requested declaratory judgment regarding said right in the future.

WHEREFORE, Plaintiff, The City of San Benito, Texas, requests that Court grant this motion, in whole or in part, set aside the prior summary judgment, grant a new trial and/or alter and/or amend it prior order, and that the Court grant Plaintiff such other and further relief to which it is justly entitled, at law or in equity.

Respectfully submitted,

*With permission*

ADAM PONCIO
State Bar No. 16109800
LAW OFFICES OF CERDA & PONCIO
A Professional Corporation
924 McCullough Ave.
San Antonio, Texas 78215-1642
Telephone (210) 212-7979
Facsimile (210) 212-5880

RAMON GARCIA
State Bar No.: 07641800
OSCAR R. ALVAREZ
State Bar No.: 2403613307641800
LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539
(210) 383-7441 Telephone
(210) 381-0825 Telecopier

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I do hereby certify that on this 10th day of February, 2006, forwarded a true and correct copy of the above document to all counsel of record:

Ramon Garcia
Oscar Alvarez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539

Osborne J. Dykes, III
Jeffrey D. Palmer
FULBRIGHT & JAWORSKI, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

_____ with permission
ADAM PONCIO