United States District Court
Southern District of Texas
FILED

MAR 0 1 2006

Michael N. Milby, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF SAN BENITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | C. A. NO. B03-080 |
| | § | |
| KINDER MORGAN TEJAS PIPELINE, L.P., | § | |
| | § | |
| Defendant. | § | |

## ⌐DEFENDANT KINDER MORGAN'S RESPONSE TO PLAINTIFF'S MOTION TO⌐ RECONSIDER SUMMARY JUDGMENT ORDER, MOTION FOR NEW TRIAL ⌐ AND/OR MOTION TO ALTER OR AMEND JUDGMENT

Defendant Kinder Morgan Tejas Pipeline, L.P. ("Kinder Morgan") files this Response to

Plaintiff's Motion to Reconsider Summary Judgment Order, Motion for New Trial and/or

Motion to Alter or Amend Judgment ("Plaintiff's Motion") and respectfully shows the Court the

following:

Plaintiff's Motion should be denied for the following reasons:

- Kinder Morgan's summary judgment motion was supported by competent summary judgment evidence and was properly granted by the Court;

- The City of San Benito's status as a home rule city and powers of regulation are irrelevant because Kinder Morgan did not distribute natural gas within the City of San Benito; and

- Contrary to plaintiff's assertion, the Court expressly ruled on plaintiff's tort claims finding that the plaintiff had failed to present any evidence regarding Kinder Morgan's alleged tortious conduct.

31083537.1

## BACKGROUND FACTS

On January 27, 2006, the Court granted Kinder Morgan's motion for summary judgment. The Court held that Kinder Morgan had "not distributed gas within the city limits of San Benito" and that Kinder Morgan was not a "public utility." The Court also found that the plaintiff had "failed to present any evidence regarding Kinder Morgan's alleged tortious conduct." Additionally, the Court denied all other pending motions as moot. Plaintiff has now moved for reconsideration of the Court's January 27, 2006 Memorandum Opinion and Order (the "Court's Order").

## ARGUMENT AND AUTHORITIES

### I.    THE AFFIDAVIT OF STEWART LEE BASKIN IS COMPETENT SUMMARY JUDGMENT EVIDENCE.

The issue of whether the affidavit of Stewart Lee Baskin is competent summary judgment evidence has been previously raised by plaintiff and lacks merit.[1]  Mr. Baskin's affidavit expressly states that the facts to which he testifies are true and correct based on his personal knowledge. Additionally, Mr. Baskin's position with Kinder Morgan (Director-Regulatory for Kinder Morgan, Inc.) and his background and employment responsibilities demonstrate the basis for his personal knowledge. Therefore, Mr. Baskin's affidavit is competent summary judgment evidence and was properly considered by the Court.

### II.    THE COURT PREVIOUSLY ADDRESSED PLAINTIFF'S DISCOVERY ISSUES.

Plaintiff's assertion that the Court failed to rule on its request to strike and sanctions is incorrect. *See* Plaintiff's Motion at 2. The Court expressly stated in the Court's Order that "the [plaintiff's] response focused primarily on a discovery issue that was subsequently resolved and

---

[1]  A detailed discussion of the competence of Mr. Baskin's affidavit can be found in Defendant Kinder Morgan's Reply in Support of Motion for Summary Judgment ("Kinder Morgan's Reply") at 2-3.

the City has not supplemented its response." Court's Order at 11. Plaintiff's discovery issues were resolved on October 12, 2005 when the Court held a telephone conference with the parties to address plaintiff's discovery issues which resulted in a continuance of the trial date and both parties were allowed additional time (until November 11, 2005) to supplement their motions for summary judgment. In fact, plaintiff deposed Mr. Baskin on October 28, 2005 (well within the time period for supplementing the motions for summary judgment) regarding, among other topics, Kinder Morgan's sales of gas within the City of San Benito. Kinder Morgan also subsequently produced the supporting documentation for the chart summarizing Kinder Morgan's sales of gas within the City of San Benito. Nevertheless, plaintiff failed to supplement its response to Kinder Morgan's motion for summary judgment and cannot now complain about discovery issues that were previously resolved.[2]

### III.  THE COURT PROPERLY GRANTED KINDER MORGAN'S MOTION FOR SUMMARY JUDGMENT.

Plaintiff incorrectly argues that the Court ignored plaintiff's tort causes of action. *See* Plaintiff's Motion at 5-6. Under a section entitled "Tortious Conduct" in the Court's Order, the Court expressly held that "[t]he City failed to present any evidence regarding Kinder Morgan's alleged tortious conduct." Court's Order at 10-11. The Court also held that "San Benito has failed to meet its burden to show this Court that a genuine issue of material fact exists with regard to the tortious conduct aspect of Kinder Morgan's Motion for Summary Judgment."[3] *Id.* at 11. Therefore, contrary to the plaintiff's assertions, the Court expressly ruled on plaintiff's

---

[2]  The plaintiff's discovery issues were also previously raised and addressed in the parties' summary judgment briefing. *See* Kinder Morgan's Reply at 3-4.

[3]  The Court disposed of the plaintiff's claims under the City's street rental ordinance with the Court's findings that Kinder Morgan did not distribute natural gas within the city limits of San Benito and that Kinder Morgan was not a public utility. *See* Court's Order at 6-7, 9-10.

tort claims and Kinder Morgan's motion for summary judgment regarding these claims was granted due to the plaintiff's failure to present any evidence of Kinder Morgan's alleged tortious conduct.

## CONCLUSION

Kinder Morgan's Motion for Summary Judgment was properly granted. Therefore, Plaintiff's Motion to Reconsider Summary Judgment Order, Motion for New Trial and/or Motion to Alter or Amend Judgment should be denied.

Respectfully submitted,

Osborne J. Dykes, III
State Bar No. 06325500
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Facsimile: 713-651-5246

Attorney-in-Charge for Kinder Morgan Tejas Pipeline, L.P.

**OF COUNSEL:**

FULBRIGHT & JAWORSKI L.L.P.
    William D. Wood
    State Bar No. 21916500
    Jeffrey D. Palmer
    State Bar No. 24027585

ROERIG, OLIVEIRA & FISHER, L.L.P.
    David G. Oliveira
    State Bar No. 15254675
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Facsimile: 956-542-0016

## **CERTIFICATE OF SERVICE**

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil

Procedure on February 28, 2006.

Jeffrey D. Palmer