# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| CITY OF SAN BENITO, § | | |
|     Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL NO. B-03-080 |
| § | | |
| KINDER MORGAN TEJAS PIPELINE, L.P., § | | |
|     Defendant. § | | |

## ORDER

Pending before the Court is Plaintiff's Motion to Reconsider Summary Judgment Order, Motion for New Trial, and/or Motion to Alter or Amend Judgment [Docket No. 174]. Plaintiff raises three main arguments in its motion: (1) the Court failed to rule on Plaintiff's Request to Strike the Affidavit of Stewart Lee Baskin; (2) the Court failed to rule on Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment as a proposed sanction for allegedly abusing the discovery process; and (3) the Court failed to rule on Plaintiff's claims involving Defendant's alleged tortious conduct.

In its response to Kinder Morgan's Motion for Summary Judgment, Plaintiff requested that the Court strike the Baskin affidavit as incompetent summary judgment evidence. Plaintiff also moved to strike Defendant's Motion for Summary Judgment as a sanction for allegedly abusing the discovery process. Plaintiff claimed that Defendant did not fully comply with its requests for production and did not fully respond to certain interrogatories. To resolve this issue, on October 12, 2005, this Court held a telephonic conference in which the discovery dispute between the parties was discussed. Both sides indicated that the dispute would likely be resolved by two things—the deposition of Mr. Baskin, which was to occur on October 28, 2005, and the entry of an Agreed

Protective and Confidentiality Order, which was signed by this Court on November 3, 2005 [Docket No. 159]. The parties were given until November 11, 2005, to supplement their filings regarding Defendant's Motion for Summary Judgment and until November 18, 2005, to reply to the supplementations. Plaintiff filed nothing. Having no further complaints regarding the conduct of either side, the Court treated the dispute as resolved in its Memorandum Opinion and Order. Plaintiff is now trying after the fact to get a second bite at the apple by claiming that the Court failed to resolve motions that Plaintiff essentially abandoned. To the extent that the Court did not rule on those motions, the Request to Strike and Motion to Strike Defendant's Motion for Summary Judgment are hereby **DENIED**.

With regard to Plaintiff's third argument, Plaintiff raised causes of action against Defendant involving tortious conduct. Those claims included: (1) removal of purpresture; (2) unjust enrichment/quantum meruit; (3) trespass; (4) wrongful appropriation and/or pernance of profits; (5) tortious interference; and (6) negligence/negligence per se. In its Motion for Summary Judgment, Defendant specifically argued that Plaintiff failed to provide evidence of any tortious conduct by Defendant and failed to produce any summary judgment evidence of damages sustained by Plaintiff as the result of any alleged tort committed by Defendant. *Docket No. 145*, at 18–19. In its response to Defendant's motion, Plaintiff failed to present any evidence regarding Defendant's alleged tortious conduct choosing instead to focus its Response primarily on the discovery issue that was subsequently resolved. Even after the Court held the previously-mentioned telephonic conference, Plaintiff elected not to supplement its response. In its Order granting Defendant's Motion for Summary Judgment, the Court specifically discussed the fact that Plaintiff failed to present any evidence regarding Defendant's alleged tortious conduct. *Docket No. 171*, at 10–11. Indeed, under

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and its progeny, "the nonmoving party may not rest upon the mere allegations or denials of its pleadings, and unsubstantiated or conclusory assertions that a fact issue exists will not suffice." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Therefore, as the Court has already stated, Plaintiff failed to meet its burden to show this Court that a genuine issue of material fact existed with regard to Defendant's alleged tortious conduct.

Thus, Plaintiff's Motion to Reconsider Summary Judgment Order, Motion for New Trial, and/or Motion to Alter or Amend Judgment [Docket No. 174] is hereby **DENIED**. All other pending motions are hereby **DENIED as moot**.

Signed in Brownsville, Texas, this 27th day of April, 2006.

Andrew S. Hanen
United States District Judge
